UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RED BARN MOTORS, INC., <br> DONALD B. RICHARDSON, AND <br> BARBARA A. RICHARDSON <br> <br> VERSUS <br> <br> NEXT GEAR CAPITAL, INC. <br> AS SUCCESSOR-IN-INTEREST TO <br> DEALER SERVICES CORPORATION, <br> AND LOUISIANA'S FIRST CHOICE <br> AUTO AUCTION, L.L.C. | *  <br> * CIVIL ACTON NO.: 3:13-CV-00778-BAJ-RLB <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NextGear Capital, Inc., as successor-in-interest to Dealer Services Corporation, (hereinafter "NextGear"), through undersigned counsel, respectfully submits the following Memorandum in Support of its Motion to Dismiss.

**SUMMARY OF ARGUMENT**

Ms. Richardson lacks standing to bring this suit. She has not suffered an actual injury and fails to even allege one. In addition, Ms. Richardson cannot assert a private cause of action on behalf of Red Barn Motors Inc. ("Red Barn"), as a claim, if any, belongs to the corporation. As demonstrated more fully below, Ms. Richardson lacks standing to assert these claims and thus should be dismissed accordingly.

Further, Red Barn has not complied with the requisite statutory predicates to have counsel for Red Barn authorized to pursue any claim on its behalf against NextGear nor has it specifically and unequivocally reserved any such causes of action in its Amended Plan of Reorganization in conformity with the recognized prerequisites.

1

## BACKGROUND INFORMATION

### The Present Action

On July 27, 2011, Dealer Services Corporation ("DSC") and Red Barn entered into a Demand Promissory Note and Security Agreement (the "Note") in the principal amount sum of $200,000. *See* Exhibit 1 (emphasis added). On behalf of Red Barn, Donald Richardson executed the Note, in his capacity as President as well as a personal guaranty. See Exhibit 2. Plaintiff Barbara Richardson ("Ms. Richardson") was not a signor of the note nor did she obligate herself as a guarantor. On December 5, 2013, Plaintiffs filed this suit.

### The Bankruptcy Proceedings

Red Barn filed bankruptcy proceedings pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court Middle District of Louisiana (the "Bankruptcy Court") on April 25, 2013, bearing docket number 13-10548 as a small business debtor as defined in 11 U.S.C. §101(51C).

Red Barn filed its initial Disclosure Statement and Small Business Plan on October 22, 2013. [Bankr. Dkt. Nos. 57 and 58].

On December 10, 2013, Red Barn filed its Amended Disclosure Statement and Small Business Plan along with immaterial modifications to the small business plan [Bankr. Dkt. Nos. 83, 84 and 85].

The Bankruptcy Court conducted a combined hearing on the approval of Red Barn's Amended Disclosure Statement and Small Business Plan on December 10, 2013 and entered an order on December 6, 2013 Confirming Debtor's Amended Plan of Reorganization [Bankr. Dkt. No 91].

## LAW AND ARGUMENT

A party may move to dismiss a complaint based on its failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, the complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations are not required." *Hershey v. Energy Transfer Ptnrs., L.P.,* 610 F.3d 239, 245 (5th Cir. 2010) (internal quotations and citations omitted). However, the complaint must state "sufficient factual matter accepted as true, to state a claim that is plausible on its face, so that the court may draw a reasonable inference that the defendant is liable." *Id*. The court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Id*.

**A. Plaintiff Barbara Richardson lacks standing to assert claims relating to the Note, because she has not suffered an injury.**

Ms. Richardson's purported claim relating to the Note fails because as a matter of law, she does not have standing to bring such claims. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III [of the Constitution]," and is fundamental to the court's jurisdiction to hear a case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Ms. Richardson has not suffered any injury on which she can rely upon for standing. To satisfy the injury-in-fact element of standing, Ms. Richardson must articulate an injury to herself that is concrete, actual or imminent, and particularized- *i.e.* it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560-61 n.1. The Fifth Circuit articulated the "injury in fact" prong of standing stating"[A]n injury in fact [is] an invasion of a legally protected interest which

3

is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.' " *Public Citizen, Inc. v. Bomer,* 274 F.3d 212, 217–18; *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) ("[A] party who invokes the court's authority [must] show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant" (internal quotation marks omitted)).

