UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RED BARN MOTORS, INC.,     *
DONALD B. RICHARDSON, AND     *   CIVIL ACTON NO.: 3:13-CV-00778-BAJ-RLB
BARBARA A. RICHARDSON     *
    *
VERSUS     *
    *
NEXT GEAR CAPITAL, INC.     *
AS SUCCESSOR-IN-INTEREST TO     *
DEALER SERVICES CORPORATION,     *
AND LOUISIANA'S FIRST CHOICE     *
AUTO AUCTION, L.L.C.     *
* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER

NextGear Capital, Inc., as successor-in-interest to Dealer Services Corporation (hereinafter "NextGear"), through undersigned counsel, respectfully submits the following Memorandum in Support of the Motion to Transfer based on the forum selection clause as agreed to by the parties.

## SUMMARY OF ARGUMENT

Plaintiffs are seeking enforcement of an agreement between the parties, which contains a forum selection clause. Plaintiffs on the one hand seek to enforce the agreement, but would have this Court ignore the forum selection clause of the agreement. The United States Supreme Court recently held that a motion to transfer pursuant to § 1404 is the proper mechanism to enforce a forum selection clause and that a forum selection clause should be "*given controlling weight in all but the most exceptional cases.*"[1] Likewise, the Fifth Circuit has consistently held that forum selection clauses are prima facie valid and should be enforced, unless the party opposing the forum selection clause , can prove the clause is unreasonable.

---

[1] *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western State of Texas*, 134 S.Ct. 568, (December 3, 2013)(emphasis added).

1

Plaintiffs cannot show the clause is unreasonable. There is no allegation the clause was procured by fraud and there are no conflicting provisions in the agreement. Moreover, Plaintiffs have not sought to rescind any agreement due to fraud. To the contrary, Plaintiffs seek to enforce the agreement. Because the forum selection clause designates any suit to be filed must be initiated in the state or federal courts of Marion or Hamilton County, Indiana, this court must therefore dismiss and/or transfer this suit.

## BACKGROUND INFORMATION

On July 27, 2011, Dealer Services Corporation ("DSC") and Red Barn Motors, Inc. ("Red Barn"), entered into a Demand Promissory Note and Security Agreement (the "Note") in the principal amount sum of $200,000. The Note contains the following clause:

> 22. JURISDICTION AND VENUE: As evidenced by Dealer's signature below, Dealer submits to the personal jurisdiction and venue of the state or federal courts of Marion and Hamilton County Indiana *and agrees that any and all claims or disputes pertaining to this Note or to any matter arising out of or related to this Note initiated by Dealer against DSC shall be brought in the state or federal courts of Marion or Hamilton County, Indiana*. *Further, Dealer expressly consents to such jurisdiction and venue of the state or federal courts in Marion and or Hamilton County, Indiana as to any action brought in such court by DSC and waives any claim of inconvenient forum with respect to any such action.* DSC reserves the right to initiate and prosecute any action against Dealer in ay court of competent jurisdiction, and Dealer consents to such Forum as DSC may elect. However, in the event this Note is made and entered into the State of California, the state or federal courts located in the State of California shall have jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Note or to any matter arising out of or related to this Note. Each party expressly submits and consents in advance to such jurisdiction in any action or suit commenced in any such Court, and each party hereby waives any objection which such party may have based upon lack of personal jurisdiction, improper venue, or forum non conveniens, and hereby consents to the granting of such legal or equitable relief as is deemed appropriate by such Court.

*See* Exhibit 1 (emphasis added). On behalf of Red Barn, Donald Richardson executed the Note.

On December 5, 2013, Plaintiffs filed this suit.

## LAW AND ARGUMENT

**1. A forum selection clause is valid and enforceable.**

In December 2013, the United States Supreme Court decided the proper mechanism to enforce forum selection clauses. In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western State of Texas*, the Supreme Court held that a forum selection clause should be enforced through a motion to transfer pursuant to § 1404, and that a "*valid forum selection clause [should be] given controlling weight in all but the most exceptional cases*," Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western State of Texas, 134 S.Ct. 568, 581 (December 3, 2013)(citing Stewart, 487 U.S. at 31). "Exceptional cases" are unrelated to the convenience of the parties. *Id* Moreover, the party defying the forum-selection clause "bears the burden of establishing that transfer to the forum for which the parties bargained for is unwarranted." *Id*. As the Supreme Court stated:

