UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RED BARN MOTORS, INC,  CIVIL ACTION NO. 13-00778
DONALD B. RICHARDSON, AND
BARBARA A. RICHARDSON

VERSUS  JUDGE BRIAN A. JACKSON

NEXTGEAR CAPITAL, INC,  MAG. RICHARD L. BOURGEOIS, JR.
as successor-in-interest to DEALER
SERVICES CORPORATION, and
LOUISIANA'S FIRST CHOICE AUTO
AUCTION, L.L.C.
************************************************************************

### MEMORANDUM IN SUPPORT OF LOUISIANA'S FIRST CHOICE AUTO AUCTION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, ALTERNATIVELY, MOTION TO DISMISS INDIVIDUAL PLAINTIFFS AND MOTION FOR A MORE DEFINITE STATEMENT

**MAY IT PLEASE THE COURT:**

    Defendant, Louisiana's First Choice Auto Auction, L.L.C, submits this memorandum in support of its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively, motion to dismiss the individual plaintiffs, and for a more definite statement, pursuant to Rule 12(e).

### STATEMENT OF FACTS
### AS SET FORTH IN PLAINTIFFS' COMPLAINT

    The Plaintiffs allege that Red Barn Motors, Inc. ("Red Barn"), is a family owned and operated used car dealership located in Denham Springs, Louisiana. In July, 2011, Red Barn entered into a floor plan agreement with Dealer Services Corporation ("DSC") by which DSC would provide a line of credit to Red Barn Motors for the purchase of cars to place on their lot for sale. Plaintiffs allege that Defendant, Next

1

Gear Capital, Inc., ("Nextgear") is a successor in interest to DSC.[1] Plaintiffs do not allege that Louisiana's First Choice Auto Auction L.L.C., ("First Choice") was a party to this agreement.

Red Barn alleges it used the line of credit with NextGear (formerly, DSC) to purchase vehicles at auction in order to sell them on their used car lot. Red Barn also alleges that it discovered incidents where NextGear was charging interest on specific transactions prior to actually funding the purchase price of the transactions.

In March, 2013, Red Barn alleges that it began experiencing financial difficulties and was unable to make payments owed to NextGear under the agreement. Thereafter, NextGear began to seize Red Barns assets, including numerous cars on Red Barns lot.

In April, 2013, the Plaintiffs allege that "Red Barn employees delivered between eleven (11) and fourteen (14) vehicles to [First Choice], with the intentions of selling said vehicles, the proceeds from the sales to be used to pay [NextGear] for debt Red Barn owed" under the agreement. However, according to Red Barn, they were unable to sell the vehicles because Defendant, First Choice, "seized" the vehicles and delivered them to NextGear. In Count III of the Complaint, Plaintiffs assert that First Choice illegally seized these vehicles by comply with the requirements of La. R.S. 6:965, including the failure to provide notice of the seizure.

## ARGUMENT

A.  **The Plaintiffs' Complaint should be dismissed as to Louisiana's First Choice Auto Auction for the reason that it fails to state a cause of action for which relief may be granted.**

Rule 12(b)(6) allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, a complaint must assert enough facts, which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 547, 127 S.Ct. 1955, 1965, 1974 (2007). "A claim has facial plausibility

---

[1]Accordingly, this defendant will be referenced throughout this brief as NextGear.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1966 (2009). "The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Capital Parks, Inc. v. Southeastern Advertising and Sale System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994). "Factual allegations must be enough to rise above the speculative level." *Twombly* at 1965. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Trust ex rel Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009).

### 1. Plaintiffs can only state a claim under La. R.S. 6:965, et seq. against a "Secured Party," and First Choice is not a "Secured Party" as defined by that statute.

The only allegations made by Plaintiffs against First Choice are set forth in Count III of the Complaint. In Count III, Plaintiffs allege that First Choice "seized between eleven and fourteen" of Plaintiffs' vehicles by failing to "abide by the requirements as set forth in La. R.S. 6:965, *et seq.* (Complaint, Paragraph 36.) Plaintiffs do not specify the requirements, except for the requirement of "providing proper notice to Red Barn." (Complaint, Paragraph 35). Further, and more directly to the point, the statute cited only regulates the acts and omissions of "Secured Parties." First Choice is not a Secured Party within the meaning of La. R.S. 6:965.

Louisiana Revised Statute 6:965, also known as the "Additional Default Remedies Act", (the "ADRA") provides for "additional remedies on default by the debtor, under a secured transaction under Chapter 9 of the Louisiana Commercial Laws... entitling the secured party to obtain possession and dispose of the collateral as provided herein." Additionally, the statute, in regard to its notice provisions, provides, in pertinent part, that "within three days of taking possession of collateral, **a secured party** who utilizes the additional default remedies ... shall file a "Notice of Repossession" with the recorder of mortgages in the Parish where the collateral was located and with the appropriate official. (Emphasis supplied.) The ADRA makes clear that "these remedies shall be in addition to all other remedies applicable to nonpossessory security interests affecting collateral in which a security interest or chattel mortgage, as applicable, has been granted, which shall remain available and in full force and effect in their entirety." The

3

ADRA further provides that "secured party shall have the meaning set forth in R.S. 10:9-102(a)." In pertinent part, a Secured Party, as defined by R.S. 10:9-102(a) means: "a person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding."

