**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RED BARN MOTORS, INC, DONALD B. RICHARDSON, AND BARBARA A. RICHARDSON** | **CIVIL ACTION NO. 13-00778** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **NEXTGEAR CAPITAL, INC, as successor-in-interest to DEALER SERVICES CORPORATION, and LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C.** | **MAG. RICHARD L. BOURGEOIS, JR.** |

********************************************************************************

**OPPOSITION OF LOUISIANA'S FIRST CHOICE AUTO AUCTION TO MOTION TO TRANSFER**

**MAY IT PLEASE THE COURT:**

NextGear Capital, Inc. ("NextGear") has filed a motion to transfer venue of this lawsuit to the United States District Court, Southern District of Indiana. For the reasons set forth herein, the motion to transfer should be denied.

**Summary of NextGear's Motion to Transfer**

NextGear asserts in its motion to transfer venue that this lawsuit should be transferred for the reason that the "Demand Promissory Note and Security Agreement" ("the Agreement") signed by Red Barn Motors, Inc. ("Red Barn") expressly provides that Red Barn agrees that "any and all claims or disputes pertaining to this Note or to any matter arising out of or related to this Note

initiated by [Red Barn] against DSC shall be brought in the state or federal courts of Marion on Hamilton County, Indiana."[1]

NextGear further contends that the Guarantor of the Agreement, Donald Richardson, who is an owner of Red Barn and a Plaintiff herein, is also bound by the forum selection clause set forth in the Agreement. However, significantly, NextGear does not contend—nor could it—that Louisiana's First Choice Auto Auction ("First Choice") is a party to or otherwise bound by the Agreement between NextGear and Red Barn.

Because the sole basis of NextGear's motion to transfer is its reliance on the forum selection clause in a contract to which one of the defendants, First Choice, is not a party, then the motion to transfer must be denied.

**Discussion**

Defendant First Choice is a Texas limited liability company, registered to do business in Louisiana, with its Louisiana registered office and principal business establishment located in Hammond, Louisiana, where it conducts vehicle auctions. Defendant Red Barn is a Louisiana corporation domiciled in and doing business in Denham Springs, Louisiana. The alleged "seizure" of vehicles, if there was such a seizure, took place in Hammond, and all or substantially all of the property that is the subject of the action is presumably in Louisiana currently or was in Louisiana at the time of the alleged seizure.

28 U.S.C. § 1391(b) provides in relevant part that a civil action may be brought in either a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," or in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that the subject of the action is

[1]Paragraph 22 of Demand Promissory Note and Security Agreement, attached as Exhibit 1 to NextGear's Motion to Transfer.

situated." In this case, NextGear's Louisiana registered office and principal place of business are in Baton Rouge, Louisiana, and therefore in the Middle District. The events complained of took place in Hammond, Louisiana, and therefore in the Eastern District of Louisiana. Accordingly, arguably, venue is appropriate in either the Middle or Eastern Districts of Louisiana. However, leaving aside the forum selection clause in the Agreement between Red Barn and NextGear, there is no authority or basis for venue of this lawsuit in Indiana.

NextGear is generally correct that forum selection clauses, with certain exceptions, are enforceable between the parties to the contracts. However, neither a forum selection clauses nor any other provision in a contract can be enforced against an individual or entity who is not a party to the contract.

The principle that a contract cannot bind a nonparty is fundamental. In *Adams, et al. v. Unione Mediterranea Di Sicurta, et al.*, 364 F.3d 646 (5th Cir. 2004), the Fifth Circuit quickly disposed of a defendant's argument that the forum selection clause in an insurance contract should have been enforced against the plaintiff who was asserting a claim for contribution, but who was not a party to the insurance contract:

> "Under the general principles of contract law, it is axiomatic that courts cannot bind a non-party to a contract, because that party never agreed to the terms set forth therein." *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 46 (6th Cir. 1999); *see also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294, 122 S.Ct. 754, 151, L.Ed.2d 755 (2002) ("It goes without saying that a contract cannot bind a nonparty.") Thus, under this well recognized general rule, because [Plaintiff] is not a party to the [insurance contract] he is not bound by the forum selection clause in the ....policy." *Id.*, at 652.

This Court, just last year, applied this principle in *Employees Mutual Casualty Company v. Iberville Parish School Board,* 2013 WL 943759 (M.D. La. 3/11/2013). The defendant who argued that it was not bound by the forum selection clause is a contract was a surety to the contract.

Nevertheless, since the surety was not a party to the underlying contract itself, this Court held that the surety was not bound to the forum selection provision.

The Eastern District of Louisiana has also held that forum selections clause are inapplicable to those who are not parties to the contract. *See, Marubeni America Corp., M/V Southern Virgo, et al.*, 1994 WL 561869 (E.D. La. 10/12/1994).

The forum selection clause in the Agreement between NextGear and Red Barn may or may not be enforceable as between those parties. First Choice does not take a position on this issue at this time. For the purpose of this opposition, First Choice submits that the motion to transfer must be denied, as there is no basis for venue in Indiana under the facts or circumstances of this case, or under the law, or under any contract to which First Choice is a party.

**Conclusion**

Louisiana's First Choice Auto Auction, L.L.C. respectfully submits that NextGear's motion to transfer should be DENIED.

Respectfully Submitted:

/s/ Lisa Brener
Lisa Brener, La. Bar #01809
Chelsea Cusimano, La. Bar #34857
**Brener Law Firm, LLC**
3640 Magazine Street
New Orleans, LA 70115
Telephone: (504) 302-7802
Facsimile: (504)304-4759
lbrener@brenerlawfirm.com

*Attorneys for Louisiana's First Choice Auto Auction, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2014, a copy of the foregoing Opposition to NextGear Capital, Inc.'s Motion to Transfer was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Cassie E. Felder
Cassie Felder & Associates, L.L.C.
263 3rd Street, Suite 308
Baton Rouge, LA 70801

Robin B. Cheatham
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

/s/Lisa Brener
Lisa Brener