UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RED BARN MOTORS, INC., DONALD B. RICHARDSON, AND BARBARA A. RICHARDSON,<br><br>   Plaintiffs,<br><br>   v.<br><br>NEXTGEAR CAPITAL, INC., as successor-in-interest to DEALER SERVICES CORPORATION, and LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C.<br><br>   Defendants. | CIVIL<br>ACTION NO .: 3:13-cv-00778-BAJ-RLB |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Red Barn Motors, Inc., Donald B. Richardson, and Barbara A. Richardson, who respectfully request leave to amend the *Complaint* of record in this action to add a civil RICO claim pursuant to 18 U.S.C. § 1961-1968. The proposed *Amended Complaint* is attached.

Under the Fed. R. Civ. P. Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Additionally, Fed. R. Civ. P. Rule 15 states that "the court should freely give leave when justice so requires."

**WHEREFORE**, Red Barn Motors, Inc., Donald B. Richardson, and Barbara A. Richardson request that the Court grants their *Motion for Leave to File Amended Complaint* and files and enters their *Amended Complaint* into the record.

1

        Respectfully submitted,

        /s/  Joshua P. Melder
        **Cassie E. Felder (La. Bar No. 27805)**
        **Joshua P. Melder (La. Bar No. 33983)**
        CASSIE FELDER & ASSOCIATES, L.L.C.
        263 3rd Street, Suite 308
        Baton Rouge, Louisiana 70801
        Phone: (225) 448-3560
        Fax:     (225) 372-2862
        Email:  cfelder@felderllc.com
               joshua@felderllc.com
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on the 12th day of May 2014, served a copy of the foregoing *Motion for Leave to File Amended Complaint* on all counsel of record via electronic service by the court's CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

**Robin B. Cheatham**
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139
robin.cheatham@arlaw.com, owensvc@arlaw.com

**Lisa Brener**
Brener Law Firm, L.L.C.
3640 Magazine Street
New Orleans, LA 70115
lbrener@brenerlawfirm.com, tkeller@brenerlawfirm.com

        /s/ Joshua P. Melder
        **Joshua P. Melder**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RED BARN MOTORS, INC.,**<br>**DONALD B. RICHARDSON, AND**<br>**BARBARA A. RICHARDSON,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**NEXTGEAR CAPITAL, INC.,**<br>as successor-in-interest to<br>**DEALER SERVICES CORPORATION,**<br>and **LOUISIANA'S FIRST CHOICE**<br>**AUTO AUCTION, L.L.C.**<br><br>    **Defendants.** | CIVIL<br>ACTION NO .: <u>3:13-cv-00778-BAJ-RLB</u> |

### ORDER

Considering the foregoing *Motion for Leave to File Amended Complaint*,

**IT IS ORDERED,** that the Red Barn Motors, Inc., Donald B. Richardson, and Barbara A. Richardson's *Motion for Leave to File Amended Complaint* is GRANTED and their *Amended Complaint* is filed and entered into the record.

Baton Rouge, Louisiana this _____ day of _____, 2014.

_____<br>
JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RED BARN MOTORS, INC., DONALD B. RICHARDSON, AND BARBARA A. RICHARDSON, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> NEXTGEAR CAPITAL, INC., as successor-in-interest to DEALER SERVICES CORPORATION, and LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C. <br><br>　　　　Defendants. | CIVIL <br> ACTION NO .: 3:13-cv-00778-BAJ-RLB |

## AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Red Barn Motors, Inc., Donald B. Richardson, and Barbara A. Richardson (hereinafter "Red Barn" or "Plaintiffs"), who amends their *Complaint* and represents as follows:

### COUNT IV AGAINST NEXT GEAR - CIVIL RICO CLAIM

41.

Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1-40, inclusive, as if pleaded herein *in extenso*.

42.

NextGear committed wire fraud and engaged in a pattern of racketeering activity against Plaintiffs and causing them injury in violation of 18 U.S.C. 1961, *et seq*. (hereinafter, "RICO Act") and as further described herein.

4

42.

NextGear is an enterprise engaged in and whose activities affect interstate commerce.

43.

NextGear charged interest and fees on purchases made by Red Barn without actually loaning money against Red Barn's line of credit provided for by NextGear.

44.

NextGear chose to make distributions on the line of credit at the point it received title to the vehicles purchased by Red Barn at auction instead of paying for the vehicles at the time of purchase.

45.

NextGear back-dated distributions from Red Barn's line of credit to the date Red Barn was successful in bidding on vehicles at auction.

46.

NextGear accepted payment for the interest and fees it charged to Red Barn without loaning money to Red Barn through internet banking transactions from September 2011 to March 2013. *See* the statement of payments made to NextGear in Exhibit A.

47.

The unearned payments accepted by NextGear were solicited through deceptive means as described herein and constitute a scheme to defraud.

48.

The unearned payments made electronically were the object of NextGear's scheme to defraud.

49.

NextGear used the wires (the telecommunications network) to further the scheme to defraud.

50.

Under the RICO Act, "racketeering activity" includes wire fraud.

51.

NextGear, a corporation, is an "enterprises" for the purposes of the RICO Act.

52.

A pattern of racketeering activity occurred by NextGear, as defined by the RICO Act, as more than two acts of racketeering activity occurred i.e. the internet bank transfers alleged herein within a ten year period.

53.

