IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC. ) | | CASE NO. 1:14-cv-01589-TWP-DKL |
| BARBARA A. RICHARDSON ) | | |
| and DONALD B. RICHARDSON ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| LOUISIANA'S FIRST CHOICE ) | | |
| AUTO AUCTION, L.L.C. and ) | | |
| NEXTGEAR CAPITAL, INC., ) | | |
| ) | | |
| Defendants. ) | | |

**CASE MANAGEMENT PLAN**

**I.   Parties and Representatives**

   A.   **PLAINTIFFS:**
   Red Barn Motors, Inc.
   Barbara A. Richardson
   Donald B. Richardson

   **DEFENDANTS:**
   Nextgear Capital, Inc.
   Louisiana's First Choice Auto Auction, L.L.C.

   B.   **PLAINTIFFS:**
   RED BARN MOTORS, INC., BARBARA A. RICHARDSON, AND
      DONALD B. RICHARDSON
   Joshua P. Melder
   CASSIE FELDER & ASSOCIATES, LLC
   263 3rd Street, Suite 308
   Baton Rouge, LA  70801
   225-448-3560
   225-372-2862
   joshua@felderllc.com

   Cassie E. Felder
   CASSIE FELDER & ASSOCIATES, LLC
   263 3rd Street, Suite 308
   Baton Rouge, LA  70801
   (225) 448-3560

225-372-2862 fax
cfelder@felderllc.com

**DEFENDANTS:**
NEXTGEAR CAPITAL, INC.
David J. Jurkiewicz
Steven D. Groth
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
sgroth@boselaw.com
djurkiewicz@boselaw.com

LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C.
Lisa Brener
BRENER LAW FIRM, LLC
3640 Magazine Street
New Orleans, LA  70115
504-302-7802
504-304-4759 fax
lbrener@brenerlawfirm.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

A. Jurisdiction in this case is based on diversity of citizenship under U.S.C. §1332.

B. Plaintiffs have asserted claims of breach of contract and unjust enrichment against Nextgear, only. These claims arise from Nextgear repeatedly charging interest and fees on purchases made by Red Barn without actually loaning money against Red Barn's line of credit provided by Nextgear. Due to the use of the wires and payments being transmitted electronically, Plaintiffs have asserted a civil claim under the RICO Act against Nextgear. In addition, Plaintiffs have brought claims for conversion and illegal seizure against both Defendants as a result of First Choice's illegal seizure of eleven vehicles at the behest and direction of Nextgear. Since the communications between the Defendants directing the seizure of the vehicles occurred via the wires and mails, Plaintiffs have alleged a civil claim under the RICO Act against the Defendants. Plaintiffs also claim that it would be appropriate and in the best interest of judicial economy and the parties that this proceeding be stayed pending resolution

    of the petitions for writs of mandamus filed by Plaintiffs and by Defendant, First Choice. The petitions are currently pending before the U.S. Fifth Circuit Court of Appeal, and all briefing has been completed, including additional briefing that was requested by the Fifth Circuit. Based upon these facts and anticipated motions, the Plaintiffs oppose the setting of any deadlines related to disclosures and witnesses prior to resolution of the petitions for writs of mandamus.

  C. Nextgear claims that it has taken only appropriate actions to enforce the terms of the credit agreement that it had with Red Barn Motors, Inc., as well as the Guarantees executed by Red Barn's principals, and has not breached the written agreement between the parties in any way.

  D. Louisiana's First Choice Auto Auction, LLC ("LFCAA") claims that this Court does not have personal jurisdiction over it, as it was not a party to the contract that contained the venue selection provision. LFCAA, without waiving its opposition to personal jurisdiction in Indiana, also claims that it would be appropriate and in the best interest of judicial economy and the parties that this proceeding be stayed pending resolution of the Writs of Mandamus filed by LFCAA and by Plaintiffs (which writs have been consolidated). The Writs are currently pending before the U.S. Fifth Circuit Court of Appeal, and all briefing has been completed, including additional briefing that was requested by the Fifth Circuit. Based upon these facts and anticipated motions, LFCAA opposes the setting of any deadlines related to disclosures and witnesses prior to resolution of the motions.

  E. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**III.**  **Pretrial Pleadings and Disclosures**

  A. At the time this matter was transferred from the Middle District of Louisiana, several motions had been filed and remain pending. These include: Motion to Dismiss for Failure to State a Claim by Nextgear Capital, Inc. (Dkt. 10); Motion to Dismiss for Failure to State a Claim or Alternatively Motion for More Definite Statement by Louisiana's First Choice Auto Auction, L.L.C. (Dkt. 12); and Motion for Leave to File Amended Complaint By All Plaintiffs (Dkt. 25). The parties believe that these Motions have been fully briefed and are awaiting a ruling from the Court.

  B. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before Nov. 13, 2015. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the

  parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action.  If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

C. Plaintiff(s) shall file preliminary witness and exhibit lists on or before Nov. 13, 2015 .

D. Defendant(s) shall file preliminary witness and exhibit lists on or before Dec. 15, 2015 .

E. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before Dec. 1, 2015 .

F. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before Nov. 13, 2015 .  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

> The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service.  These should be emailed to the magistrate judge at MJLarue@insd.uscourts.gov.

G. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 29, 2016.**  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 29, 2016** or 30 days after Plaintiff(s) serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **April 29, 2016**.

H. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

I. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

J. All parties shall file and serve their final witness and exhibit lists on or before **April 29, 2016**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony. ==and counsel's certification that the witness has been interviewed and/or deposed.==

K. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

L. <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, then complete the [ESI Supplement to the Report of the Parties' Planning Meeting](...) (also available in MS Word on the court's website at [www.insd.uscourts.gov/Judges/CMP_info.htm](http://www.insd.uscourts.gov/Judges/CMP_info.htm).)

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV.  **Discovery[1] and Dispositive Motions**

    Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    The Defendant, Nextgear Capital, Inc., believes this matter is appropriate for summary judgment.  This matter is a contractual dispute involving the non-payment of a commercial debt by the corporate borrower and the individual guarantors, coupled with the seizure of secured collateral in an effort to enforce the debt.  The Plaintiffs allege that certain actions taken by the Defendants are unjust and/or in violation of the parties' contractual agreements.  The facts surrounding the actions of the parties are likely to be undisputed, leaving only legal questions for determination by the Court as a matter of law.

    B.    Select the track that best suits this case:

    \_\_\_\_\_ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

   __X__   Track 2: Dispositive motions are expected and shall be filed by **April 30, 2016**; non-expert witness discovery and discovery relating to liability issues shall be completed <mark>March 30, 2016</mark>; expert witness discovery and discovery relating to damages shall be completed by **May 29, 2016**. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

   _____   Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

   _____   Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.   <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in December, 2015**

## VI.   <u>Trial Date</u>

The presumptive trial date is 20 months from the Anchor Date. The parties request a trial date in <mark>DEC, 2016</mark> The trial is by **Court** and is anticipated to take **3 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is

appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B. **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

[Insert any other matters any party believes should be brought to the Court's attention]

| | |
|---|---|
| Respectfully submitted:<br><br>*/s/ Joshua P. Melder (w/permission)*<br>Joshua P. Melder<br>Cassie E. Felder<br><br>Attorneys for Red Barn Motors, Inc. Barbara A. Richardson and Donald B. Richardson<br>CASSIE FELDER & ASSOCIATES, LLC<br>263 3rd Street, Suite 308<br>Baton Rouge, LA  70801 | */s/ Lisa Brener (w/permission*<br>Lisa Brener<br><br>Attorney for Louisiana's First Choice Auto Auction, L.L.C.<br>BRENER LAW FIRM, LLC<br>3640 Magazine Street<br>New Orleans, LA  70115 |
| */s/ Steven D. Groth*<br>Steven D. Groth<br>David J. Jurkiewicz<br><br>Attorneys for Nextgear Capital, Inc.<br>BOSE McKINNEY & EVANS LLP<br>111 Monument Circle, Suite 2700<br>Indianapolis, IN  46204 | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
|     X     | PARTIES APPEARED IN PERSON/BY COUNSEL ON <u>OCTOBER 8, 2015</u> FOR A STATUS CONFERENCE. |
| _____ | APPROVED AS SUBMITTED. |
|     X     | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|     X     | A STATUS CONFERENCE IS SET IN THIS CASE FOR **DECEMBER 29, 2015, AT 10:00 A.M.** COUNSEL SHALL APPEAR: |
| | _____ IN PERSON IN ROOM _____; OR |
| | _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_) _____; OR |
| |     X     BY TELEPHONE, WITH COUNSEL CALLING THE NUMBER WHICH WILL PROVIDED BY EMAIL. |
|     X     | DISPOSITIVE MOTIONS SHALL BE FILED BY **APRIL 30, 2016.** |
|     X     | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **MARCH 30, 2016.** |

If the required conference under LR 37.1 does not resolve discovery issues that may arise, and if the dispute does not involve a claim of privilege, the parties are ordered *jointly* to request a phone status conference before filing any motion to compel or for protective order. If the dispute has arisen because a party has failed to timely respond to discovery, the party that served the discovery may proceed with a motion to compel without seeking a conference. Any contacts with the court to request a discovery conference must be made jointly by counsel, absent compelling circumstances.

When filing a non-dispositive motion, the movant shall contact counsel for the opposing party and solicit opposing counsel's agreement to the motion. The movant shall indicate opposing counsel's consent or objection in the motion.

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date: 10/09/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Lisa Brener
Brener Law Firm, LLC
lbrener@brenerlawfirm.com

Cassie E. Felder
CASSIE FELDER & ASSOCIATES, LLC
cfelder@felderllc.com

Joshua P. Melder
CASSIE FELDER & ASSOCIATES, LLC
joshua@felderllc.com