UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**RED BARN MOTORS, INC.,**
**DONALD B. RICHARDSON, AND**
**BARBARA A. RICHARDSON,**

    **Plaintiffs,**

v.

**NEXTGEAR CAPITAL, INC.,**
**as successor-in-interest to**
**DEALER SERVICES CORPORATION,**
**and LOUISIANA'S FIRST CHOICE**
**AUTO AUCTION, L.L.C.,**

    **Defendants.**

CIVIL
ACTION NO .: <u>1:14-cv-01589-TWP-DKL</u>

### PLAINTIFF'S PRELIMINARY WITNESS AND EXHIBIT LIST

Now into Court, through undersigned counsel, comes Plaintiff, Red Barn Motors, Inc., who, pursuant to Amended Case Management Plan, hereby submits the following preliminary lists of witnesses and exhibits.

**A. Witnesses:**

    2. Donald B. Richardson, 8628 Shadow Springs Blvd., Denham Springs, LA 70726;

    3. Devon London, 25852 Plantation Ave., Denham Springs, LA 70726;

    4. John Poteet, (address unknown); owner of First Choice;

    5. Linda Castillo, (address unknown); employee of First Choice;

    6. Steve Labauve, (address unknown), employee of NextGear;

    7. Amanda Butler, (address unknown), employee of NextGear;

8. Past or present employees, officers, directors, representatives, agents, or other persons acting on the behalf of NextGear, or its predecessor-in-interest, Dealer Services Corporation ("DSC");

9. Past or present employees, officers, directors, representatives, agents, or other persons acting on the behalf of Louisiana's First Choice Auto Auction, Inc.;

10. Any disclosed experts in the case who may have fact testimony;

11. Any person deposed in this matter;

12. Any other person(s) having knowledge of facts that would tend to support any of the claims raised by the Plaintiff in this matter;

13. Any witness(es) called, deposed, and/or listed by Defendants;

14. Any witness necessary to authenticate a document;

15. Any witness necessary for impeachment or rebuttal;

16. Witnesses identified through discovery; and

17. All other persons listed on Defendants' initial disclosures.

**B. Exhibits:**

1. DSC Floorpan Application;

2. DSC Demand Promissory Note and Security Agreement;

3. DSC Term Sheet;

4. DSC Power of Attorney;

5. DSC Individual Personal Guaranty;

6. DSC ACH Authorization and Request;

7. DSC Contract Quick Facts agreement;

8. Letter to Plaintiff from NextGear dated April 18, 2013, regarding "Notification of Private Disposition of Collateral";

9. Emails between employees of NextGear and First Choice dated April 22, 2013, regarding the sale of the vehicles seized by FirstChoice on behalf of NextGear;

10. Titles and related documents to vehicles purchased by Plaintiff utilizing floorplan financing from NextGear;

11. Plaintiff's inventory records for vehicles seized by First Choice on behalf of NextGear;

12. Receipts for payment of fees and other amounts by Plaintiff to NextGear for use of its floorplan financing;

13. DSC Dealer Invoice Statements transmitted to Plaintiff;

14. Plaintiff's banking records identifying payments made to NextGear;

15. Additional documents included with the DSC Contract Packet;

16. Plaintiff's accounting records reflecting payments made to NextGear;

17. Any and all documents produced by any party in this action;

18. All documents produced pursuant to any subpoena *duces tecum* issued to nonparties by any party;

19. All exhibits to any filings in the record of this action;

20. All exhibits listed or introduced by any other party in this action;

21. All video recordings and transcripts of depositions taken in connection with this action and any exhibits to any deposition;

22. Any report and any supplemental or amended reports prepared by any expert witnesses in this case;

23. All documents relied on by any expert witness in this case, including but not limited to those attached to their expert witness reports;

24. All written discovery responses;

25. Any other document(s) that would tend to support any of the claims asserted by the Plaintiff in this matter;

26. Any document(s) necessary for impeachment of any witness;

27. Any document(s) necessary for rebuttal; and

28. Exhibits identified through discovery.

**C. Disclosures of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence:**

1. Plaintiff has not yet identified any expert witnesses.

[CONTINUED ON FOLLOWING PAGE]

        Respectfully submitted,

        CASSIE FELDER & ASSOCIATES, L.L.C.

        /s/ Joshua P. Melder
        Cassie E. Felder (La. Bar No. 27805)
        Joshua P. Melder (La. Bar No. 33983)
        343 3rd Street, Suite 308
        Baton Rouge, Louisiana 70801
        Phone: (225) 448-3560
        Fax:    (225) 372-2862
        Email: cfelder@felderllc.com
               joshua@felderllc.com
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have on the 1st day of December, 2015, served a copy of the foregoing *Plaintiff's Preliminary Witness and Exhibit List* on all counsel of record via electronic service by the court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

**David J. Jurkiewicz**
**Steven D. Groth**
Bose, McKinney & Evans, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204
djurkiewicz@boselaw.com, sgroth@boselaw.com

**Lisa Brener**
Brener Law Firm, L.L.C.
3640 Magazine Street
New Orleans, LA 70115
lbrener@brenerlawfirm.com, tkeller@brenerlawfirm.com

        /s/ Joshua P. Melder
        Joshua P. Melder