IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., BARBARA A. RICHARDSON and DONALD B. RICHARDSON<br><br>Plaintiffs,<br><br>vs.<br><br>LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C. and NEXTGEAR CAPITAL, INC.,<br><br>Defendants. | CASE NO. 1:14-cv-01589-TWP-DKL |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NextGear Capital, Inc., as successor-in-interest to Dealer Services Corporation, hereinafter ("NextGear"), by counsel, respectfully submits this Supplemental Memorandum in Support of its Motion to Dismiss filed in the United States District Court, Middle District of Louisiana, on February 6, 2014.

**SUMMARY OF CASE**

Plaintiffs commenced this action by filing their Complaint against NextGear on December 3, 2013.

On February 6, 2014 NextGear filed its Motion to Transfer Case to the United States District Court for the Southern District of Indiana.

On February 6, 2014 NextGear filed its Motion to Dismiss all counts of the Complaint and Memorandum in Support thereof.

On February 27, 2014 the Plaintiffs filed their Memorandum in Opposition to NextGear's Motion to Dismiss.

On September 29, 2014 the United States District Court for the Middle District of Louisiana entered its Order transferring the case to the United States District Court for the Southern District of Indiana.  The NextGear Motion to Dismiss was not ruled on prior to granting transfer.

On November 4, 2015 Plaintiffs Barbara A. Richardson ("Mrs. Richardson") and Donald B. Richardson ("Mr. Richardson", together with Mrs. Richardson, the "Richardsons") filed their Notice of Voluntary Dismissal.

On November 5, 2015 the Court acknowledged the Notice of Dismissal of all claims of Mr. and Mrs. Richardson against NextGear.

On November 17, 2015 the Court entered its Order referring the Motion to Dismiss to Magistrate Denise K. Larue.

## **ANALYSIS**

The dismissal of the Richardsons leaves the claims of Red Barn Motors, Inc. ("Red Barn") subject to the pending Motion to Dismiss.  As set forth in the Motion to Dismiss, all claims of Red Barn are subject to dismissal, because counsel for Red Barn never obtained bankruptcy court approval as special counsel to pursue the claims against NextGear.  Therefore, Red Barn has no authority to pursue any causes of action, including all claims asserted against NextGear.

The Response of Red Barn to the Motion to Dismiss concedes Red Barn failed to obtain the necessary order approving counsel as required by the Bankruptcy Code and Bankruptcy Rules.  Red Barn merely argued that it could apply to the bankruptcy court for "nunc pro tunc approval to serve as Plaintiffs' counsel in this matter."  It is evident that Red Barn contemplated compliance with the requisites of the Bankruptcy Code and Rules, but a review of the bankruptcy

court's docket sheet for which this Court has the ability to take judicial notice and can consider on a motion to dismiss,[1] shows that no such application was ever submitted to the bankruptcy court. *See* copy of docket sheet attached as **Exhibit 1**.

Furthermore, the docket sheet indicates that the Red Barn bankruptcy case was closed on August 28, 2014, more than one year ago. Red Barn failed to obtain bankruptcy court authority to pursue claims against NextGear. The bankruptcy case is now closed, and there is no forum available for Red Barn to obtain the required authority. As a result, the one course that might have salvaged Red Barn's claims has been eliminated.

For the reasons stated in the Motion to Dismiss as supplemented herein, Red Barn's Complaint should be dismissed.

                                              Respectfully submitted,

                                              /s/ David J. Jurkiewicz
                                              David J. Jurkiewicz, Atty. No. 18018-53
                                              Steven D. Groth, Atty. No. 17643-71
                                              BOSE McKINNEY & EVANS LLP
                                              111 Monument Circle, Suite 2700
                                              Indianapolis, IN 46204
                                              (317) 684-5000
                                              (317) 684-5173 fax
                                              djurkiewicz@boselaw.com
                                              sgroth@boselaw.com

                                              Attorneys for NextGear Capital, Inc.

---

[1] See Fed. R. Evid. 201(f) and advisory committee's note to Subdivision (f) ("judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal"); Philips Med. Sys. Int'l, B. V. v. Bruetman, 982 F.2d 211, 215 and n.2 (7th Cir. 1992) (taking judicial notice of proceedings in other courts that have a direct relation to matters at issue); Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) (confirming that court documents from Indiana state court proceeding are judicially noticeable).

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December, 2015, a copy of the foregoing Supplemental Memorandum in Support of Motion to Dismiss was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

- **Lisa Brener**
  Brener Law Firm, LLC
  lbrener@brenerlawfirm.com,tkeller@brenerlawfirm.com
- **Cassie E. Felder**
  CASSIE FELDER & ASSOCIATES, LLC
  cfelder@felderllc.com,kelley@felderllc.com
- **Steven D. Groth**
  BOSE MCKINNEY & EVANS, LLP
  sgroth@boselaw.com,mjones@boselaw.com,djordan@boselaw.com,lcooper@boselaw.com
- **David J. Jurkiewicz**
  BOSE MCKINNEY & EVANS, LLP
  djurkiewicz@boselaw.com,clindsey@boselaw.com,mwakefield@boselaw.com
- **Joshua P. Melder**
  CASSIE FELDER & ASSOCIATES, LLC
  joshua@felderllc.com,kelley@felderllc.com
- **(no manual recipients)**

/s/ David J. Jurkiewicz
David J. Jurkiewicz

2882063_1/22326-4