UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-1589-TWP-DKL |
| ) | |
| LOUISIANA'S FIRST CHOICE AUTO ) | |
| AUCTION, L.L.C.., *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Report and Recommendation on Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim [dkt. 10] and Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, or, Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement [dkt. 12]*

Red Barn Motors, Inc., a car dealership, and Dealer Services Corporation ("DSC"), had an agreement for the latter to finance Red Barn's purchase of vehicles at auction. Red Barn alleges that DSC charged interest and fees before any money was loaned. Red Barn stopped making payments on its line of credit and DSC began seizing Red Barn's assets. Red Barn delivered some vehicles to Defendant Louisiana's First Choice Auto Auction, L.L.C. ("First Choice") to sell, but First Choice delivered the vehicles to DSC. Defendant NextGear Capital, Inc., ("NextGear") is the successor-in-interest to DSC.

Red Barn sued NextGear and First Choice in district court in the Middle District of Louisiana, alleging state law claims. NextGear moved to transfer the case to this district and its motion was granted. Before the case was transferred, however, NextGear had filed a *Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim* [dkt. 10]

and First Choice filed a *Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, or, Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* [dkt. 12]. Thereafter, Plaintiffs Donald B. Richardson and Barbara A. Richardson dismissed all of their claims against both Defendants, leaving the claims by Red Barn. District Judge Tanya Walton Pratt has referred the two pending motions to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 74.]

*Background*

In July 2011, Red Barn and DSC entered into a Demand Promissory Note and Security Agreement in the principal sum of $200,000. [Dkt. 10-2.]

In April 2013, Red Barn filed bankruptcy proceedings under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Middle District of Louisiana, docket number 13-10548. [Dkt. 10-2.] Red Barn filed an initial Disclosure Statement and Small Business Plan and thereafter filed an Amended Disclosure Statement and Amended Chapter 11 Small Business Plan. The Amended Plan of Reorganization, dated December 10, 2013, contains a Section 9.2 entitled, "Retention of Causes of Action," which provides:

> 9.2.1. *Preservation of Rights of Action by the Debtor and Reorganized Debtor.* Except as provided in this Plan or in any contract, instrument, release or other agreement entered into or delivered in connection with this Plan, in accordance with Section 1123(b) of the Bankruptcy Code and to the fullest extent possible under applicable law, the Reorganized Debtor shall retain and may enforce, and shall have the sole right to enforce, any claims, demands, rights, and Causes of Action that the Debtor or their Estate may hold against any Entity. The Reorganized Debtor or their successor may pursue such claims, demands, rights or Causes of Action, as appropriate, in

>accordance with the best interests of the Reorganized Debtor, or their successor.

[*Mem. Opp'n Mot. Dismiss, Ex. A* at 11, dkt. 15-1 at 11.] "Causes of Action" is defined to include "all causes of action, rights, claims, and demands against any Persons that the Debtor or their Estate own or have an interest in or can assert in any fashion[.]" [*Ex. A* at 18, dkt. 15-1 at 18.]

The Disclosure Statement for the Amended Plan of Reorganization has a section entitled, "Claims Against Others," which states in part:

>The Debtor has filed suit against Next Gear Capital and Louisiana First Choice Auction as defendants. The suit was filed in the U.S. District Court for the Middle District of Louisiana, *Red Barn Motors, Inc., et al v. NextGear Capital, Inc., et al*. There are many facts believed by the Debtor to form the basis of complaint. These include:
>- Financing vehicles without a lending license in the state of Louisiana
>- Charging interest on cars before funding the purchase from the auction, sometimes by as much as six (6) weeks to two (2) months
>- Seizing Red Barn Motors, Inc. inventory without judicial authorization
>
>….

[*Mem. Opp'n Mot. Dismiss Failure to State a Claim, Ex. B*., Disclosure Statement for Am. Plan for Reorganization, at 24, dkt. 15-1 at 51.]

The bankruptcy court conducted a hearing and, on January 7, 2014, entered its Order Confirming Chapter 11 Plan. Red Barn's bankruptcy case was closed on August 28, 2014.

Meanwhile, in December 2013, Red Barn had commenced this action in the United States District Court for the Middle District of Louisiana against NextGear and First Choice. The Complaint alleges breach of contract and unjust enrichment by Next Gear and conversion and illegal seizure of assets by both Defendants.

*Discussion*

NextGear moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that Red Barn lacks standing to pursue its claims because: (1) it failed to obtain authority to employ legal counsel from the bankruptcy court, and (2) it did not specifically and unequivocally reserve the alleged claims against NextGear in its Amended Plan of Reorganization.

