**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., MATTINGLY AUTO SALES, INC., and YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>    Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING A RULING ON DEFENDANTS' MOTION TO DISMISS**

Defendants, Cox Enterprises, Inc. ("Cox Enterprises"), Cox Automotive, Inc. ("Cox Auto"), NextGear Capital, Inc. f/k/a Dealer Services Corporation ("NextGear"), and John Wick ("Wick") (collectively, "Defendants"), by counsel, pursuant to Federal Rule of Civil Procedure 26(b) and (c), respectfully request that the Court order a stay of discovery and Rule 26(a) disclosures until after the Court has had an opportunity to rule upon Defendants' Motion to Dismiss and Motion to Strike Jury Demand ("Motion to Dismiss").

## RELEVANT PROCEDURAL BACKGROUND

1. On January 8, 2016, Plaintiffs filed a Motion for Leave to File Verified Amended Complaint. Following a stipulation by the parties, the Verified Amended Complaint ("Amended Complaint") was filed on March 11, 2016.

2. The parties also stipulated that Defendants' response to the Amended Complaint is due on April 15, 2016, at which time Defendants will file their Motion to Dismiss seeking the dismissal of all claims in the Amended Complaint.

3. On March 25, 2016, Plaintiffs served Plaintiffs' First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents to Defendant NextGear Capital, Inc. ("Discovery Requests") in which Plaintiffs seek a broad range of discovery relating both to class certification issues and merits-based discovery concerning the Plaintiffs' and putative class members' lending relationship with NextGear. Specifically, among numerous other things, Plaintiffs seek each and every credit contract, account history, and contact information for the ***tens of thousands*** of car dealerships to which NextGear has provided credit dating back to November 2007. A true and accurate copy of the Discovery Requests are attached as <u>Exhibit A</u>.

## COMPLIANCE WITH FED. R. CIV. P. 26(C)

Defendants' counsel first discussed the timing of discovery with Plaintiffs' counsel during a case management telephone call on February 24, 2016. Specifically, Defendants' counsel stated that discovery should be stayed until the Court has an opportunity to rule on Defendants' Motion to Dismiss (which has not yet been filed, but was contemplated and discussed), but Plaintiffs' counsel disagreed. On March 30, 2016, counsel for Plaintiffs and Defendants spoke again regarding case management issues. Plaintiffs' counsel confirmed that

Plaintiffs remained opposed to a stay of discovery pending a ruling on the Motion to Dismiss, thus prompting the need for this motion.

### ARGUMENT

**I. Discovery And Rule 26(a) Disclosures Should Be Stayed Pending The Court's Ruling On The Motion To Dismiss.**

All discovery, including the Discovery Requests and Rule 26(a) disclosures, should be stayed until after the Court has the opportunity to rule on Defendants' Motion to Dismiss. Fed. R. Civ. P. 26(c) provides that "for good cause" a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery." A trial court has broad discretion under Rule 26(c) to fashion an appropriate remedy depending on the circumstances of the case. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."); *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997) ("A district judge's discretion in supervising pretrial discovery is broad.").

Discovery is routinely stayed while a motion to dismiss is pending where, as here, the discovery will not affect the outcome of the motion to dismiss. Whether discovery should be stayed while a motion to dismiss is pending is case-specific and hinges on the relevance of the discovery to the pending motion:

> The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion. Rather, the determination to stay discovery is based upon the individual case and whether ongoing discovery is unlikely to produce facts necessary to defeat the motion.

*Pirson Contractors, Inc. v. Scheuerle Fahrzeugfabrik GmbH*, No. 2:07 CV 123, 2008 WL 927645, at *3 (N.D. Ind. Apr. 3, 2008) (internal citations and quotations omitted); *see also*

3

*Orlando Residence, Ltd. v. GP Credit Co., LLC,* 2006 WL 2849866 at *7 (E.D. Wis. Sept. 29, 2006) ("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery."); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (noting that while there is no *per se* rule that a motion to dismiss shall stay discovery, "such stays are granted with substantial frequency," especially when the discovery is unrelated to the motion to dismiss).

