UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| RED BARN MOTORS, INC., | * | DOCKET NO. 1:14-cv-01589-TWP-DKL |
| PLATINUM MOTORS, INC., | * | |
| MATTINGLY AUTO SALES, INC., | * | CLASS ACTION |
| YOUNG EXECUTIVE MANAGEMENT | * | Jury Trial Demanded |
| & CONSULTING SERVICES, INC., | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated | * | |
| | * | |
| v. | * | |
| | * | |
| COX ENTERPRISES, INC., | * | |
| COX AUTOMOTIVE, INC., | * | |
| NEXTGEAR CAPITAL, INC., | * | |
| F/K/A DEALER SERVICES | * | |
| CORPORATION, successor by merger | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT NEXTGEAR CAPITAL, INC.**

Red Barn Motors, Inc., Platinum Motors, Inc., Mattingly Auto Sales, Inc., and Young Executive Management & Consulting Services, Inc. (collectively, the "Plaintiffs") propound this First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents to Defendant, NextGear Capital, Inc., F/K/A Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc.. ("NextGear") to answer, under oath, the following interrogatories and respond fully to the following requests for production of documents, interrogatories and requests for admission, all within thirty (30) days after service, pursuant to FED. R. CIV. P. 33, 34 and 36. Pursuant to Federal Rule of Civil Procedure 26(e), these requests are deemed to be ongoing and you are obligated to supplement your responses as information becomes



EXHIBIT A

available. Please provide all responses in full compliance with the standards set forth in the Federal Rules of Civil Procedure. In addition, these requests incorporate the definitions and instructions that appear below.

## INSTRUCTIONS

1. **Time and site of document production**: NextGear shall serve a written response and produce the requested documents for inspection and copying, or attach copies of the requested documents to the written response. Plaintiffs ask that NextGear produce the documents requested at the office of counsel for Plaintiff: Jones, Swanson, Huddell, & Garrison LLC, 601 Poydras Street, Suite 2655, New Orleans, LA 70130, or any other place mutually determined by the parties.

2. **Scope of document requests**: NextGear shall produce all documents, as defined below, that are in NextGear's possession, control, or custody, or in the possession, control, or custody of NextGears' agents, representatives or attorneys. When this discovery calls for information or a document that, while known to NextGear, is not in NextGear's possession or control, NextGear should identify the present location and custodian, if known,, or otherwise the last known location and custodian, in addition to the reason and the date that defendants divested control of the information or document.

3. **Manner of document production**: NextGear shall indicate which documents respond to which request and shall produce documents in a reasonably useable form as described in more detail below.

4. As to any portion of these discovery requests that you believe to be objectionable, please include in your response as to that discovery request: (a) an identification of the portion of the request you believe to be objectionable, and (b) the specific basis of that objection stated in such manner as to enable the Plaintiffs and the Court to ascertain the validity of the objection. In

including the basis for any such objection, do not use general qualifiers such as "to the extent," but specifically identify and describe why you believe the request to be objectionable. If any portion of such a request is not included within the portion with which you have objection, fully answer and/or provide the requested documents responsive to the unobjected-to portion.

5. If you withhold any information responsive to these interrogatories or document requests based on a claim of full or partial attorney-client and/or work product privileges, please furnish a privilege log identifying the interrogatories or requests as to which such information you withheld, providing the following information:

    a. The reason(s) for withholding;

    b. Identification by name, job title, and the last known address of each person who has had or does have access to such information or documents;

    c. A brief statement of the nature of the information or document withheld; and

    d. A statement of the facts that constitute the basis for the claim of privilege, work product or other grounds of non-disclosure.

## DEFINITIONS

1. **"Document"** means any tangible, intangible or electronically-stored item that can be reduced to tangible form, whether a copy or an original, upon which words, symbols, or marks are recorded including all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained. Accordingly, both paper-based documents and electronically stored information-including, but not limited to, emails, text messages, attachments, databases, word documents, spreadsheets and graphic files-are covered by this definition..

2. **"Communication"** means any transmission of information by written, oral, pictorial, or other perceptible means.

3. As used here, the terms **"relates to," "relating to,"** or **"regarding"** any given subject mean any information that in whole or in part refers to or is in any way pertinent to that subject.

4. The unqualified term **"person"** means an individual, corporation, partnership, unincorporated association, or business or governmental entity.

5. **"Red Barn"** refers to Plaintiff, Red Barn Motors, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

6. **"Platinum"** refers to Plaintiff, Platinum Motors, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

7. **"Mattingly"** refers to Mattingly Auto Sales, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

8. **"Young"** refers to Young Executive Management & Consulting Services, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

9. **"Complaint"** means the Plaintiffs' Verified Amended Complaint filed in the present action (R. Doc. 117).

