UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | |
| **YOUNG EXECUTIVE MANAGEMENT** | * | |
| **& CONSULTING SERVICES, INC.,** | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated | * | |
| | * | |
| v. | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION,** successor by merger | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and **JOHN WICK** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**JOINT REVISED
PROPOSED CASE MANAGEMENT PLAN[1]**

**I.    Parties and Representatives**

    A.    **PLAINTIFFS**:
            **RED BARN MOTORS, INC.**
            **PLATINUM MOTORS, INC.**
            **MATTINGLY AUTO SALES, INC.**
            **YOUNG EXECUTIVE MANAGEMENT
            & CONSULTING SERVICES, INC.**, Individually, and on behalf of other
            members of the general public similarly situated

            **DEFENDANTS**:
            **COX ENTERPRISES, INC.**
            **COX AUTOMOTIVE, INC.**

---

[1]    This Joint Revised Proposed Case Management Plan is being filed pursuant to the Court's Order dated March 1, 2016. *See* Rec. Doc. No. 113. The dates and deadlines reflected herein are also set forth in chart form for the Court's and the parties' convenience in **Exhibit A** hereto.

        **NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION successor by merger with Manheim Automotive Financial Services, Inc.**
**JOHN WICK**

B.    **PLAINTIFFS' COUNSEL:**
      CASSIE E. FELDER (La. Bar No. 27805)
      **LUGENBUHL, WHEATON, PECK,**
      **RANKIN & HUBBARD**
      9311 Bluebonnet Blvd., Suite A
      Baton Rouge, Louisiana 70810
      Telephone: (225) 291-1990
      Facsimile: (504) 3109195
      cfelder@lawla.com

      JAMES M. GARNER (La. Bar No. 19589)
      RYAN D. ADAMS (La. Bar No. 27931)
      MATTHEW M. COMAN (La. Bar No. 23613)
      **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
      909 Poydras Street, Suite 2800
      New Orleans, Louisiana 70112
      Telephone: (504) 299-2100
      Facsimile: (504) 299-2300
      jgarner@shergarner.com
      radams@shergarner.com
      mcoman@shergarner.com

      GLADSTONE N. JONES, III (La. Bar No. 22221)
      LYNN E. SWANSON (La. Bar No. 22650)
      KERRY A. MURPHY (La. Bar No. 31382)
      **JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
      601 Poydras Street, Suite 2655
      New Orleans, Louisiana 70130
      Telephone: (504) 523-2500
      Facsimile: (504) 523-2508
      gjones@jonesswanson.com
      lswanson@jonesswanson.com
      kmurphy@jonesswanson.com

      **DEFENDANTS' COUNSEL:**
      DAVID J. JURKIEWICZ
      PAUL D. VINK
      STEVEN D. GROTH
      BOSE MCKINNEY & EVANS, LLP
      111 Monument Circle, Suite 2700
      Indianapolis, Indiana 46204
      (317) 684-5000

        (317) 684-5173 fax
sgroth@boselaw.com
djurkiewicz@boselaw.com
pvink@boselaw.com

**II.**    **Jurisdiction and Statement of Claims**

    A.    Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) as the matter involves a federal question. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted by the Red Barn Plaintiffs and others similarly situated. Plaintiffs allege that this Court has personal jurisdiction over the Defendants because the Defendants conduct substantial business in this District, and some of the actions giving rise to the Amended Complaint took place in this District.

    B.    Defendants dispute that this Court has personal jurisdiction over Cox Enterprises, Inc. and Cox Automotive, Inc.

    C.    Plaintiffs assert Class Action allegations pursuant to Fed. R. Civ. P. 23 against the Defendants that include: Count 1, substantive RICO violation pursuant to 18 U.S.C. § 1962(c); Count 2, conspiracy to violate RICO pursuant to 18 U.S.C. § 1962(d); Count 3, breach of contract; Count 4, constructive fraud; Count 5, tortious interference with business relationships; and Count 6, unjust enrichment. As explained and alleged in more detail in the Amended Complaint (Rec. Doc. No. 117), the Defendants devised a scheme and artifice to defraud the Red Barn Plaintiffs and others similarly situated, and to obtain money and property by means of false and fraudulent pretenses and representations by charging "interest" to the Red Barn Plaintiffs and others similarly situated, on money not lent from NextGear/DSC to the Red Barn Plaintiffs and others similarly situated.

    D.    Defendants deny each of the allegations made by Plaintiffs and specifically deny that they engaged in a RICO enterprise, breached their contracts, defrauded Plaintiffs, tortiously interfered with Plaintiffs' business relationships, or were unjustly enriched. Defendants further deny that class treatment is appropriate in this case.

    E.    Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**III.**    **Pretrial Pleadings and Disclosures**

    A.    Plaintiffs' position is that the parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 8, 2016**. Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different

deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions. However, Plaintiffs' position is that nothing in this CMP prohibits the parties from conducting discovery prior to this deadline.

Defendants' position is that initial disclosures, along with other discovery, should be stayed pending the Court's ruling of the motion to dismiss that Defendants will file on or before April 15, 2016. Defendants have filed a separate motion to stay discovery setting forth the arguments supporting a stay. Plaintiffs plan to file an opposition to the Defendants' motion for stay based on the proximity of the May 8, 2017 trial date and the need to timely complete discovery in light of this Court's Order dated March 1, 2016, which states, in pertinent part, "Because of the age of this case, parties should anticipate no further continuances of the trial date." *See* Rec. Doc. No. 113.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **September 15, 2016.**

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **October 15, 2016.**

D. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **September 30, 2016.** Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand (by **October 31, 2016**).

