UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | |
|---|---|
| **RED BARN MOTORS, INC.,** | * DOCKET NO. 1:14-cv-01589-TWP-DKL |
| **PLATINUM MOTORS, INC.,** | * |
| **MATTINGLY AUTO SALES, INC.,** | * |
| **YOUNG EXECUTIVE MANAGEMENT** | * |
| **& CONSULTING SERVICES, INC.,** | * |
| Individually, and on behalf of other | * |
| members of the general public | * |
| similarly situated | * |
| | * |
| v. | * |
| | * |
| **COX ENTERPRISES, INC.,** | * |
| **COX AUTOMOTIVE, INC.,** | * |
| **NEXTGEAR CAPITAL, INC.,** | * |
| **F/K/A DEALER SERVICES** | * |
| **CORPORATION,** successor by merger | * |
| with Manheim Automotive Financial | * |
| Services, Inc., and **JOHN WICK** | * |

**************************************************************************

### PLAINTIFFS' OPPOSITION TO MOTION TO STAY DISCOVERY PENDIND RULING ON MOTIN TO DISMISS

Comes now, through undersigned counsel, Red Barn Motors, Inc., Platinum Motors, Inc., Mattingly Auto Sales, Inc. and Young Executive Management & Consulting Services, Inc., individually, and on behalf of other members of the general public similarly situated (collectively, "Plaintiffs"), who respectfully oppose Cox Enterprises Inc., Cox Automotive Inc., NextGear Capital, Inc., formally known as Dealer Services Corporation, and John Wick, (collectively, "Defendants") Motion to Stay for the following reasons:

- **A Trial date has been set in this matter for May 8, 2017** and the Court has stated that "[b]ecause of the age of this case, parties should anticipate no further continuances of the trial date." [Doc. 113].

- The case has been pending since 2014 and discovery needs to start to keep an orderly preparation for trial, with a **non-expert discovery deadline set for 11/30/2016** [Doc. 120];

- Defendants offered no affidavit or documentary evidence in support of their Motion to Stay Discovery to prove that the Plaintiffs' discovery would be overly burdensome or expensive; and

- The Plaintiffs made sufficient allegations in support of their claims and dismissal is highly unlikely.

## I.     FACTS.

The suit was originally filed on December 3, 2013 in the United States District Court for the Middle District of Louisiana. That Court transferred the matter this Court by order dated September 30, 2014. On March 25, 2016, Plaintiffs sent its first set of request for Admissions, Interrogatories and Request for Production of Documents to defendant NextGear Capital, Inc. No other discovery has been conducted.

## II.    LAW.

Although Rule 26 gives the Court "authority to stay discovery, this authority must be exercised so as to 'secure the just, speedy and inexpensive determination of every action.'" *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D.Ill.1996) (quoting Fed.R.Civ.P. 1). A stay of discovery is generally appropriate only when a party raises a potentially dispositive threshold issue that attacks a fundamental issue fatal to a complaint (standing, immunity, obvious pleading deficiencies).[1] Courts generally note "one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed,

---

[1] See, e.g., *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 n. 4 (N.D. Ill. 2005) citing *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005)("Throughout his complaint, Moore failed to allege facts remotely sufficient to support the necessary elements, outlined above, for any of his claims.") *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502 (4th Cir.1999)(immunity from foreign worker employment suit).

a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Solomon Realty Co. v. Tim Donut U.S. Ltd.*, 2009 WL 2485992, at *2 (S.D. Ohio 2009).

### A. A Stay Would Disrupt The Scheduling Order And Trial Date.

Motions to stay are "directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) In sum, "[a]lthough stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill." *Coss v. Playtex Prods., LLC*, 2009 WL 1455358, at *1 (N.D. Ill. 2009). Here, not only have comprehensive discovery deadlines been set, but **a trial date has been set in this matter for May 8, 2017.** A stay now would bring the matter to a standstill and disrupt every deadline that has just been submitted to the Court.

### B. Defendants offered no affidavit or documentary evidence in support of their Motion to Stay Discovery.

While Defendants claim that the discovery of the matter would be costly and burdensome, Defendants offered no affidavit or documentary evidence in support of their Motion to Stay Discovery to prove that responding to Plaintiffs' discovery would be overly burdensome or expensive. Such information is required for Defendants to meet its burden that a stay is necessary. See *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613, at *1-3 (N.D. Ill. Feb. 20, 2013)("Defendants ... have [not] demonstrated that they would be burdened by additional discovery ...."). Because the Defendants have offered no evidence to support its claim that the discovery sought would be overly burdensome or expensive, the Defendants failed to meet its burden that a stay is necessary.

### C. The Plaintiffs Made Sufficient Allegations In Support Of Their Claims And Dismissal Is Highly Unlikely.

As set forth above, the mere filing of a Motion to Dismiss (or the threat to do so here) is not enough to mandate a stay of discovery. Here, the Plaintiffs have made numerous claims and causes of action in an extremely detailed and thorough Verified Amended Complaint. While Defendants speculate that no discovery is necessary in order to defeat its Motion to Dismiss, given that the Plaintiffs have not had a chance to review the Motion to Dismiss prior to filing this Opposition, Plaintiffs reserve the right to supplement this pleading.

Respectfully submitted:

**PLAINTIFFS' COUNSEL:**

*/s/ Cassie E. Felder*
CASSIE E. FELDER (La. Bar No. 27805)
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
9311 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70810
Telephone: (225) 291-1990
Facsimile: (504) 3109195
cfelder@lawla.com


*/s/ James M. Garner*
JAMES M. GARNER (La. Bar No. 19589)
RYAN D. ADAMS (La. Bar No. 27931)
MATTHEW M. COMAN (La. Bar No. 23613)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

*/s/ Kerry A. Murphy*
GLADSTONE N. JONES, III (La. Bar No. 22221)
LYNN E. SWANSON (La. Bar No. 22650)
KERRY A. MURPHY (La. Bar No. 31382)

11

**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com
kmurphy@jonesswanson.com