IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., MATTINGLY AUTO SALES, INC., and YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., individually and on behalf of other members of the general public similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br> COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, <br><br>    Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

**MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick respectfully move the Court to dismiss the Amended Complaint filed by Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., Mattingly Auto Sales, Inc., and Young Executive Management & Consulting Services, Inc. In support of their Motion, the defendants show as follows:

1. The Amended Complaint fails to plausibly state claims for relief under Rule 12(b)(6) and does not meet the particularity standard of Rule 9(b).

2. Plaintiffs' civil RICO claim under 18 U.S.C. § 1962(c) must be dismissed because Plaintiffs have failed to allege the following essential elements: (i) that any defendant conducted

1

or participated in the conduct of an enterprise; (ii) that a RICO "enterprise" exists separate from the alleged pattern of racketeering activity; or (iii) that a RICO "enterprise" exists separate from the supposed RICO persons.  This claim is also barred by the statute of limitations.

3. The RICO conspiracy claim under 18 U.S.C. § 1962(d) fails because Plaintiffs have not sufficiently alleged that any of the defendants agreed to participate in an enterprise or conspiracy.

4. Plaintiffs cannot proceed on their breach of contract claim because their allegations and theories of recovery contradict the plain language of the agreements they attach to the Amended Complaint.

5. Plaintiffs' constructive fraud claim fails because NextGear owed no duty to Plaintiffs and Plaintiffs cannot plausibly allege that they relied on any purported misrepresentation or deception.

6. The Amended Complaint fails to state a claim for tortious interference because it does not allege any illegal action performed in connection with the purported interference; because the allegations show that NextGear was justified in its actions; and because the statute of limitations bars Plaintiffs from pursuing this claim.

7. Plaintiffs cannot proceed on their unjust enrichment claim against NextGear when they have pleaded and attached to their Amended Complaint express contracts between themselves and NextGear covering the transactions at issue.  To the extent the Amended Complaint asserts an unjust enrichment claim against the other defendants, which is not entirely clear, it must be dismissed because it contains no plausible allegations that these other defendants were enriched.

8. The claims for violation of civil RICO, RICO conspiracy, breach of contract, constructive fraud, and unjust enrichment brought by Plaintiffs Platinum Motors, Inc., Mattingly Auto Sales, Inc., and Young Executive Management & Consulting Services, Inc. against NextGear are barred by *res judicata*, as those claims should have been raised in prior actions brought by NextGear against these three Plaintiffs and/or their privies.

For all of these reasons, and as more fully set forth in the Brief in Support of Motion to Dismiss Amended Complaint filed contemporaneously herewith, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice.

Respectfully submitted, this 15th day of April, 2016.

/s/ David J. Jurkiewicz
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)

*Attorneys for Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 15th day of April, 2016:

Ryan D. Adams
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
radams@shergarner.com

Lisa Brener
Brener Law Firm, LLC
lbrener@brenerlawfirm.com,tkeller@brenerlawfirm.com

Matthew M. Coman
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
mcoman@shergarner.com
jairey@shergarner.com
ksimcox@shergarner.com
akeller@shergarner.com
jstockstill@shergarner.com

Cassie E. Felder
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
cfelder@lawla.com,kfisher@lawla.com

James M. Garner
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC
jgarner@shergarner.com
jchocheles@shergarner.com
priggs@shergarner.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com
sford@boselaw.com
lcooper@boselaw.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com
clindsey@boselaw.com
mwakefield@boselaw.com

Joshua P. Melder
CASSIE FELDER & ASSOCIATES, LLC
joshua@felderllc.com
kelley@felderllc.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL & GARRISON, LLC
kmurphy@jonesswanson.com
greed@jonesswanson.com
cmason@jonesswanson.com
lreeves@jonesswanson.com
klasky@jonesswanson.com
sjoshua@jonesswanson.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL& GARRISON, LLC
lswanson@jonesswanson.com
greed@jonesswanson.com
cmason@jonesswanson.com
sjoshua@jonesswanson.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com
clindsey@boselaw.com

35495330.1

Gladstone N. Jones
JONES SWANSON HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
greed@jonesswanson.com
cmason@jonesswanson.com
sjoshua@jonesswanson.com

/s/ *David J. Jurkiewicz*
David J. Jurkiewicz

35495330.1