IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., MATTINGLY AUTO SALES, INC., and YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>    Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

## DEFENDANTS' MOTION TO STRIKE JURY DEMAND

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick respectfully move this Court for an order striking Plaintiffs' demand for jury and setting this case for bench trial.  Should the Court not elect to dismiss Plaintiffs' Amended Complaint in its entirety in connection with Defendants' Motion to Dismiss, whatever claims remain may not be heard by a jury.  Plaintiffs have contractually waived their right to a jury in the same agreements relied upon in their Amended Complaint.  The Court should therefore strike the jury demand in that Amended Complaint.  [*See* ECF No. 117 at 1, 40.]

Indiana law, which applies to the enforceability of jury trial waivers as to both state and federal claims, establishes a "very strong presumption of enforceability of contracts that

1

represent the freely bargained agreement of the parties." *Sanford v. Castleton Health Care Ctr., LLC*, 813 N.E.2d 411, 420 (Ind. Ct. App. 2004) (citation omitted); *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991-92 (7th Cir. 2008). (*See also* Am. Compl. Exs. A, C, D, E, at § 21 (providing that Indiana law governs disputes between parties).) Therefore, Indiana courts will generally uphold contractual agreements such as jury trial waivers. *See, e.g.*, *Tender Loving Care Mgmt., Inc. v. Sherls*, 14 N.E.3d 67, 74 (Ind. Ct. App. 2014); *Sanford*, 813 N.E.2d at 420; *1st Source Bank v. Ryan Contracting Co.*, No. 3:07-cv-00589 RM, 2008 WL 2002228, at *3 (N.D. Ind. May 5, 2008); *see also Gurfein v. Sovereign Grp.*, 826 F. Supp. 890, 921 (E.D. Pa. 1993) (enforcing contractual jury waiver against civil RICO claim).

In this case, each Plaintiff, a sophisticated licensed commercial dealer, agreed to the following provision in its floor plan agreement with NextGear:

> DEALER, AFTER CONSULTING OR HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LITIGATION BASED UPON OR ARISING OUT OF THIS NOTE, OR ANY OTHER LOAN DOCUMENT, OR ANY OF THE TRANSACTIONS CONTEMPLATED BY THIS NOTE OR ANY COURSE OF CONDUCT, STATEMENT, WHETHER ORAL OR WRITTEN, OR ACTIONS OF THE DEALER.  THE DEALER SHALL NOT SEEK TO CONSOLIDATE, BY COUNTERCLAIM OR OTHERWISE, ANY ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED.

(Am. Compl. ¶¶ 39, 55, 64, 72 & Exs. A, C, D, E, at § 24 (emphasis in original).) Plaintiffs have expressly relied upon and asserted the binding validity of these floor plan agreements in their own claims. (*See, e.g.*, *id.* at ¶¶ 39-40, 55-56, 64-65, 72-73, 125.)

It is well-settled in Indiana jurisprudence that a party may not seek to enforce certain terms of a contract while simultaneously seeking to disavow other terms in the same contract. *Town of Plainfield v. Paden Eng'g Co.*, 943 N.E.2d 904, 914 (Ind. Ct. App. 2011) ("We are mindful that a party may not 'seek both to bring a claim under a contract and disavow a term

2

therein.'") (citation omitted); *TWH, Inc. v. Binford*, 898 N.E.2d 451, 454 (Ind. Ct. App. 2008) (enforcing arbitration provision because parties "cannot both seek affirmative relief from the transaction and disavow the arbitration provision in the purchase agreement").  As such, Plaintiffs have expressly waived their right to trial by jury on the claims in this matter by means of their contracts with NextGear—contracts they also seek to selectively enforce in this case. Defendants therefore respectfully request that the Court strike the demand for jury trial in the Amended Complaint and order any claims that survive dismissal to be heard in a bench trial.

Respectfully submitted, this 15th day of April, 2016.

/s/  David J. Jurkiewicz
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)

*Attorneys for Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

3

35473186.1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 15th day of April, 2016:

Ryan D. Adams
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
radams@shergarner.com

Lisa Brener
Brener Law Firm, LLC
lbrener@brenerlawfirm.com,tkeller@brenerlawfirm.com

Matthew M. Coman
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
mcoman@shergarner.com
jairey@shergarner.com
ksimcox@shergarner.com
akeller@shergarner.com
jstockstill@shergarner.com

Cassie E. Felder
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
cfelder@lawla.com,kfisher@lawla.com

James M. Garner
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC
jgarner@shergarner.com
jchocheles@shergarner.com
priggs@shergarner.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com
sford@boselaw.com
lcooper@boselaw.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com
clindsey@boselaw.com
mwakefield@boselaw.com

Joshua P. Melder
CASSIE FELDER & ASSOCIATES, LLC
joshua@felderllc.com
kelley@felderllc.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL & GARRISON, LLC
kmurphy@jonesswanson.com
greed@jonesswanson.com
cmason@jonesswanson.com
lreeves@jonesswanson.com
klasky@jonesswanson.com
sjoshua@jonesswanson.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL& GARRISON, LLC
lswanson@jonesswanson.com
greed@jonesswanson.com
cmason@jonesswanson.com
sjoshua@jonesswanson.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com
clindsey@boselaw.com

35473186.1

Gladstone N. Jones
JONES SWANSON HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
greed@jonesswanson.com
cmason@jonesswanson.com
sjoshua@jonesswanson.com

/s/ *David J. Jurkiewicz*
David J. Jurkiewicz

5

35473186.1