IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., MATTINGLY AUTO SALES, INC., and YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>    Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANTS' MOTION TO DISMISS

Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation ("NextGear"), and John Wick (collectively, "Defendants"), by counsel, pursuant to Federal Rule of Civil Procedure 26(b) and (c), respectfully submit the following reply in support of their Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss ("Motion").

**ARGUMENT**

    I.    **Discovery and Rule 26 Disclosures Should Be Stayed Pending a Ruling on the Motion to Dismiss.**

In their Motion, Defendants demonstrated that "good cause" exists under Fed. R. Civ. P. 26(c) to stay discovery pending this Court's ruling on the Motion to Dismiss Amended

1

Complaint [Dkt. 126] ("Motion to Dismiss"), which seeks dismissal of all counts, because (1) the discovery requests do not relate to facts relevant to the legal issues in the Motion to Dismiss, and (2) a short stay of discovery will not prejudice the Plaintiffs and should not impact most case management deadlines or the trial date.  In support of their Motion, Defendants cited to numerous district courts within the Seventh Circuit that have stayed discovery pending a ruling on a motion to dismiss, including several cases from Indiana federal courts.  (*See* Motion at 3-4 (citing cases).)  Indeed, this Court has held, "Courts have long exercised … discretion to stay discovery after a timely filed motion to dismiss…. Following the Supreme Court's recent adoption of a more rigorous pleading standard to spare defendants the costs of discovery into meritless claims, such stays issue with even greater frequency."  *Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 1:09-CV-01236-SEB-JM, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010).

In Plaintiffs' Opposition to Motion to Stay Discovery Pendin[g] Ruling on Moti[o]n to Dismiss ("Response"), Plaintiffs (1) do not cite to a single Indiana district court case in which a motion to stay was denied, and (2) make no effort to distinguish the numerous cases in which a district court within the Seventh Circuit granted a stay of discovery pending a ruling on a motion to dismiss.  In fact, in one of the cases relied upon by Plaintiffs, *Coss v. Playtex Products, LLC*, No. 08 C 50222, 2009 WL 1455358 (N.D. Ill. May 21, 2009), the Court actually **granted** a stay of all document production pending a motion to dismiss while ordering the defendant to answer only two interrogatories.

Plaintiffs' arguments against a stay appear to be two-fold – and both arguments are wrong.  First, Plaintiffs contend that a stay will "disrupt every deadline that has just been submitted to the Court" and cause a continuance of the May 2017 trial date.  (Response at 1-2.)  Plaintiffs are simply incorrect.  As stated in the Motion, the parties' Joint Revised Proposed Case

Management Plan calls for discovery to remain open until December 20, 2016, which should be ample time to complete discovery following a ruling on the Motion to Dismiss, should any portion of the case survive.[1]  The trial date of May 8, 2017 is over a year away, and should not be affected by a 2-3 month delay in discovery at the front end of the case.  A short stay of discovery should not impact the key case management deadlines or trial date.

Second, Plaintiffs are incorrect when they contend that Defendants have failed to show that discovery will be burdensome.  (Response at 3.)  In their Motion, Defendants described in detail the portions of Plaintiffs' discovery requests that were particularly onerous, including the following:

- Information and documents for every version of revolving line of credit contracts used by NextGear (or a predecessor) from November 2007 to the present;

- The name, address, contract, and account history for each of the tens of thousands of car dealers with which NextGear (or a predecessor) contracted from November 2007 to the present;

- The name, address, and contract for each of the hundreds of auction houses with which NextGear (or a predecessor) contracted from November 2007 to the present;

- Copies of each piece of advertising or solicitation for NextGear's (or a predecessor's) services from November 2007 to the present;

- All due diligence documents for NextGear's merger with Dealer Services Corporation and Manheim Automotive Financial Services, Inc.; and

---

[1] Plaintiffs state in their Response that the Joint Revised Proposed Case Management Plan contemplates that non-expert discovery will close November 30, 2016. (Response at 1.) That is incorrect. (*See* Joint Revised Case Management Plan [Dkt. 120] at 7.)

3

- All account documents and communications (internal and external) relating to the four Plaintiffs.

(Motion, at 6-7.)  Defendants attached a copy of Plaintiffs' discovery requests to its Motion so the Court could see for itself the breadth of the requests.  (Motion, Ex. A [Dkt. 119-1].)

NextGear and its predecessors have provided funding to **tens of thousands** of car dealerships throughout the United States over the last nine years.  Plaintiffs seek the names, contracts, account histories, etc. for each and every one of these dealerships, in addition to numerous other voluminous items.  The burden of searching for, copying, reviewing, and producing hundreds of thousands of pages of documents is obvious to anyone familiar with the cost of discovery in litigation.  Saying so under oath in an affidavit adds nothing to the analysis.

Further, there is no requirement that Defendants submit an affidavit to show the burdensomeness of the proposed discovery.  Plaintiffs cite to *New England Carpenters Health & Welfare Fund v. Abbott Laboratories*, No. 12 C 1662, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013), but nothing in that case requires a party to submit affidavit evidence to support a motion to stay.  In *New England Carpenters*, it was impossible to determine if responding to discovery would be overly burdensome because no discovery had been propounded yet.  *Id.* at *3.  Here, on the other hand, Plaintiffs' ***initial*** discovery requests have been served and seek the production of dealer records for tens of thousands of dealers, in addition to other items.  There is no question that massive resources would be needed to respond to those, not to mention any follow-up requests and depositions that proceed prior to a decision on Defendants' Motion to Dismiss all claims.

Importantly, while Plaintiffs quibble with the lack of an affidavit, Plaintiffs do not contest the actual point that discovery ***will*** be very expensive and burdensome given the scope of what

4

they have requested and will request. Nor do Plaintiffs offer to narrow their broad discovery requests such that they are less onerous. Common sense dictates that the parties should not have to spend tens of thousands of dollars on discovery and document production before the Court even determines whether any of that is necessary. Defendants are confident that, at a minimum, the claims, issues, and parties will be narrowed by the motion to dismiss process. Waiting a couple of months to see what portions of the case – if any – survive, will avoid the potentially needless expenditure of time and money responding to discovery. There will be ample time to conduct discovery following the Court's ruling on the Motion to Dismiss should that be necessary.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court stay discovery and Rule 26(a) disclosures in this matter pending the resolution of Defendants' Motion to Dismiss.

Dated: April 22, 2016                                   Respectfully submitted,

/s/ Paul D. Vink
David J. Jurkiewicz
Paul D. Vink
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 22nd day of April, 2016:

>Cassie E. Felder
>LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
>9311 Bluebonnet Boulevard, Suite A
>Baton Rouge, LA  70810
>
>James M. Garner
>Ryan D. Adams
>Matthew M. Coman
>SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
>909 Poydras Street, Suite 2800
>New Orleans, LA 70112
>
>Gladstone N. Jones, III
>Lynn E. Swanson
>Kerry A. Murphy
>JONES, SWANSON, HUDDELL & GARRISON, LLC
>601 Poydras Street, Suite 2655
>New Orleans, LA 70130

>*/s/ Paul D. Vink*
>Paul D. Vink

2983547_1