UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **RED BARN MOTORS, INC.,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | No. 1:14-cv-01589-TWP-DKL |
| vs. ) | |
| ) | |
| **COX ENTERPRISES, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

*Entry on Defendants' Motion to Stay Discovery Pending a Ruling on
Defendants' Motion to Dismiss [doc. 119]*

Defendants have moved to stay discovery pending a ruling on their motion to dismiss. District Judge Tanya Walton Pratt referred the motion to stay discovery to the undersigned. For the following reasons, the motion is denied.

*Background*

Red Barn Motors, Inc. commenced this action on December 3, 2013, in the Middle District of Louisiana. Red Barn had entered into an agreement with Dealer Services Corporation ("DSC") for DSC to finance Red Barn's purchase of vehicles at auction. Red Barn alleged that DSC would not pay the auction house until DSC received the title but would charge interest and fees to Red Barn when it made the purchase, sometimes weeks before funds were transferred to the auction house. Red Barn alleged breach of contract, unjust enrichment, and conversion.

Defendants filed several motions, including a motion to dismiss for failure to state a claim and a motion to transfer the case to this district court. Following briefing and

hearing on the motions, the case was transferred to this district court on September 29, 2014.  Thereafter, the parties filed petitions for writs of mandamus in the United States Court of Appeals for the Fifth Circuit, asking the court to order the district court in Louisiana to vacate its transfer order.  The case was stayed pending ruling from the Fifth Circuit.

On July 20, 2015, the Fifth Circuit denied the petitions for writs of mandamus, and the stay was lifted.  This Court held a status conference in early October 2015, and approved the Case Management Plan as amended, setting deadlines for discovery and dispositive motions, among other deadlines.  In December 2015, the undersigned issued a Report and Recommendation on the motions to dismiss for failure to state a claim filed by Louisiana First Choice Auto Auction, L.L.C., and NextGear Capital, Inc., recommending that both motions be denied.  The district judge adopted the report and recommendation.

Red Barn sought an extension of time within which to file a motion for leave to amend the pleadings or join additional parties, which was granted.  On January 8, 2016, Red Barn filed a motion for leave to file an amended complaint, seeking to add new plaintiffs, new claims, and new defendants. RedBarn and NextGear eventually stipulated that the leave to amend be granted and the undersigned granted Red Barn leave to amend.  The Amended Complaint was filed March 11, 2016. It asserts class action allegations including a substantive RICO violation under 18 U.S.C. § 1962(c); conspiracy to violate RICO, *see* 18 U.S.C. § 1962(d); breach of contract, constructive fraud; tortious

interference with business relationships; and unjust enrichment. Shortly thereafter, Defendants filed their motion to stay discovery.

The parties jointly moved to reset the January 9, 2017, trial date, and the district judge granted their motion. The final pretrial conference is set for April 19, 2017, and a jury trial is to commence on May 8, 2017. The district judge's order advised: "Because of the age of this case, parties should anticipate no further continuances of the trial date." [Doc. 113.]

Under the Joint Revised Proposed Case Management Plan, non-expert discovery shall be completed by December 20, 2016, and the deadline for filing dispositive motions is January 16, 2017. (This Plan was filed on March 31, 2016, and has not yet been approved by the Court.)

Defendants' motion to dismiss for failure to state a claim was filed on April 15, 2016. They contend that the amended complaint fails to plausibly state claims for relief under Rule 12(b)(6) and fails to meet the particularity standard of Rule 9(b), that the RICO claim fails to allege essential elements, that the RICO conspiracy claim fails to sufficiently allege an agreement to participate in an enterprise or conspiracy, and that the other claims also fail. Having been granted an extension of time, Plaintiffs' response is now due May 16, 2016. A reply would be due 7 days after service of the response.

*Discussion*

Defendants seek to stay discovery and Rule 26(a) disclosures pending a ruling by the district judge on their motion to dismiss and motion to strike jury demand. Defendants contend that discovery will not affect the outcome of the motion to dismiss,

that a short stay will promote efficient use of the Court's and parties' resources, and that a brief stay will not prejudice Plaintiffs. Defendants argue that the discovery requests will impose a substantial burden on NextGear, requiring it to expend "dozens and dozens of hours searching for responsive information and documentation while incurring tens of thousands of dollars in legal costs." [*Defs.' Mot. Stay Discovery*, doc. 119 at 7.] They argue that, at the least, the motion to dismiss will narrow the issues in the case, and it may even eliminate the need for discovery altogether by resolving the case in its entirety.

