## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### (Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **YOUNG EXECUTIVE MANAGEMENT** | * | **Jury Trial Demanded** |
| **& CONSULTING SERVICES, INC.,** | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated | * | |
| | * | |
| **v.** | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| **with Manheim Automotive Financial** | * | |
| **Services, Inc., and JOHN WICK** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFFS' SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Plaintiffs respectfully submit this Surreply Memorandum to address an issue raised by the Reply Memorandum filed by Defendants in support of their Motion to Dismiss (R. Doc. 136) ("Reply"). In Defendants' Reply, based largely on their own interpretation of undefined terms and ignoring contractual provisions that do not support their arguments, Defendants urge this Court to interpret disputed contractual provisions, which is not appropriate at the 12(b)(6) stage.

While Defendants claim the contract's plain language allowed interest to be charged from the date of the auction, they fail to identify any contractual language to that effect, and their arguments on reply instead suggest that there are several ambiguities in the contract relating to that issue. Defendants argue that certain contractual provisions govern when interest could be charged,

and they offer interpretations of contractual terms like "Advances" and "Liabilities." Moreover, Defendants insist that the Court adopt those interpretations, even though they rely on terms such as "loan" and "financial obligations" that are not defined in the contract. *See* Reply, pp. 2-3. Whether these terms or other contractual provisions allowed NextGear to charge interest on money not lent, however, is highly disputed. To the extent the Court finds the contract ambiguous on this central issue, interpretation of the disputed provisions is not appropriate on a 12(b)(6) motion.[1]

For the first time on reply, Defendants offer their own interpretation of the word "loan" (used in the definition of "Advance") to support their argument that "… an Advance is made and a Liability is incurred on the date a dealer purchases a vehicle using a NextGear floor plan." Reply, p. 3. Defendants argue that while the contract does not define "loan," the Black's Law Dictionary definition of that term includes not only the payment of money but an agreement to pay money, and NextGear promised to pay the third party auctions as of the date of an action. *Id*. This argument relies upon evidence outside the scope of the Complaint—NextGear's agreements with the auctions. Moreover, even if Defendants' attenuated interpretation of the word "loan" as used in the contract were reasonable, another reasonable interpretation is that NextGear did not make a

---

[1] *See, e.g., Beke v. Amica Gen. Agency Inc.,* 2014 WL 6066122, at *3-4 (N.D. Ind. Nov. 10, 2014); *Rego-Fix AG v. Techniks, Inc.*, 2011 WL 471370, at *2-3 (S.D. Ind. Feb. 2, 2011); *Ray Skillman Oldsmobile & GMC Truck, Inc. v. Gen. Motors Corp*., 2006 WL 694561, at *4 (S.D. Ind. Mar. 14, 2006); *Best Flooring, Inc. v. M & I Marshall & Ilsley Bank*, 2012 WL 3242111, at *4 (S.D. Ind. July 20, 2012), report and recommendation adopted, 2012 WL 3236267 (S.D. Ind. Aug. 7, 2012); *Christie Clinic, P.C. v. Multiplan, Inc*., 2008 WL 4615435, at *7-8 (C.D. Ill. Oct. 15, 2008). In each of these cases, the court declined to engage in contractual interpretation that would require it "to go further than making a simple review of an unambiguous contract" for purposes of deciding a 12(b)(6) Motion. *Rego-Fix AG*, 2011 WL 471370, at *3. Because discovery may shed light on facts and issues relevant to contract interpretation, dismissal at the Rule 12(b)(6) stage would be unnecessarily rigid. *Best Flooring, Inc.,* 2012 WL 3242111, at *4.

loan to a dealer until it actually paid money on the dealer's behalf.[2] Due to these differing interpretations of the term "loan" (and thus, "Advance"), those terms are disputed and the contract could be viewed as ambiguous with respect to when interest could properly be charged.[3] Interpretation of these disputed contractual provisions is not proper at this stage.[4]

