IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., MATTINGLY AUTO SALES, INC., and YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., individually and on behalf of other members of the general public similarly situated, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:14-cv-01589-TWP-DKL |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM ON MOTION TO DISMISS

Plaintiffs' motion to file a sur-reply brief [Doc. 137] is a transparent attempt to confuse the issues before the Court in the hopes of surviving dismissal of their fatally flawed Amended Complaint. Because the sur-reply lacks procedural and substantive merit, the motion for leave should be denied.

Importantly, Plaintiffs' proposed sur-reply does not respond to new arguments raised in Defendants' reply briefing. To the contrary, Defendants have argued since their opening brief that "Plaintiffs' allegations and theories of recovery contradict the plain language of their agreements" [Doc. 127, at 22-23], which agreements were attached to and incorporated into Plaintiffs' operative pleading [Doc. 117, at ¶¶ 39, 55, 64, 72 & Exs. A, C, D, E]. In opposition to

1

this argument, Plaintiffs themselves analyzed the meaning of the term "Advance" as used in those floor plan agreements. Plaintiffs alternatively, if not inconsistently, argued that the floor plan agreement was ambiguous. [Doc. 135, at 12-16.] In direct reply to the arguments made by Plaintiffs, Defendants further discussed the plain language of the agreements, including the defined terms "Liabilities" and "Advance" and the categories of obligations *expressly* included in those terms, while referring the Court to related authority. Defendants added no factual or legal arguments extraneous to the agreements or Plaintiffs' own allegations. [*See* Doc. 136, at 2-6.] Merely citing additional legal authority in reply to Plaintiffs' own arguments in opposition does not provide grounds for further briefing. Plaintiffs have had a full opportunity to address the plain terms of the contracts, and their failure to do so in compelling fashion does not create a need for a sur-reply brief nowhere contemplated in the Local Rules for the Southern District of Indiana.

     Further, and notwithstanding Plaintiffs' bald argument to the contrary, this Court may certainly consider and interpret the plain meaning of a contract attached to the Amended Complaint on a motion to dismiss. *See Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598, 601 n.1 (7th Cir. 2014). That Defendants dispute the meaning of defined or ordinary terms does not convert the interpretation of those terms into a "dispute of fact," requiring course of conduct or other parol evidence; nor does it render the terms ambiguous. *Peterbilt of Ind., Inc. v. Util. Trailers of Indianapolis, Inc.*, No. 1:12-CV-769-JMS-DKL, 2013 WL 2637250, at *4 (S.D. Ind. June 12, 2013) ("An ambiguity does not arise simply because the parties disagree on the interpretation."). The motion to dismiss and reply take Plaintiffs' dubious factual allegations as stated. As such, the Court can and should interpret the plain language of the admitted contracts where that language is dispositive of Plaintiffs' pled claims.

36362875.4

In short, Plaintiffs' proposed sur-reply memorandum is neither procedurally permitted nor legally accurate. The arguments in Defendants' reply brief are nothing more than a continuation of the contract-based arguments made in the opening Motion to Dismiss, and are in direct response to arguments made in Plaintiffs' opposition brief. The Court should therefore deny Plaintiffs' motion for leave to file a sur-reply memorandum.

Respectfully submitted, this 9th day of June, 2016.

    *s/ David J. Jurkiewicz*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)

*Attorneys for Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

36362875.4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 9th day of June, 2016:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, LLC<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com<br>ksimcox@shergarner.com<br>akeller@shergarner.com<br>jstockstill@shergarner.com<br>jchocheles@shergarner.com<br>priggs@shergarner.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>Kerry A. Murphy<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com<br>greed@jonesswanson.com<br>cmason@jonesswanson.com<br>sjoshua@jonesswanson.com<br>kmurphy@jonesswanson.com<br>lreeves@jonesswanson.com<br>klasky@jonesswanson.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK,<br>RANKIN & HUBBARD<br>cfelder@lawla.com<br>kfisher@lawla.com | Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net |
| Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com<br>tkeller@brenerlawfirm.com | |

          *s/ David J. Jurkiewicz*
          David J. Jurkiewicz