B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT  Western District of Kentucky | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Barry Wayne Mattingly and Edawn Denise Mattingly | Case Number: 13-33839-lal | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
NextGear Capital, Inc.

Name and address where notices should be sent:
Gary M. Hoke, Senior Litigation Counsel
1320 City Center Drive, Suite 100
Carmel, IN 46032

Telephone number: (317) 571-3849    email: ghoke@nextgearcapital.com

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:**   $ 59,879.73

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Judgment
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** ▮▮▮▮

3a. Debtor may have scheduled account as:
Dealer Services Corporation
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _
(See instruction #3b)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate ____ %  ☐ Fixed   or   ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: _____

Amount of Secured Claim:   $ 0.00
Amount Unsecured:   $ 59,879.73

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$ 0.00

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)                                                                                             2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                         (Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:    Gary M. Hoke
Title:         Senior Litigation Counsel
Company:       NextGear Capital, Inc.
Address and telephone number (if different from notice address above):                    (Signature)                    12/13/13
                                                                                                                          (Date)

Telephone number:              email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Confidential                                                                                                        NG_008890

Debtor: **BARRY WAYNE MATTINGLY**
**EDAWN DENISE MATTINGLY**
Case No.: 13-33839-jal

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

### ATTACHMENT TO PROOF OF CLAIM OF NEXTGEAR CAPITAL, INC.

1. Description and Nature of Claim

NextGear Capital, Inc. ("NextGear Capital") is filing this Proof of Claim for prepetition amounts owed to NextGear Capital from Barry Wayne Mattingly (the "Debtor") pursuant to a judgment for breach of guaranty obtained by NextGear Capital against the Debtor on June 6, 2013 (the "Judgment"). A true and accurate copy of the Judgment is attached to this Proof of Claim and incorporated herein as Exhibit A.

The Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on September 7, 2013 (the "Petition Date"). The Debtor made no payments towards the Judgment between the date the Judgment was entered and the Petition Date. As of the Petition Date, the amount due and owing to NextGear Capital under the Judgment, including post-judgment, prepetition interest at the Indiana statutory rate of 8% per annum, totaled $59,879.73. This figure is calculated as follows:

|  |  |  |  | |
|---|---|---|---|---|
|  | **Original Judgment Amount** |  | $ | 58,432.52 |
| Interest accrued | 6/6/2013 to | 9/27/2013 | $ | 1,447.21 |
|  |  | **Judgment Balance** | $ | 59,879.73 |

2. Reservations of Rights and Defenses

By filing this Claim, NextGear Capital does not waive its right to seek further relief from the Bankruptcy Court for other pre-petition or post-petition amounts, including, without limitation, attorneys' fees, additional fees, costs, expenses and penalties, and any other amounts which were incurred, accrued, or arose and which are recoverable, or may be included, by NextGear Capital under the documents relating to its claim (collectively, the "Claim Documents") and/or applicable law.

NextGear Capital reserves the right to further supplement or amend this Claim for the purpose of including specific or additional sums, and/or to state a total amount that is or would be owed by the Debtor to NextGear Capital as of the effective date of any plan of reorganization or liquidation in this case, the date of any distribution or payment with respect to this claim, or any other appropriate date(s).

NextGear Capital respectfully does not necessarily consent to, and reserves the right to object to, the exercise of jurisdiction by the Bankruptcy Court over any and all aspects of, and/or any proceedings relating to any subject of, this Proof of Claim. Also, without limiting the generality of the foregoing, NextGear Capital respectfully retains and reserves any and all rights it otherwise may have to (a) object and not submit to the jurisdiction of the Bankruptcy Court for any particular purpose, matter, or proceeding, (b) seek entry of final orders in non-core matters only after a de novo review by a District Judge, (c) trial by jury on any issue so triable in any contested matter or adversary proceeding arising in or related to the Debtor's bankruptcy case, or (d) request that the District Court withdraw the reference in any matter or proceeding subject to mandatory or discretionary withdrawal. Further, NextGear Capital retains and reserves any rights, claims, actions, setoffs, or recoupments to which it is or may be entitled, in law or in equity, with respect to the Debtor or the Debtor's assets in the bankruptcy case, and retains and reserves any and all rights, claims, actions, and remedies it has or may have with respect to all persons or entities other than the Debtor.

The claim stated on the face of this Proof of Claim is intended to be a present, good faith (non-binding) estimate of the amount of that claim, which ultimately may or will require revision to a higher or lower actual figure, as justice requires. NextGear Capital further reserves the right to amend, supplement, and/or modify this Claim (and the documents that accompany or support same) from time to time as may be necessary or appropriate to conform to, or to adapt to changes in, facts or law, determinations yet to be made in this bankruptcy case or in other proceedings, or otherwise to further the purposes of filing this Claim.

DEALER # 25317

Confidential

NG_008892



Confidential

| | |
|---|---|
| STATE OF INDIANA       )<br>                              )SS:<br>COUNTY OF HAMILTON )  | IN THE HAMILTON SUPERIOR COURT<br><br>CAUSE NO. 29D02-1211-CC-012010 |

NEXTGEAR CAPITAL, INC.,         )
  as successor-in-interest to               )
DEALER SERVICES CORPORATION, )
                                               )
                 Plaintiff,    )
      v.                                                )
                                               )
MATTINGLY AUTO SALES, INC. and )
BARRY W. MATTINGLY,              )
                                             )
               Defendants. )

FILED
JUN 06 2013
Peggy E. Scarver
CLERK OF THE
HAMILTON SUPERIOR COURT

## ENTRY OF DEFAULT JUDGMENT

This matter came before the Court on the Motion for Entry of Default Judgment against Mattingly Auto Sales, Inc. ("Dealer") and Barry W. Mattingly ("Mattingly") (collectively, the "Defendants") and supporting affidavits filed by plaintiff NextGear Capital, Inc., as successor in interest to Dealer Services Corporation ("Plaintiff"), and the Court, having read and considered the same, now FINDS that:

1. The Defendants were properly served in this Cause.

2. The Defendants have failed to answer or otherwise respond to the Complaint.

3. Plaintiff is entitled to a judgment by default on all counts of the Complaint pursuant to Ind. Trial Rule 55.

4. There is no just reason for delay, and a final judgment shall be and hereby is entered as set forth herein.

5. An appeal may be taken upon the issues raised by this judgment.

IT IS THEREFORE ORDERED THAT JUDGMENT BY DEFAULT IS HEREBY ENTERED in favor of Plaintiff as follows:

(a) Judgment is entered in favor of NextGear Capital, Inc. and against Mattingly Auto Sales, Inc. for breach of contract;

(b) Judgment is entered in favor of NextGear Capital, Inc. and against Barry W. Mattingly for breach of guaranty;

(c) NextGear Capital, Inc. is awarded its actual damages from Mattingly Auto Sales, Inc. and Barry W. Mattingly, jointly and severally, in the amount of $58,432.52;

(d) Interest on the judgment entered herein shall accrue at the Indiana statutory rate of Eight Per Cent (8%) per annum until paid; and

(e) Plaintiff shall be entitled to recover its reasonable post-judgment attorney fees and post-judgment court costs incurred in the collection of the judgment entered herein.

Date: 6/4/13

_____
Judge, Hamilton Superior Court

**Distribution:**

Mattingly Auto Sales, Inc.
Hardinsburg, Kentucky 40143

Barry W. Mattingly
Hardingsburg, Kentucky 40143

NextGear Capital, Inc.
ATTN: Gary M. Hoke
1320 City Center Drive, Suite 100
Carmel, IN 46032