# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **YOUNG EXECUTIVE MANAGEMENT** | * | **Jury Trial Demanded** |
| **& CONSULTING SERVICES, INC.,** | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| **with Manheim Automotive Financial** | * | |
| **Services, Inc., and JOHN WICK,** | * | |
| | * | |

**************************************************************************

## PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, NEXTGEAR CAPITAL, INC.

Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. (collectively, the "Plaintiffs") propound this Third Set of Requests for Production of Documents to Defendant, NextGear Capital, Inc., F/K/A Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc. ("NextGear") to respond fully to the following requests for production of documents within thirty (30) days after service, pursuant to FED. R. CIV. P. 34. Pursuant to Federal Rule of Civil Procedure 26(e), these requests are deemed to be ongoing and you are obligated to supplement your responses as information becomes available. Please provide all responses in full compliance with the standards set forth in the Federal Rules of Civil Procedure. In addition, these requests incorporate the definitions and instructions that appear below.

1

# EXHIBIT A

of such a request is not included within the portion with which you have objection, fully answer and/or provide the requested documents responsive to the unobjected-to portion.

5. If you withhold or redact any information responsive to these document requests based on a claim of full or partial attorney-client and/or work product privileges, please furnish a privilege log identifying the requests as to which such information you withheld, providing the following information:

    a. The reason(s) for withholding or redacting;

    b. Identification by name, job title, and the last known address of each person who has had or does have access to such information or documents;

    c. A brief statement of the nature of the information or document withheld; and

    d. A statement of the facts that constitute the basis for the claim of privilege, work product or other grounds of non-disclosure.

6. If you redact any portion of any document produced in response to these document requests for any reason other than attorney-client and/or work product privileges, please furnish a redaction log identifying the documents which you redacted, providing the following information:

    a. The reason(s) for redacting;

    b. A brief statement of the nature of the information or document redacted; and

    c. A statement of the facts that constitute the basis for the grounds of non-disclosure.

## DEFINITIONS

1. **"Document"** means any tangible, intangible or electronically-stored item that can be reduced to tangible form, whether a copy or an original, upon which words, symbols, or marks are recorded including all writings, drawings, graphs, charts, photographs, sound recordings, images,

11.     **"NextGear"** refers to NextGear Capital, Inc. f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc., its predecessors-in-interest, including without limit, any of their principals, officers, employees, agents, representatives, and attorneys.

12.     **"Mr. Wick"** refers to John Wick, NextGear's Chief Strategy Officer and General Counsel, his representatives, agents, attorneys, and/or anyone acting on John Wick's behalf.

13.     **"You"** or **"Your"** refers to NextGear and any of its principals, officers, employees, agents, representatives, and attorneys.

14.     **"Defendants"** refers to NextGear, Cox Automotive, Cox Enterprises, and John Wick.

15.     **"Transaction"** refers to the purchase of a used vehicle by a NextGear customer dealer utilizing a NextGear Floorplan Agreement.

16.     "**Auction**" refers to any of the used automobile auctions located in the United States at which NextGear Customer Dealers purchased used vehicles utilizing NextGear Floorplan Agreements.

17.     **"Floorplan Agreement"** refers to a revolving line of credit, the terms of which were set forth in a Demand Promissory Notes and Security Agreement or other written document reflecting the same or substantially similar terms, that was entered into by a used car dealer and NextGear and through which the dealer could purchase used cars at Auction.

18.     **"Customer Dealer"** refers to any used car dealer who entered into a Floorplan Agreement with NextGear.

19.     **"Date of the Auction"** refers to any date on which any Customer Dealer attended a used vehicle auction and selected vehicles to purchase utilizing its Floorplan Agreement.