## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### (Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **YOUNG EXECUTIVE MANAGEMENT** | * | **Jury Trial Demanded** |
| **& CONSULTING SERVICES, INC.,** | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated | * | |
| | * | |
| v. | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### RED BARN MOTORS, INC.'S
### SUPPLEMENTAL AND AMENDED RESPONSES
### TO NEXTGEARCAPITAL, INC.'S FIRST SET OF INTERROGATORIES

NOW INTO COURT, through undersigned counsel, comes plaintiff, Red Barn Motors, Inc. ("Red Barn"), which, pursuant to Federal Rule of Civil Procedure 33, provides these supplemental and amended responses to the First Set of Interrogatories from NextGear Capital, Inc. ("NextGear/DSC") as follows. The general objections set forth in Red Barn's original responses dated September 16, 2016, along with the responses contained therein and not amended below, are incorporated herein by reference.

# EXHIBIT H

**INTERROGATORY NO. 14:**

Provide a detailed itemization of Your alleged damages, broken down by the categories alleged in Paragraphs 126 and 154 of the Amended Complaint.

**AMENDED RESPONSE TO INTERROGATORY NO. 14:**

Red Barn objects to Interrogatory No. 14 as premature at this early stage of the litigation and insofar as its response will require information in Defendants' control or possession or to which Defendants have superior access, including but not limited to when payments were actually made by NextGear to the auctions in connection with vehicles purchased by Red Barn under the Floorplan Agreement and the amount of interest and fees that NextGear charged on Red Barn's transactions prior to advancing funds on Red Barn's behalf.  Subject to the foregoing specific and general objections, Red Barn responds at this stage by stating that it anticipates calculating its damages by (1) calculating the total amount of interest and fees that NextGear charged on Red Barn's transactions between the date of the auction and the date on which NextGear actually advanced funds on Red Barn's behalf; (2) comparing Red Barn's sales before and after it was blacklisted by NextGear; and (3) and including any other monetary damages which may be further uncovered during discovery.  Further responding, Red Barn directs the

5

Defendants to the Deposition Testimony of Red Barn's Corporate Representative, Devon London.

        Respectfully submitted,

        */s/ Matthew M. Coman*
        JAMES M. GARNER (La. Bar No. 19589)
        *Pro Hac Vice*
        RYAN D. ADAMS (La. Bar No. 27931)
        *Pro Hac Vice*
        MATTHEW M. COMAN
        (La. Bar No. 23613)
        *Pro Hac Vice*
        **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
        909 Poydras Street, Suite 2800
        New Orleans, Louisiana 70112
        Telephone: (504) 299-2100
        Facsimile: (504) 299-2300
        jgarner@shergarner.com
        radams@shergarner.com
        mcoman@shergarner.com

        CASSIE E. FELDER (La. Bar No. 27805)
        *Pro Hac Vice*
        **LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
        9311 Bluebonnet Blvd., Suite A
        Baton Rouge, Louisiana 70810
        Telephone: (225) 291-1990
        Facsimile: (504) 3109195
        cfelder@felderllc.com

        GLADSTONE N. JONES, III
        (La. Bar No. 22221)
        *Pro Hac Vice*
        LYNN E. SWANSON (La. Bar No. 22650)
        *Pro Hac Vice*
        KERRY A. MURPHY (La. Bar No. 31382)
        *Pro Hac Vice*
        **JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**(Indianapolis Division)**

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **YOUNG EXECUTIVE MANAGEMENT** | * | **Jury Trial Demanded** |
| **& CONSULTING SERVICES, INC.,** | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated | * | |
| | * | |
| v. | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLATINUM MOTORS, INC.'S SUPPLEMENTAL AND AMENDED**
**RESPONSES TO NEXTGEAR CAPITAL, INC.'S FIRST SET OF INTERROGATORIES**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Platinum Motors, Inc. ("Platinum Motors"), which, pursuant to Federal Rule of Civil Procedure 33, provides these supplemental and amended responses to the First Set of Interrogatories from NextGear Capital, Inc. ("NextGear/DSC") as follows. The general objections set forth in Platinum Motors' original responses dated September 16, 2016, along with the responses contained therein and not amended below, are incorporated herein by reference.

**AMENDED RESPONSE TO INTERROGATORY NO. 10**

In response to Interrogatory No. 10, Platinum Motors incorporates its objections and responses to Interrogatory No. 9 above.

**INTERROGATORY NO. 11:**

Describe in detail all facts supporting the allegation in Paragraph 116 of the Amended Complaint that Cox Automotive, Inc. agreed to conduct or participate in the conduct, management, and/or operation of a RICO enterprise's affairs.

**AMENDED RESPONSE TO INTERROGATORY NO. 11:**

In response to Interrogatory No. 11, Platinum Motors incorporates its objections and responses to Interrogatory No. 9 above.

**INTERROGATORY NO. 12:**

Describe in detail all facts supporting the allegation in Paragraph 116 of the Amended Complaint that John Wick agreed to conduct or participate in the conduct, management, and/or operation of a RICO enterprise's affairs.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**

In response to Interrogatory No. 12, Platinum Motors incorporates its objections and responses to Interrogatory No. 9 above.

