IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>            Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID P. HOFFMAN

Plaintiffs have offered no valid reason for excluding testimony from Defendants' damages expert. Per the Court's Scheduling Order [Doc. 144, 177], NextGear Capital, Inc. ("NextGear") was required to serve its expert reports by February 10, 2017, and it did so. If NextGear had failed to disclose any expert testimony by the deadline, Plaintiffs would undoubtedly argue NextGear waived the right to later use such expert testimony at trial.

NextGear has not yet filed an answer, a counterclaim, or defenses to the operative complaint in this action because its timely motion to dismiss [Doc. 126] remains pending. *See* Fed. R. Civ. P. 12(a)(4). Nevertheless, in case the Court's ruling on that motion does not resolve all issues in the case, NextGear has, out of an abundance of caution, disclosed expert testimony relating to its potential defenses and counterclaims. In light of the expert disclosure deadlines set

by the Court and the proximity of the trial date set by the Court (August 28, 2017), it was not clear NextGear would have a further opportunity to disclose any expert witnesses after pleading.

Plaintiffs' motion is premature at best, particularly given their own argument that the relevance of the testimony is to be measured against NextGear's answer, counterclaim, and/or defenses, which are not yet due. In fact, Plaintiffs have expressly purported to reserve "all rights" to challenge the testimony until then. (*See* Motion to Exclude [Doc. 183], at 2.) Moreover, Plaintiffs have not even deposed the witness yet; they have noticed his deposition for March 30, 2017. The Court should not exclude potentially relevant testimony simply because NextGear has not yet been required to plead under the rules of the Court.

Apart from the timing issue, Plaintiffs appear to acknowledge the expert's proposed testimony would be relevant to the damage claims of Plaintiffs Platinum Motors, Inc. and Mattingly Auto Sales, Inc. With respect to Plaintiff Red Barn Motors, Inc., Plaintiffs only provide "as an example" that they believe any setoff defense is precluded by Red Barn's elaborate bankruptcy plan of reorganization, which does not explicitly mention NextGear or its claim. To the extent that argument has any validity, which NextGear does not concede, that issue can be resolved after NextGear pleads and at or before trial, but it is not grounds to preclude the expert's mere calculation of the potential offset amount at this stage.

Because Plaintiffs are already set to depose the witness later this month; because he will offer relevant testimony on other issues and on setoff claims for at least two of the Plaintiffs; and because the case is set for a bench trial rather than a jury trial, denying Plaintiffs' request will impose little or no incremental burden on the parties or the Court. The Court should therefore deny Plaintiffs' Motion to Exclude Expert Testimony of David P. Hoffman.

Respectfully submitted, this 22nd day of March, 2017.

   *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jason.mccarter@sutherland.com
tracey.ledbetter@sutherland.com

*Attorneys for Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 22nd day of March, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com
ksimcox@shergarner.com
akeller@shergarner.com
jstockstill@shergarner.com
jchocheles@shergarner.com
priggs@shergarner.com

Gladstone N. Jones, III
Lynn E. Swanson
Kerry A. Murphy
Catherine E. Lasky
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com
greed@jonesswanson.com
cmason@jonesswanson.com
sjoshua@jonesswanson.com
kmurphy@jonesswanson.com
lreeves@jonesswanson.com
klasky@jonesswanson.com

Cassie E. Felder
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
cfelder@lawla.com
kfisher@lawla.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com
tkeller@brenerlawfirm.com

    _s/ Tracey K. Ledbetter_
    Tracey K. Ledbetter