# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., ) <br> PLATINUM MOTORS, INC., ) <br> MATTINGLY AUTO SALES, INC., and ) <br> YOUNG EXECUTIVE MANAGEMENT & ) <br> CONSULTING SERVICES, INC., ) <br> individually and on behalf of other members of ) <br> the general public similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NEXTGEAR CAPITAL, INC. f/k/a DEALER ) <br> SERVICES CORPORATION, ) <br> COX ENTERPRISES, INC., ) <br> COX AUTOMOTIVE, INC., and ) <br> JOHN WICK, ) <br> ) <br> Defendants. ) | Case No. 1:14-cv-01589-TWP-DKL |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

This matter is before the Court on a Motion for Leave to File Surreply in Opposition to Defendants' Motion to Dismiss filed by Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., Mattingly Auto Sales, Inc., and Young Executive Management & Consulting Services, Inc. (collectively "Plaintiffs") (Filing No. 137).

The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). However, "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening

brief." *Reis v. Robbins*, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id.* (citation omitted). Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response. *See, e.g.*, *id.*; *Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161 (S.D. Ind. Feb. 12, 2014).

In 2009 and 2011, the Plaintiffs entered into agreements with Defendant NextGear Capital, Inc., formerly known as Dealer Services Corporation. These agreements provided lines of credit for financing the Plaintiffs' used car dealership operations. When the Plaintiffs discovered that they had been charged fees and interest on money that had not yet actually been loaned, they initiated this litigation, asserting claims for breach of contract, constructive fraud, tortious interference with business relationships, unjust enrichment, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and RICO conspiracy. The Defendants—NextGear Capital, Inc., Cox Enterprises, Inc., Cox Automotive, Inc., and John Wick—moved to dismiss the Plaintiffs' Amended Complaint.

The Defendants asserted numerous bases for dismissal, but their primary argument was that the terms of the contracts allowed the Defendants to charge fees and interest at the time that they did actually charge fees and interest. The Plaintiffs responded that the language of the contracts did not permit the early assessment of fees and interest, and if nothing else, there is an ambiguity in the contracts that prohibits termination of the case at the motion to dismiss stage. The Defendants replied to this argument, and the Plaintiffs sought leave to file a surreply brief, asserting that the Defendants' Reply Brief raised a new issue regarding contract interpretation ([Filing No. 137-1](#)).

In their proposed surreply, the Plaintiffs assert that the Defendants' interpretation of the contracts is not supported by the language of the contracts. They explain that no contract provision has been identified that supports the Defendants' interpretation, and the Defendants' reliance on new "evidence" or "argument"—a definition of "loan" from Black's Law Dictionary—suggests that there are ambiguities in the contracts, prohibiting dismissal at this stage of the litigation.

In response to the Plaintiffs' Motion for Leave to File Surreply, the Defendants explain that they have argued since their opening brief that the Plaintiffs' allegations and theories of recovery contradict the plain language of the parties' contracts. Thus, the Plaintiffs' proposed surreply does not respond to new arguments or issues raised in the Defendants' Reply Brief. Rather, the Plaintiffs asserted contract interpretation arguments in their Response Brief, and the Defendants simply replied to those arguments with legal and secondary authority regarding the meaning of words in the contracts. The Defendants assert that they added no factual or legal arguments or evidence extraneous to the parties' agreements or the Plaintiffs' own allegations. Therefore, there is no basis to allow a surreply.

Upon close review of the parties' briefing, the Court determines that the Defendants' Reply Brief did not inject new evidence, arguments, or issues into the Motion to Dismiss. Instead, the Reply Brief provided the Defendants' response to the arguments advanced by the Plaintiffs in their Response Brief. The limited circumstances for allowing a surreply—to address new arguments or evidence raised in the reply brief—are not present in this case, and as a result, the Court **DENIES** the Plaintiffs' Motion for Leave to File Surreply in Opposition to Defendants' Motion to Dismiss ([Filing No. 137](#)).

**SO ORDERED.**

Date: 3/27/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Joshua P. Melder
CASSIE FELDER & ASSOCIATES, LLC
joshua@felderllc.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Jason S. McCarter
SUTHERLAND ASBILL & BRENNAN LLP
jason.mccarter@sutherland.com

Tracey K. Ledbetter
SUTHERLAND ASBILL & BRENNAN LLP
tracey.ledbetter@sutherland.com

Cassie E. Felder
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
cfelder@lawla.com

Catherine E. Lasky
JONES SWANSON HUDDELL & GARRISON, LLC
klasky@jonesswanson.com

Gladstone N. Jones
JONES SWANSON HUDDELL & GARRISON, LLC
gjones@jonesswanson.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL & GARRISON, LLC
kmurphy@jonesswanson.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL& GARRISON, LLC
lswanson@jonesswanson.com

Matthew M. Coman
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
mcoman@shergarner.com

Ryan D. Adams
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
radams@shergarner.com

James M. Garner
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
jgarner@shergarner.com

Jacob A. Airey
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC.
jairey@shergarner.com