IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-01589-TWP-DKL |
| COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., AND JOHN WICK**

Certain claims and defendants were dismissed from this action by the Court's March 27, 2017 Order on Defendant's Motion to Dismiss (Doc. No. 186) (the "Motion to Dismiss Order"). Plaintiffs have not filed—and have represented they do not intend to file—a Second Amended Complaint.  Therefore, Defendants Cox Automotive, Inc. ("Cox Auto"), NextGear Capital, Inc. ("NextGear"), and John Wick (collectively, "Defendants"),[1] through counsel, answer Plaintiffs' Verified Amended Complaint (Doc. 117) as follows:

1.      Paragraph 1 states legal conclusions and general opinions to which no response is required.  To the extent any response is required, Defendants state that the Court has dismissed the claims for tortious interference against all Defendants and the claims for breach of contract

---

[1] No claims remain pending against Cox Enterprises, Inc. in light of the Motion to Dismiss Order and Plaintiffs' decision not to file a Second Amended Complaint.

and constructive fraud against Cox Auto and John Wick.  (Doc. 186.)  Defendants deny any remaining allegations of Paragraph 1.

2. Defendants deny the allegations of Paragraph 2.

3. Defendants admit that Cox Auto has indirectly owned NextGear since 2012 and, through other entities, currently owns the Manheim, Autotrader, Kelley Blue Book, and vAuto brands.  Further in response, Defendants state that the websites referenced in Paragraph 3 speak for themselves.  Defendants deny any remaining allegations of Paragraph 3.

4. Defendants deny that Cox Enterprises, Inc. remains a defendant in this matter following the Court's Motion to Dismiss Order and deny that any response is necessary to Paragraph 4.  Out of an abundance of caution, Defendants admit that Cox Enterprises, Inc. has ownership interests in Cox Auto, Cox Communications, Inc., and Cox Media Group, LLC.  Further in response, Defendants state that the websites referenced in Paragraph 4 speak for themselves.  Defendants deny any remaining allegations of Paragraph 4.

5. Defendants admit the allegations of Paragraph 5, but state that dealer borrowers may also acquire automobile inventory from sources other than auctions.

6. Defendants admit that NextGear does business throughout much of the United States and that at times it has had "account executive" and "regional director" positions.  Defendants deny any remaining allegations of Paragraph 6.

7. Defendants admit that Stuart LaBauve was an Account Executive for Plaintiff Red Barn Motors, Inc. ("Red Barn") and has served as the Account Executive for a region including the central region of Louisiana.  Defendants deny any remaining allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

9.      Defendants admit that NextGear offers revolving lines of credit that allow used car dealer borrowers to purchase used cars at auction, among other sources; that some in the industry refer to this type of financing as a "floor plan"; and that those borrowers agree to pay fees and interest consistent with the terms and conditions in their contracts.  Further in response, Defendants state that its contracts with each individual dealer speak for themselves.  Defendants deny any remaining allegations of Paragraph 9.

10.     Defendants admit that NextGear enters into contracts with used car dealers that involve financing arrangements.  Further in response, Defendants state that the website referenced in Paragraph 10 speaks for itself.  Defendants deny any remaining allegations of Paragraph 10.

11.     Defendants deny the allegations of Paragraph 11.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 because Plaintiffs use the term "Floorplan Agreement" to refer to both their own contracts with NextGear and financing in the automotive industry in general.  To the extent any response is required, Defendants deny the allegations of Paragraph 12.

13.     Defendants deny the allegations of Paragraph 13.

14.     Defendants deny the allegations of Paragraph 14.

15.     Defendants deny the allegations of Paragraph 15.

16.     Defendants deny the allegations of Paragraph 16.

17.     Defendants deny the allegations of Paragraph 17.

18.     Defendants deny the allegations of Paragraph 18.

19.     Defendants deny the allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20.

21.     Defendants deny the allegations of Paragraph 21.  Further in response, Defendants state that the transcript of John Wick's February 25, 2011 deposition and the website referenced in Paragraph 21 speak for themselves.

