UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **Individually, and on behalf of other** | * | |
| **members of the general public** | * | |
| **similarly situated** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| **with Manheim Automotive Financial** | * | |
| **Services, Inc., and JOHN WICK** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' STATEMENT OF CLAIMS THEY INTEND TO PROVE AT TRIAL**

Plaintiffs, Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., Individually, and on behalf of other members of the general public similarly situated (collectively, "Plaintiffs"), by counsel and pursuant to this Court's Order Granting Unopposed Motion to Extend Deadline to File Statements of Claims (R. Doc. 182) entered on February 28, 2017, hereby state as follows:

1. The non-expert and liability discovery deadline expired on December 20, 2016 (R. Doc. 144).

2. Plaintiffs asserted the following claims in their Amended Class Complaint, which remain intact following entry of the March 27, 2017 Order on Defendants' Motion to Dismiss: (1) breach of contract against NextGear; (2) constructive fraud against NextGear; (3) substantive civil RICO as to NextGear, Cox Automotive, and Mr. Wick (collectively, "RICO Defendants"). *See* R.

Docs. 117 and 186. At trial, Plaintiffs intend to prove their breach of contract, constructive fraud, and substantive civil RICO claims.

3. **Breach of Contract:** Plaintiffs intend to prove, individually and on behalf of other members of the general public similarly situated, that (a) they entered into floorplan agreements with NextGear, each titled a "Demand Promissory Note and Security Agreement[,]" (NextGear does not dispute that each Plaintiff entered into such an agreement); (b) the floorplan agreements do not allow NextGear to charge interest before actually paying the auction houses on the Plaintiffs' behalf; (c) NextGear breached the floorplan agreements by charging interest on money not lent (NextGear concedes that it charged interest on transactions beginning on the floorplan date rather than on the date an advance was made on a dealer's behalf to an auction or other third party); and (d) as a result of NextGear's breach, Plaintiffs suffered damages in the form of improper interest charged between the floorplan date and the date of the advance.

4. **Constructive Fraud:** Plaintiffs intend to prove, individually and on behalf of other members of the general public similarly situated, that (a) NextGear owed them a duty based on its superior position and knowledge of its own interest practices and the power of attorney and guaranty it required Plaintiffs to sign; (b) NextGear violated that duty by concealing, through the documents made available to Plaintiffs, the fact that Plaintiffs would be and were being charged interest prior to money being lent; (c) Plaintiffs relied on the accuracy and completeness of the account statements, transaction reports, and other documents they received from NextGear; (d) Plaintiffs were injured as a proximate result of NextGear's concealment of its interest practices; and (e) NextGear gained an advantage at the expense of Plaintiffs as a result of its concealment of its interest practices, including by debiting money from the Plaintiffs' bank accounts under the

false pretenses of "interest" on money not lent. The facts supporting NextGear's fraud include (i) NextGear possessed information not known to the Plaintiffs with regard to the floorplan agreements and NextGear's policies and practices, including when it made payments to the auction houses, which it concealed from Plaintiffs; (ii) throughout the lending relationship, NextGear concealed the fact that the charges would accrue before payments were made on behalf of the Plaintiffs; (iii) Plaintiffs were required to execute a broad power of attorney in favor of NextGear; (iv) Plaintiffs were required to execute a personal guaranty; and (v) NextGear had free access to Plaintiffs' bank accounts and in fact debited those accounts automatically in numerous transactions.

5. **Substantive RICO:** Plaintiffs have asserted claims for violation of RICO based on NextGear, Cox Automotive, and Mr. Wick devising a scheme and artifice to defraud the Plaintiffs to obtain money and property by means of false and fraudulent pretenses and representations by charging interest to the Plaintiffs on money not actually paid by NextGear on behalf of the Plaintiffs.

With regard to the RICO Defendants "Enterprise," Plaintiffs intend to prove, individually and on behalf of other members of the general public similarly situated, (a) that the RICO Defendants are each persons within the meaning of Title 18, United States Code, Section 1961(3); (b) that the RICO Defendants conducted the affairs of an association-in-fact enterprise as that term is defined in Title 18, United States Code, Section 1961(4); (c) that the RICO Defendants' Enterprise is an ongoing, continuing group or unit of persons and entities associated together for the common purpose of maximizing profits by fraudulently charging and debiting money from accounts held by its customer used car dealers on money not lent by NextGear; (d) that the

