IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>　　　Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

**DEFENDANTS' STATEMENT OF CLAIMS AND DEFENSES**

Pursuant to the Case Management Plan and the Court's Order (Doc. 144, 182), Defendants Cox Automotive, Inc. ("Cox Auto"), NextGear Capital, Inc. ("NextGear"), and John Wick[1] respectfully submit their statement of claims and defenses and legal theories to be proven at trial:

**I.　Statement of Defenses – Applicable to Individual Claims**

　　**A.　Count 1 – Violation of 18 U.S.C. § 1962(c) (Substantive RICO Claim Against Cox Auto, NextGear, and Wick)**

　　　　1.　Plaintiffs' RICO claim is based on the alleged "blacklisting" of them at auctions. (Red Barn's Supp. & Am. Resp. to Interrog. 12; Mattingly's Supp. & Am. Resp. to Interrogs. 9-12; *see also* Platinum's Supp. & Am. Resp. to

---

[1] All claims against Cox Enterprises, Inc. have been dismissed by the Court. (Doc. 186.)

Interrogs. 9-12.) However, this claim fails as a matter of law because "blacklisting" is not a predicate act of racketeering activity under RICO.

   a. Even if it were, there is no evidence any of the Defendants caused or controlled such blacklisting.

   b. Mattingly Auto Sales ("Mattingly") was reported to Auction Insurance Agency by a third-party auction in 2012. Auction Insurance Agency controls its uninsurable list, which is not a "blacklist."

2. The RICO claim fails as a matter of law because there is no evidence of a RICO enterprise or the conduct of an enterprise. None of the Plaintiffs could identify any communications among the enterprise, let alone any role each particular defendant may have had, nor was any such evidence discovered from Defendants.

3. Given their discovery responses, Plaintiffs cannot base their RICO claim on NextGear's alleged interest commencement practices. But to the extent they attempt to do so, a mail fraud claim cannot be based on "mere failure to disclose." In addition, Cox Auto and Mr. Wick were dismissed from the related contract and constructive fraud claims for lack of alleged involvement (Doc. 186), and plainly the alleged practice pre-dates any Cox Auto affiliation with or control over NextGear.

4. There is also no evidence of proximate cause in the form of transaction causation or loss causation.

5. Statute of Limitations: These claims are time-barred to the extent they rely on events prior to January 8, 2012.

B. **Count 2 – Conspiracy to Violate 18 U.S.C. § 1962(c):** This count was dismissed by Order (Doc. 186).

C. **Count 3 – Breach of Contract (Against NextGear)**[2]

1. As a matter of law, the plain language of the relevant agreements between the parties precludes Plaintiffs' claims for breach of contract.

    a. The contracts at issue do not preclude NextGear from charging interest from the date of auction and so there can be no breach of any NextGear obligation to Plaintiffs for doing so.

    b. NextGear was within its contractual rights to charge interest on all "Liabilities," and Plaintiffs incurred a Liability on the date of the vehicle purchase at auction, regardless of when NextGear paid the auction vendor behind the scenes.

    c. An "Advance" includes not only NextGear's payment of the purchase price for a vehicle, but it also encompasses NextGear's commitment to pay the third-party auction on behalf of a dealer.

2. Plaintiffs obtained the core benefit of their bargain on the date of the auction because they were able to take the inventory from the auction and attempt to resell it that same day without outlaying any money.

3. Plaintiffs each received regular statements of their Liabilities to NextGear, which became binding and definitive on those issues after 30 days, per the terms of the very same agreements Plaintiffs seek to enforce.

---

[2] The breach of contract claims against Cox Auto and Mr. Wick have been dismissed by the Court. (Doc. 186.)

    4. Statute of Limitations: Mattingly's breach of contract claim is time-barred to the extent it relies on events prior to January 8, 2010.

### D. Count 4 – Constructive Fraud (Against NextGear)[3]

1. This claim is improperly duplicative of the breach of contract claim, involving no separate injury from the alleged injury resulting from the alleged breach of contract.

2. Plaintiffs did not rely on any statements, representations, or silence of NextGear.

3. Plaintiffs have no evidence of a misrepresentation by NextGear and have admitted that no misrepresentations were made. In any event, what NextGear did behind the scenes, by agreement with the vendor, cannot have been material to dealers.

4. To the extent Plaintiffs never asked, to the extent it did not affect them, and to the extent the parties were sophisticated commercial parties in an arms-length lending relationship, NextGear had no duty to tell Plaintiffs when it settled with third-party inventory vendors after a vehicle was floor planned.

5. There is no evidence of injury where the plaintiffs got their bargain in the form of a vehicle without a cash outlay, and NextGear gained no unfair advantage from the manner in which it charged interest because it was on the hook to the auction from the date of auction.

6. Statute of Limitations: Mattingly's constructive fraud claim is time barred to the extent it relies on events prior to January 8, 2010.

---

[3] The constructive fraud claims against Cox Auto and Mr. Wick have been dismissed by the Court. (Doc. 186.)

