IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>    Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation ("NextGear"), and John Wick respectfully move the Court for summary judgment on all claims in the Amended Complaint filed by Plaintiffs Red Barn Motors, Inc. ("Red Barn"), Platinum Motors, Inc. ("Platinum"), and Mattingly Auto Sales, Inc. ("Mattingly").[1]  In support of their Motion, Defendants state as follows:

1.  The Court dismissed several of Plaintiffs' claims in its Order on Defendants' Motion to Dismiss.  [Doc. 186.]  Plaintiffs did not file a Second Amended Complaint. Therefore, only the following claims remain in this case: breach of contract (against NextGear

---

[1] Former named Plaintiff Young Executive Management & Consulting Services, Inc.'s withdrawal from this case was approved by the Court by Order.  [Doc. 156.]  All claims against Defendant Cox Enterprises, Inc. were dismissed by the Court's Order on Defendants' Motion to Dismiss.  [Doc. 186.]

only); constructive fraud (against NextGear only); and violation of RICO (against Cox Automotive, Inc., NextGear, and John Wick).

2. NextGear is entitled to summary judgment on Plaintiffs' breach of contract claim because, as a matter of law, NextGear charged interest appropriately under the terms of its contracts with Plaintiffs. NextGear's understanding of its contracts is commercially reasonable, and Plaintiffs agreed by contract that the amounts they paid were correct when they failed to object to the interest charges within 30 days of receiving each account statement.

3. NextGear is entitled to summary judgment on Plaintiffs' constructive fraud claim for two reasons. First, the claim is merely duplicative of Plaintiffs' breach of contract claim. In the alternative, Plaintiffs have no evidence to prove the reliance, materiality, injury, unfair advantage, or duty elements of a constructive fraud claim.

4. Defendants are entitled to summary judgment on Plaintiffs' RICO claim for three reasons. First, the asserted basis for the RICO claim, alleged "blacklisting," does not constitute a predicate act as a matter of law. Second, there is simply no evidence in the record that any of the Defendants conducted an enterprise. Third, Plaintiffs cannot prove that the alleged racketeering activity proximately caused them damages.

5. The claims of Plaintiffs Mattingly and Platinum are barred by *res judicata*. Because the prior judgments against both Mattingly and Platinum were for recovery of principal and interest lent to them, the claims in this action should have been raised in the prior action. Having failed to raise their claims as defenses in the prior litigation, Plaintiffs are barred from raising them here. The undisputed evidence from Mattingly's and Platinum's own testimony proves that the fraudulent concealment defense to *res judicata* is unavailable to them.

6. The claims of Plaintiffs Mattingly and Platinum are barred by setoff. It is undisputed that NextGear holds judgments against both Mattingly and Platinum that far exceed the amount that they claim NextGear owes them for improper interest charges.

7. All Plaintiffs' claims are barred by their unclean hands. The evidence demonstrates that all three of the Plaintiffs defaulted on their obligations to NextGear under the contracts at issue in this case: Mattingly admitted to several violations of material contract terms such as selling collateral out of trust and fraudulently putting vehicles on its NextGear contract after selling them to customers; Red Barn admitted to making payments to NextGear that were dishonored and to self-dealing from the collateral NextGear extended through the contract; and Platinum admitted to selling cars out of trust and made payments that were dishonored.

For all of these reasons, and as more fully set forth in the accompanying Brief in Support of Defendants' Motion for Summary Judgment and Appendix to Defendants' Motion for Summary Judgment and Brief in Support, Defendants respectfully request that the Court grant the motion and enter judgment on all claims in their favor and against Plaintiffs.[2]

---

[2] As instructed by the Court's Courtroom Procedures, counsel for Defendants conferred with counsel for Plaintiffs before filing this motion. However, the schedule established by the Case Management Plan, as amended (Doc. 144, 177), appears to require the parties to file dispositive motions on the same day.

Respectfully submitted, this 26th day of April, 2017.

   *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 26th day of April, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK,<br>RANKIN & HUBBARD<br>cfelder@lawla.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

                                        *s/ Tracey K. Ledbetter*
                                        Tracey K. Ledbetter