UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

RED BARN MOTORS, INC., )
PLATINUM MOTORS, INC., )
and MATTINGLY AUTO SALES INC., )
Individually, and on behalf of )
other members of the general )
public similarly situated, )
 )
Plaintiffs, )
 )
v. ) Case No. 1:14-cv-01589-TWP-DKL
 )
COX ENTERPRISES, INC., )
COX AUTOMOTIVE, INC., )
NEXTGEAR CAPITAL, INC., )
F/K/A DEALER SERVICES )
CORPORATION, successor by )
merger with Manheim )
Automotive Financial )
Services, Inc., and )
JOHN WICK, )
 )
Defendants. )
_____)

DEPOSITION OF DAVID HOFFMAN

Deposition of David Hoffman, taken on behalf of the Plaintiffs, pursuant to the stipulations contained herein, reading and signing of the deposition being reserved, before Kesha F. Richardson, Certified Court Reporter, held at Eversheds Sutherland, 999 Peachtree Street, NE, Suite MARTA, 2424 Piedmont Road, NE, Suite 2300, Atlanta, Georgia, commencing at approximately 12:00 p.m. March 30, 2017.

**EXHIBIT F**

David Hoffman

```
 1                    APPEARANCES
 2

 3   ON BEHALF OF THE PLAINTIFFS:

 4   Catherine E. Lasky, Esq.
     LASKY MURPHY
 5   715 Girod Street, Suite 250
     New Orleans, Louisiana 70130
 6

 7   ON BEHALF OF THE DEFENDANTS:

 8   Tracey Ledbetter, Esq.
     EVERSHEDS SUTHERLAND
 9   999 Peachtree Street, N.E., Suite 2300
     Atlanta, Georgia 30309
10

11   ALSO PRESENT VIA TELEPHONE:

12   David J. Jurkiewicz, Esq.
     BOSE, MCKINNEY & EVANS, LLP
13   111 Monument Circle, Suite 2700
     Indianapolis, Indiana 46204
14

15

16

17

18

19

20

21

22

23

24

25
```

David Hoffman

1         TABLE OF CONTENTS
2
3
4   Appearances ..................................2
5   Proceedings ..................................4
6   Examination by Ms. Lasky .....................4
7   Court Reporter's Certificate ................65
8
9              EXHIBIT INDEX
10
11  Exhibit 1 ....................................5
    Exhibit 2 ...................................30
12
    Exhibit 3 ...................................49
13
    Exhibit 4 ...................................49
14

David Hoffman

| | |
|---|---|
| 1 | PROCEEDINGS |
| 2 | (BEGAN AT 12:00 PM) |
| 3 | DAVID HOFFMAN, AFTER FIRST BEING DULY SWORN, WAS |
| 4 | EXAMINED AND TESTIFIED UNDER OATH AS FOLLOWS: |
| 5 | EXAMINATION |
| 6 | BY MS. LASKY: |
| 7 | Q.   Good afternoon, Mr. Hoffman.  I'm Katie |
| 8 | Lasky.  I represent the plaintiffs in this matter, |
| 9 | and we just met a few minutes ago. |
| 10 | Who are you currently employed by? |
| 11 | A.   A firm called "Acuitas." |
| 12 | Q.   How long have you been with Acuitas? |
| 13 | A.   Four years in January. |
| 14 | Q.   And your title is managing director; is |
| 15 | that correct? |
| 16 | A.   Correct. |
| 17 | Q.   And what percentage of your practice at |
| 18 | Acuitas is expert witness engagements? |
| 19 | A.   That's difficult to answer.  I haven't |
| 20 | thought about it that way.  I'm a forensic |
| 21 | accountant, so I'm retained to do a variety of |
| 22 | different types of engagements. |
| 23 | Some of them involve providing expert |
| 24 | testimony.  Some of them do not.  I don't have a |
| 25 | percentage readily available. |

David Hoffman

1    Q.    Have you ever been tendered as a witness
2  and accepted by a court as a witness as an expert
3  in the automobile industry?
4         MS. LEDBETER:  Object to the form.
5         THE WITNESS:  It's been a long period of
6     time over which these cases have happened, so
7     I have to think back to which ones have gone
8     to trial and which ones didn't.  I just don't
9     recall as I sit here right now.
10 BY MS. LASKY:
11   Q.    Other than this opinion that it was
12 common in the industry that plaintiffs were
13 required to repay NextGear once a specifically
14 financed vehicle had been sold to a consumer or
15 upon maturity, do you plan to offer any other
16 opinions at the trial in this matter regarding
17 what is common in the automobile financing
18 industry?
19         MS. LEDBETER:  Object to the form.
20         THE WITNESS:  To the extent it becomes
21     relevant to a calculation of lost profits,
22     then I think that could be possible, if I
23     understood your question correctly.
24 BY MS. LASKY:
25   Q.    Is a calculation of lost profits

David Hoffman

1  anything unique about that calculation that's
2  specifically unique to the automobile industry?
3      A.   I'm sorry.  I don't understand your
4  question.
5      Q.   If you're calculating lost profits for
6  the automobile industry, is there anything unique
7  to that calculation that would be different from
8  calculating lost profits in any other industry?
9      A.   I think every industry has unique
10 aspects that need to be taken into account in
11 terms of evaluating damages.
12     Q.   Turning to page 5 of your report, you
13 say, "Counsel for the defendants has retained ..."
14     A.   Slow down.  I'm sorry.  Where are you at
15 on page 5?
16     Q.   The first full paragraph.
17     A.   Okay.
18     Q.   "Counsel for the defendants has retained
19 me to evaluate the plaintiffs' damages claims, and
20 to provide expert opinions related to issues
21 concerning the plaintiffs' damages claims," and
22 then you say in parentheses "apart from those
23 related to the alleged charging of improper
24 interest by NextGear to the named plaintiffs."
25        Did I read that correctly?

