UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| RED BARN MOTORS, INC., | * | DOCKET NO. 1:14-cv-01589-TWP-DKL |
| PLATINUM MOTORS, INC., | * | |
| MATTINGLY AUTO SALES, INC., | * | CLASS ACTION |
| YOUNG EXECUTIVE MANAGEMENT | * | Jury Trial Demanded |
| & CONSULTING SERVICES, INC., | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated | * | |
| | * | |
| v. | * | |
| | * | |
| COX ENTERPRISES, INC., | * | |
| COX AUTOMOTIVE, INC., | * | |
| NEXTGEAR CAPITAL, INC., | * | |
| F/K/A DEALER SERVICES | * | |
| CORPORATION, successor by merger | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK | * | |
| | * | |

********************************************************************

**RED BARN MOTOR, INC.'S RESPONSES TO
NEXTGEAR CAPITAL, INC.'S FIRST SET OF INTERROGATORIES**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Red Barn Motors, Inc. ("Red Barn"), which, pursuant to Federal Rule of Civil Procedure 33, responds and objects to the First Set of Interrogatories from NextGear Capital, Inc. ("NextGear/DSC") as follows:

### GENERAL OBJECTIONS

1.      In answering these discovery requests, Red Barn has attempted to describe the facts as are presently known to it at this early stage of litigation. As discovery progresses and Red Barn and the other Plaintiffs proceed in the preparation of their case, Red Barn reserves the right to supplement, revise, amend, or clarify its discovery responses.

# EXHIBIT 2

**INTERROGATORY NO. 6:**

Describe in detail all facts, including all communications, supporting Your contention that Defendants agreed or represented that they would not charge interest or fees until vehicle purchases were funded, and identify each and every person with knowledge of facts supporting the same.

**RESPONSE TO INTERROGATORY NO. 6:**

Red Barn objects to Interrogatory No. 6 on the grounds that it seeks information that is in Defendants' control and possession or to which Defendants have superior access. Subject to the foregoing specific and general objections, Red Barn responds that during its communications with NextGear/DSC, to include Account Executive Stuart LaBauve, NextGear/DSC concealed from Red Barn that interest or fees would be charged before money was actually lent under the Floorplan Agreement. Eventually, Devon London confronted Stuart LaBauve following Devon London's suspicion that the Defendants were, in fact, charging interest and fees on money not actually lent. In turn, Stuart LaBauve admitted that the Defendants were charging interest and fees on money not actually lent. Red Barn further responds that Donald Richardson, Devon London, and Sharon Roach have knowledge of facts relating to the representations made to them by NextGear/DSC.

**INTERROGATORY NO. 7:**

Identify each and every person with knowledge of facts supporting the allegation in Paragraph 44 of the Amended Complaint that "[e]ven when Red Barn delayed its decision to use the line of credit provided by NextGear/DSC to purchase vehicles from these auctions, NextGear/DSC backdated the withdrawal on the line of credit to the date on which Red Barn purchased a vehicle, and charged interest and curtailment fees from that backdated date."

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| RED BARN MOTORS, INC., <br> PLATINUM MOTORS, INC., <br> MATTINGLY AUTO SALES, INC., <br> YOUNG EXECUTIVE MANAGEMENT <br> & CONSULTING SERVICES, INC., <br> Individually, and on behalf of other <br> members of the general public <br> similarly situated <br><br> v. <br><br> COX ENTERPRISES, INC., <br> COX AUTOMOTIVE, INC., <br> NEXTGEAR CAPITAL, INC., <br> F/K/A DEALER SERVICES <br> CORPORATION, successor by merger <br> with Manheim Automotive Financial <br> Services, Inc., and JOHN WICK | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | DOCKET NO. 1:14-cv-01589-TWP-DKL <br><br> CLASS ACTION <br> Jury Trial Demanded |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFICATION

PERSONALLY APPEARED before me, the undersigned agent duly authorized by law to administer oaths, Devon London, who, after being sworn, deposes and says, based on his personal knowledge and the documents and information available to him, that the factual statements relating to Red Barn Motors, Inc.'s Responses and Objections to Defendants' First Set of Interrogatories are true and correct to the best of his knowledge, information, and belief.

*[signature on following page]*

                                                                              _____
                                                                              DEVON LONDON

Sworn to and subscribed before me,
This 21st day of October, 2016

_____
CASSIE E. FELDER
Notary Public, Bar # 27805
9311 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70810
cfelder@lawla.com
(225) 291-1990

Cassie E. Felder, Notary Public,
State of Louisiana
My Commission expires at death.
La. Bar Roll #27805

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### (Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **YOUNG EXECUTIVE MANAGEMENT** | * | **Jury Trial Demanded** |
| **& CONSULTING SERVICES, INC.,** | * | |
| Individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated | * | |
| | * | |
| **v.** | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### RED BARN MOTORS, INC.'S
### SUPPLEMENTAL AND AMENDED RESPONSES
### TO NEXTGEARCAPITAL, INC.'S FIRST SET OF INTERROGATORIES

NOW INTO COURT, through undersigned counsel, comes plaintiff, Red Barn Motors, Inc. ("Red Barn"), which, pursuant to Federal Rule of Civil Procedure 33, provides these supplemental and amended responses to the First Set of Interrogatories from NextGear Capital, Inc. ("NextGear/DSC") as follows. The general objections set forth in Red Barn's original responses dated September 16, 2016, along with the responses contained therein and not amended below, are incorporated herein by reference.

the Defendants to the Deposition Testimony of Red Barn's Corporate Representative, Devon London, wherein First Choice representatives confirmed First Choice seized Red Barn's property at the direction of the Defendants after the Defendants succeeded in defrauding Red Barn as detailed in the Amended Complaint.

**INTERROGATORY NO. 12:**

Describe in detail all facts supporting the allegation in Paragraph 116 of the Amended Complaint that Defendants agreed to conduct or participate in the conduct, management, and/or operation of a RICO enterprise's affairs. Include in your response facts supporting this allegation as it relates to each Defendant individually.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**

Red Barn objects to Interrogatory No. 12 on the grounds that it is premature at this early stage of litigation. Red Barn also objects on the grounds that it is overly broad and unduly burdensome and insofar as it seeks information that is in Defendants' control or possession or to which Defendants have superior access. Subject to the foregoing specific and general objections, Red Barn responds at this stage by directing the Defendants to Rec. Doc. No. 89-2, and specifically paragraphs 3, 4, and 98. As set forth therein, Cox Automotive, Inc. owns NextGear, as well as Manheim and other companies, and Cox Enterprises, Inc. owns Cox Automotive as well as other Cox entities. The Defendants used the auctions which they own, along with their relationships with other auctions, to blacklist Plaintiffs, including Red Barn, through inclusion in the K.O. book and other means, from participating in auctions where it had previously purchased vehicles. Further responding, Red Barn directs the Defendants to the Deposition Testimony of Red Barn's Corporate Representative, Devon London.