IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., MATTINGLY AUTO SALES, INC., and YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>    Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

## SECOND AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) OF PLAINTIFF RED BARN MOTORS, INC.

Defendant NextGear Capital, Inc. ("NextGear"), by and through its counsel, hereby gives notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure that it will take the deposition(s) by oral testimony of the representative(s) of Plaintiff Red Barn Motors, Inc. ("Red Barn") designated by Red Barn to testify on its behalf as the person(s) most competent to testify concerning the matters identified in the attached Exhibit A. The deposition will take place on October 25, 2016, at the offices of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 9311 Bluebonnet Boulevard, Suite A, Baton Rouge, LA 70810, commencing at 9:00 a.m., or at a time and place mutually agreeable to the parties.

1

# EXHIBIT 5

The deposition(s) will be conducted before an officer, notary public, or other person duly authorized to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time transcription means. The deposition(s) will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Indiana.

NextGear requests that at least seven (7) days before the deposition, Red Barn provide a written designation of the names and positions of the officers, directors, owners, agents, or other persons who are most competent to testify concerning the matters set forth in Exhibit A, and, for each such person designated, the matters on which he or she will testify. The deposition(s) will continue from day to day until completed.

*Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E., Suite 2300
Atlanta, GA 30309
(404) 853-8000
(404) 853-8806 fax
jason.mccarter@sutherland.com
tracey.ledbetter@sutherland.com

*Attorneys for Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

2

## Exhibit A

### Deposition Topics

1. The terms of any contract or agreement between Red Barn Motors, Inc. ("Red Barn" or "You") and NextGear Capital, Inc. ("NextGear").

2. The facts and circumstances relating to Red Barn's understanding of the terms of any contract or agreement between Red Barn and NextGear, including terms related to charging of interest and/or curtailment fees.

3. The facts and circumstances relating to any communications or representations between any Defendant and Red Barn or any of their representatives concerning the floor plan agreement with NextGear, amounts charged pursuant to the floor plan agreement, interest rates and/or curtailment fees, and/or the parties' interaction with auto auctions, including facts and circumstances relating to Red Barn's reliance on such communications or representations.

4. The mechanics by which Red Barn purchases vehicles at auction using a floor plan agreement with NextGear.

5. Red Barn's standard practices for making payments to NextGear, including any access to, or review or use of, NextGear's online systems and finance programs.

6. The identities and roles of all individuals involved in the day-to-day business operations of Red Barn from January 1, 2011 to the present.

7. Any financing arrangements Red Barn has had with any financing company, auction, or other third party since December 3, 2007, including the transaction history and current status of that arrangement.

8. Any information provided by NextGear to Red Barn regarding Red Barn's account.

9. The facts and circumstances relating to any transactions in which NextGear allegedly charged interest or curtailment fees to and/or collected interest or curtailment fees from Red Barn even though it did not provide financing for the vehicle at issue.

10. The facts and circumstances related to any alleged "backdating of withdrawals" on Red Barn's line of credit with NextGear, including when and how You discovered the alleged backdating.

11. The facts and circumstances relating to any fraudulent interest or curtailment fee charges you allege have been charged by NextGear to Red Barn, including when and how You discovered the allegedly fraudulent charges.

12. The basis for Your contention that NextGear improperly charges or collects interest and/or curtailment fees from dealers.

3

13. The facts and circumstances relating to amounts owed by Red Barn to NextGear, Red Barn's failure to pay for vehicles and/or other contractual defaults, and/or Red Barn's bankruptcy, including any communications involving Red Barn or its representatives concerning these topics.

14. The facts and circumstances relating to any alleged blacklisting of Red Barn by any of the Defendants, including how and when You discovered the alleged blacklisting.

15. The facts and circumstances relating to any attempts by any of the Defendants to prohibit Red Barn from participating in any auction or otherwise interfere with Red Barn's business relationships.

16. The facts and circumstances relating to any communications between any Defendant and Red Barn or any of their representatives concerning Red Barn's participation in auctions, any alleged blacklisting of Red Barn, or any other alleged interference with Red Barn's business relationships.

