IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>　　　　Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

## **DECLARATION OF JOHN WICK**

1.　I am over twenty-one years of age, of sound mind, and competent to make this declaration.

2.　I currently serve as the Senior Vice President of Lending and International Operations for Defendant NextGear Capital, Inc. (f/k/a Dealer Services Corporation, or DSC) ("NextGear"). Before that, I was General Counsel and Secretary of NextGear for several years. I have been with the company since it started in March 2005. In those roles I have been responsible for, among other things, providing legal advice to the company and participating in general executive management of the company. As such, I am familiar with our floor plan products and related charges and default practices. This Declaration is based on my own personal knowledge, in reliance on the regular practices and procedures of NextGear, and on the records maintained by NextGear.

3.　During my career at NextGear, I never directed its operations regarding sales representations or interest calculations or default reporting (e.g. to Auction Insurance Agency) for individual borrower accounts, nor did I direct the operational timing of funding for particular auctions. Any involvement on those issues was limited to privileged communications, where legal advice was sought or provided, in my prior role as General Counsel for the company.

4.　Before Cox Automotive, Inc. acquired DSC in 2012, DSC was not affiliated with any auction company, and neither myself nor DSC ever coordinated with anyone at Cox Automotive how DSC calculated interest and fees or how DSC should interact with Auction

**EXHIBIT 19**

Insurance Agency. Those issues may have been discussed generally in due diligence prior to that acquisition, but no changes were made to the alleged NextGear practices at issue in this case.

5. I have never operated, managed, participated in, or conducted a RICO enterprise. I have also never committed any act of racketeering as defined in 28 U.S.C. § 1961(1).

6. Prior to this lawsuit, I had never heard of Red Barn Motors, Inc., Mattingly Auto Sales, Inc., or Platinum Motors, Inc.; I had never discussed any of them in any way with Auction Insurance Agency or in relation to Auction Insurance Agency's uninsurable list; and had never taken any steps to prevent any of them from participating in auctions where they might purchase vehicles.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate to the best of my knowledge.

This 25 day of April, 2017.

_____
John Wick