UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:14-cv-01589-TWP-DKL ) |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., and JOHN WICK, | ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**

This matter is before the Court on a Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion for Class Certification filed by Defendants NextGear Capital, Inc., Cox Enterprises, Inc., Cox Automotive, Inc., and John Wick (collectively, "Defendants") (Filing No. 166). For the following reasons, the Court **DENIES** the Defendants' Motion for Leave to File Surreply.

The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). However, "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id.* (citation

omitted).  Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response.  *See, e.g.*, *id.*; *Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161, at *4–5 (S.D. Ind. Feb. 12, 2014).

The Plaintiffs entered into agreements with Defendant NextGear Capital, formerly known as Dealer Services Corporation, which provided lines of credit for financing the Plaintiffs' used car dealership operations.  When the Plaintiffs discovered that they had been charged fees and interest on money that had not yet actually been loaned, they initiated this litigation, asserting claims for breach of contract, constructive fraud, tortious interference with business relationships, unjust enrichment, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and RICO conspiracy.  Following the Defendants' motion to dismiss the Plaintiffs' Amended Complaint, the Court entered an Order narrowing the claims ([Filing No. 186](#)).

The Plaintiffs filed their Motion for Class Certification on September 30, 2016 ([Filing No. 153](#)), and Defendants filed their Response Brief on October 31, 2016 ([Filing No. 160](#)).  On November 15, 2016, the Plaintiffs filed their Reply Brief, wherein the Plaintiffs revised their proposed class to narrow the definition of the class ([Filing No. 165 at 2](#)).  On December 5, 2016, the Defendants filed their Motion for Leave to File Surreply, asserting that the Reply Brief "contained a new proposed class definition and cited new evidence not relied upon in their initial motion." ([Filing No. 166 at 1](#).)  The Defendants further assert, "A sur-reply memorandum is necessary to respond to these material changes Plaintiffs made to the scope of their motion for class certification and will assist the Court in resolving the motion." *Id.* at 2.  The Plaintiffs did not respond to the Defendants' Motion for Leave to File Surreply.

The Court has carefully reviewed the parties' briefing for the motion for class certification, including the Defendants' proposed surreply brief. The Defendants include phrases throughout their proposed surreply brief such as "even in the newly-defined class," "[d]espite having narrowed their proposed class," and "Plaintiffs' newly-proposed class." However, even with these phrases scattered throughout the brief, the proposed surreply is simply a rehash of the Defendants' Response Brief. The proposed brief does not substantively address the Plaintiffs' newly-proposed narrower class or the evidence raised in the Plaintiffs' Reply Brief. It appears that the proposed surreply brief is an attempt by the Defendants to "get the final word." This is not a proper purpose for a surreply brief. As such, the Court **DENIES** the Defendants' Motion for Leave to File Surreply (Filing No. 166).

    **SO ORDERED.**

Date: 05/05/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Joshua P. Melder
CASSIE FELDER & ASSOCIATES, LLC
joshua@felderllc.com

Catherine E. Lasky
JONES SWANSON HUDDELL &
GARRISON, LLC
klasky@jonesswanson.com

Gladstone N. Jones
JONES SWANSON HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL &
GARRISON, LLC
kmurphy@jonesswanson.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL&
GARRISON, LLC
lswanson@jonesswanson.com

| | |
|---|---|
| Kathleen Ann DeLaney<br>DELANEY & DELANEY LLC<br>kathleen@delaneylaw.net | Matthew M. Coman<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT LLC<br>mcoman@shergarner.com |
| Jason S. McCarter<br>SUTHERLAND ASBILL & BRENNAN LLP<br>jason.mccarter@sutherland.com | Ryan D. Adams<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT LLC<br>radams@shergarner.com |
| Tracey K. Ledbetter<br>SUTHERLAND ASBILL & BRENNAN LLP<br>tracey.ledbetter@sutherland.com | James M. Garner<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, LLC<br>jgarner@shergarner.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK, RANKIN<br>& HUBBARD<br>cfelder@lawla.com | Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, LLC.<br>jairey@shergarner.com |