IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, <br><br> Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

**DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
NOTICE OF ADDITIONAL AUTHORITY REGARDING CLASS CERTIFICATION**

Less than three weeks before Defendants filed their Notice of Additional Authority [Doc. 204], Plaintiffs moved for partial summary judgment and squarely argued for the first time, in a case pending for almost three years, that the contracts at issue are ambiguous, instead of expressly in their favor. In their brief, Plaintiffs misrepresented to the Court and to the Defendants that Indiana contract law distinguishes between patent and latent ambiguities and makes extrinsic evidence irrelevant in the former case.[1] (Pls.' MPSJ Br. [Doc. 195] at 16-17.) In analyzing and researching their response to Plaintiffs' summary judgment brief, which response is not due until May 24, 2017, Defendants discovered Plaintiffs' misstatement of

---

[1] The authority in the Notice demonstrates that Plaintiffs' statement of Indiana law was incorrect, *see Univ. of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 535 (Ind. 2006), and the issue will be argued further in NextGear's forthcoming opposition to Plaintiffs' Motion for Partial Summary Judgment.

Indiana law, researched the consequences for class certification, and filed the Notice of Additional Authority as soon as possible.[2]

Defendants have not submitted any new arguments, but simply made the Court aware of additional authority relevant to the Court's own "rigorous analysis" of the request for class certification. *See Cox v. Sherman Capital LLC*, No. 1:12-cv-01654-TWP-MJD, 2016 WL 274877, at *3 (S.D. Ind. Jan. 22, 2016). The authority cited in the Notice should be considered by the Court on class certification independent of Defendants' Notice,[3] but, as officers of the Court, Defendants' counsel sought to aid the Court in finding that authority. That authority is also relevant to the scope of discovery and proof going forward if a contract class were certified; thus, more procedural forewarning to the Court seemed better than less.

Plaintiffs do not contest the relevance or accuracy of the noticed authority in their Motion to Strike. Since they have the burden to prove certification is appropriate and since their counsel are also officers of the Court, Plaintiffs arguably should have alerted the Court to the authority at issue themselves after their theory of the case recently changed from one of express breach to one of ambiguity.

In these circumstances, the Notice of Additional Authority should be allowed and the included authority should be considered by the Court in connection with Plaintiffs' motion for class certification.

---

[2] The Notice was filed less than a week after the class certification oral argument and before the Court has ruled on the motion for class certification.

[3] *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) (citing *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991)) ("Federal courts are entitled to apply the right body of law, whether the parties name it or not.").

Respectfully submitted, this 17th day of May, 2017.

   *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 17th day of May, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK,<br>RANKIN & HUBBARD<br>cfelder@lawla.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

    *s/ Tracey K. Ledbetter*
    Tracey K. Ledbetter