IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RED BARN MOTORS, INC., PLATINUM )
MOTORS, INC., MATTINGLY AUTO SALES, )
INC., and YOUNG EXECUTIVE )
MANAGEMENT & CONSULTING )
SERVICES, INC., individually and on behalf of )
other members of the general public similarly )
situated, )
                              )     Case No. 1:14-cv-01589-TWP-DKL
      Plaintiffs, )
                              )
v. )
                              )
COX ENTERPRISES, INC., COX )
AUTOMOTIVE, INC., NEXTGEAR CAPITAL, )
INC. F/K/A DEALER SERVICES )
CORPORATION, successor by merger with )
Manheim Automotive Financial Services, Inc., )
and JOHN WICK, )
                              )
      Defendants. )

## DEFENDANT NEXTGEAR CAPITAL, INC.'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant

NextGear Capital, Inc. ("NextGear") objects and responds to Plaintiffs' First Set of Requests for

Admission, Interrogatories, and Requests for Production of Documents as follows:

### Objections to Plaintiffs' Instructions and Definitions

1.       NextGear objects to producing responses to Plaintiffs' Requests for Admission,

Interrogatories, and Requests for Production within 30 days after service.  Pursuant to the

agreement of counsel, NextGear produced its written responses and objections within 15 days of

the Court's Order denying NextGear's Motion to Stay Discovery and has produced documents

on a rolling basis.  Further, NextGear's discovery, review, and investigation of the claims made

in this litigation is ongoing.  All responses contained herein are based only on such information

EXHIBIT 9

and documentation that is presently available to NextGear.  NextGear reserves the right to supplement, revise, amend, and/or correct its responses to these requests, and to offer related evidence, if and when additional, different, or more accurate information becomes available.

2.       NextGear objects to Plaintiffs' Instruction 3, which calls for NextGear to indicate which documents respond to which request.  NextGear will produce documents in accordance with the requirements of Rule 34 of the Federal Rules of Civil Procedure.

3.       NextGear objects to Plaintiffs' Instruction 5, which calls for preparation of a privilege log, insofar as it seeks or would require identification of documents that were created after this litigation was commenced by NextGear's inside or outside counsel, on the ground that any such documents are clearly protected from disclosure by the attorney-client privilege and the work product doctrine; therefore, a request that would require NextGear to identify such protected documents on a privilege log is unreasonably burdensome, and is itself invasive of the work product doctrine and the attorney-client privilege.  NextGear will provide a privilege log for privileged documents or information created prior to December 3, 2013, when the original Complaint was filed.

4.       NextGear objects to Plaintiffs' Definitions 10-14, which define "Cox Enterprises," "Cox Automotive," "NextGear," "Mr. Wick," and "you" or "your" to include those entities' and individual's attorneys.  NextGear objects to producing any documents or information protected from disclosure by the attorney-client privilege and/or the work product doctrine.  To the extent that any such information may be inadvertently revealed or produced, NextGear does not intend to waive any applicable privileges and expressly reserves all privileges with respect to such information, and its right to seek the return of such information.

EXHIBIT 9

5.    NextGear objects to Plaintiffs' Definition 18, which purports to define the term

"Floorplan Agreement," as vague and ambiguous.  NextGear and its predecessors in interest,

Dealer Services Corporation ("DSC") and Manheim Automotive Financial Services, Inc.

("MAFS"), have used different and sometimes separate notes, security agreements, fee

schedules, powers of attorney, and, in some cases, various types of guaranties, subordination

agreements, issue- or state-specific amendments, and other documents.  These documents

memorializing a customer's line of credit with NextGear changed over time; varied in business

terms, number, and type from dealer to dealer; varied between NextGear, MAFS, and DSC; and

may have varied on special deals and promotions.

6.    NextGear objects to Plaintiffs' Definitions 16 ("Transaction"), 17 ("Auction"), 19

("Customer Dealer"), and 20 ("Date of the Auction") as vague and ambiguous insofar as they

incorporate the vague and ambiguous term "Floorplan Agreement."

7.    NextGear objects to Plaintiffs' Definition 21, which defines the term "Blacklist,"

as vague, ambiguous, and overbroad.  NextGear will interpret the term "Blacklist" to refer to

documents provided directly from NextGear to an Auction (as defined in Plaintiffs' Definition

17) listing dealers who are prohibited from using NextGear financing or indicating a negative

relationship between NextGear and a dealer.

## Specific Responses and Objections to Requests for Admissions

1.    Please admit that substantially the same Floorplan Agreement was used for all of
NextGear's Customer Dealers between November 2007 and the present.

**Response:**    NextGear objects to Request No. 1 on the ground that the terms

"Floorplan Agreement" and "substantially the same" are vague and ambiguous.  NextGear

further objects to producing information regarding customers who have executed contracts

containing class action waivers and/or arbitration agreements, as such customers could not

3

EXHIBIT 9

become parties to this action even if a class were to be certified.  Subject to and without waiving

its objections, NextGear denies Request No. 1.  NextGear and its predecessors, MAFS and DSC,

have used different agreements for their notes, security agreements, and various related

agreements; various customers signed different subsets of those agreements; the agreements used

by NextGear or its predecessors have been substantially revised at least twice since 2007 and

have also been revised for specific customers on numerous other occasions; and the advance

schedule or term sheet was specific to each customer.

> 2.      Please admit that substantially the same Floorplan Agreement was used for all of
> NextGear's Customer Dealers between November 2007 and the time of the merger of NextGear
> with Manheim.

**Response:**      NextGear objects to Request No. 2 on the ground that the terms

"Floorplan Agreement" and "substantially the same" are vague and ambiguous.  NextGear

further objects to Request No. 2 insofar as its description of a merger of NextGear with Manheim

is inaccurate.  Subject to and without waiving its objections, NextGear denies Request No. 2.

