UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFFS' MOTION TO STAY RULING ON PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT ON BREACH OF CONTRACT CLAIM**

Plaintiffs Red Barn Motors, Inc. ("Red Barn"), Platinum Motors, Inc. ("Platinum"), and Mattingly Auto Sales, Inc. ("Mattingly") (collectively "Plaintiffs") respectfully submit this motion to stay a ruling on their motion for partial summary judgment on their breach of contract claim (Dkt. 194) until after a ruling on class certification and the time to opt out of the class has expired.

The procedural history relevant to this motion is set forth in the Motion to Continue Final Pretrial Conference and Bench Trial Settings (Dkt. 213) and incorporated herein by reference. Plaintiffs timely and properly sought class certification several months before moving for a determination on the merits through their Motion for Partial Summary Judgment in accordance with the dispositive motion deadline established by the Court. Nonetheless, any determination on

the merits in favor of Plaintiffs on any claim prior to class certification, class notice, and a completed opt out process for class members, either by way of summary judgment or at trial, could run afoul of the rule against one-way intervention as articulated by the Seventh Circuit in *Costello v. BeavEx, Inc.,* 810 F.3d 1045, 1057–58 (7th Cir. 2016).

"The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057–58 (7th Cir. 2016)(citing *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 354 (7th Cir.1975) ("Inasmuch as the plaintiffs here did not seek certification, and in fact affirmatively sought resolution on the merits prior to certification in the face of objections by the defendants, they have themselves effectively precluded any class certification in this case"); *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) ("[T]he plaintiff, as well as the district judge, put the cart before the horse, by moving for class certification after moving for summary judgment.")). "The rule exists because it is 'unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one.'" *Id.* at 1058 (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547, 94 S. Ct. 756, 38 L.Ed.2d 713 (1974)).

Importantly, although stated *in dicta*, the *Costello* decision arguably injects an additional requirement of providing notice and the opportunity to opt out prior to a ruling on the merits of a class action. "**If an individual plaintiff were to get a favorable ruling on the merits prior to certification—and its corresponding notice and opportunity to opt out—**then class members are incentivized to remain in the lawsuit to take advantage of the favorable ruling. If an individual plaintiff got an unfavorable ruling on the merits prior to class certification, class

2

members are incentivized to opt out of the class to avoid application of the unfavorable ruling." 810 F.3d at 1058. (emphasis added). Therefore, out of an abundance of caution, Plaintiffs respectfully request that this Court defer a ruling on Plaintiffs' Motion for Partial Summary Judgment until after the expiration of the opt out period if class certification is granted.

Counsel for Plaintiffs, Catherine Lasky, conferred with counsel for Defendants, David Jurkiewicz, about this motion.  Defendants oppose this motion.

WHEREFORE, in order to prevent any inadvertent violation of the rule against one-way intervention, Plaintiffs respectfully request that this Court grant this motion and stay any ruling on their Motion for Partial Summary Judgment until such time as class certification has been decided and the opt out period has expired and grant Plaintiffs any other relief to which they may be entitled.

Respectfully submitted,

| | |
|---|---|
| /s/ Catherine Lasky | JAMES M. GARNER (La. Bar No. 19589) |
| CATHERINE E. LASKY (La. Bar No. 28652) | *Pro Hac Vice* |
| *Pro Hac Vice* | RYAN D. ADAMS (La. Bar No. 27931) |
| KERRY A. MURPHY (La. Bar No. 31382) | *Pro Hac Vice* |
| *Pro Hac Vice* | MATTHEW M. COMAN |

CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650) *Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (#18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED CLASS**

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2017, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

                                        */s/ Catherine E. Lasky*
                                          Catherine E. Lasky