IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>  Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONTINUE FINAL PRETRIAL CONFERENCE AND BENCH TRIAL SETTINGS

Defendants join Plaintiffs in respectfully requesting that the Court vacate the currently-set bench trial date and associated pretrial deadlines. The parties will have difficulty preparing for trial without knowing whether a class will be certified, the scope of any such class, and whether any claims are subject to judgment as a matter of law. Defendants further believe that a trial date can be set, and related pre-trial deadlines can be scheduled, once the Court has ruled on the parties' pending motions.

Defendants submit this response, however, to note their disagreement with certain potentially misleading statements in Plaintiffs' Motion to Continue. Plaintiffs imply that *Costello v. BeavEx, Inc.* precludes this Court from ruling on the merits of the case until after the period for class notice and the opportunity to opt out has passed. (Mot. ¶ 5.) But that is not quite what *Costello* says. First, *Costello* makes clear that a court may decide class certification and

summary judgment motions contemporaneously, and even in the same opinion, so long as class certification is addressed first:

> In one order, the district court first denied class certification and then granted Plaintiffs' motion for partial summary judgment. Therefore, the rule against one-way intervention does not preclude class certification in this case because the district court properly ruled on class certification before granting partial summary judgment in Plaintiffs' favor.

810 F.3d 1045, 1058 (7th Cir. 2016). Second, *Costello* explicitly states that the Court may rule on *Defendants'* motion for summary judgment in advance of class certification; indeed, the Seventh Circuit noted, "we have looked upon such a procedure favorably." *Id.* at 1057 n.3.

Thus, as recognized by the Seventh Circuit and by this Court, the Court can and should properly consider the substantive legal positions outlined in both parties' summary judgment briefing before it rules on class certification, particularly to the extent those positions are relevant to commonality, superiority, and other certification questions. *Costello*, 810 F.3d at 1059; *Cox v. Sherman Capital LLC*, No. 1:12-CV-01654-TWP, 2016 WL 274877, at *4 (S.D. Ind. Jan. 22, 2016) ("in evaluating class certification, the court must take into consideration the substantive elements of the plaintiff's cause of action, inquire into the proof necessary for the various elements, and envision the form that trial on the issues would take"). (*See also* Defs.' Notice of Add'l Auth. Re. Class Certification [Doc. 204].)

Until the Court rules on the pending motions, however, it will be difficult for the parties to prepare for trial, as they do not know the contours of the case they are preparing to prosecute or defend. Defendants therefore join in Plaintiffs' request that the Court continue the August 28, 2017 bench trial date and all associated final pretrial deadlines in this matter, and that the Court re-set the trial date and related deadlines (allowing sufficient time for the completion of any class merits discovery and any class notice and opt-out period, if necesary) once it has ruled on all the

pending motions.  Defendants submit the attached Proposed Order specifically outlining the deadlines to be continued.

Respectfully submitted, this 23rd day of June, 2017.

       _s/ Tracey K. Ledbetter_
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 23rd day of June, 2017:

| | |
|---|---|
| Ryan D. Adams | Catherine E. Lasky |
| James M. Garner | Kerry A. Murphy |
| Matthew M. Coman | LASKY MURPHY LLC |
| Jacob A. Airey | klasky@laskymurphy.com |
| SHER GARNER CAHILL RICHTER | kmurphy@laskymurphy.com |
| KLEIN & HILBERT, L.L.C. | |
| radams@shergarner.com | |
| jgarner@shergarner.com | |
| mcoman@shergarner.com | |
| jairey@shergarner.com | |
| | |
| Cassie E. Felder | Gladstone N. Jones, III |
| LUGENBUHL, WHEATON, PECK, | Lynn E. Swanson |
| RANKIN & HUBBARD | JONES, SWANSON, HUDDELL & |
| cfelder@lawla.com | GARRISON, LLC |
| | gjones@jonesswanson.com |
| | lswanson@jonesswanson.com |
| | |
| Kathleen A. DeLaney | Lisa Brener |
| DELANEY & DELANEY LLC | BRENER LAW FIRM, LLC |
| Kathleen@delaneylaw.net | lbrener@brenerlawfirm.com |

                                              *s/ Tracey K. Ledbetter*
                                              Tracey K. Ledbetter