IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>    Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY RULING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Court need not stay its ruling on Plaintiffs' Motion for Partial Summary Judgment. So long as it addresses class certification before it rules on the Plaintiffs' summary judgment motion, the Court is authorized to consider all pending motions at the same time, or indeed in any order it wishes.

Plaintiffs contend that dicta in *Costello v. BeavEx, Inc.* requires the Court to provide class members with notice and the opportunity to opt out before it can rule on the merits of a class action. (Mot. at 2.) But *Costello* actually holds to the contrary. In finding the one-way intervention rule inapplicable to the case before it, the Seventh Circuit expressly stated that a court may decide class certification and summary judgment motions contemporaneously, and even in the same opinion, so long as class certification is addressed first:

> ***In one order***, the district court first denied class certification and then granted Plaintiffs' motion for partial summary judgment. Therefore, the rule against one-

> way intervention *does not preclude class certification in this case because the district court **properly** ruled on class certification before granting partial summary judgment* in Plaintiffs' favor.

810 F.3d 1045, 1058 (7th Cir. 2016) (emphasis added). The Seventh Circuit also noted in *Costello* that this Court may rule on *Defendants'* motion for summary judgment in advance of class certification. *Id.* at 1057 n.3.

Thus, as recognized by the Seventh Circuit and by this Court, the Court can and should properly consider the substantive legal positions outlined in both parties' summary judgment briefing before it rules on class certification, particularly to the extent those positions are relevant to commonality, superiority, and other certification questions. *Costello*, 810 F.3d at 1059 (class certification determination "may warrant the court taking a peek at the merits" (internal punctuation omitted)); *Cox v. Sherman Capital LLC*, No. 1:12-CV-01654-TWP, 2016 WL 274877, at *4 (S.D. Ind. Jan. 22, 2016) ("Indeed, the court should make any factual and legal inquiries needed to ensure that the requirements for class certification are satisfied, even if the underlying considerations overlap with the merits of the case. . . . Therefore, in evaluating class certification, the court must take into consideration the substantive elements of the plaintiff's cause of action, inquire into the proof necessary for the various elements, and envision the form that trial on the issues would take." (citations omitted)). (*See also* Defs.' Notice of Add'l Auth. Re. Class Certification [Doc. 204].) Plaintiffs have provided no reason for the Court to ignore their Motion for Partial Summary Judgment while it considers certification.

Defendants therefore request that the Court deny the Motion to Stay Ruling on Plaintiffs' Motion for Partial Summary Judgment and respectfully suggest that the Court should take into account the parties' respective positions and evidence, as argued on summary judgment, when it considers class certification.

Respectfully submitted, this 23rd day of June, 2017.

   *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 23rd day of June, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK,<br>RANKIN & HUBBARD<br>cfelder@lawla.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

   *s/ Tracey K. Ledbetter*
Tracey K. Ledbetter