IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>    Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

## **DEFENDANTS' MOTION TO STAY CLASS DISCOVERY**

In light of the motions currently pending before this Court, Defendants respectfully request that the Court stay any class discovery until such time as the parties' motions for summary judgment have been decided. In support of this motion, Defendants show as follows:

1. Plaintiffs filed their Verified Amended Complaint [Doc. 117] in this matter on March 11, 2016, adding class-wide allegations. Plaintiffs moved for class certification in September 2016 [Doc. 153] and briefing on class certification was completed in December 2016, with oral argument held on May 9, 2017. The motion for class certification is pending before the Court.

2. On April 26, 2017, Defendants timely moved for summary judgment on all claims [Doc. 192] and Plaintiffs moved for partial summary judgment on their breach of contract claim [Doc. 194]. Briefing on the summary judgment motions was completed on June 7, 2017. Both motions for summary judgment are pending before the Court.

3. If a class is certified over Defendants' opposition, then the Court's February 28, 2017 Order Granting Joint Motion to Modify Case Management Plan [Doc. 181] requires the parties to engage in class merits discovery following entry of the Court's order certifying the class.

4. If granted, Defendants' motion for summary judgment will significantly impact (or potentially eliminate) very expensive, instrusive, and time-consuming class merits discovery. For example, discovery into certain claims may be unnecessary if the Court enters judgment in favor of Defendants on those claims. *See Blake v. Fin. Mgmt. Sys., Inc.*, No. 11 C 612, 2011 WL 4361560, at *2 (N.D. Ill. Sept. 19, 2011) ("It may be that Defendant will have to produce much or all of this information eventually should this case proceed.  But requiring Defendant to do so now when the Court has under advisement Defendant's motion for summary judgment focused on whether Plaintiff has a claim against Defendant as a matter of law may result in a lot of wasted time, effort and money.").  Likewise, Plaintiffs have moved for partial judgment on their contract claim under an ambiguity theory, a decision on which may affect the relevance of extrinsic evidence for each plaintiff going forward.

5. Class merits discovery is incredibly burdensome for all parties, but particularly Defendants.  Depending on the information requested by Plaintiffs, NextGear may be required to gather, review, and produce information on thousands of dealers with whom it did business many years ago.  If Plaintiffs seek information about damages owed to each class member, for example, NextGear may have to create wholly new tailored reports identifying the hundreds or even thousands of transactions entered into by each of those thousands of dealers, at significant time and expense.  (*Cf.* Deposition of Adam Galema [Doc. 197-10] 25:10-26:6.)

6. Thus, Defendants request that the Court stay class merits discovery until fifteen (15) days after the Court has ruled on both parties' summary judgment motions.

7. Defendants recognize that providing class notice will require identification of dealers who are potential class members. NextGear is willing to provide a list of such dealers, for the purpose of initiating class notice, within thirty (30) days of being served with a request for that information following certification of a class, subject to any reconsideration and appeal rights. However, NextGear believes that any further discovery prior to a ruling on the parties' summary judgment motions would be unduly burdensome and would likely "result in a lot of wasted time, effort, and money."

8. Counsel for Defendants has conferred with counsel for Plaintiffs, and Plaintiffs oppose this Motion to Stay Class Discovery.

WHEREFORE, Defendants request that the Court enter the attached Proposed Order and stay class merits discovery—aside from the production of a list of potential class members—until fifteen (15) days after the Court's ruling on the parties' summary judgment motions.

Respectfully submitted, this 28th day of June, 2017.

      *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300

Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 28th day of June, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK,<br>RANKIN & HUBBARD<br>cfelder@lawla.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

    *s/ Tracey K. Ledbetter*
    Tracey K. Ledbetter

1