IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RED BARN MOTORS, INC., PLATINUM ) 
MOTORS, INC., and MATTINGLY AUTO ) 
SALES, INC., individually and on behalf of other ) 
members of the general public similarly situated, ) 
                                         ) 
         Plaintiffs, ) 
                                           ) 
v.                                    )     Case No. 1:14-cv-01589-TWP-DKL
                                           ) 
COX AUTOMOTIVE, INC., NEXTGEAR ) 
CAPITAL, INC. F/K/A DEALER SERVICES ) 
CORPORATION, successor by merger with ) 
Manheim Automotive Financial Services, Inc., ) 
and JOHN WICK, ) 
                                           ) 
         Defendants. ) 

## MOTION TO EXCLUDE EXPERT TESTIMONY OF DAN WOJCIK

Plaintiffs' purported "industry expert" Dan Wojcik should not be permitted to testify because Mr. Wojcik's deposition made clear that he does not actually have expertise in the used car floor plan industry about which he attempts to opine. His proposed testimony therefore does not meet the requirements of Rule 702 or *Daubert*.

A witness providing expert opinion testimony must be "qualified as an expert by knowledge, skill, experience, training, or education," among other requirements. Fed. R. Evid. 702. The court functions as a "gatekeeper," ensuring that any expert witness testimony is not only relevant, but reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990). After all, even "[a] supremely

qualified expert cannot waltz into the courtroom and render opinions unless those opinions are . . . reliable and relevant under the test set forth by the Supreme Court in *Daubert*." *Clark v. Takata Corp.*, 192 F.3d 750, 759 n.5 (7th Cir. 1999).

Courts have excluded even well-credentialed experts because the subject of their testimony differed from the subject of their expertise.  For example, in *Happel v. Walmart Stores, Inc.*, the trial court properly excluded testimony from a doctor who was board-certified in psychiatry and neurology.  Despite his credentials, the doctor was not qualified to testify about the plaintiff's multiple sclerosis because he had limited experience with MS patients.  602 F.3d 820, 825 (7th Cir. 2010).

Here, Plaintiffs would like for Dan Wojcik to "waltz into the courtroom" and render opinions about an industry he is not familiar with.  The Court should exercise its gatekeeping function and exclude his testimony.

Mr. Wojcik was retained to "render [his] opinion on lending industry standards and practices."  (Expert Report of Dan Wojcik [Ex. 1] ("Wojcik Report") at 1.)  Throughout his two-page report, Mr. Wojcik refers to his "knowledge of standard and commonly accepted lending practices" to opine on what is and is not "standard," "common," or "accepted" industry practice.  (*Id.* at 1-2.)  Thus, one would expect Mr. Wojcik to have knowledge or experience in the used car floor planning industry relevant to this case.  But he does not.

The industry in which Mr. Wojcik has experience—the general banking industry—is not the same industry as that involved in this case—the used car floor planning industry.  Mr. Wojcik's curriculum vitae shows that he had now-dated experience in the banking industry and worked at various banks in Texas, Arkansas, and Indiana several years ago.  But regardless of whether Mr. Wojcik might qualify as an expert in a banking case, this is not such a case.  Here,

the relevant practices are those of the used car floor planning industry, particularly independent (non-bank) lenders.

Mr. Wojcik's CV and deposition testimony reflect extremely limited experience with floor plan lending. He could not name any other current used car floor plan lenders, aside from the one that is a party to this case. (Deposition of Dan Wojcik [Ex. 2] ("Wojcik Dep.") 52:13-53:14.) He had no idea what the size of the industry might be. (*Id.* 53:12-19.) He was not aware of when other used car floor planners begin to run interest or the interest charging practices of other non-bank used car floor planners. (*Id.* 98:11-21.) Mr. Wojcik could not say how much of his time and experience in banking was focused on automotive floor planning, but he acknowledged that he never worked with more than 25 dealers at the same time, he generally worked with only a handful of dealers at most, and his most recent experience with automotive floor plan lending was in 2006.[1] (*Id.* 38:16-20, 50:16-52:7, 49:13-50:3.) Mr. Wojcik did not know whether NextGear is a bank, whether used car floor plan lenders such as NextGear are regulated by the same groups that regulate banks, or whether there are any state or federal regulations specifically applicable to used car floor plan lenders. (*Id.* 23:10-22, 52:8-12.)

