### Red Barn Motors, Inc. et al v. NextGear Capital, Inc. et al

My name is Dan Wojcik and I specialize in bank consulting, business valuations and litigation consulting. I served as President of National Bank of Arkansas from 2000-2005 and for a short time as President and CEO of Parkway Bank. I have more than 40 years of banking experience including extensive assistance to banks and federal and state regulatory agencies to turn around financial institutions that were under restrictive regulatory orders. My *Curriculum Vitae* is attached to this report along with a list of depositions I have given and articles I have authored.

I have been engaged by counsel for the plaintiffs (Red Barn Plaintiffs) in the above case to render my opinion on lending industry standards and practices as to when interest can begin to accrue on a loan and thus when interest can be charged to the borrower.

In developing this opinion, I have reviewed the following documents, relied on my knowledge of standard and commonly accepted lending practices and my experience as a bank executive, loan officer and bank-turnaround specialist.

- Red Barn account summaries outlining vehicles purchased by VIN, unit purchase date, flooring date, seller-auction name, amount financed and actual date of advances under the Floor Plan.

- Next Gear's Demand Promissory Note, Floor Plan Agreement and Loan and Security Agreement including Reserve Agreement, Advance Schedules, Power of Attorney, Individual Guarantee and ACH Authorization and Request.

- Declaration of Adam Galena, Vice President of Finance for Next Gear Capital, Inc.

- Master Facility and Inter-Creditor Agreement

My compensation for this engagement is $250.00 per hour for my time researching and developing this opinion; $300.00 per hour for deposition testimony; and $350.00 per hour for testimony at trial.

### My Opinion

*It is standard industry lending practice* to charge interest to borrowers for using money actually borrowed. Interest for a loan is based on the concept that the borrower enjoys the benefits of using or renting money for a specific period of time. Money can be advanced or transferred to the borrower directly or to third parties on behalf of the borrower. For example, a business may receive loan funds directly from the lender to be used for daily operating needs. Or funds could be transferred to the seller of equipment on behalf of the borrower who is purchasing the equipment.

# EXHIBIT 1

To determine the amount of interest to charge for using or renting money the following three variables are multiplied: 1) the interest rate; 2) the amount borrowed; and 3) the specific number of days or time the money has been borrowed and thus physically transferred to the borrower or a third party. *The effective date to begin calculating interest cannot be determined until the transfer is actually made.* If no money is physically transferred or lent then the borrower obviously cannot use the money and should not be charged interest.

Interest should not be confused with a fee, which is entirely different. It is common for lenders to charge borrowers fixed or flat fees for *services performed or as a guarantee that funds will be made available* to borrowers *at some future date.* Such a guarantee or Floorplan fee is entirely independent of interest, which is a charge for the use of money actually disbursed or lent.

*It is not common or an accepted lending industry practice* to charge interest on monies that have not been actually advanced, disbursed or lent for the benefit or use of a borrower or third party. In the case of *Red Barn Motors, Inc. et al v NextGear Capital, Inc. et al.,* it is my understanding that in many instances, no money was advanced or lent by NextGear Capital for a time between when Plaintiffs purchased cars, generally at auction, and placed them on their floorplans and when NextGear Capital advanced funds to the auctions, which was at times several days or weeks later. NextGear Capital assessed interest charges to the Plaintiffs as if money had been disbursed and transferred to the third party (generally an auction house) on behalf of Plaintiffs, when such funds had not been disbursed and transferred.

In summary, the actions by Next Gear Capital of charging interest prior to advancing or transferring money to either Plaintiffs or a third party, such as an auction house, is not a common or standard lending industry practice. If NextGear Capital intended to charge a fee before money was advanced, I would expect that NextGear Capital would make specific disclosures to its borrowers of NextGear Capital's practice.

My opinion is based on my examination of facts of this case and my professional experience. I reserve the right to modify or add to my opinions should new information and/or documents become available to me.

Dan Wojcik

Date: January 9, 2017

**Dan Wojcik**
9816 Brandywine Circle
Austin, Texas 78750
501-590-1090

*Expert Witness and Litigation Consulting*               *2006 to Present*

Provide litigation consulting and expert testimony for attorneys with special emphasis on banking and finance. Assisted more than fifteen attorneys in deposit activities and irregularities, lender liability, malfeasance, banking regulations, collusion, board irregularities, real estate projects and common banking practices. Advised Arkansas State Attorney General on Arkansas State University malfeasance.

*Bank Consulting*                                       *2006 to Present*

Specialize in strategic planning, management assessments, problem bank turnarounds, trouble shooting, credit risk management, problem loan workouts, deposit activities, board training, regulatory orders and credit training. Provided consulting services for 10 banks, a State Banking Association and a Banker's Bank. Referrals come from the Office of the Comptroller of the Currency, FDIC, Arkansas State Bank Regulators and bank attorneys.

