UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:14-cv-01589-TWP-DKL |
| v. | ) ) ) | |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., and JOHN WICK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ENTRY ON PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY

This matter is before the Court on a Motion to Strike Defendants' Notice of Additional Authority filed by Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. (collectively, "Plaintiffs") ([Filing No. 205](#)).

On May 15, 2017, Defendants NextGear Capital, Inc., Cox Automotive, Inc., and John Wick (collectively, "Defendants") filed their Notice of Additional Authority Regarding Class Certification ([Filing No. 204](#)). They explain that, after the close of briefing on the Plaintiffs' motion for class certification, the Plaintiffs filed their motion for partial summary judgment and, for the first time, argued that the contracts at issue in this litigation are ambiguous with respect to the date interest may accrue. The Defendants state, "In light of Plaintiffs' ambiguity argument, and without conceding it, Defendants hereby request leave to file this notice, bringing to the Court's attention the following additional authority relevant to the Court's class certification determination." *Id.* at 1. The Defendants then list four cases and one Indiana statute with short

parenthetical summaries as they relate to the Plaintiffs' new ambiguity argument and class certification.

The day after the Defendants filed their Notice of Additional Authority Regarding Class Certification, the Plaintiffs filed their Motion to Strike the Defendants' filing. The Plaintiffs argue that the filing is another improper attempt by the Defendants to get the final word on the class certification motion as it was filed six days after the Court held oral argument on the motion for class certification and ten days after the Court denied the Defendants' motion for leave to file a surreply brief in opposition to the class certification motion.

Replying to the Defendants' assertion that the Notice of Additional Authority was appropriate in light of the arguments made in the Plaintiffs' motion for partial summary judgment, the Plaintiffs explain their summary judgment motion was filed nearly two weeks before the oral argument on class certification, and at the oral argument, the Defendants did not mention that they had located additional authority that was relevant to class certification, and when the Court asked counsel whether there were any additional matters to raise, defense counsel declined to raise this additional authority. The Plaintiffs also point out that the Defendants did not request leave of Court to submit any additional filings in opposition to class certification. Thus, the Plaintiffs request that the Court strike the Defendants' Notice of Additional Authority.

Responding to the Plaintiffs' Motion to Strike, the Defendants assert that their Notice of Additional Authority was filed less than three weeks after the Plaintiffs filed their summary judgment motion, and the Defendants did not have an earlier opportunity to raise the additional authority regarding how the Plaintiffs' new argument affected the class certification motion. The Defendants explain that, while analyzing the Plaintiffs' summary judgment brief and researching their response to the brief, "Defendants discovered Plaintiffs' misstatement of Indiana law,

researched the consequences for class certification, and filed the Notice of Additional Authority as soon as possible." ([Filing No. 206 at 1](#)–2.) They further argue that they "have not submitted any new arguments, but simply made the Court aware of additional authority relevant to the Court's own 'rigorous analysis' of the request for class certification." *Id.* at 2.

The Defendants note, "The authority cited in the Notice should be considered by the Court on class certification independent of Defendants' Notice, but, as officers of the Court, Defendants' counsel sought to aid the Court in finding that authority." *Id.* Further, "[s]ince they have the burden to prove certification is appropriate and since their counsel are also officers of the Court, Plaintiffs arguably should have alerted the Court to the authority at issue themselves after their theory of the case recently changed from one of express breach to one of ambiguity." *Id.* The Defendants also point out that the "Plaintiffs do not contest the relevance or accuracy of the noticed authority in their Motion to Strike." *Id.*

After considering the parties' arguments and the various motions that have been filed, as well as the timing of the parties' filings, the Court determines that striking the Defendants' Notice of Additional Authority is not necessary in this case. Each of the cases and the Indiana statute listed in the Defendants' Notice of Additional Authority has been included and discussed in the Defendants' response brief to the Plaintiffs' summary judgment motion. Thus, the cited authority is before the Court regardless of whether the Notice of Additional Authority is stricken from the docket. Additionally, bringing case law to the Court's attention, without providing subjective argument or analysis, is simply an aid to the Court in locating relevant authority. While notifying the Court of legal authority normally occurs in motions briefing, the Notice of Additional Authority in this case is not prejudicial to the Plaintiffs. In this instance, the Court does not view the Defendants' Notice as an attempt to "get the final word," and the Court will not treat it as such.

For these reasons, the Court **DENIES** the Plaintiffs' Motion to Strike Defendants' Notice of Additional Authority ([Filing No. 205](#)).

**SO ORDERED.**

Date: 6/29/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ryan D. Adams
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
radams@shergarner.com

Jacob A. Airey
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC.
jairey@shergarner.com

Lisa Brener
Brener Law Firm, LLC
lbrener@brenerlawfirm.com

Matthew M. Coman
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
mcoman@shergarner.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

James M. Garner
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
jgarner@shergarner.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

4

Gladstone N. Jones
JONES SWANSON HUDDELL & GARRISON, LLC
gjones@jonesswanson.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Catherine E. Lasky
JONES SWANSON HUDDELL & GARRISON, LLC
Klasky@laskymurphy.com

Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
traceyledbetter@eversheds-sutherland.com

Jason S. McCarter
EVERSHEDS SUTHERLAND (US) LLP
jason.mccarter@sutherland.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL & GARRISON, LLC
KMurphy@laskymurphy.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL& GARRISON, LLC
lswanson@jonesswanson.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com