UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., <br> PLATINUM MOTORS, INC., and <br> MATTINGLY AUTO SALES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEXTGEAR CAPITAL, INC. f/k/a DEALER <br> SERVICES CORPORATION, <br> COX ENTERPRISES, INC., <br> COX AUTOMOTIVE, INC., and <br> JOHN WICK, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:14-cv-01589-TWP-DKL |

## ORDER ON PLAINTIFFS' MOTION IN LIMINE
## TO EXCLUDE EXPERT TESTIMONY

This matter is before the Court on a Motion in *Limine* to Exclude Expert Testimony of David P. Hoffman ("Motion in *Limine*") filed by Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. (collectively, "Plaintiffs") ([Filing No. 183](#)). The Plaintiffs each executed a separate contract with Defendant NextGear Capital, Inc. ("NextGear"), whereby the Plaintiffs were provided lines of credit for financing their used car dealership operations. After the Plaintiffs discovered that they had been charged interest and fees on money that had not yet actually been loaned, they initiated this litigation, asserting claims for breach of contract, constructive fraud, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Class certification was recently granted on the breach of contract and RICO claims ([Filing No. 220](#)).

The Plaintiffs filed their Motion in *Limine*, asking the Court to exclude any expert testimony from the Defendants' disclosed expert witness, David P. Hoffman ("Hoffman"), who

has provided an expert report relating to damages. For the following reasons, the Plaintiffs' Motion in *Limine* is **DENIED**.

## I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

Plaintiffs ask the Court to specifically exclude the testimony of Hoffman pertaining to amounts owed by Plaintiffs to NextGear. They point out that Hoffman provides his calculations "to the extent they are relevant to a counterclaim, a setoff defense, or otherwise." (Filing No. 183 at 1.) Plaintiffs assert that Defendants had not yet filed an answer, counterclaim, or defense to the Complaint, and thus, any proposed expert testimony regarding damages calculations are not yet relevant. Plaintiffs conclude their Motion in *Limine* by asserting, "Further, Plaintiffs reserve all rights to challenge Hoffman's testimony later in these proceedings, after Defendants have filed their answer, defenses, and any counterclaims." *Id.* at 2.

In response to the Motion in *Limine*, Defendants explain that they served their expert report from Hoffman before ever filing their answer and defenses because of the timing of the case

2

management plan and the Court's scheduling orders as well as their motion to dismiss, which had been pending at the time of serving the expert report. Defendants assert that the Motion in *Limine* was premature because the relevance of Hoffman's anticipated testimony was to be measured against Defendants' answer, counterclaim, or defenses, which at the time had not yet been filed and was not yet due. They argue that setoff calculations are indeed relevant and should not be excluded at this stage.

Since filing their response to the Motion in *Limine*, Defendants have filed their Answer and Affirmative Defenses and have asserted a setoff defense ([Filing No. 188 at 17](#)). Therefore, Plaintiffs' argument—relevance of Hoffman's calculations in relation to any setoff defense—is now moot, and the parties can fully explore this issue.

As noted above, the Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. Such is not the case with Hoffman's proposed expert report and testimony.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiffs' Motion in *Limine* ([Filing No. 183](#)). An order in *limine* is not a final, appealable order. Evidentiary rulings regarding Hoffman's anticipated testimony are deferred until trial so that questions of foundation, relevancy, and prejudice can be resolved in context. If the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 7/2/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ryan D. Adams
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
radams@shergarner.com

Jacob A. Airey
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC.
jairey@shergarner.com

Lisa Brener
Brener Law Firm, LLC
lbrener@brenerlawfirm.com

Matthew M. Coman
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
mcoman@shergarner.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

James M. Garner
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
jgarner@shergarner.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Gladstone N. Jones
JONES SWANSON HUDDELL & GARRISON, LLC
gjones@jonesswanson.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Catherine E. Lasky
JONES SWANSON HUDDELL & GARRISON, LLC
Klasky@laskymurphy.com

Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
traceyledbetter@eversheds-sutherland.com

Jason S. McCarter
EVERSHEDS SUTHERLAND (US) LLP
jason.mccarter@sutherland.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL & GARRISON, LLC
KMurphy@laskymurphy.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL& GARRISON, LLC
lswanson@jonesswanson.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com,clindsey@boselaw.com