**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**(Indianapolis Division)**

| | | |
|---|---|---|
| **RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually, and on behalf of other members of the general public similarly situated,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DML** |
| | * | **CLASS ACTION** |
| **v.** | * | |
| **COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,** | * | |

******************************************************************************

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY CLASS DISCOVERY**

**NOW INTO COURT** come Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. and respectfully submit this memorandum in opposition to Defendants' Motion to Stay Class Discovery (Dkt. 217). Notwithstanding the parties' months-old agreement to engage in class merits discovery in short order following the Court's order on class certification, Defendants now seek to stay such discovery until the parties' respective motions for summary judgment have been decided. For the reasons set forth herein, Defendants' motion should be denied.

1. This case was originally filed in December 2013, and Plaintiffs filed the Verified Amended Complaint on March 11, 2016. In December 2016, the parties filed a Joint Motion to Modify Case Management Plan, proposing to establish the following schedule for class merits discovery:

> (a) The Plaintiffs shall serve written discovery relating to class merits issues within 15 days following entry of an order granting certification of a class; and (b) **The Defendants shall respond to such discovery within the time limits allowed by the Federal Rules of Civil Procedure, subject to any extensions agreed upon by the Parties if needed.** In addition, the Parties propose that to the extent that any additional depositions are necessary following class certification, the Parties will work together to schedule such depositions at the earliest practicable date, subject to the limitation on the number of depositions established by the Federal Rules of Civil Procedure.

Dkt. 172 at 2 (emphasis added). The parties' joint motion was granted by the Court on February 28, 2017 (Dkt. 181).

2. On June 29, 2017, the day after Defendants filed their stay motion, this Court entered its Order granting Plaintiffs' class certification motion (Dkt. 153) as to Plaintiffs' breach of contract claim against NextGear and substantive RICO claim against NextGear, Cox Automotive, and Mr. Wick. *See* Dkt. 220.

3. On June 30, 2017, the Court granted Plaintiffs' motion to continue the trial of this matter, resetting the trial from August 28, 2017 to December 4, 2017, with a pretrial conference on November 8. Thus, trial is now approximately five months away, and, for the parties to prepare for trial, class notice and class merits discovery, including written discovery and depositions, will need to proceed pursuant to the parties' agreed-upon schedule.

4. In light of the Court's class certification ruling on June 29, 2017 and the Court's February 28 Order, Plaintiffs must serve class merits discovery no later than Friday, July 14, 2017, and Defendants must respond to the discovery in accordance with the Federal Rules, subject to any extensions to which the parties may agree. In addition, pursuant to the parties' agreement and Court's Order, any depositions necessary following class certification are to be scheduled at the earliest practicable date.

5. On June 30, 2017, Plaintiffs propounded an initial set of class merits discovery requests, seeking information as to the members of the Class and the California dealer Subclass. In their motion to stay, Defendants recognize the propriety of this discovery and have agreed to provide it within thirty (30) days, subject to any reconsideration and appeal rights. *See* Dkt. 217 at 3, ¶ 7. Plaintiffs have not propounded any additional class merits discovery at this time; they will do so within the time limits previously set by the Court and intend to make that discovery as focused and streamlined as possible. Defendants' primary concern appears to be producing information as to damages suffered by each class member, arguing that they "may have to create wholly new tailored reports" listing the transactions of each class member. *Id.* Information as to the class members' damages is critical; however, the amount of information needed as to each transaction may be more limited if the parties are able to reach a stipulation as to the calculation of class members' damages on a per diem basis (as they did with respect to the damages of the Named Plaintiffs). Regardless, in light of the age of this case, the upcoming trial date, and this Court's prior Order, any stay of class merits discovery at this stage is inappropriate because Defendants previously agreed to engage in merits discovery once the Court certified the class. Now, having lost on class certification, Defendants want to renege on that agreement. Moreover, staying discovery would greatly prejudice Plaintiffs by not providing them with sufficient time to conduct discovery in advance of the December trial date.

6. District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Further, as the Court held in denying Defendants' earlier motion to stay discovery pending a decision on their motion to dismiss, the Court "has to consider the prejudice to the judicial system as a whole and the prejudice

to Plaintiffs from a stay of discovery." Dkt. 133 at 6 (citing *United States ex rel. Robinson v. Indiana U. Health Inc.,* 2015 WL 3961221, at *4 and *6 ("District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously[.]"); *New England Carpenters Health & Welfare Fund v. Abbott Laboratories*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (noting that courts disfavor stays of discovery "because they bring resolution of the dispute to a standstill" (quotation and citation omitted)).

7. The only case Defendants cite in support of the argument that class merits discovery should be stayed because their motion for summary judgment could eliminate the need for burdensome discovery—*Blake v. Financial Management Systems, Inc.,* No. 11 C 612, 2011 WL 4361560, at *2 (N.D. Ill. Sept. 19, 2011)—is inapposite. In *Blake*, the plaintiff asked the defendant to produce "a tremendous volume of information" designed to identify potential class members and allow the plaintiff to parse the merits of the defendant's affirmative defense before she had properly filed a class certification motion. In contrast, here, Plaintiffs seek class merits discovery only after the Court has granted class certification and in accordance with the parties' prior agreement and Court's February 28, 2017 Order, permitting merits discovery following certification. Further, in *Blake,* the defendant's summary judgment motion was very short and straightforward, and a stay of class discovery would not have "unduly delay[ed] [the] case or unduly prejudice[d] Plaintiff[.]" *Id.* at *2. Here, in contrast, Defendants' summary judgment motion is complex, this case has been pending for more than three years, and any stay of discovery would substantially and unduly prejudice Plaintiffs by preventing them from adequately preparing for the December trial, further delaying the case and seriously jeopardizing the trial date.

8. Defendants' argument that the Court's decision on Plaintiffs' motion for partial summary judgment on their contract claim "may affect the relevance of extrinsic evidence for each plaintiff going forward" ignores Plaintiffs' motion to stay a ruling on the partial summary judgment motion in light of *Costello v. Beavex, Inc.,* 810 F.3d 1045, 1058 (7th Cir. 2016) as well as Plaintiffs' arguments on summary judgment that extrinsic evidence is not relevant because the contracts are ambiguous on their face.

**WHEREFORE**, for the reasons stated herein, Plaintiffs request that this Court deny Defendants' Motion to Stay Class Discovery and require such class discovery to be completed on the existing schedule set forth in the February 28, 2017 Order (Dkt. 181).

Respectfully submitted,

*/s/ Kerry A. Murphy*
CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (#18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of July, 2017, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

*/s/ Kerry A. Murphy*
Kerry A. Murphy