## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### (Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DML** |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| **v.** | * | |
| | * | |
| | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| **with Manheim Automotive Financial** | * | |
| **Services, Inc., and JOHN WICK,** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFFS' OPPOSITION TO MOTION TO EXCLUDE
## EXPERT TESTIMONY OF DAN WOJCIK

**NOW INTO COURT** come the Named Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. and the Class (collectively, "Plaintiffs") who respectfully submit this Opposition to Defendants' Motion to Exclude Expert Testimony of Dan Wojcik (Dkt 218). This Court should deny Defendants' motion because the Defendants do not assert that Mr. Wojcik is unqualified to give an opinion concerning standard and commonly accepted lending practices in his experience as a bank executive, loan officer and bank-turnaround specialist, or that his opinion in that field is incorrect. Rather, without presenting any evidence, Defendants contend that opinions of a bank executive, loan officer and bank-turnaround specialist regarding general industry lending practices are not applicable to it or relevant to this case because it is not a bank and it loans money to used car dealers. Thus, while disguised as a *Daubert* motion, Defendants

assert a straight-forward motion in limine to exclude Mr. Wojcik's opinion based on relevancy grounds. This Court should deny Defendants' Motion because issues involving relevancy should be reserved for trial, cross examination, and for Defendants to present an adequate foundation that general industry standards do not apply to it.

## I. FACTS.

Defendants charged interest to the Plaintiffs before it lent money on their behalf.[1] Defendants did so purposefully while concealing the manner in which they were charging interest to Plaintiffs.[2] The contacts between the parties do not allow for such interest to be charged and the Defendants were obligated to inform and obtain Plaintiffs' consent that it was charging interest before lending money.[3] In addition, Defendants were obligated to disclose this information because Defendants charged Plaintiffs fees in connection with each loan.[4] Mr. Wojcik was retained to provide expert testimony concerning when interest normally accrues according to standard and commonly accepted lending practices in his experience as a bank executive, loan officer and bank-turnaround specialist.[5]

Mr. Wojcik has 40 years of lending industry background, including decades of experience with loan origination, loan underwriting, loan monitoring, and loan collection.[6] During his career Mr. Wojcik has direct knowledge of and was directly involved in numerous loans relating to automobile financing, installment loans, home improvement loans, mortgage lending, automobile dealer indirect lending, floor plan lending, financing expansions, facilities lending, and equipment

---

[1] *See* (Dkt. 117 at 5).
[2] *Id.*
[3] *Id.* at 2.
[4] Wojcik Expert Report, p.3. Attached as Exhibit 1 to Defendants' Motion to Exclude Expert Testimony of Dan Wojcik (Dkt. 218-1).
[5] *Id.* at p. 1.
[6] *Id.*

loans.[7] Mr. Wojcik has ongoing involvement in the banking industry, including acting as a consultant for various banks. Mr. Wojcik is sought after for these consulting jobs because of his extensive knowledge and work history in the lending industry. In addition to reviewing loans as a consultant, he also trains lending and compliance staff.[8] Mr. Wojcik's time working directly in the lending industry overlaps the 2005-2013 time frame of the Class, including the 2005 timeframe when Defendants drafted the contracts at issue in this case.

## II.     LAW AND ARGUMENT.

Federal Rule of Evidence 702 and the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) control the admission of expert testimony governed. Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Here, Defendants do not use the four factor test set forth in *Daubert* to analyze Mr. Wojcik's opinion. Rather, without presenting any evidence, Defendants contend that Mr. Wojcik's opinions regarding general industry lending practices on something as fundamental as how interest is usually calculated are not applicable to it because it is not a bank and loans money to used car dealers. Thus, while disguised as a *Daubert* motion, Defendants are really asserting a straight-forward motion in limine to exclude Mr. Wojcik's opinion based on relevancy grounds.

Mr. Wojcik's substantial and significant experience in the lending industry and his opinions concerning interest and loans are relevant to this case involving fraudulently charged interest. Mr.

---

[7] Deposition of Dan Wojcik, p. 24. Attached as Exhibit 2 to Defendants' Motion to Exclude Expert Testimony of Dan Wojcik. (Dkt. 218-2).
[8] *Id*. at 22.

Wojcik is not giving a legal opinion concerning the meaning of the contracts. Rather, he is testifying about standard and commonly accepted lending practices in his experience as a bank executive, loan officer and bank-turnaround specialist bank executive.[9] These opinions provide the Court with background information to consider when not only reviewing the contracts, but when also reviewing the representations and omissions Defendants made to the Plaintiffs concerning interest rates. Further, Defendants' assertions that some of Mr. Wojcik's experience is "dated" because it is from 2006 ignores that Defendants drafted the contracts at issue herein during that time period, and the Class itself dates back to 2005. Thus, Mr. Wojcik's work experience and historical knowledge is directly relevant to what was happening in the general lending industry during the timeframe in question.

