IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-01589-TWP-DML |
| COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STAY CLASS DISCOVERY
AND NOTICE TO THE CLASS**

Defendants respectfully request that the Court stay all classwide discovery and class notice pending the disposition by this Court of Defendants' Motion to Reconsider and/or Modify Class Certification Order.  Defendants further request that the stay extend through the disposition by the United States Court of Appeals for the Seventh Circuit of any petition for review under Rule 23(f) of the Federal Rules of Civil Procedure, in the event that any such petition is filed. The scope of discovery and notice would change drastically if the Court were to modify the Certification Order or if the Seventh Circuit were to reverse the grant of certification.  No party would be prejudiced by the stay requested; indeed, the parties and the Court would benefit from a stay because they would be spared the considerable burden and expense of class discovery, class notice (and the resulting reputational injury), and related proceedings that could ultimately be for naught.

**PROCEDURAL BACKGROUND**

On June 29, 2017, the Court issued its Entry on Plaintiffs' Motion for Class Certification [Doc. 220] ("Certification Order"), which granted in part and denied in part Plaintiffs' Motion for Class Certification. Specifically, the Certification Order certified a class as to Plaintiffs' claims for breach of contract and RICO, but denied certification as to Plaintiffs' constructive fraud claim.

Plaintiffs have now served written class merits discovery on Defendants, copies of which are attached hereto as Exhibit A. Defendants are to respond within the time permitted by the Federal Rules of Civil Procedure. [*See* Doc. 181.] The discovery served to date concerns class issues and seeks extensive information regarding tens of thousands of class members, more than a million of their transactions with NextGear, and their potential damages. It also seeks information regarding the manner in which NextGear maintains information related to each class member and detailed contact information related to each dealer. Plaintiffs may serve additional discovery through July 14, 2017.[1]

Defendants have filed a well-grounded Motion to Reconsider and/or Modify Class Certification Order [Doc. 228]. Therein, Defendants respectfully request that the Court reconsider and/or modify the Certification Order on the basis that the Court did not rigorously analyze the Plaintiffs' current theory of the case, the known evidence and the individualized

---

[1] Prior to entry of the Certification Order, Defendants moved to stay class discovery pending a ruling on the parties' motions for summary judgment, noting that summary judgment may affect the scope of class merits discovery (or eliminate the need for it altogether). [Doc. 217.] Defendants respectfully suggest that discovery should be stayed until summary judgment has been decided *and* the appeals process with respect to the Certification Order is complete. The attached Proposed Order therefore addresses both issues.

nature of the Plaintiffs' claims and Defendants' defenses, or individualized issues relating to the statute of limitations.[2]

## ARGUMENT AND AUTHORITY

Rule 23(f) of the Federal Rules of Civil Procedure specifically contemplates that a district court may "stay proceedings" pending appeal of a decision granting class certification. Consistent with this provision, numerous courts have granted stays of trial court proceedings while Rule 23(f) petitions and any subsequent appeals were resolved. *See, e.g.*, *Andrews v. Chevy Chase Bank*, *FSB*, 474 F. Supp. 2d 1006, 1007 (E.D. Wis. 2007); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1 (D.D.C. 2002); *Chavez v. IBP, Inc.*, No. CT-01-5093-EFS, 2002 WL 32145647, at *2 (E.D. Wash. Dec. 23, 2002); *Culpepper v. Inland Mortg. Corp.*, Nos. CV 96-BU-0917-S, CV 98-BU-2187-S, 1999 WL 1135127 (N.D. Ala. July 20, 1999); *Dujanovic v. MortgageAmerica, Inc.*, No. CV-98-TMP-0235-S, 1999 U.S. Dist. LEXIS 17231 (N.D. Ala. Apr. 21, 1999); *see also Moorman v. Unumprovident Corp.*, No. 1:04-cv-2075-BBM, 2005 WL 6074572, *10-11 (N.D. Ga. Feb. 17, 2005) (staying case pending interlocutory appeal under 28 U.S.C. § 1292).

The Seventh Circuit has stated that "a stay would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999). A court should apply the same analysis as if deciding whether to issue a preliminary injunction. *Id.*; *see also, e.g.*, *Rosen v. J.M. Auto Inc.*, No. 07-61234-CIV,

---

[2] The Court has recognized that certain class members' claims may be subject to arbitration. (Certification Order at 37 & n.5.) Defendants reserve and do not waive their right to seek to arbitrate those class members' claims on an individual basis in the event they remain parties following the Court's ruling on the Motion to Reconsider and/or Modify Class Certification Order [Doc. 228], and any appeal (if necessary).

2009 WL 7113827, at *1 (S.D. Fla. May 20, 2009); *Andrews*, 474 F. Supp. 2d at 1007; *In re Lorazepam*, 208 F.R.D. at 3; *Daniels v. City of N.Y.*, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001); *Dujanovic*, 1999 U.S. Dist. LEXIS 17231. Indeed, the Supreme Court has explained that, under the "traditional" standard for considering a stay, a court should examine essentially those same four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *accord Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 134 S. Ct. 506, 506 (2013).

