UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **Individually, and on behalf of other** | * | |
| **members of the general public** | * | |
| **similarly situated** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| **with Manheim Automotive Financial** | * | |
| **Services, Inc., and JOHN WICK** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**PLAINTIFFS' FOURTH SET OF INTERROGATORIES AND**</u>
<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>
<u>**TO DEFENDANT, NEXTGEAR CAPITAL, INC.**</u>

Red Barn Motors, Inc., Platinum Motors, Inc., Mattingly Auto Sales, Inc., and Members of the Class and Subclass (as certified and defined in Rec. Doc. No. 220) (collectively, the "Plaintiffs") propound this Fourth Set of Requests for Production of Documents to Defendant, NextGear Capital, Inc., f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc. ("NextGear") to answer, under oath, the following interrogatories and respond fully to the following requests for production of documents within thirty (30) days of service, pursuant to FED. R. CIV. P. 33 and 34. Pursuant to Federal Rule of Civil Procedure 26(e), these requests are deemed to be ongoing and you are obligated to supplement your responses as information becomes available. Please provide all responses in full compliance with the standards set forth in the Federal Rules of Civil Procedure. In addition, these requests incorporate the definitions and instructions that appear below.

\#

**EXHIBIT A**

## **INSTRUCTIONS**

1.      **Time and site of document production**: NextGear shall serve a written response and produce the requested documents for inspection and copying, or attach copies of the requested documents to the written response.  Plaintiffs ask that NextGear produce the documents requested to the office of counsel for Plaintiffs: Sher Garner Cahill Richter Klein & Hilbert, LLC 909 Poydras Street, Suite 2800, New Orleans, LA 70112, or any other place mutually determined by the parties.

2.      **Scope of document requests**: NextGear shall produce all documents, as defined below, that are in NextGear's possession, control, or custody, or in the possession, control, or custody of NextGears' agents, representatives or attorneys.  When this discovery calls for information or a document that, while known to NextGear, is not in NextGear's possession or control, NextGear should identify the present location and custodian, if known, or otherwise the last known location and custodian, in addition to the reason and the date that defendants divested control of the information or document.

3.      **Manner of document production**: NextGear shall indicate which documents respond to which request and shall produce documents in a reasonably useable form as described in more detail below.

4.      As to any portion of these discovery requests that you believe to be objectionable, please include in your response as to that discovery request: (a) an identification of the portion of the request you believe to be objectionable, and (b) the specific basis of that objection stated in such manner as to enable the Plaintiffs and the Court to ascertain the validity of the objection.  In including the basis for any such objection, do not use general qualifiers such as "to the extent," but specifically identify and describe why you believe the request to be objectionable.  If any portion

#

of such a request is not included within the portion with which you have objection, fully answer and/or provide the requested documents responsive to the unobjected-to portion of the request.

5.      If you withhold or redact any information responsive to these interrogatories or document requests based on a claim of full or partial attorney-client and/or work product privileges, please furnish a privilege log identifying the requests as to which such information you withheld, providing the following information:

> a.  The reason(s) for withholding or redacting;
>
> b.  Identification by name, job title, and the last known address of each person who has had or does have access to such information or documents;
>
> c.  A brief statement of the nature of the information or document withheld; and
>
> d.  A statement of the facts that constitute the basis for the claim of privilege, work product or other grounds of non-disclosure.

6.      If you redact any portion of any document produced in response to these document requests for any reason other than attorney-client and/or work product privileges, please furnish a redaction log identifying the documents which you redacted, providing the following information:

> a.  The reason(s) for redacting;
>
> b.  A brief statement of the nature of the information or document redacted; and
>
> c.  A statement of the facts that constitute the basis for the grounds of non-disclosure.

## DEFINITIONS

1.      **"Document"** means any tangible, intangible or electronically-stored item that can be reduced to tangible form, whether a copy or an original, upon which words, symbols, or marks are recorded including all writings, drawings, graphs, charts, photographs, sound recordings, images,

#

and other data or data compilations stored in any medium from which information can be obtained. Accordingly, both paper-based documents and electronically stored information-including, but not limited to, emails, text messages, attachments, databases, word documents, spreadsheets and graphic files-are covered by this definition..

