IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, <br><br> Defendants. | Case No. 1:14-cv-01589-TWP-DML |

## REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DAN WOJCIK

Plaintiffs have misconstrued Defendants' objection to testimony from Dan Wojcik: Mr. Wojcik is indeed "unqualified to give an opinion concerning standard and commonly accepted lending practices." (*Cf.* Pls.' Opp'n [Doc. 229] at 1.) As outlined in Defendants' motion, Dan Wojcik should not be permitted to testify as an expert because his proposed testimony cannot meet the requirements of Rule 702 or *Daubert*. Mr. Wojcik is not "qualified as an expert by knowledge, skill, experience, training, or education" to provide "scientific, technical, or other specialized knowledge that will help the trier of fact" to understand normal contractual practices in the used car floor planning industry. Fed. R. Evid. 702.

### Factual Background

Plaintiffs' description of the contractual relationship between themselves and NextGear is replete with misstatements unsupported by the now-developed factual record. Contrary to

Plaintiffs' statement of the facts, the record shows that during the entire time that NextGear did business with the named Plaintiffs, it charged interest on a vehicle purchased at auction from the date of floor planning.  (4/26/2017 Galema Decl. [Doc. 197-24] ¶ 12.)  As discussed at length in Defendants' summary judgment briefing, the contracts permitted NextGear to charge interest from that date.  (Defs.' MSJ Br. [Doc. 193] at 16-20; NextGear's Opp'n to Pls.' MPSJ [Doc. 207] at 7-12; Reply on Defs.' MSJ [Doc. 212] at 6-10.)  Further, there was never any concealment by NextGear; both Red Barn and Mattingly knew when and how interest was charged, and nevertheless both continued to do business with NextGear.  (Red Barn Dep. [Doc. 197-6] 182:20-184:23, 186:20-187:7, 217:23-220:10, 75:19-77:6; Red Barn Resp. to Interrog. 6 [Doc. 197-2]; Red Barn Transaction Report [Doc. 197-15]; Mattingly Dep. [Doc. 197-8] 75:6-76:18, 152:4-153:18, 153:25-155:9.)

Plaintiffs' misstatements of fact are consistent with their misrepresentation of the basis for Defendants' motion to exclude, and the Court should pay no heed to them.

**Argument and Authority**

Mr. Wojcik's testimony should be excluded because he lacks the "knowledge, skill, experience, training, or education" about the used car floor planning industry to be qualified as an expert in the practices of that industry.  Fed. R. Evid. 702.  Rule 702 and *Daubert* require the Court to perform a "gatekeeping" function to ensure that scientific evidence is both relevant and reliable.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).  The Court's gatekeeping function requires it to conduct a three-step analysis:

> the witness must be qualified as an expert by knowledge, skill, experience, training, or education, Fed. R. Evid. 702; the expert's reasoning or methodology underlying the testimony must be scientifically reliable, *Daubert*, 509 U.S. at 592-93; and the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue.  Fed. R. Evid. 702.

*Patel ex rel. Patel v. Menard, Inc.*, No. 1:09-cv-0360-TWP-DML, 2011 WL 4738339, at *1 (S.D. Ind. Oct. 6, 2011).

Mr. Wojcik fails the first step of the *Daubert* analysis. An expert witness must be qualified as an expert in the area in which the expert seeks to testify. *See Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990). Although Mr. Wojcik is offered as an industry expert to opine on "lending industry standards and practices as to when interest can begin to accrue on a loan and thus when interest can be charged to the borrower" (Wojcik Report [Doc. 218-1] at 1), Plaintiffs provide no explanation of how Mr. Wojcik is qualified to testify regarding an industry in which he has no experience. In fact, Plaintiffs can point only to Mr. Wojcik's experience as a "bank executive, loan officer and bank-turnaround specialist bank executive," not to any experience within the used car floor planning industry. (Pls.' Opp'n [Doc. 229] at 4.)

The banking sector is very different from the floor plan financing for used car dealers at issue here. Banks must comply with a myriad of state and (if a nationally chartered bank) federal laws not applicable to independent used car floor plan lenders. (Wojcik Dep. [Doc. 218-2] 22:22-23:22.) While Mr. Wojcik may be an expert in bank regulations concerning required reserves, fraud detection and prevention, mandatory disclosures, anti-money laundering requirements, general procedures for consumer lending, etc., none of that has one iota of application to this case. NextGear is not a bank. NextGear's relationship with its commercial customers is governed primarily by contract. There may or may not be common practices among companies that provide credit to used car dealers through floor plan agreements that provide for funding auctions directly (such as charging interest from the date of auction), but someone with only a general banking background would have no idea what those practices are.

Indeed, as described at length in Defendants' motion, Mr. Wojcik repeatedly admitted that he has no knowledge of the precise industry practices about which he purports to hold an expert opinion. (Motion to Exclude [Doc. 218] at 2-5.) Mr. Wojcik admitted that he cannot even name another floor plan lender besides NextGear, and he admitted that he does not know when other floor plan lenders begin to charge interest on auction purchases. (Wojcik Dep. [Doc. 218-2] 52:13-19, 98:18-21.) Despite opining that NextGear should have disclosed more information about its interest charges, Mr. Wojcik admitted that he was unaware of any laws or regulations that required such disclosures. (*Id.* 92:9-93:1.) Without having any knowledge of precise industry practices, including when other used car floor plan companies begin to charge interest, Mr. Wojcik lacks the qualifications or specialized knowledge that would enable him to testify about the custom of when interest begins to accrue on a loan or how such information is generally disclosed in the used car floor planning industry—if there is any disclosure beyond the plain language of the contract.

Defendants' argument that Mr. Wojcik is unqualified to give expert testimony should not be confused with the relevance requirements of Rules 401 and 402 of the Federal Rules of Evidence. In arguing that Mr. Wojcik's testimony is relevant, Plaintiffs are merely responding to a straw man they set up. Setting aside whether Mr. Wojcik's testimony is relevant—which is not at issue in Defendants' Motion to Exclude, but which Defendants reserve the right to raise as an objection at trial—Mr. Wojcik does not have the requisite expertise to opine on the standard or common practices in an industry with which he is unfamiliar. Mr. Wojcik's background and expertise comes exclusively from the general banking industry, and he has no experience in the relevant used car floor planning industry that would enable him to satisfy Rule 702 and *Daubert*.

4

Mr. Wojcik has admitted to a lack of knowledge about the used car floor planning industry, yet seeks to opine on industry standards in that precise industry. Nothing Plaintiffs argue in their Opposition changes that. Mr. Wojcik cannot satisfy Rule 702 or *Daubert*, so his expert testimony should be excluded.

Respectfully submitted, this 19th day of July, 2017.

    *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 19th day of July, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
cfelder@lawla.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com

                                              *s/ Tracey K. Ledbetter*
                                              Tracey K. Ledbetter