UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | \* | DOCKET NO. 1:14-cv-01589-TWP-DML |
| **PLATINUM MOTORS, INC., and** | \* | |
| **MATTINGLY AUTO SALES, INC.,** | \* | **CERTIFIED CLASS ACTION** |
| individually, and on behalf of other | \* | |
| members of the general public | \* | |
| similarly situated, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| **COX ENTERPRISES, INC.,** | \* | |
| **COX AUTOMOTIVE, INC.,** | \* | |
| **NEXTGEAR CAPITAL, INC.,** | \* | |
| **F/K/A DEALER SERVICES** | \* | |
| **CORPORATION, successor by merger** | \* | |
| with Manheim Automotive Financial | \* | |
| Services, Inc., and JOHN WICK, | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
TO STAY CLASS DISCOVERY AND NOTICE TO THE CLASS**

Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. (collectively, "Plaintiffs") respectfully submit this Memorandum in opposition to Defendants' Motion to Stay Class Discovery and Notice to the Class (Dkt. 230) ("Motion to Stay"). Shortly on the heels of their June 28, 2017 Motion to Stay Class Discovery pending a ruling on the parties' motions for summary judgment (Dkt. 217), Defendants again seek a stay not only of class merits discovery, but also issuance of notice to the class, pending a ruling on Defendants' Motion to Reconsider and/or Modify Class Certification Order.[1] For all the reasons set forth in Plaintiffs' Opposition to Defendants' previous motion to stay (Dkt. 226), incorporated by reference herein, as well as those reasons set forth below, Defendants' new request for stay should be denied in its

---

[1] Defendants previously filed a Motion to Stay pending a ruling on its Motion to Dismiss, which the Court denied. (Dkt. 133)

entirety. Defendants should be required to timely respond to the class merits discovery that has been served so that the parties can begin class notice and properly prepare for the December 2017 trial.

## PROCEDURAL BACKGROUND

In December 2016, when the parties jointly moved to modify the case management plan, Defendants agreed that "Defendants shall respond to [the class merits discovery propounded by Plaintiffs within 15 days of a class certification order] within the time limits allowed by the Federal Rules of Civil Procedure, subject to any extensions agreed upon by the Parties if needed." Dkt. 172 at 2. On June 28, 2017, before the Court had ruled on class certification, Defendants filed their motion to stay class discovery pending a ruling on summary judgment. In that motion, Defendants very clearly stated:

> Defendants recognize that providing class notice will require identification of dealers who are potential class members. NextGear is willing to provide a list of such dealers, for the purpose of initiating class notice, within thirty (30) days of being served with a request for that information following certification of a class, subject to any reconsideration and appeal rights.

Dkt. 217 at 3, ¶ 7.

On June 29, 2017, the Court certified the class. Dkt. 220. On June 30, 2017, Plaintiffs propounded an initial set of class merits discovery requests, seeking information as to the members of the Class and the California dealer Subclass. Dkt. 230-1.[2] On July 12, 2017, Defendants filed their motion for reconsideration of the class certification order. Dkt. 228.

---

[2] On July 7 and 14, Plaintiffs served additional class merits discovery. *See* Dkt. 230-1. On July 14, Plaintiffs served a Rule 30(b)(6) deposition notice upon NextGear, with the deposition to be set at a later date, after Defendants have produced documents responsive to the class merits discovery.

Now, in their Motion to Stay, filed two weeks after Defendants agreed to provide the information as to the members of the Class and the California dealer Subclass, Defendants have reversed their position entirely and refuse to provide even rudimentary class information necessary for class notice, also seeking to stay all class discovery and the class notice process, notwithstanding that Defendants acknowledge that the class discovery sought is in their computer system and under their custody and control.

## APPLICABLE LEGAL STANDARD

While Defendants' Motion to Stay focuses on the standard courts apply for granting a stay under Federal Rule of Civil Procedure 23(f), they have not yet sought leave of this Court to appeal pursuant to Rule 23(f). Instead, they filed the Motion to Reconsider, and thereafter filed the Motion to Stay.[3] Defendants provide no support for the notion that the Rule 23(f) standard for granting a stay applies before any appellate review is sought, and Plaintiffs have found no case law suggesting Rule 23(f) applies at this stage. To the contrary, as Defendants acknowledge, all of the cases they cite involve "stays of trial court proceedings while Rule 23(f) petitions and any subsequent appeals were resolved." Dkt. 230 at 3. In several of those cases, not only had the defendant already filed an appeal when the stay was sought, but the appeal process was nearly complete.[4] Here,

---

[3] A timely-filed motion for reconsideration of a class certification decision "defers the time for appeal until after the district judge has disposed of the motion." *Blair v. Equifax Check Services, Inc.,* 181 F.3d 832, 837 (7th Cir. 1999).

