IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:14-cv-01589-TWP-DML |
| v. | ) ) | |
| COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY CLASS DISCOVERY AND NOTICE TO THE CLASS

Defendants seek to employ a common-sense approach to class discovery by ensuring that incredibly time-consuming and expensive discovery is postponed until the composition of the class, or whether there is a class at all, is settled. Such discovery is premature in light of Defendants' pending motion to reconsider and/or modify the Certification Order and motion for summary judgment, as well as an anticipated motion to narrow the class to exclude dealers subject to arbitration and (if necessary) a Rule 23(f) appeal. Plaintiffs seek class discovery that will require Defendants to gather and provide detailed information about tens of thousands of dealers and millions of transactions. Most of this information will be outside of the scope of permissible discovery if the class is modified or decertified, and once ripe dispositive issues are decided.

Plaintiffs seek to make hay out of the fact that NextGear previously moved to stay class discovery pending a ruling on its summary judgment motion, and therein noted its willingness to provide a list of dealers to permit class notice "subject to any reconsideration and appeal rights." [Doc. 217 at 3.]  Defendants have now exercised those "reconsideration and appeal rights" in light of the Court's Certification Order.  Thus, Defendants' position is entirely consistent with the statement in their earlier motion to stay.

## ARGUMENT AND AUTHORITY

### I.    The Court Should Use the Legal Standard Applicable to Stays Pending Rule 23(f) Petitions.

When considering a request to stay proceedings pending appeals of class certification orders, courts apply the "traditional" four factors for examining a request for a stay.  *See Nken v. Holder*, 556 U.S. 418, 425-26 (2009).  In an effort to preserve judicial resources and avoid filing an appeal that may be mooted by this Court's order on their Motion to Reconsider and/or Modify, Defendants have not yet petitioned to appeal the Court's order certifying a class.

A stay of discovery under the Rule 23(f) standard is nonetheless appropriate at this time to maintain the status quo and preserve Defendants' ability to file an appeal should this Court deny the motion to reconsider.  It would be absurd to grant a stay under the Rule 23(f) standard after Defendants have already been stuck with the economic and reputational burden of discovery and class notice.  It would be equally absurd to force Defendants to file an appeal before their motion is heard simply to prevent burdensome discovery from moving forward in the interim.  Doing so would also deprive the Court of the opportunity to reconsider its Certification Order prior to an appeal.  Likewise, class notification should not occur until the class parameters are set; otherwise, Defendants may very well end up in a situation where their customers are notified of a class action of which they ultimately will not be a part.

2

But even if the Court does not apply Rule 23(f), it should still enter the requested discovery stay. "A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c)." *Selective Ins. Co. of Am. v. Smiley Body Shop, Inc.*, No. 1:16-cv-00062-JMS-MJD, 2016 WL 6277618, at *4 (S.D. Ind. Oct. 27, 2016). "[T]he movant must show that good cause exists for the stay in this specific case; the good cause determination encompasses factors such as whether the stay will prejudice the non-movant, whether the stay will simplify the issues in the case, and whether the stay will reduce the burden of litigation for the parties or the court." *Id*. The Court's discretion in weighing these factors and granting a stay is "extremely broad." *Id*.

**II.      Defendants' Motion for Stay Satisfies All Elements of the Applicable Test and Demonstrates Good Cause for Staying Discovery.**

**A.      Defendants can show a likelihood of success on the merits.**

As more completely set forth in Defendants' briefs in support of their Motion to Reconsider and/or Modify [Docs. 228, 235], Defendants are likely to prevail on the merits of reconsideration or an appeal. The Seventh Circuit has described this factor as "an admittedly low requirement" in which a party need only show that its chance of success is "better than negligible." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1096 (7th Cir. 2008); *see also Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 782 (7th Cir. 2011) ("[T]he threshold for establishing likelihood of success is low.").

Defendants have a "better than negligible" chance of success on reconsideration or appeal of the Certification Order. *Girl Scouts*, 549 F.3d at 1096. Defendants have fully briefed their position that current theories of the case and the current evidentiary record—not previously considered by the Court—lead to the conclusions that individual issues predominate and that no class should have been certified in this case. (*See generally* Defs.' Mot. to Recons. and/or

3

Modify Class Certification Order [Docs. 228, 235].)  Defendants have also moved to exclude

from the class definition all dealers whose claims fall outside the statute of limitations (*id.*) and

anticipate moving to exclude from the class those dealers who signed arbitration agreements

applicable to their claims against Defendants.  The Court has already recognized that the class

may be overly broad insofar as it includes class members whose claims are subject to individual

arbitration (Certification Order [Doc. 220] at 37 & n.5), so Defendants are *at least* likely to

succeed in modifying the class to exclude those dealers.  Conducting discovery on such dealers,

including the preparation of complex reports detailing hundreds of thousands of transactions,

would be a colossal waste of time for both Defendants and Plaintiffs.

Similarly, the Court has certified a California sub-class with no existing California class

representative and no specific instruction to the Plaintiffs to remedy that defect.  Discovery

should likewise be stayed as to those California class members until a class representative is

named or the Court decertifies the sub-class.  *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 819

(1999) (requiring that sub-classes have "separate representation to eliminate conflicting interests

of counsel"); *Ramthun v. Bryan Career Coll.-Inc.*, 93 F. Supp. 3d 1011, 1022 (W.D. Ark. 2015)

("Because the Rule 23(a) requirements must be satisfied for each subclass, each subclass must

have an adequate representative.").

