UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, and JOHN WICK, <br><br> Defendants. | No. 1:14-cv-01589-TWP-DML |

### Order on (1) Motion to Stay Ruling on Plaintiffs' Request for Summary Judgment on Breach of Contract Claim and (2) Motion to Stay Class Discovery until Motions for Summary Judgment Are Decided

The plaintiffs ask the court to delay ruling on their motion for partial summary judgment on their breach of contract claim until the period for class members to opt out of the class has expired. The defendants oppose the motion on the grounds (a) that it is not inappropriate for a court to decide simultaneously a class certification motion and a motion for summary judgment and (b) that in deciding a class certification motion, a court necessarily "peeks" at the merits in its Rule 23 analysis. When the defendants filed their opposition brief, the court had

not yet ruled on the class certification motion. Their arguments may have been logical in that context, but they are not persuasive in the case's current posture.

The court has granted class certification. The next step is for notice to be provided to class members that advises them, among other things, of their right to opt out of the class.  Under these circumstances, it is appropriate that the court delay making a merits ruling on the plaintiffs' breach of contract claim before notice is provided and the opt-out period has run.  *See Peritz v. Liberty Loan Corp.,* 523 F.3d 349, 354-55 (7th Cir. 1975) (a merits ruling before notice to the class creates a one-way intervention problem where "a potential class member could await a resolution of the merits of the claim before deciding whether or not to join the lawsuit").

Likewise because of a one-way intervention problem, the court DENIES the defendants' motion, at Dkt. 217, to stay all class discovery until all motions for summary judgment have been decided. The court's denial of the motion at Dkt. 217 is not a ruling on the *extent* of class discovery that the court permits at this time. That issue will be addressed by the court in its ruling on the motion to stay class discovery and notice to the class filed by the defendants on July 14, 2017, at Dkt. 230, which is now fully briefed.

## Conclusion

The court GRANTS the plaintiffs' motion (Dkt. 214) to delay ruling on their motion for partial summary judgment on their breach of contract claim until notice is given and the opt-out period has expired.  The court DENIES the defendants'

motion to stay class discovery, at Dkt. 217, but without prejudice to the arguments they have made in their more recent discovery motion, at Dkt. 230.

So ORDERED.

Dated: August 11, 2017

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system