UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, and JOHN WICK,<br><br>Defendants. | No. 1:14-cv-01589-TWP-DML |

## Order on Motion to Stay Class Discovery and Class Notice

On June 29, 2017, the court entered its order certifying a class. The plaintiffs now seek discovery from the defendants about the members of the class and their potential damages. The defendants have moved (at Dkt. 230) to stay "all classwide discovery and class notice" because they have asked the court to reconsider its order certifying a class and if that motion is denied, they intend to seek an interlocutory appeal of the certification order under Rule 23(f). That rule provides that even where an interlocutory appeal of the certification order is accepted by the Court of Appeals, the appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders."

The court GRANTS IN PART AND DENIES IN PART the defendants' motion. The court finds that notice should not be delayed, but will stay discovery related to damages until further order.

## I. Notice to the class must proceed immediately.

There is no good reason for delaying the discovery necessary to identify members of the class for the purpose of providing notice as required by Rule 23(c)(2)(B), including setting a deadline for members to opt out of the class. Delaying notice is not efficient at all. Notice is a first and necessary step after a class is certified, and generally is not delayed unless settlement is also imminent and *one* notice can be used to both notify members of the class of the lawsuit and its resolution by a proposed settlement. *See Manual for Complex Litigation* (4th ed. 2004) § 21.311 at p. 288.

The plaintiffs oppose any delay in providing notice to the class, and they bear the costs of that notice (at least initially and until a judgment and an award of costs might otherwise allow), so the defendants do not suffer monetary harm in providing notice, although they must provide information identifying class members. *See Eisen v. Carlisle and Jacquelin, Inc.,* 417 U.S. 156, 178 (1974) ("[T]he plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit."); *Myrick v. Wellpoint, Inc.,* 764 F.3d 662, 665 (7th Cir. 2014) (citing *Eisen*) ("the cost of notifying all class members does not justify foregoing [sic] notice or shifting the expense to the defendants"). The possibility of reputational injury to the defendants because notice is given is not a reason to delay notice itself and to

set a deadline for opting out of the class.  The court is confident the notice can be written to express the defendants' disagreement with the plaintiffs' claims and their intent to vigorously defend themselves and their reputations.

If, indeed, the class definition is changed in any way because of the defendants' motion for reconsideration (or defendants' recently filed motion to narrow class) or because of any appeal, then the court can determine the timing of any additional notice because of such changes. Unless a class is *expanded* by further changes in the case, additional, individual notice before any settlement or judgment likely would be unnecessary.

At this stage of the case, it is simply not efficient to delay notice.  Class members must have an opportunity to learn about this case and their rights to opt out of the litigation.  As the court explained in another order, because of the one-way intervention problem, the expiration of the opt-out period affects the timing of the court's addressing the merits of the parties' claims on summary judgment.  This case will not be put on indefinite hold while the defendants continue to fight the court's class certification order.  There is a class.  The class members must be identified so that notice can be given and an opt-out period established.

## II. The court is convinced that damages discovery is burdensome at this time.

The court is convinced that it is unduly burdensome at this time for the defendants to be required to answer the kind of damages discovery requested by

3

Interrogatories 18, 19, 21, and 22, and Document Requests 36, 37, 39, 40, and 41.[1] Though no one is sure yet, there may be between 10,000 or 20,000 members of the class (or maybe more or maybe less) and the members "likely engaged in more than one million transactions floor planned with NextGear." *See* Declaration of Adam Galema, Dkt. 230-3, ¶ 3. At this stage of the case, when substantial liability issues have been briefed on summary judgment but not yet decided, it is not appropriate to require the defendants to spend the kind of time and effort necessary to create reports documenting one million financial transactions. The appropriate time to do that *may* not come until summary judgment issues are decided and the parties and the court can make informed decisions about the type and amount of data that is reasonably necessary for making damages calculations. It is appropriate, however, for the defendants to tell the plaintiffs about the "fields of information" that are maintained about each class member (such as that requested by Interrogatories 16 and 17), so that the plaintiffs have a reliable planning tool for discovery.

---

[1] Other discovery requests in the plaintiffs' Sixth Set of Interrogatories and Requests for Production of Documents (Dkt. 230-1 at pp. 20-27) are not obviously damages discovery and the court does not have sufficient information about the requests to determine whether they are appropriately targeted to liability issues and responses to them are proportionate to the needs of this case. Based on the court's rulings here that (a) discovery reasonably necessary for identifying class members is appropriate, (b) liability discovery depending upon the weighing of Rule 26 proportionality factors may be appropriate, and (c) discovery related to calculating class members' potential damages are not appropriate at this time, the court requires the parties to meet and confer about the defendants obligations at this time to respond to Interrogatories 20 and 23 and Document Requests 38 and 41. If they exhaust their good faith efforts but cannot reach agreement, a motion for protective order may be filed by the defendants.

The plaintiffs' discovery requests aimed at identifying class members are appropriate at this time. The defendants must respond to Interrogatories 14 and 15 and Document Requests 34 and 35. Their responses must be provided within 21 days of the entry of this order on the docket.

In addition, the parties must promptly begin to draft a form of class notice. The plaintiffs must provide a draft to the defendants within 14 days of the entry of this order on the docket. The defendants must provide any comments to the draft within seven days thereafter. If there are disagreements, the parties must meet and confer in good faith to resolve them, but if unable to do so, they must present their competing versions to the court no later than **September 15, 2017.**

## Conclusion

The defendants' motion (Dkt. 230) to stay class discovery and notice to the class is GRANTED IN PART AND DENIED IN PART as provided in this order.

So ORDERED.

Dated: August 11, 2017

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

5