IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-01589-TWP-DML |
| COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT NEXTGEAR CAPITAL, INC.'S MOTION FOR PROTECTIVE ORDER**

Pursuant to the Order on Motion to Stay Class Discovery and Class Notice [Doc. 239], Defendant NextGear Capital, Inc. ("NextGear") moves for a protective order seeking relief from any obligation to produce information regarding dealer customers who cannot participate as class members in this action because they have agreed to arbitrate the claims made by the class and waived the right to participate in a class action. In support of the motion, NextGear shows the following:

1.      The Court has certified a class of used car dealers who were parties to a floor plan agreement with Dealer Services Corporation ("DSC") (now known as NextGear) during a certain time period. [Doc. 220.]

2.      Many dealers in the class as currently defined, however, entered a form of note and security agreement in 2013 or thereafter (the "2013 Note"), under which those dealers

agreed that any "disputes, claims and counterclaims" under any legal theory would be subject to mandatory arbitration on an individual basis, regardless of whether the dealer had also signed a prior agreement with DSC.  (NextGear 2013 Note [Doc. 237-2] § 22, NG_005157 to -58.)  The 2013 Note also contains a class action waiver provision in which dealers promised to not participate in a class action against NextGear.  (*Id.*)  Defendants have therefore moved to narrow the class definition to exclude such dealers; that motion is currently pending before the Court. [Doc. 237.][1]

     3.     In their Sixth Set of Interrogatories and Requests for Production of Documents [Doc. 230-1], Plaintiffs requested production of information and documents that relate to dealers who signed mandatory arbitration agreements with NextGear:

- Interrogatory No. 23:  Please identify the names of any and all Class Members and Subclass Members who executed a new contract with NextGear in or after 2013 in the form of the NextGear 2013 Note (as defined in Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification, R. Doc. 160, and reflected in Exhibit A thereto), as well as the Effective Date of each of those contracts.

Plaintiffs also requested production of documents relating to all class members, including those who agreed to arbitrate their claims on an individual basis:

- Request for Production No. 38:  Please produce any and all documents evidencing the Defendants' defenses as to the claims of the Class and/or Subclass members.

- Request for Production No. 41:  Please produce any and all contracts (Demand Promissory Note and Security Agreement, Power of Attorney, Term Sheet, Credit Limit Amendment, Individual Personal Guaranty, and/or related contractual documents) between NextGear and all Members of the Class and Subclass, including those contracts executed by any members of the Class and Subclass after 2013 in the form of the NextGear 2013 Note.[2]

---

[1] Defendants have also objected to the Order on Motion to Stay Class Discovery and Class Notice [Doc. 239] on these same grounds, pursuant to Rule 72.  [Doc. 240.]

[2] Defendants have met and conferred with Plaintiffs regarding Request for Production No. 41, and understand that Plaintiffs do not seek production of documents at this time.  Defendants

NextGear has agreed to produce certain documents with respect to many dealers in the class, but objects to producing documents relating to dealers who should be excluded from the class.

4.     Issuance of a protective order is proper "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c). Where a pending motion is dispositive of the issue at which discovery is directed, and the discovery is not necessary to determine the pending dispositive motion, a protective order is appropriate.  *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 352 (N.D. Cal. 2003); *see also Computer Assocs. Int'l v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007) (appropriateness of stay depends on "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay: (4) the nature and complexity of the action; and (5) the posture of the litigation").

5.     As more fully set forth in Defendants' pending Motion to Modify Class Certification Order to Narrow Class ("Motion to Narrow"), almost 10,000 dealers otherwise within the class definition have signed a newer form of note that provides for mandatory individual arbitration of all disputes and supersedes any prior agreements between NextGear/DSC and the dealer.  (Mot. to Narrow [Doc. 237] at 3-6.)  Dealers that signed the 2013 Note have agreed that they cannot be part of the class in this case.  Thus, those dealers expressly agreed to arbitrate the claims brought by the named Plaintiffs, and explicitly waived their right to participate in a class action.  (*Id.* at 6-16 (citing *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2308-09 (2013); *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).)

---

reserve their right to file a separate motion for protective order should Plaintiffs renew this request.

6.     Requiring NextGear to identify and provide contact information for the dealers that signed arbitration agreements and to produce documents regarding their relationship with NextGear—while its motion to exclude those dealers from the class remains pending—would be unduly burdensome and not "proportional to the needs of the case," Fed. R. Civ. P. 26(b), given that these dealers have entered into lawful and binding agreements not to participate as class members.  The requested discovery is at best premature and highly likely to be ultimately wasteful of the time and resources of all the parties.  It will also violate NextGear's bargained-for contractual rights with such dealers.

7.     The Court has indicated that revision of the class definition in light of evidence of the arbitration agreements may be appropriate: "If in fact the class does include members who executed 2013 agreements that supersede any earlier agreements and require arbitration, the Court can further narrow the class to exclude those customer dealers, the parties can petition the Court to narrow the class, the parties can stipulate the exclusion of those dealers, or the parties can file a motion to compel arbitration."  (Entry on Pls.' Mot. for Class Certification [Doc. 220] at 37 n.5.)

8.     NextGear has submitted evidence that the class includes many members who executed agreements that supersede their earlier agreements and required arbitration, and has moved to narrow the class as directed by the Court.  Plaintiffs have not challenged that evidence; their only dispute is over the effect of the 2013 Note terms.  Until the Court has had an opportunity to rule on the issue, however, NextGear should not be required to produce information about dealer customers who are contractually barred from participating in this action.  NextGear is responding to discovery relating to other members of the class who did not sign notes containing the arbitration and class waiver clauses.

9.      Although the parties have conferred in good faith, they have been unable to reach agreement regarding the production of information regarding dealers who must arbitrate their claims.

10.     NextGear accordingly requests that the Court enter a protective order relieving NextGear of any obligation to respond to the discovery described above at least until the Court has an opportunity to consider the pending Motion to Narrow.

Respectfully submitted, this 1st day of September, 2017.

_s/ Tracey K. Ledbetter_
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 1st day of September, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com

  *s/ Tracey K. Ledbetter*
Tracey K. Ledbetter