IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, <br><br> Defendants. | Case No. 1:14-cv-01589-TWP-DML |

**REPLY IN SUPPORT OF DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDERS ON MOTIONS TO STAY AND REQUEST TO STAY DISCOVERY REGARDING SUBSET OF CLASS**

Defendants' Objection to Magistrate Judge's Orders on Motions to Stay and Request to Stay Discovery Regarding Subset of Class ("Objection") [Doc. 240] raised two discrete issues: (1) Defendants should not be obligated to provide discovery regarding, or send class notice to, the subset of dealers who executed a promissory note containing arbitration and class waiver provisions; and (2) Defendants' Motion for Summary Judgment [Doc. 192, 193, and 212] is ripe for decision notwithstanding that consideration of Plaintiffs' summary judgment motion is stayed.

As to the first point, Plaintiffs argue in their response that postponing discovery and notice to the dealers who must arbitrate will delay the case and jeopardize the trial date, and that there is little prejudice to NextGear in complying with the Magistrate Judge's Orders. Plaintiffs

are wrong on both counts. Defendants asserted during certification briefing—eleven months ago—that dealers who agreed to arbitrate their claims should not be part of the class. [Doc 160] Following the certification order (in which the Court invited the parties to reach a stipulation), Defendants sought a stipulation from Plaintiffs that such dealers should be excluded based on the plain language of the promissory note. However, Plaintiffs have refused. Federal law requires the Court to exclude from the class those dealers that agreed in advance not to participate; any delay in recognizing that cannot be laid at the feet of Defendants.

Moreover, the prejudice to Defendants is manifest. Providing notice to a group of largely active dealers who, as a matter of law, cannot participate as members of the class without breaching their contracts with NextGear is wasteful, confusing, and needlessly harmful to NextGear's business. NextGear's contractual rights would be trampled, and prior to the Court having the opportunity to rule on the fully-briefed Motion to Modify Class Certification Order to Narrow Class ("Motion to Narrow") [Doc. 237]. In addition, dealers who signed the promissory note will be lumped into the class without being advised of their contractual obligation to pursue arbitration. Discovery and class notice to dealers subject to arbitration should be postponed at least until the Court has ruled on the Motion to Narrow and related appeal rights have been exhausted.[1]

Finally, Plaintiffs acknowledge that the Court is free to address Defendants' Motion for Summary Judgment, notwithstanding the fact that the one-way intervention rule arguably prohibits the Court from addressing Plaintiffs' summary judgment motion prior to the notice and

---

[1] Because the Motion to Narrow contains the substantive argument and evidence for excluding dealers who signed the arbitration agreements and class action waivers, NextGear respectfully requests that the Court withhold ruling on the Objection until after it has an opportunity to rule on the Motion to Narrow.

opt out period. Thus, the parties agree that the Court can take up Defendants' Motion for Summary Judgment at any point, and Defendants respectfully request that the Court do so.

For the foregoing reasons and those stated in the Objection, Defendants respectfully request that the Court overrule the portions of the Magistrate Judge's Order [Doc. 239] requiring discovery regarding, and class notice to, dealers who signed a promissory note containing an arbitration and class action waiver provision.

Respectfully submitted, this 5th day of September, 2017.

                                              *s/ Paul D.Vink*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 5th day of September, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>THE CASSIE FELDER LAW FIRM<br>cassie@cassiefelderlaw.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

                 _s/ Paul D. Vink_
                 Paul D. Vink

3267983_1