UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DML** |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| COX ENTERPRISES, INC., | * | |
| COX AUTOMOTIVE, INC., | * | |
| NEXTGEAR CAPITAL, INC., | * | |
| F/K/A DEALER SERVICES | * | |
| CORPORATION, successor by merger | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK | | |

**********************************************************************

### PLAINTIFFS' OPPOSITION TO DEFENDANT NEXTGEAR CAPITAL, INC.'S MOTION FOR PROTECTIVE ORDER

**NOW INTO COURT** come Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. and respectfully submit this memorandum in opposition to Defendant NextGear's Motion for Protective Order (Dkt. 244). As this Court previously held:

> **This case will not be put on indefinite hold while the defendants continue to fight the court's class certification order. There is a class. The class members must be identified so that notice can be given and an opt-out period established.**

Dkt. 239 at 3 (the "August 11 Order") (emphasis added). As set forth below, in refusing to produce information about *all* class members, NextGear is in violation of the August 11 Order and has failed to establish good cause for a protective order. The motion should be denied, and NextGear should be required to immediately produce the information regarding the remaining 9,940 class members so that class notice to the entire class can proceed as previously ordered by the Court.

I.   **Procedural Context**

On July 12, Defendants filed the motion for reconsideration of class certification. Dkt. 228. On July 14, they moved to stay class discovery and class notice. Dkt. 230. On August 10, they filed another motion to modify the class based on the 2013 contracts. Dkt. 237. On August 11, this Court held that class notice "should not be delayed" but "stay[ed] discovery related to damages until further order." Dkt. 239 at 2. The August 11 Order required that Defendants provide names and contact information for all Class and Subclass members within 21 days of the Order. *See* Dkt. 239 at 5. On August 10, Defendants filed the Rule 72 objection to the August 11 Order, asking the District Court "to relieve NextGear of any requirement to provide information" regarding dealers who signed the 2013 contracts. Dkt. 240 at 2.[1] When Defendants' discovery responses came due on September 1, rather than producing all class members' information, NextGear excluded and objected to information about 9,940 class members who it asserts signed 2013 contracts.[2] Also on September 1, NextGear filed the Motion for Protective Order, asking this Court to endorse NextGear's continual refusal to provide the names of every member in this class action.

II.   **Applicable Standard**

Federal Rule of Civil Procedure 26(c) governs discovery protective orders and permits the Court to restrict discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c)(1).

---

[1] NextGear's argument that Plaintiffs have not challenged the evidence (presumably Mr. Galema's declaration and the redacted list of 9,940 dealers) that the class includes many members who signed the 2013 contracts is misplaced. Plaintiffs do not yet have information or documents to verify or challenge NextGear's assertions as to the number of class members who signed 2013 contracts. On July 14, Plaintiffs noticed a 30(b)(6) deposition of NextGear to be set after Defendants respond to class discovery—which has not yet occurred. With class discovery not yet complete, Plaintiffs do not concede that the 9,940 class members on the redacted list signed 2013 contracts.

[2] *See* **Exhibit A** hereto (NextGear's First Amended Responses and Objections to Plaintiffs' Fourth Set of Interrogatories and Requests for Production of Documents), Responses to RFPs 34 and 35.

2

The decision to issue a protective order is committed to the sound discretion of the Court. *See id.*; *Semien v. Life Ins. Co. of North America,* 436 F.3d 805, 813 (7th Cir. 2006) (internal citation omitted) ("It is well-settled that district courts enjoy broad discretion in controlling discovery."); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (same). Before restricting discovery, the Court is required to "consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." 281 F.3d at 681.

### III. NextGear Has Failed to Show Good Cause for a Protective Order Relieving NextGear of its Duty to Produce Information Regarding All Class Members.

NextGear entirely fails to meet its burden of showing good cause for a protective order under Rule 26. The motion is little more than a regurgitation of Defendants' motion to narrow the class and Rule 72 objection.[3] NextGear's argument (Dkt. 244 at ¶ 4) that a protective order is appropriate due to its pending motion to narrow falls flat. As stated in the August 11 Order:

> If, indeed, the class definition is changed in any way because of the defendants' motion for reconsideration **(or defendants' recently filed motion to narrow class)** or because of any appeal, then the court can determine the timing of any additional notice because of such changes.

Dkt. 239 at 2 (emphasis added). As this Court further held, "[t]his case will not be put on indefinite hold while the defendants continue to fight the court's class certification order." *Id.* at 3.[4]

---

[3] Plaintiffs incorporate herein their arguments in opposition to those motions. Dkts. 241 and 242.
[4] Defendants cite a California case, *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 220 F.R.D. 349 (N.D. Cal. 2003), arguing that a protective order is appropriate where a pending motion is dispositive of the issue at which discovery is directed. Neither that case nor any other cited by NextGear, however, supports the notion a motion to reconsider or narrow class certification creates good cause for an order relieving defendant of its burden to provide the names of class members—particularly where such a stay has already been denied by the Court so that class notice may proceed. Further, the factors from *Computer Assocs. Int'l v. Simple.com, Inc.,* 247 F.R.D. 63, 69 (E.D.N.Y. 2007)—such as the posture of this litigation, a certified class action set for trial in four months with class notice yet to begin—weigh heavily against a protective order.

While NextGear suggests that its motion to narrow renders the discovery unduly burdensome, premature, and not proportional, those arguments fail. First, there is little to no burden on NextGear in producing information on class members who signed 2013 contracts because NextGear already compiled much of that information and redacted its substance for their motion to narrow. *See* Dkt. 237-1 and -3. Second, there is no question that Plaintiffs' requests that NextGear identify the class members are "proportional to the needs of the case." This is a class action and the class members must be identified for class notice and preparations for trial moving forward. Third, the requested discovery is not premature. It was sought by Plaintiffs as per the class discovery deadlines in this case, and trial is set for **December 4, 2017**. Any further delay of discovery and/or class notice would endanger that already twice-continued trial date and greatly prejudice Plaintiffs. As this Court has held, "**[n]otice to the class must proceed immediately**." Dkt. 239 at 2 (emphasis in original subheading). Defendants have repeatedly sought to delay class notice and prevent notice to members they seek to exclude from the class; however, "Notice is a first and necessary step after a class is certified, and generally is not delayed unless settlement is also imminent…" *Id.* Fourth, NextGear's argument that the discovery will violate their "bargained-for contractual rights with such dealers" should be rejected. As this Court noted, the class notice can and will reflect Defendants' vigorous denial of the claims. *See* Dkt. 239 at 2-3.

### IV.   Conclusion

For these reasons, NextGear's Motion for Protective Order should be denied and NextGear should be required to immediately provide the requested information about every member of the Class and Subclass.


Respectfully submitted,

 /s/ Kerry A. Murphy
CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
JACOB AIREY (La. Bar No. 27933)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (#18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2017, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

              */s/ Kerry A. Murphy*
                Kerry A. Murphy