IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, <br><br> Defendants. | Case No. 1:14-cv-01589-TWP-DML |

**DEFENDANT NEXTGEAR CAPITAL, INC.'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF WRITTEN DISCOVERY**

Pursuant to Rules 33, 34, and 26(e) of the Federal Rules of Civil Procedure, Defendant NextGear Capital, Inc. ("NextGear") objects and responds to Plaintiffs' Fourth Set of Interrogatories and Requests for Production of Documents as follows:

**Objections to Plaintiffs' Instructions and Definitions**

1. NextGear objects to producing responses to Plaintiffs' Interrogatories and Requests for Production within 30 days after service. NextGear produced its written responses and objections in accordance with the Federal Rules of Civil Procedure and is producing responsive information in accordance with the Court's Order on Motion to Stay Class Discovery and Class Notice [Doc. 239], except as stated below, pursuant to NextGear's Rule 72 objections to that Order and its motion for protective order regarding Plaintiffs' Sixth Set of Written Discovery. Further, NextGear's discovery, review, and investigation of the claims made in this

1

**EXHIBIT A**

litigation is ongoing. All responses contained herein are based only on such information and documentation that is presently available to NextGear. NextGear reserves the right to supplement, revise, amend, and/or correct its responses to these requests, and to offer related evidence, if and when additional, different, or more accurate information becomes available.

2. Pending before the Court are Defendants' Objections to Magistrate Judge's Orders on Motions to Stay and Request to Stay Discovery Regarding Subset of Class (the "Objections to Stay Orders") [Doc. 240] and NextGear's Motion for Protective Order (the "Motion for Protective Order") [Doc. 244]. As stated therein, NextGear objects to producing information regarding dealers who have entered into written arbitration agreements that preclude participation in the class certified by the Court.

3. NextGear objects to Plaintiffs' Instruction 3, which calls for NextGear to indicate which documents respond to which request. NextGear will produce documents in accordance with the requirements of Rule 34 of the Federal Rules of Civil Procedure.

4. NextGear objects to Plaintiffs' Instruction 5, which calls for preparation of a privilege log, insofar as it seeks or would require identification of documents that were created after this litigation was commenced by NextGear's inside or outside counsel, on the ground that any such documents are clearly protected from disclosure by the attorney-client privilege and the work product doctrine; therefore, a request that would require NextGear to identify such protected documents on a privilege log is unreasonably burdensome, and is itself invasive of the work product doctrine and the attorney-client privilege.

5. NextGear objects to Plaintiffs' Definitions 8 and 9, which define "Class" and "Subclass." Pending before the Court are Defendants' Motion to Reconsider and/or Modify Class Certification Order (the "Motion for Reconsideration") [Docs. 228, 235] and Defendants'

Motion to Modify Class Certification Order to Narrow Class (the "Motion to Narrow") [Docs. 237, 243], which request modification of the Court's Entry on Plaintiffs' Motion for Class Certification [Doc. 220].  Thus, the definitions of the Class and Subclass may ultimately change pursuant to a subsequent Court order.

6. NextGear objects to Plaintiffs' Definitions 11-14, which define "Cox Automotive," "NextGear," "Mr. Wick," and "you" or "your" to include those entities' and individual's attorneys.  NextGear objects to producing any documents or information protected from disclosure by the attorney-client privilege and/or the work product doctrine.  To the extent that any such information may be inadvertently revealed or produced, NextGear does not intend to waive any applicable privileges and expressly reserves all privileges with respect to such information, and its right to seek the return of such information.

7. NextGear objects to Plaintiffs' Definition 18, which purports to define the term "Floorplan Agreement," as vague and ambiguous.  NextGear and its predecessors in interest, Dealer Services Corporation ("DSC") and Manheim Automotive Financial Services, Inc. ("MAFS"), have used different and sometimes separate notes, security agreements, fee schedules, powers of attorney, and, in some cases, various types of guaranties, subordination agreements, issue- or state-specific amendments, and other documents.  These documents memorializing a customer's line of credit with NextGear have changed over time; varied in business terms, number, and type from dealer to dealer; varied between NextGear, MAFS, and DSC; and may have varied on special deals and promotions.

