IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:14-cv-01589-TWP-DML |

## REPLY IN SUPPORT OF DEFENDANT NEXTGEAR CAPITAL, INC.'S MOTION FOR PROTECTIVE ORDER

Should commercial used car dealers who expressly agreed to arbitrate their claims and signed class action waivers nonetheless be included in this class litigation? That question is pending before the Court,[1] and the Court should be allowed to answer it before discovery proceeds as to those dealers.

NextGear should not have to produce information about dealers who agreed not to participate in this class action—at least not until the Court has ruled on whether those dealers can stay in the class. Such production will waste time and effort for all involved by requiring

---

[1] Defendants timely raised this issue last year in their Opposition to Plaintiffs' Motion for Class Certification [Doc. 160] and at oral argument on May 9, 2017 [Doc. 202]; pursued a stipulation with Plaintiffs about it pursuant to the Court's Certification Order [Doc. 220 at 37 n.5]; and have since pursued it diligently through a Motion to Modify Class Certification Order to Narrow Class ("Motion to Narrow") [Doc. 237], Objections to Magistrate Judge's Orders on Motions to Stay, filed pursuant to Rule 72 [Doc. 240], and this Motion for Protective Order, all of which remain pending.

NextGear to provide information about dealers who cannot be part of the class under the clear federal authority on arbitration.  In addition, providing notice of this action to dealers who cannot participate in the class is disproportionate to the needs of the case: it would be unnecessarily confusing to NextGear's existing customers and would needlessly harm NextGear's business and reputation.  (If the Court ultimately rules in NextGear's favor on the enforceability of the arbitration agreement, would Plaintiffs then send a separate notice to dealers subject to arbitration saying, "Never mind"?  By then, much of the damage will already have been done.)  Finally, any delay in sending notice to class members who must arbitrate their claims would only be for a short time until the Court rules on the fully-briefed Motion to Narrow [Doc. 237]; that short wait will not cause any prejudice to the Plaintiffs.

Contrary to Plaintiffs' claim, NextGear has not attempted to delay class notice. In fact, it has produced names and contact information regarding over 17,000 dealers who are in the class certified by the Court and is in the process of negotiating the form of class notice with Plaintiffs' counsel, as ordered by the Court.  It is Plaintiffs who have wasted this Court's time by refusing to stipulate to the exclusion of dealers subject to arbitration agreements from the class, instead pushing meritless arguments about the effect of the arbitration terms they accepted.  But the Court should have an opportunity to revisit the class definition in light of undisputed evidence that approximately 10,000 dealers agreed to arbitrate their claims and waived their right to participate in a class action.  (*Cf.* Entry on Pls.' Mot. for Class Certification [Doc. 220] at 37 n.5.)

For these reasons, the Court should enter a protective order relieving NextGear of any obligation to respond to discovery at this time regarding dealers subject to arbitration.

Respectfully submitted, this 15th day of September, 2017.

   *s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 15th day of September, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>THE CASSIE FELDER LAW FIRM<br>cassie@cassiefelderlaw.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

 *s/ Tracey K. Ledbetter*
Tracey K. Ledbetter