## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 1:14-cv-01589-TWP-DML |
| vs. | ) ) | |
| NEXTGEAR CAPITAL, INC., f/k/a/ DEALER SERVICES CORPORATION, COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., and JOHN WICK | ) ) ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFFS' MOTION TO PROCEED WITH CLASS NOTICE TO KNOWN CLASS MEMBERS AND PROPOSED PROCEDURES FOR PROVIDING NOTICE TO CLASS MEMBERS PURSUANT TO RULE 23(c)(2)(B)

Plaintiffs, Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., hereby respectfully move this Court for an order (a) allowing Plaintiffs to proceed with class notice to the 17,411 class members whose names and contact information have been produced by Defendants and are known to Plaintiffs; and (b) approving the proposed procedures described herein for providing notice to the known class members pursuant to Fed. R. Civ. P. 23(c)(2)(B), for the reasons set forth below.

### I.      Rule 23(c)(2)(B) Class Notice

With respect to class notice, Rule 23(c)(2)(B) states as follows:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plan, easily understood language:
>
> (i)      the nature of the action;

(ii)     the definition of the class certified;

(iii)    the class claims, issues, or defenses;

(iv)     that a class member may enter an appearance through an attorney if the member so desires;

(v)      that the court will exclude from the class any member who requests exclusion;

(vi)     the time and manner for requesting exclusion; and

(vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

## II.      Class Notice to the Known Class Members Should Proceed

Trial of this class action is set to begin on December 4, 2017—two and a half months from now. While Defendants continually refuse to provide a full list of class members (despite this Court's clear instructions to do so), they have produced a list of 17,411 class members along with their contact information.[1] As set forth in the joint notice filed by the parties on September 15, in accordance with the Court's August 11 Order, the parties have met and conferred regarding a form of class notice and have agreed upon two variations on a form to be used for class notice. *See* Dkt. 247. Exhibit A to the joint notice represents a form of class notice to be used in the event that class notice is sent to the entire class, and Exhibit B to the joint notice represents a form of class notice to be used in the event that class notice is sent only to the 17,411 class members currently known

---

[1] Excluded from Defendants' list of class members, they say, are 9,980 class members who should not be permitted to participate in this action because they later signed contracts containing arbitration and class waiver provisions—as argued in their various pending motions, all of which Plaintiffs have opposed.

   On this date, September 22, Plaintiffs have asked Defendants to provide within seven (7) days an affidavit or declaration of NextGear (a) describing the process that was used by NextGear to identify and verify the 17,411 members of the class (as well as their contact information) listed on the spreadsheet produced on September 1; and (b) affirming that the information provided therein is both complete and accurate.

to Plaintiffs, while Defendants' motions are pending or in the event that those motions are decided in Defendants' favor. *See id.* at 1-2.

As this Court held last month, "[n]otice is a first and necessary step after a class is certified" and "must proceed immediately[,]" and "[c]lass members must have an opportunity to learn about this case and their rights to opt out of the litigation." Dkt. 239 at 2 and 3. Defendants have withheld the remaining 9,980 class members' information; as a result, it is impossible right now for notice to be issued to the entire class. Nonetheless, it is possible for Plaintiffs, with the Court's approval and following receipt of a verification affidavit from Defendants (*see* n. 1, *supra*), to move forward with notice to the 17,411 class members disclosed by Defendants. Indeed, the parties have succeeded in crafting a form of class notice acceptable to both Plaintiffs and Defendants to be used in the event of notice only to those class members. Accordingly, in light of the December 4 trial date, Plaintiffs respectfully request that this Court approve the issuance of class notice to the 17,411 known class members, with the remaining members to be notified at a later date and as soon as possible.[2] Plaintiffs respectfully submit that such a two-part notice procedure (the mechanics of which are detailed below) satisfies Rule 23(c)(2)(B) as it is the "best notice that is practicable under the circumstances" and includes "individual notice to all members who can be identified through reasonable effort" (here, discovery to Defendants, who have all members' information in their possession).

### III.    Plaintiffs' Proposed Procedures for Class Notice

With the requirements of Rule 23(c)(2)(B) in mind, Plaintiffs make the following specific

---

[2]  Plaintiffs have obtained from their proposed class action administrator—Analytics Consulting LLC—pricing data for sending class notice to all 27,391 class members at once versus a two-part notice process (sending class notice to 17,411 class members first, and then later sending notice to 9,980 class members). The difference is approximately $6,000. Because the need to send out the notice in two parts is due to Defendants' refusal to provide all class members' information, Plaintiffs reserve the right to request that Defendants bear the additional cost of sending the notices in two parts rather than one.

proposal for providing individual notice by first-class United States Mail[3] to each class member who can be identified through reasonable effort, beginning with the 17,411 class members disclosed to date by Defendants.

