IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:14-cv-01589-TWP-DML<br>) |
| COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**JOINT MOTION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES**

The parties respectfully and jointly request that the Court continue the Final Pretrial Conference setting, the December 4, 2017 bench trial date, and all associated final pre-trial deadlines in this matter. In support of this motion, the parties show as follows:

1. On June 29, 2017, the Court granted the Plaintiffs' Unopposed Motion to Continue, rescheduled the Final Pretrial Conference to November 8, 2017, and rescheduled the bench trial to December 4, 2017. [Doc. 219.] That same day, the Court granted in part Plaintiffs' motion for class certification. [Doc. 220.]

2. **Pending Substantive Motions.** Following the Court's Entry on Plaintiffs' Motion for Class Certification, Defendants moved for reconsideration and/or modification of that order. [Doc. 228.] Defendants also moved to modify the class definition to narrow the class (the "Motion to Narrow"). [Doc. 237.] Those motions remain pending at this time. Also pending are the parties' motions for summary judgment; Defendants' motion [Doc. 192] is ripe for

decision and the Court will delay ruling on Plaintiffs' motion [Doc. 194] until class notice is given and the opt-out period has expired [*see* Doc. 238].

3. **Class Merits Discovery.** In connection with a motion to stay class discovery filed by Defendants, the Court issued an order staying discovery into damages allegedly sustained by members of the class certified by the Court. [Doc. 239.] Pursuant to that order, Defendants have not produced any information on class members' damages. Plaintiffs have also noticed and requested available dates for the Rule 30(b)(6) deposition of NextGear to address class merits issues based upon class merits discovery to date. Defendants have served class merits discovery on Plaintiffs, and responses will be due by October 30, 2017.

4. **Pending Class Notice.** Defendants have produced a list of 17,411 class members along with their contact information. Defendants have not produced the names of or contact information for current class members subject to arbitration agreements and class action waiver provisions (approximately 9,940 dealers) because they believe those members should be excluded from the class. [*See* Docs. 237 (motion to narrow), 240 (objection to Magistrate Judge's ruling).] The parties have worked together to draft a proposed notice to that portion of the class as to which Defendants have not presently filed separate objections (aside from their motion for reconsideration), and Plaintiffs have proposed procedures for class notice. [*See* Docs. 247, 249.] The proposed class notice and related procedures have not yet been approved by the Court, and notice has not been sent to all or part of the class. Plaintiffs anticipate requesting a period of 60 days after mailing of class notice for class members to opt out.

5. Under the current scheduling order, trial is to begin in 53 days.

6. With the December 4, 2017 trial date and associated pre-trial deadlines approaching, the parties respectfully submit that it is necessary and appropriate to continue the

trial date and associated pre-trial deadlines, with the trial and related deadlines to be reset by the Court.

7. The parties further submit that the reset trial date should take into account the time required to complete class merits and damages discovery and to conduct class notice. The parties' respective positions as to the time needed for discovery and the timing of a new trial date are set forth in paragraphs 8 and 9, below.

8. Defendants believe that the Court should reset the trial date to allow sufficient time for the Court to rule on the following pending motions and objections prior to trial: Plaintiffs' Motion to Proceed with Class Notice to Known Class Members and Proposed Procedures for Providing Notice to Class Members Pursuant to Rule 23(c)(2)(B) [Doc. 249] and Defendants' Motion for Summary Judgment [Doc. 192], Defendants' Motion to Reconsider and/or Modify Class Certification Order [Doc. 228], Defendants' Motion to Narrow [Doc. 237], and Defendants' Objections to Magistrate Judge's Orders on Motions to Stay and Request to Stay Discovery Regarding Subset of Class [Doc. 240]. These rulings will clarify the issues remaining for trial and the scope of the class at issue. Defendants estimate that, once the scope of the class has been clarified, they will require approximately six months to complete damages discovery as to the class. [*See* Doc. 230-3.]

9. Plaintiffs believe that class-wide damages discovery can and should be completed in a shorter time frame. Plaintiffs have provided Defendants with several different mechanisms by which to produce (at the appropriate time) information as to the damages suffered by the class. [*See* Doc. 234, n. 5.] Plaintiffs further respectfully submit that the Court should reset the trial date and related deadlines at its discretion.

10. For these reasons, the parties jointly request that the Court continue the Final Pretrial Conference setting, the December 4, 2017 bench trial date, and all associated final pre-trial deadlines in this matter, to be reset by the Court in a separate Order.

WHEREFORE, for the reasons stated herein, the parties request that the Court enter the attached proposed Order continuing the trial date and all pre-trial deadlines. In the alternative, the parties respectfully request that the Court hold a status conference to address the issues raised herein.

Respectfully submitted, this 12th day of October, 2017.

*s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
Telephone:  (317) 684-5000
Facsimile:  (317) 684-5173
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone:  (404) 853-8000
Facsimile:  (404) 853-8806
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

*s/ Kerry A. Murphy (w/ express permission)*
Catherine E. Lasky (*pro hac vice*)
Kerry A. Murphy (*pro hac vice*)

4

LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

James M. Garner (*pro hac vice*)
Ryan D. Adams (*pro hac vice*)
Matthew M. Coman (*pro hac vice*)
Jacob A. Airey (*pro hac vice*)
SHER GARNER CAHILL RICHTER KLEIN &
HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Gladstone N. Jones, III (*pro hac vice*)
Lynn E. Swanson (*pro hac vice*)
JONES, SWANSON, HUDDELL &
GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

Cassie E. Felder (*pro hac vice*)
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733

                                                    Cell: (504) 400-1127
                                                    cassie@cassiefelderlaw.com

                                                    *Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 12th day of October, 2017:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>LUGENBUHL, WHEATON, PECK,<br>RANKIN & HUBBARD<br>cfelder@lawla.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | Lisa Brener<br>BRENER LAW FIRM, LLC<br>lbrener@brenerlawfirm.com |

      *s/ Tracey K. Ledbetter*
      Tracey K. Ledbetter