IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, <br><br> Defendants. | Case No. 1:14-cv-01589-TWP-DML |

## NEXTGEAR CAPITAL, INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON MOTION FOR PROTECTIVE ORDER AND REQUEST TO STAY DISCOVERY REGARDING SUBSET OF CLASS

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendant NextGear Capital, Inc. ("NextGear") respectfully objects to the Order on Motion for Protective Order entered by Magistrate Judge McVicker Lynch (the "MPO Order") on October 5, 2017 [Doc. 250]. Rule 72(a) provides that parties may object to a magistrate's order within fourteen days of receiving a copy of the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Currently pending before the Court are Defendants' Motion to Modify Class Certification Order to Narrow Class ("Motion to Narrow") [Docs. 237, 243] and Defendants' Objections to Magistrate Judge's Orders on Motions to Stay and Request to Stay Discovery Regarding Subset

of Class ("First Objections") [Docs. 240, 245].  In these filings, Defendants have asked the Court to (1) exclude from the class certified by the Court dealers who have entered into written arbitration agreements and class action waivers that preclude participation in the class under clear federal law, and (2) relieve NextGear of any requirement to produce information regarding such dealers.  The MPO Order denies NextGear's request for a protective order as to additional discovery requests relating to these dealers and, thus, effectively requires NextGear to proceed with discovery as if the Court has already denied the Motion to Narrow and overruled the First Objections.  NextGear's motion for a protective order was merely intended to maintain a pause on discovery as to the dealers subject to arbitration and class action waiver provisions until the Court had an opportunity to rule on the Motion to Narrow.

For the reasons stated in Defendants' Motion to Narrow and First Objections, NextGear respectfully requests that the Court overrule the Magistrate Judge's MPO Order [Doc. 250] to the extent the MPO Order requires NextGear to produce information regarding dealers who signed a promissory note containing arbitration and class action waiver provisions.  These are critical substantive rights for which NextGear has bargained in its contracts with dealers, and the Court cannot and should not disregard these contractual provisions.  Defendants also request that the Court direct that compliance with the MPO Order be stayed until the Court has ruled on Defendants' Motion to Narrow [Docs. 237, 243] and the parties have exhausted any related appeal rights.

Respectfully submitted, this 13th day of October, 2017.

   *s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 13th day of October, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com

         _s/ Tracey K. Ledbetter_
         Tracey K. Ledbetter