# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:14-cv-01589-TWP-DKL ) |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, COX ENTERPRISES, INC., COX AUTOMOTIVE, INC., and JOHN WICK, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER ON PENDING MOTIONS

This matter is before the Court on a Motion to Reconsider and/or Modify Class Certification Order ("Motion to Reconsider") filed by Defendants NextGear Capital, Inc., formerly known as Dealer Services Corporation ("NextGear"), Cox Automotive, Inc., and John Wick (collectively, "Defendants") (Filing No. 228); Defendants' Motion to Modify Class Certification Order to Narrow Class ("Motion to Narrow Class") (Filing No. 237); Defendants' Objections to Magistrate Judge's Orders (Filing No. 240; Filing No. 255); and a Motion to Proceed with Class Notice filed by Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. (collectively, "Plaintiffs") (Filing No. 249).

The Plaintiffs each executed a separate contract with NextGear, whereby the Plaintiffs were provided lines of credit for financing their used car dealership operations. After the Plaintiffs discovered that they had been charged interest and fees on money that had not yet actually been paid on their behalf, they initiated this lawsuit against the Defendants, asserting claims for breach

of contract, constructive fraud, unjust enrichment, tortious interference, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and a RICO conspiracy. Following the Defendants' motion to dismiss the Plaintiffs' claims, the Court dismissed the unjust enrichment, tortious interference, and RICO conspiracy claims. The Court also dismissed the breach of contract and constructive fraud claims against Cox Automotive and Mr. Wick and all claims against Defendant Cox Enterprises, Inc. ([Filing No. 186 at 42](#)).

The Plaintiffs sought class certification on their claims for a class involving "[a]ll used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013." ([Filing No. 165 at 2](#).) The Court granted class certification on the Plaintiffs' breach of contract claim against NextGear and the substantive RICO claim against NextGear, Cox Automotive, and Mr. Wick, but class certification was denied on the constructive fraud claim. The certified class was defined as "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013," with a subclass for "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law." ([Filing No. 220 at 40](#).)

In their Motion to Reconsider, the Defendants ask the Court to decertify the class, arguing that the Court failed to consider evidence and arguments presented after the initial class certification briefing. In their Motion to Narrow Class, the Defendants ask the Court to modify the class to exclude any car dealers that entered into floorplan agreements in 2013, which supersede prior agreements and require arbitration and waive participation in class actions. In their Objections to Magistrate Judge's Orders, the Defendants ask the Court to vacate the Magistrate

Judge's Orders denying a stay of class discovery and denying a stay of class notice. In the Plaintiffs' Motion to Proceed with Class Notice, they ask the Court for permission to move forward with providing notice to class members. The Court will address each Motion in turn.

## I.     LEGAL STANDARD

Although the Defendants filed their Motion to Reconsider under Rule 59(e) of the Federal Rules of Civil Procedure, the Motion is properly classified as a motion to reconsider under Rule 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Regardless, the Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). *See Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."

*Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Additionally, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted).

Because this is a class action, the Court balances the above standard with Rule 23(c)(1)(C), which states, "[a]n order that grants or denies class certification may be altered or amended before final judgment." "[A] district court has broad discretion to determine whether certification of a class is appropriate." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Under Rule 23(c)(1)(C), the Court retains authority to modify or vacate a class certification at any time prior to final judgment. "[T]he district court has the power at any time before final judgment to revoke or alter class certification if it appears that the suit cannot proceed consistent with Rule 23's requirements." *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977).

"[A] favorable class determination by the court is not cast in stone. If the certification of the class is later deemed to be improvident, the court may decertify, subclassify, alter the certification, or permit intervention." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) (citations omitted); *see also Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 419 (N.D. Ill. 2003) ("the court's initial certification of a class 'is inherently tentative'") (citation omitted).

> Classes are certified early in a suit. Fed. R. Civ. P. 23(c)(1)(A). All certifications are tentative. Fed. R. Civ. P. 23(c)(1)(C). If the evidence calls into question the propriety of defining a class in a particular way, then the definition must be modified or subclasses certified. A class defined early in a suit cannot justify adjudicating hypothetical issues rather than determining the legality of what actually happens.

4

*Fonder v. Sheriff of Kankakee Cty.*, 823 F.3d 1144, 1147 (7th Cir. 2016).

## II. DISCUSSION

The resolution of four of the pending motions—Motion to Narrow Class, the two Objections to Magistrate Judge's Orders, and Motion to Proceed with Class Notice—can be determined by the resolution of the Motion to Reconsider. Therefore, the Court addresses the Defendants' Motion to Reconsider first.

