UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:14-cv-01589-TWP-DML |
| v. | ) ) ) | |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTION IN *LIMINE*

This matter is before the Court on the Motion of Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation ("NextGear")[1] to exclude the expert testimony of Dan Wojcik (Filing No. 218). The expert opinion concerns the accrual of interest on a loan under general lending practices. NextGear attacks Wojcik's opinion as not sufficiently reliable or relevant to be considered by the trier of fact because Wojcik has had "extremely limited experience with floor plan lending" and has not worked in or studied the used car floorplan industry. As explained below, the Court determines that NextGear's attacks on Wojcik's opinions are a matter for cross-examination, and NextGear has not demonstrated that the opinion is unreliable or irrelevant. Therefore, the Motion in *Limine* is **denied**.

### I. BACKGROUND

Since the Defendants filed their Motion in *Limine*, the Court has dismissed all but one defendant—NextGear—and has dismissed all claims except each Plaintiff's individual breach of

---

[1] The Motion was filed on behalf of all Defendants in the case at the time. As a result of the Court's summary judgment Order (Filing No. 262), only NextGear remains as a defendant.

contract claim. The Court has found that the Plaintiffs' breach of contract claims must be tried, and a bench trial is set for March 5, 2018.

The main issue at trial will be whether NextGear breached the floorplan financing contract it entered with each Plaintiff by charging interest on money loaned on behalf of the Plaintiffs for purchasing used cars from various auction houses before that money was actually paid by NextGear to the auction house/seller. In its Order denying summary judgment to the parties on the breach of contract claim, the Court found that the parties' contract was ambiguous about whether interest could be charged to the Plaintiffs before the money NextGear loaned was actually paid by NextGear to the auction house. The Court found that there was no provision or provisions in the contract unambiguously describing when NextGear could begin to charge interest ([Filing No. 262 at 18](#)). To resolve the ambiguity, "all relevant evidence may properly be considered." *Id.* at 17–18 (quoting *University of Southern Indiana Foundation v. Baker*, 843 N.E.2d 528, 535 (Ind. 2006)).

## II. DISCUSSION

**A.  Expert testimony that is reliable and relevant is admissible.**

Federal Rule of Evidence 702 permits expert testimony—defined as testimony regarding scientific, technical, or other specialized knowledge—if the testimony (a) is given by a person qualified as an expert by his knowledge, skill, experience, training, or education; (b) will assist the trier of fact to understand evidence or determine a fact at issue in the case; and (c) is sufficiently reliable—that is, it is based on "sufficient facts or data," "is the product of reliable principles and methods," and "the witness has applied the principles and methods reliably to the facts of the case."

The Court serves as gatekeeper to weed out expert testimony that is not sufficiently reliable or relevant to issues in the case or testimony offered by a person not sufficiently expert in the field

of study that his testimony concerns.[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Determining whether expert testimony is sufficiently reliable for the fact-finder to consider requires a flexible approach, and the Court has "great latitude in determining not only *how* to measure the reliability of the proposed expert testimony but also whether the testimony is, in fact, reliable." *United States v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009) (emphasis in original). The Court's gatekeeping role is thus focused on whether the expert testimony pertains to an issue in the case and whether the methodology underlying the testimony is sound. *Smith v. Ford Motor Co.*, 215 F.3d 713, 719 (7th Cir. 2000) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 159 (1999)).

**B.    Wojcik opines about lending industry standards on interest accrual.**

Wojcik's background is in banking, and NextGear does not challenge his expertise as to lending generally or interest accrual practices in the banking industry generally. Based on his 40-year background as a bank executive, loan officer, and bank-turnaround specialist, Wojcik opines, "It is standard industry lending practice to charge interest to borrowers for using money actually borrowed," ([Filing No. 218-1 at 1](Filing No. 218-1 at 1)), and that "[t]he effective date to begin calculating interest cannot be determined until the transfer [of funds] is actually made." *Id.* at 2. He distinguishes interest accrual from "fees" that lenders sometimes charge and opines that "[i]t is not common or an accepted lending industry practice to charge interest on monies that have not been actually advanced, disbursed or lent for the benefit or use of a borrower or third party." *Id.* He also

