

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Laura A. Briggs, Clerk of Court

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN  46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

February 22, 2018

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

RE:  RED BARN MOTORS, INC. , et al v. NEXTGEAR CAPITAL, INC., et al

CAUSE NO:  1:14-cv-01589-TWP-DML

Dear Appellants and Appellees:

Please be advised that the Notice of Appeal filed in 1:14-cv-01589-TWP-DML has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Filing a "Designation of Record" in the U.S. District Court case helps ensure that the appropriate documents (*e.g.*, pleadings and attachments, briefs) are effectively transmitted to the Seventh Circuit. A copy of the docket sheet in this case has been included for your convenience. The docket sheet may be annotated (by circling docket numbers, or highlighting electronically) to identify the docket entries that are to be included in the appellate record, then attached as an exhibit to the Designation of Record. The designation may also simply list the docket entry numbers (all attachments to each entry will be included) along with a description of the designated documents.

Please review Southern District of Indiana Local Rule 76-1 and Seventh Circuit Rule 10 (enclosed) for guidance regarding the designation of a record, and comply with the provisions of Federal Rule of Civil Procedure 5 when filing the designation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Laura A. Briggs,
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

# Selected Rules for Reference

Local Rule 76-1 - Designating Additional Items For Record on Appeal

> An appellant designating items for the record on appeal under Circuit Rule 10(a) must serve a proposed joint designation on the appellee with the notice of appeal. The parties must then confer and, if they agree, prepare a joint designation, highlighting those entries on the court's docket sheet if it is practical to do so. The joint designation must be filed with the clerk within 14 days after the notice of appeal is filed. If the parties cannot reach agreement on a joint designation, each party must submit a separate designation within 14 days after filing the notice of appeal.

> NOTE:   The complete Local Rules for the U.S. District Court, Southern District of Indiana, are available at: http://www.insd.uscourts.gov/local-rules

## CIRCUIT RULE 10. Preparation of Record in District Court Appeals

(a) *Record Preparation Duties.* The clerk of the district court shall prepare within 14 days of filing the notice of appeal the original papers, transcripts filed in the district court, and exhibits received or offered in evidence (with the exceptions listed below). The transcript of a deposition is "filed" within the meaning of this rule, and an exhibit is "received or offered," to the extent that it is tendered to the district court in support of a brief or motion, whether or not the rules of the district court treat deposition transcripts or exhibits as part of the record. These materials may be designated as part of the record on appeal without the need for a motion under Fed. R. App. P. 10(e). Counsel must ensure that exhibits and transcripts to be included in the record which are not in the possession of the district court clerk are furnished to the clerk within fourteen days after the filing of the notice of appeal. The following items will not be included in a record unless specifically requested by a party by item and date of filing within fourteen days after the notice of appeal is filed or unless specifically ordered by this court:

> briefs and memoranda,
> notices of filings,
> subpoenas,
> summonses,
> motions to extend time,
> affidavits and admissions of service and mailing,
> notices of settings,
> depositions and notices, and
> jury lists.

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof shall be presented first to the district court. That court's order ruling on the motion will be transmitted to this court as part of the record.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant shall request a transcript of testimony and other relevant proceedings by

completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge shall order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript shall be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge shall retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis shall immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel shall deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be transmitted to this court as part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) shall be bound by the reporter in a volume or volumes, with the pages consecutively numbered throughout all volumes. The transcript of proceedings, or the first volume thereof, shall contain a suitable index, which shall refer to the number of the volume as well as the page, shall be cumulative for all volumes, and shall include the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court should transmit this report under seal, unless it has already been placed in the public record in the district court. If the report is transmitted under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report at the clerk's office but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Laura A. Briggs, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN  46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

February 22, 2018

RE:  RED BARN MOTORS, INC., et al v. NEXTGEAR CAPITAL, INC., et al

CAUSE NO:  1:14-cv-01589-TWP-DML

Dear Appellant:

A Notice of Appeal was filed in the above case on February 22, 2018. However, a "Docketing Statement" was not filed along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

IMPORTANT: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Gino Agnello, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Laura A. Briggs,
> Clerk of Court
>
> By Laura Townsend, Deputy Clerk
> 812-542-4511

## Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.       The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**

  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**

  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**

  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**

  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**

  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**

  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**

  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**

  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**

  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**

  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney?**
Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

Submitted February 20, 2018
Decided February 22, 2018

Before

DIANE P. WOOD, *Chief Judge*
WILLIAM J. BAUER, *Circuit Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*

| No. 18-8004 | IN RE: RED BARN MOTORS, INC., et. al., Petitioners |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:14-cv-01589-TWP-DML Southern District of Indiana, Indianapolis Division District Judge Tanya Walton Pratt | |

The following are before the court:

1. **PLAINTIFFS-PETITIONERS' PETITION PURSUANT TO FED. R. CIV. P. 23(f) FOR PERMISSION TO APPEAL AN ORDER GRANTING DECERTIFICATION OF A CLASS**, filed on January 23, 2018, by Attorney Kathleen A. DeLaney.

2. **OPPOSITION OF DEFENDANT-RESPONDENT TO PETITION FOR PERMISSION TO APPEAL UNDER RULE 23(f)**, filed on February 2, 2018, by Attorney Thomas M. Byrne.

3. **PETITIONERS' CITATION OF ADDITIONAL AUTHORITY, PER CIRCUIT RULE 28(e)**, filed on February 12, 2018, by Attorney Kathleen A. DeLaney.

4. **RESPONDENT'S RESPONSE IN OPPOSITION TO PETITONERS' CITATION**

No. 18-8004                                                                              Page 2

**OF ADDITIONAL AUTHORITY**, filed on February 13, 2018, by Attorney Thomas
M. Byrne.

**IT IS ORDERED** that the petition for permission to appeal pursuant to Federal Rule
of Civil Procedure 23(f) is **GRANTED**. Petitioner shall pay the required appellate fees
to the clerk of the district court within fourteen days from the entry of this order
pursuant to Federal Rule of Appellate Procedure 5(d)(1). Once the district court
notifies this court that the fees have been paid, the appeal will be entered on the
court's general docket.

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: **c7_Order_3J**(form ID: **177**)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RED BARN MOTORS, INC., | ) |
| PLATINUM MOTORS, INC., and | ) |
| MATTINGLY AUTO SALES, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-01589-TWP-DKL |
| | ) |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER | ) |
| SERVICES CORPORATION, | ) |
| COX ENTERPRISES, INC., | ) |
| COX AUTOMOTIVE, INC., and | ) |
| JOHN WICK, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PENDING MOTIONS

This matter is before the Court on a Motion to Reconsider and/or Modify Class Certification Order ("Motion to Reconsider") filed by Defendants NextGear Capital, Inc., formerly known as Dealer Services Corporation ("NextGear"), Cox Automotive, Inc., and John Wick (collectively, "Defendants") (Filing No. 228); Defendants' Motion to Modify Class Certification Order to Narrow Class ("Motion to Narrow Class") (Filing No. 237); Defendants' Objections to Magistrate Judge's Orders (Filing No. 240; Filing No. 255); and a Motion to Proceed with Class Notice filed by Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. (collectively, "Plaintiffs") (Filing No. 249).

The Plaintiffs each executed a separate contract with NextGear, whereby the Plaintiffs were provided lines of credit for financing their used car dealership operations. After the Plaintiffs discovered that they had been charged interest and fees on money that had not yet actually been paid on their behalf, they initiated this lawsuit against the Defendants, asserting claims for breach

of contract, constructive fraud, unjust enrichment, tortious interference, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and a RICO conspiracy.  Following the Defendants' motion to dismiss the Plaintiffs' claims, the Court dismissed the unjust enrichment, tortious interference, and RICO conspiracy claims.  The Court also dismissed the breach of contract and constructive fraud claims against Cox Automotive and Mr. Wick and all claims against Defendant Cox Enterprises, Inc. (Filing No. 186 at 42).

The Plaintiffs sought class certification on their claims for a class involving "[a]ll used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013."  (Filing No. 165 at 2.)  The Court granted class certification on the Plaintiffs' breach of contract claim against NextGear and the substantive RICO claim against NextGear, Cox Automotive, and Mr. Wick, but class certification was denied on the constructive fraud claim.  The certified class was defined as "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013," with a subclass for "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law." (Filing No. 220 at 40.)

In their Motion to Reconsider, the Defendants ask the Court to decertify the class, arguing that the Court failed to consider evidence and arguments presented after the initial class certification briefing.  In their Motion to Narrow Class, the Defendants ask the Court to modify the class to exclude any car dealers that entered into floorplan agreements in 2013, which supersede prior agreements and require arbitration and waive participation in class actions.  In their Objections to Magistrate Judge's Orders, the Defendants ask the Court to vacate the Magistrate

Judge's Orders denying a stay of class discovery and denying a stay of class notice.   In the Plaintiffs' Motion to Proceed with Class Notice, they ask the Court for permission to move forward with providing notice to class members.   The Court will address each Motion in turn.

## I.   LEGAL STANDARD

Although the Defendants filed their Motion to Reconsider under Rule 59(e) of the Federal Rules of Civil Procedure, the Motion is properly classified as a motion to reconsider under Rule 54(b) because no final judgment has been entered in this case.   *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").   Regardless, the Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e).   *See Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing.   *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009).   The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."   *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).   A manifest error "is not demonstrated by the disappointment of the losing party.   It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."

3

*Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Additionally, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted).

Because this is a class action, the Court balances the above standard with Rule 23(c)(1)(C), which states, "[a]n order that grants or denies class certification may be altered or amended before final judgment." "[A] district court has broad discretion to determine whether certification of a class is appropriate." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Under Rule 23(c)(1)(C), the Court retains authority to modify or vacate a class certification at any time prior to final judgment. "[T]he district court has the power at any time before final judgment to revoke or alter class certification if it appears that the suit cannot proceed consistent with Rule 23's requirements." *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977).

"[A] favorable class determination by the court is not cast in stone. If the certification of the class is later deemed to be improvident, the court may decertify, subclassify, alter the certification, or permit intervention." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) (citations omitted); *see also Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 419 (N.D. Ill. 2003) ("the court's initial certification of a class 'is inherently tentative'") (citation omitted).

> Classes are certified early in a suit. Fed. R. Civ. P. 23(c)(1)(A). All certifications are tentative. Fed. R. Civ. P. 23(c)(1)(C). If the evidence calls into question the propriety of defining a class in a particular way, then the definition must be modified or subclasses certified. A class defined early in a suit cannot justify adjudicating hypothetical issues rather than determining the legality of what actually happens.

*Fonder v. Sheriff of Kankakee Cty.*, 823 F.3d 1144, 1147 (7th Cir. 2016).

## II.   DISCUSSION

The resolution of four of the pending motions—Motion to Narrow Class, the two Objections to Magistrate Judge's Orders, and Motion to Proceed with Class Notice—can be determined by the resolution of the Motion to Reconsider.  Therefore, the Court addresses the Defendants' Motion to Reconsider first.

## A.   Defendants' Motion to Reconsider

In the Court's Entry on Plaintiffs' Motion for Class Certification, the Court certified the Plaintiffs' breach of contract claim against NextGear and the RICO claim against NextGear, Cox Automotive, and Mr. Wick to proceed as a class action (Filing No. 220 at 40).  In their Motion to Reconsider, the Defendants ask the Court to decertify the class certification for the breach of contract and RICO claims.  They argue that the Court failed to consider evidence and arguments presented after the initial class certification briefing.

The Defendants argue that the Plaintiffs' theory for the breach of contract claim—asserted for the first time in the summary judgment briefing—is that the floorplan agreements are ambiguous on their face.  Under such a theory, the Defendants assert, case law is clear that courts must resort to extrinsic evidence on a plaintiff-by-plaintiff basis to determine the parties' intent regarding the contract.  Thus, courts consider the parties' intent, statements between the parties, course of dealing, and course of conduct.  The Defendants explain that when ambiguity in a contract has "open[ed] the door for extrinsic evidence," then "liability to the entire class for breach of contract cannot be established with common evidence."  *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1030 (8th Cir. 2010).  "By allowing extrinsic evidence of the parties' dealings, the breach of contract claims become individualized and not reasonably susceptible to class action

5

treatment." *Adams v. Kansas City Life Ins. Co.*, 192 F.R.D. 274, 282 (W.D. Mo. 2000).  The Defendants assert, in this case, a trial of the breach of contract claim will require an individualized analysis not susceptible to common proof, thereby defeating the elements of predominance and commonality for class certification.

Next, the Defendants argue that the Plaintiffs' RICO claim is based entirely on the written contract between the parties (which the Plaintiffs now contend is ambiguous) and a scheme to conceal from the Plaintiffs how and when interests charges would be made on their accounts.  The Defendants assert that any concealment of facts from, and the knowledge held by the individual Plaintiffs and the class members, are matters that are inherently individualized and cannot be determined on a class-wide basis.  Thus, they argue, the RICO claim should be decertified.

The Defendants also argue that their various defenses, including statute of limitations arguments, cannot be resolved on a class-wide basis, and therefore, class certification should be reversed.

The Plaintiffs respond that courts are generally reluctant to reconsider and modify previous orders, even in the class certification context.  They argue that class certification decisions are subject to the law of the case doctrine and are rarely decertified unless there is a supporting subsequent development in the litigation.  The Plaintiffs point to William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 7:35 (5th ed.) in support of their argument.

The Plaintiffs argue that there have been no subsequent developments in the litigation in the time between the Court's class certification Order and the Defendants' Motion to Reconsider. There was a two-week period between the Order and the Motion to Reconsider, and the Plaintiffs point out that no developments occurred in that time period.   There have been no new

developments in the case law or the facts.  They assert that the Defendants are simply rearguing a second time their old, rejected arguments, which is not the basis for a motion for reconsideration.

The Plaintiffs argue that the Defendants already presented to the Court their arguments concerning ambiguous contracts and their effect on class certification in the Defendants' Notice of Additional Authority and at the oral argument on class certification.  Thus, they argue, the Defendants' repeated argument should be rejected.  The Plaintiffs assert that the Defendants have taken out of context the ambiguity argument advanced by the Plaintiffs, and the Defendants do not apply the ambiguity issue correctly.  The Plaintiffs argue that their ambiguity theory does not require the Court to consider extrinsic evidence, and thus, only common evidence is required to resolve the claims.  They further assert that their ambiguity argument is simply an alternative theory, and they continue to argue that the contracts are unambiguous and favor their position that NextGear breached the contracts.

