# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse | | Office of the Clerk |
| Room 2722 - 219 S. Dearborn Street | | Phone: (312) 435-5850 |
| Chicago, Illinois 60604 | | www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

March 8, 2019

To:   Laura A. Briggs
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis , IN 46204-0000

| | |
|---|---|
| No. 18-1409 | RED BARN MOTORS, INC., et al., <br>   Plaintiffs - Appellants <br><br> v. <br><br> NEXTGEAR CAPITAL, INC., <br>   Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 1:14-cv-01589-TWP-DML <br> Southern District of Indiana, Indianapolis Division <br> District Judge Tanya Walton Pratt | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

| | |
|---|---|
| AMOUNT OF BILL OF COSTS (do not include the $): | 967.50 |
| | |
| DATE OF MANDATE OR AGENCY CLOSING LETTER ISSUANCE: | 03/08/2019 |

RECORD ON APPEAL STATUS:        No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                              **Received by:**

    3/8/2019
_____
                                                    ___*Maggie Trigg*___
                                                    Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov



## FINAL JUDGMENT

February 14, 2019

Before:
DIANE P. WOOD, Chief Circuit Judge
ILANA DIAMOND ROVNER, Circuit Judge
MICHAEL B. BRENNAN, Circuit Judge

| No. 18-1409 | RED BARN MOTORS, INC., et al.,<br> Plaintiffs - Appellants<br><br>v.<br><br>NEXTGEAR CAPITAL, INC.,<br>Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:14-cv-01589-TWP-DML<br>Southern District of Indiana, Indianapolis Division<br>District Judge Tanya Walton Pratt ||

The judgment of the District Court is **VACATED** and this case is **REMANDED** in accordance with the decision of this court entered on February 13, 2019. Costs should be awarded to the plaintiffs-appellants.

form name: **c7_FinalJudgment**(form ID: **132**)

In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 18-1409

RED BARN MOTORS, INC., *et al.*,

                      *Plaintiffs-Appellants*,

*v.*

NEXTGEAR CAPITAL, INC.,

                      *Defendant-Appellee*.

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:14-cv-01589-TWP-DML — **Tanya Walton Pratt,** *Judge*.

_____

ARGUED SEPTEMBER 7, 2018 — DECIDED FEBRUARY 13, 2019

_____

Before WOOD, *Chief Judge,* and ROVNER and BRENNAN, *Circuit Judges*.

ROVNER, *Circuit Judge*. This appeal presents us with only the narrow issue of whether the district court erred in rescinding class certification. The defendant-appellee, NextGear Capital, Inc., formerly known as Dealer Services Corporation, provided lines of credit for financing the operations of used car dealerships. The plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc. and Mattingly Auto Sales, Inc., operated

Case 1:14-cv-01589-TWP-DLP   Document 273   Filed 03/08/19   Page 5 of 15 PageID #: 5742
Case: 18-1409      Document: 00713381401           Filed: 03/08/2019        Pages: 10       (2 of 15)

2                                                                  No. 18-1409

used car dealerships, and were solicited by NextGear to enter into a contract called a Demand Promissory Note and Security Agreement (the "Agreement"), whereby NextGear would issue a line of credit for them to access in purchasing used vehicles at automobile auctions. Those agreements provided the plaintiffs with a revolving line of credit, called a floorplan agreement, to purchase vehicles at the auction which they subsequently would sell at their dealerships.

In the typical auction and financing transaction, a new car dealer provides a trade-in vehicle to an auction company, which presents the vehicle to used car dealers at an auction. If a used car dealer's bid is accepted, that dealer takes possession of the vehicle. The dealer then either pays the auction company directly or utilizes an automotive financing company such as NextGear, which pays the auction company and provides financing by means of the floorplan agreement to the dealer for repayment. The auction company forwards the title to the entity that paid for the vehicle—either the used car dealer or the financing company. According to the plaintiffs, NextGear deviated from that sequence. It did not pay the auction house at the time that possession was delivered, instead paying only after it received the title to the vehicles purchased. Although it could take as long as eight weeks for NextGear to receive that title and pay the money to the auction company, NextGear nevertheless charged interest and curtailment fees to the plaintiffs from the date of the initial purchase. The plaintiffs brought this action challenging that imposition of interest fees during the period prior to the receipt of title, when NextGear was not yet paying any funds to the auction house. They sought class certification to pursue that challenge on behalf of all other dealers who were subject

No. 18-1409 3

to the same Agreement with NextGear and were charged such interest.

