IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION,<br><br>  Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**<u>DEFENDANT NEXTGEAR CAPITAL, INC.'S STATEMENT OF POSITION</u>**

Defendant NextGear Capital, Inc. ("NextGear") submits this statement of position pursuant to L.R. 16-2. On March 8, 2019, the U.S. Court of Appeals for the Seventh Circuit issued its mandate returning this case to this Court.

**The Order Granting the Motion for Reconsideration Should Be Clarified**

In its opinion, issued on February 13, 2019, the Seventh Circuit addressed "only the narrow issue of whether the district court erred in rescinding class certification." (Doc. 273, Decision at 1.) It found that the denial of class certification "lack[ed] sufficient reasoning for our court, on review, to ascertain the basis of its decision" and concluded that "[a]bsent a more thorough explanation of its reasoning, we cannot uphold the decision decertifying the class." (*Id.* at 6, 10.) The Seventh Circuit therefore vacated this Court's order decertifying the class and remanded the case for further proceedings.

Because the Seventh Circuit explicitly stated it "vacated"—but did not reverse—this Court's Order on Motion for Reconsideration (Doc. 261), NextGear's Motion to Reconsider

and/or Modify Class Certification Order (Doc. 228) ("Motion to Reconsider") remains pending. *See Mitchell v. Joseph*, 117 F.2d 253, 255 (7th Cir. 1941) ("the general rule is that where a court, in the discharge of its judicial functions, vacates an order previously entered, the legal status is the same as if the order had never existed"); *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1218 (Fed. Cir. 2007) (vacating summary judgment in favor of defendants did not preclude future summary judgment decision for defendants, "depending on the evidence and argument submitted to the district court on remand and considered by the district court in the first instance"). Thus, the Court should review its prior ruling on the Motion to Reconsider and provide the additional explanation sought by the Seventh Circuit. NextGear proposes that the parties provide additional briefing and evidentiary submissions on the Motion to Reconsider on the following schedule:

- [Date]: NextGear's briefing and evidentiary submission
- [Date + 14 days]: Plaintiffs' briefing and evidentiary submission
- [Date + 28 days]: Deadline to submit proposed orders (optional)

### Other Pending Motions Should Be Deferred Until the Court Resolves the Motion to Reconsider

If the Court grants the Motion to Reconsider, then the next step will be to set a trial date on the claims of the three individual plaintiffs.

If the Court denies the Motion to Reconsider, then several pending motions, which were denied as moot in the Order on Motion for Reconsideration, will be ripe for decision by the Court. NextGear respectfully requests that if its Motion to Reconsider is denied, the Court set a status conference to discuss with the parties the case schedule and its consideration of the following pending motions:

1. Defendants' Motion to Modify Class Certification Order to Narrow Class (Doc. 237) ("Motion to Narrow"):  The class certified by the Court was overbroad, as it included nearly 10,000 dealers who later signed agreements with NextGear that contained an arbitration clause and an explicit waiver of the right to participate in a class action.  These dealers must be excluded from the class before any other action is taken with respect to the class.

2. Plaintiffs' Motion to Proceed with Class Notice to Known Class Members and Proposed Procedures for Providing Notice to Class Members Pursuant to Rule 23(c)(2)(B) (Doc. 249):  Plaintiffs seek an order allowing them to proceed with class notice to the dealers who are not subject to the Motion to Narrow.  NextGear objects because the other motions addressed herein should be decided before notice is sent to any class member.  (*See* Doc. 252.)

3. Joint Notice Regarding Form of Class Notice (Doc. 247):  Prior to the Court's order on summary judgment (Doc. 262), the parties agreed to the form of a class notice.  But the Court has since granted judgment in favor of Cox Automotive, Inc. and John Wick, and so the proposed form of class notice must be updated to reflect the current claims, defendants, and posture of the case before notice can be sent to any class member.

4. Damages Discovery (*see* Doc. 239):  Immediately after the Court certified the class, Defendants moved to stay class discovery until after the Court ruled on the Motion to Reconsider.  (Doc. 230.)  Magistrate Judge Lynch found that discovery into damages sustained by the class would be "unduly burdensome," and found that "it is not appropriate to require the defendants to spend the kind of time and effort necessary to create reports documenting one million financial transactions.  The appropriate time to do so *may* not come until summary judgment issues are decided and the parties and the court can make informed decisions about the type and amount of data that is reasonably necessary for making damages calculations." (Doc.

239 at 4.)  Given that the Motion to Reconsider remains pending, damages discovery is still premature and should be stayed until final resolution of the Motion to Reconsider and the Motion to Narrow.

5. Discovery regarding dealers subject to arbitration (Docs. 240, 255):  While the motion to reconsider class certification was pending, Magistrate Judge Lynch effectively ordered that NextGear produce information regarding dealers who are subject to the Motion to Narrow.  (*See* Docs. 239, 250.)  NextGear filed objections to the Magistrate Judge's Orders, which objections remain pending.  (Docs. 240, 255.)  NextGear contends that this discovery is premature insofar as the Motion to Narrow remains pending, and that the discovery would not be appropriate if the Motion to Narrow is granted.

6. Class Discovery:  If the Court denies NextGear's pending motions regarding the class and discovery issues, NextGear requests that the Court grant the parties additional time for class discovery, including depositions of class members.

Respectfully submitted, this 18th day of March, 2019.

   *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000

        (404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 18th day of March, 2019:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

                                        *s/ Tracey K. Ledbetter*
                                        Tracey K. Ledbetter