IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>Defendants. | Case No. 1:14-cv-01589-TWP-DKL |

## DECLARATION OF ADAM GALEMA

1. I am over twenty-one years of age, of sound mind, and competent to make this declaration.

2. I currently serve as the Senior Director of Finance for Defendant NextGear Capital, Inc. ("NextGear") and have held that position for two years. Before that, I was Controller of NextGear for several years. In my current role, I am responsible for the financial reporting of the company. This Declaration is based on my own personal knowledge, in reliance on the regular practices and procedures of NextGear, and on the records maintained by NextGear.

3. As a general matter, information regarding customers' names, street addresses, e-mail addresses, and telephone numbers is provided to NextGear by dealers on application forms that the dealer fills out by hand or electronically. It is NextGear's regular practice and procedure for those forms to be scanned into NextGear's database and stored electronically. It is also NextGear's regular practice and procedure to manually input a customer's information into NextGear's database at or near the time of receipt. The information is updated on an *ad hoc* basis as NextGear receives updated information from the dealer or from third parties, but is not necessarily updated each time a dealer's contact information changes.

4. Following the Court's June 29, 2017 Order, NextGear compiled a list from its computer database system of all dealers who floor planned a vehicle with DSC or NextGear under a DSC promissory note between January 1, 2005 and July 31, 2013. This list was compiled as a summary of NextGear's relevant business records. The information summarized

EXHIBIT A

was recorded at or near the time of the events being recorded, was recorded by individuals with knowledge of the events, and is kept in the course of NextGear's regularly conducted business activity and as part of its regular practices.

5. From the above summary list, NextGear identified those dealers who floor planned a vehicle with DSC or NextGear under a DSC promissory note between January 1, 2005 and July 31, 2013, and never signed a new form of Demand Promissory Note and Loan and Security Agreement that contained an agreement to arbitrate (the "2013 Note"). These dealers were identified from a manual review of NextGear's relevant business records. The information reviewed was recorded at or near the time of the events being recorded, was recorded by individuals with knowledge of the events, and is kept in the course of NextGear's regularly conducted business activity and as part of its regular practices.

6. The resulting list of 17,411 dealers was produced to Plaintiffs on September 1, 2017, along with those dealers' contact information as maintained by NextGear. Subject to the limitations of NextGear's computer database system and the inherent risk of human error, NextGear believes this to be a complete and accurate list of the dealers in the class certified by the Court (with the exception of those dealers who signed the 2013 Note) who floor planned a vehicle with DSC or NextGear. The contact information provided was the most current in NextGear's records, but may be outdated or inaccurate for some dealers on the list, given that NextGear does not systematically update customer contact information, particularly for former customers.

7. Upon information and belief, many dealers in the class are subject to one or more defenses, and NextGear reserves its right to prove those defenses as to each dealer on the list and to pursue decertification.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate to the best of my knowledge.

This 29th day of September, 2017.

_____
Adam Galema