UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NEXTGEAR CAPITAL, INC., f/k/a/ DEALER SERVICES CORPORATION INC. <br><br> Defendant. | CASE NO. 1:14-cv-01589-TWP-DML |

**PLAINTIFFS' LOCAL RULE 16-2 STATEMENT OF POSITION FOLLOWING REMAND**

Plaintiffs, Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., individually, and on behalf of other members of the general public similarly situated (collectively, "Plaintiffs"), hereby respectfully submit this Statement of Position pursuant to Local Rule 16-2 in light of the United States Court of Appeals for the Seventh Circuit's February 13, 2019, Order ("Op.") and February 14, 2019, Entry of Judgment and this Court's order dated March 11, 2019 [Dkt. 274].

Plaintiffs respectfully submit that the Court should promptly take the following steps to move this case to trial: (1) decline NextGear's request to re-litigate the motion for reconsideration; (2) set a new trial date and pretrial deadlines that allow adequate time for the completion of class discovery, rulings on the pending motions, and class notice and opt-out period; (3) deny Defendants' Objections to the Magistrate Judge's Orders [Dkt. 240 and 255] and order Defendants to promptly produce the names and contact information for the remaining 9,980 class members; (4) grant Plaintiffs' Motion to Revise Class Definition and Proceed with Class Notice to Known Class Members and Proposed Procedures for Providing Notice to Class Members Pursuant to Rule 23(c)(2)(B) [Dkt. 276] ("Motion to Proceed with Class Notice") and authorize Plaintiffs to serve

class notice and trigger the opt-out period; (5) order Defendants to promptly produce class-wide damages information in response to Plaintiffs' discovery requests; and (6) deny Defendants' Motion to Modify Class Certification Order to Narrow Class [Dkt. 237].

1. **Following the Court of Appeals' Decision, This Court's Original Class Certification Order Is In Full Force and Effect, and Revisiting or Re-Litigating the Motion for Reconsideration Is Inappropriate.**

The Court of Appeals has vacated the decertification Order—that is, the order granting Defendants' motion for reconsideration [Dkt. 261]. With that Order being vacated, this case reverts to a certified class action, with this Court's original class certification Order in full force and effect.

The Court of Appeals describes this Court's class certification Order as "a model of clarity and thoroughness, analyzing the [Rule 23] factors in detail" (Op. at 5), while describing the decertification Order as "terse" (Op. at 6) and noting that it "provides only the conclusion that an ambiguous contract 'requires consideration of extrinsic evidence, necessitates individualized proof, and undermines the elements of commonality and predominance for class certification.'" (*Id.*). More importantly, substantively, the appellate decision endorses this Court's analysis in the Entry Granting Plaintiffs' Motion for Class Certification [Dkt. 220] and rejects the rationale behind the decertification Order [Dkt. 261]:

> . . . . Neither the categorization of the contract as ambiguous, nor the prospect of extrinsic evidence, necessarily imperils class status. All parties concede that the floorplan contract in this case is a standard form contract. And neither the plaintiffs nor the defendants argue that the language in the contract has different meaning for different signatories; instead, all argue for an interpretation that would apply to all signatories of the contract. In fact, with a form contract such as this one, uniform application and interpretation of the clauses would be expected absent evidence that the form contracts in fact had a meaning that varied from one signatory to another. Even if the determination that the language is ambiguous as to when interest could accrue opens the door to extrinsic evidence to ascertain the intended meaning of that provision, the determination of its meaning would apply to all signatories and therefore would be capable of class-wide resolution.

2

> In fact, the court discussed that possibility in its initial determination to certify the class. In analyzing the commonality factor, the district court addressed the defendants' argument that certain questions, such as "whether NextGear made any representations to any putative class members about when interest would begin to accrue … must be proven separately as to each dealer, and thus, the answers can only be determined on an individual, not a classwide, basis." . . . . The court rejected that argument. First, the court noted that commonality requires a demonstration that class members have suffered the same injury and held that the standard was met because the plaintiffs had demonstrated that the class members "suffered the same alleged wrongful, premature collection of interest and fees based on the same form contract and similar conduct by NextGear." . . . . The court further explained that "commonality exists where the 'determination of [the question] will resolve an issue that is central to the validity of each one of the claims in one stroke,' and where it will 'generate common answers apt to drive the resolution of the litigation.'" . . . .
>
> Therefore, when presented with the same issue in its initial class certification decision—the ambiguity as to when interest would accrue—the court concluded that the ambiguity did not prevent class certification because it was capable of a common answer. The court has not explained why a different conclusion to that question was reached in the Motion for Reconsideration, instead mentioning only the need for extrinsic evidence.

