IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION,<br><br>　　　Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**<u>DEFENDANT NEXTGEAR CAPITAL, INC.'S RESPONSE TO PLAINTIFFS'
MOTION TO REVISE CLASS DEFINITION AND PROCEED WITH CLASS NOTICE</u>**

The Court should defer any consideration of Plaintiffs' Motion to Proceed with Class Notice (Doc. 276) until after determination of Defendant's pending Motion to Reconsider and/or Modify Class Certification Order (Doc. 228) and alternative Motion to Modify Class Certification Order to Narrow Class (Doc. 237). If the issue of the proposed class notice should later become ripe for decision, the currently proposed notice has been revised unilaterally by Plaintiffs and should not be sent in its current form.

**A.　　The Court Should Rule on the Motion to Reconsider and the Motion to Narrow Before Permitting Notice to the Class (If Any Class Remains).**

The pending motions could render entirely moot or drastically affect the scope of the class and notice. For the sake of efficiency and avoiding widespread confusion, the Court should decide those motions before the class notice is finalized and mailed.

The Court is familiar with the background: After the Court certified a class of dealers, Defendant NextGear Capital, Inc. ("NextGear") moved to reconsider the certification of the class

and, separately, sought to narrow any class to exclude dealers who had agreed to arbitrate claims against NextGear and explicitly waived their right to participate in a class action. (Motion to Reconsider and/or Modify Class Certification Order (Doc. 228) ("Motion to Reconsider"); Motion to Modify Class Certification Order to Narrow Class (Doc. 237) ("Motion to Narrow")[1].) The Court granted NextGear's Motion to Reconsider, and so denied the Motion to Narrow as moot. (Doc. 261.) Plaintiffs appealed, and the Seventh Circuit recently vacated—but did not reverse—the Court's Order based on what the Seventh Circuit perceived to be a lack of detail in this Court's decertification order regarding the extrinsic evidence that rendered class treatment inappropriate. The Motion to Reconsider therefore remains pending, and this Court is free to augment its prior decertification order to address the Seventh Circuit's concerns. *See, e.g.*, *Mitchell v. Joseph*, 117 F.2d 253, 255 (7th Cir. 1941) ("the general rule is that where a court, in the discharge of its judicial functions, vacates an order previously entered, the legal status is the same as if the order had never existed").

Accordingly, the next logical step is for the Court to take up NextGear's Motion to Reconsider and provide the additional explanation sought by the Seventh Circuit. If the Court grants the Motion to Reconsider, then class notice will be entirely unnecessary—and sending it now would be a wasteful exercise that would sow confusion among dealers in the decertified class and unnecessarily interfere with NextGear's business relationships with its dealers.

Apart from the Motion to Reconsider, the next matter logically to be considered before sending any class notice would be NextGear's Motion to Narrow, which would establish the proper boundaries of the class. As NextGear has pointed out, the class as currently defined is

---

[1] NextGear also objected to the Magistrate Judge's orders requiring it to produce information about dealers subject to the Motion to Narrow. (Docs. 240, 255.) Those objections remain pending, and production of that information remains inappropriate.

overbroad, because it includes nearly 10,000 dealers who expressly agreed to arbitrate their claims on an individual basis rather than in a class action.  (Motion to Narrow at 4-5, 8-12.)  This Court has recognized that if NextGear is correct, it would be appropriate to narrow the class to exclude those dealers.  (*See* Entry on Pls.' Mot. for Class Certification (Doc. 220) at 37 n.5.) Sending a notice that on its face includes those 10,000 dealers, but not including them in the mailing—or later amending the notice to clarify who is a member of the class—would likely create widespread confusion among NextGear's customers.  To prevent this confusion, as well as undue and preventable harm to NextGear's business relations with its customers, dealers who have agreed to individual arbitration should be excluded from the class before any notice is given.

      **B.**      **Plaintiffs' Form of Class Notice Is Objectionable.**

If, after a ruling on the Motion to Reconsider and Motion to Narrow, a class remains certified, Plaintiffs' motion should be taken up at that time.  That will also be the appropriate time for the parties to engage in additional class discovery.

Plaintiffs have argued that they are entitled to class discovery on damages issues, but simultaneously contend that NextGear should not be permitted to engage in any further discovery because class discovery is "complete" and should not be "reopen[ed]."  (Pls.' L.R. 16-2 Stmt. of Position Following Remand (Doc. 277) at 7-8.)  To be clear, class discovery is not closed, despite Plaintiffs' repeated representations to the contrary.  If a class still exists after the Court rules on the Motion to Reconsider, the Court should reject Plaintiffs' inconsistent and self-serving position that they may engage in class damages discovery while NextGear is precluded from class discovery.  But the class discovery issue, like class notice, will become moot if the Court grants the pending Motion to Reconsider and provides the additional detail requested by the Seventh Circuit.

While NextGear does not object to the proposed redefined class definition in Section I of Plaintiffs' motion (except as stated in its Motion to Reconsider and Motion to Narrow) or to the specific procedures for class notice in Section III of the motion, NextGear does object to the proposed form of class notice. Plaintiffs assert that the revisions to their class notice are "based on the Court's summary judgment rulings." But, in fact, Plaintiffs have made several changes from the version previously negotiated and agreed by the parties that have nothing to do with the summary judgment ruling. Because NextGear's position is that class notice is unmistakably premature, it did not provide comments on the notice before Plaintiffs filed their motion. To the extent class notice is to be sent before the Court resolves the pending Motion to Reconsider (which seems to put the proverbial cart before the horse), NextGear requests an opportunity to negotiate the form of class notice and/or to present a competing version to the Court before the Court permits class notice to proceed.

Respectfully submitted, this 5th day of April, 2019.

 *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com

traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 5th day of April, 2019:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

                                                 *s/ Tracey K. Ledbetter*
                                                 Tracey K. Ledbetter