**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) CASE NO. 1:14-cv-01589-TWP-DML |
| vs. | )<br>) |
| NEXTGEAR CAPITAL, INC., f/k/a/ DEALER SERVICES CORPORATION, | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' REPLY MEMORANDUM**
**IN SUPPORT OF MOTION TO REVISE CLASS DEFINITION AND**
**PROCEED WITH CLASS NOTICE TO KNOWN CLASS MEMBERS**

Plaintiffs, Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., respectfully submit this Reply Memorandum in support of their Motion to Revise Class Definition and Proceed with Class Notice to Known Class Members (the "Motion to Proceed") [Dkt. 276].

The issues raised by the Motion to Proceed are (a) whether to make a proposed minor revision to the class definition; (b) whether Plaintiffs may proceed with class notice to the 17,411 known class members; and (c) whether to approve proposed class notice procedures. As to issues (a) and (c), NextGear "does not object to the revision of the class definition or to the specific procedures for class notice in Section III of the motion." [Dkt. 281 at 4]. Thus, the only remaining disputed issues are whether Plaintiffs may proceed with class notice to the known 17,411 class members and whether NextGear should be permitted to belatedly provide input on the proposed class notice or submit a competing version.

NextGear cites only one case in support of its vehement and continued protestations against providing the class with the required notice of this action: *Mitchell v. Joseph*, 117 F.2d 253, 255

1

(7th Cir. 1941), a 1941 case bearing no factual or procedural resemblance to this one.[1] NextGear cites not a single case in which an appellate court vacated a decertification order and a district court thereafter entered a new decertification order with additional explanation for the previously vacated decision—as NextGear asks the Court to do here. For the reasons set forth in Plaintiffs' Statement of Position [Dkt. 277], doing so would be entirely inconsistent with the Seventh Circuit's Opinion.

Moreover, with respect to the central issue here—whether Plaintiffs may proceed with class notice—Magistrate Judge Lynch recognized in **August 2017** that "[d]elaying notice is not efficient at all. Notice is ***a first and necessary step after a class is certified***..." [Dkt. 239 at 2 (citing *Manual for Complex Litigation* (4th ed. 2004) § 21.311 at p. 288) (emphasis added)]. Further, Magistrate Judge Lynch held that "[t]his case will not be put on indefinite hold while the defendants continue to fight the court's class certification order." *Id.* at 3. In spite of the Court's crystal-clear order, NextGear continues, nearly two years later, to insist that class notice cannot proceed while it continues to fight the class certification order. NextGear cites no legal authority, however, supporting its contention that class notice should not proceed while a motion to reconsider or similar motion (such as NextGear's Motion to Narrow) is pending.

In addition, the Court has already rejected NextGear's argument that its Motion to Reconsider or Motion to Narrow should delay class notice. As Magistrate Judge Lynch held, "[i]f, indeed, the class definition is changed in any way because of the defendants' motion for reconsideration (or defendants' recently filed motion to narrow class) or because of any appeal, then the court can determine the timing of any additional notice because of such changes." [Dkt.

---

[1] *Mitchell* was an action by a bank receiver to recover $10,000 advanced by him as earnest money to apply upon the purchase price of a piece of real estate.

2

239 at 2-3]. Likewise, the Court has rejected NextGear's argument that class notice could harm NextGear's reputation or business relationships. As Magistrate Judge Lynch held, "[t]he possibility of reputational injury to the defendants because notice is given is not a reason to delay notice itself and to set a deadline for opting out of the class. The court is confident the notice can be written to express the defendants' disagreement with the plaintiffs' claims and their intent to vigorously defend themselves and their reputations." [Dkt. 239 at 2-3].

Finally, NextGear's arguments about class discovery issues entirely ignore the solitary discovery issue relevant to the Motion to Proceed—NextGear's continued refusal to produce the names and addresses of the remaining 9,980 class members for purposes of class notice. Importantly, the Court ordered NextGear to produce this information in **August 2017** [Dkt. 239 at 3] ("The class members must be identified so that notice can be given and an opt-out period established.") and again in **October 2017** [Dkt. 250] (denying Defendants' motion for a protective order "to relieve them 'from any obligation to produce information regarding dealer customers who . . . agreed to arbitrate the claims made by the class and waived the right to participate in a class action'" because the Court "already ruled on this issue in the Order on Motion to Stay Class Discovery and Class Notice, at Dkt. 239."). Nonetheless, NextGear filed objections to both of the Magistrate Judge's Orders and has refused to produce this information on the grounds that its objections remain ripe for ruling.[2] Without that information, notice to the entire class is not

---

[2] NextGear requested in its objections to the Magistrate Judge's Orders that the Court stay compliance with the Orders' requirement that NextGear produce information regarding the remaining 9,980 class members. [*See* Dkt. 240 at 2-3 and Dkt. 255 at 2]. However, NextGear did not file a motion to stay the Magistrate Judge's Orders, and the Court never entered a stay of those Orders. NextGear's filing of its objections did not automatically stay those Orders; accordingly, NextGear remains bound to comply with those Orders by producing the names and addresses of the remaining class members. *See, e.g., Parker v. Amazon.com.indc LLC,* 117CV04404JMSMJD, 2018 WL 5306874, at *5 (S.D. Ind. Oct. 26, 2018) ("filing an objection to an order does not automatically stay deadlines set forth in the order") (citing *DePuy Orthopaedics, Inc. v.*

possible at this time; however, class notice to the 17,411 class members disclosed by NextGear is possible and appropriate at this time. There is no just reason to delay notifying these class members of the pendency of the case and next steps required to participate or opt out of this proceeding.

## Conclusion

Plaintiffs respectfully submit that the class definition should be revised; class notice to the 17,411 known class members should proceed; and proposed class notice procedures should be approved.

---

*Orthopaedic Hospital,* 2016 WL 10674019, *2 (N.D. Ind. 2016) ("A litigant is not automatically entitled to a stay whenever it files Rule 72 objections"); *Federal Deposit Ins. Corp. for Integra Bank, N.A. v. Fidelity & Deposit Co. of Maryland,* 2013 WL 12301536, *1 (S.D. Ind. 2013) ("A Magistrate Judge's order deciding a discovery motion is not subject to an automatic stay pending determination of the objection by the district judge"); *Lineback ex rel. N.L.R.B. v. Coupled Products, LLC,* 2012 WL 2504909, *2 (N.D. Ind. 2012) (noting that plaintiff had offered no authority for the proposition that objection to a magistrate judge's ruling renders that ruling invalid until the district court acts on the objection); *Esparza v. Bridgestone/Firestone, Inc.,* 200 F.R.D. 654, 657 (D. Colo. 2001) (explaining that allowing Rule 72 objection to stay magistrate judge's ruling would allow parties to "use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection")).

Respectfully submitted,

 /s/ Kerry A. Murphy
CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
(504) 400-1127
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (# 18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS AND THE CLASS**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2019, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

                                                              */s/ Kerry A. Murphy*
                                                              Kerry A. Murphy