IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION,<br><br>Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

## DEFENDANT NEXTGEAR CAPITAL, INC.'S MOTION TO STAY DISCOVERY AND CLASS NOTICE

Defendant NextGear Capital, Inc. ("NextGear") respectfully moves the Court for an order staying class discovery and class notice until the Court has an opportunity to rule on its motions addressing whether the case should proceed on a class basis and, if so, the scope of any class that remains certified. Proceeding with discovery and class notice at this time would be premature, wasteful, prejudicial to NextGear, and potentially confusing to unnamed class members.

### Background

On March 8, 2019, the U.S. Court of Appeals for the Seventh Circuit issued a mandate returning the case to this Court. In its opinion (Doc. 273), the Seventh Circuit vacated this Court's January 12, 2018 Order (Doc. 261), in which the Court granted NextGear's Motion to Reconsider and/or Modify Class Certification Order (Doc. 228) ("Motion to Reconsider") and decertified the class. The Seventh Circuit ruled that the order "lack[ed] sufficient reasoning for our court, on review, to ascertain the basis of its decision" and concluded that "[a]bsent a more

thorough explanation of its reasoning, we cannot uphold the decision decertifying the class." (Doc. 273 at 6, 10.) The Seventh Circuit did not reverse the order or direct that a class be certified; instead, it returned the case to this Court to provide additional explanation.

Accordingly, prior to the scheduled status conference with the Magistrate Judge on May 2, 2019, NextGear intends to file a renewed motion to decertify the class. NextGear's Motion to Modify Class Certification Order to Narrow Class (Doc. 237) ("Motion to Narrow"), seeking to exclude from the class dealers subject to individual arbitration agreements, was denied as moot in the order on Motion to Reconsider, but is now again before this Court in light of the Seventh Circuit's vacatur of that order.[1] Also pending are NextGear's related Rule 72 objections to certain discovery orders of the prior Magistrate Judge. (Docs. 240, 255.) In those objections, NextGear argued that discovery regarding, and notice to, certain dealers was premature because discovery would not be appropriate if the Motion to Reconsider or Motion to Narrow were granted. NextGear also requested a stay of enforcement of the Magistrate Judge's orders pending resolution of NextGear's objections.[2]

## Argument

Class discovery and class notice should be stayed pending resolution of NextGear's renewed motion seeking decertification and its pending Motion to Narrow and Rule 72 objections. "To determine whether to grant a stay, [a court must] consider the moving party's

---

[1] In accordance with Magistrate Judge Pryor's order (Doc. 284), NextGear will re-file this motion.

[2] In their Reply Memorandum in Support of Motion to Revise Class Definition and Proceed with Class Notice to Known Class Members (Doc. 282), Plaintiffs contend that NextGear's requests to stay the Magistrate Judge's orders were somehow ineffective because they were filed within the Rule 72 objections rather than separately. (*Compare* Doc. 282 at 3 n.2, *with* Doc. 240 at 2–3, *and* Doc. 255 at 2.) The cases cited by Plaintiffs do not support that contention, but in an abundance of caution, and at Magistrate Judge Pryor's invitation, NextGear now separately moves for a stay.

likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other." *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). "[T]he greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa." *Id.*

NextGear satisfies the requirements for a stay. NextGear is likely to succeed on the merits of each of its anticipated and pending motions. This Court already granted NextGear's Motion to Reconsider once, and it should be granted again for similar reasons. As the case has progressed, Plaintiffs' theory of recovery has evolved; they argued on summary judgment that the floor plan agreements NextGear supposedly breached are ambiguous on their face. Under Indiana law, such ambiguity permits the admission of extrinsic evidence—including post-contractual course of performance between the parties—to determine the terms of the parties' agreements. It remains true, as it was when the Court first decided NextGear's Motion to Reconsider, that the "ambiguity in the contracts requires consideration of extrinsic evidence, necessitates individualized proof, and undermines the elements of commonality and predominance for class certification." (Doc. 261 at 8.) Because Plaintiffs cannot show commonality and predominance, their proposed class should not remain certified. The Court should be afforded the opportunity to elaborate on its prior order and findings consistent with the Seventh Circuit's guidance before costly class discovery and class notice move forward.

Even if the renewed motion seeking decertification does not moot NextGear's Motion to Narrow and Rule 72 objections, NextGear is likely to succeed on those motions as well. The Motion to Narrow is likely to succeed because the class as currently defined includes nearly 10,000 dealers whose agreements with NextGear contain a binding arbitration clause and an

3

explicit waiver of the right to participate in a class action.  The Federal Arbitration Act ("FAA") and the United States Supreme Court have made clear that arbitration agreements like the ones in these dealers' floor plan agreements must be enforced.  *See* 9 U.S.C. § 2 (arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (FAA reflects "both a liberal federal policy favoring arbitration, . . . and the fundamental principle that arbitration is a matter of contract" (citations omitted)).  Dealers that agreed to individual arbitration with NextGear cannot maintain their claims against NextGear in court as a matter of law, but must instead proceed individually through arbitration.  It follows that the Rule 72 objections, which are premised on NextGear's likelihood of success on the Motion to Narrow, are also likely to succeed, under binding statutory and decisional authority.  Continuing with class discovery and class notice related to those dealers would deprive NextGear of its bargained-for rights in entering into those arbitration agreements.

Causing NextGear to incur the costs associated with class discovery before ruling on these motions would be premature and unjust.  And notifying NextGear's customers of Plaintiffs' allegations will irreparably prejudice NextGear, because NextGear will then carry the stigma of Plaintiffs' allegations among all its customers before the Court can definitively decide if those customers are even part of the class or if there is even a class.  These harms are particularly acute when a large subset of the putative class consists of existing customers that have agreed not to participate in a class action in this forum.

It is likewise within the public's interest to stay class discovery and class notice pending resolution of these anticipated and pending motions.  Continuing with class discovery and class notice will consume judicial resources and NextGear's internal time and resources.  Conversely,

staying class discovery and class notice will cause no public harm; if NextGear's motion seeking decertification is well-taken, the individual claims of the named Plaintiffs can be set for a short bench trial. The stay will not deprive Plaintiffs of any discovery or notice to which they would be entitled. And if this Court denies NextGear's motions, then class discovery and notice can proceed at that time, with a properly-defined class and without sending a notice likely to confuse dealers outside the class.

NextGear thus moves this Court for a stay of class discovery and class notice pending resolution of NextGear's motion seeking decertification, Motion to Narrow, and Rule 72 objections.

Respectfully submitted, this 17th day of April, 2019.

      *s/ Tracey K. Ledbetter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

5

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 17th day of April, 2019:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>THE CASSIE FELDER LAW FIRM<br>cassie@cassiefelderlaw.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | |

                                             *s/ Tracey K. Ledbetter*
                                             Tracey K. Ledbetter