IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 1:14-cv-01589-TWP-DKL |
| COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF ADAM GALEMA

1.      I am over twenty-one years of age, of sound mind, and competent to make this declaration.

2.      I currently serve as the Senior Director of Finance for Defendant NextGear Capital, Inc. ("NextGear") and have held that position for two years. Before that, I was Controller of NextGear for several years. In my current role, I am responsible for the financial reporting of the company. This Declaration is based on my own personal knowledge, in reliance on the regular practices and procedures of NextGear, and on the records maintained by NextGear.

3.      In 2013, NextGear began to use a new form of Demand Promissory Note and Loan and Security Agreement that contained an agreement to arbitrate (the "2013 Note"). The 2013 Note replaced and novated any prior agreements with NextGear and/or its predecessors, Manheim Automotive Financial Services, Inc. and Dealer Services Corporation ("DSC"). A true and correct copy of the primary 2013 Note form is attached to this Declaration as **Exhibit A**.

4.      Some dealers in ongoing relationships with DSC/NextGear executed the 2013 Note at a time when they had transactions outstanding. The purpose of the last sentence of Section 13 of the 2013 Note was to facilitate the transition of outstanding receivables by continuing the financial terms (*e.g.*, interest rates, curtailment periods, and fees) applicable to those receivables. This was meant to allow dealers to continue operating their business smoothly, rather than having to pay back outstanding debts immediately and then take out replacement loans or refinance those loans under the new terms of the 2013 Note.

5.      Following the Court's June 29, 2017 Order, NextGear compiled a list of all dealers who floor planned a vehicle with DSC or NextGear under a DSC promissory note between January 1, 2005 and July 31, 2013.  This list was compiled as a summary of NextGear's relevant business records; the information summarized was recorded at or near the time of the events being recorded, was recorded by individuals with knowledge of the events, and is kept in the course of NextGear's regularly conducted business activity and as part of its regular practices.

6.      From the above summary list, a subset of dealers was identified who (a) floor planned a vehicle with NextGear (or DSC) between January 1, 2005 and July 31, 2013 *and* (b) signed the 2013 Note.  We have determined that 9,940 dealers fall into this category.

7.      A redacted list of these 9,940 dealers is attached to this Declaration as **Exhibit B**. This list was compiled as a summary of NextGear's relevant business records; the information summarized was recorded at or near the time of the events being recorded, was recorded by individuals with knowledge of the events, and is kept in the course of NextGear's regularly conducted business activity and as part of its regular practices.

8.      According to NextGear's records, none of the dealers listed in Exhibit B timely elected to opt out of the arbitration agreement in the 2013 Note by using the procedures stated in the contract.

9.      Of the 9,940 dealers listed in Exhibit B, NextGear has determined that 174 had outstanding receivables as of the effective date of the 2013 Note and failed to ever repay that debt.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate to the best of my knowledge.

This _10th_ day of August, 2017.

Adam Galema

2