IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>COX AUTOMOTIVE, INC., NEXTGEAR CAPITAL, INC. F/K/A DEALER SERVICES CORPORATION, successor by merger with Manheim Automotive Financial Services, Inc., and JOHN WICK,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:14-cv-01589-TWP-DML<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OBJECTIONS TO
MAGISTRATE JUDGE'S ORDERS ON MOTIONS TO STAY
AND REQUEST TO STAY DISCOVERY REGARDING SUBSET OF CLASS**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendants respectfully object to two aspects of two Orders entered by Magistrate Judge Lynch. Rule 72(a) provides that parties may object to a magistrate's order within fourteen days of receiving a copy of the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

First, the Order on Motion to Stay Class Discovery and Class Notice [Doc. 239] should be modified to relieve NextGear of any requirement to provide information regarding dealers who have entered into written arbitration agreements and/or class action waivers that preclude participation in the class certified by the Court. Now pending before the Court is Defendants' motion to modify the class definition to exclude such dealers. [Doc. 237.] As discussed more

fully in that motion, to notify those dealers of class certification where they are precluded from participating in the class under well-settled case law would be wasteful, confusing, and gratuitously injurious to Defendants' business and contractual rights. *See Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2308-09 (2013); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). (*See also* Mot. to Modify Class Certification Order to Narrow Class [Doc. 237] at 6-17.) Discovery regarding, and the dissemination of notice to, dealers subject to arbitration should at least be deferred until the Court has an opportunity to fully consider the motion to narrow the class definition and the parties have exhausted any related appeal rights.[1]

Second, the Order on Motion to Stay Ruling on Plaintiffs' Request for Summary Judgment on Breach of Contract Claim [Doc. 238] stays ruling on Plaintiffs' Motion for Partial Summary Judgment pending the class opt-out time period. That Order is erroneous, however, insofar as it seems also to suggest that *Defendants'* pending Motion for Summary Judgment [Docs. 192, 193, 212] is not ripe for decision until the class notice process has been completed. The Seventh Circuit has explicitly stated that the Court may rule on a *defendant's* motion for summary judgment in advance of class certification, and by extension in advance of the class notice; indeed, it noted, "we have looked upon such a procedure favorably." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 n.3 (7th Cir. 2016).

Defendants respectfully request that the Court modify or clarify the foregoing aspects of the Magistrate Judge's two recent orders. Defendants also request that the Court direct that compliance with the Order on Motion to Stay Class Discovery and Class Notice [Doc. 239] be

---

[1] Defendants' objection is limited to those dealers who signed promissory notes containing agreements to arbitrate and/or class action waiver clauses. Defendants will comply with the Magistrate Judge's Order concerning discovery and notice to other dealers in the class, subject to additional rulings by the Court or the Seventh Circuit regarding the class.

stayed to the extent that it requires production of information regarding, and notice to, dealers who signed arbitration agreements and/or class action waivers.

Respectfully submitted, this 23rd day of August, 2017.

                                                      *s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 23rd day of August, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com

       _s/ Tracey K. Ledbetter_
       Tracey K. Ledbetter