UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DLP** |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **individually, and on behalf of other** | * | |
| **members of the general public** | * | |
| **similarly situated,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |

*********************************************************************************

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY AND CLASS NOTICE**

The Named Plaintiffs—Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto

Sales, Inc.—oppose the Motion to Stay Discovery and Class Notice filed by Defendant NextGear

Capital, Inc. ("NextGear") (Dkt. 285). In light of the Seventh Circuit Court of Appeals' February

13, 2019 judgment (mandate issued March 8, 2019, Dkt. 273) and this Court's prior orders denying

similar relief requested by NextGear (*e.g.*, Dkt. 239, 250), NextGear is unlikely to succeed on the

merits of its underlying motions. Since this case was certified almost two years ago, at every turn,

NextGear has sought to delay class discovery through numerous motions and objections to the

Magistrate Judge's discovery orders.[1] Following the Court of Appeals' decision, NextGear still

---

[1] Notably, NextGear's efforts to stop class discovery have followed the parties' Joint Motion to
Modify Case Management Plan, filed in December 2016 prior to class certification. In that motion,
NextGear and Plaintiffs jointly proposed to establish the following schedule for class merits
discovery requiring timely responses and cooperation by NextGear: "(a) The Plaintiffs shall serve
written discovery relating to class merits issues within 15 days following entry of an order granting
certification of a class; and (b) The Defendants shall respond to such discovery within the time
limits allowed by the Federal Rules of Civil Procedure… the Parties propose that to the extent that
any additional depositions are necessary following class certification, the Parties will work

refuses to engage in remaining class discovery by producing the names and contact information for 9,980 class members and class-wide damages information. NextGear's latest motion to stay—which is based on its anticipated second motion for reconsideration, its motion to narrow, and its prior objections to Magistrate Judge Lynch's discovery orders—should be denied in its entirety because NextGear is not likely to succeed on those underlying motions. As set forth below, any new motion for reconsideration would be time-barred and substantively in conflict with the Court of Appeals' decision; the motion to narrow is unlikely to succeed under the applicable agreements and case law; and NextGear's objections to the Magistrate Judge's discovery orders are without merit. Further, a stay would be contrary to the public interest in this five-year old case. Finally, NextGear's arguments fail to address the issue of notice to the 17,411 known class members, the only group as to whom Plaintiffs currently seek the issuance of class notice (Dkt. 276, 282).

## I.    Pertinent Background

This case, originally filed in December 2013, has been pending for more than five years and was certified as a class action almost two years ago. On June 29, 2017, this Court granted Plaintiffs' class certification motion (Dkt. 153) as to Plaintiffs' breach of contract claim against NextGear, as well as other claims. Dkt. 220. In July 2017, Defendants filed their motion for reconsideration of class certification, and in August 2017, notwithstanding their earlier agreement to timely participate in class discovery, Defendants moved to stay all class-wide discovery and class notice. Dkt. 230. Defendants also filed a motion to modify the class certification order to narrow the class. Dkt. 237. Magistrate Judge Lynch denied in part Defendants' motion to stay discovery and class notice, holding that "**[n]otice to the class must proceed immediately**" and

---

together to schedule such depositions at the earliest practicable date, subject to the limitation on the number of depositions established by the Federal Rules of Civil Procedure." Dkt. 172 at 2. The Court granted the parties' joint motion. Dkt. 181.

"[t]here is no good reason for delaying the discovery necessary to identify members of the class for the purpose of providing notice as required by Rule 23(c)(2)(B), including setting a deadline for members to opt out of the class." Dkt. 239 at 2 (emphasis added). Magistrate Judge Lynch granted Defendants' motion in part as to class damages discovery, on the basis that such discovery would be unduly burdensome at that point because "substantial liability issues have been briefed on summary judgment but not yet decided[.]" Dkt. 239 at 4.

