UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** * | DOCKET NO. 1:14-cv-01589-TWP-DML |
| **PLATINUM MOTORS, INC., and** * | |
| **MATTINGLY AUTO SALES, INC.,** * | **CLASS ACTION** |
| individually, and on behalf of other * | |
| members of the general public * | |
| similarly situated, * | |
| * | |
| v. * | |
| * | |
| **COX ENTERPRISES, INC.,** * | |
| **COX AUTOMOTIVE, INC.,** * | |
| **NEXTGEAR CAPITAL, INC.,** * | |
| **F/K/A DEALER SERVICES** * | |
| **CORPORATION, successor by merger** * | |
| with Manheim Automotive Financial * | |
| Services, Inc., and JOHN WICK, * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 72 OBJECTIONS
TO MAGISTRATE JUDGE'S ORDERS ON MOTIONS TO STAY AND
REQUEST TO STAY DISCOVERY REGARDING SUBSET OF CLASS**

**NOW INTO COURT** come Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. and respectfully submit this memorandum in response to Defendants' Rule 72 objections to the Magistrate Judge's recent Orders (Dkt. 240). Defendants have not met the heavy burden of showing that the Magistrate Judge's Orders—Dkt. 238 and 239—were clearly erroneous and should be overturned pursuant to Rule 72. Those Orders should be affirmed by this Court, and class notice to all Class and Subclass members should move forward on schedule.

**I.      Procedural Context**

On July 12, Defendants filed the motion for reconsideration of class certification. Dkt. 228. On July 14, they moved to stay class discovery and class notice. Dkt. 230. On August 10, they filed another motion to modify the class based on the 2013 contracts, raising an issue that they

knew about at least as early as the class certification briefing in 2016. Dkt. 237. On August 11, the Magistrate Judge held that "[class] notice should not be delayed, but will stay discovery related to damages until further order." Dkt. 239 at 2. Not satisfied, Defendants now ask this Court to review and overturn that Order "to relieve NextGear of any requirement to provide information" regarding dealers who signed the 2013 contracts. Dkt. 240 at 2.[1]

## II.     Standard of Review

The district court's review of the Magistrate Judge's discovery decisions is governed by Rule 72(a). *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997). The district judge is "to modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* at 943. This standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Id.* This is "an extremely deferential standard and the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion." *McGuire v. Carrier Corp.,* 1:09-CV-315-WTL-JMS, 2010 WL 231099, at *1 (S.D. Ind. Jan. 13, 2010) (citing *Pinkston v. Madry,* 440 F.3d 879, 888 (7th Cir. 2006)).

## III.    Defendants Have Provided No Basis for Modifying the Class Discovery and Class Notice Order (Dkt. 239).

To begin, Defendants ignore the fact that the trial of this matter is scheduled for December of this year and that trial has already been continued twice. Any further delay of discovery and/or class notice would endanger that trial date and greatly prejudice Plaintiffs. Further, Defendants' suggestion that their motion to narrow the class creates new grounds for modification of the

---

[1] The Court's Order requires that Defendants provide names and contact information for all Class and Subclass members within 21 days of the August 11 order (by this Friday, September 1, 2017). *See* Dkt. 239 at 5. These responses must include information regarding all class members, including those members who Defendants seek to exclude from the class.

2

Magistrate Judge's class discovery and notice Order (Dkt. 239) should be rejected. That motion was filed before entry of the August 11 Order and was specifically addressed therein:

> If, indeed, the class definition is changed in any way because of the defendants' motion for reconsideration **(or defendants' recently filed motion to narrow class)** or because of any appeal, then the court can determine the timing of any additional notice because of such changes.

Dkt. 239 at 2 (emphasis in bold added). Defendants entirely fail to meet their heavy burden under Rule 72, citing only cases they have cited previously. Defendants' continued objections to class certification are not sufficient grounds for halting the class notice process or class discovery. *Id.* at 3. There is little to no burden on NextGear to producing information about the class members who signed the 2013 contracts; they already compiled that information for purposes of their motion to narrow the class. *See* Dkt. 237-1 and -3. Finally, the Magistrate Judge properly rejected the argument that notifying class members of class certification at this stage would harm Defendants' business and reputation; the notice can reflect Defendants' denial of the claims. *See* Dkt. 239 at 2-3. Defendants provide no basis for finding that the Magistrate Judge's Order is clearly erroneous.

### IV. Defendants Have Provided No Basis for Modifying the Order on Plaintiffs' Motion to Stay Summary Judgment Ruling (Dkt. 238).

Defendants incorrectly suggest on page 2 that the Magistrate Judge's Order (Dkt. 238) "seems also to suggest that *Defendants'* pending Motion for Summary Judgment… is not ripe for decision until after the class notice process has been completed." The Order does not say anything about the timing of the Court's order on Defendants' summary judgment motion, nor did Plaintiffs in their motion to stay (Dkt. 214) ask the Court to stay a ruling on Defendants' motion.

### V. Conclusion

For these reasons, Plaintiffs request that this Court deny Defendants' objections and affirm the Magistrate Judge's Orders so that class discovery and notice can proceed as set forth therein.

3

Respectfully submitted,

 /s/ Kerry A. Murphy
CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
JACOB AIREY (La. Bar No. 27933)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (#18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2017, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

               */s/ Kerry A. Murphy*
                Kerry A. Murphy