UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | DOCKET NO. 1:14-cv-01589-TWP-DML |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | CLASS ACTION |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| COX ENTERPRISES, INC., | * | |
| COX AUTOMOTIVE, INC., | * | |
| NEXTGEAR CAPITAL, INC., | * | |
| F/K/A DEALER SERVICES | * | |
| CORPORATION, successor by merger | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and JOHN WICK, | * | |
| | * | |

*************************************************************************

**PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 72 OBJECTIONS
TO MAGISTRATE JUDGE ORDER ON MOTION FOR PROTECTIVE ORDER AND
REQUEST TO STAY DISCOVERY REGARDING SUBSET OF CLASS**

**NOW INTO COURT** come Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. and respectfully submit this memorandum in response to Defendants' Rule 72 objection to the Magistrate Judge's October 5 Order (Dkt. 255). Defendants fail to show that the Order (Dkt. 250) was clearly erroneous or contrary to law. That Order should be affirmed, and Defendants should be ordered—again—to provide information about all class members.

I.   **Procedural Context**

On July 12, Defendants sought reconsideration of class certification. Dkt. 228. On July 14, they moved to stay class discovery and class notice. Dkt. 230. On August 10, they filed another motion to modify the class based on the 2013 contracts. Dkt. 237. On August 11, the Court held that class notice "should not be delayed" but "stay[ed] discovery related to damages until further

order." Dkt. 239 at 2. The August 11 Order required Defendants to provide names and contact information for all Class and Subclass members within 21 days. *See* Dkt. 239 at 5. On August 23, Defendants filed the Rule 72 objection to the August 11 Order, asking this Court "to relieve NextGear of any requirement to provide information" regarding dealers who signed the 2013 contracts. Dkt. 240 at 2. On September 1, NextGear provided a partial list of class members, excluding information regarding 9,940 class members who they assert signed 2013 contracts, and sought a protective order, asking the Court to endorse NextGear's refusal to provide the names of all class members. Dkt. 244. Plaintiffs opposed the motion, and the Court denied it, stating:

> The defendants move for a protective order to relieve them "from any obligation to produce information regarding dealer customers who . . . agreed to arbitrate the claims made by the class and waived the right to participate in a class action." Dkt. 244. The court DENIES the motion. It already ruled on this issue in the Order on Motion to Stay Class Discovery and Class Notice, at Dkt. 239.

Dkt. 250. Still not willing to comply, Defendants filed their most recent objection.

## II. Standard of Review

The district court's review of the Magistrate Judge's discovery decisions is governed by Rule 72(a). *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997). The district judge is "to modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* at 943. "[T]he district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Id.* This is "an extremely deferential standard and the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion." *McGuire v. Carrier Corp.,* 1:09-CV-315-WTL-JMS, 2010 WL 231099, at *1 (S.D. Ind. Jan. 13, 2010) (citing *Pinkston v. Madry,* 440 F.3d 879, 888 (7th Cir. 2006)).

### III.   Defendants Have Provided No Basis for Rule 72 Relief.

Defendants fail to meet their heavy burden under Rule 72, providing absolutely no basis for finding that the Magistrate Judge's Order is clearly erroneous or contrary to law. Defendants now simply reference the arguments made in their Motion to Narrow, previous objections, and motion for protective order. Plaintiffs have already responded to those arguments (Dkts. 241, 242, 246), and those arguments are incorporated herein. Defendants' continued objections to class certification are not sufficient grounds, as they suggest, to "pause" class discovery. Class discovery and notice to the entire class must proceed as soon as possible. The class was certified more than three months ago, and the trial of this matter has been continued several times. There is now a March 5, 2018 trial date, and prior to trial, the parties must complete class discovery, class notice, and the opt-out period.

Defendants' Rule 72 objection seeks broader relief than their motion for protective order. Rather than requesting a stay of discovery as to the remaining class members pending a ruling on the Motion to Narrow, Defendants ask this Court to stay such discovery until the Court has ruled on that motion and "the parties have exhausted any related appeal rights." Dkt. 255 at 2. This request, like their earlier request, should be denied. Defendants should not be permitted to halt this class action indefinitely simply because they disagree with the Court's ruling. Defendants should be required to produce immediately information regarding all members of the certified class.

### IV.   Conclusion

For these reasons, Plaintiffs request that this Court deny Defendants' objections in their entirety and affirm the Magistrate Judge's Order.

Respectfully submitted,

| | |
|---|---|
| /s/ Kerry A. Murphy | JAMES M. GARNER (La. Bar No. 19589) |
| CATHERINE E. LASKY (La. Bar No. 28652) | *Pro Hac Vice* |
| *Pro Hac Vice* | RYAN D. ADAMS (La. Bar No. 27931) |
| KERRY A. MURPHY (La. Bar No. 31382) | *Pro Hac Vice* |
| *Pro Hac Vice* | MATTHEW M. COMAN |
| **LASKY MURPHY LLC** | (La. Bar No. 23613) |
| 715 Girod Street, Suite 250 | *Pro Hac Vice* |
| New Orleans, Louisiana 70130 | JACOB AIREY (La. Bar No. 27933) |
| Telephone: (504) 603-1500 | *Pro Hac Vice* |
| Facsimile: (504) 603-1503 | **SHER GARNER CAHILL RICHTER** |
| klasky@laskymurphy.com | **KLEIN & HILBERT, L.L.C.** |
| kmurphy@laskymurphy.com | 909 Poydras Street, Suite 2800 |
| | New Orleans, Louisiana 70112 |
| GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice* | Telephone: (504) 299-2100 |
| LYNN E. SWANSON (La. Bar No. 22650) | Facsimile: (504) 299-2300 |
| *Pro Hac Vice* | jgarner@shergarner.com |
| **JONES, SWANSON, HUDDELL &** | radams@shergarner.com |
| **GARRISON, L.L.C**. | mcoman@shergarner.com |
| 601 Poydras Street, Suite 2655 | |
| New Orleans, Louisiana 70130 | Kathleen A. DeLaney (#18604-49) |
| Telephone: (504) 523-2500 | **DELANEY & DELANEY LLC** |
| Facsimile: (504) 523-2508 | 3646 North Washington Blvd. |
| gjones@jonesswanson.com | Indianapolis, IN 46205 |
| lswanson@jonesswanson.com | Telephone: (317) 920-0400 |
| | Facsimile: (317) 0404 |
| | Kathleen@delaneylaw.net |
| CASSIE E. FELDER (La. Bar No. 27805) | **COUNSEL FOR PLAINTIFFS** |
| *Pro Hac Vice* | |
| **THE CASSIE FELDER LAW FIRM** | |
| 7515 Jefferson Hwy., #313 | |
| Baton Rouge, LA 70806 | |
| Main: (504) 232-1733 | |
| Cell: (504) 400-1127 | |
| cassie@cassiefelderlaw.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2017, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

                                          */s/ Kerry A. Murphy*
                                              Kerry A. Murphy