IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RED BARN MOTORS, INC., PLATINUM )
MOTORS, INC., and MATTINGLY AUTO )
SALES, INC., individually and on behalf of )
other members of the general public similarly )
situated, )
                                                    )
      Plaintiffs, )
                                                    )      Case No. 1:14-cv-01589-TWP-DML
v. )
                                                    )
COX AUTOMOTIVE, INC., NEXTGEAR )
CAPITAL, INC. F/K/A DEALER SERVICES )
CORPORATION, successor by merger with )
Manheim Automotive Financial Services, Inc., )
and JOHN WICK, )
                                                    )
      Defendants. )

**NEXTGEAR CAPITAL, INC.'S REPLY IN SUPPORT OF OBJECTIONS
TO MAGISTRATE JUDGE'S ORDER ON MOTION FOR PROTECTIVE ORDER**

      Plaintiffs' response [Doc. 259] appears calculated more to unfairly blame Defendants for delays in this case than to address the merits of Defendants' objection. Plaintiffs' criticism is wholly misplaced. Over the course of this case, Defendants have consistently sought to enforce the plain language of arbitration and class action waiver provisions agreed to by nearly 10,000 dealers. This is hardly a controversial position, as federal law could not be clearer that such arbitration provisions are "valid, irrevocable, and enforceable." 9 U.S.C. § 2; *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2308-09 (2013). Consequently, Defendants filed a Motion to Modify Class Certification Order to Narrow Class ("Motion to Narrow") [Docs. 237, 243] addressing the issue, and now simply seek—through the appeal of Magistrate Judge McVicker Lynch's order—to give the Court time to rule on that motion prior to completing expensive (and potentially needless) discovery on this subset of dealers. Requiring NextGear to produce

information regarding these nearly 10,000 dealers would disregard binding law upholding arbitration agreements and negate NextGear's substantive contract rights.

Defendants' assertion of its arbitration rights is not a new position. Defendants pointed out in their opposition to class certification a year ago that many members of the class have agreed to arbitrate any past, present, and future claims on an individual basis. [Doc. 160, at 20-21.] Following the Court's Entry on Plaintiffs' Motion for Class Certification [Doc. 220], Defendants accepted the Court's invitation to "petition the Court to narrow the class" and moved to narrow the class to exclude customer dealers who signed floor plan agreements that superseded their prior agreements and required arbitration. [Doc. 220 at 37 n.5; Docs. 237, 243.] Defendants presented evidence that nearly 10,000 dealers in the class have agreed to arbitrate all disputes. [Docs. 237-1, 237-2, 237-3.]

Plaintiffs' insinuation that Defendants are the cause of delays in this action is not grounded in reality. Although Defendants have other objections to class certification raised in Defendants' Motion to Reconsider and/or Modify Class Certification Order [Docs. 228, 235], in the spirit of cooperation and moving the case forward, Defendants have produced the identities and contact information of the majority of dealers in the class; have produced documents and information in response to class discovery requests that were not stayed; have agreed to produce a witness for yet another Rule 30(b)(6) deposition by Plaintiffs; and have negotiated and agreed to the form of class notice. The only limit on Defendants' discovery responses is that they have declined to produce information regarding certain dealers—because clear and unambiguous contract terms and well-settled federal law confirm those dealers cannot be part of the class.

Requiring NextGear to identify dealers who have agreed to arbitrate their claims and waived their right to participate, and allowing notice of this RICO action to be sent to those

2

dealers, would harm NextGear's relationship with these key customers and impair NextGear's contractual right to arbitrate any disputes with them on an individual basis. By moving for relief under Rule 72, Defendants merely seek to maintain the status quo while the Court considers the authority outlined in the Motion to Narrow and has a chance to decide it on the merits. The Court should overrule the Magistrate Judge's MPO Order [Doc. 250] to the extent the MPO Order requires NextGear to produce information regarding dealers who agreed to arbitrate any claims they would assert as class members.

Respectfully submitted, this 30th day of October, 2017.

           *s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendants Cox Automotive, Inc., NextGear Capital, Inc. f/k/a Dealer Services Corporation, and John Wick*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 30th day of October, 2017:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

Lisa Brener
BRENER LAW FIRM, LLC
lbrener@brenerlawfirm.com

                                        _s/ Tracey K. Ledbetter_
                                        Tracey K. Ledbetter