IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. f/k/a Dealer Services Corporation,<br><br>Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND CLASS NOTICE**

By its motion to stay, NextGear Capital, Inc. ("NextGear") simply seeks to permit the Court time to rule on two pending motions that will either eliminate the class entirely or significantly reduce the class size. Specifically, NextGear's Motion to Decertify Class [Doc. 295] and Motion to Modify Class Certification Order to Narrow Class ("Motion to Narrow") [Doc. 237, 286-1] are pending before the Court. Plaintiffs object, demanding that class discovery and notice move forward at once, notwithstanding the Court's prior decertification of the class, the fact that the Seventh Circuit did not direct that a class be certified, and the substantial questions about the scope of the class, even if one were to remain certified. A stay is warranted to avoid the potentially needless expenditure of time and resources.

**I.      Plaintiffs' Accusations of Delay Are a Distortion of the Record.**

Plaintiffs attempt to impugn NextGear's motives by mischaracterizing the motion to stay as just the latest effort by NextGear to delay these proceedings "as long as possible." Opp. Mem. at 1, 2, 11. Plaintiffs' claims are belied by the record.

While Plaintiffs point to the fact that class certification was granted "almost two years ago" and recite rulings from Magistrate Judge Lynch relating to class discovery, Plaintiffs gloss over key parts of the procedural history.  Immediately after certification was granted, NextGear timely filed its motion for reconsideration and objected to Magistrate Judge Lynch's rulings that were premised on the existence of a class that included nearly 10,000 dealers who unequivocally promised to proceed with individual arbitration rather than as a member of a class.  Judge Pratt *granted* NextGear's motion for reconsideration, meaning the Court found that NextGear's objections were meritorious.  Although the Seventh Circuit ultimately vacated the decertification decision (a process that consumed much of the two years Plaintiffs reference), to suggest that NextGear's objections to class certification and discovery were nothing more than efforts to delay the case ignores this Court's ruling in NextGear's favor.  The current motion to stay, like NextGear's previous filings, stems from fatal problems with the class that must be resolved prior to engaging in class discovery and class notice.  This common sense approach is not borne out of a desire to delay the case, but rather a desire to ensure that the Court and the parties do not waste significant resources before the existence and scope of any class can be finally resolved.

**II.     NextGear Is Likely to Prevail on the Merits of the Pending Motions.**

The heart of Plaintiffs' objection to a stay is the claim that NextGear is unlikely to prevail on its pending Motion to Narrow, Motion to Decertify Class, and the Rule 72 appeals.  Plaintiffs are incorrect.

**A.  Motion to Narrow**

It is highly likely that the Court will follow decades of Supreme Court precedent and grant NextGear's Motion to Narrow.  Nearly 10,000 dealers in the class signed contracts in which they unambiguously agreed to arbitrate their claims on an individual basis:

>     (a) . . . In the unlikely event that Lender is unable to resolve a dispute or claim that Borrower may have, Borrower agrees to arbitrate any such dispute or claim.  This agreement to arbitrate is intended to be broadly interpreted, and includes (i) all disputes, claims and counterclaims arising out of or relating to this Note or any other Loan Document or any aspect of Borrower's relationship with Lender, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory; (ii) all disputes, claims and counterclaims that may have arisen before this Note or any prior contract or agreement between Borrower and Lender (including all disputes, claims and counterclaims relating to any marketing or advertising by Lender); and (iii) any disputes, claims and counterclaims that may arise after the termination of this Note and any other Loan Document. . . .
>
>     (b)   ANY ARBITRATION PROCEEDING UNDER THIS NOTE WILL TAKE PLACE ON AN INDIVIDUAL BASIS.  CLASS ARBITRATIONS AND CLASS ACTIONS OF ANY KIND (WHETHER PURSUED THROUGH ARBITRATION OR THROUGH THE COURTS) ARE NOT PERMITTED. BORROWER AGREES THAT IT MAY BRING CLAIMS AGAINST LENDER ONLY IN ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. . . .

(NextGear 2013 Note [Doc. 237-2, 286-3] § 22.)

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "declare[s] a national policy favoring arbitration of claims that parties contract to settle in that manner." *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009) (internal quotation marks omitted); *see also Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2308-09 (2013); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).  The FAA mandates that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  If the dispute is arbitrable, the FAA requires a court to stay litigation in order that arbitration may proceed in accordance with the agreement.  *Id.* §§ 3, 4.

Consistent with this policy, when a contract contains an arbitration clause, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also James v.*

3

*McDonald's Corp.*, 417 F.3d 672, 676-77 (7th Cir. 2005). "[O]nly the most forceful evidence of a purpose to exclude the claim from arbitration can prevail," *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (internal punctuation omitted), and any claims that "touch matters" covered by the agreement must be arbitrated. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624 n.13 (1985).

