**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**(Indianapolis Division)**

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DLP** |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>PLAINTIFFS' MOTION TO STRIKE</u>

Plaintiffs, Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., by counsel, respectfully move this Court for an Order granting their Motion to Strike the declarations of Mark Bohannon, Eric Chevalier, Garrett Jorewicz, and Troy Thompson (Dkt. 295-2, 295-3, 295-4, 295-5), along with the portions of NextGear's Motion to Decertify Class (Dkt. 295) which rely upon the inadmissible declarations.

### INTRODUCTION

In an apparent attempt to create "new" facts for this Court to consider following the Seventh Circuit's decision to vacate this Court's decertification order, NextGear filed declarations from four of its employees to purportedly show how different account executives allegedly discussed the interest due under the floorplans with some of the dealership members of the class at various times and in various ways. See Dkt. 295 at 11-12 (citing Dkt. 295-2, 295-3, 295-4, 295- 5). These declarations do not represent, however, facts that have been developed through the course of discovery or the progression of this case. Rather, these facts were in

NextGear's possession throughout this litigation, including at the time of the original class certification briefing and the briefing on the first motion for reconsideration. Nonetheless, NextGear did not produce this information in the course of discovery, and did not cite any testimony from these witnesses in opposing certification (or partial summary judgment). *See* Dkt. 157. Accordingly, declarations attached to NextGear's Motion should be stricken as improper "evidence."

## ARGUMENT

**A.     The declarations should be stricken because NextGear failed to timely disclose the declarants as witnesses.**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) requires parties to supplement or correct their disclosures (or discovery responses) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Federal Rule of Civil Procedure 37(C)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

2

Rule 37(b)(2)(A)(iii) permits a court to strike pleadings, in whole or in part, as a sanction.

### 1. The declarants were not disclosed in NextGear's Witness List.

Defendant NextGear served its Rule 26 Initial Disclosures on November 13, 2015. Dkt. 69. These Initial disclosures do not identify any of the declarants as potential witnesses. (Ex. A, Initial Disclosures). Defendants filed their Preliminary Witness and Exhibit List on October 14, 2016. *See* Dkt. 157. Defendants included a catch-all listing of "[a]ny current or former employees or representatives of NextGear Capital, Inc. . . . with knowledge of the subject matter of the dispute," but did not identify Mark Bohannon, Eric Chevalier, Garrett Jorewicz, or Troy Thompson as potential witnesses. Dkt. 157 at 2, ¶ 10. NextGear has not supplemented its initial disclosures, or amended its witness list, at any time throughout the course of this litigation.[1]

### 2. The declarants were not identified in discovery.

Class merits discovery in this case is closed. On October 12, 2017, the parties filed a joint motion to continue the trial (which was set for December 4, 2017) and remaining pre-trial deadlines, because of the pending appeal. *See* Dkt. 254. The parties' joint motion identified the remaining class merits discovery as including only discovery regarding the class members' damages, a Rule 30(b)(6) deposition of NextGear to address class merits issues (which was subsequently taken), and NextGear's written class merits discovery to the Named Plaintiffs (which was subsequently answered). *See id.* at 2. On January 19, 2018, the parties again moved the Court to continue the trial date (then set for March 5, 2018), and all related pretrial deadlines,

---

[1] The Parties' final witness lists have not yet become due because the Final Pretrial Conference Date was vacated as a result of the appeal (*see* Dkt. 265) and has not been reset. However, pursuant to the Joint Revised Case Management Plan in this matter, the final witness list "should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference 'any witness listed in discovery' or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony and counsel's certification that the witness has been interviewed and/or deposed." Dkt. 144 at 5.

in light of the pending appeal, but did not identify any additional outstanding class merits discovery. *See* Dkt. 263.

NextGear has not identified any of the declarants in response to any of Plaintiffs' discovery requests, and as such, the identity of these witnesses and the substance of their knowledge related to this lawsuit "has not otherwise been made known to the other parties during the discovery process or in writing." Rule 26(e)(1)(A). As a result, Plaintiffs had no opportunity to depose or seek additional information from these witnesses during class merits discovery, which is now closed. *See King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017) ("[T]here is obvious prejudice in failing to disclose such a witness during discovery, as that prevented [the plaintiff] from deposing [the witness] and conducting any appropriate follow-up discovery, so the violation was not harmless.").

### 3. NextGear may not use undisclosed witnesses to supply evidence in support of a motion.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(C)(1). "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

NextGear wholly failed to identify the four declarants, Mark Bohannon, Eric Chevalier, Garrett Jorewicz, and Troy Thompson, as potential witnesses prior to filing its Motion to Decertify Class (Dkt. 295) on May 1, 2019. As a result, Plaintiffs had no opportunity to depose or cross-examine these witnesses during the course of discovery. Moreover, if the declarations are not stricken, Plaintiffs would be prejudiced because this late disclosure did not allow them to

serve additional discovery requests related to the declarants' testimony, such as information regarding the identity of the other parties to the alleged "discussions" and "conversations" about which the declarants identify, or seek documents related to the accounts that are specifically identified in the declarations. NextGear's subsequent use of these witness's testimony is therefore highly prejudicial to Plaintiffs.

