IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, <br><br> Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

### RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

Plaintiffs' motion to strike is a desperate and baseless ploy to exclude evidence which Plaintiffs recognize is fatal to their bid for class certification. The motion is based on two false premises: (1) that the four declarants were not properly disclosed; and (2) that discovery is closed. As to their first assertion, Plaintiffs admit that NextGear disclosed that it might call as witnesses "[a]ny current or former employees or representatives of NextGear Capital, Inc. . . . with knowledge of the subject matter of the dispute" (Pls.' Mot. to Strike [Doc. 299], at 3)—which certainly describes the four declarants. Moreover, the subject of the declarations—course of performance evidence related to unnamed class members—only recently became relevant to this case following the Court's summary judgment ruling and the Seventh Circuit's March 8, 2019 *vacatur* of decertification. Only since remand, on March 11, has class member course of performance become a central issue for trial.

Plaintiffs' assertion that discovery is closed is wrong and directly contradicts other representations Plaintiffs have made to the Court. The Court did not set a particular timetable or

cutoff date for class discovery, and no trial is currently scheduled. As recently as four months before Plaintiffs' Seventh Circuit appeal, the parties catalogued the outstanding discovery and "submit[ted] that the reset trial date should take into account the time required to complete class merits and damages discovery and to conduct class notice." (Doc. 254.) The Court granted the parties' request, and has never since then closed class discovery (although it did decertify the class).

Plaintiffs' motion is calculated to create an impression of prejudice without articulating just how it is they could be prejudiced where discovery is incomplete and months remain before any as-yet-unscheduled trial could be held—especially the trial Plaintiffs seek of a class action for a class that has yet to be notified of its existence.

## Procedural Background

On November 13, 2015, before any class allegations were added to this case, NextGear served its initial disclosures, identifying the two original individual Plaintiffs as persons likely to have discoverable information that NextGear may use to support its claims. (Doc. 299-1.) Plaintiff Red Barn filed its initial disclosures that same day, listing as potential witnesses— among others—"Past or present employees, officers, directors, representatives, agents, or other persons acting on the behalf of NextGear, or its predecessor-in-interest, Dealer Services Corporation." (Red Barn's Initial Disclosures, attached as Exhibit A.)

Red Barn amended its complaint on March 11, 2016 to add new plaintiffs, new defendants, and class allegations (Doc. 117); since that time, no other named Plaintiff has filed initial disclosures, and neither Red Barn nor NextGear has filed supplemental initial disclosures. Nevertheless, Plaintiffs offered testimony of undisclosed witnesses Barry Mattingly (Doc. 154-4), Nicol Zenia Perry (Doc. 154-3), James Garner (Doc. 154-5), Lynn Swanson (Doc. 154-6),

Cassie Felder (Doc. 154-7), and Kathleen Delaney (Doc. 154-8) in support of their motion for class certification.

During discovery, in accordance with the Court's case management order, NextGear filed a Preliminary Witness and Exhibit List, which listed 21 witnesses, including "[a]ny current or former employees or representatives of NextGear Capital, Inc. . . . with knowledge of the subject matter of this dispute." (Doc. 157.) NextGear also listed "[a]ny fact or expert witness needed to address class certification issues." (*Id.*) Plaintiffs listed 29 witnesses on their Preliminary Witness and Exhibit List, including several NextGear employees, "[a]ny other employees or former employees of NextGear Capital, Inc. . . . ," and "[a]ny fact or expert witnesses needed to address class certification issues." (Doc. 150.) Neither party objected to those witness lists as relying on broad categories or exceeding the scope of the other party's initial disclosures.

On June 29, 2017, the Court certified this case as a class action. (Doc. 220.) Immediately after the Court certified the class, NextGear moved for reconsideration and moved to stay class discovery until after the Court ruled on its motion. (Docs. 228, 230.) Magistrate Judge Lynch found that discovery into damages sustained by the class would be "unduly burdensome," but ordered discovery into some class issues, including class notice. (Docs. 239, 250.) NextGear filed Rule 72 Objections to the Magistrate Judge's Orders on class discovery, which remain pending. (Docs. 240, 255, 287, 288.) Meanwhile, both parties served class merits discovery, some of which remains outstanding to this day. (*See, e.g.*, Plaintiffs' Responses to NextGear's Second Set of Interrogatories, Response to Interrogatory No. 23, attached as Exhibit B (reserving answer to NextGear's request for information regarding conversations between class members and NextGear until after the class opt-out deadline).)

