UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., DONALD B. RICHARDSON, AND BARBARA A. RICHARDSON, <br><br>　　　Plaintiffs, <br><br>　　v. <br><br>NEXTGEAR CAPITAL, INC., as successor-in-interest to DEALER SERVICES CORPORATION, and LOUISIANA'S FIRST CHOICE AUTO AUCTION, L.L.C., <br><br>　　　Defendants. | CIVIL <br> ACTION NO .: **1:14-cv-01589-TWP-DKL** |

**RULE 26 INITIAL DISCLOSURES**

Now into Court, through undersigned counsel, comes Plaintiff, Red Barn Motors, Inc., who, pursuant to Fed. R. Civ. P. 26(a)(1), hereby submit the following disclosures:

1.

**A. Witnesses. The name, address, and telephone number of each individual likely to have discoverable information that may support Plaintiff's claims, and the information they possess (unless they will be used solely for impeachment):**

1.　　Donald Richardson
　　　8628 Shadow Springs Blvd
　　　Denham Springs, LA 70726
　　　(225) 665-2080

　　Mr. Richardson has knowledge of Defendant, NextGear Capital, Inc.'s ("NextGear"), acts and omissions leading to the breach of contract with Plaintiff, unjust enrichment, and conversion of Plaintiff's property, specifically the acts and omissions leading to NextGear's charging interest

**EXHIBIT A**

prior to actually lending money and directly collaborating with and directing Defendant, Louisiana's First Choice Auto Auction, Inc. ("First Choice") to illegally seize the vehicles owned by Plaintiff.

1. Devon London
   25852 Plantation Ave.
   Denham Springs, LA 70726
   (225) 667-3344

   Mr. London has knowledge of NextGear's acts and omissions leading to the breach of contract with Plaintiff, unjust enrichment, and conversion of Plaintiff's property, specifically the acts and omissions leading to NextGear's charging interest prior to actually lending money and directly collaborating with and directing First Choice to illegally seize the vehicles owned by Plaintiff.

3. Past or present employees, officers, directors, representatives, agents, or other persons acting on the behalf of NextGear, or its predecessor-in-interest, Dealer Services Corporation ("DSC")

   These individuals will have knowledge of NextGear's acts and omissions leading to the breach of contract with Plaintiff, unjust enrichment, and conversion of Plaintiff's property, specifically the acts and omissions leading to NextGear's charging interest prior to actually lending money and directly collaborating with and directing First Choice to illegally seize the vehicles owned by Plaintiff.

4. Steve Labauve
   (address unknown)
   (telephone number unknown)

   Mr. Labauve has knowledge of NextGear's acts and omissions leading to the its breach of contract with Plaintiff, unjust enrichment, and conversion of Plaintiff's property. Mr. Labauve was a sales representative of DSC who approached Plaintiff with the floorplan agreement. Mr. Labauve may know the acts and omissions leading to NextGear's charging interest prior to actually lending money and directly collaborating with and directing First Choice to illegally seize the vehicles owned by Plaintiff.

5. John Poteet
   (address unknown)
   (telephone number unknown)

   Mr. Poteet, as managing partner of First Choice, will have knowledge of First Choice's acts and omissions leading to the conversion of Plaintiff's property, including, but not limited to, directly collaborating with and participating in illegally seizing the vehicles owned by Plaintiff.

6. Linda Castillo
(address unknown)
(telephone number unknown)

Ms. Castillo, as an employee of First Choice, will have knowledge of First Choice's acts and omissions leading to the conversion of Plaintiff's property, including, but not limited to, the illegal seizure of the vehicles owned by Plaintiff.

6. Amanda Butler
(address unknown)
(telephone number unknown)

Ms. Butler, as an employee of NextGear, will have knowledge of NextGear acts and omissions leading to the conversion of Plaintiff's property, including, but not limited to, the illegal seizure of the vehicles owned by Plaintiff.

7. Past or present employees, officers, directors, representatives, agents, or other persons acting on the behalf of First Choice.

These individuals will have knowledge of First Choice's acts and omissions leading to the conversion of Plaintiff's property, including, but not limited to, directly collaborating with and participating in illegally seizing the vehicles owned by Plaintiff.

**B. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

The following are in the possession, custody, or control of the Plaintiff and may be used to support the allegations in the complaint.

1. Documents relating to the contractual relationship between Plaintiff and NextGear.

2. Documents relating to the vehicles improperly seized by NextGear and First Choice.

3. Documents and attachments filed with the Court by any party in this case.

4.  Documents and attachments filed with other courts in cases against NextGear which relate to Plaintiff's claims.

**C. A computation of any category of damages claimed by the disclosing party, making available for inspection and/or as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosures, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered.**

In general, Plaintiff seeks a final judgment to recover any and all interest amounts which were improperly charged by NextGear. As no itemized statements for each loan were provided to Plaintiff, no computation (or documents supporting such computation) can be provided until discovery commences. Furthermore, Plaintiff seeks to recover, from either NextGear and/or First Choice, an amount equal to the price the seized vehicles would have received had the intended sale of said vehicles occurred. If available, Plaintiff will seek an award for attorneys fees, which, as of November 11, 2015, total $123,031.50.

**D. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff is unaware of any insurance that is relevant to this matter; however, Plaintiff reserves its right to supplement or amend this disclosure statement.

[CONTINUED ON FOLLOWING PAGE]

                         Respectfully submitted,

                         CASSIE FELDER & ASSOCIATES, L.L.C.

                         /s/ Joshua P. Melder
                         Cassie E. Felder (La. Bar No. 27805)
                         Joshua P. Melder (La. Bar No. 33983)
                         343 3rd Street, Suite 308
                         Baton Rouge, Louisiana 70801
                         Phone: (225) 448-3560
                         Fax:   (225) 372-2862
                         Email: cfelder@felderllc.com
                                    joshua@felderllc.com
                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I do hereby certify that I have on the 13th day of November, 2015, served a copy of the foregoing *Rule 26 Initial Disclosures* on all counsel of record via electronic mail.

**David J. Jurkiewicz**
**Steven D. Groth**
Bose, McKinney & Evans, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204
djurkiewicz@boselaw.com, sgroth@boselaw.com

**Lisa Brener**
Brener Law Firm, L.L.C.
3640 Magazine Street
New Orleans, LA 70115
lbrener@brenerlawfirm.com, tkeller@brenerlawfirm.com