UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | DOCKET NO. 1:14-cv-01589-TWP-DML |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | CLASS ACTION |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| **COX ENTERPRISES, INC.,** | * | |
| **COX AUTOMOTIVE, INC.,** | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION,** successor by merger | * | |
| with Manheim Automotive Financial | * | |
| Services, Inc., and **JOHN WICK,** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' RESPONSES TO NEXTGEAR CAPITAL, INC.'S
SECOND SET OF INTERROGATORIES AND
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT** come Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., pursuant to Federal Rules of Civil Procedure 26 and 33, respond and object to the Second Set of Interrogatories and Third Set of Requests for Production of Documents to Named Plaintiffs from NextGear Capital, Inc. ("NextGear/DSC") as follows:

**GENERAL OBJECTIONS**

1. In answering these discovery requests, Plaintiffs have attempted to describe the facts as are presently known to them at this stage of litigation. As class merits discovery progresses and Plaintiffs proceed in the preparation of their case on behalf of the certified class, Plaintiffs reserve the right to supplement, revise, amend, or clarify their discovery responses.

**EXHIBIT B**

2. Because these discovery requests do not, by their terms, except privileged matters from the information requested, Plaintiffs object to the extent they seek disclosure of information or documentation privileged for any reason including the attorney-client privilege or work product doctrine.

3. Plaintiffs object to these discovery requests to the extent that these discovery requests and/or the "Definitions" and "Instructions," which are intended to control the scope of Plaintiffs' answers, seek more information than what is required by the Federal Rules of Civil Procedure and/or the local rules of this Court. Plaintiffs also object to the extent that these discovery requests and/or the "Definitions" and "Instructions" seek to expand Plaintiffs' duty to supplement beyond what is required by the Federal Rules of Civil Procedure and/or the local rules of this Court.

4. Plaintiffs' responses are made exclusively for the purposes of this action, and no objections or responses contained herein should be construed to waive Plaintiffs' right to object to these Requests in terms of their competency, relevance, materiality, privilege, or their use or admissibility as evidence in this action or any other.

Subject to and conditioned upon the foregoing general objections, which objections are incorporated in each response set forth below, Plaintiffs respond as follows:

**RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 21:**

Please set forth Your trial plan for this case including, but not limited to Your trial plan for the following issues:

    (a) Identification of those issues that will be resolved as common issues for

all Class Representatives and Absent Class Members, and how these issues will be resolved;

(b)  Identification of those issues that will be resolved on an individual basis for the Class Representatives and all Absent Class Members (including, but not limited to, causation, injury, knowledge, affirmative defenses, and damages), and how these issues will be resolved;

(c)  Process for resolving claims of the Class Representatives, including any limitations on the claims that Class Representatives can litigate;

(d)  Process for resolving claims of the Absent Class Members, including any limitations on the claims that Absent Class Members can litigate;

(e)  Process for resolving claims of the Class Representatives as to which a class was not certified; and

(f)  Identification of the process that You propose be used for the calculation and distribution of any damages that may be awarded in this case to the Class Representatives and Absent Class Members.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiffs object to Interrogatory No. 21 on grounds of relevance. This case has already been certified as a class action and the Court has not ordered Plaintiffs to produce a trial plan.

**INTERROGATORY NO. 22:**

Provide a detailed itemization of the alleged damages of each Absent Class Member.

3

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiffs note that NextGear requests that Plaintiffs answer Interrogatory No. 22 once the stay on damages discovery has been lifted. Plaintiffs reserve the right to raise any objections in their response at that time.

**INTERROGATORY NO. 23:**

Identify any and all communications between each Absent Class Member and/or its representatives and agents and Defendants and/or their representatives and agents that support Your claims in the Amended Complaint and/or Defendants' defenses in the Answer, by reference to the persons involved, the date, the method of communication, and the words conveyed.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiffs note that NextGear requests that Plaintiffs answer Interrogatory No. 23 within 30 days after the deadline for class members to opt out of the class. Plaintiffs reserve the right to raise any objections in their response at that time.

**RESPONSES TO DEFENDANTS'
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 36:**

Any fee agreement You have executed concerning Your legal representation in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs object to Request for Production No. 36 on grounds of relevance.

**REQUEST FOR PRODUCTION NO. 37:**

Any fee agreement You have executed concerning legal representation of Absent Class Members in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs object to Request for Production No. 37 on grounds of relevance.

