**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**(Indianapolis Division)**

| | | |
|---|---|---|
| **RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually, and on behalf of other members of the general public similarly situated,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DLP** |
| | * | **CLASS ACTION** |
| **v.** | * | |
| **NEXTGEAR CAPITAL, INC., F/K/A DEALER SERVICES CORPORATION,** | * | |

*****************************************************************************

**PLAINTIFFS' REPLY MEMORANDMUM IN SUPPORT OF MOTION TO STRIKE**

Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., by counsel, respectfully submit this reply memorandum in support of their Motion to Strike the declarations of Mark Bohannon, Eric Chevalier, Garrett Jorewicz, and Troy Thompson along with the portions of NextGear's Motion to Decertify Class that rely upon the improper and untimely declarations.

While arguing to the Court that the declarants were properly disclosed in Initial Disclosures, NextGear served "Supplemental Disclosures" on May 31, 2019, identifying these witnesses by name for the first time. NextGear does not—and indeed cannot—argue that the declarations represent facts that have been developed through the course of discovery or the progression of this case. To the contrary, the declarations represent facts that were in NextGear's possession throughout this litigation. In a weak attempt to justify its late disclosure NextGear argues that course of performance evidence only "became relevant" after the Court's summary judgment ruling and the Seventh Circuit's ruling (Dkt. 301-1 at 1), but this is simply not the case.

NextGear has argued course of performance throughout this litigation; this is by no means a new issue. NextGear failed to timely disclose the declarants despite its knowledge of these individuals (employees of NextGear), and because the late disclosure is not justified or harmless, both the declarations and NextGear's arguments relying upon them, should be struck from the record.[1]

**1. NextGear First Named the Declarants as Witnesses on May 31, 2019.**

NextGear does not dispute that neither its initial disclosures nor its preliminary witness and exhibit lists identify any of the declarants by name as potential witnesses. Instead, Defendant argues that *after* the Seventh Circuit's decision, and *after* filing its recent motion to decertify, "NextGear then supplemented its initial disclosures, adding the four declarants as well as other potential witnesses whose testimony may be relevant to class issues." Dkt. 301 at 5. NextGear glosses over the fact that it belatedly supplemented its disclosures to add those names on **May 31, 2019,** after filing its second motion to decertify, after Plaintiffs had moved to strike the declarations. *See* May 31, 2019 Supplemental Disclosures of NextGear Capital, Inc.), attached hereto as **Exhibit A**. The supplemental disclosures confirm that NextGear had not previously disclosed these witnesses, all of whom are and have been employees of NextGear and therefore have been known to NextGear throughout this litigation.

---

[1] NextGear's assertion that the declarations are "fatal to [Plaintiffs'] bid for class certification" (Dkt. 301 at 1) misstates the procedural posture of this case as well as the relevance and value of the declarations themselves. Plaintiffs' bid for class certification succeeded when this Court certified the class in June 2017, and that certification order is again in full force and effect following the Seventh Circuit's decision. Further, as discussed in Plaintiffs' opposition to the Motion to Decertify, the declarations regarding course of dealing are not relevant because the contract at issue is a standard form contract and the contract has an integration clause, and even if the declarations were relevant, they do not support decertification. *See* Dkt. 298. Even if the declarations were properly before the Court, NextGear's suggestion that the last-minute declarations are their winning ticket to re-decertification is without merit.

**2. NextGear Makes No Genuine Effort to Justify Late Disclosures.**

NextGear's untimely disclosure of the four declarants is not justified. Defendant does not dispute that the declarants are and have been NextGear employees and have been known to NextGear throughout this litigation. Nor does NextGear argue that the declarations represent facts that have been developed through the course of discovery—because that is not the case. Instead, NextGear baselessly argues that course of performance evidence only became relevant after the Seventh Circuit's ruling. That argument, though, is belied by the record in this case. In fact, NextGear has raised course of dealing as a relevant issue repeatedly during this litigation.

For example, more than two years ago, at the May 9, 2017, hearing on Plaintiffs' Motion for Class Certification, counsel for NextGear argued:

> And even though their theory is that it was an omission and a duty to disclose, there's a hundred different -- by the evidence, there's a hundred different NextGear account representatives and thousands of dealers, and they had continuing interaction over the *course of the relationship*. And so, certainly, there may be evidence, on a plaintiff-by-plaintiff basis, that they were told when auctions got paid and/or that they were aware of that issue.
>
> In fact, two of our named plaintiffs were aware of that. There's undisputed evidence that they became aware of when NextGear paid the auctions behind the scenes during the *course of the relationship*, and they continued to borrow on hundreds of cars after that. And so we think that's going to create a particular problem on reliance, a particular problem on showing damages, and we think that's certainly going to be true of many, many, many other class members.

