IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-01589-TWP-DLP |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## SUPPLEMENTAL DISCLOSURES OF NEXTGEAR CAPITAL, INC.

Pursuant to Rules 26(a)(1)(A) and 26(e) of the Federal Rules of Civil Procedure,

Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation ("NextGear") provides the

following supplemental disclosure based on information known to it:

**A.     Individuals likely to have discoverable information that NextGear may use to support its claims or defenses.**

1.     Adam Galema, c/o counsel for NextGear.  Mr. Galema has knowledge about floor

planning; NextGear's contract documents and business relationships, including contracts and

relationships with class members and with third-party auctions; NextGear's policies, practices,

and procedures; interest rates charged by NextGear; NextGear's interpretation of when interest

begins to accrue under its contracts; and information available from NextGear's system

regarding dealers' transactions, history with NextGear, and amounts owed to NextGear.

2.     John Wick, c/o counsel for NextGear.  Mr. Wick has knowledge about the history

of DSC/NextGear; floor planning; NextGear's contract documents and business relationships,

including contracts and relationships with class members and with third-party auctions;

EXHIBIT A

NextGear's policies, practices, and procedures; interest rates charged by NextGear; NextGear's interpretation of when interest begins to accrue under its contracts; communications with certain dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; NextGear's collections practices; information available from NextGear's system regarding dealers' transactions, history with NextGear, and amounts owed to NextGear; and judgments held by NextGear, settlements entered into by NextGear, and other defenses relevant to particular class members.

3.     Mark Bohannon, c/o counsel for NextGear.  Mr. Bohannon has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with certain class members and third-party auctions; communications with certain dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

4.     Gene Boyd, c/o counsel for NextGear.  Mr. Boyd has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with certain class members and third-party auctions; communications with certain dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

5.     Eric Chevalier, c/o counsel for NextGear.  Mr. Chevalier has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts

and relationships with certain class members and third-party auctions; communications with certain dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

6.     Marina Colli, c/o counsel for NextGear.  Ms. Colli has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with certain class members and third-party auctions; communications with certain dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

7.     Jason Cook, c/o counsel for NextGear.  Mr. Cook has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with certain class members and third-party auctions; communications with certain dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

8.     Lourdes Givens, c/o counsel for NextGear.  Ms. Givens has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with Mattingly, certain class members, and third-party auctions; communications with Mattingly and certain other dealers regarding contract terms, interest rates,

and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

9.      Mark Holley, c/o counsel for NextGear.  Mr. Holley has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with Mattingly, certain class members and third-party auctions; communications with Mattingly and certain other dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

10.      Garrett Jorewicz, c/o counsel for NextGear.  Mr. Jorewicz has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with certain class members and third-party auctions; communications with certain dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

11.      Stuart LaBauve, c/o counsel for NextGear.  Mr. LaBauve has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with Red Barn, certain class members, and third-party auctions; communications with Red Barn and certain other dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems

with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

12. Troy Thompson, c/o counsel for NextGear. Mr. Thompson has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with certain class members and third-party auctions; communications with certain dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

13. Lundy Touch, c/o counsel for NextGear. Ms. Touch has knowledge about floor planning; NextGear's contract documents and business relationships, including contracts and relationships with Platinum, certain class members, and third-party auctions; communications with Platinum and certain other dealers regarding contract terms, interest rates, and interest accrual; NextGear's and certain dealers' performance of their contracts; problems with certain dealers; and information from NextGear's system regarding certain dealers' transactions, history with NextGear, and amounts owed to NextGear.

14. Any employees or former employees of NextGear Capital, Inc., Dealer Services Corporation, Cox Enterprises, Inc., or Cox Automotive, Inc. with knowledge of the subject matter of this dispute.

15. Devon London, c/o counsel for Plaintiffs. Mr. London has knowledge about Red Barn's contract with DSC; floor planning; communications with DSC/NextGear, auctions, and third parties; when interest began to accrue under Red Barn's DSC floor plan, including his discovery thereof; DSC/NextGear account statements and billing; Red Barn's unclean hands;

Red Barn's course of performance; Red Barn's shutdown in spring 2013 and default to DSC/NextGear; and NextGear's other defenses specific to Red Barn.

16.    Donald Richardson, c/o counsel for Plaintiffs.  Mr. Richardson has knowledge about Red Barn's contract with DSC; floor planning; communications with DSC/NextGear, auctions, and third parties; when interest began to accrue under Red Barn's DSC floor plan; DSC/NextGear account statements and billing; Red Barn's unclean hands; Red Barn's course of performance; Red Barn's shutdown in spring 2013 and default to DSC/NextGear; Red Barn's bankruptcy; and NextGear's other defenses specific to Red Barn.

