IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br>  Plaintiffs, <br><br> v. <br><br> NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, <br><br>  Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

## RESPONSE TO MOTION FOR LEAVE TO FILE PROPOSED ORDER

Defendant NextGear Capital, Inc. ("NextGear") does not oppose Plaintiffs' request for leave to submit a proposed order [Doc. 302], but objects to the content of Plaintiffs' Proposed Order [Doc. 302-1], which misstates the law and the parties' positions, as briefed.

Although Plaintiffs now seem to concede that a trial of extrinsic evidence is necessary to resolve contractual ambiguity, they continue to claim that such evidence, including course of performance, must be exclusively focused on the intent of the parties at the time of contracting. [Doc 302-1 at 6.]  That is not the law.  [*See* Doc. 295 at 6-8.]  Nor would it change the outcome, given that NextGear has submitted evidence of communications at the time of contracting and throughout the lending relationship.  [*See id.* at 11-12.]  Plaintiffs' Proposed Order also inaccurately describes NextGear's position as a request for a "bright-line rule[] that individual reliance by class members necessarily precludes predominance of common issues for purposes of class certification . . . ."  [Doc 302-1 at 6.]  As NextGear made clear in its briefing, NextGear is not asking the Court to establish any bright-line rules about class certification in general or to

reach any broad conclusions about all ambiguous contracts, form or otherwise. [Doc. 300 at 5-6.] NextGear merely contends that the Court was correct in its prior decertification order—holding that the varied course of performance between NextGear and individual dealers renders class certification inappropriate *in this case* based on the particular facts *of this case*—and should elaborate on that ruling.

For these reasons, NextGear's Proposed Order [Doc. 300-1] more accurately states the record and the law, and should be adopted by the Court.

Respectfully submitted, this 14th day of June, 2019.

   *s/ Paul D. Vink  (with permission)*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

  *s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 14th day of June, 2019:

| | |
|---|---|
| Ryan D. Adams<br>James M. Garner<br>Matthew M. Coman<br>Jacob A. Airey<br>SHER GARNER CAHILL RICHTER<br>KLEIN & HILBERT, L.L.C.<br>radams@shergarner.com<br>jgarner@shergarner.com<br>mcoman@shergarner.com<br>jairey@shergarner.com | Catherine E. Lasky<br>Kerry A. Murphy<br>LASKY MURPHY LLC<br>klasky@laskymurphy.com<br>kmurphy@laskymurphy.com |
| Cassie E. Felder<br>THE CASSIE FELDER LAW FIRM<br>cassie@cassiefelderlaw.com | Gladstone N. Jones, III<br>Lynn E. Swanson<br>JONES, SWANSON, HUDDELL &<br>GARRISON, LLC<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| Kathleen A. DeLaney<br>DELANEY & DELANEY LLC<br>Kathleen@delaneylaw.net | |

                  *s/ Tracey K. Ledbetter*
                  Tracey K. Ledbetter