IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-01589-TWP-DLP |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## ALTERNATIVE MOTION TO MODIFY CLASS CERTIFICATION ORDER TO NARROW CLASS BASED ON THE STATUTE OF LIMITATIONS

As Defendant NextGear Capital, Inc. has argued in its currently pending Motion to Decertify Class [Doc. 295] and elsewhere, statute of limitations issues, along with other individualized issues, defeat predominance and superiority in this case. Statutes of limitations, and related issues such as tolling and application of the discovery rule, are inherently fact-sensitive inquiries that require a dealer-by-dealer analysis. For those reasons (among many others), the class should be decertified as urged in the Motion to Decertify Class. But in the event the class is not decertified, NextGear moves the Court, in the alternative, to narrow the class to exclude those plaintiffs whose contract claims are facially barred by applicable statutes of limitation. The class as currently defined goes back *14 years*, to 2005, and so includes dealers

whose claims are barred by the statutes of limitations applicable to contract claims in Indiana and California.[1]

## Factual and Procedural Background

NextGear, formerly known as Dealer Services Corporation or DSC, has been in the business of loaning money to car dealers since 2005. (4/26/2017 Galema Decl. ¶¶ 3, 8 [Doc. 197-24].) Plaintiffs seek to bring breach of contract claims against NextGear on behalf of all dealers who have borrowed from NextGear from the beginning. (Mot. for Class Cert. at 2 [Doc. 153].) NextGear, meanwhile, has repeatedly objected that the claims of many putative class members are barred by the statute of limitations. (*E.g.*, Answer and Affirmative Defenses at 16 [Doc. 188].) In response to Plaintiffs' motion for class certification, NextGear pointed out that— to the extent Plaintiffs invoke any exceptions—"[s]tatute of limitations issues would need to be considered not just on a dealer-by-dealer basis, but on a transaction-by-transaction basis." (Resp. to Mot. for Class Cert. at 23 [Doc. 160].)

Despite NextGear's objections, the Court granted Plaintiffs' motion for class certification and certified Plaintiffs' proposed class of "all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013," with a similarly-defined California subclass. (Certification Order at 40 [Doc. 220].) The Court did not directly address NextGear's arguments about the statute of limitations in its Certification Order.

---

[1] Granting NextGear's Motion to Decertify Class [Doc. 295] would moot the present motion (as well as the other pending motion to narrow [Docs. 237, 286-1]). While the class should be decertified, NextGear is filing this motion to narrow now rather than awaiting the Court's decision on decertification in the interest of judicial economy, because the arguments made herein are similar to the arguments already before the Court in the Motion to Decertify Class.

The Court later determined that the contracts between NextGear and its customer dealers were "ambiguous as to when interest may begin to accrue." (Order on Motions for Summary Judgment [Doc. 262], at 18.) For that reason, the Court also recognized trying the case as a class action would not be feasible—because resolving the ambiguity in the contract would require individualized proof and undermine the Rule 23 elements of commonality and predominance—so it decertified the class. (Order on Pending Motions [Doc. 261], at 8, 10.) Plaintiffs appealed. Following remand of the case from the Seventh Circuit, NextGear moved to decertify the class. Among other things, NextGear argued that the statute of limitations defense would bar the claims of many dealers, and the Court would have to evaluate any exceptions to the statute of limitations on a case-by-case basis. (Mot. to Decertify at 16-17 [Doc. 295].)

The statute of limitations bars claims by a majority of dealers in the class. Of the 17,411 dealers in the class and subclass created by the Certification Order who have not agreed to arbitrate their claims,[2] the majority did business with NextGear only outside the limitations period and so should not be part of the class. (*See* Wick Decl. ¶ 6.) A summary list of the 7,659 dealers who did at least some business with NextGear within the limitations period is provided as Exhibit A to the supporting Declaration of John Wick, which is attached to this motion. (*Id.* ¶¶ 6-7 & Ex. A.)[3]

---

[2] As discussed in NextGear's prior Motion to Modify Class Certification Order to Narrow Class [Docs. 237, 286-1], nearly 10,000 class members signed arbitration agreements that supersede any prior agreements and apply to prior transactions. Dealers who signed those agreements must arbitrate their claims on an individual basis and should be excluded from the class.

[3] NextGear has only included dealer numbers for these dealers for purposes of this public filing, but Plaintiffs will be able to determine the names and contact information of these dealers from information provided during discovery. That information can also be provided to the Court for *in camera* review upon request.

