## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### (Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DLP** |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| **individually, and on behalf of other** | * | |
| **members of the general public** | * | |
| **similarly situated,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S ALTERNATIVE MOTION TO MODIFY CLASS CERTIFICATION ORDER TO NARROW CLASS BASED ON THE STATUTE OF LIMITATIONS

The Named Plaintiffs—Red Barn Motors, Inc. ("Red Barn"), Platinum Motors, Inc. ("Platinum"), and Mattingly Auto Sales, Inc. ("Mattingly")—oppose the Alternative Motion to Modify Class Certification Order to Narrow Class Based on the Statute of Limitations (the "Motion") filed by Defendant, NextGear Capital, Inc. ("NextGear"). Dkt. 306.

With a long list of motions already on this Court's docket, including NextGear's original motion to narrow the class (Dkt. 237) as well as its recent motion to decertify the class (again) (Dkt. 295), NextGear has now brought yet another motion, purportedly under Rule 23(c)(1)(C). Because there have been no "subsequent developments" in the litigation that could possibly support such a motion, the Court should reject NextGear's latest attempt to delay this litigation by serially re-litigating class certification issues based on newly-manufactured (but not newly-discovered) evidence. NextGear's Motion should be denied and this class action should be set for trial.

## ARGUMENT

### A. Federal Rule of Civil Procedure 23(c)(1)(C) Provides No Basis for Modifying the Class Certification Order.

In the latest iteration of its argument against class certification, NextGear asks this Court to modify its class certification order pursuant to Rule 23(c)(1)(C).[1] NextGear's Motion specifically acknowledges that a court may alter or amend an order certifying a class under Rule 23(c)(1)(C) only "in the light of subsequent developments in the litigation." Dkt. 306 at 4 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). Indeed, under Rule 23(c)(1)(C), courts "consistently hold that '*there must be* some development or change in circumstances to merit revisiting a class certification decision.'" *Alig v. Quicken Loans Inc.*, 5:12-CV-114, 2017 WL 5054287, at *10 (N.D.W. Va. July 11, 2017) (quoting *In re J.P. Morgan Chase Cash Balance Litig.*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009), and citing cases); *see also* 3 NEWBERG ON CLASS ACTIONS § 7:34 (5th ed. Nov. 2018 update). Despite the fact that NextGear asksthis Court to drastically amend its class certification order, it identifies no subsequent developments that could support such a remedy. There have been no such developments to justify revisiting class issues yet again at this late date. To the contrary, NextGear readily admits that the statute of limitations issues raised in the Motion have been "repeatedly" raised throughout this litigation, including in its original opposition to Plaintiffs' motion for class certification. *See* R. Doc. 306 at 2. Accordingly, this Court should deny the Motion under Rule 23(c)(1)(C).

While NextGear does not (and cannot) argue that there are new facts or subsequent developments meriting modification of the class, in an apparent attempt to create "new" evidence for this Court to consider, NextGear attaches a declaration from its Senior Vice President, John

---

[1] Fed. R. Civ. Proc. 23(c)(1)(C) provides, "An order that grants or denies class certification may be altered or amended before final judgment."

Wick. Mr. Wick's declaration does not represent facts that have been developed through the course of discovery or the progression of this case. As noted in the declaration, Mr. Wick has "been with the company since it started in March 2005." Dkt. 306-1 at ¶ 2. The list of dealers that is attached to Mr. Wick's affidavit was compiled, according to the declaration itself, "following the Court's **June 29, 2017 [class certification] Order**." *Id.* at ¶ 3 (emphasis added). Thus, the declaration does not represent facts that have been developed through the course of discovery or the progression of this case, but facts that have been in NextGear's possession throughout this litigation, but were not disclosed previously. These "facts" were within NextGear's knowledge, including at the time of the original class certification briefing dating back to 2016 and the briefing on the first motion for reconsideration in 2017.[2]

