IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,<br><br>Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

### REPLY IN SUPPORT OF ALTERNATIVE MOTION TO MODIFY CLASS CERTIFICATION ORDER TO NARROW CLASS BASED ON THE STATUTE OF LIMITATIONS

Plaintiffs' Opposition Brief brings into sharp focus the individualized issues that arise from NextGear's statute of limitations defense. If, as Plaintiffs assert, the relevant factual issue is "when Plaintiffs discovered or could have discovered that NextGear was charging interest before making payments to the auctions," then that question must be answered for each individual class member. The evidence already before the Court—from the named Plaintiffs themselves and from NextGear's account executives—shows that it does not lead to a common answer. The Court has the opportunity to avoid this predominating individual issue and the resulting morass at trial by simply defining the class to exclude dealers whose transactions are presumptively time-barred.

This is an alternative motion. If the Court grants NextGear's pending Motion to Decertify Class [Doc. 295], it need not consider this motion at all. But if the Court instead chooses to go forward with a certified class, it should narrow the class to exclude claims that are

presumptively barred by the statute of limitations.  Despite their protestations, Plaintiffs acknowledge that is appropriate.[1]

## I. Plaintiffs' Procedural Objections Are Wrong; the Court May Alter Its Class Certification Order at This Stage of the Litigation.

"[A] favorable class determination by the court is not cast in stone." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). Rather, Rule 23 permits the Court to alter or amend an order granting class certification at any time before final judgment.  Fed. R. Civ. P. 23(c)(1)(C).  The Court has a duty to ensure that "the class definition [yields] to the facts, rather than the other way 'round." *Fonder v. Sheriff of Kankakee Cty.*, 823 F.3d 1144, 1147 (7th Cir. 2016).

Plaintiffs try to frame this case as being at a "late stage," thus precluding the Court from evaluating the statute of limitations evidence before it.  (Opp'n Br. at 3 [Doc. 307].)  But in fact, the class case is not that far along; class notice has not yet been approved or sent, class discovery remains open, and no trial date has been set.  Plaintiffs ignore that the most recent developments in this case are (a) this Court's decertification of the class, and (b) a Seventh Circuit decision vacating that ruling for insufficiently detailed findings and remanding the case.  Now that the case has come back down from the Seventh Circuit, this Court has an opportunity to reevaluate class certification and the scope of the class in light of the evidence and arguments presented to it.

The present motion also assumes another subsequent development: denial of NextGear's motion to decertify [Doc. 295].  (If that motion is granted, this one becomes moot.)  Because the

---

[1] Opp'n Br. at 11 [Doc. 307] ("[C]lass counsel will often define the class as those with live claims (*e.g.* buyers of a specific product within a specified time period), thereby precluding statute of limitations defenses from even arising.") (quoting William B. Rubenstein, *Newberg on Class Actions* § 4:57 (5th ed.)).

issues in this motion overlap the issues raised in the motion to decertify, NextGear has brought this motion now, to allow the Court to consider the proper scope of a class. To assist the Court in its analysis, NextGear has also submitted detailed evidence to show the effect on the class of applying the statute of limitations. Plaintiffs are right that this evidence is not new; it dovetails with NextGear's consistent arguments, made throughout this litigation, that the statute of limitations bars certain class members' claims. The current evidence merely provides additional detail so that the Court can evaluate the magnitude of that issue, which affects over 9,000 class members.

## II.  Because Many Class Members' Claims Are Barred, the Class Definition Is Overbroad and Should Be Revised If the Class Remains Certified.

### A.  The discovery rule cannot save time-barred claims of dealers who failed to exercise diligence.

The discovery rule is not a get out of jail free card for dealers whose claims are presumptively barred by the statute of limitations. The rule requires plaintiffs to exercise diligence; it does not allow them to bring untimely claims after burying their heads in the sand. If a plaintiff "knows or in exercise of ordinary diligence should have known of the injury," the statute of limitations begins to run. *Tecnomatic, S.P.A. v. Remy, Inc.*, 954 F. Supp. 2d 860, 865 (S.D. Ind. 2013) (citation omitted). A plaintiff "possessed of sufficient information to cause him to inquire further in order to determine whether a legal wrong has occurred" cannot avail itself of the discovery rule if it did not exercise diligence by inquiring about its claim. *See Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006). Likewise, California law requires a plaintiff "whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule [to] specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand

3

demurrer." *E-Fab, Inc. v. Accountants, Inc. Servs.*, 64 Cal. Rptr. 3d 9, 17 (Cal. Ct. App. 2007) (citations omitted).

