UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | DOCKET NO. 1:14-cv-01589-TWP-DLP |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | CLASS ACTION |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |

*******************************************************************************

### PLAINTIFFS' RENEWED MOTION TO PROCEED WITH CLASS NOTICE TO KNOWN CLASS MEMBERS AND PROPOSED PROCEDURES FOR PROVIDING NOTICE TO CLASS MEMBERS PURSUANT TO RULE 23(c)(2)(B)

Plaintiffs, Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., respectfully move this Court for an order (a) allowing Plaintiffs to proceed with class notice to the 17,411 class members whose names and contact information have been produced by Defendants; and (b) approving the proposed procedures described herein for providing notice to the known class members pursuant to Fed. R. Civ. P. 23(c)(2)(B), for the reasons set forth below.[1]

---

[1] On March 23, 2020, Defendant notified Plaintiffs that NextGear has rechecked its records and 107 of the 17,411 dealers have signed new contracts with NextGear "in the ordinary course of business." Defendant asserts that those 107 dealers are now subject to the arbitration provision and should be excluded from the class pursuant to the Court's recent Order (Dkt. 315). On March 26, 2020, Defendant notified Plaintiffs that those new contracts were signed after the 17,411 dealer class list was produced (in September 2017, after Defendant's original motion to narrow the class (Dkt. 237) was filed in August 2017). Defendant has provided a list of those 107 dealers; however, Defendant has not yet produced copies of the applicable floorplan agreements for those 107 dealers. (Copies of all floorplan agreements for all class members were requested in discovery, and Defendant has indicated that it will attempt to produce the applicable floorplan agreements for the 107 dealers by Friday, April 3, along with a list of the dates on which the 107 dealers signed the new agreements.) At this time, particularly in the absence of more information as to the dates on which and the circumstances under which the new contracts were signed by the 107 dealers, Plaintiffs assert that all 17,411 members of the class remain members of the class for purposes of class notice and reserve all rights to object to the exclusion of those 107 dealers from the class.

### I.     Rule 23(c)(2)(B) Class Notice

With respect to class notice, Rule 23(c)(2)(B) states as follows:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly and concisely state in plan, easily understood language:
>
> (i)      the nature of the action;
>
> (ii)     the definition of the class certified;
>
> (iii)    the class claims, issues, or defenses;
>
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
>
> (v)     that the court will exclude from the class any member who requests exclusion;
>
> (vi)    the time and manner for requesting exclusion; and
>
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

### II.     Class Notice to the Known Class Members Should Proceed

As set forth in the Renewed Motion for Court Approval of Class Notice filed by Plaintiffs on March 17, 2020 (Dkt. 318), in accordance with the Court's March 3, 2020, Order (Dkt. 317), and the Telephone Status Conference conducted by the Court on March 24, 2020, the parties have met and conferred regarding a form of class notice.

### III.     Plaintiffs' Proposed Procedures for Class Notice

With the requirements of Rule 23(c)(2)(B) in mind, Plaintiffs make the following specific proposal for providing individual notice by first-class United States Mail[2] to each class member

---

[2] *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 n.22 (1978) (speaking favorably of mail notice without specifying the class of mail that should be used).

who can be identified through reasonable effort.

A.     **Individual Notice by First-Class U.S. Mail**

Defendants have provided to Plaintiffs a single comprehensive electronic file containing all of the necessary data elements (legal names, dealer names, street addresses, telephone numbers, and email addresses) for each class member in a consistent agreed format (Excel) with no duplication. The electronic file provided by Defendants contains data for 17,411 class members.

Plaintiffs have engaged a nationally-known and experienced class action administration service (Donlin, Recano & Company, Inc.)[3] which shall create a database of the class members from the electronic information provided by Defendants. The class member database will be processed through the USPS National Change of Address ("NCOA") database to maximize deliverability and to take advantage of presort postage discounts. In addition, this process will minimize the amount of time required to process undeliverable mail and reduce the costs associated with re-mailing.