In the Complaint, Ms. Richardson fails to allege **any** concrete injury she has suffered to satisfy the standing requirement. In fact, <u>not one</u> allegation in the Complaint pertains to her. *See* Complaint [Rec. Doc. 1]. Moreover, Ms. Richardson was not a signor on the Note nor did she personally guarantee the loan. As such, Ms. Richardson has not suffered an actual injury as result of DSC's alleged actions. Because Ms. Richardson has not and cannot demonstrate she has suffered an injury, Ms. Richardson lacks standing to assert any claim in this litigation.

### B.  Ms. Richardson lack standing to pursue claims on behalf of Red Barn.

Ms. Richardson has no legal right to pursue claims on behalf of Red Barn. As the Fifth Circuit has long stated:

> The general rule is, of course, well established that an action to redress injuries to a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be brought in the name of the corporation, since the cause of action being in the corporation, the stockholder's rights are merely derivative and can be asserted only through the corporation. The general rule is applicable in cases where the individual is the sole stockholder. The rule does not apply in a case where the stockholder shows a violation of a duty owed directly to him. *That exception to the general rule does not arise, however, merely, because the acts complained of resulted in damage both to the corporation and to the stockholder, but is confined to cases where the wrong itself amounts to a breach of duty owed to a stockholder personally.*

*Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968).

4

As such, in her individual capacity, Ms. Richardson lacks standing to seek redress for alleged injuries suffered by Red Barn. Moreover, Ms. Richardson has not personally suffered an injury as a result of DSC's alleged actions. DSC, as a third party, did not owe any fiduciary duty to Ms. Richardson as a member of equity of Red Barn, and thus Ms. Richardson cannot assert an individual claim; any such claim belongs to Red Barn. Because Ms. Richardson cannot assert a private right of action on behalf of Red Barn, Ms. Richardson lacks standing in this capacity as well.

C. **Because counsel for Red Barn was never approved as special counsel, she has no authority to pursue any causes of action on behalf of Red Barn**

11 U.S.C. § 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

The procedure for obtaining such approval of representation requires the debtor (i.e. Red Barn) to file an application with the Bankruptcy Court seeking authority to retain special counsel for a specified purpose setting forth the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accounts, the United States trustee, or any person employed in the office of the United States trustee.   Bankr.R. 2014.

The purpose of the application is to provide the Bankruptcy Court and the United States trustee with sufficient information to allow a determination of whether the proposed employment

meets the tests mandated by the Bankruptcy Code and Rules. *In re B.E.S. Concrete* 93 B.R. 228, 237 (Bankr. E.D. Cal. 1988) and *In re Leslie Fay* 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994).

Prior court authorization is required for both the person to be employed and for the services contemplated by the employment. *Matter of Ladycliff College* 35 B.R. 111 (Bankr. S.D. N.Y. 1983).

In the Amended Disclosure Statement [Bankr. Dkt. No. 84], Red Barn states on Page 10, B. Significant Post-Petition Events:

> "The Debtor plans to apply to the Bankruptcy Court for authority to retain the services of Cassie Felder and Associates to represent the Debtor in litigation against NextGear and First Choice".

It is evident that the Debtor contemplated compliance with the requisites of Bankr. R. 2014 but a review of the Bankruptcy Court's docket sheet for which this Court has the ability to take judicial notice and can consider on a Motion to Dismiss,[1] shows that no such application was ever submitted to the Bankruptcy Court. See copy of Bankruptcy Docket Sheet attached as Exhibit 3.

Also "Without crystal clear plan language excluding the court's oversight, there is no reason to deviate from the statutory appointment procedures for professionals." *In re Compuspeak, Inc.,* 268 B.R. 286, 291 (Bankr.D.Kan.2001) (determining that special counsel hired to represent committee in prosecution of post-confirmation actions should have been approved by the court as a professional "because (1) the plan language does not dictate otherwise, (2) the plan language does not adequately disclose to plan voters the employment

---

[1] A trial court may take judicial notice of its own records, even in unrelated cases, provided that the court complies with Federal Rule of Evidence 201 concerning judicial notice of adjudicative facts. *See United States v. Wilson,* 631 F.2d 118, 119 (9th Cir.1980); See In re Keahey, 414 F. App'x 919, 923 (9th Cir. 2011); See *Duke Energy Trading & Marketing, L.L.C. v. Davis,* 267 F.3d 1042, 1048 n. 1 (9th Cir.2001) (granting judicial notice of filings made in related bankruptcy proceeding).

6

terms of special counsel, and (3) the plan language does not inform the voters that special counsel is exempt from showing lack of adverse interest." *Id.* at 287.); In re M.T.G. Ltd., Inc., 04-34768-PGH, 2007 WL 2156378 (Bankr. S.D. Fla.July 26, 2007)

Further, in that same pleading, Red Barn provides a contradictory position in Section F Claims Against Others on Page 24-25. Red Barn specifically indicates that this action has already been implemented despite its statement that it will seek authority to retain counsel's services to pursue this cause of action. Moreover, the indication that the litigation will be handled on a contingency basis falls far short of the statutory mandates of Bankr. R. 2014.

Red Barn cannot seek to correct the failure to apply for retention by seeking *nunc pro tunc* relief from the Bankruptcy Court. Clearly, Red Barn contemplated compliance with the statutory predicates but failed to do so. *Nunc pro tunc* relief should only be granted when particular circumstances are presented that are extraordinary as to warrant retroactive approval. *Chrysler Credit Corp. v. B.J.M., Jr., Inc.,* 834 F. Supp. 813( E.D. Pa. 1993); *Indian River Homes, Inc. v. Sussex Trust Co.,* 108 B.R. 46 (Bankr. D. Del. 1989) *and In re United Companies Financial Corp.*, 241 B.R. 521 (Bankr. D. Del. 1999).

Here, Red Barn clearly understood its obligation to seek prior approval of the retention for special counsel but did not do so. It cannot now be corrected by seeking retroactive approval.

Counsel for Red Barn has not obtained the required authority to initiate this proceeding and as such any claims by Red Barn in this proceeding should be dismissed.

**D. Because Red Barn did not specifically and unequivocally reserve this cause of action, Red Barn also lacks standing.**

When Red Barn filed Chapter 11 proceeding a new entity was created designated as a debtor in possession and all property of the debtor that existed at the time of the filing of the bankruptcy proceeding became vested in the debtor in possession. [2]

Upon confirmation of Red Barn's plan of reorganization, it lost its debtor-in-possession status and with it, standing to pursue the estate's claims.[3] *In re MPF Holdings US LLC*, 11-20478, 2012 WL 5503952 at *3 (5th Cir. Nov. 14, 2012) (*citing United Operating*, 540 F.3d at 355. Section 1123(b)(3) of the Bankruptcy Code, however, allows a debtor to retain causes of action possessed by the bankruptcy estate by providing for the retention of such claims in its reorganization plan. *See* 11 U.S.C. § 1123(b)(3). One of the options available to a debtor under § 1123(b)(3) is to reserve some or all of its claims to a trustee (often called a "liquidating trustee" or a "litigation trustee") who then pursues the claims for the benefit of creditors. *MPF Holdings*, 2012 WL 5503952 at *3 (*citing Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstil*l, 561 F.3d 377, 387 (5th Cir. 2009) ("Section 1123 therefore allows a plan to transfer to a trustee of a liquidating trust the authority to enforce an estate's claims and to distribute the proceeds of successful suits."); *McFarland v. Leyh* (In re Tex. Gen. Petroleum Corp.), 52 F.3d 1330, 1335 (5th Cir. 1995) (holding that § 1123(b)(3) "allows a plan to transfer avoidance powers" to a liquidating trust that will "pursue avoidance actions on behalf of unsecured creditors"). After the reorganization plan is confirmed by the bankruptcy court, the debtor (or its Case 10-03454 Document 28 Filed in TXSB on 01/08/13 Page 22 of 32 representative) will have

---

[2] "The filing of a bankruptcy petition creates an estate that is comprised of, among other things, 'all legal or equitable interests of the debtor in property as of the commencement of the case.' " *Highland Capital Mgmt. LP v. Chesapeak Energy Corp. (In re Seven Seas Petroleum, Inc.)* 522 F. 3d 575, 584 (5th Cir. 2008) (quoting 11 U.S.C. § 541 (a)(1)).

[3] See also 11 U.S.C. §1141(b) which provides "Except, as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in debtor."

standing to bring claims that the debtor reserved in the reorganization plan *but will not have standing to bring claims that were not reserved in the plan*. *MPF Holdings*, 2012 WL 5503952 at *3 citing United Operating, 540 F.3d at 355(emphasis added); *see also Tex. Gen. Petroleum Corp.*, 52 F.3d at 1335 n. 4 ("For a debtor to assert an avoidance action post confirmation, the plan must give the debtor standing to assert the action and the debtor must assert it for the benefit of the estate. Thus, a debtor cannot assert an avoidance action post confirmation if the plan does not provide him with the requisite authority to do so." (internal citation omitted)).

Red Barn's complaint asserts basically three claims including (1) breach of contract, (2) unjust enrichment and (3) conversion and illegal seizure.  See Complaint at Dkt. No. 1.

Section 9.2 Retention of Causes of Action provides in Section 9.2.1 Preservation of Rights of Action by the Debtor and the Reorganized Debtor:

> "Except as provided in this Plan or in any contract, instrument, release or other agreement into or delivered in connection with this Plan, in accordance with Section 1123(b) of the Bankruptcy Code and to the fullest extent possible under applicable law, the Reorganized Debtor shall retain and may enforce, and shall have the sole right to enforce, any claim, demands, rights or Causes of Action, as appropriate, in accordance with the best interests of the Reorganized Debtor, or their successor."

Causes of Action is defined in the Amended Plan of Reorganization;

> "*Causes of Action* means all causes of action, rights, claims and demands against any Persons that the Debtor or their Estate own or have an interest in any fashion, or which could be asserted by the Debtor on behalf of any Creditor or Creditor representative under the Bankruptcy Code as Debtor in Possession, including but not limited to actions under 11 U.S.C. §  510 to subordinate Claims."

The claims asserted by Red Barn do not arise under the Bankruptcy Code and are considered to be state law created rights.  The alleged claims were not specifically and unequivocally reserved in the Amended Plan of Reorganization as required under 11 U. S. C. § 1123(b) and as recognized in *In re United Operating, LLC* 540 F. 3d 351 (5th Cir. 2008).  As

such, Red Barn has no standing to pursue the alleged causes of action in its complaint against NextGear.

## CONCLUSION

Ms. Richardson has not suffered an actual injury, fails to even allege one, and cannot assert a private cause of action on behalf of Red Barn. Therefore, Ms. Richardson lacks standing to assert these claims and any claims alleged by Ms. Richardson should be dismissed with prejudice.

Red Barn did not obtain requisite approval for counsel to initiate the instant proceeding nor did it specifically and unequivocally reserve the alleged claims as statutorily required.

For all these reasons, the Complaint should be dismissed.

Respectfully submitted,

ADAMS AND REESE LLP


s/ *Robin B. Cheatham*
Robin B. Cheatham (LA Bar No. 4004)
Jennifer Barriere (LA Bar No. 34435)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0201
*Attorneys for NextGear Capital, Inc.*

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of February 2014 served a copy of the foregoing Memorandum in Support of Motion to Dismiss on all counsel of record via electronic service by the court's CM\ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

- **Lisa Brener**
  lbrener@brenerlawfirm.com,tkeller@brenerlawfirm.com
- **Robin B. Cheatham**
  robin.cheatham@arlaw.com,owensvc@arlaw.com
- **Cassie E Felder**
  cfelder@felderllc.com,joshua@felderllc.com,sabreen@felderllc.com,jeremiah@felderllc.com

                                              */s/Robin B. Cheatham*
                                              Robin B. Cheatham