> When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Id*. at 582. Furthermore, a forum selection clause is *prima facie* valid and should be enforced unless enforcement is shown by the opposition to be 'unreasonable' under the circumstances. *M/S Bremen v. Zapata Off–Shore Co*., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Int'l Software Sys., Inc. v. Amplicon, Inc*., 77 F.3d 112, 114 (5th Cir. 1996). Federal law determines the enforceability of a forum selection clause. *Ginter v. Belcher. Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008). "Where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum selection clause *should be upheld* unless the party opposing its enforcement can show that the

clause is unreasonable." *Id*. (emphasis added) A clause is unreasonable for "such reasons as fraud or overreaching." *Int'l Software Sys., Inc. v. Amplicon, Inc*., 77 F.3d 112, 114 (5th Cir. 1996). However, the Fifth Circuit stated:

> Fraud and overreaching must be *specific* to a forum selection clause in order to invalidate it. That is, The *Bremen*'s exception for unreasonable fraud or overreaching does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud ... the clause is unenforceable. ***Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion***.

*Haynsworth v. The Corp*., 121 F.3d 956, 963 (5th Cir. 1997)(citing *Scherk v. Alberto-Culver Co*., 417 U.S. 506, 519 n. 14)(emphasis added).

When addressing a forum selection clause, the Court must determine whether the clause is mandatory or permissive, such as when parties have agreed to one forum without necessarily excluding others. See *City of New Orleans v. Mun. Admin. Serv., Inc*. 376 F.3d 501, 504 (5th Cir. 2004). "Mandatory forum-selection clauses that require all litigation to be conducted in a specific forum are enforceable if the language is clear." *UNC Lear Services, Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 220 (5th Cir. 2009); see also *City of New Orleans*, 376 F.3d at 504 ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."). As set forth more fully below, the forum selection clause in the Note is mandatory and was not procured by fraud, such that this Court should transfer the suit accordingly.

**2. The Note's forum selection clause is mandatory, providing for transfer**.

The forum selection clause in the Note provides:

> 22. JURISDICTION AND VENUE: As evidenced by Dealer's signature below, Dealer submits to the personal jurisdiction and venue of the state or federal courts of Marion and Hamilton County Indiana ***and agrees that any and all claims or disputes pertaining to this Note or to any matter arising out of or related to this Note initiated by Dealer against DSC shall be brought in the state or federal***

4

> *courts of Marion or Hamilton County, Indiana. Further, Dealer expressly consents to such jurisdiction and venue of the state or federal courts in Marion and or Hamilton County, Indiana as to any action brought in such court by DSC and waives any claim of inconvenient forum with respect to any such action.* DSC reserves the right to initiate and prosecute any action against Dealer in ay court of competent jurisdiction, and Dealer consents to such Forum as DSC may elect. However, in the even this Note is made and entered into the State of California, the state or federal courts located in the State of California shall have jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Note or to any matter arising out of or related to this Note. Each party expressly submits and consents in advance to such jurisdiction in any action or suit commenced in any such Court, and each party hereby waives any objection which such party may have based upon lack of personal jurisdiction, improper venue, or forum non conveniens, and hereby consents to the granting of such legal or equitable relief as is deemed appropriate by such Court.

Exh. 1 (emphasis added). First, because Plaintiffs defy the forum selection clause mandating either state or federal court in Marion or Hamilton County, Indiana, Plaintiffs bear the burden of establishing that transfer is unwarranted; this analysis does not include consideration of the parties' private interests. *Atlantic Marine Constr. Co*., 134 S.C. at 582 ("A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum."). Because Plaintiffs cannot satisfy this burden, the case should be transferred accordingly.

Nonetheless, NextGear will provide further analysis. In examining forum selection clauses, courts must examine the language of the clause and determine whether or not the forum selection clause evidences an intent of the parties' to limit the venue to a particular forum, or whether an ambiguity exists. *City of New Orleans v. Municipal Admin. Serv., Inc*., 376 F.3d 501, 504 (5th Cir.2004). Where venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced. *Dorsey v. N. Life Ins. Co*., 2004 WL 2496214 (E.D. La. Nov. 5, 2004).

In this case, the word "shall" makes this forum selection clause mandatory. "Shall" demonstrates clear intent to limit all claims to state or federal courts of Marion and Hamilton

5

County, Indiana. The Fifth Circuit has consistently found that a specified venue in conjunction with obligatory language (such as the term "shall") in a forum selection clause mandates venue wherever specified. *See, e.g.*, *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14–15 (5th Cir.1995) (finding mandatory a forum selection clause stating: "The legal venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas"); *In re Fireman's Fund Ins. Co.*, 588 F.2d 93, 93–94 (5th Cir.1979) (finding clause stating that "any suit or action for the enforcement of any of the obligations under this agreement, the venue of such suit or action shall be laid in the County of Essex and State of New Jersey" is enforceable); *Ginter*, 536 F.3d at 440 (finding the forum clause "[any] action at law…shall be instituted only in the 19th Judicial District Court of the State of Louisiana," enforceable); *Collin County, Tex. v. Siemens Bus. Serv., Inc.*, 2007 WL 2908926, at *4 (5th Cir.2007) ("Here, it is undisputed that the venue clause at issue [, which states venue 'shall lie exclusively in Collin County, Texas,'] is mandatory"); *In re Dorsey,* 2004 WL 2496214, at *4("[T]he forum selection clause provides that 'venue shall be laid in King County, Washington.' The Court finds that the forum selection clause is unambiguous with respect to exclusivity and it is, therefore, mandatory.").

Because the forum provision specifies a venue and uses obligatory language (Dealer submits to…venue of the state or federal courts of Marion and Hamilton County Indiana and agrees that any and all claims or disputes pertaining to this Note… initiated by Dealer against DSC **shall** be brought in **the state or federal courts of Marion or Hamilton County, Indiana**), this Court should follow Fifth Circuit precedent, and the Supreme Court's

### 3. The personal guaranty contains the same forum selection clause language.

Paragraph 14 of the Guaranty, which forms the basis for Donald Richardson's alleged causes of action, states:

6

> The validity, enforceability and interpretation of this Note shall be governed by the laws of the State of Indiana without regard to conflicts of laws provisions thereof, and Guarantor agrees that any and all claims or disputes pertaining to this Guaranty or to any matter arising out of or related to this Guaranty initiated by Debtor against DSC shall be brought in the state or federal courts of Marion or Hamilton County, Indiana. Further, Guarantor expressly consents to such jurisdiction and venue of the state or federal courts in Marion and Hamilton County, Indiana as to any action brought in such court by DSC and waives any claim of inconvenient forum with respect to any such action. […] See Exhibit 2.

The same reasoning is equally applicable to this Court's determination that any claims or causes of action alleged by Donald Richardson must also be maintained in those same state or federal courts in Marion and Hamilton County, Indiana.

**4.     The forum selection clause was not procured by fraud and thus is enforceable**.

The forum selection clauses designating the state or federal courts of Marion or Hamilton County, Indiana was not the product of fraud.  In fact, Plaintiffs do not address nor do they allege any evidence alleging that the forum selection clause was obtained via fraud. *See Haynsworth*, 121 F.3d at 963 (5th Cir.1997)(finding "the claims of fraud or overreaching must be aimed straight at the [forum] clause in order to succeed [invalidate]")(emphasis added). Because Plaintiffs do not allege a claim of fraud directly at the forum selection clause, the forum selection clause is not unreasonable and thus should enforced.

## CONCLUSION

Because the Note and Guaranty have valid forum selection clauses, mandating venue in state or federal courts of Marion or Hamilton County, Indiana, this Court should transfer this suit. Forum selection clauses are enforceable, unless found to be unreasonable. These forum selection clauses are not considered unreasonable and were not procured by fraud.

7

Respectfully submitted,

ADAMS AND REESE LLP


s/ *Robin B. Cheatham*
Robin B. Cheatham (LA Bar No. 4004)
Jennifer Barriere (LA Bar No. 34435)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA  70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0201
*Attorneys for NextGear Capital, Inc.*


CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of February 2014 served a copy of the foregoing Memorandum in Support of Motion to Transfer on all counsel of record via electronic service by the court's CM\ECF system.   Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

- **Lisa Brener**
  lbrener@brenerlawfirm.com,tkeller@brenerlawfirm.com
- **Robin B. Cheatham**
  robin.cheatham@arlaw.com,owensvc@arlaw.com
- **Cassie E Felder**
  cfelder@felderllc.com,joshua@felderllc.com,sabreen@felderllc.com,jeremiah@felderllc.com

*/s/Robin B. Cheatham*
Robin B. Cheatham

8