First Choice is an improper party to this litigation, for the reason that it is not a "secured party" under Louisiana Revised Statute 6:965, as defined by La. R.S. 19:9-102(a). Accordingly, Plaintiffs cannot seek to hold First Choice responsible to comply with the requirements of that statute, and should therefore be dismissed from this suit pursuant to FRCP Rule 12(b)(6).

The U.S. Fifth Circuit's ruling in *Menodza v. Potter*, 2009 WL 700608, C.A. No. L-07 104 (S.D. Tx. 2009), supports dismissal of First Choice. In *Mendoza*, Defendants' 12(b)(6) Motion to Dismiss was granted when Defendant, United States Post Office, argued that it was an improper party to the lawsuit under the ADEA and Rehabilitation Act. Specifically, the Defendant in *Mendoza* referenced the language of the ADEA and Rehabilitation Act to show that the proper party to be sued under these acts was the "head of the department of the agency." Instead of naming the head of the department of the agency, the Plaintiff in *Mendoza* named the United States Post Office itself, who could not be held liable under the statute, and the Post Office was accordingly dismissed.

This motion to dismiss also finds support in *Sleater v. Boy Scouts of America*, 2002 WL 663563, (N.D. Texas, 4/19/2002)( Not Reported in F.Supp.2d). In *Sleater*, Defendant, Boy Scouts of America's 12(b)(6) Motion to Dismiss for Failure to State a Claim was granted when the Court determined that Boy Scouts of America ( "BSA"), was not a proper party to the litigation under the ERISA statute. The Plaintiff in *Sleater*, a long-time employee of BSA, terminated employment due to severe back pain. As an employee of BSA, Plaintiff was entitled to a long term disability plan, which was administered by Standard, the other Defendant in the litigation. When Standard denied Plaintiff's disability claim, Plaintiff filed suit against BSA and Standard under the ERISA statute. Both Standard and BSA filed motions to dismiss for failure to state a claim under Rule 12(b)(6). BSA successfully argued that the ERISA statute provided that the Plan administrator is the sole proper party to be sued in an ERISA claim. The Court in *Sleater*, agreed that BSA

4

was not the proper party under an ERISA claim, and that Standard was the proper party to be sued under the statute. Accordingly, the Court dismissed BSA from the litigation and denied Standard's motion to dismiss.

In the present case, Plaintiffs, in Count III of the Complaint, allege that First Choice violated the notice provisions and procedural provisions of the ADRA. However, First Choice is not the proper party to be sued under the ADRA. The ADRA governs the rules of recovering from debtors by **"secured parties."** First Choice does not meet the statutory definition of a "secured party." First Auto was never a party to the initial security agreement that is at issue in this litigation, nor did it ever hold any security interest in any property owned by Plaintiffs. First Choice is simply an auction company that Plaintiffs used with some frequency to sell their vehicles. Nowhere in the Complaint, do Plaintiffs allege that First Choice had any role as a secured party. Just as the Defendant, BSA, in *Sleater* and the Defendant, Post Office, in *Mendoza* were not held accountable for their co-defendant's actions under the statute at issue, First Choice should not be held accountable for Nextgear's actions under the ADRA. Accordingly, First Choice is not a proper party to be sued under the ADRA and should be dismissed from the instant litigation.

**2. This lawsuit should be dismissed as to all parties for the reason that counsel for Red Barn was never approved as special counsel by the Bankruptcy Court, and Red Barn did not reserve this cause of action in its now affirmed Plan of Reorganization.**

Prior to the filing of this lawsuit, Red Barn filed a Chapter 11 Bankruptcy proceeding and its Amended Plan of Reorganization was confirmed. NextGear, in its Motion to Dismiss filed in this Court on February 6, 2014, argues that the proceeding should be dismissed as to Red Barn because: (1) counsel for Red Barn was never approved as special counsel, and she therefore has no authority to pursue any causes of action on behalf of Red Barn; and (2) Red Barn did not "specifically and unequivocally" reserve its cause of action in the reorganization plan that was confirmed by the bankruptcy court.

First Choice adopts all of the arguments of NextGear on these issues as set forth in NextGear's brief, at pp. 5-10.

5

**B. Alternatively, if the Motion to Dismiss is not granted as to First Choice on the issues briefed above, the Plaintiffs should be required to provide a more definite statement concerning the description and precise quantity of vehicles at issue in this litigation.**

Rule 12(e) of the Federal Rules of Civil Procedure provides that a Motion for a More Definite Statement is proper "if a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The motion must point out the defects complained of and the details desired. FRCP Rule 12(e). If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement. *Chapa v. Chase Home Finance*, 2010 WL 5186785, (S.D. Texas, 12/15/2010) (Not Reported in F.Supp.2d).

Count III of Plaintiffs' Complaint alleges that First Choice and Nextgear "seized eleven to fourteen cars" in violation of the notice and procedural provisions under the ADRA. However, Plaintiffs fail to identify the vehicles that were allegedly "seized" or even the precise number that were allegedly "seized." First Choice is in the business of auctioning vehicles and has auctioned many Red Barn vehicles. First Choice has no way of knowing which vehicles Red Barn is referencing in its lawsuit; at the very least, the vehicle identification numbers, models, makes and years of the vehicles allegedly "seized" should be included in the Complaint. These omissions impair First Auto's ability to adequately answer the Complaint.

*Louisiana Acorn Fair Housing Organization v. Hillery*, 2000 WL 666376, (E.D.La.5/19/2000)(Not Reported in F.Supp.2d), supports First Choice's motion for a more definite statement. In *Louisiana Acorn*, the plaintiff filed suit against the defendant alleging that the defendant "discriminated against housing applicants." Defendant filed a motion for a more definite statement requesting that plaintiff be required to provide defendant with the date on which each act of alleged discrimination occurred and the nature of the alleged disability discriminated against. *In Acorn*, the Fifth Circuit granted the Defendants' motion for a more definite statement, pointing out that the allegations were unclear as to the nature of the defendant's wrongful conduct. Further, the Court concluded "the complaint lacks the factual specificity required to give the defendant fair notice of the nature of its claim for a willful housing violation."

*Chapa v. Chase Home Finance*, *supra*, also supports First Choice's motion for more definite statement. In *Chapa*, the defendant's motion for more definite statement was granted. The Plaintiff had

6

alleged that there was a breach of contract based on the defendant's alleged breach of the underlying note or deed of trust securing the note. However, Plaintiff failed to attach or reference the underlying note at issue. The defendant successfully argued that the Plaintiff failed to indicate which loan documents were breached, and therefore should be entitled to a more definite statement.

In the present case, First Choice is unable to respond to Plaintiffs allegations. First Choice does not know which vehicles Red Barn accuses it of "seizing." Red Barn has failed to identify the vehicles that were allegedly "seized." Accordingly, First Auto's motion for a more definite statement should be granted.

**C. Plaintiffs, Donald B. Richardson and Barbara A. Richardson (hereinafter "the Richardson's"), should be dismissed from the Complaint as they are not proper parties, in their individual capacities, to the action at issue in this litigation under the allegations of the Complaint.**

The plaintiffs named in this litigation are Red Barn Motors, Inc., Donald B. Richardson and Barbara A. Richardson. The Richardsons should be dismissed from the Complaint under 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim for which relief may be granted.

The Complaint fails to allege any injury to either of the Richardsons in their individual capacity. Accordingly, the Richardsons should be dismissed.

In *Brock v. Baskin-Robbins USA Corp.*, 113 F.Supp.2d 1078, No. 5:99-CV-274 (E.D.Tx. 2000), the Fifth Circuit granted Defendant's motion to dismiss the plaintiffs who were shareholders in corporate franchises but did not own franchises in their individual capacity. The Court, in dismissing the named Plaintiffs, found that "the Complaint does not state a cause of action on behalf of the plaintiffs as individuals." The Court recognized that it is well settled law that a "Rule 12(b)(6) motion is not appropriate unless the face of the plaintiff's pleadings show, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle it to relief." The plaintiffs' complaint only stated a cause of action on behalf of the franchise and did not state a cause of action on behalf of the shareholders in their individual capacity. In the Complaint at issue in the present litigation, Plaintiffs fail to allege any facts that could lead to a judgment in favor of Plaintiffs in their individual capacities. Accordingly, Donald B. Richardson and Barbara A. Richardson should be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to dismiss, or alternatively, motion for more definite statement and motion to dismiss individual plaintiffs should be granted.

Respectfully Submitted:

/s/ Lisa Brener
Lisa Brener, La. Bar #01809
Chelsea Cusimano, La. Bar #34857
**Brener Law Firm, LLC**
3640 Magazine Street
New Orleans, LA 70115
Telephone: (504) 302-7802
Facsimile: (504)304-4759
lbrener@brenerlawfirm.com

*Attorneys for Louisiana's First Choice Auto Auction, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2014, a copy of the foregoing Motion to Dismiss for Failure to State Claim upon which Relief May be Granted and Motion for More Definite Statement was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Cassie E. Felder
Cassie Felder & Associates, L.L.C.
263 3rd Street, Suite 308
Baton Rouge, LA 70801

Robin B. Cheatham
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

/s/Lisa Brener
Lisa Brener