The unearned payments would not have been paid but for the internet bank transfers between t NextGear and the Plaintiffs.

54.

Plaintiffs allege that as a direct and proximate result of the fault of NextGear herein, they have sustained damages in the following non-exclusive particulars:

a) Loss of earnings (past, present, and future);

b) Business interruption;

c) Property loss;

d) Loss of customers;

e) Loss of goodwill;

f) Devaluation of the business;

g) Other pecuniary losses including, but not limited to, attorney fees, costs, and interest; and,

h) Other consequential damages as may be ongoing, as well as any other equitable relief as this Court deems just and proper.

## COUNT V AGAINST NEXT GEAR AND FIRST CHOICE - CIVIL RICO CLAIM

55.

Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1-54, inclusive, as if pleaded herein *in extenso*.

56.

Furthermore, NextGear and First Choice engaged in mail and wire fraud, which constitutes a pattern of racketeering activity by enterprises under the RICO Act and as further described herein.

57.

On April 21, 2013, NextGear sent through U.S. Certified Mail a notice informing Red Barn and Donald Richardson that NextGear would seize thirteen cars - identified in the letter attached hereto as Exhibit B and hereinafter referred to as "Seized Cars" - in ten days from April 18, 2013.

58.

On April 22, 2013, NextGear, through its employee Amanda Butler, initiated e-mail communication with First Choice, through its employee Linda Castillo, beginning with a 7:43 a.m. e-mail confirming that a number of vehicles (including the Seized Cars) would not be

7

auctioned by First Choice. *See* the emails between Mesdames. Butler and Castillo attached hereto as Exhibit C, *in globo*.

59.

However, at 8:53 a.m., First Choice asked if it could not auction any vehicles on behalf of NextGear due to a confusion as to what vehicles should be auctioned and which should not. *See* Exhibit C.

60.

At 8:59 a.m., NextGear responded indicating that the Seized Cars were not to be were not to be auctioned and kept by First Choice. *See* Exhibit C.

61.

On April 22, 2013, Red Barn, through Devon London, attempted to recover the Seized Cars from First Choice, but was refused.

62.

The backdated letter and e-mails in Exhibits B and C demonstrate a scheme to defraud the Plaintiffs through a concerted effort to illegally seize the vehicles in contravention of the Louisiana Additional Default Remedies Act, La. R.S. 6:965, *et seq*. since First Choice is not authorized to seize and repossess vehicles. This resulted in the conversion of the Seized Cars.

63.

The Seized Cars were the object of NextGear and First Choice's scheme to defraud i.e. the seizure and conversion.

64.

NextGear and First Choice used the mails (US Certified Mail) and wires (the

telecommunications network) to further the scheme to defraud through seizure and conversion.

65.

Under the RICO Act, "racketeering activity" includes mail and wire fraud.

66.

NextGear, a corporation, and First Choice, a limited liability company, are "enterprises" for the purposes of the RICO Act and are engaged in interstate commerce.

67.

A pattern of racketeering activity occurred by and between NextGear and First Choice, as defined by the RICO Act, as over two acts of racketeering activity occurred i.e. the mail and wire fraud alleged herein within a ten year period.

68.

The Seized Cars would not have been illegally seized and converted but for the communications between NextGear and First Choice, and with the communications between NextGear or First Choice and the Plaintiffs.

69.

Plaintiffs allege that as a direct and proximate result of the fault of NextGear and First Choice herein, they have sustained damages in the following non-exclusive particulars:

a) Loss of earnings (past, present, and future);

b) Business interruption;

c) Property loss;

d) Loss of customers;

e) Loss of goodwill;

f) Devaluation of the business;

g) Other pecuniary losses including, but not limited to, attorney fees, costs, and interest; and,

h) Other consequential damages as may be ongoing, as well as any other equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Red Barn Motors, Inc., Donald B. Richardson, and Barbara A. Richardson pray that this Honorable Court enter the following as a judgment against NextGear Capital, Inc., and Louisiana First Choice Auto Auction, LLC, as to Counts IV and V:

(1) Decree that by back-dating and charging interest on money that was not actually lent to Red Barn, NextGear engaged in a scheme to defraud Plaintiffs with specific intent to defraud Plaintiffs.

(2) Decree that by accepting payment for the interest and fees it charged to Red Barn without loaning money to Red Barn through electronic banking transactions, Next Gear used the wires in furtherance of a scheme to defraud Plaintiffs.

(3) Decree that due to the communications between NextGear and First Choice in furtherance of the seizure and conversion of the Seized Vehicles, NextGear and First Choice engaged in wire and mail fraud, thus engaging in a scheme to defraud, with the specific intent to defraud Plaintiffs.

(4) Award Plaintiffs treble damages for injuries they sustained due to the acts of NextGear and First Choice in an amount to be determined at trial, reasonable attorneys' fees, costs of court, prejudgment and post judgment interest allowed by law; and

(4) Provide for such additional relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

/s/  Joshua P. Melder
**Cassie E. Felder (La. Bar No. 27805)**
**Joshua P. Melder (La. Bar No. 33983)**
CASSIE FELDER & ASSOCIATES, L.L.C.
263 3rd Street, Suite 308
Baton Rouge, Louisiana 70801
Phone: (225) 448-3560
Fax:    (225) 372-2862
Email:  cfelder@felderllc.com
            joshua@felderllc.com
*Attorneys for Plaintiffs*