First Choice moves for dismissal for failure to state a claim, arguing that a claim under Louisiana Additional Default Remedies Act can only be made against a "secured party," and it is not a "secured party" as defined by that statute. It also argues that the lawsuit should be dismissed for the reasons advanced by NextGear. Finally, First Choice contends that if its motion is denied, then Red Barn should be required pursuant to Rule 12(e) of the Federal Rules of Civil Procedure to provide a more definite statement concerning the description and precise quantity of vehicles at issue.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all factual allegations and draws all permissible inferences in favor of the plaintiff's favor. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive dismissal under Rule 12(b)(6), "the complaint must give enough factual information to 'state a claim to relief that is plausible on its face.'" *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007)).

Under Rule 12(e), "a party may move for a more definite statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response."

4

Fed. R. Civ. P. 12(e). Because of the "liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored." *Branson v. St. Elizabeth Sch. of Nursing*, 4:15-CV-87-TLS-PRC, 2015 WL 7460144, at *1 (N.D. Ind. Nov. 24, 2015). A Rule 12(e) motion is "appropriate only where the pleading 'fails to specify the allegations in a manner that provides sufficient notice.'" *Jimenez v. Kachiroubas*, No. 14 C 10278, 2015 WL 6859297, at *5 (N.D. Ill. Nov. 9, 2015) (quoting M*alekpour v. LaHood*, No. 12 C 6999, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012)).

Defendants argue that because counsel for Red Barn was not approved as special counsel, she lacks authority to pursue any causes of action on Red Barn's behalf and therefore the claims by Red Barn should be dismissed. Bankruptcy trustees may employ attorneys and other professionals to assist the trustees in carrying out their statutory duties. 11 U.S.C. § 327(a); *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2162 (2015). The bankruptcy court may award fees to attorneys and professionals employed under Section 327. 11 U.S.C. § 330(a)(1); *Baker Botts*, 135 S. Ct. at 2162. However, an attorney or other professional who does not obtain approval of employment under Section 327(a) is not entitled to compensation from the bankruptcy estate, *In re Weinschneider*, 395 F.3d 401, 403-04 (7th Cir. 2005), and "'any professional not obtaining approval is simply considered a volunteer if [he or she] seeks payment from the estate,'" *In re Walsh*, 538 B.R. 466, 474 (Bankr. N.D. Ill. 2015) (quoting *In re Albrecht,* 245 B.R. 666, 671 (10th Cir. BAP 2000)). Defendants have shown that Red Barn's counsel has not obtained approval under Section 327(a) and therefore would be considered volunteers if they sought payment from the estate. But the bankruptcy case is closed now so it seems unlikely that counsel could or

5

would seek payment from the estate. Moreover, the question of whether counsel could be compensated is a different issue from the standing issue. Defendants have not cited any authority to suggest that counsel's failure to obtain approval under Section 372(a) has any bearing on Red Barn's standing to bring its claims in this case.

As their second ground for attack, Defendants argue that Red Barn failed to specifically and unequivocally reserve the alleged claims against them in its Amended Plan of Reorganization. Generally, "when a Chapter 11 reorganization plan is confirmed by the bankruptcy court, the debtor loses its debtor-in-possession status and with it, standing to pursue the estate's claims." *In re MPF Holdings US LLC*, 701 F.3d 449, 453 (5th Cir. 2012). Yet a reorganization plan may provide for "the retention and enforcement by the debtor … of any claim or interest." 11 U.S.C. § 1123(b)(3)(B); *see In re MPF Holdings*, 701 F.3d at 453-54. The Fifth Circuit, in which Red Barn's bankruptcy was filed, requires that a reorganization plan contain a "specific and unequivocal" reservation of claims. *See In re MPF Holdings*, 701 F.3d at 454. The Seventh Circuit has a lower threshold, requiring only that the debtor "specifically identify" the reserved claims. *In re Kimball Hill, Inc.*, 449 B.R. 767, 774 (Bkrtcy. N.D. Ill. 2011) (quoting *P.A. Bergner & Co. v. Bank One, Milwaukee, N.A.*, 140 F.3d 1111, 1117 (7th Cir. 1998)). In determining whether a claim has been reserved, courts may consider the disclosure statement in addition to the reorganization plan. *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547, 551 (5th Cir. 2011).

NextGear takes issue with the authority cited by Red Barn in support of the proposition that courts can consider the disclosure statement in addition to the plan in deciding whether a claim is reserved. It argues that the Fifth Circuit requires specific and

6

unequivocal reservation in the *reorganization plan* not the disclosure statement, citing *In re MPF Holdings*, 701 F.3d at 454. But *In re MPF Holdings* cites *In re Texas Wyoming Drilling* with approval, 701 F.3d at 454-555, and reaffirms the latter's holding that "*courts may consult the disclosure statement in addition to the plan to determine whether a post-confirmation debtor has standing.*" *Id.* at 454 n.3 (quoting 647 F.3d at 551). Counts can consider the disclosure statement in addition to the plan in deciding whether a claim is reserved.

In contrast with the plan in *In re Operating, LLC*, 540 F.3d 351 (5th Cir. 2008), that contained a blanket reservation of "any and all claims," which was insufficient to preserve the asserted claims, *id.* at 355-56, Red Barn's amended plan and disclosure statement reserved the right to enforce "any claims" and "Causes of Action" that Red Barn may have "against any Entity" and revealed the existence of the action filed in the U.S. District Court for the Middle District of Louisiana. Further, the disclosure statement identified the defendants NextGear and First Choice by name and generally described the factual basis for the claims against them. Therefore, even when considered under the Fifth Circuit's "specific and unequivocal" standard rather than the Seventh Circuit's more lenient "specific identification" standard, the disclosure statement together with the amended plan sufficiently reserved the claims asserted in this action. Therefore Red Barn has standing to pursue those claims.

First Choice alsocontends that Red Barn has failed to state a claim against it under the Louisiana Additional Default Remedies Act ("ADRA" or "Act"), *see* La. Stat. Ann. §§ 6:695-969. It asserts that the Act only regulates the acts and omissions of secured parties and maintains that it is not a "secured party" within the meaning of the Act. The ADRA

states that it "provides additional remedies on default by the debtor under a secured transaction under Chapter 9 of the Louisiana Commercial Laws … entitling the secured party to obtain possession and dispose of the collateral as provided herein." *Id.*, § 6:965(B). Red Barn does not argue that First Choice is a "secured party" under the Act; instead, it argues that First Choice is not registered as a repossession agent with the Louisiana Office of Financial Institutions, and that only registered agents may obtain possession of a motor vehicle. *See* La. Stat. Ann. § 6:966(D)(1)(a). But Barn points to no authority to establish that it has a right of action under the ADRA against a non-licensed repossession agent for failing to obtain a license. *See* La. Admin. Code tit. 10, pt. XV, § 1317(e) (indicating the Commissioner may make public any administrative action against a repossession agency for a violation of §§ 6:695-969).

Nonetheless, although the complaint seems focused on the alleged violations of the ADRA, it seems that Red Barn has alleged a claim for conversion against First Choice. Under Louisiana law, a conversion occurs when

> (1) possession is acquired in an unauthorized manner; (2) the chattel is removed from one place to another with the intent to exercise control over it; (3) possession of the chattel is transferred without authority; (4) possession is withheld from the owner or possessor; (5) the chattel is altered or destroyed; (6) the chattel is used improperly; or (7) ownership is asserted over the chattel.

*MCI Commc'ns Servs., Inc. v. Hagan*, 74 So. 3d 1148, 1154 n.8 (La. 2011) (quotation omitted). The complaint alleges that Red Barn delivered 11-14 vehicles to First Choice with the intention of selling said vehicles, but was unable to sell the vehicles because First Choice seized them and delivered them to DSC. [*Compl.* ¶¶ 22-23.]

8

Finally, First Choice moves in the alternative for an order requiring Red Barn to provide a more definite description concerning the vehicles at issue in this action. It argues that the complaint fails to identify the vehicles allegedly seized or the exact number of vehicles at issue. The complaint alleges that "[s]ometime in April of 2013," Red Barn employees delivered "between eleven (11) and fourteen (14) vehicles" to First Choice and Red Barn was unable to sell the 11-14 vehicles because First Choice seized them and delivered them to DSC. [*Id.*] Unlike the allegations in *Louisiana Acorn Fair Housing Organization v. Hillery*, 2000 WL 666376 (E.D. La. May 19, 2000) (complaint was unclear as to the nature of the defendant's wrongful conduct), and *Chapa v. Chase Home Finance LLC*, 2010 WL 5186785 (S.D. Tex. Dec. 15, 2010) (complaint asserting breach of contract did not allege the existence of a contract), that failed to give the defendants fair notice of the nature of the claims against them, Red Barn's allegations provide First Choice with sufficient notice to enable it to respond to the complaint. The vehicles were delivered to First Choice in April 2013 and First Choice delivered them to DSC. Further detail such as the vehicle identification numbers, models, makes, and years of the vehicles at issue is more appropriately obtained through discovery.

The voluntary dismissal of the individual Plaintiffs' claims moots that portion of First Choice's motion to dismiss that seeks dismissal of the individual defendants.

### *Conclusion*

For the foregoing reasons, the undersigned recommends that NextGear's *Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim* [dkt. 10] be denied and that First Choice's *Motion to Dismiss for Failure to State a Claim Upon Which Relief May be*

*Granted, or, Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* [dkt. 12] be denied.

ENTERED THIS DATE: 12/11/2015

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). The district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection may result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**The parties should not expect extensions of time to file either objections or responses. No replies will be permitted.**

Electronic Distribution to All Counsel of Record