As noted in *Sulfuric Acid*, district courts within the Seventh Circuit have routinely granted stays of discovery pending a ruling on a motion to dismiss. 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing **thirteen** cases (as of 2005) in which a district court within the Seventh Circuit had granted a motion to stay discovery pending the ruling on a motion to dismiss). This Court has also stayed discovery pending the ruling on a motion to dismiss when such ruling would significantly reduce the scope of discovery or eliminate the need for discovery at all. *See, e.g., Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 1:09-CV-01236-SEB-JM, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010) ("Courts have long exercised … discretion to stay discovery after a timely filed motion to dismiss…. Following the Supreme Court's recent adoption of a more rigorous pleading standard to spare defendants the costs of discovery into meritless claims, such stays issue with even greater frequency."); *Sanders v. City of Indianapolis*, No. 1:09-CV-0622-SEB-JMS, 2010 WL 1410587, at *1 (S.D. Ind. Apr. 2, 2010); *U.S. ex rel. Glaser v. Wound Care Consultants, Inc.*, No. 1:05-CV-573-LJM-WTL, 2007 WL 2934885, at *1 (S.D. Ind. Oct. 5, 2007).

Here, the information sought in the Discovery Requests bears no relation to the legal issues and pleading failures that will be addressed in the Motion to Dismiss. Among other things, the Motion to Dismiss will seek the dismissal of all claims in the Amended Complaint

4

based on the fact that (1) the allegations do not and cannot sustain a cause of action under governing law; and (2) several claims are barred by the applicable statute of limitations. The dispositive issues in the Motion to Dismiss are necessarily legal in nature (as Defendants cannot challenge facts), and are focused exclusively on whether the well-pled allegations can sustain a cause of action. Thus, Plaintiffs' attempt through discovery to establish facts that cannot be disputed in a Rule 12 motion is wholly unnecessary and irrelevant. Plaintiffs' Discovery Requests aimed at class certification issues are also irrelevant to the dispositive issues in the Motion to Dismiss, and premature in any event. The critical factor in evaluating whether discovery should move forward in the face of a motion to dismiss is "whether ongoing discovery is unlikely to produce facts necessary to defeat the motion." *Pirson Contractors*, 2008 WL 927645 at \*3. There simply is no correlation between the Discovery Requests and the Motion to Dismiss. Consequently, discovery should be stayed.

## II. A Short Stay Will Promote The Efficient Use Of The Court's And The Parties' Resources, And Results In No Prejudice To Plaintiffs.

Staying discovery until the Court has ruled on Defendants' Motion to Dismiss is consistent with both case law and the efficient use of the parties' and the Court's resources. In evaluating whether there is "good cause" to limit or prohibit discovery under Rule 26(c), "'the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party.'" *Range v. Brubaker*, No. 3:07-CV-480, 2008 WL 5248983, at \*2 (N.D. Ind. Dec. 16, 2008) (quoting *In re Garvey Marine, Inc.,* No. 03 C 5967, 2006 WL 1806392, at \*1 (N.D. Ill. June 27, 2006)); *see also* 6 *Moore's Federal Practice* § 26.101(1)(c) (3d ed. 2004) ("Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party."). Conducting this

5

balancing test demonstrates that the harm to NextGear of requiring discovery before a ruling on the Motion to Dismiss far outweighs any benefit to Plaintiffs of receiving that discovery while the motion remains pending.

The United States Supreme Court has noted that broad discovery in the face of weak claims creates an unfair burden on a defendant and imposes a social cost:

> [T]o the extent [discovery] permits a plaintiff with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value, rather than a reasonably founded hope that the process will reveal relevant evidence, it is a social cost rather than a benefit.

*Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Postponing discovery until after a motion to dismiss can be adjudicated comports with the common-sense notion that a defendant should not have to incur substantial discovery costs before the Court can speak to whether a plaintiff's claims even have any merit.

Plaintiffs' broad Discovery Requests seek extensive discovery from NextGear, including but not limited to the following:

- Information and documents for every version of revolving line of credit contracts used by NextGear (or a predecessor) from November 2007 to the present;
- The name, address, contract, and account history for each of the tens of thousands of car dealers with which NextGear (or a predecessor) contracted from November 2007 to the present;
- The name, address, and contract for each auction house with which NextGear (or a predecessor) contracted from November 2007 to the present;

- Copies of each piece of advertising or solicitation for NextGear's (or a predecessor's) services from November 2007 to the present;

- All due diligence documents for NextGear's merger with Dealer Services Corporation and Manheim Automotive Financial Services, Inc.; and

- All account documents and communications (internal and external) relating to the four Plaintiffs.

NextGear and its predecessors have provided funding to tens of thousands of car dealerships throughout the United States over the last nine years. Plaintiffs' Discovery Requests impose a substantial burden on NextGear, requiring NextGear to spend dozens and dozens of hours searching for responsive information and documentation while incurring tens of thousands of dollars in legal costs. And, perhaps more importantly, the Discovery Requests have nothing to do with the pleading deficiencies and statute of limitations arguments relevant to the Motion to Dismiss. If Defendants prevail on even parts of their Motion to Dismiss, the scope of relevant discovery will be significantly narrowed, including a reduction in the nine-year period for which Plaintiffs seek documents and information currently. Under the "balancing test" discussed above, there is little question that the hardship to NextGear far outweighs the importance of the discovery to Plaintiffs for purposes of briefing the Motion to Dismiss. *Range*, 2008 WL 5248983 at *2; 6 *Moore's Federal Practice* § 26.101(1)(c) (3d ed. 2004).

Finally, Plaintiffs will not be prejudiced by waiting a short time to begin discovery to allow the Court the opportunity to rule on the Motion to Dismiss. The Motion to Dismiss will be fully briefed by mid-May and ready for resolution thereafter. None of the information or documents sought in the Discovery Requests is in jeopardy of disappearing in the next few months while the parties await a ruling on the Motion to Dismiss. Moreover, Plaintiffs will be

7

unable to do anything of consequence with the information obtained through discovery while the Court evaluates the Motion to Dismiss. While there is substantial prejudice to NextGear in having to respond to the broad Discovery Requests, there is no prejudice to Plaintiffs in simply waiting a couple of months to see if the Motion to Dismiss narrows the issues in the case, or eliminates the need for discovery altogether. Defendants simply request a "wait and see" approach that avoids the immense cost and burden of class-wide discovery until after the Court determines if any of Plaintiffs' claims survive.[1]

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court stay discovery and Rule 26(a) disclosures in this matter pending the resolution of the Defendants' Motion to Dismiss.

Dated: March 31, 2016                                  Respectfully submitted,

*/s/ Paul D. Vink*
David J. Jurkiewicz
Paul D. Vink
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendants*

---

[1] NextGear's request to stay discovery pending a ruling on the Motion to Dismiss should not have an impact on the deadlines in the case management plan or effect the trial date. Under the proposed Case Management Plan, discovery will remain open until December 20, 2016, which should be sufficient time to complete discovery following a ruling on the Motion to Dismiss. The trial date of May 8, 2017 – over thirteen months away – should not be impacted by a 2-3 month delay in discovery at the front end of the case.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 31st day of March, 2016:

>Cassie E. Felder
>LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
>9311 Bluebonnet Boulevard, Suite A
>Baton Rouge, LA 70810
>
>James M. Garner
>Ryan D. Adams
>Matthew M. Coman
>SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
>909 Poydras Street, Suite 2800
>New Orleans, LA 70112
>
>Gladstone N. Jones, III
>Lynn E. Swanson
>Kerry A. Murphy
>JONES, SWANSON, HUDDELL & GARRISON, LLC
>601 Poydras Street, Suite 2655
>New Orleans, LA 70130

>>*/s/ Paul D. Vink*
>>Paul D. Vink

2972239_1