10. **"Cox Enterprises"** refers to Cox Enterprises, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

11. **"Cox Automotive"** refers to Cox Automotive, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

12. **"NextGear"** refers to NextGear Capital, Inc. f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc., its predecessors-in-interest,

including without limit, any of their principals, officers, employees, agents, representatives, and attorneys.

13. **"Mr. Wick"** refers to John Wick, NextGear's Chief Strategy Officer and General Counsel, his representatives, agents, attorneys, and/or anyone acting on John Wick's behalf.

14. **"You"** or **"Your"** refers to NextGear and any of its principals, officers, employees, agents, representatives, and attorneys.

15. **"Defendants"** refers to NextGear, Cox Automotive, Cox Enterprises, and John Wick.

16. **"Transaction"** refers to the purchase of a used vehicle by a NextGear customer dealer utilizing a NextGear Floorplan Agreement.

17. **"Auction"** refers to any of the used automobile auctions located in the United States at which NextGear Customer Dealers purchased used vehicles utilizing NextGear Floorplan Agreements.

18. **"Floorplan Agreement"** refers to a revolving line of credit, the terms of which were set forth in a Demand Promissory Notes and Security Agreement or other written document reflecting the same or substantially similar terms, that was entered into by a used car dealer and NextGear and through which the dealer could purchase used cars at Auction.

19. **"Customer Dealer"** refers to any used car dealer who entered into a Floorplan Agreement with NextGear.

20. **"Date of the Auction"** refers to any date on which any Customer Dealer attended a used vehicle auction and selected vehicles to purchase utilizing its Floorplan Agreement.

21. **"Blacklist"** means any Document provided to the Auctions listing or in any way evidencing Customer Dealers who are prohibited from using NextGear financing or indicating a limited or a negative relationship between NextGear and the Customer Dealer.

22. **"Account Executives"** refers to NextGear employees who solicit and/or service Customer Dealers in particular territories, such as Stuart LaBauve.

23. **"Identify"** means the following:

    a. With respect to an individual, to state that individual's full name, present or last known address and telephone number, present or last known position and business affiliation, and position and business affiliation at the time in question.

    b. With respect to a corporation or other business or commercial organization, to state its full name and the present or last known address of its main office(s).

    c. With respect to a document, to state the date of its preparation, the author, the type of document (e.g., letter, memorandum, email, diary, tape recording), its present or last known location and custodian, and a description of its subject matter and contents.

    d. With respect to a communication, to state its date, the parties thereto, its substance, place and approximate time, whether the communication was oral or written, the identity of all persons in whose presence the communication occurred, and a description of its subject matter and contents.

    e. With respect to an amount, the actual monetary amount as well as to describe the basis for that amount, including but not limited to supporting communications and documents.

    f. With respect to any discussion(s), the date of each discussion, the participants in the discussion, the subject matter of the discussion, the statements attributed to each participant and any documents or communications relating to the discussion.

24.  "**Explain**" means provide the reasoning for the action identified in the subject interrogatory.

25.  "**Describe**" means provide the full details regarding the subject matter of the interrogatory.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Please admit that substantially the same Floorplan Agreement was used for all of NextGear's Customer Dealers between November 2007 and the present.

### REQUEST FOR ADMISSION NO. 2:

Please admit that substantially the same Floorplan Agreement was used for all of NextGear's Customer Dealers between November 2007 and the time of the merger of NextGear with Manheim.

### REQUEST FOR ADMISSION NO. 3:

Please admit that with respect to Red Barn, NextGear charged interest and curtailment fees on each Transaction beginning on the Date of the Auction.

### REQUEST FOR ADMISSION NO. 4:

Please admit that with respect to Platinum, NextGear charged interest and curtailment fees on each Transaction beginning on the Date of the Auction.

### REQUEST FOR ADMISSION NO. 5:

Please admit that with respect to Mattingly, NextGear charged interest and curtailment fees on each Transaction beginning on the Date of the Auction.

### REQUEST FOR ADMISSION NO. 6:

Please admit that with respect to Young, NextGear charged interest and curtailment fees on each Transaction beginning on the Date of the Auction.

**REQUEST FOR ADMISSION NO. 7:**

Please admit that with respect to all of the Customer Dealers who utilized a Floorplan Agreement with NextGear between November 2007 and the present, NextGear charged interest and curtailment fees on each Transaction beginning on the Date of the Auction.

**REQUEST FOR ADMISSION NO. 8:**

Please admit that between November 2007 and the present, it was and remains NextGear's practice to remit payments to Auctions for the cost of each vehicle purchased at an Auction by a Customer Dealer utilizing a Floorplan Agreement after NextGear receives the vehicle's title.

**REQUEST FOR ADMISSION NO. 9:**

Please admit that between November 2007 and the present, it was and remains common for NextGear to receive the title for a vehicle purchased at an Auction by a Customer Dealer utilizing a Floorplan Agreement several days or weeks after the Date of the Auction.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that between November 2007 and the present, in the event that a Customer Dealer becomes delinquent in its payments of interest and/or curtailment fees, it was and remains NextGear's practice to Blacklist a Customer Dealer with the Auctions at which the Customer Dealer purchases vehicles.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that between November 2007 and the present, NextGear's Account Executives solicited and continue to solicit Customer Dealers throughout the United States to utilize NextGear's line of credit and enter into a Floorplan Agreement.

### REQUEST FOR ADMISSION NO. 12:

Please admit that between November 2007 and the present, NextGear did not require its Account Executives to notify Customer Dealers that NextGear charges interest and curtailment fees on each Transaction beginning on the Date of the Auction regardless of when the title to the vehicle was received and the payment for the vehicle made by NextGear.

### REQUEST FOR ADMISSION NO. 13:

Please admit that between November 2007 and the present, NextGear did not provide its Customer Dealers with written notice of the interest rate charged under the Floorplan Agreement.

### REQUEST FOR ADMISSION NO. 14:

Please admit that NextGear keeps an electronic database, electronic directory, or other electronic documents or files containing names, addresses, and contact information for all of its Customer Dealers.

### REQUEST FOR ADMISSION NO. 15:

Please admit that NextGear electronically debited the Customer Dealers' bank accounts for interest and curtailment fees charged in connection with the Floorplan Agreements.

## INTERROGATORIES

### INTERROGATORY NO. 1:

If more than one version of the Floorplan Agreement was used by NextGear between November 2007 and the present, please identify and describe every template, version, or iteration of the Floorplan Agreement used during that time, including in Your description the dates and locations such Floorplan Agreement was used, the date and manner of any revisions or changes to the document, and the persons responsible for authorizing the changes to the Floorplan Agreement.

**INTERROGATORY NO. 2:**

Please identify NextGear's interest rate(s) applicable to Floorplan Agreements between November 2007 and the present, including each interest rate and the time frame during which each interest rate was used.

**INTERROGATORY NO. 3:**

Please identify the specific website or publication, if any, at or in which the NextGear interest rate(s) is, are, was, or were published between November 2007 and the present.

**INTERROGATORY NO. 4:**

Please identify by name and mailing address every resident, individual, company, and/or other entity in the United States that entered into a Floorplan Agreement with Next Gear/DSC between November 2007 and the present.

**INTERROGATORY NO. 5:**

Please identify the names and addresses of each and every Auction through which Customer Dealers of NextGear purchased vehicles utilizing Floorplan Agreements at any time between November 2007 and the present.

**INTERROGATORY NO. 6:**

Please identify NextGear's officer(s), director(s), or employees who, at any time between November 2007 and the present, were responsible for tasks related to the interest and curtailment fees charged to Customer Dealers, including but not limited to drafting, approving, and/or implementing NextGear's policies regarding interest and curtailment fees, identifying the amounts of interest and curtailment fees to be charged to a particular Customer Dealer, overseeing the charging of interest and curtailment fees to Customer Dealers, and/or ensuring the accuracy of interest and curtailment fees charged to Customer Dealers.

**INTERROGATORY NO. 7:**

Please identify all Transactions NextGear entered into with the following Customer Dealers:

    A.    Red Barn;

    B.    Platinum;

    C.    Mattingly; and

    D.    Young.

**INTERROGATORY NO. 8:**

Please identify the amount of interest and curtailment fees charged by NextGear, including the Date of Advance, the identity of the vehicle for which NextGear advanced sums, and the date interest was first charged, for the following Customer Dealers:

    A.    Red Barn;

    B.    Platinum;

    C.    Mattingly; and

    D.    Young.

**INTERROGATORY NO. 9:**

Please identify all documents that You may use at a class certification hearing in this matter.

**INTERROGATORY NO. 10:**

Please identify by name and title all persons that You may call as a witness at a class certification hearing of this matter.

**INTERROGATORY NO. 11:**

If Your response to any of the above Requests for Admission is anything other than an unqualified admission, please state with specificity the grounds for Your response.

**INTERROGATORY NO. 12:**

If You state in any of Your responses to the below Requests for Production that certain documents are not in the possession or control of NextGear, please identify the party or parties who have possession of control of those documents.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all templates, versions, and/or iterations of the Floorplan Agreement used by NextGear with its Customer Dealers between November 2007 and the present, including any exhibits, addendums, amendments, and revisions thereto.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents listing any and all residents, individuals, companies, and/or other entities in the United States that contracted with Next Gear as Customer Dealers at any time between November 2007 and the present.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents referencing NextGear's published interest rate and/or evidencing the publication of the NextGear interest rate at any time between November 2007 and the present.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of any and all documents that are referred to in the used car industry and by the Auctions as the Blacklist and are dated or were in effect between November 2007 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all contracts entered into by NextGear with any other party and in effect between November 2007 and the present that relate to the payment of funds to Auctions for vehicles purchased under a Floorplan Agreement.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all written policies of NextGear and in effect between November 2007 and the present that relate to the payment of funds to Auctions for vehicles purchased under a Floorplan Agreement.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all written policies of NextGear in effect between November 2007 and the present that relate to the charging of interest and curtailment fees by NextGear to its Customer Dealers for vehicles purchased under a Floorplan Agreement, including but not limited to any policies that relate to the electronic debiting of interest and fees from Customer Dealers' bank accounts.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all documents relating to any advertising or solicitation materials that NextGear produced, distributed, or gave to Customer Dealers regarding the Floorplan Agreements between November 2007 and the present.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all Documents showing the corporate, contractual and legal relationship between any of the following: Cox Enterprises, Inc., Cox Automotive, Inc., Nextgear Capital, Inc., Dealer Services Corporation, Manheim Automotive Financial Services, Inc., and John Wick.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all documents relating to any profit incentives, bonus plan, and/or sales incentives, for any employee, officer, or director's performance that refer to or relate to NextGear's Floorplan Agreements from 2007 to present.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all documents relating to the due diligence performed when Nextgear Capital, Inc. merged with Dealer Services Corporation and/or Manheim Automotive Financial Services, Inc., including, but not limited to: financial forecasts; interest rates charged; customer list verifications, Customer Dealer contracts, default lists, all outstanding Advances due under the Floorplan Agreements, and the date interest payments would be charged to Customer Dealers under those Floorplan Agreements.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents relating to all Transactions for the following Customer Dealers from 2007 to the present:

A. Red Barn;

B. Platinum;

C. Mattingly; and

D. Young.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents relating to all interest and curtailment fees charged by NextGear, including, but not limited to, documents showing the Date of Advance, the identity of the vehicle for which NextGear advanced sums, and the date interest was first charged, for the following Customer Dealers:

14

    A. Red Barn;

    B. Platinum;

    C. Mattingly; and

    D. Young.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all account documents and file materials, including, but not limited to, account statements, underwriting files, auction house files, any copies of vehicle titles, and all records showing the dates on which funds were transferred to an Auction, for the following Customer Dealers:

    A. Red Barn

    B. Platinum;

    C. Mattingly; and

    D. Young.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all communications and documents between You and:

    A. Red Barn

    B. Platinum;

    C. Mattingly; and

    D. Young.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all communications and documents between or among You and Cox Enterprises, Cox Automotive, Mr. Wick, and/or any third parties, including but not limited to the Auctions, relating to or referring in any manner to any of the following named Customer Dealers:

A. Red Barn

B. Platinum;

C. Mattingly; and

D. Young.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all Your internal communications and documents relating to any of the following named Customer Dealers:

A. Red Barn

B. Platinum;

C. Mattingly; and

D. Young.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce an account history for every resident, individual, company, and/or other entity identified in Your response to Interrogatory No. 4.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all lists of NextGear Account Executives employed in the United States between November 2007 and the present.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any and all organizational charts for NextGear for November 2007 through the present.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents reviewed and/or relied upon in responding to the above Requests for Admission, Interrogatories, and Requests for Production of Documents.

Respectfully submitted,

*/s/ Kerry A. Murphy*

Gladstone N. Jones (La. Bar #22221) (*pro hac vice*)
Lynn E. Swanson (La. Bar #22650) (*pro hac vice*)
Kerry A. Murphy (La. Bar #31382) (*pro hac vice*)
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

James M. Garner (La. Bar #19589) (*pro hac vice*)
Ryan D. Adams (La. Bar #27931) (*pro hac vice*)
Matthew M. Coman (#23613) (*pro hac vice*)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street
Suite 2800
New Orleans, Louisiana 70112
Telphone: (504) 299-2100
Facsimile: (504) 299-2300

and

Cassie E. Felder (La. Bar #27805) (*pro hac vice*)
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
9311 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70810
Telephone: (225) 291-1990
Facsimile: (504) 3109195

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on the 25th day of March, 2016, served a copy of the foregoing discovery requests on all counsel of record via electronic mail and U.S. mail.

David J. Jurkiewicz
Paul D. Vink
Stephen D. Groth
**Bose, McKinney & Evans, L.L.P.**
djurkiewicz@boselaw.com, pvink@boselaw.com, sgroth@boselaw.com

_____
Kerry A. Murphy