F. Plaintiffs shall file their motion for class certification by **October 3, 2016**. Defendants shall file their response to the motion for class certification by **November 3, 2016** or no later than **thirty (30) days** after Plaintiffs file their motion, whichever is earlier. Plaintiffs shall file their reply brief in support of class certification by **November 21, 2016** or no later than **(15) days** after Defendants file their response, whichever is earlier.

F. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 10, 2017.** Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 10, 2017** [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **February 11, 2017.**

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If

such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **March 8, 2017**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.  All parties shall file and serve their final witness and exhibit lists on or before **March 15, 2017.** This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at <u>www.insd.uscourts.gov/Judges/CMP_info.htm</u>.)

Plaintiffs do expect to seek production of a substantial volume of ESI. Because the parties need time to confer with their respective clients and one another regarding ESI issues (such as the types of documents sought, the format in which documents and information are available, and the volume of ESI in each party's possession), the parties request an additional 45 days in which to submit the ESI Supplement.

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document

5

be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.    Discovery[2] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

At this stage, Plaintiffs do not believe that this case is appropriate for adjudication on a motion for summary judgment. However, Plaintiffs reserve the right to seek summary judgment based upon discovery in this matter.

Defendants anticipate filing a motion to dismiss and, if necessary, a motion for summary judgment. Based on the information currently available to Defendants, it appears that some or all of the named Plaintiffs' claims may be barred by the statute of limitations. The Court may also need to determine, among other things, whether

---

[2]    The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Plaintiffs have stated a valid claim for relief based on the allegations in the Amended Complaint, whether Plaintiffs' contracts have been breached as a matter of law, whether Defendants were justified in their actions towards Plaintiffs, and whether Plaintiffs' status as judgment debtors of Defendants or dissolved entities bars or limits their claims.

B.   Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_____ Track 2: Dispositive motions are expected and shall be filed by _____ [no later than 12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by _____[no later than 7-10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by _____[no later than 12-16 months from Anchor Date].  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date].  [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

\_\_\_X\_\_\_ Track 4: Dispositive motions shall be filed **by January 16, 2017**; non-expert discovery shall be completed by **December 20, 2016**; expert witness discovery shall be completed by **March 1, 2017**.  [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

Due to the fact that this case was recently amended to include class action allegations and numerous new substantive claims, Plaintiffs respectfully submit that the additional flexibility afforded by Track 4 is more appropriate to the needs and requirements of this case.  Defendants agree that Track 4 is appropriate.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference on October 19, 2016 (pursuant to Rec. Doc. No. 115).**

VI. **Trial Date**

Trial will begin on **May 8, 2017**, and is anticipated to take **10 days.** Plaintiffs have made a jury demand and seek a trial by jury. Defendants object to that demand and intend to move to strike Plaintiffs' jury demand based on the waiver of a jury trial in the floor plan agreements each Plaintiff executed.

VII. **Referral to Magistrate Judge**

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, as Defendants contend is the case here, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped

        depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX. <u>Other Matters</u>**

    None.

        Respectfully submitted:

        **<u>PLAINTIFFS' COUNSEL</u>:**

        */s/ Cassie E. Felder*
        CASSIE E. FELDER (La. Bar No. 27805)
        **LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
        9311 Bluebonnet Blvd., Suite A
        Baton Rouge, Louisiana 70810
        Telephone: (225) 291-1990
        Facsimile: (504) 3109195
        cfelder@lawla.com

        */s/ James M. Garner*
        JAMES M. GARNER (La. Bar No. 19589)
        RYAN D. ADAMS (La. Bar No. 27931)
        MATTHEW M. COMAN (La. Bar No. 23613)
        **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
        909 Poydras Street, Suite 2800
        New Orleans, Louisiana 70112
        Telephone: (504) 299-2100
        Facsimile: (504) 299-2300
        jgarner@shergarner.com
        radams@shergarner.com
        mcoman@shergarner.com

        */s/ Kerry A. Murphy*
        GLADSTONE N. JONES, III (La. Bar No. 22221)
        LYNN E. SWANSON (La. Bar No. 22650)
        KERRY A. MURPHY (La. Bar No. 31382)

        **JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
        601 Poydras Street, Suite 2655
        New Orleans, Louisiana 70130
        Telephone: (504) 523-2500
        Facsimile: (504) 523-2508
        gjones@jonesswanson.com
        lswanson@jonesswanson.com
        kmurphy@jonesswanson.com

        **DEFENDANTS' COUNSEL:**

        */s/ Paul D. Vink*
        DAVID J. JURKIEWICZ
        PAUL D. VINK
        STEVEN D. GROTH
        **BOSE MCKINNEY & EVANS, LLP**
        111 Monument Circle, Suite 2700
        Indianapolis, Indiana 46204
        (317) 684-5000
        (317) 684-5173 fax
        sgroth@boselaw.com
        pvink@boselaw.com
        djurkiewicz@boselaw.com

*****************************************************************************

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

     Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

     **Approved and So Ordered.**

_____                _____
Date                                                                       Denise K. LaRue
                                                                           United States Magistrate Judge
                                                                           Southern District of Indiana

Distribution:

CASSIE E. FELDER
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
cfelder@lawla.com

JAMES M. GARNER
RYAN D. ADAMS
MATTHEW M. COMAN
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

GLADSTONE N. JONES, III
LYNN E. SWANSON
KERRY A. MURPHY
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
gjones@jonesswanson.com
lswanson@jonesswanson.com
kmurphy@jonesswanson.com

PAUL D. VINK
DAVID J. JURKIEWICZ
STEVEN D. GROTH
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com
pvink@boselaw.com
sgroth@boselaw.com