Plaintiffs oppose the motion, arguing that a stay would disrupt the case deadlines and jeopardize the trial setting. They also argue that Defendants failed to provide any affidavit or other evidence to support their motion and that the amended complaint's allegations are sufficient to survive the motion to dismiss.

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). The court may, "for good cause," limit the scope of discovery to "protect a party from … undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Friends of the Parks v. Chi. Park Dist.*, No. 14-cv-9096, 2015 WL 4111312, at *1 (N.D. Ill. Jul. 6, 2015).

Filing a motion to dismiss does not automatically stay discovery, however, and the court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss. *See, e.g.*, *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013). Although such stays are frequently granted, *id.*, a party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case. *Ind. State Police*

*Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). Defendants have not carried this burden.

Defendants seek dismissal of the constructive fraud claim in part on the grounds that the allegations are conclusory and lack particularity. Dismissal for failing to plead fraud with particularity is generally without prejudice and with leave to re-plead. *U.S. ex rel. Robinson v. Ind. Univ. Health, Inc.*, No. 1:13-cv-02009-TWP-MJD, 2015 WL 3961221, at *4 (S.D. Ind. June 30, 2015). Thus, even assuming that Defendants are correct about the insufficiency of the constructive fraud allegations, it seems that Plaintiffs may have the opportunity to amend and the case will continue. As a result, discovery would not necessarily be wasteful and staying discovery would only build in unnecessary delay in resolving this case. *See id.*

In addition, as a general matter, a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such standing, jurisdiction, or qualified immunity. *Id.*, at *7. Defendants' motion to dismiss has not raised such an issue. Thus, even though the motion may raise dispositive legal issues, any likelihood of success on the motion does not justify granting a stay. *Id.*; *see also New England Carpenters Health & Welfare Fund*, 2013 WL 690613, at *2 (noting that until the district court rules on the motion to dismiss, defendant's assertion that its motion has a "high likelihood of success" is "mere speculation").

Furthermore, Defendants have failed to make a showing, with affidavits or other supporting evidence, that the discovery requests would impose a substantial burden on NextGear, requiring it to expend "dozens and dozens of hours searching for responsive

5

information and documentation while incurring tens of thousands of dollars in legal costs." [*Defs.' Mot. Stay Discovery*, doc. 119 at 7.] All that Defendants have offered to support their motion are the unsupported statements of counsel in briefs. This is insufficient. *See U.S. ex rel. Robinson*, 2015 WL 3961221, at *5 (indicating that a showing of undue burden "typically requires affidavits or other evidence supporting a party's assertions of burden"); *New England Carpenters Health & Welfare Fund*, 2013 WL 690613, at *3 ("[Defendant] provides no clear showing of its burden or cost with any anticipated discovery. Therefore, Defendants' motion to stay discovery is denied.") (citation omitted).

Moreover, the undersigned has to consider the prejudice to the judicial system as a whole and the prejudice to Plaintiffs from a stay of discovery. *U.S. ex rel. Robinson*, 2015 WL 3961221, at *4 & *6 ("District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously[.]"); *New England Carpenters Health & Welfare Fund*, 2013 WL 690613, at *2 (noting that courts disfavor stays of discovery "because they bring resolution of the dispute to a standstill" (quotation and citation omitted)). This case was filed in late 2013 and transferred here in 2014. Despite the length of time the case has been pending, little progress has been made; an amended complaint was filed not long ago, adding new parties and new claims. And under the Joint Revised Proposed Case Management Plan, non-expert discovery would close on December 20, 2016, and dispositive motions would be due January 16, 2017. This case is set for trial on May 8, 2017, with a final pretrial conference on April 19, 2017. The district judge has stated that "[b]ecause of the age of

6

this case, parties should anticipate no further continuances of the trial date." Even a short stay of discovery would seem to jeopardize the case management deadlines and trial setting.

For all these reasons, the undersigned finds that Defendants have not shown that this is a case in which the Court should exercise its discretion and stay discovery.

*Conclusion*

For the foregoing reasons, *Defendants' Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss* [doc. 119] is **DENIED**.

**So Ordered:** 05/02/2016

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record