Further, Defendants' argument that "an Advance is made and a Liability is incurred on the date a dealer purchases a vehicle using a NextGear floor plan" (Reply, p. 3) ignores numerous provisions of the contract that contradict that interpretation by making clear that NextGear has the right to refuse to make an Advance. For example, Paragraph 5(a) states that the "decision to make an Advance to Dealer is the exclusive right of DSC, and Dealer understands that DSC may refuse to make an Advance at any time, with or without prior notice to Dealer or any guarantors of such decision…" NextGear's right to refuse to make a payment on a dealer's behalf belies the argument that NextGear was "financially obligated" to make a payment on the auction date. Further, the suggestion that Plaintiffs only dispute the interpretation of the term "Advance" (*see* Reply, p. 3) is incorrect. The parties have a fundamental disagreement as to the interpretation of the contract as a whole and whether it permits charging interest before money was lent, and Plaintiffs certainly dispute Defendants' interpretations of the terms "Liabilities" and "financial obligations" as used in the contract. The term "financial

---

[2] Indeed, the Cambridge Free English Dictionary defines "loan" as "an act of lending something, esp. a sum of money that that has to be paid back with interest (= an additional amount of money that is a percentage of the amount borrowed), or an amount of money that has been lent." *See* http://dictionary.cambridge.org/us/dictionary/english/.

[3] *See Dant v. Midwest Rental & Supply, Inc.,* 2014 WL 4250346, at *3 (S.D. Ind. Aug. 27, 2014) (citing *Pepsi–Cola v. Steak 'N Shake, Inc.,* 981 F.Supp. 1149, 1156 (S.D. Ind. 1997)) ("A contract is ambiguous if "a reasonable person could find that it is susceptible to more than one interpretation.").

[4] *See* n. 2, *supra,* and cases cited therein.

obligations" is not defined in the contract, and that term (along with "Liabilities" which includes such obligations) is susceptible to more than one interpretation. Even if Defendants' interpretation of "financial obligations" as arising on the date of the auction were reasonable, another reasonable interpretation is that financial obligations only arose when NextGear lent money to a dealer.[5]

Defendants' attempts to assert which contractual provisions control without the benefit of the full facts developed in discovery, and their insistence on what those contractual provisions mean, is inappropriate on the (12)(b)(6) motion. *See, e.g., Beke,* 2014 WL 6066122, at *4. The contractual interpretation offered by Defendants is "premature." *Id.* For these reasons, and those set forth in Plaintiffs' opposition, Defendants' motion to dismiss should be denied in its entirety.

Respectfully submitted,

*/s/ Kerry A. Murphy*_____
GLADSTONE N. JONES, III (La. Bar No. 22221) (*pro hac vice*)
LYNN E. SWANSON (La. Bar No. 22650) (*pro hac vice*)
KERRY A. MURPHY (La. Bar No. 31382) (*pro hac vice*)
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com
kmurphy@jonesswanson.com

JAMES M. GARNER (La. Bar No. 19589) (*pro hac vice*)
RYAN D. ADAMS (La. Bar No. 27931) (*pro hac vice*)
MATTHEW M. COMAN (La. Bar No. 23613) (*pro hac vice*)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100

---

[5] For example, the Cambridge Free English Dictionary defines "financial obligations" as "money that a person or company owes and must pay at a particular time."

       Facsimile: (504) 299-2300
       jgarner@shergarner.com
       radams@shergarner.com
       mcoman@shergarner.com

       CASSIE E. FELDER (La. Bar No. 27805) (*pro hac vice*)
       **LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
       9311 Bluebonnet Blvd., Suite A
       Baton Rouge, Louisiana 70810
       Telephone: (225) 291-1990
       Facsimile: (504) 3109195
       cfelder@felderllc.com

       And

       Kathleen A. DeLaney (#18604-49)
       **DELANEY & DELANEY LLC**
       3646 North Washington Blvd.
       Indianapolis, IN 46205
       Telephone: (317) 920-0400
       Facsimile: (317) 0404
       Kathleen@delaneylaw.net

       **COUNSEL FOR PLAINTIFFS AND THE PROPOSED CLASS**

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 3rd day of June, 2016, served a copy of the foregoing upon all counsel of record by CM/ECF filing.

                                                     ___*/s/ Kerry A. Murphy*_____