**INTERROGATORY NO. 14:**

Provide a detailed itemization of Your alleged damages, broken down by the categories alleged in Paragraphs 126 and 154 of the Amended Complaint.

3

**AMENDED RESPONSE TO INTERROGATORY NO. 14:**

Platinum Motors objects to Interrogatory No. 14 as premature at this early stage of the litigation and insofar as its response will require information in Defendants' control or possession or to which Defendants have superior access, including but not limited to when payments were actually made by NextGear to the auctions in connection with vehicles purchased by Platinum Motors under the Floorplan Agreement and the amount of interest and fees that NextGear charged on Platinum Motors' transactions prior to advancing funds on Platinum Motors' behalf.  Subject to the foregoing specific and general objections, Platinum Motors responds at this stage by stating that it anticipates calculating its damages by (1) calculating the total amount of interest and fees that NextGear charged on Platinum Motors' transactions between the date of the auction and the date on which NextGear actually advanced funds on Platinum Motors' behalf; (2) comparing Platinum Motors' sales before and after it was blacklisted by NextGear; and (3) and including any other monetary damages which may be further uncovered during discovery.

Respectfully submitted,

*/s/ Matthew M. Coman*
JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112
Telephone: (504) 299-2100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| RED BARN MOTORS, INC., | * | DOCKET NO. 1:14-cv-01589-TWP-DKL |
| PLATINUM MOTORS, INC., | * | |
| MATTINGLY AUTO SALES, INC., | * | CLASS ACTION |
| YOUNG EXECUTIVE MANAGEMENT | * | Jury Trial Demanded |
| & CONSULTING SERVICES, INC., | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated | * | |
| | * | |
| v. | * | |
| | * | |
| COX ENTERPRISES, INC., | * | |
| COX AUTOMOTIVE, INC., | * | |
| NEXTGEAR CAPITAL, INC., | * | |
| F/K/A DEALER SERVICES | * | |
| CORPORATION, successor by merger | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK | * | |
| | * | |

*************************************************************************

## MATTINGLY AUTO SALES, INC.'S SUPPLEMENTAL AND AMENDED RESPONSES TO NEXTGEAR CAPITAL, INC.'S FIRST SET OF INTERROGATORIES

NOW INTO COURT, through undersigned counsel, comes plaintiff, Mattingly Auto Sales, Inc. ("Mattingly Auto Sales"), which, pursuant to Federal Rule of Civil Procedure 33, provides these supplemental and amended responses to the First Set of Interrogatories from NextGear Capital, Inc. ("NextGear/DSC") as follows. The general objections set forth in Mattingly Auto Sales' original responses dated September 16, 2016, along with the responses contained therein and not amended below, are incorporated herein by reference.

**AMENDED RESPONSE TO INTERROGATORY NO. 10**

In response to Interrogatory No. 10, Mattingly Auto Sales incorporates its objections and responses to Interrogatory No. 9 above.

**INTERROGATORY NO. 11:**

Describe in detail all facts supporting the allegation in Paragraph 116 of the Amended Complaint that Cox Automotive, Inc. agreed to conduct or participate in the conduct, management, and/or operation of a RICO enterprise's affairs.

**AMENDED RESPONSE TO INTERROGATORY NO. 11:**

In response to Interrogatory No. 11, Mattingly Auto Sales incorporates its objections and responses to Interrogatory No. 9 above.

**INTERROGATORY NO. 12:**

Describe in detail all facts supporting the allegation in Paragraph 116 of the Amended Complaint that John Wick agreed to conduct or participate in the conduct, management, and/or operation of a RICO enterprise's affairs.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**

In response to Interrogatory No. 12, Mattingly Auto Sales incorporates its objections and responses to Interrogatory No. 9 above.

**INTERROGATORY NO. 14:**

Provide a detailed itemization of Your alleged damages, broken down by the categories alleged in Paragraphs 126 and 154 of the Amended Complaint.

## AMENDED RESPONSE TO INTERROGATORY NO. 14:

Mattingly Auto Sales objects to Interrogatory No. 14 as premature at this early stage of the litigation and insofar as its response will require information in Defendants' control or possession or to which Defendants have superior access, including but not limited to when payments were actually made by NextGear to the auctions in connection with vehicles purchased by Mattingly Auto Sales under the Floorplan Agreement and the amount of interest and fees that NextGear charged on Mattingly Auto Sales' transactions prior to advancing funds on Mattingly Auto Sales' behalf. Subject to the foregoing specific and general objections, Mattingly Auto Sales responds at this stage by stating that it anticipates calculating its damages by (1) calculating the total amount of interest and fees that NextGear charged on Mattingly Auto Sales' transactions between the date of the auction and the date on which NextGear actually advanced funds on Mattingly Auto Sales' behalf; (2) comparing Mattingly Auto Sales' sales before and after it was blacklisted by NextGear; and (3) and including any other monetary damages which may be further uncovered during discovery.

Respectfully submitted,

_____
CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
9311 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70810
Telephone: (225) 291-1990
Facsimile: (504) 3109195
cfelder@felderllc.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)

4