22.     Defendants deny the allegations of Paragraph 22.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent any response is required, Defendants admit the allegations of Paragraph 23.

24.     Paragraph 24 contains legal conclusions to which no response is required.  To the extent any response is required, Defendants admit that this Court has supplemental jurisdiction over the state-law claims in this case, but deny any remaining allegations of Paragraph 24.

25.     Paragraph 25 contains legal conclusions to which no response is required.  To the extent any response is required, Defendants do not challenge this Court's personal jurisdiction in this matter, and deny any remaining allegations of Paragraph 25.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent any response is required, Defendants admit that venue is proper, but deny any remaining allegations of Paragraph 26.

27.     Paragraph 27 contains legal conclusions to which no response is required.  To the extent any response is required, Defendants admit that venue is proper, but deny any remaining allegations of Paragraph 27.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28.  To the extent any response is required, Defendants deny the allegations of Paragraph 28.

29.     Defendants deny the allegations of Paragraph 29.  Upon information and belief, Plaintiff Platinum Motors, Inc. ("Platinum") is no longer doing business and its corporate status has been terminated.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30.  To the extent any response is required, Defendants deny the allegations of Paragraph 30.

31.     Defendants deny that Young Executive Management & Consulting Services, Inc. ("Executive Auto") remains a named Plaintiff in this action after the Court's Order granting Executive Auto's Motion to Voluntarily Withdraw as a Named Plaintiff (Doc. 156).  To the extent any further response is required, Defendants deny the allegations of Paragraph 31.

32.     Defendants deny that Cox Enterprises, Inc. remains a defendant in this action after the Motion to Dismiss Order and Plaintiffs' failure to file a Second Amended Complaint.  To the extent any further response is required, Defendants admit the allegations of Paragraph 32.

33.     Defendants admit the allegations of Paragraph 33.

34.     Defendants admit that NextGear Capital, Inc. is a Delaware corporation and that it formerly did business as Dealer Services Corporation, into which Manheim Automotive Financial Services, Inc. was previously merged.  Defendants deny any remaining allegations of Paragraph 34.

35.     Defendants admit that John Wick is an adult resident of the State of Indiana. Defendants deny any remaining allegations of Paragraph 35.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36.  To the extent any response is required, Defendants deny the allegations of Paragraph 36.

37.     Defendants admit that Stuart LaBauve was an Account Executive for Red Barn's account and that he communicated with Devon London in 2011 regarding Red Barn's interest in obtaining financing through NextGear.  Defendants deny any remaining allegations of Paragraph 37.

38.     Defendants admit that Stuart LaBauve met with Donald Richardson in 2011 to discuss Red Barn's interest in obtaining financing through NextGear.  Defendants deny any remaining allegations of Paragraph 38.

39.     Defendants admit that NextGear and Red Barn entered into the contract attached as Exhibit A to the Verified Amended Complaint, but deny that Exhibit A contains all of the agreements entered into between NextGear and Red Barn.  Further in response, Defendants state that Exhibit A speaks for itself.  Defendants deny any remaining allegations of Paragraph 39.

40.     Defendants admit that Red Barn sometimes used its floor plan with NextGear to purchase vehicles at auction and sell some of them from its used car lot in Denham Springs, Louisiana.  Defendants deny any remaining allegations of Paragraph 40.

41.     Upon information and belief, Defendants admit that Red Barn used its floor plan with NextGear to acquire a particular car at an auction without otherwise paying for it, that Red Barn took possession of the car to offer it for sale, and that the third-party auction house failed to produce a title to Red Barn or NextGear.  Defendants deny any remaining allegations of Paragraph 41.

42.     Defendants admit that, in the particular instance described in Defendants' response to Paragraph 41, the third-party auction later unwound the auction sales transaction for lack of title, and NextGear reimbursed Red Barn in full for the amounts paid by Red Barn to

NextGear for the interim financing of the auction transaction.  Defendants deny any remaining allegations of Paragraph 42.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43.  To the extent any response is required, Defendants deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.  Further in response, Defendants state that by at least June 2012, Devon London and Red Barn were aware of the manner in which NextGear calculated and charged interest.

46.     Defendants admit that Red Barn used NextGear financing on approximately 524 transactions from 2011 through 2013 and that funds were electronically debited from Red Barn's account under the terms and conditions of its contract with NextGear.  Defendants deny any remaining allegations of Paragraph 46.

47.     Defendants admit that in or about March 2013, Red Barn failed to make agreed payments under its contract with NextGear and that NextGear began efforts to recover its lawful collateral, where it could be found and had not been secreted or sold out of trust by Red Barn. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 47.  To the extent any response is required, Defendants deny any remaining allegations of Paragraph 47.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48.  To the extent any response is required, Defendants deny the allegations of Paragraph 48.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49.  To the extent any response is required, Defendants deny the allegations of Paragraph 49.

50.     Upon information and belief, Defendants admit the allegations of Paragraph 50.

51.     Defendants admit that Stuart LaBauve communicated with Red Barn's representatives during the parties' contractual relationship from 2011 to 2013.  Defendants deny any remaining allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.  Upon information and belief, Platinum is no longer in business.

53.     Upon information and belief, Defendants admit that a NextGear account executive communicated with Nicol Zenia Perry in 2011 regarding Platinum's interest in obtaining financing through NextGear.  Defendants deny any remaining allegations of Paragraph 53.

54.     Upon information and belief, Defendants admit the allegations of Paragraph 54.

55.     Defendants admit that NextGear and Platinum entered into the contract attached as Exhibit C to the Verified Amended Complaint, but deny that Exhibit C contains all of the agreements entered into between NextGear and Platinum.  Further in response, Defendants state that Exhibit C speaks for itself.  Defendants deny any remaining allegations of Paragraph 55.

56.     Defendants admit that Platinum sometimes used its floor plan with NextGear to purchase vehicles at auction and sell some of them from its used car lot in Chesapeake, Virginia.  Defendants deny any remaining allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants admit that Platinum used NextGear financing on approximately 20 transactions in 2011 and that funds were electronically debited from Platinum's account under the terms and conditions of its contract with NextGear.  Defendants deny any remaining allegations of Paragraph 60.

61.     Defendants admit that NextGear employees communicated with Platinum's Nicol Zenia Perry during the parties' contractual relationship in 2011.  Defendants deny any remaining allegations of Paragraph 61.

62.     Upon information and belief, Defendants admit the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants admit that NextGear and Mattingly entered into the contract attached as Exhibit D to the Verified Amended Complaint, but deny that Exhibit D contains all of the agreements entered into between NextGear and Mattingly.  Further in response, Defendants state that Exhibit D speaks for itself.  Defendants deny any remaining allegations of Paragraph 64.

65.     Defendants admit that Mattingly sometimes used its floor plan with NextGear to purchase vehicles at auction and sell some of them from its used car lot in Hardinsburg, Kentucky.  Defendants deny any remaining allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants admit that Mattingly used NextGear financing on approximately 160 transactions from 2006 through 2012 and that funds were electronically debited from Mattingly's

account under the terms and conditions of its contracts with NextGear.  Defendants deny any remaining allegations of Paragraph 69.

70.     Defendants admit that NextGear employees communicated with Mattingly's Barry Mattingly during the parties' contractual relationship.  Defendants deny any remaining allegations of Paragraph 70.

71-78.  Executive Auto has withdrawn as a named Plaintiff in this action.  Consequently, no response is required to the allegations of Paragraphs 71-78.  To the extent any response is required, Defendants deny the allegations of Paragraphs 71-78.

79.     Defendants admit that this action has been brought as a putative class action, but deny any remaining allegations of Paragraph 79.  Defendants specifically deny that class treatment is appropriate.

80.     Defendants deny the allegations of Paragraph 80 and specifically deny that class treatment is appropriate.  Further in response, Defendants state that the named Plaintiffs' proposed definition of a putative class has since been modified in their Motion for Class Certification and Appointment of Class Counsel, Memorandum in Support, and Reply Memorandum in Support (Docs. 153, 154, 165).  Defendants deny that class treatment is appropriate with respect to the modified definition of a putative class.

81.     Defendants deny the allegations of Paragraph 81 and specifically deny that class treatment is appropriate.

82.     Defendants deny the allegations of Paragraph 82 and specifically deny that class treatment is appropriate.

83.     Defendants admit that this action has been brought as a putative class action, but deny any remaining allegations of Paragraph 83.  Defendants specifically deny that class treatment is appropriate.

84.     Defendants deny the allegations of Paragraph 84 and specifically deny that class treatment is appropriate.

85.     Defendants deny the allegations of Paragraph 85 and specifically deny that class treatment is appropriate.

86.     Defendants deny the allegations of Paragraph 86 and specifically deny that class treatment is appropriate.

87.     Defendants deny the allegations of Paragraph 87 and specifically deny that class treatment is appropriate.

88.     Defendants deny the allegations of Paragraph 88 and specifically deny that class treatment is appropriate.

89.     Defendants deny the allegations of Paragraph 89 and specifically deny that class treatment is appropriate.

90.     Defendants deny the allegations of Paragraph 90 and specifically deny that class treatment is appropriate.

91.     Defendants deny the allegations of Paragraph 91 and specifically deny that class treatment is appropriate.

92.     Defendants deny the allegations of Paragraph 92 and specifically deny that class treatment is appropriate.

93.     Defendants deny the allegations of Paragraph 93 and specifically deny that class treatment is appropriate.

94.     Defendants incorporate by reference their responses to Paragraphs 1-93 as if fully set forth herein.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96 and specifically deny that class treatment is appropriate.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

100.    Defendants deny the allegations of Paragraph 100 and specifically deny that class treatment is appropriate.

101.    Defendants deny the allegations of Paragraph 101 and specifically deny that class treatment is appropriate.

102.    Defendants deny the allegations of Paragraph 102 and specifically deny that class treatment is appropriate.

103.    Defendants deny the allegations of Paragraph 103 and specifically deny that class treatment is appropriate.

104.    Defendants deny the allegations of Paragraph 104 and specifically deny that class treatment is appropriate.

105.    Defendants deny the allegations of Paragraph 105.  Further in response, Defendants state that the timing of NextGear's settlement with auctions on auction purchases directly financed for the named Plaintiffs varied according to NextGear's agreements and arrangements with those source auctions.

106.    Defendants deny the allegations of Paragraph 106.

107.    Defendants admit that certain charges due from the named Plaintiffs to NextGear were paid via electronic bank debits under the terms and conditions of their individual contracts with NextGear.  Defendants deny any remaining allegations of Paragraph 107.

108.    Defendants deny the allegations of Paragraph 108.

109.    Defendants deny the allegations of Paragraph 109.

110.    Defendants deny the allegations of Paragraph 110.

111.    Defendants deny the allegations of Paragraph 111.

112.    Defendants deny the allegations of Paragraph 112 and specifically deny that class treatment is appropriate.

113-119.    The Motion to Dismiss Order dismissed Count 2 (titled "Conspiracy to Violate RICO") without prejudice, and Plaintiffs have not filed a Second Amended Complaint. Plaintiffs have therefore waived the right to pursue the claim raised in Count 2.  Consequently, no response is required to the allegations of Paragraphs 113-119.  To the extent any response is required, Defendants deny the allegations of Paragraphs 113-119.

120.    NextGear incorporates by reference its responses to Paragraphs 1-119 as if fully set forth herein.[2]

121.    NextGear admits that it entered into contracts with the named Plaintiffs under which the named Plaintiffs financed their respective purchases of vehicle inventory to re-sell from their used car lots or otherwise.  Further in response, NextGear states that those contracts speak for themselves.  NextGear denies any remaining allegations of Paragraph 121 and specifically denies that class treatment is appropriate.

---

[2] The Motion to Dismiss Order dismissed Count 3 (titled "Breach of Contract") as to all Defendants except NextGear; therefore, only NextGear responds to the allegations of Paragraphs 120-126.

122.    NextGear denies the allegations of Paragraph 122 and specifically denies that class treatment is appropriate.

123.    NextGear denies the allegations of Paragraph 123.  Further in response, NextGear states that the timing of its settlement with auctions on auction purchases directly financed for the named Plaintiffs varied according to NextGear's agreements and arrangements with those source auctions.

124.    NextGear denies the allegations of Paragraph 124 and specifically denies that class treatment is appropriate.

125.    NextGear denies the allegations of Paragraph 125.

126.    NextGear denies the allegations of Paragraph 126 and specifically denies that class treatment is appropriate.

127.    NextGear incorporates by reference its responses to Paragraphs 1-126 as if fully set forth herein.[3]

128.    NextGear denies the allegations of Paragraph 128 and specifically denies that class treatment is appropriate.

129.    NextGear denies the allegations of Paragraph 129 and specifically denies that class treatment is appropriate.

130.    NextGear denies the allegations of Paragraph 130 and specifically denies that class treatment is appropriate.

131.    NextGear denies the allegations of Paragraph 131 and specifically denies that class treatment is appropriate.

---

[3] The Motion to Dismiss Order dismissed Count 4 (titled "Constructive Fraud") as to all Defendants except NextGear; therefore, only NextGear responds to the allegations of Paragraphs 127-139.

132.     NextGear denies the allegations of Paragraph 132.

133.     NextGear denies the allegations of Paragraph 133 and specifically denies that class treatment is appropriate.

134.     NextGear denies the allegations of Paragraph 134.

135.     NextGear denies the allegations of Paragraph 135 and specifically denies that class treatment is appropriate.

136.     NextGear denies the allegations of Paragraph 136.

137.     NextGear denies the allegations of Paragraph 137 and specifically denies that class treatment is appropriate.

138.     NextGear denies the allegations of Paragraph 138.

139.     NextGear denies the allegations of Paragraph 139 and specifically denies that class treatment is appropriate.

140-149.     The Motion to Dismiss Order dismissed Count 5 (titled "Tortious Interference") without prejudice, and Plaintiffs have not filed a Second Amended Complaint. Plaintiffs have therefore waived the right to pursue the claim raised in Count 5.  Consequently, no response is required to the allegations of Paragraphs 140-149.  To the extent any response is required, Defendants deny the allegations of Paragraphs 140-149.

150-153.     The Motion to Dismiss Order dismissed Count 6 (titled "Unjust Enrichment") without prejudice, and Plaintiffs have not filed a Second Amended Complaint. Plaintiffs have therefore waived the right to pursue the claim raised in Count 6.  Consequently, no response is required to the allegations of Paragraphs 150-153.  To the extent any response is required, Defendants deny the allegations of Paragraphs 150-153.

154.    Defendants deny the allegations of Paragraph 154 and specifically deny that class treatment is appropriate.

Defendants deny that Plaintiffs are entitled to any of the relief demanded in the Prayer for Relief or to any other relief from Defendants.  Defendants specifically deny that class treatment is appropriate.

Defendants deny that Plaintiffs are entitled to a trial by jury, and the Court granted Defendants' Motion to Strike Jury Demand on March 27, 2017 (Doc. 187).

### General Denial

Defendants deny each and every allegation of the Verified Amended Complaint not specifically and expressly admitted herein.

### DEFENSES AND AFFIRMATIVE DEFENSES

Having set forth its Answer to Plaintiffs' Verified Amended Complaint, Defendants assert the following defenses and affirmative defenses:

### First Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by statutes of limitations and/or laches.

### Second Defense

Plaintiffs' and putative class members' claims are barred by unclean hands.

### Third Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by their failure to mitigate damages.

**Fourth Defense**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they would be unjustly enriched by any recovery given that they received the benefit of their bargain and that they failed to compensate NextGear for larger amounts owed under their admitted contracts.

**Fifth Defense**

Plaintiffs' and putative class members' claims are barred by ratification, waiver, and/or estoppel.

**Sixth Defense**

Plaintiffs' and putative class members' claims are barred by the statute of frauds.

**Seventh Defense**

Plaintiffs' and some putative class members' claims are barred, in whole or in part, by their fraud and/or illegal conduct.

**Eighth Defense**

Mattingly's, Platinum's, and many putative class members' claims are barred by set-off and/or recoupment.

**Ninth Defense**

Mattingly's, Platinum's, and many putative class members' claims are barred by *res judicata*.

**Tenth Defense**

Platinum and many putative class members lack standing to bring the claims alleged.

**Eleventh Defense**

Mattingly's and many putative class members' claims are barred by release.

**Twelfth Defense**

Mattingly's and many putative class members' claims are barred by accord and satisfaction.

**Thirteenth Defense**

Plaintiffs' and putative class members' claims are barred because Defendants did not engage in any wrongful conduct.

**Fourteenth Defense**

Some putative class members' claims may be barred by discharge in bankruptcy.

**Fifteenth Defense**

Some putative class members' claims may be barred by collateral estoppel.

**Sixteenth Defense**

Plaintiffs' and putative class members' RICO claim fails as a matter of law because there is no evidence of an enterprise or the conduct of an enterprise.

**Seventeenth Defense**

Plaintiffs' and putative class members' RICO claim fails as a matter of law because there is no evidence of proximate cause in the form of transaction causation or loss causation.

**Eighteenth Defense**

Plaintiffs' and putative class members' breach of contract claim fails as a matter of law because NextGear did not breach any contract it entered into.

**Nineteenth Defense**

Plaintiffs' and putative class members' breach of contract claim fails as a matter of law because they received the benefit of their bargain with NextGear.

**Twentieth Defense**

Plaintiffs' and putative class members' constructive fraud claim fails as a matter of law because the alleged improper interest charges were actually known by them, were open and obvious, and/or were allowed on the face of the contracts, thereby negating the reliance element of constructive fraud.

**Twenty-First Defense**

Plaintiffs' and putative class members' constructive fraud claim fails as a matter of law because there is no evidence of affirmative misrepresentations by NextGear, and NextGear had no duty to tell dealer borrowers when it settled with third-party inventory vendors after a vehicle was floor planned.

**Twenty-Second Defense**

Plaintiffs and many putative class members were aware of the alleged practices and charges at issue and ratified them by payment, continuing to borrow, or otherwise.

**Twenty-Third Defense**

Plaintiffs and most putative class members received or had access to regular account statements from NextGear and paid those without objection, thus confirming the amount of those obligations under the terms of the agreements at issue.  Thus, their claims are barred by contract.

**Twenty-Fourth Defense**

Many putative class members agreed to arbitrate their disputes (if any) on an individual basis.  Thus, they are barred from participating in this forum or in any class action.

**Twenty-Fifth Defense**

Many putative class members agreed to damage and other limitations on their relief that would preclude their claims in whole or in part.

WHEREFORE, having fully answered the Verified Amended Complaint, Defendants pray that the Verified Amended Complaint be dismissed with prejudice, that each and every prayer for relief in the Verified Amended Complaint be denied, that judgment be entered in favor of Defendants with costs assessed against Plaintiffs, and that Defendants be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 10th day of April, 2017.

*s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc.,*
*NextGear Capital, Inc. f/k/a Dealer Services*
*Corporation, and John Wick*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 10th day of April, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
cfelder@lawla.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com


_s/ Tracey K. Ledbetter_
Tracey K. Ledbetter