members of the Enterprise concealed their fraudulent activity from the Plaintiffs and other members of the Class; (e) that the RICO Defendants participate in and are part of the Enterprise, but also exist separately and distinctly from the Enterprise; (f) that the Enterprise maintains a structure, in that the executive management of NextGear (including John Wick) knowingly established a uniform approach to secretly charge customers interest which NextGear itself was unauthorized to obtain because NextGear had not provided any financing to the auction houses via floorplan agreements; (g) that the Enterprise executes and carries out individual, fraudulent transactions on a daily basis, which are solicited by lower-level employees, including account executives throughout the United States; (h) that the Enterprise maintains this common and shared purpose of defrauding customers for the Enterprise's unlawful financial gain; (i) that the Enterprise maintains the same basic structure and personnel and does not take another form from the racketeering activity versus other activity; and (j) that the RICO Defendants also conduct/facilitate legitimate automobile resales and related financing which further conceal their fraudulent activity as they continue to pose as legitimate industry participants.

With regard to the RICO Defendants' predicate acts, Plaintiffs intend to prove (a) that the RICO Defendants' scheme and artifice to defraud the Plaintiffs and other members of the class, and to obtain money and property by means of false and fraudulent pretenses and representations by charging interest to the Plaintiffs and other members of the class on money not lent from NextGear to the Plaintiffs and other members of the class, constitutes "racketeering activity" within the meaning of Title 18, United States Code, Section 1961(1) as acts of mail and wire fraud pursuant to Title 18, United States Code, Section 1341 and 1343; (b) that the RICO Defendants violated the wire fraud statute, Title 18, United States Code, Section 1343, when they devised a

4

scheme and artifice to defraud the Plaintiffs and other members of the class and attempted to execute that scheme by using interstate wire communications; (c) that the RICO Defendants violated the wire fraud statute, Title 18, United States Code, Section 1343, when they obtained money from the Plaintiffs and other members of the class by means of false and fraudulent pretenses, representations, or promises and by using interstate wire communications; (d) that from in or about May 2011 continuing through at least March 2013, the RICO Defendants used and caused multiple interstate wire communications which traveled from one state to another in order to defraud the Plaintiffs and other members of the class on multiple occasions, including; (i) NextGear charging interest on purchases made by the Plaintiffs and other members of the class beginning on the floorplan date, which on certain transactions was days or weeks before NextGear made an advance, or payment, to the auction house on Plaintiffs' behalf; and (ii) NextGear debiting payment for the interest it charged to the Plaintiffs and other members of the class prior to making an advance on Plaintiffs' behalf, through electronic banking transactions; (e) that the unearned interest payments debited by NextGear from the Plaintiffs' and other class members' bank accounts were accomplished through deceptive means and constitute a scheme and artifice to defraud; and (f) that NextGear executed the scheme and artifice to defraud each and every time it electronically debited money from the Plaintiffs' and other class members' accounts when NextGear had not actually advanced any funds to the auction house on Plaintiffs' behalf for the purchase of the vehicle. Each of the aforementioned listed predicate acts constituted an act of wire fraud as provided by Title 18, United States Code, Section 1343. Each of the predicate acts constitute a "pattern of racketeering activity" within the meaning of Title 18, United States Code,

Section 1961(5) in which the RICO Defendants have engaged under Title 18, United States Code, Section 1962(c).

Finally, Plaintiffs intend to prove that as a direct and proximate result of these violations of Title 18, United States Code, Section 1962(c), the Plaintiffs and other members of the class have suffered substantial damages. Pursuant to Title 18, United States Code, Section 1964(c), Plaintiffs and other members of the class are entitled to treble damages, together with all costs of this action, plus reasonable attorneys' fees, with the RICO Defendants being jointly and severally liable for same.

                                                Respectfully submitted,

                                                */s/ Matthew M. Coman*
Catherine E. Lasky (La. Bar #28652) (*pro hac vice*)
Kerry A. Murphy (La. Bar #31382) (*pro hac vice*)
Lasky & Murphy
Girod Street
New Orleans, Louisiana 70130
Telephone: (504)
Facsimile: (504)

Gladstone N. Jones (La. Bar #22221) (*pro hac vice*)
Lynn E. Swanson (La. Bar #22650) (*pro hac vice*)
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

James M. Garner (La. Bar #19589) (*pro hac vice*)
Ryan D. Adams (La. Bar #27931) (*pro hac vice*)
Matthew M. Coman (#23613) (*pro hac vice*)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100

Facsimile: (504) 299-2300

Cassie Felder (La. Bar No. 27805) (p*ro hac vice*)
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

and

Kathleen A. DeLaney (#18604-49)
**DeLaney & Delaney LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I do hereby certify that I have, on the 26th day of April, 2017, served a copy of the foregoing upon all counsel of record by CM/ECF filing.

    */s/ Matthew M. Coman*
    Matthew M. Coman