7. Mattingly cannot proceed on its constructive fraud claim as a matter of law because it has conceded the following:

   a. The relevant interest rate and applicable fees were included in the related documentation Mattingly signed at the time of contracting with NextGear;

   b. Mattingly had no discussions with NextGear about when interest would start accruing or how auctions would be paid behind the scenes prior to signing the contract with NextGear;

   c. For almost six years, Mattingly had continuous access to balance and charge information through NextGear's online account portal;

   d. Mattingly's owner raised a concern about interest accruing on a title absent vehicle with NextGear's representatives, who confirmed it was "common practice," and Mattingly continued to borrow from NextGear after this conversation.

8. Red Barn Motors, Inc. ("Red Barn") cannot proceed on its constructive fraud claim as a matter of law because it has conceded the following:

   a. The relevant interest rate and applicable fees were included in the related documentation Red Barn signed at the time of contracting with NextGear;

   b. Red Barn had no discussions with NextGear about when interest would start accruing or how auctions would be paid behind the scenes prior to signing the contract with NextGear;

      c. Red Barn regularly printed and reviewed statements from NextGear's online account portal showing transactions and charges;

      d. Red Barn knew by at least June 2012 that NextGear began charging interest on directly-funded auction purchases on the date of the auction and continued to borrow from NextGear for at least 200 auction purchases for over eight months thereafter.

9. Platinum Motors, Inc. ("Platinum") cannot proceed on its constructive fraud claim as a matter of law because it has conceded the following:

      a. The relevant interest rate and applicable fees were included in the related documentation Platinum signed at the time of contracting with NextGear;

      b. Platinum had no discussions with NextGear about when interest would start accruing or how auctions would be paid behind the scenes prior to signing the contract with NextGear;

      c. Platinum had continuous access to its account information through the DSC website and received periodic account statements.

**E. Count 5 – Tortious Interference with Business Relationships:** This count was dismissed by Order (Doc. 186).

**F. Count 6 – Unjust Enrichment:** This count was dismissed by Order (Doc. 186).

II. **Statement of Defenses – Applicable to Multiple Claims and/or Specific Parties**

    A. Unclean Hands, Fraud, Illegal Conduct

      1. Plaintiffs each sold collateral out of trust in violation of their contracts with NextGear.

    2. Plaintiffs each defaulted on its obligations to NextGear.

    3. Platinum and Red Barn made payments to NextGear that were dishonored.

    4. Mattingly committed fraud by putting vehicles on the NextGear floor plan after selling them to consumers.

    5. Red Barn has admitted to self-dealing from the funds it borrowed from NextGear in violation of the contract.

B. Failure to Mitigate Damages: If Plaintiffs prove damages, NextGear will be entitled to a reduction in the amount of damages because Plaintiffs have no evidence that they made efforts to reduce the damages they allegedly suffered as a result of their dealings with NextGear.

C. Unjust Enrichment: Plaintiffs would be unjustly enriched by any recovery given that they received the benefit of their bargain (*i.e.*, inventory from auction) and that they failed to compensate NextGear for larger amounts owed under their admitted contracts.

D. Ratification, Waiver, and/or Estoppel: Red Barn and Mattingly have admitted that they each became aware of the manner in which NextGear charged interest and continued to borrow from NextGear for many vehicles thereafter.

E. Statute of Frauds: The parties' legally enforceable agreement is limited to the contract terms.

F. Setoff: If Plaintiffs prove damages, NextGear will be entitled to a credit in the specific amount that Mattingly and Platinum still owe under their contracts with NextGear.

    G. *Res Judicata*: Mattingly's and Platinum's claims are barred by *res judicata*. They could have brought them in the prior lawsuits NextGear brought against them but failed to do so. A fraudulent concealment argument is unavailing because:

        1. Mattingly was aware of NextGear's alleged interest practice before that suit, discussed it with NextGear personnel, and continued to borrow from NextGear following the discussion.

        2. Platinum failed to investigate NextGear's alleged practice and as a result cannot invoke the doctrine of fraudulent concealment.

    H. Lack of Standing: Platinum's corporate status is terminated. A dissolved corporation may only bring a cause of action to collect assets as part of its winding up and liquidation efforts. Barely participating in this putative class action as a named plaintiff is not part of its effort to wind up and liquidate its business and affairs. By its own admission, Platinum has ceased doing business and relies on this fact for its inability to produce complete records in response to discovery.

    I. Release and Accord and Satisfaction: As a matter of law, Barry Mattingly's signature on the January 23, 2014 Settlement Agreement between Mr. Mattingly and NextGear bars Mattingly from recovering against NextGear on all claims in this case.

## III. Conclusion

Defendants incorporate by reference their motion for summary judgment, brief in support, and supporting evidence being filed contemporaneously herewith. Defendants also reserve the right to amend this list after reviewing Plaintiffs' Statement of Claims and Defenses and/or after the Court's rulings on Plaintiffs' Motion for Class Certification (Doc. 153).

Respectfully submitted, this 26th day of April, 2017.

    *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 26th day of April, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK,<br>RANKIN & HUBBARD<br>cfelder@lawla.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

                                                *s/ Tracey K. Ledbetter*
                                                Tracey K. Ledbetter