David Hoffman

1   A.   I believe you did, yes.
2   Q.   So, I want to make sure I understand
3   that sentence.  Are you offering any opinions on
4   the amount of improper interest allegedly charged
5   by NextGear to the named plaintiffs?
6         MS. LEDBETER:  Object to the form.
7         THE WITNESS:  I'm going to have to ask
8      you to ask again.
9         MS. LASKY:  Can you read back the
10     question?
11        THE COURT REPORTER:  "Are you offering
12     any opinions on the amount of improper
13     interest allegedly charged by NextGear to the
14     named plaintiffs."
15        THE WITNESS:  I have not been asked to
16     look at any interest issues related to the
17     named plaintiffs.
18        THE COURT REPORTER: And could you slow
19     down just a bit?  That will help.
20        MS. LASKY:  Sure.  Absolutely.
21        THE COURT REPORTER:  Thank you.
22        MS. LASKY:  Did you get his answer?
23        THE COURT REPORTER:  Yes.
24   BY MS. LASKY:
25   Q.   Are you offering any opinions -- let me

David Hoffman

1  back up for a minute.  Did you read the expert
2  report issued by Jay Cunningham?
3       A.   Yes.
4       Q.   Are you offering any opinions on his
5  report?
6       A.   Not at this time, no.
7       Q.   Are you offering any opinions on the
8  methodology used to calculate the allegedly
9  improper interest charged by NextGear to the named
10 plaintiffs?
11      A.   No.  I have not been asked to look at
12 any issues related to interest as part of this
13 engagement today.
14      Q.   Turning to the summary of your expert
15 opinions.  If the plaintiffs are not claiming lost
16 profits as damages, is there any relevance to
17 opinions 3A and B of your report?
18           MS. LEDBETER:  Object to the form.
19           THE WITNESS:  If they are not claiming
20      lost profits, I'm not sure I understand your
21      question.
22 BY MS. LASKY:
23      Q.   Let me ask it this way:  Are the
24 opinions listed in 3A and B, do they only address
25 lost profits damages if those are claimed by the

David Hoffman

1  plaintiffs?
2      A.   Let me try to answer it this way, and
3  see if I understand your question.  The damages,
4  the categories of damages claimed in the complaint
5  are listed on page 6 of my report, and the types
6  of damages that are being claimed are, as I wrote,
7  in my experience and based on my understanding of
8  calculations and damages measured as lost profits.
9      Q.   Okay.  Let me ask it this way:  Can the
10 damages claimed on page 6 of your report that
11 you've listed, are you offering an opinion on
12 whether improper interest charged is included in
13 the list of damages claimed by plaintiffs that you
14 list on pages 6?
15         MS. LEDBETER:  Object to the form.
16         THE WITNESS:  I'm sorry.  I didn't
17     follow you.
18 BY MS. LASKY:
19     Q.   You just told me that based on your
20 review of the amended complaint, that you believe
21 that the damages plaintiffs are claiming are lost
22 profits damages; is that correct?
23     A.   Generally, in my experience, that's how
24 these categories, some of these categories of
25 claimed damages are measured is by evaluating lost

David Hoffman

1  profits.
2          MS. LEDBETER:  And just for the record,
3     you're pointing to the list on page 6 of your
4     report.
5          THE WITNESS:  A correct.
6  BY MS. LASKY:
7      Q.   And my question is:  Are you offering an
8  opinion in this matter that the list of damages on
9  page 6 of your report that you pulled from the
10 verified amended complaint, whether that can or
11 cannot include the improper interest allegedly
12 charged?
13         MS. LEDBETER:  Object to form.
14         THE WITNESS:  I know the plaintiffs are
15    alleging they have been damaged related to
16    issues surrounding interest, but I have not
17    been asked to evaluate, at this time,
18    anything related to interest.
19 BY MS. LASKY:
20     Q.   Including whether the interest would be
21 included in the types of damages listed in the
22 verified amended complaint; correct?
23     A.   I'm sorry.  I just don't understand your
24 question.  I apologize.
25     Q.   You've testified that it's your opinion

David Hoffman

1  that the types of damages listed in Paragraph 126
2  of the verified amended complaint are lost profits
3  damages; is that correct?
4      A.   I wrote and opined that these categories
5  of damages are typically measured by evaluating
6  lost profits, yes.
7      Q.   Could there be any other measurement of
8  these categories of damages?
9      A.   Perhaps, we should take them one by one,
10 and if you can be more specific, because I'm
11 having a hard time following you.
12     Q.   If you look at Category C in the list on
13 page 6, it says, "Property loss to include money."
14          Is it your opinion that, that category
15 could include the improper interest allegedly
16 charged?
17          MS. LEDBETER:  Object to form.
18          THE WITNESS:  I don't know what the
19     person that drafted the complaint had in mind
20     when the wrote "property loss to include
21     money."
22 BY MS. LASKY:
23     Q.   But you are offering an opinion on what
24 the person who drafted the complaint meant when
25 they drafted the entirety of Paragraph 126 to