17. The facts and circumstances relating to Red Barn's bankruptcy filing and corporate wind down, including any documents filed, obtained, or produced in the bankruptcy proceeding.

18. The facts and circumstances relating to the alleged seizure of vehicles from Red Barn by First Choice Auto Auction LLC or by any Defendant.

19. The facts and circumstances relating to each Defendant's alleged participation in the conduct of a RICO enterprise's affairs, each Defendant's agreement to participate in such conduct, and each Defendant's role in the alleged RICO enterprise.

20. The facts and circumstances supporting Red Barn's position that it received no benefit resulting from NextGear's commitment to pay auctions on Red Barn's behalf.

21. Any benefit conferred by Red Barn on Cox Enterprises, Inc., Cox Automotive, Inc., or John Wick.

22. The facts and circumstances relating to any damages allegedly suffered by Red Barn.

23. The facts and circumstances relating to any actions taken by Red Barn to mitigate its damages.

24. The facts and circumstances relating to any documents produced in this litigation including specifically, but not limited to, all account statements showing allegedly fraudulent, improper, or incorrect interest charges or curtailment fees.

25. The facts and circumstances relating to any communications between Red Barn and its representatives and the other Plaintiffs and their representatives.

26. The facts and circumstances relating to the class allegations in Your Verified Amended Complaint (Doc. 117), including without limitation Paragraphs 79-93 of Your Verified Amended Complaint.

27. The factual assertions and allegations in, and exhibits to, any document filed on Your behalf in this action, including without limitation Plaintiffs' Verified Amended Complaint (Doc. 117), Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Complaint (Doc. 135), and any class certification or summary judgment briefing.

28. The factual assertions and allegations in, and exhibits to, any document filed by Defendants in this action, including without limitation Defendants' Motion to Dismiss Amended Complaint (Doc. 126) and Brief in Support (Doc. 127), and any class certification or summary judgment briefing.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Amended Notice of Deposition Pursuant to Rule 30(b)(6) of Plaintiff Red Barn Motors, Inc. has been served upon the following counsel of record via email and first class mail, U.S. postage prepaid, this 21st day of October, 2016:

Cassie E. Felder
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
9311 Bluebonnet Boulevard, Suite A
Baton Rouge, LA 70810

James M. Garner
Ryan D. Adams
Matthew M. Coman
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
909 Poydras Street, Suite 2800
New Orleans, LA 70112

Gladstone N. Jones, III
Lynn E. Swanson
Kerry A. Murphy
JONES, SWANSON, HUDDELL & GARRISON, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130

Kathleen A. DeLaney
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205

_Tracey K. Ledbetter_
Tracey K. Ledbetter

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., MATTINGLY AUTO SALES, INC., and YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

## AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) OF PLAINTIFF MATTINGLY AUTO SALES, INC.

Defendant NextGear Capital, Inc. ("NextGear"), by and through its counsel, hereby gives notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure that it will take the deposition(s) by oral testimony of the representative(s) of Plaintiff Mattingly Auto Sales, Inc. ("Mattingly") designated by Mattingly to testify on its behalf as the person(s) most competent to testify concerning the matters identified in the attached Exhibit A.  The deposition will take place on October 19, 2016, at the offices of Frost Brown Todd LLC, 400 West Market Street, 32nd Floor, Louisville, KY 40202, commencing at 9:00 a.m., or at a time and place mutually agreeable to the parties.

1

The deposition(s) will be conducted before an officer, notary public, or other person duly authorized to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time transcription means. The deposition(s) will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Indiana.

NextGear requests that at least seven (7) days before the deposition, Mattingly provide a written designation of the names and positions of the officers, directors, owners, agents, or other persons who are most competent to testify concerning the matters set forth in Exhibit A, and, for each such person designated, the matters on which he or she will testify. The deposition(s) will continue from day to day until completed.

*Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E., Suite 2300
Atlanta, GA 30309
(404) 853-8000
(404) 853-8806 fax
jason.mccarter@sutherland.com
tracey.ledbetter@sutherland.com

*Attorneys for Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

2

## Exhibit A

## Deposition Topics

1. The terms of any contract or agreement between Mattingly Auto Sales, Inc. ("Mattingly" or "You") and NextGear Capital, Inc. ("NextGear").

2. The facts and circumstances relating to Mattingly's understanding of the terms of any contract or agreement between Mattingly and NextGear, including terms related to charging of interest and/or curtailment fees.

3. The facts and circumstances relating to any communications or representations between any Defendant and Mattingly or any of their representatives concerning the floor plan agreement with NextGear, amounts charged pursuant to the floor plan agreement, interest rates and/or curtailment fees, and/or the parties' interaction with auto auctions, including facts and circumstances relating to Mattingly's reliance on such communications or representations.

4. The mechanics by which Mattingly purchases vehicles at auction using a floor plan agreement with NextGear.

5. Mattingly's standard practices for making payments to NextGear, including any access to, or review or use of, NextGear's online systems and finance programs.

6. The identities and roles of all individuals involved in the day-to-day business operations of Mattingly from January 1, 2009 to the present.

7. Any financing arrangements Mattingly has had with any financing company, auction, or other third party since December 3, 2007, including the transaction history and current status of that arrangement.

8. Any information provided by NextGear to Mattingly regarding Mattingly's account.

9. The facts and circumstances relating to any transactions in which NextGear allegedly charged interest or curtailment fees to and/or collected interest or curtailment fees from Mattingly even though it did not provide financing for the vehicle at issue.

10. The facts and circumstances relating to any fraudulent interest or curtailment fee charges you allege have been charged by NextGear to Mattingly, including when and how You discovered the allegedly fraudulent charges.

11. The basis for Your contention that NextGear improperly charges or collects interest and/or curtailment fees from dealers.

12. The facts and circumstances relating to amounts owed by Mattingly to NextGear and Mattingly's failure to pay for vehicles and/or other contractual defaults, including any communications involving Mattingly or its representatives concerning these topics.

3

13. The facts and circumstances relating to any alleged blacklisting of Mattingly by any of the Defendants, including how and when You discovered the alleged blacklisting.

14. The facts and circumstances relating to any attempts by any of the Defendants to prohibit Mattingly from participating in any auction or otherwise interfere with Mattingly's business relationships.

15. The facts and circumstances relating to any communications between any Defendant and Mattingly or any of their representatives concerning Mattingly's participation in auctions, any alleged blacklisting of Mattingly, or any other alleged interference with Mattingly's business relationships.

16. The facts and circumstances relating to *NextGear Capital, Inc. v. Mattingly Auto Sales Inc.*, No. 29D02-1211-CC-012010, filed in the Hamilton Superior Court on June 6, 2013, including any documents filed, obtained, or produced in this proceeding.

17. The facts and circumstances relating to the investigation of Mattingly and/or its owners or officers by any federal, state, or local government agency.

18. The facts and circumstances relating to each Defendant's alleged participation in the conduct of a RICO enterprise's affairs, each Defendant's agreement to participate in such conduct, and each Defendant's role in the alleged RICO enterprise.

19. The facts and circumstances supporting Mattingly's position that it received no benefit resulting from NextGear's commitment to pay auctions on Mattingly's behalf.

20. Any benefit conferred by Mattingly on Cox Enterprises, Inc., Cox Automotive, Inc., or John Wick.

21. The facts and circumstances relating to any damages allegedly suffered by Mattingly.

22. The facts and circumstances relating to any actions taken by Mattingly to mitigate its damages.

23. The facts and circumstances relating to any documents produced in this litigation including specifically, but not limited to, all account statements showing allegedly fraudulent, improper, or incorrect interest charges or curtailment fees.

24. The facts and circumstances relating to any communications between Mattingly and its representatives and the other Plaintiffs and their representatives.

25. The facts and circumstances relating to the class allegations in Your Verified Amended Complaint (Doc. 117), including without limitation Paragraphs 79-93 of Your Verified Amended Complaint.

26. The factual assertions and allegations in, and exhibits to, any document filed on Your behalf in this action, including without limitation Plaintiffs' Verified Amended Complaint

4

(Doc. 117), Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Complaint (Doc. 135), and any class certification or summary judgment briefing.

27. The factual assertions and allegations in, and exhibits to, any document filed by Defendants in this action, including without limitation Defendants' Motion to Dismiss Amended Complaint (Doc. 126) and Brief in Support (Doc. 127), and any class certification or summary judgment briefing.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Amended Notice of Deposition Pursuant to Rule 30(b)(6) of Plaintiff Mattingly Auto Sales, Inc. has been served upon the following counsel of record via email and first class mail, U.S. postage prepaid, this 6th day of October, 2016:

    Cassie E. Felder
    LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
    9311 Bluebonnet Boulevard, Suite A
    Baton Rouge, LA 70810

    James M. Garner
    Ryan D. Adams
    Matthew M. Coman
    SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
    909 Poydras Street, Suite 2800
    New Orleans, LA 70112

    Gladstone N. Jones, III
    Lynn E. Swanson
    Kerry A. Murphy
    JONES, SWANSON, HUDDELL & GARRISON, LLC
    601 Poydras Street, Suite 2655
    New Orleans, LA 70130

    Kathleen A. DeLaney
    DELANEY & DELANEY LLC
    3646 North Washington Boulevard
    Indianapolis, IN 46205

*Tracey K. Ledbetter*
Tracey K. Ledbetter

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., MATTINGLY AUTO SALES, INC., and YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>  Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

## AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) OF PLAINTIFF PLATINUM MOTORS, INC.

Defendant NextGear Capital, Inc. ("NextGear"), by and through its counsel, hereby gives notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure that it will take the deposition(s) by oral testimony of the representative(s) of Plaintiff Platinum Motors, Inc. ("Platinum") designated by Platinum to testify on its behalf as the person(s) most competent to testify concerning the matters identified in the attached Exhibit A. The deposition will take place on December 6, 2016, at the offices of Tayloe Court Reporting LLC, Crown Center – Suite 201, 580 East Main Street, Norfolk, VA 23510, commencing at 9:00 a.m., or at a time and place mutually agreeable to the parties.

The deposition(s) will be conducted before an officer, notary public, or other person duly authorized to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time transcription means. The deposition(s) will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Indiana.

NextGear requests that at least seven (7) days before the deposition, Platinum provide a written designation of the names and positions of the officers, directors, owners, agents, or other persons who are most competent to testify concerning the matters set forth in Exhibit A, and, for each such person designated, the matters on which he or she will testify. The deposition(s) will continue from day to day until completed.

*Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E., Suite 2300
Atlanta, GA 30309
(404) 853-8000
(404) 853-8806 fax
jason.mccarter@sutherland.com
tracey.ledbetter@sutherland.com

*Attorneys for Defendants Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

2

## Exhibit A

## Deposition Topics

1. The terms of any contract or agreement between Platinum Motors, Inc. ("Platinum" or "You") and NextGear Capital, Inc. ("NextGear").

2. The facts and circumstances relating to Platinum's understanding of the terms of any contract or agreement between Platinum and NextGear, including terms related to charging of interest and/or curtailment fees.

3. The facts and circumstances relating to any communications or representations between any Defendant and Platinum or any of their representatives concerning the floor plan agreement with NextGear, amounts charged pursuant to the floor plan agreement, interest rates and/or curtailment fees, and/or the parties' interaction with auto auctions, including facts and circumstances relating to Platinum's reliance on such communications or representations.

4. The mechanics by which Platinum purchases vehicles at auction using a floor plan agreement with NextGear.

5. Platinum's standard practices for making payments to NextGear, including any access to, or review or use of, NextGear's online systems and finance programs.

6. The identities and roles of all individuals involved in the day-to-day business operations of Platinum from January 1, 2011 to the present.

7. Any financing arrangements Platinum has had with any financing company, auction, or other third party since December 3, 2007, including the transaction history and current status of that arrangement.

8. Any information provided by NextGear to Platinum regarding Platinum's account.

9. The facts and circumstances relating to any transactions in which NextGear allegedly charged interest or curtailment fees to and/or collected interest or curtailment fees from Platinum even though it did not provide financing for the vehicle at issue.

10. The facts and circumstances relating to any fraudulent interest or curtailment fee charges you allege have been charged by NextGear to Platinum, including when and how You discovered the allegedly fraudulent charges.

11. The basis for Your contention that NextGear improperly charges or collects interest and/or curtailment fees from dealers.

12. The facts and circumstances relating to amounts owed by Platinum to NextGear and Platinum's failure to pay for vehicles and/or other contractual defaults, including any communications involving Platinum or its representatives concerning these topics.

3

13.  The facts and circumstances relating to any alleged blacklisting of Platinum by any of the Defendants, including how and when You discovered the alleged blacklisting.

14.  The facts and circumstances relating to any attempts by any of the Defendants to prohibit Platinum from participating in any auction or otherwise interfere with Platinum's business relationships.

15.  The facts and circumstances relating to any communications between any Defendant and Platinum or any of their representatives concerning Platinum's participation in auctions, any alleged blacklisting of Platinum, or any other alleged interference with Platinum's business relationships.

16.  The facts and circumstances relating to *NextGear Capital, Inc. v. Platinum Motors Inc.*, No. 29D01-1206-CC-006345, filed in the Hamilton Superior Court on February 12, 2014, including any documents filed, obtained, or produced in this proceeding.

17.  The facts and circumstances relating to each Defendant's alleged participation in the conduct of a RICO enterprise's affairs, each Defendant's agreement to participate in such conduct, and each Defendant's role in the alleged RICO enterprise.

18.  The facts and circumstances supporting Platinum's position that it received no benefit resulting from NextGear's commitment to pay auctions on Platinum's behalf.

19.  Any benefit conferred by Platinum on Cox Enterprises, Inc., Cox Automotive, Inc., or John Wick.

20.  The facts and circumstances relating to any damages allegedly suffered by Platinum.

21.  The facts and circumstances relating to any actions taken by Platinum to mitigate its damages.

22.  The facts and circumstances relating to any documents produced in this litigation including specifically, but not limited to, all account statements showing allegedly fraudulent, improper, or incorrect interest charges or curtailment fees.

23.  The facts and circumstances relating to any communications between Platinum and its representatives and the other Plaintiffs and their representatives.

24.  The facts and circumstances relating to the class allegations in Your Verified Amended Complaint (Doc. 117), including without limitation Paragraphs 79-93 of Your Verified Amended Complaint.

25.  The factual assertions and allegations in, and exhibits to, any document filed on Your behalf in this action, including without limitation Plaintiffs' Verified Amended Complaint (Doc. 117), Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Complaint (Doc. 135), and any class certification or summary judgment briefing.

26. The factual assertions and allegations in, and exhibits to, any document filed by Defendants in this action, including without limitation Defendants' Motion to Dismiss Amended Complaint (Doc. 126) and Brief in Support (Doc. 127), and any class certification or summary judgment briefing.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Amended Notice of Deposition Pursuant to Rule 30(b)(6) of Plaintiff Platinum Motors, Inc. has been served upon the following counsel of record via email and first class mail, U.S. postage prepaid, this 1st day of December, 2016:

>Cassie E. Felder
>LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
>9311 Bluebonnet Boulevard, Suite A
>Baton Rouge, LA 70810
>
>James M. Garner
>Ryan D. Adams
>Matthew M. Coman
>Jacob A. Airey
>SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
>909 Poydras Street, Suite 2800
>New Orleans, LA 70112
>
>Gladstone N. Jones, III
>Lynn E. Swanson
>Kerry A. Murphy
>Catherine E. Lasky
>JONES, SWANSON, HUDDELL & GARRISON, LLC
>601 Poydras Street, Suite 2655
>New Orleans, LA 70130
>
>Kathleen A. DeLaney
>DELANEY & DELANEY LLC
>3646 North Washington Boulevard
>Indianapolis, IN 46205

_Tracey K. Ledbetter_
Tracey K. Ledbetter