Prior to their merger in 2013, DSC and MAFS used different agreements for their notes, security

agreements, and various related agreements; various customers signed different subsets of those

agreements; the agreements used by DSC and MAFS have changed over time; and the advance

schedule or term sheet was specific to each customer.

> 3.      Please admit that with respect to Red Barn, NextGear charged interest and
> curtailment fees on each Transaction beginning on the Date of the Auction.

**Response:**      Denied.  NextGear generally began to charge interest as of the floor plan

date, and curtailment fees were generally not charged until the end of the first financing period, if

at all.

> 4.      Please admit that with respect to Platinum, NextGear charged interest and
> curtailment fees on each Transaction beginning on the Date of the Auction.

4

EXHIBIT 9

**Response:**     Denied. NextGear generally began to charge interest as of the floor plan date, and curtailment fees were generally not charged until the end of the first financing period, if at all.

5.     Please admit that with respect to Mattingly, NextGear charged interest and curtailment fees on each Transaction beginning on the Date of the Auction.

**Response:**     Denied. NextGear generally began to charge interest as of the floor plan date. For cars floored with DSC or NextGear, curtailment fees were generally not charged until the end of the first financing period, if at all; for cars floored with MAFS, curtailment fees were generally not charged until day 60 of the 90-day floor plan, if at all.

6.     Please admit that with respect to Young, NextGear charged interest and curtailment fees on each Transaction beginning on the Date of the Auction.

**Response:**     Denied. NextGear generally began to charge interest as of the floor plan date, and curtailment fees were generally not charged until the end of the first financing period, if at all.

7.     Please admit that with respect to all of the Customer Dealers who utilized a Floorplan Agreement with NextGear between November 2007 and the present, NextGear charged interest and curtailment fees on each Transaction beginning on the Date of the Auction.

**Response:**     NextGear objects to Request No. 7 on the ground that the term "Floorplan Agreement" is vague and ambiguous. NextGear further objects to producing information regarding its practices after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified. Subject to and without waiving its objections, NextGear denies Request No. 7. NextGear generally began to charge interest as of the floor plan date. For cars floored with DSC or NextGear, curtailment fees were generally not charged until the end of the first financing period, if at all. For cars floored with MAFS, the timing of curtailment fee charges varied based on the type and

EXHIBIT 9

length of the floor plan; for example, with a 90-day floor plan, curtailment fees were generally not charged until day 60, if at all.

       8.     Please admit that between November 2007 and the present, it was and remains NextGear's practice to remit payments to Auctions for the cost of each vehicle purchased at an Auction by a Customer Dealer utilizing a Floorplan Agreement after NextGear receives the vehicle's title.

      **Response:**     NextGear objects to Request No. 8 on the ground that the term "Floorplan Agreement" is vague and ambiguous.  NextGear further objects to producing information regarding its practices after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified.  Subject to and without waiving its objections, NextGear denies Request No. 8.  Financed vehicles do not always come from auction, and when they do, NextGear does not always pay the auction directly.  When it does, the logistics and timing of that direct funding are governed by the agreement or informal understanding between NextGear and each specific auction.  In general, some auction agreements require payment on notice that the auction holds the certificate of title, some require payment on NextGear's receipt of the certificate of title, and some require payment immediately without regard to notice or title.

       9.     Please admit that between November 2007 and the present, it was and remains common for NextGear to receive the title for a vehicle purchased at an Auction by a Customer Dealer utilizing a Floorplan Agreement several days or weeks after the Date of the Auction.

      **Response:**     NextGear objects to Request No. 9 on the ground that the terms "common," "several," and "Floorplan Agreement" are vague and ambiguous.  NextGear further objects to producing information regarding its practices after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even

6

EXHIBIT 9

if a class were to be certified. Subject to and without waiving its objections, NextGear admits

that it typically receives and holds as security the certificate of title for a floored vehicle after a

customer purchases the vehicle at auction, but NextGear denies the remainder of Request No. 9.

When NextGear receives a certificate of title varies from transaction to transaction and auction to

auction, and is outside of NextGear's control.

10.     Please admit that between November 2007 and the present, in the event that a
Customer Dealer becomes delinquent in its payments of interest and/or curtailment fees, it was
and remains NextGear's practice to Blacklist a Customer Dealer with the auctions at which the
Customer Dealer purchases vehicles.

**Response:**     NextGear objects to Request No. 10 on the ground that the term

"Blacklist" is vague and ambiguous. NextGear further objects to producing information

regarding its practices after 2013, as almost all customers who did business with NextGear after

October 2013 executed contracts containing class action waivers and/or arbitration agreements

and therefore could not become parties to this action even if a class were to be certified. Subject

to and without waiving its objections, NextGear denies Request No. 10. NextGear does not, as a

general practice, provide documents directly to an auction listing dealers who are prohibited

from using NextGear financing or indicating a negative relationship between NextGear and a

dealer.

11.     Please admit that between November 2007 and the present, NextGear's Account
Executives solicited and continue to solicit Customer Dealers throughout the United States to
utilize NextGear's line of credit and enter into a Floorplan Agreement.

**Response:**     NextGear objects to Request No. 11 on the ground that the term

"Floorplan Agreement" is vague and ambiguous. NextGear further objects to producing

information regarding its practices after 2013, as almost all customers who did business with

NextGear after October 2013 executed contracts containing class action waivers and/or

arbitration agreements and therefore could not become parties to this action even if a class were

EXHIBIT 9

to be certified. Subject to and without waiving its objections, NextGear admits that its account executives solicited customers to do business with NextGear and enter into lines of credit.

      12.    Please admit that between November 2007 and the present, NextGear did not require its Account Executives to notify Customer Dealers that NextGear charges interest and curtailment fees on each Transaction beginning on the Date of the Auction regardless of when the title to the vehicle was received and the payment for the vehicle made by NextGear.

      **Response:**    NextGear objects to Request No. 12 on the ground that its description of NextGear's practices is inaccurate; as noted in its responses above, NextGear generally began to charge interest as of the floor plan date. For cars floored with DSC or NextGear, curtailment fees were generally not charged until the end of the first financing period, if at all. For cars floored with MAFS, the timing of curtailment fee charges varied based on the type and length of the floor plan; for example, with a 90-day floor plan, curtailment fees were generally not charged until day 60, if at all. NextGear further objects to producing information regarding its practices after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified. Subject to and without waiving its objections, NextGear denies Request No. 12.

      13.    Please admit that between November 2007 and the present, NextGear did not provide its Customer Dealers with written notice of the Interest rate charged under the Floorplan Agreement.

      **Response:**    NextGear objects to Request No. 13 on the ground that the term "Floorplan Agreement" is vague and ambiguous. NextGear further objects to producing information regarding its practices after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified. Subject to and without waiving its objections, NextGear denies Request No. 13.

8

EXHIBIT 9

In general, a customer's contractual interest rate is included on the advance schedule or term sheet incorporated in the customer's contract with NextGear, and, if applicable, in NextGear's published rate and fee schedule. NextGear and DSC customers had access to information about their accounts, including the published rate and fee schedule, by logging into NextGear's website.

14.     Please admit that NextGear keeps an electronic database, electronic directory, or other electronic documents or files containing names, addresses, and contact information for all of its Customer Dealers.

**Response:**     NextGear objects to Request No. 14 on the ground that the term "electronic" is vague and ambiguous. NextGear further objects to producing information regarding customers who have executed contracts containing class action waivers and/or arbitration agreements, as such customers could not become parties to this action even if a class were to be certified. Subject to and without waiving its objections, NextGear admits that it maintains information about its customers that it believes to be accurate as of the time of receipt.

15.     Please admit that NextGear electronically debited the Customer Dealers' bank accounts for interest and curtailment fees charged in connection with the Floorplan Agreements.

**Response:**     NextGear objects to Request No. 15 on the ground that the term "Floorplan Agreement" is vague and ambiguous. NextGear further objects to Request No. 15 on the ground that it is not limited to a specific time period. NextGear also objects to producing information regarding its practices after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified. Subject to and without waiving its objections, NextGear denies Request No. 15. Although Request No. 15 is generally true for many customers, some customers paid NextGear, DSC, and/or MAFS in cash or by check.

9

EXHIBIT 9

## Specific Responses and Objections to Interrogatories

1.      If more than one version of the Floorplan Agreement was used by NextGear between November 2007 and the present, please identify and describe every template, version, or iteration of the Floorplan Agreement used during that time, including in Your description the dates and locations such Floorplan Agreement was used, the date and manner of any revisions or changes to the document, and the persons responsible for authorizing the changes to the Floorplan Agreement.

**Response:**      NextGear objects to Interrogatory No. 1 as overbroad, unduly

burdensome, and seeking information that is not relevant to any party's claim or defense.

NextGear, MAFS, and DSC have used different agreements for their notes, security agreements,

and various related agreements; various customers signed different subsets of those agreements;

the agreements used by NextGear or its predecessors have been substantially revised at least

twice since 2007 and have also been revised for specific customers on numerous other occasions;

and the advance schedule or term sheet was specific to each customer.  There is no feasible way

to identify each version or iteration of a contract between NextGear and its customers other than

a manual, file-by-file review.  In addition, no one person or group of people was responsible for

authorizing such variations.  NextGear further objects to producing information regarding

customers who have executed contracts containing class action waivers and/or arbitration

agreements, as such customers could not become parties to this action even if a class were to be

certified.  NextGear also objects to Interrogatory No. 1 on the ground that the term "Floorplan

Agreement" is vague and ambiguous.  In addition, NextGear objects to Interrogatory No. 1 as

seeking confidential, proprietary, and/or trade secret information.  Certain customer agreements

are subject to confidentiality provisions that preclude NextGear from disclosing them.  Subject to

and without waiving its objections, pursuant to Rule 33(d) of the Federal Rules of Civil

Procedure, NextGear directs Plaintiffs to examples of customer notes, security agreements, and

EXHIBIT 9

various related agreements produced subject to a protective order in response to Request for Production No. 1.

2.      Please identify NextGear's interest rate(s) applicable to Floorplan Agreements between November 2007 and the present, including each interest rate and the time frame during which each interest rate was used.

**Response:**      NextGear objects to Interrogatory No. 2 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense. The interest rate(s) applicable varied by customer and agreement, and could further vary due to special promotions or sales. There is no feasible way to identify each interest rate charged any given customer at any given time other than a manual, file-by-file review. In addition, Plaintiffs' claims do not challenge the interest rate(s) charged by NextGear. NextGear further objects to producing information regarding customers who have executed contracts containing class action waivers and/or arbitration agreements, as such customers could not become parties to this action even if a class were to be certified. NextGear also objects to Interrogatory No. 2 on the ground that the term "Floorplan Agreement" is vague and ambiguous. In addition, NextGear objects to Interrogatory No. 2 as seeking confidential, proprietary, and/or trade secret information. Subject to and without waiving its objections, NextGear states that the interest rate applicable to a given customer is defined in that customer's contract. In general, the interest rate was calculated based on a standard base rate (or the Wall Street Journal prime rate), plus a contract rate that varied by customer and/or time period. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NextGear directs Plaintiffs to documentation produced subject to a protective order in response to Request for Production No. 3 reflecting information regarding and examples of interest rates charged.

3.      Please identify the specific website or publication, if any, at or in which the NextGear interest rate(s) is, are, was, or were published between November 2007 and the present.

EXHIBIT 9

**Response:**     NextGear objects to Interrogatory No. 3 as seeking information that is not

relevant to any party's claim or defense.  Plaintiffs' claims do not challenge the interest rate(s)

charged by NextGear.  NextGear further objects to Interrogatory No. 3 as vague and ambiguous,

in that NextGear did not charge a single interest rate over the time period.  NextGear also objects

to producing information regarding its practices after 2013, as almost all customers who did

business with NextGear after October 2013 executed contracts containing class action waivers

and/or arbitration agreements and therefore could not become parties to this action even if a class

were to be certified.  Subject to and without waiving its objections, NextGear states that its

published rate and fee schedules have been provided at discoverdsc.com and

nextgearcapital.com.  This information was accessible when a customer logged into its account.

In addition, when DSC operated through branch locations, the published rate and fee schedule

was also available to dealers at each such DSC branch location.

    4.     Please identify by name and mailing address every resident, individual, company, and/or other entity in the United States that entered into a Floorplan Agreement with Next Gear/DSC between November 2007 and the present.

**Response:**     NextGear objects to Interrogatory No. 4 as premature insofar as Plaintiffs

have not moved for certification and no class has been certified in this case.  Until a class is

certified, customers other than Plaintiffs are not parties to this action.  NextGear further objects

to Interrogatory No. 4 as overbroad, unduly burdensome, and seeking information that is not

relevant to any party's claim or defense, given that putative class members' identities are not

necessary to determine whether a class should be certified.  NextGear also objects to producing

information regarding customers who have executed contracts containing class action waivers

and/or arbitration agreements, as such customers could not become parties to this action even if a

class were to be certified.  In addition, NextGear objects to Interrogatory No. 4 on the ground

that the term "Floorplan Agreement" is vague and ambiguous.  NextGear further objects to

EXHIBIT 9

Interrogatory No. 4 as seeking confidential, proprietary, and/or trade secret information, as well as information that may be protected by federal and state privacy and/or consumer protection laws. Subject to and without waiving its objections, NextGear states that approximately 14,500 customers floored vehicles with NextGear pursuant to notes, security agreements, and various related agreements with DSC from November 1, 2007 through December 31, 2013, excluding those customers who executed contracts containing class action waivers and/or arbitration agreements. In providing this number, NextGear does not admit to any commonality among those customers or waive any objections to class treatment for all or any subset of those customers.

5.      Please identify the names and addresses of each and every Auction through which Customer Dealers of NextGear purchased vehicles utilizing Floorplan Agreements at any time between November 2007 and the present.

**Response:**      NextGear objects to Interrogatory No. 5 as premature insofar as Plaintiffs have not moved for certification and no class has been certified in this case. Until a class is certified, customers other than Plaintiffs are not parties to this action. NextGear further objects to Interrogatory No. 5 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense, given that the identities of auctions with which putative class members did business are not necessary to determine whether a class should be certified. NextGear also objects to producing information regarding customers who have executed contracts containing class action waivers and/or arbitration agreements, as such customers could not become parties to this action even if a class were to be certified. In addition, NextGear objects to Interrogatory No. 5 on the ground that the term "Floorplan Agreement" is vague and ambiguous. NextGear further objects to Interrogatory No. 5 as seeking confidential, proprietary, and/or trade secret information. Subject to and without waiving its objections, NextGear states that it currently does business with over 800 auctions. Pursuant to Rule 33(d) of the Federal

13

EXHIBIT 9

Rules of Civil Procedure, NextGear directs Plaintiffs to documentation produced subject to a

protective order in response to Request for Production Nos. 5 and 12-14 reflecting the names of

auctions at which the named Plaintiffs purchased vehicles.

6.     Please identify NextGear's officer(s), director(s), or employees who, at any time between November 2007 and the present, were responsible for tasks related to the interest and curtailment fees charged to Customer Dealers, including but not limited to drafting, approving, and/or implementing NextGear's policies regarding interest and curtailment fees, identifying the amounts of interest and curtailment fees to be charged to a particular Customer Dealer, overseeing the charging of interest and curtailment fees to Customer Dealers, and/or ensuring the accuracy of interest and curtailment fees charged to Customer Dealers.

**Response:**     NextGear objects to Interrogatory No. 6 as overbroad, unduly

burdensome, and seeking information that is not relevant to any party's claim or defense.  Any

number of current and former NextGear employees, including account executives, auditors,

regional managers, branch managers, and officers, may have had responsibility for various tasks

related to interest and curtailment fees, and the burden of identifying every employee who had

such responsibility over the course of six years would far outweigh any benefit.  NextGear

further objects to producing information regarding its practices after 2013, as almost all

customers who did business with NextGear after October 2013 executed contracts containing

class action waivers and/or arbitration agreements and therefore could not become parties to this

action even if a class were to be certified.  Subject to and without waiving its objections, with

respect to drafting and approval of policies regarding interest and curtailment fees, NextGear

states that prior to October 2013, all of its policies, including any relating to interest charges,

were reviewed by any number of current or former NextGear employees, including Department

Managers, the Internal Audit Director, Application Support Manager, and Vice Presidents, and

were given final approval by the CFO and the President and/or CEO.  Pursuant to Rule 33(d) of

the Federal Rules of Civil Procedure, NextGear directs Plaintiffs to documentation produced

EXHIBIT 9

subject to a protective order in response to Request for Production No. 7 reflecting information

regarding interest rate policies.

   7.   Please identify all Transactions NextGear entered into with the following
Customer Dealers:

     A.     Red Barn;

     B.     Platinum;

     C.     Mattingly; and

     D.     Young.

**Response:**     Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NextGear

directs Plaintiffs to documentation regarding their transactions produced in response to Request

for Production Nos. 12-14.

   8.   Please identify the amount of interest and curtailment fees charged by NextGear,
including the Date of Advance, the identity of the vehicle for which NextGear advanced sums,
and the date interest was first charged, for the following Customer Dealers:

     A.     Red Barn;

     B.     Platinum;

     C.     Mattingly; and

     D.     Young.

**Response:**     Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NextGear

directs Plaintiffs to documentation regarding interest charges on their transactions produced in

response to Request for Production Nos. 12-14.

   9.   Please identify all documents that You may use at a class certification hearing in
this matter.

**Response:**     NextGear objects to Interrogatory No. 9 as seeking information protected

from disclosure by the attorney-client privilege and/or the work product doctrine.  NextGear

further objects to Interrogatory No. 9 as premature insofar as Plaintiffs have not moved for class

**EXHIBIT 9**

certification.  Subject to and without waiving its objections, NextGear states that it has not

identified the documents it intends to use at a class certification hearing in this matter.  NextGear

may use pleadings, affidavits and declarations, and/or any documents produced through

discovery.  NextGear will identify hearing exhibits in accordance with any Scheduling Order or

Case Management Order, or as otherwise required by any rule of Court.

10.    Please identify by name and title all persons that You may call as a witness at a
class certification hearing of this matter.

**Response:**    NextGear objects to Interrogatory No. 10 as seeking information protected

from disclosure by the attorney-client privilege and/or the work product doctrine.  NextGear

further objects to Interrogatory No. 10 as premature insofar as Plaintiffs have not moved for class

certification.  Subject to and without waiving its objections, NextGear states that it will identify

witnesses for hearing in accordance with any Scheduling Order or Case Management Order, or

as otherwise required by any rule of Court.

11.    If Your response to any of the above Requests for Admission is anything other
than an unqualified admission, please state with specificity the grounds for Your response.

**Response:**    NextGear directs Plaintiffs to the Specific Responses and Objections to

Requests for Admissions, above.

12.    If You state in any of Your responses to the below Requests for Production that
certain documents are not in the possession or control of NextGear, please identify the party or
parties who have possession of control of those documents.

**Response:**    NextGear directs Plaintiffs to the Specific Responses and Objections to

Requests for Production, below.

### Specific Responses and Objections to Requests for Production

1.    Please produce all templates, versions, and/or iterations of the Floorplan
Agreement used by NextGear with its Customer Dealers between November 2007 and the
present, including any exhibits, addendums, amendments, and revisions thereto.

16

EXHIBIT 9

**Response:**     NextGear objects to Request No. 1 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense.  NextGear, MAFS, and DSC have used different agreements for their notes, security agreements, and various related agreements; various customers signed different subsets of those agreements; the agreements used by NextGear or its predecessors have been substantially revised at least twice since 2007 and have also been revised for specific customers on numerous other occasions; and the advance schedule or term sheet was specific to each customer.  There is no feasible way to identify each version or iteration of a contract between NextGear and its customers other than a manual, file-by-file review.  NextGear further objects to producing information regarding customers who have executed contracts containing class action waivers and/or arbitration agreements, as such customers could not become parties to this action even if a class were to be certified.  NextGear also objects to Request No. 1 on the ground that the term "Floorplan Agreement" is vague and ambiguous.  In addition, NextGear objects to Request No. 1 as seeking confidential, proprietary, and/or trade secret information.  Certain customer agreements are subject to confidentiality provisions that preclude NextGear from disclosing them.  Subject to and without waiving its objections, NextGear has searched for and produced subject to a protective order redacted copies of examples of full agreements dated 2005 through 2013, as well as copies of the contracts entered with named Plaintiffs; this will provide examples of the versions of agreements used by NextGear's customers.

2.     Please produce all documents listing any and all residents, individuals, companies, and/or other entities in the United States that contracted with Next Gear as Customer Dealers at any time between November 2007 and the present.

**Response:**     NextGear objects to Request No. 2 as premature insofar as Plaintiffs have not moved for certification and no class has been certified in this case.  Until a class is certified, customers other than Plaintiffs are not parties to this action.  NextGear further objects to Request

17

**EXHIBIT 9**

No. 2 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense, given that putative class members' identities are not necessary to determine whether a class should be certified. NextGear also objects to producing information regarding customers who have executed contracts containing class action waivers and/or arbitration agreements, as such customers could not become parties to this action even if a class were to be certified. In addition, NextGear objects to Request No. 2 as seeking confidential, proprietary, and/or trade secret information, as well as information that may be protected by federal and state privacy and/or consumer protection laws.

3.     Please produce all documents referencing NextGear's published interest rate and/or evidencing the publication of the NextGear interest rate at any time between November 2007 and the present.

**Response:**     NextGear objects to Request No. 3 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense. The interest rate(s) applicable varied by customer and agreement, and could further vary due to special promotions or sales. There is no feasible way to identify each interest rate charged any given customer at any given time other than a manual, file-by-file review. In addition, Plaintiffs' claims do not challenge the interest rate(s) charged by NextGear. NextGear further objects to Request No. 3 as vague and ambiguous, in that NextGear did not charge a single interest rate over the time period. NextGear also objects to producing information regarding its practices after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified. In addition, NextGear objects to Request No. 3 as seeking confidential, proprietary, and/or trade secret information. Subject to and without waiving its objections, NextGear has searched for and produced subject to a protective order examples of its published rate and fee schedules that were effective from 2008 through 2013. In

18

**EXHIBIT 9**

addition, sample advance schedules or term sheets produced subject to a protective order in

response to Request No. 1 and/or sample marketing materials produced in response to Request

No. 8 may also be responsive to this request.

4.     Please produce a copy of any and all documents that are referred to in the used car industry and by the Auctions as the Blacklist and are dated or were in effect between November 2007 and the present.

**Response:**     NextGear objects to Request No. 4 as vague and ambiguous, as the term

"Blacklist" does not have a set meaning in the used car industry or for auctions. NextGear

further objects to producing information regarding its practices after 2013, as almost all

customers who did business with NextGear after October 2013 executed contracts containing

class action waivers and/or arbitration agreements and therefore could not become parties to this

action even if a class were to be certified. Subject to and without waiving its objections,

NextGear states that it has not identified any responsive documents.

5.     Please produce any and all contracts entered into by NextGear with any other party and in effect between November 2007 and the present that relate to the payment of funds to Auctions for vehicles purchased under a Floorplan Agreement.

**Response:**     NextGear objects to Request No. 5 as premature insofar as Plaintiffs have

not moved for certification and no class has been certified in this case. Until a class is certified,

customers other than Plaintiffs are not parties to this action. NextGear further objects to

Interrogatory No. 5 as overbroad, unduly burdensome, and seeking information that is not

relevant to any party's claim or defense, given that the identities of auctions with which putative

class members did business are not necessary to determine whether a class should be certified.

NextGear also objects to producing information regarding customers who have executed

contracts containing class action waivers and/or arbitration agreements, as such customers could

not become parties to this action even if a class were to be certified. In addition, NextGear

objects to Request No. 5 on the ground that the term "Floorplan Agreement" is vague and

**EXHIBIT 9**

ambiguous.  NextGear further objects to Request No. 5 as seeking confidential, proprietary, and/or trade secret information.  Subject to and without waiving its objections, NextGear has searched for and produced subject to a protective order redacted examples of auction agreements, including auction agreements for the auctions at which the named Plaintiffs purchased vehicles.

6.     Please produce any and all written policies of NextGear and in effect between November 2007 and the present that relate to the payment of funds to Auctions for vehicles purchased under a Floorplan Agreement.

**Response:**     NextGear objects to Request No. 6 as overbroad and seeking information that is not relevant to any party's claim or defense, including policies unrelated to transactions involving the named Plaintiffs.  NextGear further objects to producing information regarding its policies in effect after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified. NextGear also objects to Request No. 6 on the ground that the term "Floorplan Agreement" is vague and ambiguous.  In addition, NextGear objects to any implication that internal policies might override contractual and legal rights with the Plaintiffs.  NextGear's policies are intended to provide guidance, but in the event of a conflict between its policies and its contractual agreements, the terms of NextGear's contracts will control.  NextGear further objects to Request No. 6 as seeking confidential, proprietary, and/or trade secret information.  Subject to and without waiving its objections, NextGear has searched for and produced, with these responses and subject to a protective order, written policies dated 2007 through 2013 relating to auction accounts.

7.     Please produce any and all written policies of NextGear in effect between November 2007 and the present that relate to the charging of interest and curtailment fees by NextGear to its Customer Dealers for vehicles purchased under a Floorplan Agreement, including but not limited to any policies that relate to the electronic debiting of interest and fees from Customer Dealers' bank accounts.

**EXHIBIT 9**

**Response:**      NextGear objects to Request No. 7 as overbroad and seeking information

that is not relevant to any party's claim or defense, including policies unrelated to transactions

involving the named Plaintiffs. NextGear further objects to producing information regarding its

policies in effect after 2013, as almost all customers who did business with NextGear after

October 2013 executed contracts containing class action waivers and/or arbitration agreements

and therefore could not become parties to this action even if a class were to be certified.

NextGear also objects to Request No. 7 on the ground that the term "Floorplan Agreement" is

vague and ambiguous.  In addition, NextGear objects to any implication that internal policies

might override contractual and legal rights with the Plaintiffs.  NextGear's policies are intended

to provide guidance, but in the event of a conflict between its policies and its contractual

agreements, the terms of NextGear's contracts will control.  NextGear further objects to Request

No. 7 as seeking confidential, proprietary, and/or trade secret information.  Subject to and

without waiving its objections, NextGear has searched for and produced, with these responses

and subject to a protective order, written policies dated 2010 through 2013 relating to charging

interest and curtailment fees and electronic debiting of such fees.

    8.      Please produce any and all documents relating to any advertising or solicitation
materials that NextGear produced, distributed, or gave to Customer Dealers regarding the
Floorplan Agreements between November 2007 and the present.

**Response:**      NextGear objects to Request No. 8 as overbroad and seeking information

that is not relevant to any party's claim or defense.  NextGear further objects to producing

information regarding its advertising produced after 2013, as almost all customers who did

business with NextGear after October 2013 executed contracts containing class action waivers

and/or arbitration agreements and therefore could not become parties to this action even if a class

were to be certified.  NextGear also objects to Request No. 8 on the ground that the term

"Floorplan Agreement" is vague and ambiguous.  Subject to and without waiving its objections,

**EXHIBIT 9**

NextGear has searched for and produced examples of marketing materials used from 2007 through 2013.

9.     Please produce all Documents showing the corporate, contractual and legal relationship between any of the following:  Cox Enterprises, Inc., Cox Automotive, Inc., NextGear Capital, Inc., Dealer Services Corporation, Manheim Automotive Financial Services, Inc., and John Wick.

**Response:**     NextGear objects to Request No. 9 as overbroad and seeking information that is not relevant to any party's claim or defense.  NextGear further objects to Request No. 9 as seeking confidential, proprietary, and/or trade secret information.  NextGear also objects to producing information regarding its corporate structure after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified.

10.     Please produce any and all documents relating to any profit incentives, bonus plan, and/or sales incentives, for any employee, officer, or director's performance that refer to or relate to NextGear's Floorplan Agreements from 2007 to present.

**Response:**     NextGear objects to Request No. 10 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense.  Plaintiffs' claims do not implicate NextGear's sales incentive structure.  NextGear further objects to producing information regarding its practices after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified.  NextGear also objects to Request No. 10 on the ground that the term "Floorplan Agreement" is vague and ambiguous.  In addition, NextGear objects to Request No. 10 as seeking confidential, proprietary, and/or trade secret information.

11.     Please produce any and all documents relating to the due diligence performed when NextGear Capital, Inc. merged with Dealer Services Corporation and/or Manheim

**EXHIBIT 9**

Automotive Financial Services, Inc., including, but not limited to:  financial forecasts; interest rates charged; customer list verifications, Customer Dealer contracts, default lists, all outstanding Advances due under the Floorplan Agreements, and the date interest payments would be charged to Customer Dealers under those Floorplan Agreements.

**Response:**     NextGear objects to Request No. 11 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense.  The fact of a merger between DSC and MAFS, followed by a name change to NextGear Capital, Inc., is not contested, and any pre-merger due diligence does not affect Plaintiffs' claims.  NextGear also objects to Request No. 11 on the ground that the term "Floorplan Agreement" is vague and ambiguous.  In addition, NextGear objects to Request No. 11 as seeking confidential, proprietary, and/or trade secret information.

12.     Please produce all documents relating to all Transactions for the following Customer Dealers from 2007 to the present:

        A.      Red Barn;

        B.      Platinum;

        C.      Mattingly; and

        D.      Young.

**Response:**     NextGear objects to Request No. 12 as overbroad insofar as it seeks "all documents" relating to "all Transactions" over a nine-year time period, and NextGear may not have retained every document related to the named Plaintiffs.  NextGear further objects to Request No. 12 to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving its objections, NextGear has created and produced reports responsive to this request.

13.     Please produce all documents relating to all interest and curtailment fees charged by NextGear, including, but not limited to, documents showing the Date of Advance, the identity of the vehicle for which NextGear advanced sums, and the date interest was first charged, for the following Customer Dealers:

**EXHIBIT 9**

  A.  Red Barn;

  B.  Platinum;

  C.  Mattingly; and

  D.  Young.

**Response:**  NextGear objects to Request No. 13 as overbroad insofar as it seeks "all documents" relating to "all interest and curtailment fees," and NextGear may not have retained every document related to the named Plaintiffs.  NextGear further objects to Request No. 13 to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving its objections, NextGear has created and produced reports responsive to this request.

  14.  Please produce all account documents and file materials, including, but not limited to, account statements, underwriting files, auction house files, any copies of vehicle titles, and all records showing the dates on which funds were transferred to an Auction, for the following Customer Dealers:

  A.  Red Barn;

  B.  Platinum;

  C.  Mattingly; and

  D.  Young.

**Response:**  NextGear objects to Request No. 14 as overbroad insofar as it seeks "all account documents and file materials" and "all records," and NextGear may not have retained every document related to the named Plaintiffs.  NextGear further objects to Request No. 14 to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving its objections, NextGear has created and produced reports, and has searched for and produced account-related files, responsive to this request.

  15.  Please produce all communications and documents between You and:

EXHIBIT 9

    A.     Red Barn;

    B.     Platinum;

    C.     Mattingly; and

    D.     Young.

**Response:**    NextGear objects to Request No. 15 as overbroad insofar as it seeks "all communications and documents," and NextGear may not have retained every written communication or document related to the named Plaintiffs.  Subject to and without waiving its objections, NextGear has performed a reasonable search of its computer system and certain custodians' email files, and has produced subject to a protective order emails and communications responsive to this request.

    16.    Please produce all communications and documents between or among You and Cox Enterprises, Cox Automotive, Mr. Wick, and/or any third parties, including but not limited to the Auctions, relating to or referring in any manner to any of the following named Customer Dealers:

    A.     Red Barn;

    B.     Platinum;

    C.     Mattingly; and

    D.     Young.

**Response:**    NextGear objects to Request No. 16 as overbroad insofar as it seeks "all communications and documents," and NextGear may not have retained every written communication or document related to the named Plaintiffs.  NextGear further objects to Request No. 16 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving its objections, NextGear has performed a reasonable search of its computer system and certain custodians' email files, and has produced subject to a protective order emails and communications responsive to this request.  NextGear has identified on a privilege log documents created prior to

EXHIBIT 9

December 3, 2013 that it is withholding based on its privilege objection that may be responsive to this request.

17.     Please produce all Your internal communications and documents relating to any of the following named Customer Dealers:

> A.     Red Barn;
>
> B.     Platinum;
>
> C.     Mattingly; and
>
> D.     Young,

**Response:**     NextGear objects to Request No. 17 as overbroad insofar as it seeks "all . . . communications and documents," and NextGear may not have retained every written communication or document related to the named Plaintiffs.  NextGear further objects to Request No. 17 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving its objections, NextGear has performed a reasonable search of its computer system and certain custodians' email files, and has produced subject to a protective order emails and communications responsive to this request.  NextGear has identified on a privilege log documents created prior to December 3, 2013 that it is withholding based on its privilege objection that may be responsive to this request.

18.     Please produce an account history for every resident, individual, company, and/or other entity identified in Your response to Interrogatory No. 4.

**Response:**     NextGear objects to Request No. 18 as premature insofar as Plaintiffs have not moved for certification and no class has been certified in this case.  Until a class is certified, customers other than Plaintiffs are not parties to this action.  NextGear further objects to Request No. 18 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense, given that putative class members' identities and account histories are

**EXHIBIT 9**

not necessary to determine whether a class should be certified. NextGear also objects to

producing information regarding customers who have executed contracts containing class action

waivers and/or arbitration agreements, as such customers could not become parties to this action

even if a class were to be certified. In addition, NextGear objects to Request No. 18 as seeking

confidential, proprietary, and/or trade secret information, as well as information that may be

protected by federal and state privacy and/or consumer protection laws. Subject to and without

waiving its objections, NextGear has created and produced reports responsive to this request as it

relates to the named Plaintiffs.

19.     Please produce all lists of NextGear Account Executives employed in the United States between November 2007 and the present.

**Response:**     NextGear objects to Request No. 19 as premature insofar as Plaintiffs have

not moved for certification and no class has been certified in this case. Until a class is certified,

customers other than Plaintiffs are not parties to this action. NextGear further objects to Request

No. 19 as overbroad, unduly burdensome, and seeking information that is not relevant to any

party's claim or defense, given that account executives' identities are not necessary to determine

whether a class should be certified. NextGear also objects to producing information regarding its

employees after 2013, as almost all customers who did business with NextGear after October

2013 executed contracts containing class action waivers and/or arbitration agreements and

therefore could not become parties to this action even if a class were to be certified. Subject to

and without waiving its objections, NextGear states that the following Account Executives were

involved with the named Plaintiffs' accounts:  Red Barn – Stuart LaBauve; Platinum – Lisa

Brickson and George Monfalcone; Mattingly – Lourdes Givens, Mark Holley, and Breea Hays;

Young – Kelly Cerentano, Kevin Dodd, and Brett Aten. This list may not be exhaustive, as other

**EXHIBIT 9**

individuals may have temporarily worked with or covered for these account executives in connection with the named Plaintiffs' accounts.

20.     Please produce any and all organizational charts for NextGear for November 2007 through the present.

**Response:**     NextGear objects to Request No. 20 as overbroad and seeking information that is not relevant to any party's claim or defense.  NextGear further objects to Request No. 20 as seeking confidential, proprietary, and/or trade secret information.  NextGear further objects to producing information regarding its corporate structure after 2013, as almost all customers who did business with NextGear after October 2013 executed contracts containing class action waivers and/or arbitration agreements and therefore could not become parties to this action even if a class were to be certified.  In addition, NextGear objects to Request No. 20 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

21.     Please produce all documents reviewed and/or relied upon in responding to the above Requests for Admission, Interrogatories, and Requests for Production of Documents.

**Response:**     NextGear objects to Request No. 21 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine and/or to the extent it seeks confidential, proprietary, and/or trade secret information.  NextGear further objects to Request No. 21 as seeking information that is not relevant to any party's claim or defense insofar as not every document "reviewed" in responding to discovery will be related to the subject-matter of this litigation.  Subject to and without waiving its objections, NextGear has produced relevant, non-privileged documents responsive to this request.  NextGear has identified on a privilege log documents created prior to December 3, 2013 that it is withholding based on its privilege objection that may be responsive to this request.

**EXHIBIT 9**

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E., Suite 2300
Atlanta, GA 30309
(404) 853-8000
(404) 853-8806 fax
jason.mccarter@sutherland.com
tracey.ledbetter@sutherland.com

*Attorneys for Defendants Cox Enterprises, Inc., Cox
Automotive, Inc., NextGear Capital, Inc. f/k/a
Dealer Services Corporation, and John Wick*

29

EXHIBIT 9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via email and first class mail, U.S. postage prepaid, this 27th day of September, 2016:

Cassie E. Felder
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
9311 Bluebonnet Boulevard, Suite A
Baton Rouge, LA  70810

James M. Garner
Ryan D. Adams
Matthew M. Coman
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
909 Poydras Street, Suite 2800
New Orleans, LA 70112

Gladstone N. Jones, III
Lynn E. Swanson
Kerry A. Murphy
JONES, SWANSON, HUDDELL & GARRISON, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130

Kathleen A. DeLaney
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205

David J. Jurkiewicz

EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RED BARN MOTORS, INC., PLATINUM          )
MOTORS, INC., MATTINGLY AUTO SALES,      )
INC., and YOUNG EXECUTIVE                )
MANAGEMENT & CONSULTING                  )
SERVICES, INC., individually and on behalf of )
other members of the general public similarly )
situated,                                )
                                         )
          Plaintiffs,                    )
                                         )
v.                                       )
                                         )
COX ENTERPRISES, INC., COX               )
AUTOMOTIVE, INC., NEXTGEAR CAPITAL,      )
INC. F/K/A DEALER SERVICES               )
CORPORATION, successor by merger with    )
Manheim Automotive Financial Services, Inc., )
and JOHN WICK,                           )
                                         )
          Defendants.                    )

Case No. 1:14-cv-01589-TWP-DKL

## VERIFICATION

PERSONALLY APPEARED before me, the undersigned officer duly authorized by law to administer oaths, Adam Galema, who, after first being sworn, deposes and says, based on his personal knowledge and the documents and information available to him, that the factual statements relating to NextGear Capital, Inc. and its predecessor in interest Dealer Services Corporation contained in NextGear Capital, Inc.'s First Amended Responses and Objections to Plaintiffs' First Set of Interrogatories are true and correct to the best of his knowledge, information, and belief.

*[signature on following page]*

1

EXHIBIT 9

_____

Adam Galema

Sworn to and subscribed before me,
This 27th day of September, 2016.

_____
Notary Public

My Commission Expires: April 11, 2022



GWEN H. BROWN
NOTARY
My Comm. Expires
April 11, 2022
ID #652030
PUBLIC
STATE OF INDIANA

2

EXHIBIT 9