Even though he does not know about the used car floor planning industry, Mr. Wojcik has taken no steps to educate himself. He did not review any treatises on floor plan lending to form his opinions. (*Id.* 48:15-49:5, 54:16-22.) He also had no familiarity with guidance from the Office of the Comptroller of the Currency regarding floor plan lending. (*Id.* 100:2-12.)

Having admitted that he has no knowledge of what the relevant industry's practices are with respect to interest, Mr. Wojcik certainly does not have the expertise to testify whether

---

[1] He also acknowledged that he was not familiar with technological changes in the lending industry since then, such as online loan statements and electronic payments by ACH like those at issue in this case. (*Id.* 49:6-12.)

NextGear's practices are "standard" or "common."  Mr. Wojcik has no knowledge of how other

used car floor plan companies calculate interest:

> Q.  Okay.  You mentioned the other floor plan lender that you
> think may be in Carmel, Indiana.  Do you know when they
> begin to run interest on auction purchases --
>
> A.  No.
>
> Q.  -- that are floated with them?
>
> A.  No.
>
> Q.  Okay.  I think I know the answer to this.  But are you aware of
> the interest accrual practices of any other nonbank, used car
> floor planners?
>
> A.  No.

(*Id.* 98:11-21.)  Indeed, Mr. Wojcik admitted that if one or more lenders represented the majority

of the market, then their practices would be common.  (*See id.* 66:16-69:10.)  Yet he does not

have the knowledge, skill, experience, training, or education to be able to tell what companies

make up the market, how much of the market they control, or how they charge interest.  (*See,

e.g.*, *id.* 66:16-18 (no knowledge of how much of market NextGear and unnamed competitor

represent)).

     Beyond that, Mr. Wojcik concedes that charging interest from the date of auction is not

illegal or fraudulent.  (Wojcik Report at 2; Wojcik Dep. 92:9-93:1.)  Although he thought interest

should be addressed more clearly in the floor plan contract, Mr. Wojcik is not a lawyer, is not

giving a legal opinion, and has no special background, skill, or expertise in reading the contracts

at issue.  (Wojcik Dep. 74:5-11, 17:6-16.)  He further testified that his experience did not help

him understand what several terms in the floor plan contract meant.  (*Id.* 85:20-23, 82:6-8,

82:12-18, 83:20-84:5.)  In any event, expert testimony regarding the meaning of a contract would

invade the province of the Court.  *Landmark Builders, Inc. v. Cottages of Anderson, LP*, No. IP 01-C-1592-C-M/S, 2003 WL 21508118, at *2 (S.D. Ind. May 20, 2003).

Mr. Wojcik is not qualified to opine on what is a standard, common, or accepted industry practice because the banking industry in which he spent his prior career is not the same as the used car floor planning industry at issue in this case and because he does not know the major players in the floor plan industry or their practices.  Before becoming a professional witness, Mr. Wojcik may have been familiar with general banking practices, but that was several years ago.  He admits he has no knowledge of current digital modes of transacting business, and furthermore has very limited experience in used car floor plan lending.  Since the only opinions Mr. Wojcik offers relate to industry practices, and Mr. Wojcik is not an expert in the industry in question, the Court should exclude Mr. Wojcik's testimony.

Respectfully submitted, this 28th day of June, 2017.

 *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc.,*
*NextGear Capital, Inc. f/k/a Dealer Services*
*Corporation, and John Wick*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 28th day of June, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
cfelder@lawla.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com

*s/ Tracey K. Ledbetter*
Tracey K. Ledbetter