## Banking Career

**Parkway Bank**
**Interim President and CEO**                           January 2009- April 2009
**Monticello, Arkansas**

Asked by this bank's board of directors to assume the duties of president and CEO until the bank could find a permanent replacement for the recently terminated CEO. Then continued as a consultant while the bank was under regulatory orders.

**Executive Vice President**                            2006-2007
**Bank of England**
**England, Arkansas**

Member of the board of directors and managed all lending activities. Managed the Bank's responses to federal banking order.

**President**
**National Bank of Arkansas**                           2000-2005

Served as a member of the board of directors and managed all bank activities, including Loan Operations, Branch Banking, Deposits, Investments and Bank Personnel.

**Senior Vice President**
**Mercantile Bank**                           **1997-2000**
**Little Rock, Arkansas**
    Vice Chairman of the state wide loan committee, head of commercial lending Problem loan workouts for this publicly traded multi-state bank. Specialized in large commercial loans, real estate projects, dealer financing, floor plan lending, working capital lines of credit and equipment financing.

**Senior Vice President**
**Bank of the West**                          **1996-1997**
**El Paso, Texas**
    Senior Commercial Lender. Specialized in retail franchise financing, auto dealer floor plan lending and general commercial loans.

**Senior Vice President**
**State National Bank**                       **1993-1996**
**El Paso, Texas**
    Was head of retail banking which included 13 branches, teller operations, new accounts, auto dealer financing, consumer lending, mortgage lending, retail collections, marketing and advertising.

**Senior Vice President**
**First City Bank**                           **1983-1993**
**El Paso, Texas**
    Served as Senior Commercial Lender and member of the board of directors. Specialized in auto floor plans, franchise financings, equipment financing, cross border banking and not-for-profit financing.

**Vice President**
**InterFirst Bank)**                          **1979-1983**
**Houston, Texas**
    Was head of Asia and Middle East International Banking, which included extensive overseas travel to more than 20 countries. Specialized in sovereign debt, foreign bank lines of credit, banker acceptances and reverse investment.

**Vice President**
**Indiana National Bank**                     **1970-1979**
**Indianapolis, Indiana**
    Was head of Asian desk, foreign exchange trading and international branch expansions. Opened banking facilities in London, Luxemburg and Mexico City.

## Education

| | |
|---|---|
| Bachelor of Arts - Mathematics & Accounting | Butler University |
| MBA Graduate studies | Indiana University |
| Graduate Schools for International Banking | University of Virginia |
| | University of Colorado |

## Articles Published

| | | |
|---|---|---|
| "Profit is an Illusion, Cash Flow is Fact" | - | Community Banker, winter 2006 |
| "Where Are You Going" | - | Arkansas Banker, spring 2007 |
| "Where Are You Going" | - | Arkansas Business, winter 2007 |
| "Learn to see the Signs" | - | Arkansas Business, spring 2007 |
| "Character and Jelly Beans" | - | Arkansas Banker, summer 2007 |
| 'There Will Be Days Like This" | - | The Arkansas Community Banker" 2007 |
| "Risk Management" | - | The Arkansas Banker"-September 2007 |
| "Get Ready"- | - | The Arkansas Community Banker, 2008 |
| "Recognizing Problem Loans"- | - | The Arkansas Banker, July 2008 |
| "Time to Rebuild" | | AIBA, winter, 2010 |

3

# Dan Wojcik
## Depositions

Technology Partners, Inc. d/b/a Inacom Information Systems & Avow Technology Solutions vs. Regions Bank
Circuit Court-Pulaski County Arkansas
No. CV 2004-502
February 9, 2006

Farm Fresh Producers, LLC et al vs. Catfish producers, LLC et al
No. CV-2004-8775
Circuit Court- Pulaski County Arkansas
October 27, 2006

Liberty Bank of Arkansas v. Meredith Investments, Inc.,
Timothy W. Meredith and Jackie Meredith
Circuit Court-Craighead County Arkansas
No. CV-2005-852
March 14, 2008

Regions Bank vs. Tri-Eagle Enterprises, Inc.
Circuit Court-Sebastian County Arkansas
No. CV-20060269(V)
July 28, 2008

Badger Capital, LLC et al vs. Chambers Bank of North Arkansas, et al
US District Court- Fayetteville Arkansas
No. 5:08-CV-5141
January 6, 2010

Stokes vs. Southern States Cooperative, Inc.
US District Court-Eastern District Arkansas
No. 5:09-CV-0170BSM
July 27, 2010

Renasant Bank v. St. Paul Mercury Insurance Company
US District Court, Northern District of Mississipi
Civil Action No. 1:15-cv-00090-GHD-SAA
November 2016