While Defendants invite the Court to use the same rationale it used in *Patel ex rel. Patel v. Menard, Inc.*,1:09-CV-0360-TWP-DML, 2011 WL 4738339, at *5 (S.D. Ind. Oct. 6, 2011), to exclude Mr. Wojcik's testimony, *Patel* has different facts and involved a future prognosis for a brain damaged child. There, the expert himself "conceded that his assessment of a best worst case scenario was done by the 'seat of his pants' and grounded in 'art instead of science.'" *Id*. Here, Mr. Wojcik has made no such concessions and this is not expert testimony about the potential hypothetical future effects of brain damage that was at issue in *Patel*. Mr. Wojcik is giving testimony based on his nearly 40 year career in the lending industry and how he has observed interest being calculated over thousands upon thousands of loans relating to multiple different types of collateral. Further, while not all of these loans involved used car dealers, many of the loans did.[10]

---

[9] *See supra*, n. 5
[10] *See supra* n. 7.

The Seventh Circuit has held that "expert testimony need only be relevant to evaluating a factual matter in the case. That testimony need not relate directly to the ultimate issue that is to be resolved by the trier of fact." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir.2000). Thus, even if Defendants can somehow prove that general industry lending standards and norms do not apply to it when calculating something as fundamental as interest, which is denied, how lenders generally calculate interest and inform their borrowers about interest charges would be relevant to the types of disclosures that one would have expected Defendants to give to its borrowers to inform it that it was deviating from general industry standards.[11] Thus, Mr. Wojcik's testimony is relevant even under Defendants' flawed view of the case.

Secondly, this Court has already held in this case that contested issues of relevancy would be reserved for trial:

> "[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in limine only if the evidence clearly is not admissible for any purpose. See *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. Id. at 1400–01. (Dkt. 225).

For Mr. Wojcik's testimony to be "inadmissible for any purpose," Defendants would need to have already proven to the Court that the used car lending industry has different norms than the general lending industry. Mr. Wojcik's opinion, based on his 40 years in the lending industry, is that general lending practices demand that an interest calculation be based upon a time component that is triggered when a lender pays money either to a third party or a borrower directly.[12] Defendants

---

[11] *See, e.g.,* Expert report of Dan Wojcik, supra n. 4. "If NextGear Capital intended to charge a fee before money was advanced, I would expect that NextGear Capital would make specific disclosures to its borrowers of NextGear Capital's practice."

[12] *See supra* n. 4.

5

attempt to narrow the scope of relevant testimony by arguing that the used car lending market subscribes to different rules and starts charging interest without regard to whether it has actually lent money. Defendants are free to try and prove to the Court that general industry practice does not apply to it.  However, Mr. Wojcik's opinions concerning what general industry lending practices are and that he would have expected to see different disclosures if such norms were not followed, will assist this Court in determining whether Defendants should have been charging interest in the manner in which they did, or how such information should have been disclosed to Plaintiffs. Thus, Mr. Wojcik's testimony is not clearly inadmissible and he should be allowed to testify in this matter.

**WHEREFORE**, for the reasons stated herein, Plaintiffs respectfully request that this Court deny the Defendants' Motion to Exclude Expert Testimony of Dan Wojcik.

Respectfully submitted,

| | |
|---|---|
| CATHERINE E. LASKY (La. Bar No. 28652) | ___s/*James M. Garner*_____ |
| *Pro Hac Vice* | JAMES M. GARNER (La. Bar No. 19589) |
| KERRY A. MURPHY (La. Bar No. 31382) | *Pro Hac Vice* |
| *Pro Hac Vice* | RYAN D. ADAMS (La. Bar No. 27931) |
| **LASKY MURPHY LLC** | *Pro Hac Vice* |
| 715 Girod Street, Suite 250 | MATTHEW M. COMAN |
| New Orleans, Louisiana 70130 | (La. Bar No. 23613) |
| Telephone: (504) 603-1500 | *Pro Hac Vice* |
| Facsimile: (504) 603-1503 | **SHER GARNER CAHILL RICHTER** |
| klasky@laskymurphy.com | **KLEIN & HILBERT, L.L.C.** |
| kmurphy@laskymurphy.com | 909 Poydras Street, Suite 2800 |
| | New Orleans, Louisiana  70112 |
| GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice* | Telephone: (504) 299-2100 |
| | Facsimile: (504) 299-2300 |
| LYNN E. SWANSON (La. Bar No. 22650) | jgarner@shergarner.com |
| *Pro Hac Vice* | radams@shergarner.com |
| **JONES, SWANSON, HUDDELL & GARRISON, L.L.C**. | mcoman@shergarner.com |
| 601 Poydras Street, Suite 2655 | Kathleen A. DeLaney (#18604-49) |
| New Orleans, Louisiana 70130 | **DELANEY & DELANEY LLC** |
| Telephone: (504) 523-2500 | 3646 North Washington Blvd. |
| Facsimile: (504) 523-2508 | Indianapolis, IN 46205 |

gjones@jonesswanson.com
lswanson@jonesswanson.com

Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net
**COUNSEL FOR PLAINTIFFS AND THE CLASS**

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2017, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

    s/*James M. Garner*
JAMES M. GARNER