As discussed below, the balance of competing interests favors a stay in this case. Entering a stay would have the potential to save both the Court and the parties a great deal of "time and effort." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

**A.     Defendants Can Show a Likelihood of Success on the Merits.**

Defendants respectfully submit that, for the reasons set forth in their motion for reconsideration, they are likely to prevail on the merits of reconsideration or an appeal. Importantly, the Seventh Circuit has described this factor as "an admittedly low requirement" in which a party "must show that it has a 'better than negligible' chance of success on the merits of at least one of its claims." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1096 (7th Cir. 2008); *see also Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011) ("[T]he threshold for establishing likelihood of success is low.").

Defendants have a "better than negligible" chance of success on reconsideration or appeal of the Certification Order. *Girl Scouts*, 549 F.3d at 1096. Consideration of the *current* theories

of the case and the evidentiary record—which is necessary for the Court to perform a "rigorous analysis" at the class certification stage—leads to the conclusions that individual issues predominate and that no class should have been certified in this case. Moreover, the Court has already recognized that the class may be overly broad in its inclusion of class members whose claims are subject to individual arbitration. (Certification Order at 37 & n.5).

Although "[t]he Court's view of the merits of [Defendants'] arguments is clear from its previous decision" certifying a class, Defendants have raised serious questions about the Court's class certification ruling in their request for reconsideration, and this Court should "acknowledge[] that . . . reversal is possible . . . ." *See In re Lorazepam*, 208 F.R.D. at 5. Granting a stay will permit the potential resolution of this and other legal questions that are critical to the outcome of this case without taxing or prejudicing the parties or the Court.

**B.     Defendants Will Be Irreparably Injured Absent a Stay.**

The Court should stay the proceedings while Defendants' motion for reconsideration (and possible petition and appeal) is pending because Defendants will suffer irreparable injury if this litigation continues before this Court and the Seventh Circuit (if necessary) have completed their review. Absent a stay, this litigation will proceed to classwide merits discovery, additional document production, submission of a plan for class notice, and promulgation of notice to a nationwide class. The pending reconsideration and appeal decisions necessarily affect the viability of Plaintiffs' class claims, the breadth of any requested discovery, and the scope of any class notice. If this Court reconsiders or modifies its Certification Order or if the Seventh Circuit grants Defendants' petition and reverses class certification, the enormous efforts, expense, and time involved in discovery and in completing class notice will all have been irretrievably wasted, and NextGear will suffer irreparable harm to its business prospects and reputation for no reason.

The discovery requests currently pending seek the release of volumes of confidential and proprietary information regarding thousands of dealer customers.  This information has no bearing on the merits of Plaintiffs' individual claims.  Plaintiffs have requested information about assessment of fees and information on payment amounts and payment dates for the tens of thousands of dealers in the class.  (*Cf.* Deposition of Adam Galema as NextGear Capital, Inc. 30(b)(6) Representative ("NextGear Dep.") 54:19-55:3, 35:7-22, attached hereto as Exhibit B.)  Specifically, Plaintiffs seek "the buyer number, buyer name, stock number, unit vehicle identification number (or "VIN"), unit year, make, and model, floor plan status, unit purchase date, flooring date, completed date, term plan description, sell/auction name, purchase amount, financed amount, floor fees, interest and the date NextGear actually funded the purchase" and "[t]he name and amount of all interest-bearing fees associated with each transaction, the dates that interest-bearing fees were assessed to each transaction, customer payment amounts and payment dates (i.e. the date NextGear credited the account) associated with each transaction, and, for any loans that were ultimately written off by NextGear, the date(s) of the write off(s)" for over a million vehicles floor planned by tens of thousands dealers in the class.

NextGear estimates that simply gathering this damages-related information would require six to nine of its employees to devote at least four to six months solely to responding to class discovery.  (7/14/2017 Declaration of Adam Galema ("Galema Decl.") ¶ 5, attached hereto as Exhibit C.)  The effort of responding to discovery would prevent those employees from performing their day jobs, including high-priority operational projects.  (*See id.*)  And even if the parties were to reach some stipulation regarding this payment information, as suggested in the discovery requests, Plaintiffs still seek information about damages owed to each class member, which will require NextGear to create wholly new *tailored* reports showing interest and fees for

6

each of hundreds of thousands of cars floor planned from 2005 through July 2013 by tens of thousands of dealers.  Preparation of these new reports would also require significant time and expense.  (Galema Decl. ¶ 4; *cf.* Deposition of Adam Galema [Doc. 197-10] 25:10-26:6.)  Responding to discovery will be a grueling and expensive task; none of the information requested by Plaintiffs is available at the mere push of a button.

Without a stay, NextGear, Plaintiffs, and the Court will be required to expend substantial time and resources in discovery and attendant proceedings that may not be necessary if the class is decertified or even modified.[3]  *Cf. Moorman*, 2005 WL 6074572, at *10 (staying case in part because parties would be harmed if appeal drastically altered the scope of discovery); *Dujanovic*, 1999 U.S. Dist. LEXIS 17231, at *3 ("If the court of appeals concludes that the class was incorrectly certified, money, time, and effort directed to class discovery will have been wasted.").  As noted in Defendants' motion for reconsideration, discovery regarding extrinsic evidence for thousands of dealers will be necessary, under Plaintiffs' theory that the contracts are ambiguous and that the manner in which interest was charged was concealed.  Indeed, even if the class is modified rather than decertified, such a change would drastically narrow the scope of the class, in which case NextGear's time and resources used to respond to requests regarding dealers who are no longer part of the class will have been wasted.

The burden on Defendants of sending out notices to the class also is significant, given that the class ultimately could be decertified.  *Cf*. *Andrews*, 474 F. Supp. 2d at 1010 (granting stay in part because the defendant "would be irreparably injured absent a stay because it would have to send notices, provide discovery and respond to claims even though the class action might

---

[3] For example, in addition to the issues in the motion for reconsideration. the Court has already indicated that dealers who signed new notes in 2013 containing arbitration clauses likely should be excluded from the class.  That alone will result in the removal of thousands of current class members.

7

not proceed"). First, Defendants would suffer significant and irreparable reputational harm in the marketplace if a notice were sent to class members—including current NextGear customers—alleging wrongdoing on the part of Defendants. The harm to NextGear's customer relations and business prospects could not be reversed later if the class should be narrowed or decertified through the reconsideration or appeal process. Second, Defendants would be irreparably harmed if they were required to expend the enormous resources necessary to proceed with classwide discovery, only to learn later that it was all unnecessary.

**C.      Plaintiffs Will Not Be Injured by a Stay.**

A stay pending a motion for reconsideration or Rule 23(f) appeal is appropriate where, as here, it will not harm—and indeed would benefit—the opposing parties. *See In re Lorazepam*, 208 F.R.D. at 6. Plaintiffs, too, stand to unnecessarily expend time, effort, and money if discovery and class notice were to proceed, but a court later decided that the class had been improperly certified. Plaintiffs would have to hire experts to comb through the thousands of pages of data produced by NextGear, investing a great deal of time and money to sort through the potentially millions of data points. Yet some of that data may become irrelevant if a class is narrowed or decertified. In addition, Plaintiffs are responsible for the costs of sending out class notice. Potentially waiting a few months for the courts to decide key issues in the case would cause little—if any—harm to Plaintiffs.

**D.      The Public Interest Weighs in Favor of a Stay.**

The final factor—whether a stay would advance the public interest—also weighs in favor of a stay. *See In re Lorazepam*, 208 F.R.D. at 6. As demonstrated by the pending discovery requests for data relating to class members' transactions and personal information, a stay would protect the confidential personal information of NextGear's dealer customers. Further, the claims that have been certified relate only to past conduct and do not seek prospective injunctive

relief that would be delayed by a stay. Plaintiffs do not allege wrongdoing or seek damages as to transactions that are presently taking place (or that have taken place under the current form of note), so there is no need to "protect" dealers currently doing business with NextGear. In short, waiting until the composition of the class is fully and finally settled hurts no one. Accordingly, the public interest does not demand an immediate resolution of this case.

The public interest does demand, however, that the case be resolved properly and that the Court's resources be preserved. *See id.*; *see also Moorman*, 2005 WL 6074572, at *11 (noting that "the resolution of the case will likely be more efficient if the court is certain as to what claims are before it"). As recognized by another district court in issuing a stay of proceedings while a Rule 23(f) appeal was pending:

> [T]he public interest really is rooted in the *proper* resolution of the important issues raised in this case, and a . . . stay to conserve the resources of all parties and the Court, resulting in no real prejudice to anyone, in order to ensure the proper legal result in this case is best aligned with that interest.

*In re Lorazepam*, 208 F.R.D. at 6. The Court should, therefore, stay this litigation until summary judgment has been decided and until this Court and, if necessary, the Seventh Circuit, has considered and decided Defendants' motion for reconsideration, any Rule 23(f) petition, and any appeal.

## CONCLUSION

For the foregoing reasons, Defendants' motion for stay of classwide discovery and class notice should be granted and class discovery and class notice should be stayed until summary judgment has been decided and until the Court has ruled on the motion for reconsideration and the parties have fully exhausted their appeal rights concerning class certification.

Respectfully submitted, this 14th day of July, 2017.

  *s/ David J. Jurkiewicz*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 14th day of July, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK,<br>RANKIN & HUBBARD<br>cfelder@lawla.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

                 *s/ David J. Jurkiewicz*
                 David J. Jurkiewicz