2.     **"Communication"** means any transmission of information by written, oral, pictorial, or other perceptible means.

3.     As used here, the terms **"relates to," "relating to,"** or **"regarding"** any given subject mean any information that in whole or in part refers to or is in any way pertinent to that subject.

4.     The unqualified term **"person"** means an individual, corporation, partnership, unincorporated association, or business or governmental entity.

5.     **"Red Barn"** refers to Plaintiff, Red Barn Motors, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

6.     **"Platinum"** refers to Plaintiff, Platinum Motors, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

7.     **"Mattingly"** refers to Mattingly Auto Sales, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

8.     **"Class"** refers to the class certified and defined by the Court on June 29, 2017 in Rec. Doc. No. 220.

9.     **"Subclass"** refers to the subclass certified and defined by the Court on June 29, 2017 in Rec. Doc. No. 220.

10.    **"Complaint"** means the Plaintiffs' Verified Amended Complaint filed in the present action (Rec. Doc. No. 117).

4

#

11.     **"Cox Automotive"** refers to Cox Automotive, Inc., and any of its principals, officers, employees, agents, representatives, and attorneys.

12.     **"NextGear"** refers to NextGear Capital, Inc. f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc., its predecessors-in-interest, including without limit, any of their principals, officers, employees, agents, representatives, and attorneys.

13.     **"Mr. Wick"** refers to John Wick, NextGear's Chief Strategy Officer and General Counsel, his representatives, agents, attorneys, and/or anyone acting on John Wick's behalf.

14.     **"You"** or **"Your"** refers to NextGear and any of its principals, officers, employees, agents, representatives, and attorneys.

15.     **"Defendants"** refers to NextGear, Cox Automotive, and John Wick.

16.     **"Transaction"** refers to the purchase of a used vehicle by a NextGear customer dealer utilizing a NextGear Floorplan Agreement.

17.     "**Auction**" refers to any of the used automobile auctions located in the United States at which NextGear Customer Dealers purchased used vehicles utilizing NextGear Floorplan Agreements.

18.     **"Floorplan Agreement"** refers to a revolving line of credit, the terms of which were set forth in a Demand Promissory Notes and Security Agreement or other written document reflecting the same or substantially similar terms, that was entered into by a used car dealer and NextGear and through which the dealer could purchase used cars at Auction.

19.     **"Customer Dealer"** refers to any used car dealer who entered into a Floorplan Agreement with NextGear.

5

\#

20.     **"Date of the Auction"** refers to any date on which any Customer Dealer attended a used vehicle auction and selected vehicles to purchase utilizing its Floorplan Agreement.

21.     **"KO Book"** refers to the list of dealers on whose transactions Auction Insurance Agency will not provide insurance coverage. *See* https://www.auctioninsurance.com/payment-title-guaranty.

22.     **"Account Executives"** refers to NextGear employees who solicit and/or service Customer Dealers in particular territories, such as Stuart LaBauve.

23.     **"Identify"** means the following:

    a.  With respect to an individual, to state that individual's full name, present or last known address and telephone number, present or last known position and business affiliation, and position and business affiliation at the time in question.

    b.  With respect to a corporation or other business or commercial organization, to state its full name and the present or last known address of its main office(s).

    c.  With respect to a document, to state the date of its preparation, the author, the type of document (e.g., letter, memorandum, email, diary, tape recording), its present or last known location and custodian, and a description of its subject matter and contents.

    d.  With respect to a communication, to state its date, the parties thereto, its substance, place and approximate time, whether the communication was oral or written, the identity of all persons in whose presence the communication occurred, and a description of its subject matter and contents.

#

e. With respect to an amount, the actual monetary amount as well as to describe the basis for that amount, including but not limited to supporting communications and documents.

f. With respect to any discussion(s), the date of each discussion, the participants in the discussion, the subject matter of the discussion, the statements attributed to each participant and any documents or communications relating to the discussion.

24. **"Explain"** means provide the reasoning for the action identified in the subject interrogatory.

25. **"Describe"** means provide the full details regarding the subject matter of the interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 14:

Please describe the manner in which the names, street addresses, e-mail addresses, and telephone numbers for the members of the class of "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013" are kept in the ordinary course of business, including a description as to when and how the addresses are updated in the system.

### INTERROGATORY NO. 15:

Please describe the manner in which the names, street addresses, e-mail addresses, and telephone numbers for the members of the subclass of "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California

#

law" are kept in the ordinary course of business, including a description as to when and how the addresses are updated in the system.

## INTERROGATORY NO. 16:

Please describe the fields of information maintained by NextGear for the members of the class of "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013" kept in the ordinary course of business.

## INTERROGATORY NO. 17:

Please describe the fields of information maintained by NextGear for the members of the subclass of "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law" kept in the ordinary course of business.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 34:

Please produce a list of the most current names, street addresses (to include the most recently known), e-mail addresses (to include the most recently known), and telephone numbers (to include the most recently known) for the members of the class of "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013" in Excel spreadsheet, .csv format.

#

**REQUEST FOR PRODUCTION NO. 35:**

Please produce a list of the most current names, street addresses (to include the most recently known), e-mail addresses (to include the most recently known), and telephone numbers (to include the most recently known) for the members of the subclass of "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law," in Excel spreadsheet, .csv format.

Respectfully submitted,

CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY, L.L.C.**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.co

/s/ *Matthew M. Coman*
JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
JACOB AIREY (La. Bar No. 27933)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Kathleen A. DeLaney (#18604-49)
**DELANEY & DELANEY, L.L.C.**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

#

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

**COUNSEL FOR PLAINTIFFS AND THE CLASS**

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on the 30th day of June, 2017, served a copy of the foregoing discovery requests on all counsel of record via electronic mail and U.S. mail.

David J. Jurkiewicz
Paul D. Vink
Stephen D. Groth
**Bose, McKinney & Evans, L.L.P.**
djurkiewicz@boselaw.com, pvink@boselaw.com, sgroth@boselaw.com

Tracey K. Ledbetter
Jason S. McCarter
**Sutherland Asbill & Brennan LLP**
Tracey.ledbetter@sutherland.com, Jason.mccarter@sutherland.com

*/s/ Matthew M. Coman*
MATTHEW M. COMAN

#

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **Individually, and on behalf of other** | * | |
| **members of the general public** | * | |
| **similarly situated** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| **with Manheim Automotive Financial** | * | |
| **Services, Inc., and JOHN WICK** | * | |
| | * | |

**************************************************************************

## PLAINTIFFS' FIFTH SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, NEXTGEAR CAPITAL, INC.

Red Barn Motors, Inc., Platinum Motors, Inc., Mattingly Auto Sales, Inc., and Members of the Class and Subclass (as certified and defined in Rec. Doc. No. 220) (collectively, the "Plaintiffs") propound this Fifth Set of Requests for Production of Documents to Defendant, NextGear Capital, Inc., f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc. ("NextGear") to answer, under oath, the following interrogatories and respond fully to the following requests for production of documents within thirty (30) days of service, pursuant to FED. R. CIV. P. 33 and 34. Pursuant to Federal Rule of Civil Procedure 26(e), these requests are deemed to be ongoing and you are obligated to supplement your responses as information becomes available. Please provide all responses in full compliance with the standards set forth in the Federal Rules of Civil Procedure. In addition, these requests incorporate the definitions and instructions that appear below.

\#

## **INSTRUCTIONS**

1.      **Time and site of document production**: NextGear shall serve a written response and produce the requested documents for inspection and copying, or attach copies of the requested documents to the written response.  Plaintiffs ask that NextGear produce the documents requested to the office of counsel for Plaintiffs: Sher Garner Cahill Richter Klein & Hilbert, LLC 909 Poydras Street, Suite 2800, New Orleans, LA 70112, or any other place mutually determined by the parties.

2.      **Scope of document requests**: NextGear shall produce all documents, as defined below, that are in NextGear's possession, control, or custody, or in the possession, control, or custody of NextGears' agents, representatives or attorneys.  When this discovery calls for information or a document that, while known to NextGear, is not in NextGear's possession or control, NextGear should identify the present location and custodian, if known, or otherwise the last known location and custodian, in addition to the reason and the date that defendants divested control of the information or document.

3.      **Manner of document production**: NextGear shall indicate which documents respond to which request and shall produce documents in a reasonably useable form as described in more detail below.

4.      As to any portion of these discovery requests that you believe to be objectionable, please include in your response as to that discovery request: (a) an identification of the portion of the request you believe to be objectionable, and (b) the specific basis of that objection stated in such manner as to enable the Plaintiffs and the Court to ascertain the validity of the objection.  In including the basis for any such objection, do not use general qualifiers such as "to the extent," but specifically identify and describe why you believe the request to be objectionable.  If any portion

#

of such a request is not included within the portion with which you have objection, fully answer and/or provide the requested documents responsive to the unobjected-to portion of the request.

5.     If you withhold or redact any information responsive to these interrogatories or document requests based on a claim of full or partial attorney-client and/or work product privileges, please furnish a privilege log identifying the requests as to which such information you withheld, providing the following information:

      a.   The reason(s) for withholding or redacting;

      b.   Identification by name, job title, and the last known address of each person who has had or does have access to such information or documents;

      c.   A brief statement of the nature of the information or document withheld; and

      d.   A statement of the facts that constitute the basis for the claim of privilege, work product or other grounds of non-disclosure.

6.     If you redact any portion of any document produced in response to these document requests for any reason other than attorney-client and/or work product privileges, please furnish a redaction log identifying the documents which you redacted, providing the following information:

      a.   The reason(s) for redacting;

      b.   A brief statement of the nature of the information or document redacted; and

      c.   A statement of the facts that constitute the basis for the grounds of non-disclosure.

## DEFINITIONS

1.     **"Document"** means any tangible, intangible or electronically-stored item that can be reduced to tangible form, whether a copy or an original, upon which words, symbols, or marks are recorded including all writings, drawings, graphs, charts, photographs, sound recordings, images,

3

\#

and other data or data compilations stored in any medium from which information can be obtained. Accordingly, both paper-based documents and electronically stored information-including, but not limited to, emails, text messages, attachments, databases, word documents, spreadsheets and graphic files-are covered by this definition..

2.      **"Class"** refers to the class certified and defined by the Court on June 29, 2017 in Rec. Doc. No. 220 at p. 40: "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013."

3.      **"Subclass"** refers to the subclass certified and defined by the Court on June 29, 2017 in Rec. Doc. No. 220 at p. 40: "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law."

4.      **"NextGear"** refers to NextGear Capital, Inc. f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc., its predecessors-in-interest, including without limit, any of their principals, officers, employees, agents, representatives, and attorneys.

5.      **"You"** or **"Your"** refers to NextGear and any of its principals, officers, employees, agents, representatives, and attorneys.

6.      **"Floorplan Agreement"** refers to a revolving line of credit, the terms of which were set forth in a Demand Promissory Notes and Security Agreement or other written document reflecting the same or substantially similar terms, that was entered into by a used car dealer and NextGear and through which the dealer could purchase used cars at auction.

4

#

7.     **"CSV"** means comma separated values file which allows data to be saved in a tabled structured format.

## INTERROGATORIES

**INTERROGATORY NO. 18:**

Please identify the following information for each NextGear transaction for each member of the Class, excluding the members of the Subclass:

1) The information provided in NGR_000001 – NGR_000036 for each of the Named Plaintiffs, including buyer number, buyer name, stock number, unit vehicle identification number (or "VIN"), unit year, make, and model, floor plan status, unit purchase date, flooring date, completed date, term plan description, seller/auction name, purchase amount, financed amount, floor fees, interest, and the date NextGear actually funded the purchase (or "Total For" date); and

2) The name and amount of all interest-bearing fees associated with each transaction, the dates that interest-bearing fees were assessed to each transaction, customer payment amounts and payment dates (i.e. the date NextGear credited the account) associated with each transaction, and, for any loans that were ultimately written off by NextGear, the date(s) of the write off(s).[1]

**INTERROGATORY NO. 19:**

Please identify the following information for each NextGear transaction for each member of the Subclass:

---

[1] If Defendants agree to stipulate to the per diem interest calculation for all members of the Class and Subclass, Plaintiffs will withdraw their requests for the information and data requested in subsection (2) of Interrogatories 18 and 19 and subsection (2) of Requests for Production 36 and 37.

\#

1)  All information provided in NGR_000001 – NGR_000036 for each of the Named Plaintiffs, including the buyer number, buyer name, stock number, unit vehicle identification number (or "VIN"), unit year, make, and model, floor plan status, unit purchase date, flooring date, completed date, term plan description, seller/auction name, purchase amount, financed amount, floor fees, interest, and the date NextGear actually funded the purchase (or "Total For" date); and

2)  The name and amount of all interest-bearing fees associated with each transaction, the dates that interest-bearing fees were assessed to each transaction, customer payment amounts and payment dates (i.e. the date NextGear credited the account) associated with each transaction, and, for any loans that were ultimately written off by NextGear, the date(s) of the write off(s).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 36:**

Please produce, in a CSV format delivered on an external hard drive,[2] the following data fields for each transaction for each member of the Class, excluding the members of the Subclass:

1)  All data fields provided in NGR_000001 – NGR_000036 for each of the Named Plaintiffs, including the buyer number, buyer name, stock number, unit vehicle identification number (or "VIN"), unit year, make, and model, floor plan status, unit purchase date, flooring date, completed date, term plan description, seller/auction name, purchase amount, financed amount, floor fees, interest, and the date NextGear actually funded the purchase (or "Total For" date); and

---

[2] Plaintiffs agree to provide an external hard drive for data delivery of all Requests for Production contained herein, provided that Defendants notify Plaintiffs of the volume of data.

#

2) The name and amount of all interest-bearing fees associated with each transaction, the dates that interest-bearing fees were assessed to each transaction, customer payment amounts and payment dates (i.e. the date NextGear credited the account) associated with each transaction, and, for any loans that were ultimately written off by NextGear, the date(s) of the write off(s).

**REQUEST FOR PRODUCTION NO. 37:**

Please produce, in a CSV format delivered on an external hard drive, the following data fields for each NextGear transaction for each member of the Subclass:

1) All data fields provided in NGR_000001 – NGR_000036 for each of the Named Plaintiffs, including the buyer number, buyer name, stock number, unit vehicle identification number (or "VIN"), unit year, make, and model, floor plan status, unit purchase date, flooring date, completed date, term plan description, seller/auction name, purchase amount, financed amount, floor fees, interest, and the date NextGear actually funded the purchase (or "Total For" date); and

2) The name and amount of all interest-bearing fees associated with each transaction, the dates that interest-bearing fees were assessed to each transaction, customer payment amounts and payment dates (i.e. the date NextGear credited the account) associated with each transaction, and, for any loans that were ultimately written off by NextGear, the date(s) of the write off(s).

#

Respectfully submitted,

/s/ Matthew M. Coman

CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY, L.L.C.**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
JACOB AIREY (La. Bar No. 27933)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Kathleen A. DeLaney (#18604-49)
**DELANEY & DELANEY, L.L.C.**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS AND THE CLASS**

8

#

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on the 7th day of July, 2017, served a copy of the foregoing

discovery requests on all counsel of record via electronic mail and U.S. mail.

David J. Jurkiewicz
Paul D. Vink
Stephen D. Groth
**Bose, McKinney & Evans, L.L.P.**
djurkiewicz@boselaw.com, pvink@boselaw.com, sgroth@boselaw.com

Tracey K. Ledbetter
Jason S. McCarter
**Sutherland Asbill & Brennan LLP**
Tracey.ledbetter@sutherland.com, Jason.mccarter@sutherland.com

*/s/ Matthew M. Coman*
MATTHEW M. COMAN

#

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DKL** |
| **PLATINUM MOTORS, INC.,** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **Individually, and on behalf of other** | * | |
| **members of the general public** | * | |
| **similarly situated** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION, successor by merger** | * | |
| **with Manheim Automotive Financial** | * | |
| **Services, Inc., and JOHN WICK** | * | |
| | * | |

************************************************************************

## PLAINTIFFS' SIXTH SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, NEXTGEAR CAPITAL, INC.

Red Barn Motors, Inc., Platinum Motors, Inc., Mattingly Auto Sales, Inc., and Members of the Class and Subclass (as certified and defined in Rec. Doc. No. 220) (collectively, the "Plaintiffs") propound this Sixth Set of Interrogatories and Requests for Production of Documents to Defendant, NextGear Capital, Inc., f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc. ("NextGear") to answer, under oath, the following interrogatories and respond fully to the following requests for production of documents within thirty (30) days of service, pursuant to FED. R. CIV. P. 33 and 34. Pursuant to Federal Rule of Civil Procedure 26(e), these requests are deemed to be ongoing and you are obligated to supplement your responses as information becomes available. Please provide all responses in full compliance with the standards set forth in the Federal Rules of Civil Procedure. In addition, these requests incorporate the definitions and instructions that appear below.

\#

## **INSTRUCTIONS**

1.      **Time and site of document production**: NextGear shall serve a written response and
produce the requested documents for inspection and copying, or attach copies of the requested
documents to the written response.  Plaintiffs ask that NextGear produce the documents requested
to the office of counsel for Plaintiffs: Sher Garner Cahill Richter Klein & Hilbert, LLC 909
Poydras Street, Suite 2800, New Orleans, LA 70112, or any other place mutually determined by
the parties.

2.      **Scope of document requests**: NextGear shall produce all documents, as defined below,
that are in NextGear's possession, control, or custody, or in the possession, control, or custody of
NextGears' agents, representatives or attorneys.  When this discovery calls for information or a
document that, while known to NextGear, is not in NextGear's possession or control, NextGear
should identify the present location and custodian, if known, or otherwise the last known location
and custodian, in addition to the reason and the date that defendants divested control of the
information or document.

3.      **Manner of document production**: NextGear shall indicate which documents respond to
which request and shall produce documents in a reasonably useable form as described in more
detail below.

4.      As to any portion of these discovery requests that you believe to be objectionable, please
include in your response as to that discovery request: (a) an identification of the portion of the
request you believe to be objectionable, and (b) the specific basis of that objection stated in such
manner as to enable the Plaintiffs and the Court to ascertain the validity of the objection.  In
including the basis for any such objection, do not use general qualifiers such as "to the extent," but
specifically identify and describe why you believe the request to be objectionable.  If any portion

2

#

of such a request is not included within the portion with which you have objection, fully answer and/or provide the requested documents responsive to the unobjected-to portion of the request.

5.     If you withhold or redact any information responsive to these interrogatories or document requests based on a claim of full or partial attorney-client and/or work product privileges, please furnish a privilege log identifying the requests as to which such information you withheld, providing the following information:

     a.   The reason(s) for withholding or redacting;

     b.   Identification by name, job title, and the last known address of each person who has had or does have access to such information or documents;

     c.   A brief statement of the nature of the information or document withheld; and

     d.   A statement of the facts that constitute the basis for the claim of privilege, work product or other grounds of non-disclosure.

6.     If you redact any portion of any document produced in response to these document requests for any reason other than attorney-client and/or work product privileges, please furnish a redaction log identifying the documents which you redacted, providing the following information:

     a.   The reason(s) for redacting;

     b.   A brief statement of the nature of the information or document redacted; and

     c.   A statement of the facts that constitute the basis for the grounds of non-disclosure.

## DEFINITIONS

1.     **"Document"** means any tangible, intangible or electronically-stored item that can be reduced to tangible form, whether a copy or an original, upon which words, symbols, or marks are recorded including all writings, drawings, graphs, charts, photographs, sound recordings, images,

3

#

and other data or data compilations stored in any medium from which information can be obtained. Accordingly, both paper-based documents and electronically stored information-including, but not limited to, emails, text messages, attachments, databases, word documents, spreadsheets and graphic files-are covered by this definition..

2.      **"Class"** refers to the class certified and defined by the Court on June 29, 2017 in Rec. Doc. No. 220 at p. 40: "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013."

3.      **"Subclass"** refers to the subclass certified and defined by the Court on June 29, 2017 in Rec. Doc. No. 220 at p. 40: "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law."

4.      **"NextGear"** refers to NextGear Capital, Inc. f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc., its predecessors-in-interest, including without limit, any of their principals, officers, employees, agents, representatives, and attorneys.

5.      **"You"** or **"Your"** refers to NextGear and any of its principals, officers, employees, agents, representatives, and attorneys.

6.      **"Floorplan Agreement"** refers to a revolving line of credit, the terms of which were set forth in a Demand Promissory Notes and Security Agreement or other written document reflecting the same or substantially similar terms, that was entered into by a used car dealer and NextGear and through which the dealer could purchase used cars at auction.

4

#

7.     **"CSV"** means comma separated values file which allows data to be saved in a tabled structured format.

## INTERROGATORIES

**INTERROGATORY NO. 20:**

Please identify any and all information supporting the Defendants' defenses as to the claims of the Class and/or Subclass members.

**INTERROGATORY NO. 21:**

Please identify the total interest charged by NextGear to each Class Member and Subclass Member for each transaction from the "Flooring Date" (the date on which NextGear began charging interest on each transaction) through and until the "Total For Date" (the date on which amounts were paid by NextGear on the Class or Subclass Member's behalf).

**INTERROGATORY NO. 22:**

Please identify the total interest charged by NextGear to each Class Member and Subclass Member for each transaction, on a daily basis, for every day indicated from the "Flooring Date" (the date on which NextGear began charging interest on each transaction) through and until the "Total For Date" (the date on which amounts were paid by NextGear on the Class or Subclass Member's behalf).

**INTERROGATORY NO. 23:**

Please identify the names of any and all Class Members and Subclass Members who executed a new contract with NextGear in or after 2013 in the form of the NextGear 2013 Note (as defined in Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification, R. Doc. 160, and reflected in Exhibit A thereto), as well as the Effective Date of each of those contracts.

5

#

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 38:**

Please produce any and all documents evidencing the Defendants' defenses as to the claims of the Class and/or Subclass members.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce in CSV format on an external hard drive[1] any and all data evidencing the total interest charged by NextGear to each Class Member and Subclass Member for each transaction from the "Flooring Date" (the date NextGear began charging interest on each transaction) until the "Total For Date" (the date on which the amounts were paid by NextGear on the Class or Subclass Member's behalf).

**REQUEST FOR PRODUCTION NO. 40:**

Please produce in CSV format on an external hard drive any and all data evidencing the total interest charged by NextGear to each Class Member and Subclass Member for each transaction, on a daily basis, for every day indicated from the "Flooring Date" (the date on which NextGear began charging interest on each transaction) through and until the "Total For Date" (the date on which amounts were paid by NextGear on the Class or Subclass Member's behalf).

**REQUEST FOR PRODUCTION NO. 41:**

Please produce any and all contracts (Demand Promissory Note and Security Agreement, Power of Attorney, Term Sheet, Credit Limit Amendment, Individual Personal Guaranty, and/or related contractual documents) between NextGear and all Members of the Class and Subclass,

---

[1] Plaintiffs agree to provide an external hard drive for data delivery of all Requests for Production contained herein, provided that Defendants notify Plaintiffs of the volume of data.

#

including those contracts executed by any members of the Class and Subclass after 2013 in the form of the NextGear 2013 Note.

Respectfully submitted,

CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY, L.L.C.**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
cassie@cassiefelderlaw.com

*/s/ Matthew M. Coman*
JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
JACOB AIREY (La. Bar No. 27933)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Kathleen A. DeLaney (#18604-49)
**DELANEY & DELANEY, L.L.C.**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS AND THE CLASS**

7

#

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on the 14th day of July, 2017, served a copy of the foregoing discovery requests on all counsel of record via electronic mail and U.S. mail.

David J. Jurkiewicz
Paul D. Vink
Stephen D. Groth
**Bose, McKinney & Evans, L.L.P.**
djurkiewicz@boselaw.com, pvink@boselaw.com, sgroth@boselaw.com

Tracey K. Ledbetter
Jason S. McCarter
**Sutherland Asbill & Brennan LLP**
Tracey.ledbetter@sutherland.com, Jason.mccarter@sutherland.com

*/s/ Matthew M. Coman*
MATTHEW M. COMAN

8

#