[4] *Andrews v. Chevy Chase Bank, FSB*, 474 F.Supp.2d 1006, 1010 (E.D. Wis. 2007) (appeal briefed and granted); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002) (appeal had already been granted, briefed and argued and any delay there not significant). In addition, those Rule 23(f) stay cases raised issues of law where the district court was uncertain whether the cause of action authorized, substantively or procedurally, a class action—which is not an issue with the class claims here. *See, e.g. Andrews*, 474 F.Supp.2d at 1010 (recognizing split in circuits regarding whether Truth in Lending Act (TILA) allowed certain types of class actions); *Culpepper v. Inland Mortgage Corp.*, CV 96-BU-0917-S, 1999 WL 1135127, at *1 (N.D. Ala. July 20, 1999) (stay granted when legal questions existed in Real Estate Settlement Procedures Act ("RESPA") kickback matter and related cases were already on appeal on similar issues).

Defendants have not even sought leave to appeal the class certification order, and the cases they cite do not support their ability to file a motion to stay under Rule 23(f) at this stage. District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115 (7th Cir. 2013). Further, as the Court held in denying Defendants' first motion to stay, the Court "has to consider the prejudice to the judicial system as a whole and the prejudice to Plaintiffs from a stay of discovery." Dkt. 133 at 6 (citing *United States ex rel. Robinson v. Indiana U. Health Inc.,* 2015 WL 3961221, at *4 and *6 ("District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously[.]"); *New England Carpenters Health & Welfare Fund v. Abbott Laboratories*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (noting that courts disfavor stays of discovery "because they bring resolution of the dispute to a standstill") (quotation and citation omitted)). *See also, e.g., Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D.Ill. 1996) (although Rule 26 gives the Court "authority to stay discovery, this authority must be exercised so as to 'secure the just, speedy and inexpensive determination of every action.'") (quoting Fed. R. Civ. P. 1). Here, as set forth below, that standard is not met, a stay should not be granted.

Even if the Rule 23(f) standard were applicable here, Defendants have not met and cannot meet that standard. Leave to appeal under Rule 23(f) is still "an exception" to the final judgment rule, and permission to appeal is granted "sparingly." *Asher v. Baxter Int'l Inc.,* 505 F.3d 736, 741 (7th Cir. 2007). Further, "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). Even where permission to appeal is granted, stays pending appeal are "infrequent" and depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead

4

in the district court exceed the costs of waiting." *Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 835 (7th Cir. 1999).

## DISCUSSION

As set forth below, Defendants have not met and cannot meet the standard for a general stay of discovery or the standard applicable to stays of discovery sought under Rule 23(f). Thus, no stay is appropriate and this case should proceed on schedule through class discovery, class notice, and trial.

**I.     No Stay Is Appropriate Under the General Standard for a Motion to Stay.**

In considering motions to stay, courts consider the prejudice to the judicial system as a whole and the prejudice to Plaintiffs from a stay of discovery, as courts have an obligation to ensure that litigation proceeds "expeditiously." *See United States ex rel. Robinson,* 2015 WL 3961221, at *4 and *6. For this reason, stays are disfavored. *New England Carpenters Health & Welfare Fund,* 2013 WL 690613, at *2. No stay should be granted here. Defendants agreed to engage in class discovery once the Court certified the class, then recently agreed to produce information regarding the class members following class certification, only to reverse course after class certification was granted. The trial in this case has already been continued twice. At this stage, the trial of this matter is only four months away, and Defendants' responses to the first set of class discovery (containing the class members' information) are due on Monday, July 31. Any stay of discovery would greatly prejudice Plaintiffs by not providing them with sufficient time to review the requested class discovery, complete the class notice and opt-out period, and properly prepare for the December trial. Thus, Plaintiffs ask this Court to exercise its discretion and deny Defendants' Motion.

**II.    Even if the Rule 23(f) Standard Governing Motions to Stay Were Applicable, No Stay Would Be Appropriate Here.**

As set forth in pages 3 and 4, *supra*, Defendants have incorrectly and prematurely sought a stay under Rule 23(f) when they have not filed an appeal of the class certification order. However, even if the Rule 23(f) standard for a stay and four-factor test cited by Defendants were applicable here, this litigation should not be stayed.

### A. Defendants Raise No Unique Legal Issues and Have Little Likelihood of Success on Their Motion for Reconsideration.

As set forth in Plaintiffs' recently-filed Opposition to Defendants' Motion to Reconsider and/or Modify Class Certification Order, the Defendants' Motion to Reconsider is without merit and should be denied in its entirety. *See* Dkt. 232. A defendant seeking a stay under Rule 23(f) must show something more than that a district court was wrong in applying the facts to the law in a particular case. Rather, a defendant should show that its Rule 23(f) petition presents an important legal issue that needs immediate resolution, "because the amendment to Rule 23 was designed to in part to clear up some fundamental issues about class actions." *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 5 (D.D.C. 2002). For instance, the *Lorazepam* Court issued a stay "because two significant issues are currently pending before the Court of Appeals, one of which could dispose of this litigation while the other could substantially reshape it." *Id*. *See also* note 7, *supra*. Here, Defendants' Motion to Reconsider raises no new or novel substantive legal arguments, presents no new evidence for why the class should not have been certified, and rehashes arguments that this Court has already heard and rejected. *See* Dkt. 232. Thus, Defendants cannot show a likelihood of success on the merits, and this matter should not be stayed while the Court considers the Defendants' Motion to Reconsider and while any possible future appeal might be heard.

### B. Defendants Will Not Be Irreparably Harmed By Responding to the Discovery.

Defendants do not dispute that the documents and information Plaintiffs seek are in their custody and control, in an electronic form chosen by it, and that its own employees have the ability to manage the information gathering and document production process. *See* Dkt. 230 at 6-7. Likewise, Mr. Galema previously testified that the transaction data "resides in" NextGear's computer system and could be generated for each transaction. Galema Dep. [Ex. A hereto] at 52:23-53:12.

Defendants' assertion that Plaintiffs have requested "volumes of confidential and proprietary information regarding thousands of dealer customers" and that "[t]his information has no bearing on Plaintiffs' individual claims" (Dkt. 230 at 6) ignores that this case has now, in fact, been certified as a class action. Plaintiffs' class discovery is, by necessity and pursuant to the schedule agreed upon by the parties and set by the Court, designed to obtain information relating to the claims of the class members, not the claims of the Named Plaintiffs.

While Defendants assert that producing the documents would be time-consuming, Plaintiffs' class discovery is narrowly tailored to obtain the information, documents, and data needed to litigate this class action. Further, as Defendants acknowledge, Plaintiffs have proposed a stipulation that would lessen Defendants' discovery burden as to the class members' damages. In addition, through their recent discovery requests, Plaintiffs have provided Defendants with several different mechanisms by which to produce information as to the damages suffered by the Class and Subclass.[5] Plaintiffs simply seek, one way or the other, to get the information they need

---

[5] *See* Plaintiffs' fifth and sixth sets of discovery requests, included in Dkt. 230-1. One option would be to produce individual transaction summaries for the members of the class, just as Defendants produced for the Named Plaintiffs. Another option would be to produce information or data showing the total interest charged by NextGear to each Class and Subclass member for each transaction between the applicable dates (the flooring date and the "total for" date, i.e., the date of NextGear's payment to the auction). The information Plaintiffs seek as to fees and payments would only be relevant if Defendants do not stipulate to the per diem damages calculation classwide

to calculate the damages of the class members (among other information and documents needed to try this case). While Defendants assert that producing the requested information would take four to six months, Mr. Galema's declaration acknowledges that providing the transaction summaries would take much less time, approximately six weeks (and leads to the question whether it could be done more quickly if more employees assisted). Producing the interest data in a different format may take even less time. Regardless, the fact that it will be time-consuming for Defendants to respond to class discovery does not mean that they will be irreparably harmed, nor does it merit a stay.

While Defendants assert that class notice would cause them to suffer "reputational harm in the marketplace," ignoring that the Court's opinion certifying the class is a public record, as are all of the filings in this case (none of which Defendants have sought to place under seal). Further, the class notice would be driven by Rule 23 and would set out the nature of the claims and the definition of the class and subclass; it would not state that the merits of the claims have been decided—because indeed, they have not. By Defendants' logic, class notice could never be sent before the merits of a class action were decided lest a defendant's reputation be harmed—which is certainly not be the case.

Defendants' arguments that they will suffer irreparable harm absent a stay should be rejected.[6]

---

and/or produce data as to the total interest charged between the applicable dates. During NextGear's Rule 30(b)(6) deposition, Mr. Galema testified that while a per diem calculation is "very accurate", a "to the penny" damages calculation of interest charged between the applicable dates would require production of information as to fees and payments. *See* NextGear 30(b)(6) Depo. at 53:15-54:14.

[6] Defendants incorrectly assert that "the Court has already indicated that dealers who signed new notes in 2013 containing arbitration clauses *likely should be excluded* from the class" and "[t]hat alone *will result* in the removal of thousands of current class members." Dkt. 230 (emphasis added). Plaintiffs dispute this characterization; the Court did not indicate how it would rule on the

### C. Plaintiffs Will Be Harmed Significantly By Any Further Delay.

This case was originally filed in 2013 and was transferred to this Court in 2014. *See* Dkts. 1 and 35. After Plaintiffs amended their complaint to add class allegations, trial was set for May 2017. Dkt. 177. It was later continued to August 2017, and was again recently continued to December 2017. Dkt. 219. Plaintiffs' counsel intend to expeditiously review the documents Defendants provide, issue class notice, and take this matter to trial. Nonetheless, Plaintiffs are under a tight window to review class discovery and complete the class notice process. Any delay in discovery would undoubtedly threaten the December trial date and substantially and unfairly prejudice both Plaintiffs and the class. This factor weighs strongly against any stay of this matter.

### D. Public Interest Weighs Against a Stay.

As Defendants state, "the public interest is really rooted in the proper resolution of the important issues raised in this case…" The Federal Rules of Civil Procedure provide for a "speedy" determination of matters. *See* Fed. R. Civ. P. 1. The claims of Plaintiffs and the class members in this case raise significant issues as to Defendants' lending practices between 2005 and 2013 and the harm caused to Plaintiffs and the class members as a result. This case has been pending for a long time, a proper resolution cannot be had until trial, and after multiple continuances, trial is set for December 2017. A stay at this stage of the litigation would not disrupt the trial schedule and delay the just resolution of Plaintiffs' and the class' claims. Thus, this factor weighs strongly against a stay.

---

not-yet-raised arbitration issue in the future; rather, it stated that speculating as to arbitration issues "would be inappropriate at this stage" and that "[*i*]*f in fact* the class does include members who executed 2013 agreements that supersede any earlier agreements and require arbitration, the Court *can* further narrow the class to exclude those customer dealers . . ." Dkt. 220 at 37, n. 5 (emphasis added). Further, Plaintiffs do not believe that the 2013 contractual language requires arbitration of claims arising under the earlier contracts and will oppose any motion to compel arbitration or narrow the class due to the arbitration provision.

## **CONCLUSION**

**WHEREFORE**, for the reasons stated herein, Defendants' Motion to Stay should be denied and class discovery and class notice should be completed on the existing schedule set forth in the Court's February 28, 2017 Order (Dkt. 181).

Respectfully submitted,

| | |
|---|---|
| CATHERINE E. LASKY (La. Bar No. 28652) *Pro Hac Vice* KERRY A. MURPHY (La. Bar No. 31382) *Pro Hac Vice* **LASKY MURPHY LLC** 715 Girod Street, Suite 250 New Orleans, Louisiana 70130 Telephone: (504) 603-1500 Facsimile: (504) 603-1503 klasky@laskymurphy.com kmurphy@laskymurphy.com | */s/ James M. Garner* JAMES M. GARNER (La. Bar No. 19589) *Pro Hac Vice* RYAN D. ADAMS (La. Bar No. 27931) *Pro Hac Vice* MATTHEW M. COMAN (La. Bar No. 23613) *Pro Hac Vice* **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.** 909 Poydras Street, Suite 2800 New Orleans, Louisiana 70112 Telephone: (504) 299-2100 Facsimile: (504) 299-2300 jgarner@shergarner.com radams@shergarner.com mcoman@shergarner.com |
| GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice* LYNN E. SWANSON (La. Bar No. 22650) *Pro Hac Vice* **JONES, SWANSON, HUDDELL & GARRISON, L.L.C**. 601 Poydras Street, Suite 2655 New Orleans, Louisiana 70130 Telephone: (504) 523-2500 Facsimile: (504) 523-2508 gjones@jonesswanson.com lswanson@jonesswanson.com | Kathleen A. DeLaney (#18604-49) **DELANEY & DELANEY LLC** 3646 North Washington Blvd. Indianapolis, IN 46205 Telephone: (317) 920-0400 Facsimile: (317) 0404 Kathleen@delaneylaw.net |
| CASSIE E. FELDER (La. Bar No. 27805) *Pro Hac Vice* **THE CASSIE FELDER LAW FIRM** 7515 Jefferson Hwy., #313 Baton Rouge, LA 70806 Main: (504) 232-1733 Cell: (504) 400-1127 cassie@cassiefelderlaw.com | **COUNSEL FOR PLAINTIFFS** |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July, 2017, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

                                                */s/ James M. Garner*
                                                JAMES M. GARNER