**B.      Defendants will suffer severe harm absent entry of a stay.**

Absent a stay, this litigation will proceed to extensive and costly classwide merits

discovery, additional document production, submission of a plan for class notice, and

promulgation of notice to a nationwide class.  But the outcome of Defendants' pending motions

to reconsider and/or modify the class, for summary judgment, and (when filed) to narrow the

class to exclude those dealers subject to arbitration will almost certainly affect the scope of any

further discovery, the language of any notices, and the propriety of class certification—which the

4

Court is under a continuing duty to reevaluate under Rule 23—if they do not resolve the case altogether.  In other words, a stay will dramatically reduce the burden of litigation.

To put it mildly, Plaintiffs' discovery requests impose a significant burden.  The current class definition encompasses tens of thousands of dealers engaged in over one million transactions.  (7/14/2017 Declaration of Adam Galema [Doc. 230-3] ¶ 3).  Plaintiffs seek individual reports on each of these dealers and information about each of their transactions.  NextGear estimates that responding to this discovery will take a full-time team of NextGear employees four to six months to complete.  (*Id.* ¶¶ 4, 5.)  Plaintiffs are dismissive of this burden, suggesting that NextGear could reduce the necessary time frame by staffing more people to the task.  First, staffing more people would actually increase the burden to NextGear by depriving NextGear of more of its employees who are needed to run the business.  Second, staffing more people does not decrease the enormous number of employee-hours that must be expended.  Third, NextGear has already taken into account those portions of the project that can be done by multiple people; however, much of the information and report-creating must occur in sequence, meaning that committing additional employees to the task will not necessarily accomplish it sooner, although it would be more disruptive to NextGear.

The reputational harm Defendants will suffer by sending out class notices is also significant, particularly if the class is decertified or modified.  Although Plaintiffs point out that the filings in this case have been public record, there is a difference between the general awareness that a case is ongoing (to the extent any dealers have such awareness), and inviting Defendants' customers, especially current dealers, to join a racketeering case against the

Defendants.[1]  The harm is especially severe given the likelihood that thousands of these customers will not ultimately end up in the class.  Notably, the current customers that fall into the class certified by the Court have agreed to arbitrate their disputes and should be excluded from the class.  Sending notice to those dealers could drastically affect NextGear's business.

Given that the proper scope of discovery will likely be significantly altered and simplified by future orders of this Court or the Seventh Circuit, it would be prudent for the Court and parties to wait until the class definition is final, if a class remains at all.  Requiring NextGear to produce information now, before the class has been properly modified or decertified entirely, would be unfair to NextGear: NextGear would be irreparably harmed by the loss of its employee productivity for an entire team for up to six months and by sending notice to thousands of current dealers who have agreed to arbitrate their disputes.  In addition, thousands of the dealers for which reports were created and to whom notice was sent will not ultimately be part of the class at all.

### C.     Plaintiffs will not be injured by a stay.

Plaintiffs likewise will spend unnecessary time, effort, and money if discovery and class notice proceeds, and then the class is decertified or modified.  A stay in discovery pending resolution of class certification is at worst a temporary delay to Plaintiffs if class certification stands.  If the class definition is modified, however, Plaintiffs would also have wasted time and effort in reviewing discovery and sending class notice.  Any temporary delay in obtaining discovery from Defendants—which Defendants are not in a position to produce immediately anyway—pales in comparison to the cost to Defendants if discovery continues but then the class

---

[1] Particularly one that has no substantive merit.  (*See* Defs.' MSJ [Doc. 192]; Defs.' Mot. to Recons. and/or Modify Class Certification Order [Doc. 228].)

is modified or decertified.  There is therefore no prejudice to Plaintiff from imposing a stay; rather, both parties will benefit.

> ### D.       The public interest weighs in favor of a stay.

The final factor—whether a stay would advance the public interest—also weighs in favor of a stay.  The public interest that cases be resolved properly and that the Court's resources be preserved is satisfied here.  And the need for a speedy determination of matters must be balanced against NextGear's right to a fair trial.  Judicial resources will also be preserved by preventing discovery disputes when NextGear objects to producing information regarding dealers who should not be members of any class (in particular, those with arbitration agreements and those whose claims are barred by the statute of limitations).  The issues should be simplified dramatically by a stay pending resolution of Defendants' pending motions.  Resolution of those issues will clarify which dealers are properly in the class, as well as what information is ultimately at issue and subject to discovery and trial, if the case is not resolved altogether (*e.g.*, by grant of Defendants' motion for summary judgment).  Permitting the class to be conclusively established before embarking on classwide discovery preserves judicial resources while respecting the rights of the parties.

## CONCLUSION

Regardless of whether the Rule 23(f) or the Rule 26(c) standard applies, Defendants have demonstrated that there is good cause to stay the expensive and potentially damaging class discovery pending the resolution of Defendants' Motion to Reconsider and/or Modify, motion to narrow the class (once it is filed), and Motion for Summary Judgment, and the exhaustion of the parties' appeal rights concerning class certification.  The Court should therefore stay class discovery until all these issues have been addressed.

Respectfully submitted, this 4th day of August, 2017.

<div style="margin-left: 45%;">

*s/ Tracey K. Ledbetter*

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc.,*
*NextGear Capital, Inc. f/k/a Dealer Services*
*Corporation, and John Wick*

</div>

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the

following counsel of record via the Court's electronic service notification system, this 4th day of

August, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com

_s/ Tracey K. Ledbetter_
Tracey K. Ledbetter