8. NextGear objects to Plaintiffs' Definitions 16 ("Transaction"), 17 ("Auction"), 19 ("Customer Dealer"), and 20 ("Date of the Auction") as vague and ambiguous insofar as they incorporate the vague and ambiguous term "Floorplan Agreement."

**Specific Responses and Objections to Interrogatories**

14.     Please describe the manner in which the names, street addresses, e-mail addresses, and telephone numbers for the members of the class of "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013" are kept in the ordinary course of business, including a description as to when and how the addresses are updated in the system.

**Response:**     NextGear objects to Interrogatory No. 14 as seeking information that is not relevant to any party's claim or defense.  NextGear further objects to Interrogatory No. 14 as seeking confidential, proprietary, and/or trade secret information.  Subject to and without waiving its objections, NextGear states that, as a general matter, information regarding its customers' names, street addresses, e-mail addresses, and telephone numbers is provided to NextGear by dealers on application forms that the dealer fills out by hand or electronically.  Those forms are generally scanned into NextGear's database and stored electronically.  The information is normally also manually input into NextGear's database.  Some of that information also appears on the dealer's loan documents, account statements, and other ordinary business records.  The information is updated on an *ad hoc* basis as NextGear receives updated information from the dealer or from third parties.

15.     Please describe the manner in which the names, street addresses, e-mail addresses, and telephone numbers for the members are the subclass of "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law" are kept in the ordinary course of business, including a description as to when and how the addresses are updated in the system.

**Response:**     NextGear objects to Interrogatory No. 15 as seeking information that is not relevant to any party's claim or defense.  NextGear further objects to Interrogatory No. 15 as seeking confidential, proprietary, and/or trade secret information.  Subject to and without waiving its objections, NextGear states that, as a general matter, information regarding its customers' names, street addresses, e-mail addresses, and telephone numbers is provided to

NextGear by dealers on application forms that the dealer fills out by hand or electronically. Those forms are generally scanned into NextGear's database and stored electronically. The information is normally also manually input into NextGear's database. Some of that information also appears on the dealer's loan documents, account statements, and other ordinary business records. The information is updated on an *ad hoc* basis as NextGear receives updated information from the dealer or from third parties.

16. Please describe the fields of information maintained by NextGear for the members of the class of "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013" kept in the ordinary course of business.

**Response:** NextGear objects to Interrogatory No. 16 as seeking information that is not relevant to any party's claim or defense. NextGear further objects to Interrogatory No. 16 as overbroad because NextGear's computer systems and databases contains hundreds of fields, few of which are relevant here. NextGear also objects to the phrase "fields of information maintained" as vague and ambiguous as to meaning, format, and location. In addition, NextGear objects to Interrogatory No. 16 as seeking confidential, proprietary, and/or trade secret information. Subject to and without waiving its objections, NextGear states that, as a general matter, it electronically maintains the following information, among other items, about its dealer customers:

- Dealer number
- Dealer name
- Street address
- Mailing address
- Email address
- Telephone number
- Contract date(s)
- Transaction dates
- Transaction details, including date of each Advance, vehicle information, principal, interest, and fees
- Amount owed

5

- Payment dates and amounts
- Dealer status (active, terminated, defaulted, written off, etc.)
- Existence of any settlement agreement
- Judgment date and judgment amount, if any
- Date of any bankruptcy filing

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NextGear also directs Plaintiffs to database screenshots and reports relating to the named Plaintiffs created and produced in response to Request for Production Nos. 12-14, which may identify additional fields of information maintained by NextGear.

17.    Please describe the fields of information maintained by NextGear for the members of the subclass of "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law" kept in the ordinary course of business.

**Response:**    NextGear objects to Interrogatory No. 17 as seeking information that is not relevant to any party's claim or defense. NextGear further objects to Interrogatory No. 17 as overbroad because NextGear's computer systems and databases contains hundreds of fields, few of which are relevant here. NextGear also objects to the phrase "fields of information maintained" as vague and ambiguous as to meaning, format, and location. In addition, NextGear objects to Interrogatory No. 17 as seeking confidential, proprietary, and/or trade secret information. Subject to and without waiving its objections, NextGear states that, as a general matter, it electronically maintains the following information, among other items, about its dealer customers:

- Dealer number
- Dealer name
- Street address
- Mailing address
- Email address
- Telephone number
- Contract date(s)
- Transaction dates

- Transaction details, including date of each Advance, vehicle information, principal, interest, and fees
- Amount owed
- Payment dates and amounts
- Dealer status (active, terminated, defaulted, written off, etc.)
- Existence of any settlement agreement
- Judgment date and judgment amount, if any
- Date of any bankruptcy filing

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NextGear also directs Plaintiffs to database screenshots and reports relating to the named Plaintiffs created and produced in response to Request for Production Nos. 12-14, which may identify additional fields of information maintained by NextGear.

## Specific Responses and Objections to Requests for Production

34. Please produce a list of the most current names, street addresses (to include the most recently known), e-mail addresses (to include the most recently known), and telephone numbers (to include the most recently known) for the members of the class of "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013" in Excel spreadsheet, .csv format.

**Response:** NextGear objects to Request No. 34 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense. NextGear should not be required to produce information regarding customers who have executed contracts containing arbitration agreements and/or class action waivers, as such customers could not become parties to this action even if a class remains certified. NextGear also should not be required to produce information regarding customers who have executed settlement agreements and/or releases with NextGear; against whom NextGear holds judgments; or who have not done business with NextGear within the statute of limitations. NextGear further objects to Request No. 34 on the basis of Defendants' Motion for Reconsideration [Docs. 228, 235], Defendants' Motion to Narrow [Docs. 237, 243], Defendants' Objections to Stay Orders [Doc. 240], and

NextGear's Motion for Protective Order [Doc. 244]. As stated therein, NextGear objects to producing information regarding dealers who have entered into written arbitration agreements that preclude participation in the class certified by the Court. NextGear also objects to Request No. 34 as seeking confidential, proprietary, and/or trade secret information.

Subject to and without waiving its objections, and subject to the protective order in this case, NextGear is producing with this response an Excel spreadsheet containing a list of dealers who floor planned a vehicle with DSC or NextGear under a DSC promissory note between January 1, 2005 and July 31, 2013. However, such list does not include dealers that signed contracts with NextGear prior to certification containing an agreement to arbitrate and/or a class action waiver, for the reasons stated in the Motion to Narrow [Docs. 237, 243], Objections to Stay Orders [Doc. 240], and Motion for Protective Order [Doc. 244].

35.     Please produce a list of the most current names, street addresses (to include the most recently known), e-mail addresses (to include the most recently known), and telephone numbers (to include the most recently known) for the members of the subclass of "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law," in Excel spreadsheet, .csv format.

**Response:**     NextGear objects to Request No. 35 as overbroad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense. NextGear should not be required to produce information regarding customers who have executed contracts containing arbitration agreements and/or class action waivers, as such customers could not become parties to this action even if a class remains certified. NextGear also should not be required to produce information regarding customers who have executed settlement agreements and/or releases with NextGear; against whom NextGear holds judgments; or who have not done business with NextGear within the statute of limitations. NextGear further objects to Request No. 35 on the basis of Defendants' Motion for Reconsideration [Docs. 228, 235], Defendants'

8

Motion to Narrow [Docs. 237, 243], Defendants' Objections to Stay Orders [Doc. 240], and NextGear's Motion for Protective Order [Doc. 244]. As stated therein, NextGear objects to producing information regarding dealers who have entered into written arbitration agreements that preclude participation in the class certified by the Court. NextGear also objects to Request No. 35 as seeking confidential, proprietary, and/or trade secret information.

Subject to and without waiving its objections, and subject to the protective order in this case, NextGear is producing with this response an Excel spreadsheet containing a list of dealers who floor planned a vehicle with DSC or NextGear under a DSC promissory note between January 1, 2005 and July 31, 2013. However, such list does not include dealers that signed contracts with NextGear prior to certification containing an agreement to arbitrate and/or a class action waiver, for the reasons stated in the Motion to Narrow [Docs. 237, 243], Objections to Stay Orders [Doc. 240], and Motion for Protective Order [Doc. 244].

    *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via email and first class mail, U.S. postage prepaid, this 1st day of September, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA 70112
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205
Kathleen@delaneylaw.net

    *s/ Tracey K. Ledbetter*
    Tracey K. Ledbetter