**A.      Individual Notice by First-Class U.S. Mail**

1.      Defendants have provided to Plaintiffs a single comprehensive electronic file containing all of the necessary data elements (legal names, dealer names, street addresses, telephone numbers, and email addresses) for each class member, excluding those class members who Defendants contend signed 2013 agreements containing arbitration and class waiver provisions, in a consistent agreed format (Excel) with no duplication. The electronic file provided by Defendants contains data for 17,411 class members.

2.      Plaintiffs have engaged a nationally-known and experienced class action administration service (Analytics Consulting LLC)[4] which shall create a database of the class members from the electronic information provided by Defendants.

3.      The class member database will be processed through the USPS National Change of Address ("NCOA") database to maximize deliverability and to take advantage of presort postage discounts. In addition, this process will minimize the amount of time required to process undeliverable mail and reduce the costs associated with re-mailing.

4.      Within 14 days of Plaintiffs' request to the vendor, the vendor will mail the Class Notice to the 17,411 known class members on duplex 11" x 17" paper, folded to a

---

[3] *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 n.22 (1978) (speaking favorably of mail notice without specifying the class of mail that should be used).

[4] Attached as **Exhibit A** hereto is a biography of Richard Simmons, President of Analytics, and a partial list of Analytics' legal notification and settlement administration experience. Additional information on Analytics is available on its website: https://www.analyticsllc.com/.

5.5" x 8.5" tabbed self-mailer. The individual names and addresses printed on the mailing labels along with a unique barcode for ease of identifying and processing returned mail. The vendor will furnish affidavits of notice mailing to the Court as the Court may require.

5.      Mail returned as Forward Order Expired ("FOE") or Undeliverable As Addressed ("UAA") will be recorded in the class member database. FOEs will be processed and a Class Notice will be mailed to the new address. UAAs will require additional locator services and searches through national database resources for a more current address of the class member. If one is located, the class member database will be updated with the revised address and a Class Notice will be mailed to the new address. The return rate of FOEs and UAAs is assumed to be 2% and 4% respectively. Analytics will also open a dedicated Post Office box for correspondence and undeliverable mail, which will be swept and reviewed on a daily basis.

6.      The same process set forth above would later be followed for the remaining 9,980 class members.

**B.      Case Website**

1.      Analytics will create, develop, implement, host and maintain a custom website and URL (including domain name registration and strategic search engine optimization) for the class members. The website will allow the posting of notices, pleadings, court orders, frequently asked questions ("FAQs"), and other information. Class members will also have the ability to request additional information via the website.

2.      The website design will be required to include sufficient security protocols to ensure confidentiality of class member information

C.   **Call Center/Hotline**

1.   Analytics will also establish a toll-free telephone number and create a call center with Interactive Voice Response ("IVR") messaging to provide answers to FAQs. The IVR will encourage callers to use the website for more detailed information to questions.

2.   Callers who wish to speak with a live agent will promptly be forwarded to a call center attendant who will have online access to the class member case database with the ability to run queries and record notes, as well as to the dedicated case website. In addition, written question and answer scripts that contain key information and FAQs will be developed for call center attendants to use as a reference.

3.   All inbound and outbound telephone calls to and from the call center relating to this case will automatically be digitally recorded, saved and archived. Callers will be informed of this prior to speaking with an agent.

D.   **Detailed Reporting to the Court**

1.   Analytics will provide detailed reports on the noticing process, including affidavits attesting to what was done, and the results. Reports can be submitted on all facets of the mailing as the Court directs, including without limitation such things as the total number of mailings, the number of new addresses identified by the NCOA search, the number of notices returned as FOE, the number of notices returned as UAA, the number of notices re-mailed, results of advanced address searches, and so forth.

2.   Plaintiffs will provide encrypted access to case data and Class information via the Internet for the Court.

**E.       Proposed Notice**

Plaintiffs' proposed notice to the 17,411 class members, the form of which has been agreed upon by Defendants, is attached to the Joint Notice as Exhibit B. *See* Dkt. 247-2.

## IV.      Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that this Court enter an Order (a) allowing Plaintiffs, following receipt of a class member verification affidavit from Defendants, to proceed with class notice to the 17,411 class members whose names and contact information have been produced by Defendants and are known to Plaintiffs; and (b) approving the proposed procedures described herein for providing notice to the known class members pursuant to Fed. R. Civ. P. 23(c)(2)(B).

Respectfully submitted,

  */s/ Kerry A. Murphy*              
CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No.
22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL &**
**GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (# 18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS AND**
**THE CLASS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of September 2017, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

> David J. Jurkiewicz
> Paul D. Vink
> BOSE MCKINNEY & EVANS, LLP
> 111 Monument Circle
> Suite 2700
> Indianapolis, IN 46204
>
> Jason S. McCarter
> Tracey K. Ledbetter
> EVERSHEDS SUTHERLAND (US) LLP
> 999 Peachtree Street, NE, Suite 2300
> Atlanta, GA 30309-3996

*/s/ Kerry A. Murphy*
Kerry A. Murphy