### A. **Defendants' Motion to Reconsider**

In the Court's Entry on Plaintiffs' Motion for Class Certification, the Court certified the Plaintiffs' breach of contract claim against NextGear and the RICO claim against NextGear, Cox Automotive, and Mr. Wick to proceed as a class action ([Filing No. 220 at 40](#)). In their Motion to Reconsider, the Defendants ask the Court to decertify the class certification for the breach of contract and RICO claims. They argue that the Court failed to consider evidence and arguments presented after the initial class certification briefing.

The Defendants argue that the Plaintiffs' theory for the breach of contract claim—asserted for the first time in the summary judgment briefing—is that the floorplan agreements are ambiguous on their face. Under such a theory, the Defendants assert, case law is clear that courts must resort to extrinsic evidence on a plaintiff-by-plaintiff basis to determine the parties' intent regarding the contract. Thus, courts consider the parties' intent, statements between the parties, course of dealing, and course of conduct. The Defendants explain that when ambiguity in a contract has "open[ed] the door for extrinsic evidence," then "liability to the entire class for breach of contract cannot be established with common evidence." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1030 (8th Cir. 2010). "By allowing extrinsic evidence of the parties' dealings, the breach of contract claims become individualized and not reasonably susceptible to class action

5

treatment." *Adams v. Kansas City Life Ins. Co.*, 192 F.R.D. 274, 282 (W.D. Mo. 2000). The Defendants assert, in this case, a trial of the breach of contract claim will require an individualized analysis not susceptible to common proof, thereby defeating the elements of predominance and commonality for class certification.

Next, the Defendants argue that the Plaintiffs' RICO claim is based entirely on the written contract between the parties (which the Plaintiffs now contend is ambiguous) and a scheme to conceal from the Plaintiffs how and when interests charges would be made on their accounts. The Defendants assert that any concealment of facts from, and the knowledge held by the individual Plaintiffs and the class members, are matters that are inherently individualized and cannot be determined on a class-wide basis. Thus, they argue, the RICO claim should be decertified.

The Defendants also argue that their various defenses, including statute of limitations arguments, cannot be resolved on a class-wide basis, and therefore, class certification should be reversed.

The Plaintiffs respond that courts are generally reluctant to reconsider and modify previous orders, even in the class certification context. They argue that class certification decisions are subject to the law of the case doctrine and are rarely decertified unless there is a supporting subsequent development in the litigation. The Plaintiffs point to William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 7:35 (5th ed.) in support of their argument.

The Plaintiffs argue that there have been no subsequent developments in the litigation in the time between the Court's class certification Order and the Defendants' Motion to Reconsider. There was a two-week period between the Order and the Motion to Reconsider, and the Plaintiffs point out that no developments occurred in that time period. There have been no new

developments in the case law or the facts. They assert that the Defendants are simply rearguing a second time their old, rejected arguments, which is not the basis for a motion for reconsideration.

The Plaintiffs argue that the Defendants already presented to the Court their arguments concerning ambiguous contracts and their effect on class certification in the Defendants' Notice of Additional Authority and at the oral argument on class certification. Thus, they argue, the Defendants' repeated argument should be rejected. The Plaintiffs assert that the Defendants have taken out of context the ambiguity argument advanced by the Plaintiffs, and the Defendants do not apply the ambiguity issue correctly. The Plaintiffs argue that their ambiguity theory does not require the Court to consider extrinsic evidence, and thus, only common evidence is required to resolve the claims. They further assert that their ambiguity argument is simply an alternative theory, and they continue to argue that the contracts are unambiguous and favor their position that NextGear breached the contracts.

Regarding their RICO claim, the Plaintiffs argue that the Defendants are simply wrong about the elements of concealment, oral misrepresentations, and reliance. They assert that these are not elements of a RICO violation, and therefore, they do not have to present individualized evidence regarding each class member's knowledge and reliance, so class treatment is still appropriate. In any event, they argue, the concealment at issue is common to all class members because NextGear hid information about interest charges from all class members in the form contracts used with all class members. Concerning the Defendants' statute of limitations defense, the Plaintiffs assert that this can and should be addressed at the damages phase rather than to decertify the class.

As the Supreme Court has noted, "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co.*

7

*of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). When ruling on the Plaintiffs' Motion for Class Certification, the Court relied on the parties' arguments and representations made in their class certification briefing and advanced during the oral argument. The Court recognizes that there have been important developments in this litigation since the Plaintiffs first filed their Motion for Class Certification.

The most important and significant development when considering the pending Motion to Reconsider is the Plaintiffs' theory that the floorplan agreements forming the basis of their claims are ambiguous. The Court understands the Plaintiffs' argument that the contracts are ambiguous on their face (patent ambiguity) and that such an ambiguity does not require consideration of extrinsic evidence, and in turn, does not require individualized proof. The Court agrees with the Plaintiffs that the contracts at issue are ambiguous; however, the Court agrees with the Defendants that ambiguity in the contracts requires consideration of extrinsic evidence, necessitates individualized proof, and undermines the elements of commonality and predominance for class certification. Thus, class certification is not appropriate on the Plaintiffs' breach of contract claim. The Court directs the parties to its Order on Motions for Summary Judgment where the Court more fully reviews, analyzes, and discusses the parties' arguments regarding ambiguity.

Regarding the Plaintiffs' RICO claim, the Court notes that the Plaintiffs represented during the class certification oral argument that "all of the claims that remain in the case flow from that form contract. . . . On our constructive fraud and RICO claims, those also flow from the same contracts and the associated statements provided by NextGear. So all of the claims derive from the same form contracts". ([Filing No. 202 at 6](#):1–9.) "[T]he deceptive material is the contracts themselves and the account statements". *Id.* at 6:19–20. The Plaintiffs further represented, "the material terms where the deception occurred, where the constructive fraud derives from, where the

8

RICO claim comes from, are three provisions that are defined in the same way across the contracts." *Id.* at 8:6–10. Because the Plaintiffs represented and acknowledged that their RICO claim "flows from," "derives from," and "comes from" the contract, and because the Court concludes above that class certification is not appropriate on the breach of contract claim, the Court similarly concludes that class certification is not appropriate on the RICO claim. Where the RICO claim is based on the contract, and the Court has determined that individualized evidence on a plaintiff-by-plaintiff basis is necessary on the contract claim, the Court determines that commonality and predominance no longer exist to support class treatment of the RICO claim.

For the foregoing reasons, the Court **grants** the Defendants' Motion to Reconsider and decertifies the Plaintiffs' breach of contract and RICO claims. Therefore, this action will no longer proceed as a class action.

B.  **Defendants' Motion to Narrow Class, Defendants' Objections to Magistrate Judge's Orders, and Plaintiffs' Motion to Proceed with Class Notice**

In their Motion to Narrow Class, the Defendants ask the Court to modify the class to exclude any car dealers that entered into floorplan agreements in 2013, which supersede prior agreements and require arbitration and waive participation in class actions. This Motion was filed after the Defendants' Motion to Reconsider and as an alternative to that Motion. The Court has rigorously examined various scenarios to determine if a more narrow class could be certified, but concludes that even the more narrow class would require plaintiff-by-plaintiff extrinsic evidence and an individual analysis of each contract. In light of the Court's decision on the Motion to Reconsider, the Court **denies as moot** the Motion to Narrow Class.

In their Objections to Magistrate Judge's Orders, the Defendants ask the Court to vacate the Magistrate Judge's Orders, which denied a stay of class discovery and denied a stay of class notice. Because of the Court's decision on the Motion to Reconsider to decertify the class, the

Court **denies as moot** the Defendants' Objections to Magistrate Judge's Orders. No class discovery or class notice is necessary in this action.

Finally, the Plaintiffs' Motion to Proceed with Class Notice asks the Court for permission to move forward with providing notice to class members. Again, in light of the Court's decision on the Motion to Reconsider, the Court **denies as moot** the Motion to Proceed with Class Notice.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Reconsider ([Filing No. 228](#)) and decertifies the Plaintiffs' breach of contract and RICO claims. This litigation will no longer proceed as a class action. The Court **DENIES as moot** the Defendants' Motion to Narrow Class ([Filing No. 237](#)), the Defendants' Objections to Magistrate Judge's Orders ([Filing No. 240](#); [Filing No. 255](#)), and the Plaintiffs' Motion to Proceed with Class Notice ([Filing No. 249](#)).

**SO ORDERED.**

Date: 1/12/2018

*(signature)*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ryan D. Adams
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
radams@shergarner.com

Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC.
jairey@shergarner.com

Lisa Brener
Brener Law Firm, LLC
lbrener@brenerlawfirm.com

Matthew M. Coman
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
mcoman@shergarner.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

James M. Garner
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC
jgarner@shergarner.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Gladstone N. Jones
JONES SWANSON HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
(Indianapolis)
djurkiewicz@boselaw.com

Catherine E. Lasky
JONES SWANSON HUDDELL &
GARRISON, LLC
Klasky@laskymurphy.com

Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
traceyledbetter@eversheds-sutherland.com

Jason S. McCarter
EVERSHEDS SUTHERLAND (US) LLP
jason.mccarter@sutherland.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL &
GARRISON, LLC
KMurphy@laskymurphy.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL&
GARRISON, LLC
lswanson@jonesswanson.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com