---

[2] NextGear sometimes characterizes its attack on Wojcik's opinion as an attack on his expertise to offer that opinion, but that is not the nature of NextGear's argument. NextGear does not contest that Wojcik has the credentials and experience to opine about customs and standards for accrual of interest in the banking/lending industry generally. Rather, it contends that accrual of interest in that industry is not germane to this case because, in its view, what happens in the banking/lending industry generally cannot be applied to the used car floorplan financing industry. This is a relevancy objection or, perhaps broadly construed, a reliability objection. No matter what boxes NextGear's arguments fit in (expertise, relevance, reliability), they are based on the same theory, which the Court addresses (and rejects) in this Order.

3

concludes that because NextGear's practice—charging interest at the time a particular car for which money will be lent is "floor-planned" rather than the often later time when NextGear actually pays the money to the auction house—is not a common or standard industry practice, he would have expected a specific disclosure to be made to the borrower about NextGear's practice. *Id.* Wojcik's opinions thus relate to an issue in the case. They constitute evidence—standard industry practices—that may be considered in resolving a contractual ambiguity.

C. **The Court rejects NextGear's argument that Wojcik's lack of experience in or with the used car floorplan lending industry necessarily makes his opinion irrelevant or unreliable.**

NextGear contends the Court must reject Wojcik's opinions as unreliable or irrelevant because Wojcik lacks experience in the used car floorplan lending industry. Its argument is grounded in the notion that what may be standard or common industry practice in the bank-lending arena does not necessarily transfer to the used car floorplan-financing arena. NextGear makes numerous statements that what happens in the banking industry is not helpful to an understanding of what happens in the used car floorplan industry, but its statements are conclusory and not supported by any evidence. For example, NextGear states:

- "The industry in which Mr. Wojcik has experience—the general banking industry—is not the same industry as that involved in this case—the used car floor planning industry." ([Filing No. 218 at 2](Filing No. 218 at 2).)

- "[T]he relevant practices are those of the used car floor planning industry, particularly independent (non-bank) lenders." *Id.* at 3.

- "Mr. Wojcik is not qualified . . . because the banking industry in which he spent his prior career is not the same as the used car floor planning industry at issue in this case." *Id.* at 5.

4

NextGear has not shown that the used car floorplan financing arena is so specialized and unique that general lending practices for interest accrual are not relevant to it. There is nothing in the record at this point that would require the Court to conclude that general lending practices are completely inapplicable to used car floorplan financing. NextGear highlights that Wojcik had not researched used car floorplan financing market participants and did not know how NextGear, as a used car floorplan lender, is regulated (if at all), whether it is subject to any particular state or federal banking regulations, or whether it is subject to oversight by the Office of the Comptroller of the Currency (which oversees the banking institutions with which Wojcik had experience). But NextGear has not brought to the Court's attention any authority or evidence (and it is not obvious to the Court) that differences in regulatory oversight mean that an interest accrual practice in bank-lending generally is irrelevant to floorplan lending for used cars.

NextGear's attacks on Wojcik's opinions are matters for cross-examination. They are not reasons to reject the opinions as so unreliable or irrelevant that they may not be considered at all by the fact-finder. *See Smith*, 215 F.3d at 719 (whether an expert's "theories are correct given the circumstances of a particular case is a factual [question] that is left for the jury to determine after opposing counsel has been provided the opportunity to cross-examine the expert"). Moreover, in this case, the Court is the fact-finder and is capable of determining after it hears all the evidence and argument the weight Wojcik's opinions should be given in resolving the contract's ambiguity, and even whether they may have turned out to not be reliable or relevant. *See American Honda Motor Co. v. Allen*, 600 F.3d 813, 816–17 (7th Cir. 2010) (court should conduct *Daubert* analysis if expert testimony is critical to deciding a contested issue decided by the court). At this stage of the case, NextGear has not made a convincing argument for the exclusion of Wojcik's testimony.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's Motion in *Limine* (Filing No. 218) as to the expert opinions of Dan Wojcik.

**SO ORDERED**.

Dated: 1/19/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system