Regarding their RICO claim, the Plaintiffs argue that the Defendants are simply wrong about the elements of concealment, oral misrepresentations, and reliance.  They assert that these are not elements of a RICO violation, and therefore, they do not have to present individualized evidence regarding each class member's knowledge and reliance, so class treatment is still appropriate.  In any event, they argue, the concealment at issue is common to all class members because NextGear hid information about interest charges from all class members in the form contracts used with all class members.  Concerning the Defendants' statute of limitations defense, the Plaintiffs assert that this can and should be addressed at the damages phase rather than to decertify the class.

As the Supreme Court has noted, "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."  *Gen. Tel. Co.*

*of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). When ruling on the Plaintiffs' Motion for Class Certification, the Court relied on the parties' arguments and representations made in their class certification briefing and advanced during the oral argument. The Court recognizes that there have been important developments in this litigation since the Plaintiffs first filed their Motion for Class Certification.

The most important and significant development when considering the pending Motion to Reconsider is the Plaintiffs' theory that the floorplan agreements forming the basis of their claims are ambiguous.  The Court understands the Plaintiffs' argument that the contracts are ambiguous on their face (patent ambiguity) and that such an ambiguity does not require consideration of extrinsic evidence, and in turn, does not require individualized proof.  The Court agrees with the Plaintiffs that the contracts at issue are ambiguous; however, the Court agrees with the Defendants that ambiguity in the contracts requires consideration of extrinsic evidence, necessitates individualized proof, and undermines the elements of commonality and predominance for class certification.  Thus, class certification is not appropriate on the Plaintiffs' breach of contract claim. The Court directs the parties to its Order on Motions for Summary Judgment where the Court more fully reviews, analyzes, and discusses the parties' arguments regarding ambiguity.

Regarding the Plaintiffs' RICO claim, the Court notes that the Plaintiffs represented during the class certification oral argument that "all of the claims that remain in the case flow from that form contract. . . . On our constructive fraud and RICO claims, those also flow from the same contracts and the associated statements provided by NextGear.  So all of the claims derive from the same form contracts".  (Filing No. 202 at 6:1–9.)  "[T]he deceptive material is the contracts themselves and the account statements".  *Id.* at 6:19–20.  The Plaintiffs further represented, "the material terms where the deception occurred, where the constructive fraud derives from, where the

8

RICO claim comes from, are three provisions that are defined in the same way across the contracts." *Id.* at 8:6–10.  Because the Plaintiffs represented and acknowledged that their RICO claim "flows from," "derives from," and "comes from" the contract, and because the Court concludes above that class certification is not appropriate on the breach of contract claim, the Court similarly concludes that class certification is not appropriate on the RICO claim.  Where the RICO claim is based on the contract, and the Court has determined that individualized evidence on a plaintiff-by-plaintiff basis is necessary on the contract claim, the Court determines that commonality and predominance no longer exist to support class treatment of the RICO claim.

For the foregoing reasons, the Court **grants** the Defendants' Motion to Reconsider and decertifies the Plaintiffs' breach of contract and RICO claims.  Therefore, this action will no longer proceed as a class action.

### B.     Defendants' Motion to Narrow Class, Defendants' Objections to Magistrate Judge's Orders, and Plaintiffs' Motion to Proceed with Class Notice

In their Motion to Narrow Class, the Defendants ask the Court to modify the class to exclude any car dealers that entered into floorplan agreements in 2013, which supersede prior agreements and require arbitration and waive participation in class actions.  This Motion was filed after the Defendants' Motion to Reconsider and as an alternative to that Motion.  The Court has rigorously examined various scenarios to determine if a more narrow class could be certified, but concludes that even the more narrow class would require plaintiff-by-plaintiff extrinsic evidence and an individual analysis of each contract.  In light of the Court's decision on the Motion to Reconsider, the Court **denies as moot** the Motion to Narrow Class.

In their Objections to Magistrate Judge's Orders, the Defendants ask the Court to vacate the Magistrate Judge's Orders, which denied a stay of class discovery and denied a stay of class notice.  Because of the Court's decision on the Motion to Reconsider to decertify the class, the

Court **denies as moot** the Defendants' Objections to Magistrate Judge's Orders.   No class discovery or class notice is necessary in this action.

Finally, the Plaintiffs' Motion to Proceed with Class Notice asks the Court for permission to move forward with providing notice to class members.   Again, in light of the Court's decision on the Motion to Reconsider, the Court **denies as moot** the Motion to Proceed with Class Notice.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Reconsider (Filing No. 228) and decertifies the Plaintiffs' breach of contract and RICO claims.  This litigation will no longer proceed as a class action.  The Court **DENIES as moot** the Defendants' Motion to Narrow Class (Filing No. 237), the Defendants' Objections to Magistrate Judge's Orders (Filing No. 240; Filing No. 255), and the Plaintiffs' Motion to Proceed with Class Notice (Filing No. 249).

**SO ORDERED.**

Date:  1/12/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ryan D. Adams
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
radams@shergarner.com

Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC.
jairey@shergarner.com

Lisa Brener
Brener Law Firm, LLC
lbrener@brenerlawfirm.com

Matthew M. Coman
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
mcoman@shergarner.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

James M. Garner
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC
jgarner@shergarner.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Gladstone N. Jones
JONES SWANSON HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
(Indianapolis)
djurkiewicz@boselaw.com

Catherine E. Lasky
JONES SWANSON HUDDELL &
GARRISON, LLC
Klasky@laskymurphy.com

Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
traceyledbetter@eversheds-sutherland.com

Jason S. McCarter
EVERSHEDS SUTHERLAND (US) LLP
jason.mccarter@sutherland.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL &
GARRISON, LLC
KMurphy@laskymurphy.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL&
GARRISON, LLC
lswanson@jonesswanson.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com

11

# *** PUBLIC DOCKET ***

~,APPEAL,CMP

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:14-cv-01589-TWP-DML

RED BARN MOTORS, INC. et al v. NEXTGEAR
CAPITAL, INC. et al
Assigned to: Judge Tanya Walton Pratt
Referred to: Magistrate Judge Debra McVicker Lynch
Case in other court:  Louisiana Middle, 3:13-cv-00778
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 09/29/2014
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**RED BARN MOTORS, INC.**                represented by   **Cassie E. Felder**
                                                          THE CASSIE FELDER LAW FIRM
                                                          7515 Jefferson Hwy. # 313
                                                          Baton Rouge, LA 70806
                                                          (504) 400-1127
                                                          Fax: (225) 208-1024
                                                          Email: cassie@cassiefelderlaw.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Catherine E. Lasky**
                                                          JONES SWANSON HUDDELL &
                                                          GARRISON, LLC
                                                          601 Poydras Street, Suite 2655
                                                          New Orleans, LA 70130
                                                          504-523-2500
                                                          Fax: 504-523-2508
                                                          Email: Klasky@laskymurphy.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gladstone N. Jones**
                                                          JONES SWANSON HUDDELL &
                                                          GARRISON, LLC
                                                          601 Poydras Street, Suite 2655
                                                          New Orleans, LA 70130
                                                          504-523-2500
                                                          Fax: 504-523-2508
                                                          Email: gjones@jonesswanson.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

**Jacob A. Airey**
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC.
909 Poydras Street, Suite 2800
New Orleans, LA 70112
504-299-2100
Fax: 504-299-2300
Email: jairey@shergarner.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James M. Garner**
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, LLC
909 Poydras Street, Suite 2800
New Orleans, LA 70112
504-299-2100
Fax: 504-299-2300
Email: jgarner@shergarner.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen Ann DeLaney**
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205
(317) 920-0400
Fax: (317) 920-0404
Email: kathleen@delaneylaw.net
*ATTORNEY TO BE NOTICED*

**Kerry A. Murphy**
JONES, SWANSON, HUDDELL &
GARRISON, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
504-523-2500
Fax: 504-523-2508
Email: KMurphy@laskymurphy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn E. Swanson**
JONES, SWANSON, HUDDELL&
GARRISON, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130

504-523-2500
Fax: 504-523-2508
Email: lswanson@jonesswanson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Coman**
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
909 Poydras Street, Suite 2800
New Orleans, LA 70112
504-299-2100
Fax: 504-299-2300
Email: mcoman@shergarner.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan D. Adams**
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT LLC
909 Poydras Street, Suite 2800
New Orleans, LA 70112
504-299-2100
Fax: 504-299-2300
Email: radams@shergarner.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PLATINUM MOTORS, INC.**          represented by  **Cassie E. Felder**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Catherine E. Lasky**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Jacob A. Airey**
                                                   (See above for address)
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Kathleen Ann DeLaney**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Kerry A. Murphy**
                                                   (See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Coman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James M. Garner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MATTINGLY AUTO SALES, INC.**      represented by   **Cassie E. Felder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine E. Lasky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob A. Airey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen Ann DeLaney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kerry A. Murphy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Coman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James M. Garner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**COX ENTERPRISES, INC.**      represented by   **David J. Jurkiewicz**
BOSE MCKINNEY & EVANS, LLP
(Indianapolis)

111 Monument Circle
Suite 2700
Indianapolis, IN 46204
(317) 684-5000
Fax: (317) 684-5173
Email: djurkiewicz@boselaw.com
*ATTORNEY TO BE NOTICED*

**Jason S. McCarter**
EVERSHEDS SUTHERLAND (US)
LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
404-853-8000
Fax: 404-853-8806
Email: jason.mccarter@sutherland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul D. Vink**
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204
(317) 684-5422
Fax: (317) 223-0422
Email: pvink@boselaw.com
*ATTORNEY TO BE NOTICED*

**Tracey K. Ledbetter**
EVERSHEDS SUTHERLAND (US)
LLP
999 Peachtree Street, NE Suite 2300
Atlanta, GA 30309-3996
404-853-8000
Fax: 404-853-8806
Email: traceyledbetter@eversheds-
sutherland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NEXTGEAR CAPITAL, INC.**                represented by  **David J. Jurkiewicz**
*f/k/a DEALER SERVICES*                                   (See above for address)
*CORPORATION, successor by merger*                       *ATTORNEY TO BE NOTICED*
*with Manheim Automotive Financial*
*Services, Inc.*                                         **Jason S. McCarter**
                                                         (See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul D. Vink**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven D. Groth**
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204
(317)684-5000
Fax: (317)684-5173
Email: sgroth@boselaw.com
*ATTORNEY TO BE NOTICED*

**Tracey K. Ledbetter**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/03/2013 | 1 | COMPLAINT against Louisiana's First Choice Auto Auction, L.L.C., Nextgear Capital Inc., as successor-in-interest to Dealer Services Corporation ( Filing fee $ 400 receipt number 053N-1021333.), filed by Red Barn Motors, Inc., Barbara A. Richardson, Donald B Richardson. (Attachments: # 1 Attachment Summons, # 2 Attachment Civil Cover Sheet)(Felder, Cassie) (Attachment 2 replaced on 12/4/2013) (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 12/03/2013) |
| 12/04/2013 | 2 | Summons Submitted (Attachments: # 1 Attachment Summons)(Felder, Cassie) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 12/04/2013) |
| 12/05/2013 | 3 | Summons Issued as to Louisiana's First Choice Auto Auction, L.L.C., Nextgear Capital, Inc.. (NOTICE: Counsel shall print and serve both the summons and all attachments in accordance with Federal Rule of Civil Procedure 4.) (CGP) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 12/05/2013) |
| 01/14/2014 | 4 | SUMMONS Returned Executed by Red Barn Motors, Inc.. Nextgear Capital, Inc. served on 12/26/2013, answer due 1/16/2014. (Felder, Cassie) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 01/14/2014) |
| 01/14/2014 | 5 | SUMMONS Returned Executed by Red Barn Motors, Inc.. Louisiana's First Choice Auto Auction, L.L.C. served on 1/3/2014, answer due 1/24/2014. (Felder, Cassie) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: |

|  |  | 01/14/2014) |
|---|---|---|
| 01/16/2014 | 6 | MOTION for Extension of Time to File Answer to 1 Complaint, by Nextgear Capital, Inc.. (Cheatham, Robin) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 01/16/2014) |
| 01/16/2014 |  | MOTION(S) REFERRED: 6 MOTION for Extension of Time to File Answer to 1 Complaint, . This motion is now pending before the USMJ. (CGP) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 01/16/2014) |
| 01/23/2014 | 7 | ORDER granting 6 Motion for Extension of Time to Answer 1 Complaint by Nextgear Capital, Inc. Answer due by 02/06/2014. Signed by Magistrate Judge Richard L. Bourgeois, Jr on 01/23/2014. (CGP) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 01/23/2014) |
| 01/29/2014 | 8 | MOTION for Extension of Time to File Responsive Pleadings by Louisiana's First Choice Auto Auction, L.L.C.. (Attachments: # 1 Proposed Pleading;) (Brener, Lisa) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 01/29/2014) |
| 01/30/2014 |  | MOTION(S) REFERRED: 8 MOTION for Extension of Time to File Responsive Pleadings. This motion is now pending before the USMJ. (CGP) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 01/30/2014) |
| 02/03/2014 | 9 | ORDER granting 8 Motion for Extension of Time to Filed Responsive Pleadings. Louisiana's First Choice Auto Auction, L.L.C. is granted an extension of time until 02/10/2014 to file responsive pleadings. Signed by Magistrate Judge Richard L. Bourgeois, Jr on 02/03/2014. (CGP) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 02/03/2014) |
| 02/03/2014 |  | Set/Reset Deadlines: Louisiana's First Choice Auto Auction, L.L.C. answer due 2/10/2014. (CGP) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 02/03/2014) |
| 02/06/2014 | 10 | MOTION to Dismiss for Failure to State a Claim by Nextgear Capital, Inc.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Ex 1-3 to Memo in Support, # 3 Exhibit Proposed Order)(Cheatham, Robin) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 02/06/2014) |
| 02/06/2014 | 11 | MOTION to Transfer Case to United States District Court Southern District of Indiana by Nextgear Capital, Inc.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Ex 1-2 to Memo in Support)(Cheatham, Robin) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 02/06/2014) |
| 02/10/2014 | 12 | MOTION to Dismiss for Failure to State a Claim *Upon which relief May be granted, or Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* by Louisiana's First Choice Auto Auction, L.L.C.. (Attachments: # 1 Memorandum in Support, # 2 Proposed Pleading;)(Brener, Lisa). Added MOTION to Dismiss on 2/10/2014 (CGP). Added MOTION for More Definite Statement on 2/10/2014 (CGP). Modified on 2/10/2014 to edit text (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 02/10/2014) |

| 02/26/2014 | 13 | MEMORANDUM in Opposition to 11 MOTION to Transfer Case to United States District Court Southern District of Indiana filed by Louisiana's First Choice Auto Auction, L.L.C.. (Brener, Lisa) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 02/26/2014) |
| 02/27/2014 | 14 | MEMORANDUM in Opposition to 11 MOTION to Transfer Case to United States District Court Southern District of Indiana filed by All Plaintiffs. (Melder, Joshua) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 02/27/2014) |
| 02/27/2014 | 15 | MEMORANDUM in Opposition to 10 MOTION to Dismiss for Failure to State a Claim filed by All Plaintiffs. (Attachments: # 1 Exhibit)(Melder, Joshua) (Attachment 1 replaced on 2/28/2014) (SMG). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 02/27/2014) |
| 03/03/2014 | 16 | MEMORANDUM in Opposition to 12 MOTION to Dismiss for Failure to State a Claim *Upon which relief May be granted, or Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* MOTION to Dismiss the Individual Plaintiffs MOTION for More Definite Statement filed by All Plaintiffs. (Attachments: # 1 Exhibit)(Melder, Joshua) (Attachment 1 replaced on 3/5/2014) (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 03/03/2014) |
| 03/10/2014 | 17 | REPLY to 12 MOTION to Dismiss for Failure to State a Claim *Upon which relief May be granted, or Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* MOTION to Dismiss the Individual Plaintiffs MOTION for More Definite Statement, 16 Memorandum in Opposition to Motion, filed by Louisiana's First Choice Auto Auction, L.L.C.. (Attachments: # 1 Exhibit)(Brener, Lisa) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 03/10/2014) |
| 03/10/2014 | 18 | MOTION for Leave to File File Reply Memorandum by NextGear Capital, Inc. to Plaintiffs' Memorandum in Opposition of the Motion to Transfer by Nextgear Capital, Inc.. (Attachments: # 1 Proposed Pleading:)(Cheatham, Robin) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 03/10/2014) |
| 03/11/2014 | 19 | MOTION for Leave to File Reply Memorandum to Plaintiffs' Opposition to Motion to Dismiss by Louisiana's First Choice Auto Auction, L.L.C.. (Attachments: # 1 Proposed Pleading; Order, # 2 Proposed Pleading; Reply Memorandum, # 3 Exhibit Exhibit)(Brener, Lisa) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 03/11/2014) |
| 03/11/2014 | 20 | MOTION for Leave to File Supplemental Opposition to NextGear's Motion to Transfer by Louisiana's First Choice Auto Auction, L.L.C.. (Attachments: # 1 Proposed Pleading; Order, # 2 Proposed Pleading; Supplemental Opposition) (Brener, Lisa) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 03/11/2014) |
| 03/19/2014 | 21 | MOTION for Leave to File Reply Memorandum by NextGear Capital, Inc. to Plaintiffs' Memorandum in Opposition of the Motion to Dismiss by Nextgear |

| | | |
|---|---|---|
| | | Capital, Inc.. (Attachments: # 1 Proposed Pleading;)(Cheatham, Robin) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 03/19/2014) |
| 03/19/2014 | 22 | MOTION for Leave to File Reply Memorandum by NextGear Capital, Inc. to Louisiana's First Choice Auto Auction's Memornadum in Opposition to the Motion to Transfer and Supplemental Opposition to the Motion to Transfer by Nextgear Capital, Inc.. (Attachments: # 1 Proposed Pleading; Reply Memo, # 2 Exhibit 1)(Cheatham, Robin) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 03/19/2014) |
| 04/03/2014 | 23 | MOTION for Oral Hearing for a re 12 MOTION to Dismiss for Failure to State a Claim *Upon which relief May be granted, or Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* MOTION to Dismiss the Individual Plaintiffs MOTION for More Definite Statement, 11 MOTION to Transfer Case to United States District Court Southern District of Indiana , 10 MOTION to Dismiss for Failure to State a Claim by All Plaintiffs. (Attachments: # 1 Memorandum in Support)(Melder, Joshua) Modified on 4/3/2014 to edit text (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 04/03/2014) |
| 04/10/2014 | 24 | MEMORANDUM in Opposition to 23 MOTION for Oral Hearing re 12 MOTION to Dismiss for Failure to State a Claim *Upon which relief May be granted, or Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* filed by Nextgear Capital, Inc.. (Cheatham, Robin) Modified on 4/10/2014 to edit text (LLH). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 04/10/2014) |
| 05/12/2014 | 25 | MOTION for Leave to File Amended Complaint, by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B & C)(Melder, Joshua) Modified on 5/13/2014 to edit text(CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 05/12/2014) |
| 05/13/2014 | | MOTION(S) REFERRED: 25 MOTION for Leave to File Amended Complaint. This motion is now pending before the USMJ. (CGP) Modified on 5/13/2014 to edit text (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 05/13/2014) |
| 05/28/2014 | 26 | RESPONSE in Opposition to 25 Plaintiffs' Motion for Leave to File Amended Complaint filed by Nextgear Capital, Inc.. (Cheatham, Robin) Modified on 5/29/2014 to edit text (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 05/28/2014) |
| 06/10/2014 | 27 | RULING AND ORDER granting 18 MOTION for Leave to File Reply Memorandum to Plaintiffs' Memorandum in Opposition of the Motion to Transfer, 19 MOTION for Leave to File Reply Memorandum to Plaintiffs' Opposition to Motion to Dismiss, 20 MOTION for Leave to File Supplemental Opposition to NextGear's Motion to Transfer, 21 MOTION for Leave to File Reply Memorandum to Plaintiffs' Memorandum in Opposition of the Motion to Dismiss and 22 MOTION for Leave to File Reply Memorandum to Louisiana's First Choice Auto Auction in Opposition to the Motion to Transfer and Supplemental Opposition to the Motion to Transfer. |

| | | |
|---|---|---|
| | | Signed by Chief Judge Brian A. Jackson on 06/09/2014. (CGP) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 06/10/2014) |
| 06/10/2014 | 28 | REPLY MEMORANDUM to 14 Memorandum in Opposition to 11 MOTION to Transfer Case to United States District Court Southern District of Indiana filed by Nextgear Capital, Inc. (CGP) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 06/10/2014) |
| 06/10/2014 | 29 | REPLY MEMORANDUM to 16 Memorandum in Opposition to 12 MOTION to Dismiss filed by Louisiana's First Choice Auto Auction, L.L.C. (Attachments: # 1 Exhibit 1)(CGP) Modified on 6/10/2014 to edit text(CGP). (Main Document 29 replaced on 6/10/2014) (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 06/10/2014) |
| 06/10/2014 | 30 | Supplemental MEMORANDUM in Opposition to 11 MOTION to Transfer Case to United States District Court Southern District of Indiana filed by Louisiana's First Choice Auto Auction, L.L.C.(CGP) Modified on 6/10/2014 to edit text (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 06/10/2014) |
| 06/10/2014 | 31 | REPLY MEMORANDUM to 15 Memorandum in Opposition to Motion 10 MOTION to Dismiss for Failure to State a Claim filed by Nextgear Capital, Inc. (Attachments: # 1 Exhibit 1)(CGP) Modified on 6/10/2014 to edit text (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 06/10/2014) |
| 06/10/2014 | 32 | REPLY MEMORANDUM to 13 Memorandum in Opposition to 11 MOTION to Transfer Case and 30 Supplemental Opposition to the Motion to Transfer filed by Nextgear Capital,Inc. (Attachments: # 1 Exhibit 1)(CGP) Modified on 6/17/2014 to edit text (CGP). [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 06/10/2014) |
| 06/27/2014 | 33 | RULING and ORDER granting 23 Motion for Oral Hearing. The parties shall appear before the undersigned for a hearing on the pending motions on Tuesday, 7/8/2014 at 9:30 AM in Courtroom 2 before Chief Judge Brian A. Jackson. Signed by Chief Judge Brian A. Jackson on 6/27/2014. (JDL) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 06/27/2014) |
| 06/27/2014 | | Set/Reset Deadlines as to 12 MOTION to Dismiss for Failure to State a Claim *Upon which relief May be granted, or Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* MOTION to Dismiss the Individual Plaintiffs MOTION for More Definite Statement, 11 MOTION to Transfer Case to United States District Court Southern District of Indiana , 10 MOTION to Dismiss for Failure to State a Claim: Motion Hearing set for 7/8/2014 at 09:30 AM in Courtroom 2 before Chief Judge Brian A. Jackson. (JDL) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 06/27/2014) |
| 07/08/2014 | 34 | Minute Entry for proceedings held before Chief Judge Brian A. Jackson: Motion Hearing held on 7/8/2014 re 12 MOTION to Dismiss for Failure to State a Claim *Upon which relief May be granted, or Alternatively, Motion to* |

| | | |
|---|---|---|
| | | *Dismiss the Individual Plaintiffs and Motion for a More Definite Statement* MOTION to Dismiss the Individual Plaintiffs MOTION for More Definite Statement filed by Louisiana's First Choice Auto Auction, L.L.C., 11 MOTION to Transfer Case to United States District Court Southern District of Indiana filed by Nextgear Capital, Inc., 25 MOTION to Amend 1 Complaint, filed by Donald B. Richardson, Red Barn Motors, Inc., Barbara A. Richardson, 10 MOTION to Dismiss for Failure to State a Claim filed by Nextgear Capital, Inc. The Court hears oral argument on pending motions. The Court will take these matters under advisement and issue a written ruling within the next two weeks. (Court Reporter Clare Smith-Neely.) (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (PJH) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 07/14/2014) |
| 09/29/2014 | 35 | RULING AND ORDER granting 11 Motion to Transfer Case. This matter is transferred to the Southern District of Indiana. Signed by Chief Judge Brian A. Jackson on 09/29/2014. (NLT) [Transferred from Louisiana Middle on 9/30/2014.] (Entered: 09/29/2014) |
| 09/30/2014 | 36 | Case transferred in from District of Louisiana Middle; Case Number 3:13-cv-00778. Original file copy of transfer order and docket sheet received. (Entered: 09/30/2014) |
| 01/07/2015 | 37 | MOTION to Substitute Attorney , filed by Defendant NEXTGEAR CAPITAL, INC.. (Attachments: # 1 Text of Proposed Order)(Groth, Steven) (Entered: 01/07/2015) |
| 01/12/2015 | 38 | ORDER granting 37 Motion to Substitute Attorney. Attorney Robin B. Cheatham withdrawn and Steven D. Groth is added as counsel for Nextgear Capital, Inc. Signed by Magistrate Judge Denise K. LaRue on 1/12/2015. (CBU) (Entered: 01/12/2015) |
| 01/13/2015 | 39 | NOTICE of Appearance by David J. Jurkiewicz on behalf of Defendant NEXTGEAR CAPITAL, INC.. (Jurkiewicz, David) (Entered: 01/13/2015) |
| 01/14/2015 | 40 | NOTICE to File Corporate Disclosure Statement to NEXTGEAR CAPITAL, INC.. (LAB) (MGG) (Entered: 01/14/2015) |
| 01/15/2015 | 41 | Corporate Disclosure Statement by NEXTGEAR CAPITAL, INC. identifying Corporate Parent COX ENTERPRISES, INC., Corporate Parent MANHEIM INVESTMENTS, INC., Corporate Parent Cox Automotive, Inc. for NEXTGEAR CAPITAL, INC... (Groth, Steven) (Entered: 01/15/2015) |
| 02/04/2015 | 42 | SCHEDULING ORDER - Initial Pretrial Conference set for 3/3/2015 at 11:00 AM in room #255, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Denise K. LaRue. **SEE ORDER**. Copies Mailed. Signed by Magistrate Judge Denise K. LaRue on 2/4/2015.(MGG) (Entered: 02/04/2015) |
| 02/10/2015 | 43 | Unopposed MOTION for Continuance *of Initial Pretrial Conference*, filed by Defendant NEXTGEAR CAPITAL, INC.. (Attachments: # 1 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Groth, Steven) (Entered: 02/10/2015) |
| 02/12/2015 | 44 | ORDER granting 43 Motion to Continue Initial Pretrial Conference. The Initial Pretrial Conference shall be continued to 4/6/2015, at 9:00 AM, EST, in room #255, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Denise K. LaRue. Other than the date and time, the Scheduling Order 42 remains in full force. Signed by Magistrate Judge Denise K. LaRue on 2/12/2015.(JLM) (Entered: 02/12/2015) |
| 04/02/2015 | 45 | CASE MANAGEMENT PLAN TENDERED, filed by Defendant NEXTGEAR CAPITAL, INC. . (Groth, Steven) (Entered: 04/02/2015) |
| 04/14/2015 | 46 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Initial Pretrial Conference held on 4/6/2015 - A discussion was held regarding case status and related matters. This matter is stayed for a period of 60 days or within 10 days of a ruling by the 5th Circuit, whichever occurs first. Telephonic Status Conference set for 6/16/2015 at 10:00 AM before Magistrate Judge Denise K. LaRue. Counsel will receive call-in instructions for the conference via separate email notification. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (copies mailed to unregistered counsel.) (REO) Modified on 4/14/2015 (REO). (Entered: 04/14/2015) |
| 06/24/2015 | 48 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 6/16/2015 - Parties report that the mandamus writ is still pending with the 5th Circuit. All agree that the issues before the 5th Circuit are threshold and, therefore, the stay in this case is continued until a ruling issues from the 5th Circuit. This matter is set for a telephonic status conference on TUESDAY, AUGUST 25, 2015, AT 4:00 P.M., EASTERN. Counsel will receive call-in instructions for the conference via separate email notification. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 06/24/2015) |
| 07/23/2015 | 49 | NOTICE *REGARDING WRIT OF MANDAMUS RULING*, filed by Defendant NEXTGEAR CAPITAL, INC. (Attachments: # 1 Exhibit A - Fifth Circuit Court of Appeals Ruling on Writ of Mandamus) (Groth, Steven) (Entered: 07/23/2015) |
| 09/01/2015 | 51 | MOTION for Attorney Lisa Brener to Appear pro hac vice (Filing fee $30.00, receipt number IP047356), filed by Defendant LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C. (Attachments: # 1 Text of Proposed Order, # 2 Cover Letter, # 3 Envelope)(CBU) (Entered: 09/02/2015) |
| 09/03/2015 | 52 | MOTION for Attorney Cassie E. Felder to Appear pro hac vice (Filing fee $30.00, receipt number IP047384), filed by Plaintiffs RED BARN MOTORS, INC., BARBARA A. RICHARDSON and DONALD B. RICHARDSON. (Attachments: # 1 Text of Proposed Order, # 2 Cover Letter, # 3 Envelope) (CBU) (Entered: 09/04/2015) |
| 09/03/2015 | 53 | MOTION for Attorney Joshua P. Melder to Appear pro hac vice (Filing fee |

|  |  | $30.00, receipt number IP047384), filed by Plaintiffs RED BARN MOTORS, INC., BARBARA A. RICHARDSON and DONALD B. RICHARDSON. (Attachments: # 1 Text of Proposed Order, # 2 Cover Letter, # 3 Envelope) (CBU) (Entered: 09/04/2015) |
|---|---|---|
| 09/09/2015 | 54 | ORDER granting 52 Motion to Appear pro hac vice. Attorney Cassie E. Felder for RED BARN MOTORS, INC., BARBARA A. RICHARDSON and DONALD B. RICHARDSON added. Signed by Magistrate Judge Denise K. LaRue on 9/9/2015 (dist made) (CBU) (Entered: 09/10/2015) |
| 09/09/2015 | 55 | ORDER granting 53 Motion to Appear pro hac vice. Attorney Joshua P. Melder for RED BARN MOTORS, INC., BARBARA A. RICHARDSON and DONALD B. RICHARDSON added. Signed by Magistrate Judge Denise K. LaRue on 9/9/2015 (dist made) (CBU) (Entered: 09/10/2015) |
| 09/10/2015 | 56 | ORDER granting Lisa Brener's 51 Motion to Appear pro hac vice on behalf of Defendant Louisiana's First Choice Auto Auction L.L.C. Copy to Lisa Brener via US Mail. Signed by Magistrate Judge Denise K. LaRue on 9/10/2015. (SWM) (Entered: 09/10/2015) |
| 10/05/2015 | 57 | SCHEDULING ORDER-TELEPHONIC Status Conference set for 10/8/2015 at 3:00 PM before Magistrate Judge Denise K. LaRue. Signed by Magistrate Judge Denise K. LaRue on 10/5/2015.(CBU) (Entered: 10/05/2015) |
| 10/09/2015 | 59 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 10/8/2015 - A discussion was held regarding discovery, settlement, case management plan ("CMP") and related matters. The CMP is approved as amended. This matter is set for a telephonic status conference on TUESDAY, DECEMBER 29, 2015, AT 10:00 A.M., EASTERN. Counsel will receive call-in instructions for the conference via separate email notification. This matter will be set for a settlement conference under separate order. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 10/09/2015) |
| 10/09/2015 | 60 | ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED. Dispositive Motions due by 4/30/2016. Discovery due by 3/30/2016. Signed by Magistrate Judge Denise K. LaRue on 10/9/2015.(SWM) (Entered: 10/09/2015) |
| 10/09/2015 | 61 | SCHEDULING ORDER: Settlement Conference set for 1/25/2016 01:30 PM (Eastern) in room #255, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Denise K. LaRue. On or before five (5) business days before the settlement conference, the parties shall submit (not file) a confidential settlement statement (see Order for additional information). Signed by Magistrate Judge Debra McVicker Lynch on 10/9/2015.(SWM) (Entered: 10/09/2015) |
| 10/09/2015 | 62 | ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED. Dispositive Motions due by 4/30/2016. Discovery due by 3/30/2016. Signed by Magistrate Judge Denise K. LaRue on 10/9/2015.(SWM) (Entered: 10/09/2015) |

| 10/09/2015 | 63 | ***PLEASE DISREGARD DUPLICATIVE***ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED. Discovery due by 3/30/2016. Dispositive Motions due by 4/30/2016. Signed by Magistrate Judge Denise K. LaRue on 10/9/2015.(CBU) Modified on 10/14/2015 (CBU). (Entered: 10/13/2015) |
|---|---|---|
| 10/14/2015 | 64 | ORDER grants Plaintiffs' re 25 motion for leave to file amended complaint. Plaintiffs are ORDERED to file their Amended Complaint in its entirety within 7 days of this date. Signed by Magistrate Judge Denise K. LaRue on 10/14/2015.(CBU) (Entered: 10/14/2015) |
| 11/04/2015 | 65 | NOTICE of Voluntary Dismissal, filed by Plaintiffs BARBARA A. RICHARDSON, DONALD B. RICHARDSON. (Melder, Joshua) (Entered: 11/04/2015) |
| 11/04/2015 | 66 | MOTION *for relief from order granting leave to amend complaint*, filed by Plaintiffs RED BARN MOTORS, INC., BARBARA A. RICHARDSON, DONALD B. RICHARDSON. (Melder, Joshua) (Entered: 11/04/2015) |
| 11/05/2015 | 68 | DISMISSAL - The court acknowledges the Notice of Dismissal filed by Plaintiffs BARBARA A. RICHARDSON, DONALD B. RICHARDSON. Wherefore, Plaintiffs, Donald B. Richardson and Barbara A. Richardson, pursuant to Fed. R. Civ. P. 41(a)(1)(A), file this Notice of Dismissal voluntarily dismissing their claims in the captioned matter against Defendants, NextGear Capital, Inc., and Louisiana's First Choice Auto Auction, L.L.C., without prejudice. Signed by Judge Tanya Walton Pratt on 11/5/2015.(JLS) (Entered: 11/06/2015) |
| 11/06/2015 | 67 | ORDER granting 66 Motion for relief from Order granting motion for leave to amend the complaint. The original Complaint 1 shall remain the operative document. Signed by Magistrate Judge Denise K. LaRue on 11/6/2015. (CBU) (Entered: 11/06/2015) |
| 11/13/2015 | 69 | NOTICE of Service of Initial Disclosures , filed by Defendant NEXTGEAR CAPITAL, INC.. (Groth, Steven) (Entered: 11/13/2015) |
| 11/13/2015 | 70 | MOTION for Extension of Time to 11/16/2015 , filed by Plaintiff RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order)(Melder, Joshua) (Entered: 11/13/2015) |
| 11/16/2015 | 71 | Second MOTION for Extension of Time to 12/1/2015 , filed by Plaintiff RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order)(Melder, Joshua) (Entered: 11/16/2015) |
| 11/16/2015 | 72 | SCHEDULING ORDER - Final Pretrial Conference set for 12/14/2016 at 09:00 AM in room #330, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Jury Trial set for 1/9/2017 at 09:00 AM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. The final pretrial conference is for attorneys only. At the final pretrial conference, Counsel shall be prepared to discuss the status of the action, including all |

|           |    |                                                                                                                                                                                                                                                      |
|-----------|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|           |    | matters requiring completion preparatory to trial. Signed by Judge Tanya Walton Pratt on 11/16/2015.(JLS) (Entered: 11/17/2015)                                                                                                                       |
| 11/17/2015 | 74 | ORDER REFERRING MOTION: 10 Motion to Dismiss Pursuant to Rule 12 (B)(6) for Failure to State a Claim filed by NEXTGEAR CAPITAL, INC.and 12 filed by LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C. Signed by Judge Tanya Walton Pratt on 11/17/2015. Motions referred to Denise K. LaRue.(JLS) (Entered: 11/18/2015) |
| 11/18/2015 | 73 | COURTROOM PROCEDURES AND TRIAL PRACTICE before Judge Tanya Walton Pratt. (TRG) (Entered: 11/18/2015)                                                                                                                                                   |
| 11/24/2015 | 75 | ORDER 70 Motion for Extension of Time is moot. Order granting 71 Motion for Extension of Time deadlines extended two weeks. Signed by Magistrate Judge Denise K. LaRue on 11/24/2015. (CBU) (Entered: 11/24/2015)                                      |
| 12/01/2015 | 76 | NOTICE of Service of Initial Disclosures , filed by Plaintiff RED BARN MOTORS, INC.. (Melder, Joshua) (Entered: 12/01/2015)                                                                                                                           |
| 12/01/2015 | 77 | NOTICE of Service of Settlement Demand and Statement of Special Damages, filed by Plaintiff RED BARN MOTORS, INC. (Melder, Joshua) (Entered: 12/01/2015)                                                                                              |
| 12/01/2015 | 78 | Exhibit List , filed by Plaintiff RED BARN MOTORS, INC., Witness List , filed by Plaintiff RED BARN MOTORS, INC.. (Melder, Joshua) (Entered: 12/01/2015)                                                                                              |
| 12/02/2015 | 79 | BRIEF/MEMORANDUM in Support re 10 Motion to Dismiss, filed by Defendant NEXTGEAR CAPITAL, INC.. (Attachments: # 1 Exhibit 1 - Bankruptcy Docket)(Jurkiewicz, David) (Entered: 12/02/2015)                                                             |
| 12/11/2015 | 80 | Third MOTION for Extension of Time, filed by Plaintiff RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order)(Melder, Joshua) (Entered: 12/11/2015)                                                                                         |
| 12/11/2015 | 81 | REPORT AND RECOMMENDATIONS re 10 Motion to Dismiss for Failure to State a Claim be denied and 12 Motion to Dismiss for Failure to State a Claim be denied. Signed by Magistrate Judge Denise K. LaRue on 12/11/2015.(CBU) (Entered: 12/14/2015)       |
| 12/14/2015 | 82 | NOTICE of Voluntary Dismissal, filed by Plaintiff RED BARN MOTORS, INC.. (Melder, Joshua) (Entered: 12/14/2015)                                                                                                                                       |
| 12/14/2015 | 83 | NOTICE of Consent by All Defendants to Plaintiff's Motion for Extension of Time, filed by Plaintiff RED BARN MOTORS, INC. (Melder, Joshua) (Entered: 12/14/2015)                                                                                      |
| 12/14/2015 | 84 | NOTICE of Voluntary Dismissal, filed by Plaintiff RED BARN MOTORS, INC.. (Melder, Joshua) (Entered: 12/14/2015)                                                                                                                                       |
| 12/15/2015 | 85 | MARGINAL NOTATION OF APPROVAL re 82 NOTICE of Voluntary Dismissal - This cause of action DISMISSED without prejudice as to LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C. Signed by Judge                                                               |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                   |
|------------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | Tanya Walton Pratt on 12/15/2015.(JD) Modified on 12/16/2015 (JD). (Entered: 12/16/2015)                                                                                                                                                                                                                                                                                                           |
| 12/15/2015 | 86 | MARGINAL NOTATION OF APPROVAL re 84 AMENDED NOTICE of Voluntary Dismissal - This cause of action DISMISSED with prejudice as to LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C. Signed by Judge Tanya Walton Pratt on 12/15/2015.(JD) (Entered: 12/16/2015)                                                                                                                                           |
| 12/16/2015 | 87 | ORDER granting 80 Motion for filing any motions for leave to amend the pleadings or join additional parties by 1/8/2016. Signed by Magistrate Judge Denise K. LaRue on 12/16/2015. (CBU) (Entered: 12/16/2015)                                                                                                                                                                                      |
| 01/08/2016 | 89 | MOTION for Leave to File *Verified Amended Complaint*, filed by Plaintiff RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order, # 2 Verified Amended Complaint, # 3 Exhibit A, # 4 Exhibit B (part 1), # 5 Exhibit B (part 2), # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Proposed Summons)(Melder, Joshua) (Entered: 01/08/2016)                                                   |
| 01/11/2016 | 90 | MOTION for Continuance *of Settlement Conference*, filed by Plaintiff RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order)(Melder, Joshua) (Entered: 01/11/2016)                                                                                                                                                                                                                        |
| 01/12/2016 | 91 | ORDER granting Plaintiff's 90 Motion for Continuance: Settlement Conference RESET for 4/4/2016 09:30 AM in room #255, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Denise K. LaRue. Other than the date and time, the Scheduling Order [Dkt. 61] remains in full force. Signed by Magistrate Judge Denise K. LaRue on 1/12/2016.(SWM) (Entered: 01/13/2016) |
| 01/13/2016 | 92 | ORDER ADOPTING REPORT AND RECOMMENDATIONS NextGear's Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim [dkt. 10 ] is DENIED and that First Choice's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, or, Alternatively, Motion to Dismiss the Individual Plaintiffs and Motion for a More Definite Statement [dkt. 12 ] is DENIED. Signed by Judge Tanya Walton Pratt on 1/13/2016. (TRG) (Entered: 01/13/2016) |
| 01/14/2016 | 93 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 12/29/2016 - Parties discussed case status and discovery. This matter is set for a telephonic status conference on TUESDAY, FEBRUARY 23, 2015, AT 4:00 P.M., EASTERN. Counsel will receive call-in instructions for the conference via separate email notification. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 01/14/2016) |
| 01/14/2016 | 94 | AMENDED MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 12/29/2016 - Parties discussed case status and discovery. This matter is set for a telephonic status conference on TUESDAY, FEBRUARY 23, 2016, AT 4:00 P.M., EASTERN. Counsel will receive call-in instructions for the conference via separate email notification. The conference concluded without further order. Signed by |

| | | |
|---|---|---|
| | | Magistrate Judge Denise K. LaRue on 1/14/2016.(REO) (Entered: 01/14/2016) |
| 01/20/2016 | 95 | MOTION for Extension of Time to March 1, 2016 *(Agreed) to Answer Original Complaint and Respond to Motion for Leave to Amend*, filed by Defendant NEXTGEAR CAPITAL, INC.. (Attachments: # 1 Text of Proposed Order)(Groth, Steven) (Entered: 01/20/2016) |
| 01/22/2016 | 96 | ORDER granting 95 Motion for Extension of Time to 3/1/2016 to file its answer to Plainitiff's original complaint 1 and to file its response to plaintiff's motion for leave to amend 89 . Signed by Magistrate Judge Denise K. LaRue on 1/22/2016. (CBU) (Entered: 01/22/2016) |
| 01/25/2016 | 97 | MOTION for Attorney(s) James Garner to Appear pro hac vice (Filing fee $100, receipt number IP049372). (Attachments: # 1 Text of Proposed Order, # 2 Envelope)(JLS) (Entered: 01/27/2016) |
| 01/25/2016 | 98 | MOTION for Attorney(s) Matthew Coman to Appear pro hac vice (Filing fee $100, receipt number IP049369). (Attachments: # 1 Text of Proposed Order, # 2 Envelope)(JLS) (Entered: 01/27/2016) |
| 01/25/2016 | 99 | MOTION for Attorney(s) Ryan Adams to Appear pro hac vice (Filing fee $100, receipt number IP049373). (Attachments: # 1 Text of Proposed Order, # 2 Envelope)(JLS) (Entered: 01/27/2016) |
| 02/16/2016 | 101 | ORDER granting 97 Motion to Appear pro hac vice. Attorney James M. Garner for RED BARN MOTORS, INC. added. Signed by Magistrate Judge Denise K. LaRue on 2/16/2016 (dist made) (CBU) (Entered: 02/16/2016) |
| 02/16/2016 | 102 | ORDER granting 98 Motion to Appear pro hac vice. Attorney Matthew M. Coman for RED BARN MOTORS, INC. added. Signed by Magistrate Judge Denise K. LaRue on 2/16/2016 (dist made) (CBU) (Entered: 02/16/2016) |
| 02/16/2016 | 103 | ORDER granting 99 Motion to Appear pro hac vice. Attorney Ryan D. Adams for RED BARN MOTORS, INC. added. Signed by Magistrate Judge Denise K. LaRue on 2/16/2016 (dist made) (CBU) (Entered: 02/16/2016) |
| 02/19/2016 | 104 | NOTICE of Appearance by Paul D. Vink on behalf of Defendant NEXTGEAR CAPITAL, INC.. (Vink, Paul) (Entered: 02/19/2016) |
| 02/19/2016 | 105 | MOTION for Attorney(s) Kerry A. Murphy to Appear pro hac vice (Filing fee $100.00, receipt number IP049746), filed by Plaintiff RED BARN MOTORS, INC. (Attachments: # 1 Text of Proposed Order, # 2 Envelope) (BGT) (Entered: 02/22/2016) |
| 02/19/2016 | 106 | MOTION for Attorney(s) Lynn E. Swanson to Appear pro hac vice (Filing fee $100.00, receipt number IP049746), filed by Plaintiff RED BARN MOTORS, INC. (Attachments: # 1 Text of Proposed Order, # 2 Envelope) (BGT) (Entered: 02/22/2016) |
| 02/24/2016 | 107 | MOTION for Attorney(s) Gladstone N. Jones to Appear pro hac vice (Filing fee $100, receipt number IP049814), filed by Plaintiff RED BARN MOTORS, INC., et al. (Attachments: # 1 Text of Proposed Order, # 2 Envelope)(JLS) |

| | | |
|---|---|---|
| | | (Entered: 02/25/2016) |
| 02/25/2016 | 108 | ORDER granting 105 Motion to Appear pro hac vice. Attorney Kerry A. Murphy for RED BARN MOTORS, INC. added. Signed by Magistrate Judge Denise K. LaRue on 2/25/2016 (dist made) (CBU) (Entered: 02/25/2016) |
| 02/25/2016 | 109 | ORDER granting 106 Motion to Appear pro hac vice. Attorney Lynn E. Swanson for RED BARN MOTORS, INC. added. Signed by Magistrate Judge Denise K. LaRue on 2/25/2016 (dist made) (CBU) (Entered: 02/25/2016) |
| 02/29/2016 | 110 | STIPULATION *AS TO LEAVE TO AMEND AND RESPONSE DEADLINE [filed by Plaintiff, Red Barn Motors, Inc., and*, filed by Defendant NEXTGEAR CAPITAL, INC.. (Attachments: # 1 Text of Proposed Order) (Jurkiewicz, David) Modified on 3/1/2016 (JLS). (Entered: 02/29/2016) |
| 02/29/2016 | 111 | ORDER granting 107 Motion to Appear pro hac vice. Attorney Gladstone N. Jones for RED BARN MOTORS, INC. added. Signed by Magistrate Judge Denise K. LaRue on 2/29/2016 (dist made) (CBU) (Entered: 02/29/2016) |
| 02/29/2016 | 112 | Joint MOTION for Continuance *of Trial and to Reset Trial Date*, filed by Plaintiff RED BARN MOTORS, INC.. (Attachments: # 1 Exhibit Proposed Order)(Murphy, Kerry) (Entered: 02/29/2016) |
| 03/01/2016 | 113 | ORDER GRANTING JOINT MOTION TO RESET TRIAL DATE - The final pretrial is set December 14th, 2016 is RESCHEDULED to April 19, 2017 at 11:00 a.m. in Room 330. The jury trial set January 9th, 2017 is RESCHEDULED to commence on May 8th, 2017 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana. IT IS FURTHER ORDERED that the parties shall file a revised, proposed joint case management plan within thirty (30) days of the date of this Order. Because of the age of this case, parties should anticipate no further continuances of the trial date. Signed by Judge Tanya Walton Pratt on 3/1/2016.(JLS) (Entered: 03/02/2016) |
| 03/02/2016 | 114 | ORDER granting motion for leave to amend 89 and approves 110 stipulation for leave to amend the complaint that the plaintiffs shall docket their Verified Amended Complaint and that the Defendants shall have to and including 4/15/2016 in which to file their response to the Amended Complaint. Signed by Magistrate Judge Denise K. LaRue on 3/2/2016. (CBU) (Entered: 03/02/2016) |
| 03/07/2016 | 115 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 2/23/2016 - Parties discussed case status and readiness for April 4, 2016, settlement conference. Because the defendant intends to file a motion to dismiss on the class issues, the April 4, 2016, settlement date is premature. Therefore, the settlement conference is reset for October 19, 2016, at 1:30 p.m., Eastern, in Room 255 of the U.S. Courthouse, Indianapolis, Indiana. Other than the date and time, the Scheduling Order [Dkt. 61 ] remains in full force. This matter is set for a telephonic status conference on TUESDAY, SEPTEMBER 20, 2016, AT 4:00 P.M., EASTERN. Counsel will receive call-in instructions for the conference via |

| | | |
|---|---|---|
| | | separate email notification. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 03/07/2016) |
| 03/07/2016 | 116 | ORDER (Amended) re 89 MOTION for Leave to File *Verified Amended Complaint* filed by RED BARN MOTORS, INC. By March 11, 2016, Plaintiff shall file the Verified Amended Complaint, with the exhibits properly named. Once filed, the Verified Amended Complaint shall become the operative complaint in this matter; Amended Order Approving re 110 Stipulation - Defendants, having reserved all rights, defenses, and counterclaims regarding the Verified Amended Complaint, shall have to and including April 15, 2016, within which to file their response thereto. It is further ORDERED that no Answer or responsive pleading to the original Complaint in this case is required. (S.O.). Signed by Magistrate Judge Denise K. LaRue on 3/7/2016. (MAC) (Entered: 03/07/2016) |
| 03/11/2016 | 117 | AMENDED COMPLAINT against NEXTGEAR CAPITAL, INC., Cox Enterprises, Inc., Cox Automotive, Inc., John Wick, filed by RED BARN MOTORS, INC., Young Executive Management & Consulting Services, Inc., Platinum Motors, Inc., Mattingly Auto Sales, Inc.. (Attachments: # 1 Exhibit A - Demand Promissory Note and Security Agreement (Red Barn & Nextgear/DSC), # 2 Exhibit B - Red Barn/Nextgear/DSC transaction history, # 3 Exhibit C - Demand Promissory Note and Security Agreement (Platinum Motors & Nextgear/DSC), # 4 Exhibit D - Demand Promissory Note and Security Agreement (Mattingly Auto & Nextgear/DSC), # 5 Exhibit E - Demand Promissory Note and Security Agreement (Executive Auto Group & Nextgear/DSC))(Garner, James) (Entered: 03/11/2016) |
| 03/24/2016 | 118 | NOTICE of Change of Attorney Information. Consistent with Local Rule 5-3, Cassie E. Felder hereby notifies the Clerk of the court of changed contact information. (Felder, Cassie) (Entered: 03/24/2016) |
| 03/31/2016 | 119 | MOTION to Stay *Discovery Pending a Ruling on Defendants' Motion to Dismiss*, filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Exhibit A - Plaintiffs' first set of discovery requests)(Vink, Paul) (Entered: 03/31/2016) |
| 03/31/2016 | 120 | CASE MANAGEMENT PLAN TENDERED, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC. . (Attachments: # 1 Exhibit)(Murphy, Kerry) (Entered: 03/31/2016) |
| 04/05/2016 | 121 | MOTION to Withdraw *Lisa Brener*, filed by Defendant LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C.. (Attachments: # 1 Text of Proposed Order)(Brener, Lisa) (Entered: 04/05/2016) |
| 04/06/2016 | 122 | ORDER granting 121 Motion to Withdraw *Lisa Brener*. Signed by Judge Tanya Walton Pratt on 4/6/2016. (JLS) (Entered: 04/07/2016) |
| 04/15/2016 | 123 | RESPONSE in Opposition re 119 MOTION to Stay *Discovery Pending a* |

| | | |
|---|---|---|
| | | *Ruling on Defendants' Motion to Dismiss* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., BARBARA A. RICHARDSON, DONALD B. RICHARDSON, YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Coman, Matthew) (Entered: 04/15/2016) |
| 04/15/2016 | 124 | NOTICE of Appearance by Paul D. Vink on behalf of Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., JOHN WICK. (Vink, Paul) (Entered: 04/15/2016) |
| 04/15/2016 | 125 | NOTICE of Appearance by David J. Jurkiewicz on behalf of Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., JOHN WICK. (Jurkiewicz, David) (Entered: 04/15/2016) |
| 04/15/2016 | 126 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Jurkiewicz, David) (Entered: 04/15/2016) |
| 04/15/2016 | 127 | BRIEF/MEMORANDUM in Support re 126 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1 - Complaint, # 3 Exhibit 2 - Entry of Default, # 4 Exhibit 3 - Complaint, # 5 Exhibit 4 - Entry of Default, # 6 Exhibit 5 - Complaint, # 7 Exhibit 6 - Entries of Default)(Jurkiewicz, David) (Entered: 04/15/2016) |
| 04/15/2016 | 128 | MOTION to Strike *Jury Demand*, filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Jurkiewicz, David) (Entered: 04/15/2016) |
| 04/18/2016 | 129 | Submission of Signature Requirement re 123 Response in Opposition to Motion by MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Garner, James) (Entered: 04/18/2016) |
| 04/19/2016 | 130 | Unopposed MOTION for Extension of Time to File Response to 05/16/2016 re 126 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Attachments: # 1 Proposed Order)(Garner, James) (Entered: 04/19/2016) |
| 04/20/2016 | 131 | ORDER granting 130 Motion for Extension of Time to File Response to 5/16/2016 re 126 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . Signed by Judge Tanya Walton Pratt on 4/20/2016. (JLS) (Entered: 04/20/2016) |
| 04/22/2016 | 132 | REPLY in Support of Motion re 119 MOTION to Stay *Discovery Pending a Ruling on Defendants' Motion to Dismiss* , filed by Defendants COX |

| | | |
|---|---|---|
| | | AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Vink, Paul) (Entered: 04/22/2016) |
| 05/02/2016 | 133 | ORDER denying 119 Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss. Signed by Magistrate Judge Denise K. LaRue on 5/2/2016. (CBU) (Entered: 05/02/2016) |
| 05/13/2016 | 134 | NOTICE of Appearance by Kathleen Ann DeLaney on behalf of Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (DeLaney, Kathleen) (Entered: 05/13/2016) |
| 05/16/2016 | 135 | RESPONSE in Opposition re 126 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Attachments: # 1 Exhibit 1)(Murphy, Kerry) (Entered: 05/16/2016) |
| 05/26/2016 | 136 | REPLY in Support of Motion re 126 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *(in Support of Motion to Dismiss Amended Complaint)*, filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Exhibit 1)(Jurkiewicz, David) (Entered: 05/26/2016) |
| 06/03/2016 | 137 | MOTION for Leave to File *Surreply Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Attachments: # 1 Exhibit Proposed Sur-Reply, # 2 Text of Proposed Order)(Murphy, Kerry) (Entered: 06/03/2016) |
| 06/08/2016 | 138 | Joint MOTION for Protective Order , filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Exhibit A - Agreement to be Bound by Protective Order)(Jurkiewicz, David) (Entered: 06/08/2016) |
| 06/09/2016 | 139 | RESPONSE in Opposition re 137 MOTION for Leave to File *Surreply Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint* , filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Jurkiewicz, David) (Entered: 06/09/2016) |
| 06/09/2016 | 140 | ORDER granting 138 Motion for Protective Order. Signed by Magistrate Judge Denise K. LaRue on 6/9/2016. (CBU) (Entered: 06/10/2016) |
| 06/23/2016 | 141 | SCHEDULING ORDER-TELEPHONIC Status Conference set for 7/5/2016 at 1:00 PM (Eastern) before Magistrate Judge Denise K. LaRue. The purpose of the conference is to discuss case status and deadlines. Signed by Magistrate Judge Denise K. LaRue on 6/23/2016.(CBU) (Entered: 06/23/2016) |
| 07/15/2016 | 143 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. |

| | | |
|---|---|---|
| | | LaRue: Status Conference held on 7/5/2016 - Parties discussed case status. A discussion was held regarding discovery, settlement, case management plan ("CMP") and related matters. The CMP [Dkt. 120] is approved as amended. This matter is set for a telephonic status conference on TUESDAY, SEPTEMBER 20, 2016, AT 11:00 A.M., EASTERN. Counsel will receive call-in instructions for the conference via separate email notification. The settlement conference remains set for October 19, 2016. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 07/15/2016) |
| 07/15/2016 | 144 | ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED. Discovery due by 12/20/2016. Dispositive Motions due by 1/16/2017. Signed by Magistrate Judge Denise K. LaRue on 7/15/2016.(CBU) (Entered: 07/15/2016) |
| 08/23/2016 | 145 | MOTION for Attorney(s) Jason S. McCarter to Appear pro hac vice (Filing fee $100, receipt number 0756-4021043), filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Exhibit A - Certification of Jason McCarter, # 2 Text of Proposed Order Granting PHV McCarter)(Jurkiewicz, David) (Entered: 08/23/2016) |
| 08/23/2016 | 146 | MOTION for Attorney(s) Tracey K. Ledbetter to Appear pro hac vice (Filing fee $100, receipt number 0756-4021065), filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Exhibit A - Certification of Tracey Ledbetter, # 2 Text of Proposed Order Granting PHV Ledbetter)(Jurkiewicz, David) (Entered: 08/23/2016) |
| 08/25/2016 | 147 | ORDER granting 145 Motion to Appear pro hac vice. Attorney Jason S. McCarter for COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC. and JOHN WICK added. Signed by Magistrate Judge Denise K. LaRue on 8/25/2016 (dist made) (CBU) (Entered: 08/25/2016) |
| 08/25/2016 | 148 | ORDER granting 146 Motion to Appear pro hac vice. Attorney Tracey K. Ledbetter for COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC. and JOHN WICK added. Signed by Magistrate Judge Denise K. LaRue on 8/25/2016 (dist made) (CBU) (Entered: 08/25/2016) |
| 09/15/2016 | 150 | Witness List *Preliminary*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC., Exhibit List *Preliminary*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Attachments: # 1 Exhibit A)(Murphy, Kerry) (Entered: 09/15/2016) |
| 09/23/2016 | 151 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 9/20/2016 - Parties discussed case status |

| | | |
|---|---|---|
| | | and discovery. Given the pending motion to dismiss and the anticipated motion for class certification motion, the parties are in agreement that the settlement conference set for October 19, 2016 should be vacated. The settlement conference will be reset after a ruling is issued on the motion for class certification. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 09/23/2016) |
| 09/30/2016 | 152 | MOTION *for Voluntary Withdrawal of Young Executive Management & Consulting Services, Inc., as a Named Plaintiff,* filed by Plaintiff YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC. (Attachments: # 1 Text of Proposed Order)(Murphy, Kerry) Modified on 9/30/2016 (JLS). Modified on 10/4/2016 (MAC). (Entered: 09/30/2016) |
| 09/30/2016 | 153 | MOTION to Certify Class *and Appointment of Class Counsel,* filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 09/30/2016) |
| 09/30/2016 | 154 | BRIEF/MEMORANDUM in Support re 153 MOTION to Certify Class *and Appointment of Class Counsel* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit A-Declaration of Red Barn Motors, Inc., # 3 Exhibit B-Declaration of Platinum Motors, Inc., # 4 Exhibit C-Declaration of Mattingly Auto Sales, Inc., # 5 Exhibit D-Declaration of James M. Garner, # 6 Exhibit E-Declaration of Lynn E. Swanson, # 7 Exhibit F-Declaration of Cassie Erin Felder, # 8 Exhibit G-Declaration of Kathleen A. Delaney, # 9 Exhibit H-Sample NextGear Floorplan Agreement for the year 2005, # 10 Exhibit I-Sample NextGear Floorplan Agreement for the year 2006, # 11 Exhibit J-Sample NextGear Floorplan Agreement for the year 2007, # 12 Exhibit K-Sample NextGear Floorplan Agreement for the year 2008, # 13 Exhibit L-Sample NextGear Floorplan Agreement for the year 2009, # 14 Exhibit M-Sample NextGear Floorplan Agreement for the year 2010, # 15 Exhibit N-Sample NextGear Floorplan Agreement for the year 2011, # 16 Exhibit O-Sample NextGear Floorplan Agreement for the year 2012, # 17 Exhibit P-Sample NextGear Floorplan Agreement for the year 2013)(Murphy, Kerry) (Entered: 09/30/2016) |
| 09/30/2016 | 155 | MOTION *for Oral Argument on Plaintiffs Motion for Class Certification and Appointment of Class Counsel (R. Doc. 153),* filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order)(Murphy, Kerry) (Entered: 09/30/2016) |
| 10/03/2016 | 156 | ORDER granting Plaintiff Young's 152 Motion for Voluntary Withdrawal as a Named Plaintiff. This Order shall be without prejudice to Young's future participation in the above-captioned matter as an absent class member, should the Court grant class certification. Signed by Judge Tanya Walton Pratt on 10/3/2016. (SWM) (Entered: 10/04/2016) |
| 10/14/2016 | 157 | Exhibit List *Preliminary,* filed by Defendants COX AUTOMOTIVE, INC., |

| | | |
|---|---|---|
| | | COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK, Witness List *Preliminary*, filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Jurkiewicz, David) (Entered: 10/14/2016) |
| 10/17/2016 | 158 | MOTION for Attorney(s) Catherine E. Lasky to Appear pro hac vice (Filing fee $100, receipt number IP052880), filed by Plaintiff RED BARN MOTORS, INC., c/s. (Attachments: # 1 Cover Letter, # 2 Envelope)(JLS) (Entered: 10/17/2016) |
| 10/18/2016 | 159 | ORDER granting 158 Motion to Appear pro hac vice. Attorney Catherine E. Lasky for RED BARN MOTORS, INC. added. Signed by Magistrate Judge Denise K. LaRue on 10/18/2016 (dist made) (CBU) (Entered: 10/19/2016) |
| 10/31/2016 | 160 | RESPONSE in Opposition re 153 MOTION to Certify Class *and Appointment of Class Counsel* , filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Index of Exhibits, # 2 Declaration of Adam Galema, # 3 Exhibit A - Sample NextGear Demand Promissory Note and Loan and Security Agreement, # 4 Exhibit B - Red Barn Transaction Report, # 5 Exhibit C - 3/27/2013 Email from Samantha Snyder, # 6 Exhibit D - Mattingly Transaction Report, # 7 Exhibit E - 11/16/2012 Email from Ute Brandt, # 8 Exhibit F - Platinum DSC Demand Promissory Note and Security Agreement, # 9 Exhibit G - Platinum Transaction Report, # 10 Exhibit H - Complaint Against Platinum, # 11 Exhibit I - Certified Judgment Against Platinum, # 12 Exhibit J - Platinum Document Production, # 13 Exhibit K - NextGears Response to Interrogatory No. 13, # 14 Exhibit L - Red Barn Deposition Excerpts, # 15 Exhibit M - Red Barn DSC Demand Promissory Note and Security Agreement, # 16 Exhibit N - Red Barn Amended Bankruptcy Petition, # 17 Exhibit O - Red Barn Insider Transactions, # 18 Exhibit P - Mattingly Deposition Excerpts, # 19 Exhibit Q - Mattingly 2006 DSC Demand Promissory Note and Security Agreement, # 20 Exhibit R - Mattingly 2009 DSC Demand Promissory Note and Security Agreement, # 21 Exhibit S - Mattingly MAFS Loan and Security Agreement, # 22 Exhibit T - Certified Judgment Against Mattingly, # 23 Exhibit U - NextGear Proof of Claim, # 24 Exhibit V - Mattingly Small Claims Complaint, # 25 Exhibit W - Mattingly Settlement Agreement and Release) (Ledbetter, Tracey) (Entered: 10/31/2016) |
| 11/08/2016 | 161 | MOTION for Attorney(s) Jacob A. Airey to Appear pro hac vice (Filing fee $100, receipt number 0756-4119830), filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Coman, Matthew) (Entered: 11/08/2016) |
| 11/09/2016 | 162 | Submission of Proposed Order , re 161 MOTION for Attorney(s) Jacob A. Airey to Appear pro hac vice (Filing fee $100, receipt number 0756-4119830), filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Coman, Matthew) |

|            |     | (Entered: 11/09/2016) |
|------------|-----|------------------------|
| 11/09/2016 | 163 | MOTION for Attorney(s) Jacob A. Airey to Appear pro hac vice (No fee paid with this filing), filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., YOUNG EXECUTIVE MANAGEMENT & CONSULTING SERVICES, INC.. (Attachments: # 1 Proposed Order)(Coman, Matthew) (Entered: 11/09/2016) |
| 11/10/2016 | 164 | ORDER granting 161 Motion to Appear pro hac vice. Attorney Jacob A. Airey for MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC. and RED BARN MOTORS, INC. added. Signed by Magistrate Judge Denise K. LaRue on 11/10/2016 (dist made) (CBU) (Entered: 11/10/2016) |
| 11/15/2016 | 165 | REPLY in Support of Motion re 153 MOTION to Certify Class *and Appointment of Class Counsel* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Exhibit A-John Wick Deposition Excerpt, # 2 Exhibit B-Stuart LaBauve Deposition Excerpt, # 3 Exhibit C-Galema Deposition, # 4 Exhibit D-Account Summaries, # 5 Exhibit E-NextGear Case Lists, # 6 Exhibit F-Lourdes Givens Deposition Excerpt, # 7 Exhibit G-NextGear Mattingly Notes, # 8 Exhibit H-8/24/12 Email)(Murphy, Kerry) (Entered: 11/15/2016) |
| 12/05/2016 | 166 | MOTION for Leave to File *Sur-Reply in Opposition to 153 Plaintiffs' Motion for Class Certification*, filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Defendants' Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification, # 2 Index of Exhibits to Sur-Reply, # 3 Sur-Reply Exhibit A - Plaintiffs Third Set of Requests for Production to NextGear, # 4 Sur-Reply Exhibit B - 10/12/2007 Sample DSC Contract Documentation, # 5 Sur-Reply Exhibit C - 6/21/2011 Sample DSC Contract Documentation, # 6 Sur-Reply Exhibit D - LaBauve Deposition Excerpts, # 7 Sur-Reply Exhibit E - Red Barn Deposition Excerpts, # 8 Sur-Reply Exhibit F - Mattingly Deposition Excerpts, # 9 Sur-Reply Exhibit G - Galema Deposition Excerpts, # 10 Sur-Reply Exhibit H - Amended Responses to Interrogatory No. 14 by Red Barn, Platinum, and Mattingly, # 11 Proposed Order)(Ledbetter, Tracey) Modified on 12/6/2016 (JLS). (Entered: 12/05/2016) |
| 12/07/2016 | 167 | SCHEDULING ORDER-TELEPHONIC Status Conference set for 12/9/2016 at 12:30 PM (Eastern) before Magistrate Judge Denise K. LaRue. The purpose of this conference is to assist the parties in a discovery dispute. Before 4:00pm, EST on December 8, 2016, the parties are directed to email the Magistrate Judge and opposing counsel, a brief outline of the dispute and their respective positions on the issue. Signed by Magistrate Judge Denise K. LaRue on 12/7/2016.(CBU) (Entered: 12/07/2016) |
| 12/09/2016 | 169 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 12/9/2016, in an effort to assist the parties with a discovery dispute. The parties discussed the discovery requests at issue. (See Entry for specifics details.) Signed by Magistrate Judge Denise K. |

| | | |
|---|---|---|
| | | LaRue. (REO) (Entered: 12/09/2016) |
| 12/13/2016 | 170 | ENTRY regarding In Camera Review (See Entry). Signed by Magistrate Judge Denise K. LaRue on 12/13/2016.(CBU) (Entered: 12/13/2016) |
| 12/20/2016 | 171 | SCHEDULING ORDER-TELEPHONIC Status Conference set for 12/28/2016 at 3:00 PM (Eastern) before Magistrate Judge Denise K. LaRue. The purpose of this conference is to assist the parties in a discovery dispute. Signed by Magistrate Judge Denise K. LaRue on 12/20/2016.(CBU) (Entered: 12/20/2016) |
| 12/20/2016 | 172 | Joint MOTION to Modify *Case Management Plan*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 12/20/2016) |
| 12/21/2016 | 174 | Submission of Proposed Order *Granting Joint Motion to Modify Case Management Plan*, re 172 Joint MOTION to Modify *Case Management Plan*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 12/21/2016) |
| 12/29/2016 | 175 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 12/28/20162016, to assist the parties with a discovery dispute. (See Entry for specific details.) Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 12/29/2016) |
| 12/30/2016 | 176 | Unopposed MOTION *to Vacate Trial Date and Amend Case Management Plan*, filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Proposed Order)(Ledbetter, Tracey) (Entered: 12/30/2016) |
| 01/09/2017 | 177 | ORDER GRANTING MOTION TO VACATE TRIAL DATE AND AMEND CASE MANAGEMENT PLAN - The Court having read and considered Defendants' Motion to Vacate Trial Date and Amend Case Management Plan, and for good cause shown, it is hereby ORDERED: Trial will begin on August 28, 2017 at 9:00 a.m. in Courtroom 344 and is anticipated to take 10 days. The trial will be held before the Court and without a jury. The final pre-trial conference shall be held on August 1, 2017 at 2:00 p.m. in Room 330. The deadlines for required pre-trial preparation shall remain as stated in paragraph VIII of the Case Management Plan [Doc. 144 ]. (See Order.). Signed by Judge Tanya Walton Pratt on 1/9/2017.(JLS) (Entered: 01/10/2017) |
| 01/11/2017 | 178 | Unopposed MOTION *to Extend Deadline to File Statements of Claims*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Order)(Murphy, Kerry) (Entered: 01/11/2017) |
| 01/30/2017 | 179 | MOTION to Withdraw Attorney Appearance *OBO Joshua P. Melder*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC., BARBARA A. RICHARDSON, DONALD B. RICHARDSON, YOUNG EXECUTIVE MANAGEMENT & |

| | | |
|---|---|---|
| | | CONSULTING SERVICES, INC.. (Felder, Cassie) (Entered: 01/30/2017) |
| 01/31/2017 | 180 | ORDER granting 179 Motion to Withdraw Attorney Appearance. Attorney Joshua P. Melder withdrawn. Signed by Judge Tanya Walton Pratt on 1/31/2017. (JLS) (Entered: 01/31/2017) |
| 02/28/2017 | 181 | ORDER granting 172 Motion to Modify Case Management Plan. Signed by Magistrate Judge Denise K. LaRue on 2/28/2017. (CBU) (Entered: 02/28/2017) |
| 02/28/2017 | 182 | ORDER granting 178 Motion to extend deadline to file Statement of Claims within 30 days after an Order is entered on Defendants' motion to dismiss. Signed by Magistrate Judge Denise K. LaRue on 2/28/2017. (CBU) (Entered: 02/28/2017) |
| 03/08/2017 | 183 | MOTION in Limine *to Exclude Expert Testimony of David P. Hoffman*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit Exhibit A-David Hoffman Expert Report, # 3 Exhibit Exhibit B-Order Confirming Chapter 11 Plan)(Murphy, Kerry) (Entered: 03/08/2017) |
| 03/22/2017 | 184 | RESPONSE in Opposition re 183 MOTION in Limine *to Exclude Expert Testimony of David P. Hoffman* , filed by Defendants COX AUTOMOTIVE, INC., COX ENTERPRISES, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 03/22/2017) |
| 03/27/2017 | 185 | ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY - Upon close review of the parties' briefing, the Court determines that the Defendants' Reply Brief did not inject new evidence, arguments, or issues into the Motion to Dismiss. Instead, the Reply Brief provided the Defendants' response to the arguments advanced by the Plaintiffs in their Response Brief. The limited circumstances for allowing a surreply--to address new arguments or evidence raised in the reply brief--are not present in this case, and as a result, the Court DENIES the Plaintiffs' Motion for Leave to File Surreply in Opposition to Defendants' Motion to Dismiss (Filing No. 137 ). (See Order.) Signed by Judge Tanya Walton Pratt on 3/27/2017. (JLS) (Entered: 03/27/2017) |
| 03/27/2017 | 186 | ORDER ON DEFENDANTS' MOTION TO DISMISS - For the reasons stated herein, Defendants' Motion to Dismiss (Filing No. 126 ) is granted in part and denied in part. The Plaintiffs' breach of contract claim and constructive fraud claim against NextGear survive the Motion to Dismiss. The substantive RICO claim against NextGear, Cox Automotive, and Mr. Wick also survives dismissal. The claims for RICO conspiracy, unjust enrichment, and tortious interference are dismissed. The Court concludes, however, that these dismissals should be with without prejudice. Fed. R., Civ. P. 15 directs that courts should "freely" grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15 (a)(2). If in fact, Plaintiffs' can plead sufficient facts to support their claims for RICO conspiracy, unjust enrichment, and tortious interference they are granted leave to file a Second Amended |

| | | |
|---|---|---|
| | | Complaint within fourteen (14) days of the date of this Entry. (See Order.) Signed by Judge Tanya Walton Pratt on 3/27/2017. (JLS) (Entered: 03/27/2017) |
| 03/27/2017 | 187 | ORDER ON DEFENDANTS' MOTION TO STRIKE JURY DEMAND - Because the Plaintiffs contractually waived their right to a jury trial on any claims arising from their contracts with the Defendants, and those contracts are the basis of this litigation, the Court GRANTS the Defendants' Motion to Strike Jury Demand from the Plaintiffs' Amended Complaint (Filing No. 128 ). All claims in this litigation will be tried by the Court. (See Order.) Signed by Judge Tanya Walton Pratt on 3/27/2017 (JLS). (Entered: 03/27/2017) Modified on 3/27/2017 (JLS). (Entered: 03/27/2017) |
| 04/10/2017 | 188 | ANSWER to 117 Amended Complaint , filed by COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK.(Ledbetter, Tracey) (Entered: 04/10/2017) |
| 04/11/2017 | 189 | ORDER granting 155 Motion. The Plaintiffs, Red BarnMotors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. is hereby set for oralargument to commence on May 9, 2017 at 10:00 a.m. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, Indianapolis, Indiana. Each side shall be allotted twenty minutes for a total of forty minutes. (See Order.) Signed by Judge Tanya Walton Pratt on 4/11/2017.(JLS) (Entered: 04/11/2017) |
| 04/26/2017 | 190 | Statement *of Claims They Intend to Prove at Trial* by MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Coman, Matthew) (Entered: 04/26/2017) |
| 04/26/2017 | 191 | Statement *of Claims and Defenses* by COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 04/26/2017) |
| 04/26/2017 | 192 | MOTION for Summary Judgment , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 04/26/2017) |
| 04/26/2017 | 193 | BRIEF/MEMORANDUM in Support re 192 MOTION for Summary Judgment , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 04/26/2017) |
| 04/26/2017 | 194 | MOTION for Partial Summary Judgment *on Breach of Contract Claim*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 04/26/2017) |
| 04/26/2017 | 195 | BRIEF/MEMORANDUM in Support re 194 MOTION for Partial Summary Judgment *on Breach of Contract Claim* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 04/26/2017) |
| 04/26/2017 | 196 | Designation of Evidence re 195 Brief/Memorandum in Support *of 194 Motion for Partial Summary Judgment on Breach of Contract Claim*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., |

| | | |
|---|---|---|
| | | RED BARN MOTORS, INC.. (Attachments: # 1 Exhibit Exhibit A - Excerpt of NextGear 30(b)(6) Deposition Transcript and Exh. 2, # 2 Exhibit Exhibit B - Excerpt of Adam Galema Deposition Transcript, # 3 Exhibit Exhibit C - NextGear 1st Amd Disc Responses to Plaintiffs' 1st Set of Disc., # 4 Exhibit Exhibit D - Excerpt of Jay Cunningham Deposition Transcript and Report, # 5 Exhibit Exhibit E - Email btwn T. Ledbetter, K. Lasky & K. Murphy, # 6 Exhibit Exhibit F - Excerpt of David Hoffman Deposition Transcript) (Murphy, Kerry) Modified on 4/27/2017 (JD). (Entered: 04/26/2017) |
| 04/26/2017 | 197 | Appendix of Exhibits in Support of Motion re 192 MOTION for Summary Judgment *and Brief in Support*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Exhibit 1 - NextGear's Response to Interrogatory 13, # 2 Exhibit 2 - Red Barns Responses to Interrogatories 6 and 12, # 3 Exhibit 3 - Mattinglys Responses to Interrogatories 9-12, # 4 Exhibit 4 - Platinum's Responses to Interrogatories 9-12, # 5 Exhibit 5 - Notices of 30(b)(6) Depositions, # 6 Exhibit 6 - Red Barn (London) Deposition Excerpts, # 7 Exhibit 7 - Red Barn (Richardson) Deposition Excerpts, # 8 Exhibit 8 - Mattingly Deposition Excerpts, # 9 Exhibit 9 - Platinum Deposition Excerpts, # 10 Exhibit 10 - Galema Deposition Excerpts, # 11 Exhibit 11 - Givens Deposition Excerpts, # 12 Exhibit 12 - LaBauve Deposition Excerpts, # 13 Exhibit 13 - 10/31/2016 Declaration of Adam Galema, # 14 Exhibit 13-A - Sample NextGear Demand Promissory Note and Loan and Security Agreement, # 15 Exhibit 13-B - Red Barn Transaction Report, # 16 Exhibit 13-C - 3/27/2013 Email from Samantha Snyder, # 17 Exhibit 13-D - Mattingly Transaction Report, # 18 Exhibit 13-E - 11/16/2012 Email from Ute Brandt, # 19 Exhibit 13-F - Platinum DSC Demand Promissory Note and Security Agreement, # 20 Exhibit 13-G - Platinum Transaction Report, # 21 Exhibit 13-H - Complaint Against Platinum, # 22 Exhibit 13-I - Certified Judgment Against Platinum, # 23 Exhibit 13-J - Platinum Document Production, # 24 Exhibit 14 - 4/26/2017 Declaration of Adam Galema, # 25 Exhibit 15 - Declaration of Mike McKinney, # 26 Exhibit 16 - Declaration of Jeff Modjeski, # 27 Exhibit 17 - Declaration of Brandon Walton, # 28 Exhibit 18 - Declaration of Chuck Werner, # 29 Exhibit 19 - Declaration of John Wick, # 30 Exhibit 20 - Excerpts from Expert Report of Jay Cunningham, # 31 Exhibit 21 - Red Barn DSC Demand Promissory Note and Security Agreement, # 32 Exhibit 22 - Red Barn Amended Bankruptcy Petition, # 33 Exhibit 23 - Red Barn Insider Transactions, # 34 Exhibit 24 - Mattingly 2006 DSC Demand Promissory Note and Security Agreement, # 35 Exhibit 25 - Mattingly 2009 DSC Demand Promissory Note and Security Agreement, # 36 Exhibit 26 - Certified Judgment Against Mattingly, # 37 Exhibit 27 - Platinum DSC Demand Promissory Note and Security Agreement, # 38 Exhibit 28 - VA State Corporation Commission Business Entity Details)(Ledbetter, Tracey) (Entered: 04/26/2017) |
| 04/28/2017 | 198 | Amended MOTION to Appoint Counsel *Class Counsel*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Exhibit A- Declaration of Kerry A Murphy)(Murphy, Kerry) (Entered: 04/28/2017) |

| 05/05/2017 | 199 | ENTRY ON DEFENDANTS' MOTION FOR LEAVE TO FILE SUDRREPLY - The proposed brief does not substantively address the Plaintiffs' newly-proposed narrower class or the evidence raised in the Plaintiffs' Reply Brief. It appears that the proposed surreply brief is an attempt by the Defendants to "get the final word." This is not a proper purpose for a surreply brief. As such, the Court DENIES the Defendants' Motion for Leave to File Surreply (Filing No. 166 ). (See Order.) Signed by Judge Tanya Walton Pratt on 5/5/2017. (JLS) (Entered: 05/05/2017) |
|---|---|---|
| 05/08/2017 | 200 | Submission of Proposed Order re 198 Amended MOTION to Appoint Counsel *Class Counsel*, 154 Brief/Memorandum in Support, 153 MOTION to Certify Class *and Appointment of Class Counsel Revised Proposed Order* by All Plaintiffs. (Murphy, Kerry) Modified on 5/8/2017 (JLS). (Entered: 05/08/2017) |
| 05/10/2017 | 201 | MINUTE ENTRY for oral argument held before Judge Tanya Walton Pratt on 5/9/2017: Parties appeared by counsel. Argument held. This matter was taken under advisement. Signed by Judge Tanya Walton Pratt. (Court Reporter David Moxley.)(TRG) (Entered: 05/10/2017) |
| 05/12/2017 | 202 | TRANSCRIPT of Oral Argument held on 05/09/2017 before Judge Tanya Walton Pratt. (30 pages.) Court Reporter/Transcriber: David Moxley (Telephone: (317) 916-8209). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 6/2/2017. Release of Transcript Restriction set for 8/10/2017. (Moxley, David) Released on 8/10/2017 (SWM). (Entered: 05/12/2017) |
| 05/12/2017 | 203 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Oral Argument held before Judge Tanya Walton Pratt on 05/09/2017 (Moxley, David) (Entered: 05/12/2017) |
| 05/15/2017 | 204 | NOTICE *of Additional Authority Regarding Class Certification*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK, re 153 MOTION to Certify Class *and Appointment of Class Counsel.* (Ledbetter, Tracey) (Entered: 05/15/2017) |
| 05/16/2017 | 205 | MOTION to Strike 204 Notice (Other) *Defendants' Notice of Additional Authority Regarding Class Certification*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Proposed Order)(Murphy, Kerry) (Entered: 05/16/2017) |
| 05/17/2017 | 206 | RESPONSE in Opposition re 205 MOTION to Strike 204 Notice (Other) *Defendants' Notice of Additional Authority Regarding Class Certification* , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 05/17/2017) |
| 05/19/2017 | 207 | RESPONSE in Opposition re 194 MOTION for Partial Summary Judgment *on Breach of Contract Claim* , filed by Defendant NEXTGEAR CAPITAL, INC.. (Ledbetter, Tracey) (Entered: 05/19/2017) |

| 05/19/2017 | 208 | Appendix of Exhibits in Support of Response in Opposition to Motion re 194 MOTION for Partial Summary Judgment *on Breach of Contract Claim* , filed by Defendant NEXTGEAR CAPITAL, INC.. (Attachments: # 1 Exhibit 29 - NextGear Deposition Excerpts, # 2 Exhibit 30 - Excerpts from Expert Report of Jeffrey D. Widholm, # 3 Exhibit 31 - Widholm Deposition Excerpts) (Ledbetter, Tracey) (Entered: 05/19/2017) |
|---|---|---|
| 05/24/2017 | 209 | RESPONSE in Opposition re 192 MOTION for Summary Judgment , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Garner, James) (Entered: 05/24/2017) |
| 05/24/2017 | 210 | Appendix of Exhibits in Support of Response in Opposition to Motion re 192 MOTION for Summary Judgment , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14) (Garner, James) (Entered: 05/24/2017) |
| 06/02/2017 | 211 | REPLY in Support of Motion re 194 MOTION for Partial Summary Judgment *on Breach of Contract Claim* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 06/02/2017) |
| 06/07/2017 | 212 | REPLY in Support of Motion re 192 MOTION for Summary Judgment , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 06/07/2017) |
| 06/21/2017 | 213 | MOTION for Continuance *Final Pretrial Conference and Bench Trial Settings*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order)(Lasky, Catherine) (Entered: 06/21/2017) |
| 06/21/2017 | 214 | MOTION to Stay re 194 MOTION for Partial Summary Judgment *on Breach of Contract Claim Ruling*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order)(Lasky, Catherine) (Entered: 06/21/2017) |
| 06/23/2017 | 215 | RESPONSE to Motion re 213 MOTION for Continuance *Final Pretrial Conference and Bench Trial Settings* , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Text of Proposed Order)(Ledbetter, Tracey) (Entered: 06/23/2017) |
| 06/23/2017 | 216 | RESPONSE in Opposition re 214 MOTION to Stay re 194 MOTION for Partial Summary Judgment *on Breach of Contract Claim Ruling* , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 06/23/2017) |
| 06/28/2017 | 217 | MOTION to Stay *Class Discovery*, filed by Defendants COX |

| | | |
|---|---|---|
| | | AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Text of Proposed Order)(Ledbetter, Tracey) (Entered: 06/28/2017) |
| 06/28/2017 | 218 | MOTION in Limine *to Exclude Expert Testimony of Dan Wojcik*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Exhibit 1 - Expert Report of Dan Wojcik, # 2 Exhibit 2 - Deposition of Dan Wojcik, # 3 Text of Proposed Order)(Ledbetter, Tracey) (Entered: 06/28/2017) |
| 06/29/2017 | 219 | ORDER - granting 213 Motion for Continuance; Bench Trial is reset for 12/4/2017 09:00 AM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Final Pretrial Conference reset for 11/8/2017 02:00 PM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Signed by Judge Tanya Walton Pratt on 6/29/2017.(CKM) (Entered: 06/29/2017) |
| 06/29/2017 | 220 | ORDER - granting in part and denying in part 153 Motion to Certify Class; granting 198 Motion to Appoint Counsel *** SEE ORDER ***. Signed by Judge Tanya Walton Pratt on 6/29/2017. (CKM) (Entered: 06/29/2017) |
| 06/29/2017 | 221 | ORDER REASSIGNING CASE - Pursuant to 28 U.S.C. Section 137 and Local Rule 40-1(f), this matter has been reassigned to Magistrate Judge Debra McVicker Lynch. Judge Denise K. LaRue is no longer assigned to the case. Please include the new case number,1:14-cv-01589-TWP-DML, on all future filings in this matter. Signed by Judge Jane Magnus-Stinson on 6/29/2017. (NLR) (Entered: 06/29/2017) |
| 06/29/2017 | 222 | Joint MOTION *to Reset Witness and Exhibit List Deadline*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Text of Proposed Order)(Ledbetter, Tracey) (Entered: 06/29/2017) |
| 06/29/2017 | 223 | ENTRY denying Plaintiffs' 205 Motion to Strike Defendants' Notice of Additional Authority. See Entry. Signed by Judge Tanya Walton Pratt on 6/29/2017. (SWM) (Entered: 06/30/2017) |
| 07/02/2017 | 224 | ORDER granting 222 Motion to Reset Witness and Exhibit List Deadline. All parties shall file and serve their final witness and exhibit lists on or before October 6, 2017. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony and counsel's certification that the witness has been interviewed and/or deposed. Signed by Judge Tanya Walton Pratt on 7/2/2017. (LBT) (Entered: 07/03/2017) |
| 07/02/2017 | 225 | ORDER ON PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY - 183 Motion in Limine is DENIED. An order in limine is not a final, appealable order. Evidentiary rulings regarding Hoffman's anticipated |

| | | |
|---|---|---|
| | | testimony are deferred until trial so that questions of foundation, relevancy, and prejudice can be resolved in context. If the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence. See Order for details. Signed by Judge Tanya Walton Pratt on 7/2/2017. (LBT) (Entered: 07/03/2017) |
| 07/03/2017 | 226 | RESPONSE in Opposition re 217 MOTION to Stay *Class Discovery* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 07/03/2017) |
| 07/11/2017 | 227 | SCHEDULING ORDER-TELEPHONIC Status Conference set for 7/25/2017 at 11:00 AM before Magistrate Judge Debra McVicker Lynch. Signed by Magistrate Judge Debra McVicker Lynch on 7/11/2017.(CBU) (Entered: 07/11/2017) |
| 07/12/2017 | 228 | MOTION for Reconsideration re 220 Order on Motion to Certify ClassOrder on Motion to Appoint Counsel *and/or*, MOTION to Modify , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 07/12/2017) |
| 07/12/2017 | 229 | RESPONSE in Opposition re 218 MOTION in Limine *to Exclude Expert Testimony of Dan Wojcik* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Garner, James) (Entered: 07/12/2017) |
| 07/14/2017 | 230 | MOTION to Stay *Class Discovery and Notice to the Class*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Exhibit A - Plaintiffs' Fourth, Fifth and Sixth Set of Discovery Requests to NextGear, # 2 Exhibit B - NextGear 30(b)(6) Dep. Excerpts, # 3 Exhibit C - Adam Galema Declaration, # 4 Text of Proposed Order)(Jurkiewicz, David) (Entered: 07/14/2017) |
| 07/19/2017 | 231 | REPLY in Support of Motion re 218 MOTION in Limine *to Exclude Expert Testimony of Dan Wojcik* , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 07/19/2017) |
| 07/26/2017 | 232 | RESPONSE in Opposition re 228 MOTION for Reconsideration re 220 Order on Motion to Certify ClassOrder on Motion to Appoint Counsel *and/or* MOTION to Modify *Class Certification Order*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 07/26/2017) |
| 07/26/2017 | 233 | ENTRY from Status Conference held before Magistrate Judge Debra McVicker Lynch on 7/25/2017. The conference was held and concluded without further order. Signed by Magistrate Judge Debra McVicker Lynch. (KGK) (Entered: 07/27/2017) |
| 07/28/2017 | 234 | RESPONSE in Opposition re 230 MOTION to Stay *Class Discovery and Notice to the Class* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # |

| | | |
|---|---|---|
| | | 1 Exhibit A - Deposition Excerpts of Adam Galema 11.10.16)(Garner, James) (Entered: 07/28/2017) |
| 08/02/2017 | 235 | REPLY in Support of Motion re 228 MOTION for Reconsideration re 220 Order on Motion to Certify ClassOrder on Motion to Appoint Counsel *and/or* MOTION to Modify , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 08/02/2017) |
| 08/04/2017 | 236 | REPLY in Support of Motion re 230 MOTION to Stay *Class Discovery and Notice to the Class* , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 08/04/2017) |
| 08/10/2017 | 237 | MOTION to Modify *Class Certification Order to Narrow Class*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 8/10/2017 Declaration of Adam Galema, # 2 Exhibit A - NextGear Demand Promissory Note and Loan and Security Agreement (2013 Note), # 3 Exhibit B - Redacted List of Dealers)(Ledbetter, Tracey) (Entered: 08/10/2017) |
| 08/11/2017 | 238 | ORDER - The court GRANTS the plaintiffs' motion Dkt. 214 to delay ruling on their motion for partial summary judgment on their breach of contract claim until notice is given and the opt-out period has expired. The court DENIES the defendants' motion to stay class discovery, at Dkt. 217 , but without prejudice to the arguments they have made in their more recent discovery motion, at Dkt. 230. Signed by Magistrate Judge Debra McVicker Lynch on 8/11/2017. (CKM) (Entered: 08/11/2017) |
| 08/11/2017 | 239 | ORDER on Motion to Stay Class Discovery and Class Notice; The defendants' motion Dkt. 230 to stay class discovery and notice to the class is GRANTED IN PART AND DENIED IN PART as provided in this order. Signed by Magistrate Judge Debra McVicker Lynch on 8/11/2017. *** SEE ORDER *** (CKM) (Entered: 08/11/2017) |
| 08/23/2017 | 240 | Defendants' Objections to Magistrate Judge's Orders on Motions to Stay, and Request to Stay Discovery Regarding Subset of Class re 239 Order on Motion to Stay and 238 Order on Motion , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) Modified on 8/29/2017 (TRG). (Entered: 08/23/2017) |
| 08/24/2017 | 241 | RESPONSE in Opposition re 237 MOTION to Modify *Class Certification Order to Narrow Class* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 08/24/2017) |
| 08/29/2017 | 242 | RESPONSE in Opposition to *240 Defendants' Objections to Magistrate Judge's Orders* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) Modified on 8/30/2017 to create link to related document (MEJ). (Entered: 08/29/2017) |

| | | |
|---|---|---|
| 08/31/2017 | 243 | REPLY in Support of Motion re 237 MOTION to Modify *Class Certification Order to Narrow Class* , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 08/31/2017) |
| 09/01/2017 | 244 | MOTION for Protective Order , filed by Defendant NEXTGEAR CAPITAL, INC.. (Ledbetter, Tracey) (Entered: 09/01/2017) |
| 09/05/2017 | 245 | REPLY in Support of Motion re 240 *Objection to Magistrate Judge's Orders*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Vink, Paul) (Entered: 09/05/2017) |
| 09/08/2017 | 246 | RESPONSE in Opposition re 244 MOTION for Protective Order , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Exhibit A (NextGear's First Amended Responses and Objections to Plaintiffs' Fourth Set of Written Discovery))(Murphy, Kerry) (Entered: 09/08/2017) |
| 09/15/2017 | 247 | NOTICE *Joint Notice Regarding Form of Class Notice*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC. (Attachments: # 1 Exhibit A (class notice with arbitration language), # 2 Exhibit B (class notice without arbitration language)) (Murphy, Kerry) (Entered: 09/15/2017) |
| 09/15/2017 | 248 | REPLY in Support of Motion re 244 MOTION for Protective Order , filed by Defendant NEXTGEAR CAPITAL, INC.. (Ledbetter, Tracey) (Entered: 09/15/2017) |
| 09/22/2017 | 249 | MOTION *to Proceed with Class Notice to Known Class Members and Proposed Procedures for Providing Notice to Class Members Pursuant to Rule 23(c)(2)(B)*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Murphy, Kerry) (Entered: 09/22/2017) |
| 10/04/2017 | 250 | ORDER denying Defendants' 244 Motion for Protective Order. The court DENIES the motion. It already ruled on this issue in the Order on Motion to Stay Class Discovery and Class Notice, at Dkt. 239 . Signed by Magistrate Judge Debra McVicker Lynch on 10/4/2017. (SWM) (Entered: 10/05/2017) |
| 10/06/2017 | 251 | Joint MOTION for Extension of Time to October 13, 2017 *to File Witness and Exhibit List*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Text of Proposed Order) (Ledbetter, Tracey) (Entered: 10/06/2017) |
| 10/06/2017 | 252 | RESPONSE in Opposition re 249 MOTION *to Proceed with Class Notice to Known Class Members and Proposed Procedures for Providing Notice to Class Members Pursuant to Rule 23(c)(2)(B)* , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 10/06/2017) |
| 10/10/2017 | 253 | ORDER granting 251 Motion for Extension of Time to Extend Witness and |

| | | |
|---|---|---|
| | | Exhibit List Deadline. All parties shall file and serve their final witness and exhibit lists on or before October 13, 2017. Signed by Judge Tanya Walton Pratt on 10/10/2017. (MEJ) (Entered: 10/10/2017) |
| 10/12/2017 | 254 | Joint MOTION for Continuance *of Trial and Pre-Trial Deadlines*, filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Attachments: # 1 Text of Proposed Order)(Ledbetter, Tracey) (Entered: 10/12/2017) |
| 10/13/2017 | 255 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK re 250 Order on Motion for Protective Order, 248 Reply in Support of Motion (Ledbetter, Tracey) (Entered: 10/13/2017) |
| 10/13/2017 | 256 | ORDER granting 254 Motion for Continuance. The deadline of October 13, 2017 for the parties to file and serve their final witness and exhibit lists; the November 8, 2017 Final Pretrial Conference date; the December 4, 2017 bench trial date; and all associated pretrial deadlines in this matter be and hereby are VACATED, to be reset by the Court in a separate Order. Signed by Judge Tanya Walton Pratt on 10/13/2017. (MEJ) (Entered: 10/13/2017) |
| 10/13/2017 | 257 | REPLY in Support of Motion re 249 MOTION *to Proceed with Class Notice to Known Class Members and Proposed Procedures for Providing Notice to Class Members Pursuant to Rule 23(c)(2)(B)* , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 10/13/2017) |
| 10/16/2017 | 258 | SCHEDULING ORDER: Bench Trial set for 3/5/2018 at 9:00 AM (Eastern Time) in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Final Pretrial Conference set for 2/7/2018 at 11:00 AM (Eastern Time) in room #330, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Signed by Judge Tanya Walton Pratt on 10/16/2017. (MEJ) (Entered: 10/16/2017) |
| 10/23/2017 | 259 | RESPONSE in Opposition re 255 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK re 250 Order on Motion for Protective Order, 248 Reply in Support of Motion , filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Murphy, Kerry) (Entered: 10/23/2017) |
| 10/30/2017 | 260 | REPLY in Support of Motion re 255 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK re 250 Order on Motion for Protective Order, 248 Reply in Support of Motion , filed by Defendants COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC., JOHN WICK. (Ledbetter, Tracey) (Entered: 10/30/2017) |
| 01/12/2018 | 261 | ORDER ON PENDING MOTIONS - For the foregoing reasons, the Court GRANTS the Defendants' Motion to Reconsider (Filing No. 228 ) and |

| | | |
|---|---|---|
| | | decertifies the Plaintiffs' breach of contract and RICO claims. This litigation will no longer proceed as a class action. The Court DENIES as moot the Defendants' Motion to Narrow Class (Filing No. 237 ), the Defendants' Objections to Magistrate Judge's Orders (Filing No. 240 ; Filing No. 255 ), and the Plaintiffs'Motion to Proceed with Class Notice (Filing No. 249 ). Signed by Judge Tanya Walton Pratt on 1/12/2018. (MEJ) (Entered: 01/12/2018) |
| 01/12/2018 | 262 | ORDER ON MOTIONS FOR SUMMARY JUDGMENT - For the foregoing reasons, the Court DENIES the Plaintiffs' Motion for Partial Summary Judgment on Breach of C ontract Claim (Filing No. 194 ), and GRANTS in part and denies in part the Defendants' Motion for Summary Judgment (Filing No. 192 ). The Defendants' Motion is GRANTED as to the constructive fraud claim against NextGear and the RICO claim against NextGear, Cox Automotive, and Mr. Wick. With no remaining claims pending against them, Cox Automotive and Mr. Wick are dismissed as defendants. The Defendants' Motion is DENIED as to the breach of contract claim against NextGear, and this claim will proceed to a bench trial. In light of the Court's Order at Filing No. 261 , this litigation will no longer proceed as a class action. Signed by Judge Tanya Walton Pratt on 1/12/2018. (MEJ) (Entered: 01/12/2018) |
| 01/19/2018 | 263 | Joint MOTION for Continuance *of Trial and Pre-Trial Deadlines*, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC.. (Attachments: # 1 Text of Proposed Order) (Murphy, Kerry) (Entered: 01/19/2018) |
| 01/19/2018 | 264 | ORDER - 218 Motion in Limine is denied as to the expert opinions of Dan Wojcik. Signed by Judge Tanya Walton Pratt on 1/19/2018. (MEJ) (Entered: 01/19/2018) |
| 01/22/2018 | 265 | ORDER - The Court having read and considered the Joint Motion to Continue Trial and Pre-Trial Deadlines 263 , and for good cause shown; that being that the Plaintiffs intend to file a Rule 23(f) petition seeking review of the decertification order prior to January 26, 2018. The February 7, 2018 Final Pretrial Conference date; the March 5, 2018 bench trial date; and all associated pretrial deadlines in this matter be and hereby are VACATED, to be reset by the Court in a separate Order. Signed by Judge Tanya Walton Pratt on 1/22/2018. (MEJ) (Entered: 01/23/2018) |
| 01/23/2018 | 266 | Notification received from 7th Circuit Court of Appeals. Petition for Permission to Appeal filed by RED BARN MOTORS, INC., PLATINUM MOTORS, INC. and MATTINGLY AUTO SALES, INC. assigned Appeal No. 18-8004. (LBT) (Entered: 01/24/2018) |
| 02/22/2018 | 267 | NOTICE OF APPEAL/USCA Order Granting Permission to Appeal re 261 Order on Pending Motions, filed by Plaintiffs MATTINGLY AUTO SALES, INC., PLATINUM MOTORS, INC., RED BARN MOTORS, INC. (Filing fee $505, receipt number IP059331) (LBT) (Entered: 02/22/2018) |

**Case #: 1:14-cv-01589-TWP-DML**