Federal Rule of Civil Procedure 23(a) sets forth explicit requirements for a case to proceed as a class action:

> (1) the class is so numerous that joinder of all members is impracticable (numerosity);
>
> (2) there are questions of law or fact common to the class (commonality);
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and
>
> (4) the representative parties will fairly and adequately protect the interests of the class (adequacy of representation).

*Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 433 (7th Cir. 2015). In addition, one of the four categories set forth in Federal Rule of Civil Procedure 23(b) must be met in order for a case to proceed as a class action. The plaintiffs in this case assert that the case falls within Rule 23(b)(3) which considers whether "questions of law or fact common to class members predominate over any questions affecting only individual members, and … a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The plaintiffs' amended complaint included numerous claims including breach of contract, constructive fraud, tortious interference with business relationships, unjust enrichment, RICO violations, and RICO conspiracy. The district court granted class certification as to the breach of contract

Case 1:14-cv-01589-TWP-DLP Document 273 Filed 03/08/19 Page 7 of 15 PageID #: 5744
Case: 18-1409 Document: 00713381401 Filed: 03/08/2019 Pages: 10 (4 of 15)

4 No. 18-1409

claim against NextGear and the substantive RICO claim against NextGear, Cox Automotive and John Wick pursuant to Federal Rule of Civil Procedure 23(a). In an extensive 30-page analysis, the court determined that the plaintiffs met all of the requirements of the Rule 23(a) factors—ascertainability, numerosity, commonality, typicality, and adequacy of representation—and that the plaintiffs had also demonstrated under Rule 23(b)(3) that a class action was superior to other methods of adjudication. Accordingly, on June 29, 2017, it granted class status as to those claims.

Approximately two weeks later, NextGear filed a Motion to Reconsider and/or Modify Class Certification Order. It argued that the court failed to consider evidence and arguments submitted after the initial class certification briefing. Specifically, NextGear maintained that the plaintiffs had asserted for the first time in summary judgment briefing that the floorplan agreements are ambiguous on their face, and that under such a theory courts must resort to extrinsic evidence on a plaintiff-by-plaintiff basis to determine the parties' intent regarding the contract. NextGear argued to the district court that "when ambiguity in a contract has 'open[ed] the door for extrinsic evidence,' then 'liability to the entire class for breach of contract cannot be established with common evidence.'" Dist. Ct. Order on Pending Motions (1/12/2018) at 5, citing *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1030 (8th Cir. 2010).

In response, the plaintiffs argued that NextGear presented no new arguments that would warrant reconsideration, and that the argument concerning ambiguous contracts and the impact on class certification had already been presented in the Defendants' Notice of Additional Authority and at oral argument on class certification. In addition, they argued that

Case 1:14-cv-01589-TWP-DLP   Document 273   Filed 03/08/19   Page 8 of 15 PageID #: 5745
Case: 18-1409     Document: 00713381401       Filed: 03/08/2019      Pages: 10      (5 of 15)

No. 18-1409                                                                         5

NextGear had mischaracterized their ambiguity argument. The plaintiffs asserted that they continued to argue that the contracts were unambiguous, and that only in the alternative did they raise an argument of ambiguity. Moreover, under that alternative theory of ambiguity, they maintain that the court would not be required to consider extrinsic evidence and that only common evidence would be required to resolve the claims.

Noting that it had the discretion to modify its certification order in light of subsequent developments in litigation, the court held that class certification was not appropriate. In stark contrast to the extensive analysis in its decision granting class certification, the court's explanation for its decision to rescind certification was terse, consisting, in its entirety, of the following:

> The most important and significant development when considering the pending Motion to Reconsider is the Plaintiffs' theory that the floorplan agreements forming the basis of their claims are ambiguous. The Court understands the Plaintiffs' argument that the contracts are ambiguous on their face (patent ambiguity) and that such an ambiguity does not require consideration of extrinsic evidence, and in turn, does not require individualized proof. The Court agrees with the Plaintiffs that the contracts at issue are ambiguous; however, the Court agrees with the Defendants that ambiguity in the contracts requires consideration of extrinsic evidence, necessitates individualized proof, and undermines the elements of commonality and

Case 1:14-cv-01589-TWP-DLP   Document 273   Filed 03/08/19   Page 9 of 15 PageID #: 5746
Case: 18-1409     Document: 00713381401     Filed: 03/08/2019     Pages: 10     (6 of 15)

6                                                                    No. 18-1409

> predominance for class certification. Thus, class certification is not appropriate on the Plaintiffs' breach of contract claim. The Court directs the parties to its Order on Motions for Summary Judgment where the Court more fully reviews, analyzes, and discusses the parties' arguments regarding ambiguity.

*Id*. at 8. Based on that reasoning, the court then proceeded to determine that class certification was unwarranted regarding the substantive RICO claim as well.

We review a district court's decision to grant or deny certification for abuse of discretion. *Chicago Teachers Union, Local No. 1*, 797 F.3d at 433. We have recognized, however, that such review, while deferential, "can and must also be exacting." *Id*. A decision to deny or grant certification can have a considerable impact on the playing field of litigation and requires a rigorous analysis. *Id*.; *Bell v. PNC Bank, National Association*, 800 F.3d 360, 373 (7th Cir. 2015)

The court's denial of class certification lacks sufficient reasoning for our court, on review, to ascertain the basis of its decision. Although the decision to grant class certification was a model of clarity and thoroughness, analyzing the factors in detail, the decision withdrawing class status provides only the conclusion that an ambiguous contract "requires consideration of extrinsic evidence, necessitates individualized proof, and undermines the elements of commonality and predominance for class certification." Nor does the reference to its Order on Motions for Summary Judgment lend any insight. In that Order, the district court held that the floorplan contracts were ambiguous as to when interest could begin to accrue, which required consideration of extrinsic evidence.

No. 18-1409 7

The court noted that the parties had designated evidence suggesting that various party representatives had conversations about NextGear's interest practices after the contracts were executed, but that evidence did not establish an undisputed factual basis supporting either sides' position as to the interpretation of the contract or the parties' intent. Accordingly, the court deemed the matter inappropriate for summary judgment.

Those holdings are insufficient to sustain the court's assumption that commonality and predominance were lacking. Neither the categorization of the contract as ambiguous, nor the prospect of extrinsic evidence, necessarily imperils class status. All parties concede that the floorplan contract in this case is a standard form contract. And neither the plaintiffs nor the defendants argue that the language in the contract has different meaning for different signatories; instead, all argue for an interpretation that would apply to all signatories of the contract. In fact, with a form contract such as this one, uniform application and interpretation of the clauses would be expected absent evidence that the form contracts in fact had a meaning that varied from one signatory to another. Even if the determination that the language is ambiguous as to when interest could accrue opens the door to extrinsic evidence to ascertain the intended meaning of that provision, the determination of its meaning would apply to all signatories and therefore would be capable of class-wide resolution.

In fact, the court discussed that possibility in its initial determination to certify the class. In analyzing the commonality factor, the district court addressed the defendants' argument that certain questions, such as "whether NextGear made any

Case 1:14-cv-01589-TWP-DLP   Document 273   Filed 03/08/19   Page 11 of 15 PageID #: 5748
Case: 18-1409   Document: 00713381401   Filed: 03/08/2019   Pages: 10   (8 of 15)

8                                                                      No. 18-1409

representations to any putative class members about when interest would begin to accrue … must be proven separately as to each dealer, and thus, the answers can only be determined on an individual, not a classwide, basis." Dist. Ct. Entry on Plaintiffs' Motion for Class Certification (06/29/2017) at 16. The court rejected that argument. First, the court noted that commonality requires a demonstration that class members have suffered the same injury and held that the standard was met because the plaintiffs had demonstrated that the class members "suffered the same alleged wrongful, premature collection of interest and fees based on the same form contract and similar conduct by NextGear." *Id*. at 18; see also *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). The court further explained that "commonality exists where the 'determination of [the question] will resolve an issue that is central to the validity of each one of the claims in one stroke,' and where it will 'generate common *answers* apt to drive the resolution of the litigation.'" (emphasis in original) *Id*., citing *Wal-Mart*, 564 U.S. at 349–50.

Therefore, when presented with the same issue in its initial class certification decision—the ambiguity as to when interest would accrue—the court concluded that the ambiguity did not prevent class certification because it was capable of a common answer. The court has not explained why a different conclusion to that question was reached in the Motion for Reconsideration, instead mentioning only the need for extrinsic evidence.

But the mere need for extrinsic evidence does not in itself render a case an improper vehicle for class litigation. We have considered numerous cases in which the testimony of indi-

No. 18-1409 9

viduals would be necessary to establish the meaning or existence of a policy, and the prospect of such individual testimony did not render class status improper. See, e.g., *Bell*, 800 F.3d at 375 (discussing testimony of individuals which sufficiently presented the issue of whether PNC had an unofficial policy or practice that required employees classwide to work off-the-clock overtime hours); *Phillips v. Sheriff of Cook County*, 828 F.3d 541 (7th Cir. 2016) (upholding decertification where evidence from individual detainees did not indicate a systemic practice that could tie all of the claims together, but recognizing that the district court allowed certification of a narrower class where one common policy of staffing the jail with only one dentist might constitute systemic deliberate indifference). The proper focus for commonality is whether determination of the question will yield common answers that could resolve the litigation. *Wal-Mart*, 564 U.S. at 349–50. Here, the class was already narrowed to those who signed the specific form contract at issue here. With such a form contract, almost universally signed without negotiation or modification, there is no reason to think that the interpretation of the provision will vary from one signatory to another, and therefore the issue is one that is capable of a common answer and for which that common question predominates over questions affecting individual class members. The district court, to conclude otherwise, would have to identify why that extrinsic evidence would lead to another conclusion. But here, although the case was nearing the trial date, we have no indication as to what evidence the court believed would render class certification improper. See *Bell*, 800 F.3d at 377, quoting *Szabo v. Bridgeport Machs, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) ("[i]f there are material factual disputes that bear on the requirements for class certification, the court must 'receive evidence if only by

10        No. 18-1409

affidavit and resolve the disputes before deciding whether to certify the class.'")(emphasis omitted). Absent a more thorough explanation of its reasoning, we cannot uphold the decision decertifying the class.

    The decision of the district court is VACATED and the case REMANDED for further proceedings.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## BILL OF COSTS

March 8, 2019

Taxed in Favor of: **Appellant Mattingly Auto Sales, Inc. ; Appellant Platinum Motors, Inc. ; Appellant Red Barn Motors, Inc.**

| | |
|---|---|
| No. 18-1409 | RED BARN MOTORS, INC., et al.,<br>  Plaintiffs - Appellants<br><br>v.<br><br>NEXTGEAR CAPITAL, INC.,<br>  Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 1:14-cv-01589-TWP-DML<br>Southern District of Indiana, Indianapolis Division<br>District Judge Tanya Walton Pratt | |

The mandate or agency closing letter issued in this cause on March 8, 2019.

BILL OF COSTS issued in the amount of: $967.50.

|   |   | Cost of<br>Each Item | Total Cost<br>Each Item |
|---|---|---|---|
| 1. | For docketing a case on appeal or review or docketing any other proceeding: _____ | _____ | _____ |
| 2. | For reproduction of any record or paper, per page: _____ | _____ | _____ |

3.     For reproduction of briefs:     _____    $967.50
      _____

4.     _____     _____    _____
      _____

5.     _____     _____    _____
      _____

                                                              TOTAL:    $967.50

form name: **c7_BillOfCosts**(form ID: **140**)