Op. at 7-8 (citations omitted). The Court of Appeals further held:

> But the mere need for extrinsic evidence does not in itself render a case an improper vehicle for class litigation. . . . The proper focus for commonality is whether determination of the question will yield common answers that could resolve the litigation. Here, the class was already narrowed to those who signed the specific form contract at issue here. With such a form contract, almost universally signed without negotiation or modification, there is no reason to think that the interpretation of the provision will vary from one signatory to another, and therefore the issue is one that is capable of a common answer and for which that common question predominates over questions affecting individual class members.

*Id.* at 8-9 (citation omitted).

The Court of Appeals' decision notwithstanding, NextGear now takes the position that this Court should "clarify" its decertification order and in fact should allow additional briefing and evidentiary submissions on the motion for reconsideration. [Dkt. 275 at 1-2]. The Court should

reject NextGear's requests. As an initial matter, NextGear waived its right to ask this Court to "clarify" its decertification Order. At oral argument before the Court of Appeals, NextGear argued: "We submit it would be a waste of judicial resources now just to remand, for the district judge to add a few sentences to an order that is otherwise sound." *See* Transcript of September 7, 2018, Oral Argument, attached hereto as **Exhibit A,** at 30:21-25.

In the motion for reconsideration, Defendants moved this Court to decertify the breach-of-contract class only on the ground that the alleged ambiguity of the floor plan agreements required consideration of extrinsic evidence, which they argued made class certification improper, without identifying any specific extrinsic evidence that the Court found precluded class certification. Dkt. 228 at 7-9. As set forth above, the Court of Appeals soundly rejected this argument. The Court of Appeals held that the "mere need for extrinsic evidence does not in itself render a case an improper vehicle for class litigation[,]" that "[t]he proper focus for commonality is whether determination of the question will yield common answers that could resolve the litigation[,]" and that because the class members here signed a form contract, the issue is capable of a common answer and that common answer predominates over any individual issues. Op. at 8-9.

While NextGear seeks an opportunity for additional briefing and evidentiary submissions, this request for yet another bite at the apple is unnecessary and unmerited. Contrary to NextGear's suggestion, the Court of Appeals' decision was not an invitation to re-litigate the motion for reconsideration. Quite the opposite is true—the Court of Appeals held that "[w]ith such a form contract, almost universally signed without negotiation or modification, *there is no reason to think that the interpretation of the provision will vary from one signatory to another*[.]" Op. at 9 (emphasis added). Further, when questioned at oral argument before the Court of Appeals on the issue of relevant extrinsic evidence, counsel for NextGear cited to individual dealers' course of dealing with NextGear after the contracts were signed. *See* Exh. A at 22:12-26:16. However, any course

4

of dealing evidence follows contract formation and thus is irrelevant here, where the form contract at issue contained an integration clause. In addition, any evidence that NextGear might seek to introduce now was already in its possession when its reconsideration motion was briefed in the summer of 2017.

For these reasons, NextGear's requests that the Court revisit the motion for reconsideration or allow additional briefing and new "evidentiary submission" should be rejected. To the extent that the Court deems it procedurally necessary to enter a new ruling on the motion for reconsideration, Plaintiffs submit that the Court should simply enter an order denying the motion for the reasons set forth in this Court's class certification order and the Court of Appeals' opinion.

**2.     Status of this Case Before Decertification**

This case has been pending for more than five years and was certified as a class action more than two years ago. In January 2018, before the decertification order, this case was a certified class action less than two months from trial. A bench trial was set for March 5, 2018. Nevertheless, as discussed below, several motions were pending, NextGear was continuing to withhold data concerning composition of the class so class notice had not yet occurred, and other class-wide discovery was outstanding.

**a.   Pending Motions**

When the Court decertified the class, it denied the following motions as moot: (1) Plaintiffs' Motion to Proceed with Class Notice [Dkt. 249]; (2) Defendants' Objections to Magistrate Judge's Orders [Dkt. 240 and 255]; and (3) Defendants' Motion to Modify Class Certification Order to Narrow Class [Dkt. 237]. As a result of the Court's ruling, it did not address the merits of these motions. Plaintiffs have now amended and re-filed their Motion to Proceed with Class Notice [Dkt. 276] in light of the updates in this litigation since the first Motion to Proceed [Dkt. 249] was filed in September 2017.

b. **Class Notice and Related Class Discovery**

While most discovery has been completed, NextGear still has not produced certain key information, including (a) the names and contact information for the 9,980 dealers it seeks to exclude from the class; and (b) class-wide damages data.

In August 2017, Defendants moved to stay all class-wide discovery and class notice on the grounds that they had a pending motion for reconsideration of class certification. Dkt. 230. The Magistrate Judge held that "[n]otice to the class must proceed immediately" and "[t]here is no good reason for delaying the discovery necessary to identify members of the class for the purpose of providing notice as required by Rule 23(c)(2)(B), including setting a deadline for members to opt out of the class." Dkt. 239 at 2. In September 2017, Defendants produced the names of and contact information for 17,411 class members who they did not seek to exclude from the class. However, they filed a Rule 72 objection [Dkt. 240] to the Magistrate's Order insofar as it required them to provide information regarding the 9,980 dealers they sought to exclude in their Motion to Narrow and refused to produce information about those class members. Defendants also filed a motion for protective order on this issue [Dkt. 244], which the Magistrate Judge denied in a one-paragraph order stating:

> The defendants move for a protective order to relieve them "from any obligation to produce information regarding dealer customers who… agreed to arbitrate the claims made by the class and waived the right to participate in a class action." Dkt. 244. The court DENIES the motion. It already ruled on this issue in the Order on Motion to Stay Class Discovery and Class Notice, at Dkt. 239.

Dkt. 250. Defendants then filed a Rule 72 objection to that Order. Dkt. 260. Relying solely on the pendency of these pending motions, Defendants never produced the contact information for those 9,980 class members. Because at this stage Plaintiffs do not have the names of the remaining 9,980 class members, the amended Motion to Proceed with Class Notice seeks that notice be provided to the 17,411 class members already identified by NextGear.

6

### c. Class Wide Damages Discovery

As to the class-wide damages data, the Magistrate Judge also addressed that issue in the Order [Dkt. 239] on Defendants' earlier Motion to Stay Class Discovery. The Court held that class-wide damages discovery was not appropriate while substantive liability issues were pending on summary judgment, but "it [was] appropriate, however, for the defendants to tell the plaintiffs about the 'fields of information' that are maintained about each class member… so that the plaintiffs have a reliable planning tool for discovery." Dkt. 239 at 3-4.[1]

On January 12, 2018, following decertification, the Court denied Defendants' Motion for Summary Judgment as to Plaintiffs' breach of contract claim and also denied Plaintiffs' motion for partial summary judgment. Dkt. 262. Accordingly, in accordance with the Magistrate Judge's prior Order, NextGear should be ordered to promptly produce class-wide damages discovery in response to Plaintiffs' discovery requests propounded in 2017.

### d. Additional Class Discovery Proposed by NextGear

NextGear's request that the Court allow "additional time for class discovery, including depositions of class members" [Dkt. 275 at 4] should be rejected. Prior to decertification, class discovery was complete—with the exception of Defendants' refusal to provide contact information for the 9,980 class members they sought to exclude and class wide damages data. NextGear has already had the full opportunity to depose the class representatives and perform any desired class wide discovery, and the Court should not reopen discovery to allow NextGear to perform

---

[1] In addition, the Magistrate Judge held that discovery reasonably necessary for identifying class members [was] appropriate and liability discovery depending upon the weighing of Rule 26 proportionality factors may be appropriate. See, *id.* at n. 1. Following the Magistrate Judge's Order, the parties worked to complete the permitted areas of class-wide discovery. Plaintiffs took the Rule 30(b)(6) deposition of NextGear on class-wide issues on November 30, 2017, and, at the time of the decertification Order, were working to resolve follow-up issues relating to Plaintiffs' class-wide written discovery requests that were raised at the 30(b)(6) deposition. Plaintiffs reserve all rights as to those follow up issues.

duplicative discovery (or discovery that it previously failed to pursue in 2017).

## Conclusion

For the reasons set forth herein, Plaintiffs respectfully submit that the following steps should be taken to move this case to trial:

1. This Court should reject NextGear's requests to allow additional briefing and evidentiary submissions on the motion for reconsideration and to "clarify" its ruling on the motion for reconsideration;

2. This Court should set a new trial date and pretrial deadlines that allow adequate time for the completion of the limited remaining class discovery needed from NextGear, rulings on the pending motions, and class notice and opt-out period;

3. This Court should deny Defendants' Rule 72 objections and order NextGear to promptly produce the names and contact information for the remaining 9,980 class members;

4. This Court should grant Plaintiffs' Motion to Proceed with Class Notice [Dkt. 276] and authorize Plaintiffs to serve class notice and trigger the opt-out period;

5. This Court should order NextGear to promptly produce class-wide damages information in response to Plaintiffs' previous discovery requests; and

6. This Court should deny Defendants' Motion to Narrow.

Dated: March 22, 2019.

Respectfully submitted,

 /s/ Kerry A. Murphy
CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
(504) 400-1127
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (# 18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS AND THE CLASS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2019, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

                                                      */s/ Kerry A. Murphy*
                                                        Kerry A. Murphy