In September 2017, Defendants produced the names of and contact information for 17,411 class members who they did not seek to exclude from the class in their motion to narrow the class. However, they filed a Rule 72 objection (Dkt. 240) to the Magistrate Judge's Order insofar as it required them to provide information regarding the 9,980 dealers they sought to exclude and refused to produce information about those members. Defendants also filed a motion for protective order on this issue (Dkt. 244), which Magistrate Judge Lynch denied in a one-paragraph order:

> The defendants move for a protective order to relieve them "from any obligation to produce information regarding dealer customers who … agreed to arbitrate the claims made by the class and waived the right to participate in a class action." Dkt. 244. The court DENIES the motion. It already ruled on this issue in the Order on Motion to Stay Class Discovery and Class Notice, at Dkt. 239.

Dkt. 250. Defendants then filed a Rule 72 objection to that Order (Dkt. 260) but did not file a motion to stay the order. Relying solely on the pendency of these motions, Defendants have continued to withhold from production the readily available contact information for those 9,980 class members.

On January 12, 2018, this Court entered orders granting Defendants' motion to reconsider class certification, decertifying the class (Dkt. 261) and granting in part and denying in part Defendants' motion for summary judgment, leaving in place Plaintiffs' breach of contract claim (Dkt. 262). The Seventh Circuit vacated this Court's order decertifying the class on February 13,

2019. Dkt. 273. On March 22, 2019, Plaintiffs filed a motion to revise the class definition and proceed with class notice to the 17,411 known class members, in light of the Court of Appeals' decision and other litigation developments prior to the appeal, including the Court's partial grant of Defendants' summary judgment motion. Dkt. 276, 282. NextGear's instant motion to stay class discovery and class notice followed. Dkt. 285.

## II.     NextGear's Requested Stay Should Be Denied

### A.     No Likelihood of Success on the Merits

Contrary to NextGear's arguments, its motion for stay should be denied as it is not likely to succeed on the merits of its second motion to reconsider the class certification order, its motion to narrow the class, or its pending Rule 72 objections. *See In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) ("To determine whether to grant a stay, we consider the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other.").

### 1.     No Likelihood of Success on any New Motion to Reconsider Class Certification

First, NextGear's impending motion to reconsider the class certification order is unlikely to succeed in the face of the Seventh Circuit's substantive analysis of the now-vacated decertification order. NextGear's assertion that the Seventh Circuit's decision merely "returned the case to this Court to provide additional explanation" ignores the Seventh Circuit's analysis of the substantive merits of decertification. While the appellate decision described this Court's initial class certification Order as "a model of clarity and thoroughness, analyzing the [Rule 23] factors in detail" (Op. at 5), it described the decertification Order as "terse" (Op. at 6) and noted that it "provides only the conclusion that an ambiguous contract 'requires consideration of extrinsic evidence, necessitates individualized proof, and undermines the elements of commonality and

predominance for class certification.'" (*Id.*). Substantively, the appellate decision endorsed the analysis in the class certification order and rejected the rationale behind the decertification order:

> … Neither the categorization of the contract as ambiguous, nor the prospect of extrinsic evidence, necessarily imperils class status. All parties concede that the floorplan contract in this case is a standard form contract. And neither the plaintiffs nor the defendants argue that the language in the contract has different meaning for different signatories; instead, all argue for an interpretation that would apply to all signatories of the contract. In fact, with a form contract such as this one, uniform application and interpretation of the clauses would be expected absent evidence that the form contracts in fact had a meaning that varied from one signatory to another. Even if the determination that the language is ambiguous as to when interest could accrue opens the door to extrinsic evidence to ascertain the intended meaning of that provision, the determination of its meaning would apply to all signatories and therefore would be capable of class-wide resolution.

Op. at 7. The Court of Appeals further held:

> But the mere need for extrinsic evidence does not in itself render a case an improper vehicle for class litigation…. The proper focus for commonality is whether determination of the question will yield common answers that could resolve the litigation. Here, the class was already narrowed to those who signed the specific form contract at issue here. With such a form contract, almost universally signed without negotiation or modification, there is no reason to think that the interpretation of the provision will vary from one signatory to another, and therefore the issue is one that is capable of a common answer and for which that common question predominates over questions affecting individual class members.

*Id.* at 8-9 (citation omitted).

Indeed, NextGear itself argued to the Court of Appeals that there should be no need to vacate and remand to the District Court if the substantive result would be the same: "We submit it would be a waste of judicial resources now just to remand, for the district judge to add a few sentences to an order that is otherwise sound." Counsel for NextGear, Transcript of September 7, 2018, Oral Argument, Dkt. 277-1, at 30:21-25. In their initial motion for reconsideration, Defendants moved this Court to decertify the breach-of-contract class only on the ground that the alleged ambiguity of the floor plan agreements required consideration of extrinsic evidence, which

they argued made class certification improper, without identifying any specific extrinsic evidence that the Court found precluded class certification. Dkt. 228 at 7-9. As set forth above, the Court of Appeals has already rejected the substantive merits of this argument. The Court of Appeals held that the "mere need for extrinsic evidence does not in itself render a case an improper vehicle for class litigation[,]" that "[t]he proper focus for commonality is whether determination of the question will yield common answers that could resolve the litigation[,]" and that because the class members here signed a form contract, the issue is capable of a common answer and that common answer predominates over any individual issues. Op. at 8-9. NextGear does not, in its assertion of likelihood of success on the merits, offer any explanation as to how it could succeed on the merits of arguments already substantively addressed and soundly rejected by the Seventh Circuit.[2]

Moreover, any new motion to reconsider this Court's initial certification order would be time-barred. Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment (under which a "motion for reconsideration" falls) "must be filed no later than 28 days after the entry of the judgment" as to which reconsideration is sought. Fed. R. Civ. P. 28(e); *Arendovich Investments, Inc. v. NNR Global Logistics, Inc.*, 754 Fed. Appx. 472, 474 (7th Cir. 2019) (rejecting argument that motion to reconsider was a timely filed Rule 59(e) motion, and noting that Rule 59's "28-day deadline may not be extended"). This Court's initial certification order (Dkt. 220) was entered on June 29, 2017, and Defendants filed their initial motion to reconsider that order (Dkt. 228), thirteen days later, on July 12, 2017. The Court of Appeals'

---

[2] When questioned at oral argument before the Court of Appeals on the issue of relevant extrinsic evidence, counsel for NextGear cited to individual dealers' course of dealing with NextGear after the contracts were signed. *See* Dkt. 277-1 at 22:12-26:16. However, any course of dealing evidence follows contract formation and thus is irrelevant here, where the form contract at issue contained an integration clause. In addition, any evidence that NextGear might seek to introduce now was already in its possession when its reconsideration motion was briefed in the summer of 2017.

6

vacatur of the order granting the initial motion to reconsider and remand to this Court was effective as of the March 8, 2019 issuance of mandate. Dkt. 273. Even if NextGear received a fresh 28 days within which to seek reconsideration of the initial class certification order under Rule 59, that 28-day period elapsed on April 5, 2019, and NextGear failed to file such a motion by that date. Indeed, as of April 24, 2019, NextGear has still failed to file such a motion. Accordingly, as a procedural matter, any reconsideration relief from this Court's order to certify the class is time-barred and any new motion to reconsider filed by NextGear should be denied on untimeliness grounds.[3]

### 2. No Likelihood of Success on Motion to Narrow Class

Second, NextGear is unlikely to succeed on the merits of its motion to narrow (Dkt. 237, 286). Foremost, the motion to narrow only concerns the scope of dispute-resolution provisions in the 2013 Agreement, and is inapplicable to the 17,411 known class members who were signatories to prior agreements. Moreover, even regarding those 9,980 class members who were signatories to the 2013 Agreement, as discussed briefly below and detailed in Plaintiffs' opposition to the motion to narrow, Defendant is unlikely to succeed on the merits of their arguments.

Under the 2013 Agreement, Section 21 contains the first dispute resolution provision and sets forth a mandatory forum-selection clause:

> JURISDICTION AND VENUE. As evidenced by Borrower's signature below, Borrower submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana, and agrees that *any and all claims or disputes* pertaining to this Note or any other Loan Document, or to any matter arising out of or related to this Note or any other Loan Document, *initiated by Borrower against Lender, shall*

---

[3] The *Arendovich* court also rejected the motion to reconsider in that case under Rule 60(b), where there was not even a "hint" of newly discovered evidence or of excusable neglect that led to the original judgment. 754 Fed. Appx. at 474. Likewise, reconsideration and decertification under Fed. R. Civ. P. 23(c)(1)(C) would be inappropriate under the substantive analysis of the Court of Appeals here, which rejected the merits of the notion that "subsequent developments in the litigation" created a situation where common issues capable of class-wide resolution did not predominate over any individual issues.

>    ***be brought in the state or federal courts*** of Marion County or Hamilton
>    County, Indiana.

Dkt. 237-2 at 10 (§ 21) (emphasis added). While NextGear argues that this forum-selection clause

only "applies to proceedings that are not subject to arbitration[,]" (Dkt. 237 at 13), there is no

language in the above provision that restricts the mandatory venue provision at all, such as only to

certain proceedings not subject to arbitration or instances where litigation is elected to be brought,

*e.g.*, after an arbitration award has been entered. Instead, the language of the provision

unequivocally requires that "all claims or disputes … initiated by the Borrower against the Lender[]

shall be brought in the state or federal courts" of Marion or Hamilton counties. The Seventh Circuit

"ha[s] found such mandatory language to require enforcing a forum selection clause. … [W]here

venue is specified with mandatory or obligatory language, the clause will be enforced[.]"

*Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) (citing *Paper Express,*

*Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753 (7th Cir. 1992)).[4]

    By contrast to the 2013 Agreement's mandatory forum-selection clause, that Agreement's

arbitration provision is part of its non-mandatory dispute-resolution mechanism for elective,

informal mediation:

>    ***In most cases***, any disputes or claims that Borrower may have can be
>    resolved quickly and to Borrower's satisfaction by contacting Lender
>    regarding such dispute or claims. In the unlikely event that Lender is unable
>    to resolve a dispute or claim that Borrower may have, Borrower agrees to
>    arbitrate any ***such dispute or claim***.

Dkt. 237-2 at 10 (§ 22(a)) (emphasis added). The mandatory language contained in the forum-

selection provision is notably absent in this informal mediation and arbitration provision.[5] Further,

---

[4] Cases relied on by NextGear for the premise that a forum-selection clause may not trump an
arbitration provision did not involve mandatory forum-selection clauses like the one in the 2013
Agreement. *See* discussion of cases in Dkt. 241 at 4-6.

[5] There is no requirement that "any and all claims or disputes" by the Borrower be subjected to this
informal mediation and arbitration requirement but, rather, a vague reference to "[i]n most cases."

even that non-mandatory agreement does not apply to "any and all claims and disputes" but only to "such dispute or claim"—referring to any "dispute or claim" that Borrower may have elected to submit to informal mediation with Lender. While the arbitration provision goes on to define the types of disputes and claims that may be raised through this informal mediation and arbitration process broadly, that definition lacks any further indicia of a mandate, instead only noting, "This agreement to arbitrate is to be broadly interpreted …." The "agreement to arbitrate" in the first place, however, is only triggered in the limited circumstances indicated in that provision's first two sentences. *Adamovic v. METME Corp.*, 961 F.2d 652, 654 (7th Cir. 1992).[6]

Even if NextGear were to prevail on its re-urged motion to narrow the class, there is no justification to stay class notice or damages discovery as to the 17,411 known class members. Those members are part of the class, regardless of any future narrowing of the class definition. They should be given notice of the existence of the class (indeed, Plaintiffs' current motion for class notice only seeks notice as to these known class members), and discovery as to damages as to those class members must go forward.

### 3.   No Likelihood of Success on NextGear's Rule 72 Objections

NextGear's Rule 72 objections to the discovery orders of the Magistrate Judge are subject to an exceedingly heavy burden. The district court's review of the Magistrate Judge's discovery decisions is governed by Rule 72(a). *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). The district judge is "to modify or set aside any part of the order that is clearly

---

Also, while the mandatory forum-selection provision requires that any and all claims and disputes "shall be brought" in state or federal courts, the arbitration provision notes that Borrower "agrees" to arbitrate certain disputes, omitting the mandatory "shall be brought."

[6] Additionally, the class-waiver provision in the 2013 Agreement was expressly limited to claims that arise under the 2013 Agreement and not to claims arising under prior agreements. *See* R. Doc. 241 at 11-12.

erroneous or is contrary to law." *Id.* at 943. This standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Id.* This is "an extremely deferential standard and the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion." *McGuire v. Carrier Corp.*, 1:09-CV-315-WTL-JMS, 2010 WL 231099, at *1 (S.D. Ind. Jan. 13, 2010) (citing *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)). NextGear's objections to the Magistrate Judge's orders at Dkt. 238 and 239 (the subject of the objections at Dkt. 240) and at 250 (the subject of the objections at Dkt. 255) fail to meet this heavily deferential burden to show that the orders were clearly erroneous or contrary to law. Indeed, those objections ultimately rely on NextGear's ability to show clear error as to the class certification order, NextGear is unlikely to succeed on the merits of those arguments.

### B.     Balance of Harms and Prejudice to the Public Interest Do Not Favor a Stay

This Court's inquiry into whether to grant the requested stay should conclude with the analysis of NextGear's likelihood of success on the merits. Where there is little likelihood of success on the merits, then the risk of harm to NextGear from the class notice or class damages discovery is very low. Indeed, as to damages discovery, NextGear identifies no potential harm— as the only harms posited by NextGear are reputational harms ("stigma of Plaintiffs' allegations") incurred as a result of the class notice, not damages discovery. However, Magistrate Judge Lynch already rejected any potential harm to NextGear's reputation as a reason to delay class notice. *See* Dkt. 239 at 3 ("The court is confident the notice can be written to express the defendants' disagreement with the plaintiffs' claims and their intent to vigorously defend themselves and their reputations.").

Further, NextGear cites to no authority for the importance to be given to reputational harms in the balance of harms for a stay. However, in the decision cited by NextGear for the standard to be applied, the Seventh Circuit held that damage to a corporation's reputation, even in the context of a trademark-degradation dispute, was "much less severe" than the harms of interrupting a Chapter 11 debtor's reorganization efforts. *In re A&F*, 742 F.3d at 768-69. Similarly, Plaintiffs' interest in completing class discovery here is recognized as important to expediting resolution of these long-pending claims. District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). As the Court held in denying Defendants' earlier motion to stay discovery pending a decision on their motion to dismiss, the Court "has to consider the prejudice to the judicial system as a whole and the prejudice to Plaintiffs from a stay of discovery." Dkt. 133 at 6 (citing *United States ex rel. Robinson v. Indiana U. Health Inc.,* 2015 WL 3961221, at *4 and *6 ("District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously[.]"); *New England Carpenters Health & Welfare Fund v. Abbott Laboratories*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (noting that courts disfavor stays of discovery "because they bring resolution of the dispute to a standstill" (quotation and citation omitted)).

Indeed, the harm to Plaintiffs of staying discovery also shows that the public interest in expeditious resolution of litigation weighs much more heavily against NextGear's requested stay. As to the public interest, NextGear bemoans the consumption of its "internal time and resources." Dkt. 285 at 4. It should go without saying that NextGear's internal resources are not the "public" interest, but a private interest in delaying the resolution of this litigation as long as possible.

## III.  Conclusion

NextGear's requested stay of class notice and class damages discovery should be denied. NextGear is unlikely to succeed on any of its pending or anticipated motions, and the parties' relative harms and the public interest weighs against a stay. Finally, none of NextGear's arguments could justify a stay of damages discovery and class notice as to the 17,411 known class members.

Respectfully submitted,

 /s/ Kerry A. Murphy
CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (#18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS AND THE CLASS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2019, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

 /s/ Kerry A. Murphy
Kerry A. Murphy

13