It is against this backdrop of a strong and comprehensive federal policy of enforcing arbitration agreements that the note signed by nearly 10,000 class members must be evaluated. As briefed more fully in NextGear's Motion to Narrow, the arbitration agreement supersedes any prior agreements and applies to prior transactions based on the plain language of the agreement, which courts are duty-bound to enforce.

Plaintiffs contend that the forum selection clause in the 2013 note somehow trumps the arbitration provisions, a contention based on their mischaracterization of the arbitration provision as "non-mandatory dispute-resolution mechanism for elective, informal mediation." Opp. Mem. at 8. But the word "mediation" appears nowhere in the arbitration clause. Inexplicably, Plaintiffs omit entirely the key section of the arbitration clause, which reads:

> This agreement to arbitrate is intended to be broadly interpreted, and includes (i) ***all disputes, claims and counterclaims*** arising out of or relating to this Note or any other Loan Document or any aspect of Borrower's relationship with Lender, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory; (ii) ***all disputes, claims and counterclaims that may have arisen before this Note*** or any prior contract or agreement between Borrower and Lender (including all disputes, claims and counterclaims relating to any marketing or advertising by Lender); and (iii) ***any disputes, claims and counterclaims that may arise after the termination of this Note*** and any other Loan Document.

(NextGear 2013 Note [Doc. 237-2, 286-3] § 22 (emphases added).)

Plaintiffs' characterization of the arbitration provision as requiring nothing more than non-mandatory mediation utterly ignores the plain language of the agreement. Plaintiffs' belief that they are likely to prevail on the Motion to Narrow assumes this Court will, like the

4

Plaintiffs, simply ignore most of the arbitration provision's language. On the contrary, it is very likely that NextGear's Motion to Narrow will be granted, making it appropriate to stay class notice and discovery until the Court has the opportunity to rule.[1]

### B. Motion to Decertify Class

Although Plaintiffs had not yet seen the Motion to Decertify Class when they filed their Memorandum in Opposition, they boldly predict that the motion is certain to be denied. Plaintiffs' contention that "any new motion to reconsider … would be time-barred" is based on the faulty assumption that NextGear has filed a motion to reconsider. Opp. Mem. at 6. NextGear's Motion to Decertify Class is not a Rule 59(e) motion, but rather a motion pursuant to Rule 23, consistent with the Court's ongoing duty to evaluate the propriety of class certification as a case progresses. Thus, Plaintiffs' Rule 59(e) analysis is irrelevant and provides no support for Plaintiffs' claim that the Motion to Decertify Class will be denied.

Plaintiffs also recite portions of the Seventh Circuit's decision and claim that any additional review of class certification has been foreclosed. To the contrary, the Seventh Circuit invited further explanation by explicitly stating that the Court's decertification order "lack[ed] sufficient reasoning for our court, on review, to ascertain the basis of its decision" and concluded that "[a]bsent a more thorough explanation of its reasoning, we cannot uphold the decision decertifying the class." [Doc. 273 at 6, 10.] By vacating (not reversing) the decertification order, and noting the need for a more thorough order, the Seventh Circuit has provided an invitation for the Court to supplement the record with additional extrinsic evidence that makes a class trial unworkable. Plaintiffs' confidence that the Court will deny the Motion to Decertify

---

[1] NextGear's Rule 72 appeals of Magistrate Judge Lynch's rulings relate to discovery about, and notice to, these same nearly 10,000 arbitration dealers. As such, NextGear is likely to prevail on those objections for the same reasons as stated in the Motion to Narrow.

Class is curious in light of the fact that the Court has already decertified the class once based on similar arguments. NextGear is likely to prevail on decertification again for many of the same reasons.[2]

### III.     The Public Interest Favors a Stay.

Plaintiffs contend that reputational harm to NextGear and the potential wasted time and resources of the parties is not a public interest. Opp. Mem. at 10-11. But Plaintiffs have no answer to the simple question of why class notice should be sent, and class discovery completed, before the Court has the opportunity to finalize the existence and scope of the class. To be clear, it is not just NextGear's time and resources that may be wasted, but rather this Court's as well. The Court will need to oversee class notice, administration, and inevitable discovery disputes that may arise – all without knowing if a class remains and, if so, whether the nearly 10,000 arbitration dealers are a part of it. Moreover, class members who receive notice only to have the class decertified at a later date have wasted their time and are left confused. Instead of getting the proverbial cart before the horse, prudence dictates that Judge Pratt be given sufficient time to rule on the Motion to Decertify Class and Motion to Narrow. The public interest supports a stay of class discovery and class notice.

Respectfully submitted, this 1st day of May, 2019.

           *s/ Paul D. Vink*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000

---

[2] Much more could be said about the merits of the Motion to Decertify Class, but to do so would largely repeat the arguments in that motion. Instead, NextGear respectfully refers the Court to that motion [Doc. 295].

(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 1st day of May, 2019:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

                                              _s/ Paul D. Vink_
                                              Paul D. Vink

3630787_1