There is no valid reason or justification for NextGear's failure to identify the four declarants as witnesses while discovery related to class merits issues was ongoing, when each of the witnesses are currently employed by NextGear, and have been since 2013 and before. Dkt. 295-2 (Bohannon Decl., ¶ 2); Dkt. 295-3 (Chevalier Decl., ¶ 2); Dkt. 295-4 (Jorewicz Decl., ¶ 2); Dkt. 295-5 (Thompson Decl., ¶ 2). As such, Rule 37(C)(1) prohibits use of those declarations in NextGear's Motion to Decertify Class. Plaintiffs respectfully request that the Court strike the declarations of Mark Bohannon, Eric Chevalier, Garrett Jorewicz, and Troy Thompson (Dkt. 295-2, 295-3, 295-4, 295-5), as well as all portions of NextGear's Motion to Decertify Class (Dkt. 295) which rely upon the inadmissible declarations.

**B.     The declarations and related portions of the pleadings should be stricken because they support new arguments which are untimely and have been waived.**

The declarations filed by NextGear are an improper creation of purportedly "new" evidence that was available to NextGear previously. All four of the declarations submitted by NextGear were signed on April 30, 2019 – the day before they were filed with NextGear's Motion to Decertify Class on May 1, 2019. *See* Dkt. 295, 295-2, 295-3, 295-4, 295-5. However, all four declarants testify that they are currently NextGear employees, and have been since 2013 and earlier. Dkt. 295-2 (Bohannon Decl., ¶ 2); Dkt. 295-3 (Chevalier Decl., ¶ 2); Dkt. 295-4 (Jorewicz Decl., ¶ 2); Dkt. 295-5 (Thompson Decl., ¶ 2). All four declarants testify regarding their recollection of events that happened in 2013 and earlier. Dkt. 295-2 (Bohannon Decl., ¶¶ 4-

9); Dkt. 295-3 (Chevalier Decl., ¶¶ 4-9); Dkt. 295-4 (Jorewicz Decl., ¶¶ 4-9); Dkt. 295-5 (Thompson Decl., ¶¶ 4-9).

"R]ulings on certification in class action suits are tentative and can be revisited by the district court as changed circumstances require." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 798 (7th Cir. 2013). However, "in the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, courts should not condone a series of rearguments on the class issues by . . . the opponent of the class . . . ." *Parish v. Sheriff of Cook Cty.*, No. 07 C 4369, 2016 U.S. Dist. LEXIS 43108, at *4 (N.D. Ill. Mar. 31, 2016) (quoting 3 W. Rubenstein, A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS § 7:47 (4th ed. 2011). By adding the undisclosed declarations at this late hour, a series of re-arguments on the class issues is precisely what NextGear attempts to do.

These facts and witnesses were in NextGear's possession throughout this litigation, including at the time of Defendants' original Response in Opposition to Plaintiffs' Motion for Class Certification (Dkt. 160), briefing on Defendants' Motion for Summary Judgment (Dkt. 192, 193), briefing on Defendants' Motion for Reconsideration of Class Certification (Dkt. 228, 235), and two rounds of briefing in the Seventh Circuit Court of Appeals. These witnesses were identified, and their declarations produced, for the first time on May 1, 2019, with NextGear's Motion to Decertify Class (Dkt. 295). Evidence that a party opposing class certification had access to all along is certainly not the type of "materially changed or clarified circumstance" that would warrant reconsideration of an order certifying a class. NextGear should not be permitted to manufacture "new" evidence, after the close of discovery, to create an otherwise unavailable opportunity for re-argument of class certification issues.

6

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Strike the declarations of Mark Bohannon, Eric Chevalier, Garrett Jorewicz, and Troy Thompson (Dkt. 295-2, 295-3, 295-4, 295-5), along with the portions of NextGear's Motion to Decertify Class (Dkt. 295) which rely upon the inadmissible declarations.

Respectfully submitted,

 /s/ Kathleen A. DeLaney
KATHLEEN A. DELANEY (# 18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Boulevard
Indianapolis, Indiana 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net

CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

7

gjones@jonesswanson.com
lswanson@jonesswanson.com

**COUNSEL FOR PLAINTIFFS AND
THE CLASS**

## CERTIFICATE OF SERVICE

I hereby certify that on the __th day of May 2019, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

                                                    */s/ Kathleen A. DeLaney*
                                                    Kathleen A. DeLaney