On October 12, 2017, with trial approaching and with dispositive motions outstanding, the parties jointly moved for a continuation of trial and pretrial deadlines.[1] (Doc. 254.) In that motion, the parties identified the outstanding written discovery requests—including class merits discovery to Plaintiffs—and "further submit[ted] that the reset trial date should take into account the time required to complete class merits and damages discovery and to conduct class notice." (*Id.* ¶¶ 3, 7.) The Court granted the motion to continue. (Doc. 256.)

On January 12, 2018, the Court entered an order on the parties' motions for summary judgment (Doc. 262) and an order decertifying the class (Doc. 261). For the first time in the case, the Court found that the floorplan agreements were ambiguous on the "central issue" of "when interest may begin to accrue." (Doc. 262, at 18.) Because of that ambiguity, the Court held that class certification was inappropriate and decertified the breach of contract claim. (Doc. 261, at 8, 10.) The parties jointly moved to again continue the trial and pre-trial deadlines, anticipating Plaintiffs' Rule 23(f) petition and subsequent appeal. The case was then stayed while Plaintiffs' appeal was pending, until March 11, 2019. (Doc. 274.) Upon remand, NextGear filed another motion to stay class discovery, which is now fully briefed and pending before the Court. (Doc. 285.)

Following remand, NextGear moved to decertify the class in light of the court of appeals' decision. (Doc. 295.) NextGear's Motion to Decertify focuses in large part on the Court's holding that the floorplan agreements are ambiguous—a holding that requires introduction of extrinsic evidence, such as course of performance evidence, to resolve the ambiguity. NextGear

---

[1] Although Plaintiffs state that the basis for this motion was a pending appeal, no appeal was anticipated or pending at that time. The parties moved for a continuation of the trial and pre-trial deadlines pending resolution of Defendants' motion for reconsideration and/or modification of the Court's order certifying the class, Defendants' motion to narrow, and the parties' motions for summary judgment. (*See* Doc. 254 ¶ 2.) Three months later, the parties again moved to continue, this time based on Plaintiffs' anticipated Rule 23(f) petition. (*See* Doc. 263.)

4

submitted four declarations in support of its Motion to Decertify to illustrate the type of course of performance evidence that should be considered at trial to resolve the ambiguity. NextGear then supplemented its initial disclosures, adding the four declarants as well as other potential witnesses whose testimony may be relevant to class issues.

The Court has not set a date for the closure of class discovery, and no new date has been set for trial.

## Argument and Citation of Authority

**I.    NextGear Properly Disclosed the Four Declarants.**

In support of its Motion to Decertify, NextGear attached declarations of four account executives: Mark Bohannon, Eric Chevalier, Garrett Jorewicz, and Troy Thompson. (Doc. 295-2, 295-3, 295-4, 295-5.) These declarations were provided as examples of the type of evidence the Court would need to consider at a trial of any class member's claim to resolve the ambiguity found in the floorplan agreements. Plaintiffs object that these declarants were not properly disclosed previously in NextGear's initial disclosures or preliminary witness list but cite no missed deadline or any prejudice to them from the purported delay. The witnesses were previously disclosed in broad terms and are disclosed now—before notice to any class, while discovery continues, and before any trial date has been reset.

Plaintiffs' claim that NextGear did not disclose potential testimony from the account executives is simply wrong. NextGear disclosed the existence of "current or former employees or representatives of NextGear Capital, Inc. . . . with knowledge of the subject matter of this dispute" on its preliminary witness list (Doc. 157 at 2, ¶ 10), which satisfies NextGear's disclosure obligations under Rules 26(a) and 26(e). *Strickholm v. Evangelical Lutheran Good Samaritan Soc'y*, No. 1:11-cv-00059-BLW, 2013 WL 788096, at *2 (D. Idaho Mar. 1, 2013) (allowing testimony of employees not disclosed to plaintiff until after discovery, where

5

defendant's initial disclosure included "all employees" who provided care to decedent and provided copy of decedent's chart, because there was no bad faith, but permitting plaintiff to depose witnesses); *Naylor v. Rotech Healthcare, Inc.*, No. 1:08-cv-95, 2009 WL 5206005, at *3 (D. Vt. Dec. 23, 2009) (denying request to exclude witness testimony where defendant named certain employees who were "likely to have discoverable information" and stating that if plaintiff wanted more specific description of information possessed by witnesses it should have asked); *Howard v. Gap, Inc.*, No. C 06-06773 WHA, 2009 WL 3571984, at *7 (N.D. Cal. Oct. 29, 2009) (finding harmless plaintiff's generally identifying "all employees" of defendant in initial disclosures and not disclosing names of individual declarants when they became known, because defendant possessed contact information of declarants and declarants echoed plaintiff's claims).

Rule 26(a) requires the parties to make certain initial disclosures known to the party at that time. Rule 26(e)(1)(A) requires supplementation of those disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and* if the addition or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (emphasis added). "There is, however, no affirmative duty to supplement initial disclosures 'if the additional or corrective information' has 'otherwise been made known to the other parties during the discovery process or in writing.'" *Poitra v. Sch. Dist. No. 1 in Cty. of Denver*, 311 F.R.D. 659, 664 (D. Colo. 2015) (quoting Fed. R. Civ. P. 26(e)(1)(A)); *see also Rybolt v. Carrington Mortg. Servs.* (*In re Rybolt*), 550 B.R. 422, 428 (Bankr. N.D. Ind. 2016) ("A party is to supplement its disclosures and discovery responses *unless* the information was otherwise made known during the discovery process.").

NextGear submitted its initial disclosures in November 2015, before class allegations were filed by Plaintiffs and long before the Court accepted Plaintiffs' argument that the floorplan agreements are ambiguous. NextGear disclosed the witnesses that it knew had relevant information at the time, as required by Rule 26(a). NextGear later disclosed additional witnesses, including employees of NextGear, in its preliminary witness list, satisfying Rule 26(e)'s supplementation requirements. And, in any event, evidence of class member course of performance has only recently become relevant due to the Court's summary judgment order and the *vacatur* of decertification on appeal, after which NextGear properly supplemented its initial disclosures by identifying these four witnesses through their declarations, and again in its Supplemental Disclosures, served on May 31, 2019.

## II. Plaintiffs Suffered No Harm from Learning of the Declarants at the Time of Defendants' Motion to Decertify.

NextGear's identification of these four witnesses with its Motion to Decertify on May 1 rather than immediately after remand of the case from the Seventh Circuit on March 11 is harmless. Rule 37(c)(1) prohibits a party from using evidence or witnesses that were not properly identified as required by Rule 26(a) or (e), "unless the failure was substantially justified or is harmless." Motions to strike "are heavily disfavored, and usually only granted in circumstances where the contested evidence causes prejudice to the moving party." *Davis v. Munster Med. Research Found., Inc.*, 213 F. Supp. 3d 1074, 1081 (N.D. Ind. 2016) (citation omitted). In considering whether a violation was justified or harmless, a court may consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Here, these factors all weigh against striking the four declarants. First, there is no prejudice to Plaintiffs from these witnesses' testimony. Plaintiffs have known that NextGear plans to use its employees as witnesses dating back to October 2016, when NextGear filed its preliminary witness list. (Doc. 157.) Plaintiffs also knew that NextGear's employees were likely to be witnesses in this case dating back to its own initial disclosures, served on November 13, 2015. (Exhibit A.) Second, any prejudice, though none is articulated, is easily curable: Plaintiffs still have ample time to seek discovery related to these witnesses' testimony before trial. Third, as no trial date has been set, there is no possibility of disruption to the trial. Lastly, there was no bad faith or willfulness in NextGear's disclosures; both parties served initial disclosures before the case involved class claims, and *neither* party supplemented those initial disclosures throughout the litigation. Both parties have since relied on declarations of witnesses absent from the initial disclosures.

The standard of Rule 26(a) is one of substance, not form. Therefore, even if a party commits "a technical violation of Rule 26(a)," striking a witness is inappropriate if the witness was disclosed during discovery. *Showalter v. Richmond*, No. 1:08-cv-666-WTL-JMS, 2010 WL 746787, at *2 (S.D. Ind. Feb. 26, 2010). For example, in *Mitchell v. Iowa Interstate RR Ltd.*, the court found that a disclosure of investigative reports served the purposes of Rule 26(a) when it included the names of investigators who later were named as witnesses. No. 07-1351, 2010 WL 11553272, at *2 (C.D. Ill. May 25, 2010). The court stated, "Rule 37(c) does not mandate exclusion of evidence when the failure to supplement was harmless, and here it was harmless. *To rule otherwise would be a meaningless elevation of form over substance.*" *Id.* (emphasis added).

8

Courts have properly denied motions to strike declarations attached to a motion for summary judgment, even when the declarants were not specifically disclosed. *Vraniskoska v. Franciscan Cmtys., Inc.*, No. 2:11-cv-308 JD, 2013 WL 4647224 (N.D. Ind. Aug. 29, 2013). In *Vraniskoska*, the court held that although three declarants did not appear in the initial disclosures, they should not be stricken. *Id*. at *5. The court reasoned that knowledge of one witness's first name was enough to have identified that witness and her connection to the case. *Id*. The court also declined to strike the other two witnesses, finding that there was no prejudice because the witnesses could have been deposed before trial and the testimony provided was similar to that of the previously disclosed witness. *Id*. at *6. The same is true here.

The stay in this Court was lifted following remand from the Seventh Circuit on March 11, 2019. That was also the first moment when *both* ambiguity was the central issue for trial *and* the class was reinstated. NextGear moved to decertify less than two months later, disclosing these witnesses by name and by detailed testimony at that time through their declarations. That followed both sides disclosing NextGear employees with relevant knowledge generally as potential witnesses earlier in the case. No class discovery cutoff or impending trial prevents the parties from updating their disclosures and engaging in further discovery at this time.

### III.   Class Discovery Is Ongoing.

Plaintiffs' repeated assertion—here and at various other times in this case—that "[c]lass merits discovery in this case is closed" misstates the posture of this case. (Doc. 299, at 3.) As detailed in the Procedural Background section above, class discovery is still open, and both parties have outstanding discovery requests and discovery obligations. The parties jointly moved to continue pre-trial deadlines in October 2017, "submit[ting] that the reset trial date should take into account the time required to complete class merits and damages discovery and to conduct class notice." (Doc. 254, ¶ 7.) The Court granted that motion to continue and later extended the

deadlines further pending Plaintiffs' appeal; the case and all discovery was effectively stayed from January 22, 2018 through March 11, 2019. (See Docs. 256, 265, 274.) Plaintiffs certainly did not complete class merits discovery in the three months between October 2017 and January 2018. The Court has not entered a scheduling order closing the class discovery period; to the contrary, the parties have jointly moved for extensions of the class discovery period.

Further, both parties have discovery obligations outstanding. NextGear served discovery seeking communications and documents related to class members, to which Plaintiffs have not yet responded. (*See* Exhibit B.) Plaintiffs objected to NextGear's discovery requests, noting "[a]s class merits discovery progresses and Plaintiffs proceed in the preparation of their case on behalf of the certified class, Plaintiffs reserve the right to supplement, revise, amend, or clarify their discovery responses," and specifically objected to answering several interrogatories and requests for production until later in the case. (*Id.*) They have not provided those discovery responses yet. Likewise, NextGear is awaiting resolution of several Rule 72 Objections (Docs. 240, 255, 287, 288) and a Motion to Stay Class Discovery (Doc. 285) before it completes its discovery obligations.

Class discovery is far from over, and Plaintiffs' repeated claims to the contrary are utterly without merit and unsupported by anything in the Case Management Plan. Both parties will have to provide discovery if a class remains certified. Plaintiffs have ample time during completion of that process to depose the four declarants and to make any other necessary discovery related to their class claims.

**Conclusion**

Plaintiffs' motion to strike should be seen for what it is: a tacit yet glaring admission that if relevant evidence is admitted then the case cannot lawfully proceed on a class basis. In the interests of justice, that evidence must be heard and Plaintiffs' motion must be denied.

Respectfully submitted, this 3rd day of June, 2019.

   *s/ Paul D. Vink  (with permission)*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

   *s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 3rd day of June, 2019:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net

                     *s/ Tracey K. Ledbetter*
                     Tracey K. Ledbetter