**REQUEST FOR PRODUCTION NO. 38:**

Any agreement You or Your counsel have entered into with Analytics Consulting LLC with respect to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiffs object to Request No. 38 on grounds of relevance.

**REQUEST FOR PRODUCTION NO. 39:**

All documents supporting the claimed damages of any Absent Class Members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiffs note that NextGear requests that Plaintiffs answer Request for Production No. 39 once the stay on damages discovery has been lifted. Plaintiffs reserve the right to raise any objections in their response at that time.

**REQUEST FOR PRODUCTION NO. 40:**

All communications between each Absent Class Member and any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiffs note that NextGear requests that Plaintiffs answer Request for Production Nos. 40-43 within 30 days after the deadline for class members to opt out of the class. Plaintiffs reserve the right to raise any objections in their responses at that time.

**REQUEST FOR PRODUCTION NO. 41:**

All communications between each Absent Class Member and any auction regarding any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiffs note that NextGear requests that Plaintiffs answer Request for Production Nos. 40-43 within 30 days after the deadline for class members to opt out of the class. Plaintiffs reserve the right to raise any objections in their responses at that time.

**REQUEST FOR PRODUCTION NO. 42:**

All account statements and/or other documents each Absent Class Member received from NextGear, physically or digitally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiffs note that NextGear requests that Plaintiffs answer Request for Production Nos. 40-43 within 30 days after the deadline for class members to opt out of the class. Plaintiffs reserve the right to raise any objections in their responses at that time.

**REQUEST FOR PRODUCTION NO. 43:**

All documents relating to or reflecting knowledge of any Absent Class Member regarding the payment of funds between NextGear and any auction and/or the timing of payments, advances, and/or interest and curtailment fee charges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiffs note that NextGear requests that Plaintiffs answer Request for Production Nos. 40-43 within 30 days after the deadline for class members to opt out of the class. Plaintiffs reserve the right to raise any objections in their responses at that time.

Respectfully submitted,

| | |
|---|---|
| /s/ Kerry A. Murphy<br>CATHERINE E. LASKY (La. Bar No. 28652)<br>*Pro Hac Vice*<br>KERRY A. MURPHY (La. Bar No. 31382)<br>*Pro Hac Vice*<br>**LASKY MURPHY LLC**<br>715 Girod Street, Suite 250<br>New Orleans, Louisiana 70130<br>Telephone: (504) 603-1500<br>Facsimile: (504) 603-1503<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com<br><br>GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*<br>LYNN E. SWANSON (La. Bar No. 22650)<br>*Pro Hac Vice*<br>**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.<br>601 Poydras Street, Suite 2655<br>New Orleans, Louisiana 70130<br>Telephone: (504) 523-2500<br>Facsimile: (504) 523-2508<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com<br><br>CASSIE E. FELDER (La. Bar No. 27805)<br>*Pro Hac Vice*<br>**THE CASSIE FELDER LAW FIRM**<br>7515 Jefferson Hwy., #313<br>Baton Rouge, LA 70806<br>Main: (504) 232-1733<br>Cell: (504) 400-1127<br>cassie@cassiefelderlaw.com | JAMES M. GARNER (La. Bar No. 19589)<br>*Pro Hac Vice*<br>RYAN D. ADAMS (La. Bar No. 27931)<br>*Pro Hac Vice*<br>MATTHEW M. COMAN<br>(La. Bar No. 23613)<br>*Pro Hac Vice*<br>JACOB AIREY (La. Bar No. 27933)<br>*Pro Hac Vice*<br>**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**<br>909 Poydras Street, Suite 2800<br>New Orleans, Louisiana 70112<br>Telephone: (504) 299-2100<br>Facsimile: (504) 299-2300<br>jgarner@shergarner.com<br>radams@shergarner.com<br>mcoman@shergarner.com<br><br>Kathleen A. DeLaney (#18604-49)<br>**DELANEY & DELANEY LLC**<br>3646 North Washington Blvd.<br>Indianapolis, IN 46205<br>Telephone: (317) 920-0400<br>Facsimile: (317) 0404<br>Kathleen@delaneylaw.net<br><br>**COUNSEL FOR PLAINTIFFS AND CLASS** |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of October, 2017, served a copy of the foregoing upon all counsel of record by electronic mail.

                                                              */s/ Kerry A. Murphy*