Hearing on Class Certification, p. 16 (Argument of Mr. McCarter) (emphasis added). Likewise, in its May 19, 2017, opposition to Plaintiffs' motion for partial summary judgment, NextGear noted the possible need to consider course of dealing and course of performance evidence. *See* Dkt. 207 at 3 & n. 2, 13. In that May 2017 filing, NextGear also argued (as it did in its May 2019 renewed motion to decertify) that the Plaintiffs were aware of its interest billing practice from the "*course of [their] business relationship with NextGear.*" *Id.* at 21-22 (emphasis added). In addition,

NextGear argued in its August 2, 2017, reply memorandum in support of its motion to reconsider class certification that "any trial of Plaintiffs' ambiguity theory will require dealer-by-dealer extrinsic evidence of intent, *course of dealing*, and knowledge/ratification by the particular dealer." Dkt. 235 at 9 (emphasis added).

Defendant now suggests in its procedural background section that Plaintiffs' use of declarations of "undisclosed witnesses" Barry Mattingly, Nicol Zenia Perry, James Garner, Lynn Swanson, Cassie Felder, and Kathleen DeLaney in support of their 2017 motion for class certification and appointment of class counsel somehow justifies NextGear's submission of the declarations of NextGear employees in May 2019. *See* Dkt. 301 at 2-3. NextGear's description of Plaintiffs' declarants as "undisclosed witnesses" is bizarre at best. Mr. Mattingly and Ms. Perry's companies are Plaintiffs and class representatives. Mr. Garner, Ms. Swanson, Ms. Felder, and Ms. DeLaney are counsel of record in this case whose declarations addressed their own qualifications as class counsel, which will not be an issue at trial and Plaintiffs' counsel will not be testifying. NextGear's late disclosure of the four declarants—its own employees—simply is not justified.

**3. NextGear's Untimely Disclosure of The Declarants Is Not Harmless.**

NextGear suggests that its identification of the four declarants was only a little bit late and thereby harmless, but neither is true. The problem is not that NextGear identified these witnesses "with its Motion to Decertify on May 1 rather than immediately after remand of the case from the Seventh Circuit on March 11" (Dkt. 301 at 7), but rather that NextGear failed to identify them during the course of discovery and extensive briefing on class certification and summary judgment. Plaintiffs would absolutely be harmed by the allowance of these untimely declarations. This case has been pending for more than five years, was certified as a class action more than two years ago, and was previously set for trial in March 2018 with class discovery nearly complete. Contrary to

NextGear's argument, all that remains of class discovery (due to NextGear's continued objections) is the production of the names and contact information for the 9,980 dealers which NextGear seeks to exclude from the class and the production of class-wide damages data. Plaintiffs had no opportunity to depose or seek additional information from these witnesses during class merits discovery. NextGear's untimely disclosure of witnesses is not harmless, and the declarations and all arguments relying upon them should be stricken from the record.

**CONCLUSION**

For the foregoing reasons, as well as those set forth in Plaintiffs' original memorandum, Plaintiffs respectfully request that the Court grant their Motion to Strike.

Dated: June 10, 2019.

Respectfully submitted,

*/s/ Kerry A. Murphy*
CATHERINE E. LASKY (La. Bar No. 28652)
*Pro Hac Vice*
KERRY A. MURPHY (La. Bar No. 31382)
*Pro Hac Vice*
**LASKY MURPHY LLC**
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

GLADSTONE N. JONES, III (La. Bar No. 22221) *Pro Hac Vice*
LYNN E. SWANSON (La. Bar No. 22650)
*Pro Hac Vice*
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500

JAMES M. GARNER (La. Bar No. 19589)
*Pro Hac Vice*
RYAN D. ADAMS (La. Bar No. 27931)
*Pro Hac Vice*
MATTHEW M. COMAN
(La. Bar No. 23613)
*Pro Hac Vice*
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Kathleen A. DeLaney (# 18604-49)
**DELANEY & DELANEY LLC**
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400

Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

CASSIE E. FELDER (La. Bar No. 27805)
*Pro Hac Vice*
**THE CASSIE FELDER LAW FIRM**
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

Facsimile: (317) 920-0404
Kathleen@delaneylaw.net

**COUNSEL FOR PLAINTIFFS AND THE CLASS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June 2019, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

*/s/ Kerry A. Murphy*
Kerry A. Murphy