17.    Barry Mattingly, c/o counsel for Plaintiffs.  Mr. Mattingly has knowledge about Mattingly's contract with DSC; floor planning; communications with DSC/NextGear, auctions, and third parties; when interest began to accrue under Mattingly's DSC floor plan, including his knowledge thereof; DSC/NextGear account statements and billing; fraud and sales out of trust committed by Mattingly; Mattingly's course of performance; Mattingly's default to DSC; NextGear's judgment against Mattingly; and NextGear's other defenses specific to Mattingly.

18.    Denise Mattingly, c/o counsel for Plaintiffs.  Ms. Mattingly has knowledge about fraud and sales out of trust committed by Mattingly; Mattingly's course of performance; and NextGear's defenses specific to Mattingly.

19.    Nicol Perry, c/o counsel for Plaintiffs.  Ms. Perry has knowledge about Platinum's contract with DSC; floor planning; communications with DSC/NextGear, auctions, and third parties; when interest began to accrue under Platinum's DSC floor plan; DSC/NextGear account statements and billing; fraud and sales out of trust committed by Platinum; Platinum's course of performance; Platinum's default to DSC; NextGear's judgment against Platinum; and NextGear's other defenses specific to Platinum.

20.     Chuck Werner, Manheim Louisville, 5425 Highway 31 E, Clarksville, IN 47129, (812) 258-4264.  Mr. Werner has knowledge about the contractual relationship between auto auctions and NextGear and the means by which NextGear settles with auctions.

21.     Jeff Modjeski, Manheim New Orleans, 61077 Saint Tammany Avenue, Slidell, LA 70460, (985) 605-1204.  Mr. Modjeski has knowledge about the contractual relationship between auto auctions and NextGear and the means by which NextGear settles with auctions.

22.     Jeff Widholm, c/o counsel for NextGear.  Mr. Widholm is an expert witness with knowledge about industry practices with respect to floor planning used cars, including the accrual and charging of interest.

23.     David Hoffman, c/o counsel for NextGear.  Mr. Hoffman is an expert witness with knowledge about amounts owed by Plaintiffs and class members to NextGear.

24.     Any member of the class as defined in the Court's class certification order dated June 29, 2017 ("class member") or class member representative, including but not limited to those identified by NextGear in response to Requests for Production No. 34 & 35 on September 1, 2017.  They would have knowledge about their contract with DSC; floor planning; communications with DSC/NextGear, auctions, and third parties; when interest began to accrue under their DSC floor plan, including their knowledge thereof; DSC/NextGear account statements and billing; their course of performance; any default to DSC; and NextGear's defenses related to the particular class member, if applicable.

25.     Any representatives of automotive auctions that have done business with NextGear, Plaintiffs, and/or class members.

26.     Any witness called, disclosed, and/or listed by Plaintiffs in this matter.

7

27.     Any witness necessary to authenticate a document.

28.     Any witness necessary for impeachment or rebuttal.

**B.      Description, by category and location, of documents NextGear may use to support its claims or defenses.**

1.      Floor plan agreements, notes, and related documents between NextGear and class members.

2.      Transaction reports showing transactions between NextGear and class members.

3.      Account statements showing account activity, including such reports as Receivable Detail Reports, made available to class members.

4.      Records showing the timing and amount of payments by class members to NextGear.

5.      Records in NextGear's systems regarding class members.

6.      Communications between NextGear and class members.

7.      Agreements between NextGear and third-party auctions.

8.      Marketing materials, including event sales and promotions.

9.      Documents showing fraud or sales out of trust by class members.

10.     Disclosures provided by NextGear to class members.

11.     Judgments against class members.

12.     Settlements with class members.

13.     Releases executed by class members.

14.     Bankruptcy records of class members.

15.     Tax returns of class members.

16.     Written discovery or other written disclosures served in this litigation.

17.     Any report(s) prepared by any expert witness and any supplemental, amended, and/or rebuttal reports prepared by any expert witness.

18.     Declarations submitted in this litigation.

19.     Deposition testimony given in this litigation.

20.     Documents produced by any party in this litigation.

21.     Documents introduced as exhibits to any deposition or filing in the record of this action.

22.     Any document identified or disclosed by Plaintiffs in this matter.

23.     Any document necessary for impeachment, rebuttal, or cross-examination.

**C.     Damages claimed by NextGear.**

NextGear has not asserted an affirmative claim against Plaintiffs in this litigation. However, to the extent NextGear is found liable to any Plaintiff or class member, NextGear will seek to set off any amounts owed to NextGear by that dealer and also reserves its right to seek any debts, attorney fees, and other costs permitted by contract.

**D.     Any insurance agreement that may satisfy part or all of any judgment.**

None.

NextGear reserves the right to supplement these disclosures as additional information becomes available.

This 31st day of May, 2019.

*Paul D. Vink* (by TKL ᵐ permission)
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax

djurkiewicz@boselaw.com
pvink@boselaw.com

*Tracey K. Ledbetter*

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via email and first class mail, U.S. postage prepaid, this 31st day of May, 2019:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA 70112
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205
Kathleen@delaneylaw.net

*Tracey K. Ledbetter*
Tracey K. Ledbetter