**Argument and Authority**

A court may alter or amend an order certifying a class under Rule 23(c)(1)(C) "in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  "[T]he court has a duty to monitor its class decisions in light of the evidentiary development of the case; the court must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts."  *Hickey v. Great W. Mortg. Corp.*, No. 94 C 3638, 1995 WL 121534, at *3 (N.D. Ill. Mar. 17, 1995) (granting motion to decertify).  Rule 23(c)(1)(C) gives a court "authority to modify or vacate a class certification *at any time* prior to final judgment."  (Order on Pending Motions at 4 [Doc. 261] (citing Fed. R. Civ. P. 23(c)(1)(C)) (emphasis added).)  "If the certification of the class is later deemed to be improvident, the court may decertify, subclassify, alter the certification, or permit intervention." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) (citations omitted).

As Judge Easterbrook has explained: "If the evidence calls into question the propriety of defining a class in a particular way, then the definition must be modified or subclasses certified. . . . The class definition must yield to the facts, rather than the other way 'round."  *Fonder v. Sheriff of Kankakee Cty.*, 823 F.3d 1144, 1147 (7th Cir. 2016).  Here, the evidence demonstrates that the current class is overbroad and should be modified to exclude all dealers whose claims are barred by the statute of limitations.

## I.     The Statute of Limitations Bars Claims of a Broad Swath of the Current Class.

The class definition as certified is overbroad.  Many class members did business with NextGear outside the relevant limitations period, and so their claims are wholly or partially barred by the statute of limitations.  The limitations period applicable to Plaintiffs' breach of contract claim is six years under Indiana law.  Ind. Code § 34-11-2-9 ("action upon promissory

4

notes, bills of exchange, or other written contracts for the payment of money . . . must be commenced within six (6) years after the cause of action accrues").  The California sub-class is subject to a shorter limitations period of four years.  Cal. Civ. Proc. Code § 337 (period prescribed for commencement of "action upon any contract, obligation or liability founded upon an instrument in writing" is "[w]ithin four years").

It was not until January 8, 2016 that Plaintiffs first raised class claims alleging that NextGear systematically charged interest inappropriately.  (Motion for Leave to File Verified Amended Complaint [Doc. 89].)  Thus, any claims arising from transactions that occurred before January 8, 2010 (for the nationwide class) or before January 8, 2012 (for the California class) are presumptively time-barred.  Dealers who did all their business with NextGear before those dates cannot bring breach of contract claims against NextGear at all, while dealers who did some business before and some business after those dates will only be able to bring claims for the transactions that happened after.[4]

Plaintiffs apparently concede that the statute of limitations, on its face, precludes claims for some transactions within the current class definition.  (*See* Pls.' Opp'n to Motion to Reconsider [Doc. 232] at 14-16 (arguing about effect of statute of limitations on class certification, but not contesting applicable limitations period); Pls.' Opp'n to Motion to Decertify [Doc. 298] at 21-24 (same).)  Plaintiffs may argue that earlier claims can be salvaged by application of doctrines such as the discovery rule or fraudulent concealment, but they would have to prove the applicability of those doctrines on a dealer-by-dealer, transaction-by-transaction basis that is unsuited for class determination. *E.g.*, *A.J.'s Auto. Sales, Inc. v. Freet*,

---

[4] Even if a dealer remains a member of the narrowed class, any transactions that occurred outside the limitations period are time-barred.  NextGear will seek further relief from the Court on this issue at the appropriate time, to the extent necessary.

725 N.E.2d 955, 964 (Ind. Ct. App. 2000) ("The party that seeks the benefit of the discovery rule

bears the burden of proving that the circumstances warrant its application."); *E-Fab, Inc. v.*

*Accountants, Inc. Servs.*, 64 Cal. Rptr. 3d 9, 17 (Cal. Ct. App. 2007) (recognizing that burden is

on plaintiff to show diligence to benefit from discovery rule).  (*See also* Certification Order

[Doc. 220] at 39 (as to fraud claim, "the element of reliance would require evidence that is too

individualized to consider on a classwide basis").)  The only thing that can be known on a

classwide basis is that claims for transactions prior to the limitations period are presumptively

barred.

## II.     Dealers Who Did Business with NextGear Only Outside the Limitations Period Should Be Excluded from the Class.

The class cannot include members whose claims are barred by the statute of limitations.

"[A] class should not be certified if it is apparent that it contains a great many persons who have

suffered no injury at the hands of the defendant."  *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672,

677 (7th Cir. 2009).  Dealers whose claims are subject to the statute of limitations cannot bring

their claims against NextGear as a matter of law, and so should not be in the class:

> It is axiomatic that no class action may proceed on behalf of class members whose
> claims are barred by the applicable statute of limitations.  If [Rule] 23 were
> otherwise, it would give the class action method of litigation the ability to revive
> stale claims that could not otherwise be brought on an individual basis.  Viewed
> in this light, the applicable statute of limitations marks the outer boundary for
> class membership.

*Schmidt v. Interstate Fed. Sav. & Loan Ass'n*, 74 F.R.D. 423, 428 (D.D.C. 1977) (limiting class

to borrowers who paid penalties after date that preceded filing of suit by 3-year limitations

period); *see also Bailiff v. Vill. of Downers Grove*, No. 11 C 3335, 2011 WL 6318953, at *2

(N.D. Ill. Dec. 16, 2011) ("There is no dispute that individuals with time-barred claims may not

be included within a proposed class." (internal quotation marks omitted)).

A class definition "must not be so broad as to include individuals who are without standing to maintain the action on their own behalf." *Bowman v. Int'l Bus. Machines Corp.*, No. 1:11-CV-0593 RLY-TAB, 2013 WL 12291430, at *4 (S.D. Ind. Aug. 19, 2013) (citing *Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 580 (N.D. Ill. 2005), *aff'd sub nom. Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006)).  Thus, for example, courts have certified classes (or affirmed certification) only after narrowing the class definition to exclude claims that are otherwise barred.  *E.g.*, *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 377 (8th Cir. 2018) (modifying trial court's certification order to exclude plaintiffs whose claims were barred by *res judicata*); *Wiyakaska v. Ross Gage, Inc.*, No. 1:10-CV-01664-LJM, 2011 WL 4537010, at *5 (S.D. Ind. Sept. 28, 2011) (rejecting plaintiffs' proposed class definition and conditionally certifying collective action class with limit based on statute of limitations); *Roberts v. Source for Pub. Data*, No. 2:08-CV-04167-NKL, 2009 WL 3837502, at *7 (W.D. Mo. Nov. 17, 2009) (amending proposed class definition because "it would . . . be improper for the class definition to contain class members whose suits may be barred by the statute of limitation").

Here, "a great many" of the class members could not bring an individual claim against NextGear.  *Cf. Kohen*, 571 F.3d at 677.  Over 9,000 dealers in the class had transactions with NextGear only outside the limitations period.  (*See* Wick Decl. ¶ 6.)  That is over half the class that would remain after arbitration dealers are excluded.  In other words, the current class definition includes a number of dealers who did not do business with NextGear within the relevant limitations period and so cannot bring a valid claim unless they make a special, individualized showing.  While NextGear believes strongly that the class should not be certified at all, *Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 115CV02062TWPMPB, 2018 WL 4385025, at *1 (S.D. Ind. Sept. 14, 2018), *reconsideration granted by* 2019 WL 314388, at *1

(S.D. Ind. Jan. 24, 2019) (finding typicality lacking where 51% of class did not share Plaintiff's

injury), it certainly cannot include dealers whose claims are barred on their face.  Because of the

"*in terrorem* character of a class action," a risk in certifying an overbroad class like this one is

that defendants will be forced to settle meritless claims.  *Messner v. Northshore Univ.*

*HealthSys.*, 669 F.3d 802, 825 (7th Cir. 2012) (quoting *Kohen*, 571 F.3d at 678).  The Court

should exercise its authority to modify the class definition to exclude those members whose

claims are presumptively barred by the statute of limitations.

      Keeping dealers and transactions barred by the statute of limitations in the class would

create manageability problems for the parties and the Court.  Evaluating any exceptions to the

applicable statute of limitations would require a dealer-by-dealer and transaction-by-transaction

analysis of disclosures, knowledge, imputed knowledge, diligence, reliance, and reasonableness,

based on evidence unique to each dealer, which would be an immense burden for the Court and

for the parties.  On the other hand, if the Court grants this motion, dealers lose no substantive

rights merely by being excluded from the class on the front end.  If their claims were not barred

by the statute of limitations when the class claims were raised, they would be able to bring

individual suits now.

### Conclusion

      Class members cannot recover based on transactions that happened before January 2010

(for the nationwide class) and January 2012 (for the California subclass).  To the extent Plaintiffs

seek to argue that blanket exclusion is improper, it only further underscores the validity of

NextGear's Motion to Decertify [Doc. 295]: individualized issues predominate based on a

required dealer-by-dealer analysis.  To the extent the Court does not decertify the entire class,

and subject to the Motion to Modify Class Certification Order to Narrow Class [Docs. 237, 286-

1], a modified class definition addresses the statute of limitations problem by including "all used

car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 8, 2010 through July 31, 2013, and floor planned or paid for one or more vehicles with DSC/NextGear under such agreement during that time period, excluding any dealer who signed an agreement containing an arbitration or class action waiver provision," with a modified subclass that includes "all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 8, 2012 through July 31, 2013, and floor planned or paid for one or more vehicles with DSC/NextGear under such agreement during that time period, excluding any dealer who signed an agreement containing an arbitration or class action waiver provision."

Respectfully submitted, this 19th day of July, 2019.

*s/ Paul D. Vink* *(with permission)*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the

following counsel of record via the Court's electronic service notification system, this 19th day

of July, 2019:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com


Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com


Kathleen A. DeLaney
DELANEY & DELANEY LLC
Kathleen@delaneylaw.net


 s/ Tracey K. Ledbetter
Tracey K. Ledbetter