NextGear never produced the John Wick declaration during discovery,[3] did not rely on it when briefing class certification, its original motion to reconsider, or two rounds of briefing at the Seventh Circuit Court of Appeals. While NextGear did not produce this information in the course of discovery and did not cite any testimony from Mr. Wick in opposing class certification (or partial summary judgment), it cannot contend that the evidence is new, merely because it never produced it. Indeed, NextGear does not even attempt to argue that the evidence in Mr. Wick's affidavit is new or recently developed. NextGear cites no authority supporting its argument that this Court should consider facts that were in NextGear's possession and about which it was or could have been aware throughout this litigation as a basis for decertification, especially at this late stage of the litigation. *Cf. Schell v. OXY USA Inc.*, No. 07–1258–JTM, 2013 WL 4857686, at *5 (D. Kan. Sept. 11, 2013) (denying decertification motion based on

---

[2] *See, e.g.,* Dkt. 153 and 228.

[3] NextGear likewise did not designate Mr. Wick or any other person to discuss the subject of the declaration at its corporate deposition, even though Plaintiffs' Rule 30(b)(6) notice propounded to NextGear in October 2017, required NextGear to designate a witness to testify as to "NextGear's defenses to the claims of the Class and Subclass."

3

circumstances known to parties at time of class certification). Finally, the declaration is not material to the inquiry under Rule 23(c)(1)(C). Accordingly, this Court should deny NextGear's Motion under Rule 23(c)(1)(C), because it has failed to demonstrate that any new facts, law, or circumstances justify decertification. *See, e.g.*, *J.P. Morgan Chase*, 255 F.R.D. at 134 (refusing to amend certification where movant failed to show development in case warranting changing original order); *In re Apple iPod iTunes Antitrust Litig.*, Case No. 05-CV-0037 YGR, 2014 WL 6783763, at *6 (N.D. Cal. Nov. 25, 2014) (denying decertification "so soon before trial especially where no intervening events have led to changed circumstances"); *Langley v. Coughlin*, 715 F. Supp. 522, 553 (S.D.N.Y. 1989) (denying decertification where movant failed to show any "significant intervening event" required reevaluation of prior order).

      **B.**      **NextGear's Statute of Limitations Arguments Should Be Rejected.**

As an initial matter, contrary to NextGear's assertion, Plaintiffs do **not** "concede that the statute of limitations, on its face, precludes claims for some transactions within the class definition." Dkt. 306 at 5. Plaintiffs do not dispute that breach of contract claims are subject to a statute of limitations period of six years under Indiana law and four years under California law; however, Plaintiffs absolutely dispute that certain class members' claims are barred based on the dates of the transactions at issue. The date of a particular transaction does not, on its face, determine whether a claim is time-barred. NextGear's Motion is based on the false premise that the class members' claims accrued at the time of a particular transaction with NextGear.[4] As discussed below, that is legally incorrect.

---

[4] *See, e.g.*, Dkt. 306 at 5 ("[A]ny claims *arising from transactions that occurred before* January 8, 2010 (for the nationwide class) or before January 8, 2012 (for the California class) are presumptively time-barred.") (emphasis added); Wick Decl. at ¶ 5 ("I understand that the statute of limitations bars claims *for transactions occurring before* January 8, 2010 (for the nationwide class as defined in the June 29, 2017 Order) or prior to January 8, 2012 (for the California subclass as defined in the June 29, 2017 Order).") (emphasis added).

Under Indiana law, a breach of contract claim accrues when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered the breach of contract. *See, e.g.*, *McFreen v. Alcatel-Lucent USA, Inc.*, 2014 WL 6997843, *2 (S.D. Ind. Dec. 10, 2014) (citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.3d 840, 842 (Ind. 1992)). Similarly, under the discovery rule recognized by California courts, a cause of action accrues when the plaintiff discovers or could have discovered, through the exercise of reasonable diligence, all of the facts essential to his cause of action. *See, e.g.*, *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006) (citing *April Enterprises, Inc. v. KTTV*, 147 Cal.App.3d 805, 826, 195 Cal. Rptr. 421 (1983)).

Accordingly, because the factual issue relevant to the statute of limitations defense is *not* the date of class members' transactions, NextGear's arguments regarding its proposed transaction-date-based narrowing of the class definition are inapt. As a threshold matter, NextGear's reliance on *Kohen v. Pacific Investment Management Co.*, 571 F.3d 672 (7th Cir. 2009), is misplaced. The *Kohen* Court, which was not evaluating a statute of limitations issue, held that, generally, a class should not be certified "if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant." *Id.* at 677. In that case, defendant had argued that some members of the plaintiff class—which was certified in a claim by investors that the defendant had impermissibly cornered certain commodities markets—had actually suffered no damages and may even have come out ahead in the investment transactions at issue by entering into hedges. *Id.* at 676. Accordingly, the issue was not whether certain damaged class members were subject to the running of the statute of limitations, but whether certain class members were damaged at all. That is not the issue here.[5]

---

[5] Moreover, in *Kohen*, the Court reviewed very strictly the defendant's arguments that the class definition was overly broad and **rejected** the defendant's efforts to modify the class definition in the absence of evidence that

The other cases relied on by NextGear are distinguishable because the transactions at issue in those cases were themselves the evidence of the breaching conduct. In *Schmidt v. Interstate Federal Savings & Loan Association*, 74 F.R.D. 423 (D.D.C. 1977), the court held that a class definition was too broad for claims arising from the allegedly impermissible charging of pre-payment penalties on home loans where the proposed class definition included borrowers who had been charged the pre-payment penalty more than three years (the applicable statute of limitations period) prior to the filing of the suit. There, unlike here, the borrowers patently had notice that they had been charged a pre-payment penalty at the moment it happened; that is, the transaction (the pre-payment of the loan balance) was simultaneous with the knowledge of the breaching conduct.[6] By contrast, in this case, the class members' knowledge of the breach by NextGear (the charging of interest on funds not yet released) was **not** discoverable at the time of the transaction.

Here, the relevant factual issue for purposes of a statute of limitations analysis is when Plaintiffs discovered or could have discovered that NextGear was charging interest before making payments to the auctions. Contrary to NextGear's suggestion, that factual issue cannot be determined based on the face of the complaint. As this Court held in March 2017 in denying Defendants' *res judicata* argument in their motion to dismiss, Plaintiffs could not have known when NextGear paid the auction houses:

---

would make the speculative arguments about over-breadth "real," characterizing the defendant's effort as "ill timed, ill conceived, and [that it] must fail." *Id.* at 680.

[6] The other cases relied on by NextGear are similarly distinguishable. In *Bailiff v. Village of Downers Grove*, the transaction (payment of a booking fee by arrestees) was both the point where the class members had notice of payment of a fee without due process, which was also the substance of the claim at issue. 2011 WL 6318953 at *2. *See also Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 377-78 (8th Cir. 2018) (not involving statute of limitations, but inclusion of class members who members of a class settlement in another case **and** who had been already dismissed from the suit on the basis of that settlement); *Wiyakaska v. Ross Gage, Inc.*, 2011 WL 4537010, *5 (S.D. Ind. 9/28/2011) (limiting class definition based on statute of limitations where knowledge of transaction— the working of off-the-clock hours—was also knowledge of the conduct of the breach of the FLSA standards).

> The Defendants suggest that the Plaintiffs could have discovered the facts giving rise to their injuries by a diligent review of their own bank statements, which would show when interest and other charges had been automatically debited from their accounts. However, **this argument overlooks the fact that the bank account statements would not have indicated** the actual interest rate charged or **when NextGear actually paid the auction houses. Without knowing when NextGear actually paid the auction houses, the Plaintiffs could not have been apprised of the alleged scheme to prematurely charge fees and interest on their accounts well before NextGear paid the auction houses.**

Dkt. 186 at 16 (emphasis added).

> A reasonable inference from all the facts alleged in the Amended Complaint is that the Plaintiffs were not aware and could not have been aware of their injuries during their ongoing business relationship with NextGear, which relationship ended at or near the time when NextGear sued the Plaintiffs for failing to pay the debts owed under the floorplan agreements. **It is reasonably inferred from the allegations of the Amended Complaint that the Plaintiffs could not have discovered their injuries until after their relationship with NextGear had ended.**

*Id.* at 17-18 (emphasis added). As shown by the Court's analysis above, the applicability of the statute of limitations to the class members' claims cannot be determined on the face of the complaint alone. Moreover, as discussed below, this Court has already held that the issue of when Plaintiffs discovered or could have discovered when NextGear paid the auctions cannot be determined even on summary judgment.

As discussed in Plaintiffs' opposition to Defendants' motion for summary judgment, evidence developed through this litigation shows that the Plaintiffs did not know and could not have known when NextGear paid the auctions. This is true across the class, because as Defendants have admitted, the date of NextGear's payments to the auctions was not provided to the dealers. *See, e.g.*, Galema Dep., Dkt. 210-6, at 56:17-22-57:8-13; LaBauve Dep., Dkt. 210-8, at 57:25-58:13; NextGear 30(b)(6) Dep., Dkt. 210-1, at 61:3-62:4. NextGear did not provide that

7

information to its dealers, and its dealers did not know, and could not have known, when the auctions were paid. As multiple NextGear employees (including Mr. Galema at NextGear's 30(b)(6) deposition) testified, even NextGear's own account executives did not know when NextGear paid the auctions, and thus did not provide that information to the dealers. *See* LaBauve Dep., Dkt. 210-8, 57:25-58:13; NextGear 30(b)(6) Dep., Dkt. 210-1, 61:3-62:4. Thus, during the time of their relationships with NextGear, none of the class members through ordinary diligence could have discovered that they had been charged interest prior to any advance by NextGear.

In denying NextGear's motion for summary judgment as to Plaintiffs' contract claims, this Court rejected both NextGear's *res judicata* argument and its ratification and waiver arguments. In that decision, the Court highlighted the evidence presented by Plaintiffs that the dates of payments to the auctions were not provided to the dealers or to the account executives:

> **The Plaintiffs provide evidence that the date of NextGear's payments to the auctions was not provided to the dealers or to NextGear's account executives who in turn would not have been able to provide the information to the dealers**. The parties' arguments and evidence reveal that factual disputes preclude summary judgment on the basis of *res judicata*; therefore, the Court **DENIES** the Defendants' Motion on this basis.

Dkt. 262 at 31 (emphasis added).

> As the Court noted above in the section discussing res judicata, the **Plaintiffs provided evidence that the date of NextGear's payments to the auctions was not provided to the dealers or to NextGear's account executives who in turn would not have been able to provide the information to the dealers.** The evidence suggests that the Plaintiffs did not have sufficient information to make an informed decision regarding whether objecting to account statements was necessary. The parties present conflicting evidence. As the Defendants conceded at the end of their argument, factual disputes over the Plaintiffs' ratification or waiver preclude an award of summary judgment. Therefore,

>> summary judgment is **DENIED** on the ratification and waiver argument.

*Id.* at 36-37 (emphasis added).

NextGear argues that "Plaintiffs would have to prove the applicability of the discovery rule or fraudulent concealment on a dealer-by-dealer, transaction-by-transaction basis that is unsuited for class determination" (Dkt. 306 at 5), but that argument fails.  First, although NextGear claims that Plaintiffs have to prove the applicability of the discovery rule on a "dealer-by-dealer, transaction-by-transaction" basis (Dkt. 306 at 5-6), neither of the two state court cases they cite stands for this proposition – they merely state that a plaintiff bears the burden of proving the discovery rule. *See A.J.'s Auto. Sales, Inc. v. Freet*, 725 N.E.2d 955, 964 (Ind. Ct. App.2000) and *E-Fab, Inc. v. Accountants, Inc. Servs.,* 153 Cal.App.4th 1308, 1319; 64 Cal.Rptr.3d 9, 17 (2007).

Second, the evidence described above, which was the basis for the Court's denial of summary judgment on certain of NextGear's defenses, is not specific to the Named Plaintiffs, but rather applicable across the class. At trial, Plaintiffs intend to prove that NextGear failed to provide information regarding dates of payments to auctions to *either* the dealers or its own account executives on a classwide basis, and as such, Plaintiffs could not have discovered NextGear's breach of contract at the time of those transactions. Accordingly, this Court should reject NextGear's argument that the applicability of the discovery rule would have to be proven on an individual or transactional rather than a classwide basis.

The Supreme Court of the United States and a number of lower federal courts have expressly rejected the argument made by NextGear that individual affirmative defenses necessarily predominate over common issues and prevent certification. The Supreme Court has held that "[w]hen 'one or more of the central issues in the action are common to the class and

9

can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Tyson Foods, Inc. v. Bouaphakeo*, — U.S. —, 136 S. Ct. 1036, 1045 (2016) (quoting 7AA C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1778 at 123-24).

This reasoning applies to statute-of-limitations defenses. In the case of *In re Linerboard Antitrust Litig. Winoff Inds., Inc.*, for example, the defendants maintained that the applicable statute of limitations barred the plaintiffs' claims and that common issues of proof did not predominate with respect to the plaintiffs' argument that the limitations period was tolled under the doctrine of fraudulent concealment. 305 F.3d 145, 160-61 (3d Cir. 2002). The Third Circuit rejected this argument, which NextGear also makes, holding that the issue of fraudulent concealment did not preclude class certification: "To be sure, certain determinations involving the fraudulent concealment defense to the statute of limitations will require individualized proof, which might vary among the assorted Appellees. However, most courts have refused to deny class certification simply because there will be some individual questions raised during the proceedings." *Id.* at 162; *see also Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000) ("[T]he mere fact that such [statute-of-limitations] concerns may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones."); *In re FedEx Ground Package Sys., Inc. Employment Practices Litig.*, 662 F.R.D. 1069, 1094 (N.D. Ind. 2009) ("courts have rejected a per se rule that the presence of such [statute-of-limitations] issues compels a finding that individual issues predominate"); *In re FedEx Ground Package Sys.*, 2007 WL 3027405, at *26 (same); *accord Bowen v. Groome*, No. 11-139-GPM, 2012 WL 2064702, at *5 (S.D. Ill. June 7, 2012) (same).

A leading class action commentator has also specifically observed that statute-of-limitations defenses rarely provide a proper basis for denying class certification:

> Statute of limitations defenses—like damage calculations, affirmative defenses, and counterclaims—*rarely defeat class certification*. In most cases, statutes of limitations can be applied to the class as a whole or to large groups of class members; this makes the issue a common, not individualized, one and supports a finding that common issues predominate. Moreover, class counsel will often define the class as those with live claims (*e.g.* buyers of a specific product within a specified time period), thereby precluding statute of limitations defenses from even arising. Finally, if statute of limitations issues are somewhat individualized, courts deem that these concerns can be resolved during the damage phase of the case and need not preclude certification of liability issues.
>
> In short, most courts reject the contention that statute of limitations defenses, on their face, preclude a finding of predominance and instead demand evidence that such defenses will in fact devolve into individualized hearings in the particular case. Such individualizing evidence may arise occasionally, but such cases are the exception, not the rule.

WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS ¶ 4:57 (5th ed. July 2017 update) (citing cases) (footnotes omitted) (emphasis added).

Further, the issue of whether individual defenses such as the statute of limitations require decertification of this case has already been briefed by the parties repeatedly and at length, on class certification, reconsideration of class certification, and on appeal. Plaintiffs incorporate herein all of their arguments previously made on that issue. *See, e.g.*, and most recently, Dkt. 298 at 21-24 (discussing relevant authority holding that statute of limitations and other affirmative defenses rarely defeat class certification and can generally be applied to the class as a whole or to large groups of class members, making the issue a common, not an individualized one).[7]

---

[7] This is absolutely true here, where NextGear across the board did not share the information about payment dates to auctions with either dealers or account executives.

11

Finally, even assuming *arguendo* that Plaintiffs ultimately could not show that the statutes of limitations were tolled by the discovery rule (which is denied), NextGear incorrectly states the periods of transactions that would be time-barred. The original complaint was filed in this action on December 3, 2013, and the class members' claims relate back to that filing. *See Paskuly v. Marshall Field & Co.*, 646 F.2d 1210, 1211 (7th Cir.1981) *cert. denied,* 454 U.S. 863, 102 S. Ct. 321, 70 L.Ed.2d 162 (1981). NextGear's argument that certain class members' claims are facially barred based on the dates of their transactions fails, and the Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Named Plaintiffs respectfully request that the Court deny NextGear's Alternative Motion to Modify and proceed with setting this class action for trial.[8]

Respectfully submitted,

| | |
|---|---|
| */s/ Kathleen A. DeLaney* | JAMES M. GARNER (La. Bar No. 19589) |
| KATHLEEN A. DELANEY (# 18604-49) | *Pro Hac Vice* |
| **DELANEY & DELANEY LLC** | RYAN D. ADAMS (La. Bar No. 27931) |
| 3646 North Washington Boulevard | *Pro Hac Vice* |
| Indianapolis, Indiana 46205 | MATTHEW M. COMAN |
| Telephone: (317) 920-0400 | (La. Bar No. 23613) |
| Facsimile: (317) 920-0404 | *Pro Hac Vice* |
| Kathleen@delaneylaw.net | **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.** |
| CATHERINE E. LASKY (La. Bar No. 28652) | 909 Poydras Street, Suite 2800 |
| *Pro Hac Vice* | New Orleans, Louisiana 70112 |
| KERRY A. MURPHY (La. Bar No. 31382) | Telephone: (504) 299-2100 |
| *Pro Hac Vice* | Facsimile: (504) 299-2300 |
| **LASKY MURPHY LLC** | jgarner@shergarner.com |
| 715 Girod Street, Suite 250 | radams@shergarner.com |
| New Orleans, Louisiana 70130 | mcoman@shergarner.com |
| Telephone: (504) 603-1500 | |
| Facsimile: (504) 603-1503 | GLADSTONE N. JONES, III (La. Bar No. |

---

[8] To the extent this Court would review NextGear's Motion as a motion under Rule 59(e) rather than under Rule 23—because it is not based on any subsequent developments in the litigation—the Motion is defective not only on the merits of NextGear's arguments as discussed herein, but also as untimely. The Motion was filed more than 28 days after the entry of the certification judgment, more than 28 days after the entry of the Court's ruling on its original motion to reconsider, and more than 28 days after the issuance of the mandate of the Court of Appeals' judgment vacating this Court's ruling on that original motion for reconsideration.

| | |
|---|---|
| klasky@laskymurphy.com<br>kmurphy@laskymurphy.com | 22221) *Pro Hac Vice*<br>LYNN E. SWANSON (La. Bar No. 22650)<br>*Pro Hac Vice*<br>**JONES, SWANSON, HUDDELL & GARRISON, L.L.C**.<br>601 Poydras Street, Suite 2655<br>New Orleans, Louisiana 70130<br>Telephone: (504) 523-2500<br>Facsimile: (504) 523-2508<br>gjones@jonesswanson.com<br>lswanson@jonesswanson.com |
| | CASSIE E. FELDER (La. Bar No. 27805)<br>*Pro Hac Vice*<br>**THE CASSIE FELDER LAW FIRM**<br>7515 Jefferson Highway, # 313<br>Baton Rouge, Louisiana 70806<br>Main: (504) 232-1733<br>Cell: (504) 400-1127<br>cassie@cassiefelderlaw.com |
| | **COUNSEL FOR PLAINTIFFS AND THE CLASS** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2019, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter

EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

                                      */s/ Kathleen A. DeLaney*
                                      Kathleen A. DeLaney