Whether the discovery rule applies in this case to allow certain dealers to avoid the statute of limitations is a question of fact on which Plaintiffs admit they bear the burden. (Opp'n Br. at 9 [Doc. 307].) "The party that seeks the benefit of the discovery rule bears the burden of proving that the circumstances warrant its application." *A.J.'s Auto. Sales, Inc. v. Freet*, 725 N.E.2d 955, 964 (Ind. Ct. App. 2000). NextGear has submitted evidence that, as of the date they entered into transactions with NextGear, at least some dealers knew—and all could have known—how interest was charged. That NextGear in some cases delivered payment to the auctions after a dealer put a vehicle on its floor plan was no secret; most dealers simply did not care once they had possession of the bargained-for car without paying. Assuming this was a breach of contract at all (which NextGear disputes), any dealer could have discovered the breach at the time of a transaction—just as two of the three named Plaintiffs did.

While Plaintiffs repeatedly claim that dealers could not have known when auctions were paid and, thus, the discovery rule applies, the record evidence demonstrates just the opposite. First, two of the three named Plaintiffs admitted they continued to do business with NextGear *after* they understood their claims and their alleged injury. Red Barn's general manager testified that he learned in June 2012 that NextGear "had never actually loaned money to Red Barn for the purchase of vehicles." (*See* Red Barn Dep. 184:6-23 [Doc. 197-6]; Am. Compl. ¶ 45 [Doc. 117].) He "basically learned at that date"—that is, June 2012—"that [NextGear] was charging interest from the date of the advance -- from the date of the -- from the date of the auction versus the date that we actually floorplanned the vehicle through the auction." (Red Barn Dep. 218:7-11 [Doc. 197-6].) For the more than 200 vehicles Red Barn floor planned after June 2012, then,

4

the discovery rule would not apply and the statute of limitations would run from the date Red Barn put the vehicle on the floor plan. As for Mattingly, he complained "from day one" about "paying interest on something that you-all are still holding the money on," but continued to do business with NextGear. (Mattingly Dep. 75:9-76:11, 154:4-155:9 [Doc. 197-8].) Mattingly, too, cannot claim the discovery rule applies to transactions he had after these conversations. That two-thirds of the class representatives had actual knowledge of their alleged injury while doing business with NextGear refutes Plaintiffs' claim that no dealer could have known how NextGear charged interest.

Second, NextGear submitted testimony from multiple account representatives describing their conversations with dealers about interest accrual. Each of those witnesses explained to at least some dealers that interest could begin to accrue before NextGear settled with the auctions. (Bohannon Decl. ¶ 5 [Doc. 295-2]; Chevalier Decl. ¶ 5 [Doc. 295-3]; Jorewicz Decl. ¶ 5 [Doc. 295-4]; Thompson Decl. ¶ 4 [Doc. 295-5].) In fact, one witness incorporated the issue into his discussions with dealers at contract closing, when he would explain that "the interest clock starts from the date of sale on most auction purchases, regardless of when we paid the auctions." (Bohannon Decl. ¶¶ 4-5 [Doc. 295-2].) Another witness "made it a point of emphasis to clarify that interest would accrue from the date of sale for most auction purchases, regardless of . . . when settlement with the auction occurred behind the scenes." (Thompson Decl. ¶ 4 [Doc. 295-5].) Again, this testimony flatly contradicts Plaintiffs' claim that no class member could have learned how NextGear charged interest.

The record evidence shows that some dealers—including two of the named Plaintiffs— had actual knowledge of when interest accrued. In addition, Plaintiffs have offered no evidence that NextGear concealed how or when auctions were paid if a dealer asked. Rather, Plaintiffs'

own testimony and the testimony of NextGear representatives shows that NextGear freely acknowledged that it sometimes paid the auctions after the floor plan date. There is no factual support for Plaintiffs' suggestion that this was a secret NextGear withheld from dealers; the evidence shows that some dealers (like Mattingly) knew about it from day one, other dealers (like Red Barn) learned about it thereafter, and all that other dealers had to do was ask.

If the discovery rule does not apply for a given class member, then the date the dealer made a payment to NextGear is the latest date on which the statute of limitations could accrue; the dealer must have been injured by an overpayment on or before that date. The transaction dates used in NextGear's analysis of the class list were based on both floor plan dates and completion (*i.e.*, payment) dates, so if a dealer either floor planned a vehicle or paid off a vehicle within the limitations period, it would remain in the class after application of the statute of limitations. (*See* Wick Decl. ¶ 6 [Doc. 306-1].) But dealers who knew how interest was charged or who cannot show they exercised ordinary diligence—simply asking about how interest was charged—cannot claim the protection of the discovery rule under Indiana or California law, and so their claims for transactions outside the limitations period ought to be barred.[2]

---

[2] At the end of their opposition brief, Plaintiffs assert in passing that the class claims relate back to the date of Red Barn's original complaint, instead of Plaintiffs' amended class complaint. Plaintiffs—who provide only a single, conclusory sentence in support of their claim—have failed to meet their burden to prove relation back. *E.g.*, *Kazmer v. Bayer Healthcare Pharm., Inc.*, No. 2:07-CV-112-TS, 2007 WL 4148003, at *4 (N.D. Ind. Nov. 19, 2007) (in Indiana, "[t]he party who seeks relation back bears the burden of proving that the conditions of Trial Rule 15(C) are met"). Even if Plaintiffs had met their burden to move the bar date back in time, there would still be thousands of dealers whose claims were presumptively barred by the statute of limitations, and the class definition would still need to be narrowed to exclude them. To the extent the Court accepts Plaintiffs' half-hearted argument, NextGear requests the opportunity to submit evidence of who is in that redefined class.

      **B.**    **Even if the discovery rule applied, it would merely underscore that class treatment is improper, because the discovery rule must be analyzed on a case-by-case basis.**

Plaintiffs' claim that the discovery rule applies across the board to every single class member ignores the evidence and misstates the Court's prior findings. NextGear has shown that two out of three of the named Plaintiffs had actual knowledge of how interest was charged, many dealers were told about it by their account representatives, and the facts were available to other dealers who took the time to ask. Since that information was available to dealers, "determining whether each class member's claims were timely brought will involve highly individualized factual inquir[i]es." *Crissen v. Gupta*, No. 2:12-cv-00355-JMS-WGH, 2014 WL 4129586, at *18 (S.D. Ind. Aug. 19, 2014); *see also Doll v. Chicago Title Ins. Co.*, 246 F.R.D. 683, 687 (D. Kan. 2007) ("Application of the statute of limitations and the discovery rule involves the consideration of facts unique to each class member.").

For each class member who did business outside the limitations period, the Court will have to determine what the dealer knew about how interest was charged, what the dealer could have known based on information available through the exercise of ordinary diligence, when the dealer knew or could have known, when the dealer had an obligation to ask about interest charges, whether the dealer exercised reasonable diligence, and on which transactions (*i.e.*, during what date range) the dealer can recover. For *each* dealer subject to a statute of limitations defense, Plaintiffs have the burden of putting forth sufficient evidence on these issues to show that the discovery rule should apply. This will be a time-consuming, fact-intensive analysis for the over 9,000 dealers who did no business with NextGear during the limitations period.

Plaintiffs play fast and loose with prior orders of the Court in claiming that the Court has already found that no dealers could have known what the record now establishes Red Barn and Mattingly *themselves* knew, and so the discovery rule applies to everyone. (Opp'n Br. at 6-9

7

[Doc. 307].)  Those orders were rendered at a different stage of the case, under different standards of proof, on different issues—yet Plaintiffs try to suggest they say more than they do.  The motion to dismiss ruling was necessarily based on a pleading standard, not a fact standard; we are well past the point in the case when Plaintiffs can merely point to their own self-serving statements in their pleadings as evidence.  And as their quotation from the Court's summary judgment order demonstrates, the Court found that summary judgment was inappropriate because of "factual disputes" over whether completely different defenses (*res judicata* or ratification and waiver) applied to the named Plaintiffs' claims.  (Opp'n Br. at 8-9 [Doc. 307].)  Those factual disputes have not been adjudicated yet—and the evidence discussed above shows that they will need to be adjudicated on an individual basis with highly variable evidence.

      NextGear is not arguing that a statute of limitations defense will always prevent certification.  That is Plaintiffs' straw man.  (*See* Opp'n Br. at 9-11 [Doc. 307].)  But *in this case*, at a minimum it ought to exclude from the class the 9,000-plus dealers who did business with NextGear exclusively before the applicable limitations period.  At least for those dealers, individual factual inquiries over application of the discovery rule will predominate over any common issues.  *Crissen*, 2014 WL 4129586, at *18.  Even the authority cited by Plaintiffs acknowledges that it would be proper for class counsel—and by extension, the Court—to define the class to include only "those with live claims . . . , thereby precluding statute of limitations defenses from even arising."  (Opp'n Br. at 11 [Doc. 307] (quoting *Newberg on Class Actions* § 4:57).)  If Plaintiffs had done this to start with, or were willing to agree to such a definition, then this motion would not have been necessary.  But the Court can correct Plaintiffs' overreaching by redefining the class to exclude barred claims—if it chooses not to decertify the class altogether.

**Conclusion**

Plaintiffs' claim that statute of limitations issues do not categorically defeat class certification in all cases misses the point, which is that dealers whose claims are time-barred should not be included in a certified class. Plaintiffs' arguments only prove that certification of the class in this case would lead to thousands upon thousands of individualized factual inquiries as Plaintiffs try to meet their burden of showing the discovery rule saves time-barred claims. If, despite the case for decertification [Doc. 295], the Court still chooses to go forward with a certified class, defining the class to exclude dealers whose claims are presumptively barred avoids a dealer-by-dealer analysis that would paralyze the trial.

Respectfully submitted, this 9th day of August, 2019.

*s/ Paul D. Vink  (with permission)*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 9th day of August, 2019:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

        *s/ Tracey K. Ledbetter*
        Tracey K. Ledbetter