Within 14 days of Plaintiffs' request to the vendor, the vendor will mail the Class Notice to the 17,411 known class members via First Class mail.  The individual names and addresses printed on the mailing labels along with a unique barcode for ease of identifying and processing returned mail.  The vendor will furnish affidavits of notice mailing to the Court as the Court may require.

Mail returned as Forward Order Expired ("FOE") or Undeliverable As Addressed ("UAA") will be recorded in the class member database.  FOEs will be re-processed and a Class Notice will be mailed to the new address. UAAs will require additional locator services and searches through

---

[3] Attached as **Exhibit A** hereto is the declaration of Nellwyn Voorhies, Executive Director of Donlin, Recano & Company, Inc. with a description of Donlin Recano's legal notification and settlement administration experience. Additional information on Donlin Recano is available on its website: www.donlinrecano.com/home/activecases.

national database resources for a more current address of the class member. If one is located, the class member database will be updated with the revised address and a Class Notice will be mailed to the new address. The return rate of FOEs and UAAs is assumed to be 2% and 4% respectively. Donlin Recano will also open a dedicated Post Office box for correspondence and undeliverable mail, which will be swept and reviewed on a daily basis.

**B.     Case Website**

Donlin Recano will create, develop, implement, host and maintain a custom website and URL (including domain name registration and strategic search engine optimization) for the class members. The website will allow the posting of notices, pleadings, court orders, frequently asked questions ("FAQs"), and other information. Class members will also have the ability to request additional information via the website. The website design will include sufficient security protocols to ensure confidentiality of class member information.

**C.     Call Center/Hotline**

Donlin Recano will also establish a toll-free telephone number and create a call center with Interactive Voice Response ("IVR") messaging to provide answers to FAQs. The IVR will encourage callers to use the website for more detailed information to questions.  Callers who wish to speak with a live agent will be given the opportunity to leave a voicemail message which will promptly be returned by a center attendant who will have online access to the class member case database with the ability to run queries and record notes, as well as to the dedicated case website. In addition, written question and answer scripts that contain key information and FAQs will be developed for call center attendants to use as a reference. All inbound and outbound telephone calls to and from the call center relating to this case will automatically be digitally recorded, saved and archived. Callers will be informed of this prior to speaking with an agent.

**D.      Detailed Reporting to the Court**

Donlin Recano will provide detailed reports on the noticing process, including affidavits attesting to what was done, and the results. Reports can be submitted on all facets of the mailing as the Court directs, including without limitation such things as the total number of mailings, the number of new addresses identified by the NCOA search, the number of notices returned as FOE, the number of notices returned as UAA, the number of notices re-mailed, results of advanced address searches, and so forth.

**E.      Proposed Notice**

Plaintiffs' proposed notice to the 17,411 class members, was filed as an attachment to Plaintiffs Renewed Motion for Approval of Class Notice. (Dkt. 318). The further amended proposed notice was filed on March 26, 2020, addressing comments from the Court on the March 24, 2020, Telephone Status Conference. (Dkt. 322).

## Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that this Court enter an Order (a) allowing Plaintiffs to proceed immediately with class notice to the 17,411 class members whose names and contact information have been produced by Defendants; and (b) approving the proposed procedures described herein for providing notice to the known class members pursuant to Fed. R. Civ. P. 23(c)(2)(B). In the alternative, if the Court does not grant this Motion, Plaintiffs respectfully request that this Court set a status conference to discuss class notice issues.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Catherine E. Lasky (*pro hac vice*)
Kerry A. Murphy (*pro hac vice*)
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500

5

Facsimile: (504) 603-1503
klasky@laskymurphy.com
kmurphy@laskymurphy.com

James M. Garner (*pro hac vice*)
Ryan D. Adams (*pro hac vice*)
Matthew M. Coman (*pro hac vice*)
Jacob A. Airey (*pro hac vice*)
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
mcoman@shergarner.com

Gladstone N. Jones, III (*pro hac vice*)
Lynn E. Swanson (*pro hac vice*)
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
kathleen@delaneylaw.net

Cassie E. Felder (*pro hac vice*)
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

*Attorneys for Plaintiffs and the Class*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of March, 2020, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney