IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, <br><br> Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**DEFENDANT NEXTGEAR CAPITAL, INC.'S RESPONSE TO PLAINTIFFS' RENEWED MOTION TO PROCEED WITH CLASS NOTICE**

Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation ("NextGear") respectfully submits this response and opposition, in part, to Plaintiffs' renewed motion to proceed with class notice and proposed procedures (Doc. 323). While reserving its objections to class certification in this matter generally, NextGear does not oppose Plaintiffs' request to proceed with notice to the class as certified. However, NextGear opposes Plaintiffs' stated intent to include, in its notice mailings, a small number of dealers who have agreed to arbitrate their disputes with NextGear and are thus expressly excluded from the class certified by the Court. In addition, NextGear requests the Court set appropriate parameters, not addressed by Plaintiffs, to ensure reasonable administration of class notice.

**I.  Dealers That Signed New Floor Plan Contracts Containing Arbitration Provisions Are Excluded from the Class and Should Not Receive Notice.**

In footnote 1 of their Motion, Plaintiffs have indicated their intent to mail the negotiated class notice to a small number of dealers that have voluntarily re-opened their lines of credit with

NextGear and agreed to arbitrate any disputes they have.  In its most recent certification order, the Court held, *inter alia*, that the arbitration provision contained in NextGear's post-2013 floor plan agreements "unambiguously requires arbitration." (Doc. 315 at 27.)  Based on that finding, the Court redefined both the national class and the California subclass to "exclud[e] any dealer that signed an agreement containing an arbitration or class action waiver provision." (*Id.* at 34-35.)[1] NextGear has informed Plaintiffs that those dealers have signed such arbitration and class waiver terms, has provided Plaintiffs with copies of their relevant agreements, and has provided Plaintiffs with a revised class list of the remaining dealers.

Plaintiffs have offered no good reason why they should be allowed to ignore the Court's certification order and confuse these dealers by providing notice of rights they do not have.  As such, any order allowing Plaintiffs to proceed with notice should mandate exclusion of those dealers, consistent with the Court's recent certification order.

## II. The Court Should Set Appropriate Parameters to Ensure Reasonable Class Notice Administration.

To ensure reasonable and efficient administration of the class notice, NextGear also respectfully requests that the Court: (1) set a reasonable mailing schedule, *e.g.*, 10-14 days following the Court's ruling on Plaintiffs' Motion, (2) set a 60-day deadline for class members to opt-out, and (3) order that the administrator website be consistent with the class notice approved by the Court.  *See* Charles Alan Wright & Arthur R. Miller, 7AA *Federal Practice and Procedure* § 1788 (3d ed.) (allowing the opposing party to object and make suggestions protects the notice process).

---

[1] Although Plaintiffs reference 107 such dealers based on electronic information previously reported by NextGear, NextGear has now pulled and produced the relevant promissory notes for such dealers, confirming only 105 dealers fall into that category.

A reasonable mailing schedule is necessary to move the case along, to allow the Court to set an appropriate trial date, and so that Plaintiffs and/or their administration service do not linger unduly in informing the class members of their rights. Plaintiffs' revised proposed notice was filed on March 26, 2020 (Doc. 322); and their motion to proceed, with other administration details, was filed on March 27, 2020. Certainly, Plaintiffs and their administrator should be ready to mail out the notices to the known class within 10-14 days following the Court's approval of the process.

For similar reasons, and to provide certainty to the parties for further proceedings, the Court should set a reasonable opt-out deadline, an issue which Plaintiffs' Motion and proposed order does not address at all. The proposed notice and sole contract claim remaining for trial here are not particularly complex, and the class members are all sophisticated commercial dealers that were formerly parties to significant business lines of credit with NextGear, not retail consumers with unknown credit terms. In this context 60 days is reasonable and adequate. Courts routinely approve of 60-day deadlines for class members to opt-out. *See e.g.*, *Espenscheid v. DirectSat USA, LLC*, No. 09-CV-625-BBC, 2011 WL 13209301, at *3 (W.D. Wis. Mar. 14, 2011) (allowing 60 days opt-out period); *Manual for Complex Litigation* § 21.321 (4th ed. 2019) ("Courts usually establish a period of thirty to sixty days (or longer if appropriate) following mailing or publication of the notice for class members to opt-out. If the case involves a complex settlement or significant individual claims, a class member might need more time.").

Finally, Plaintiffs' Motion offers little detail about how their proposed administrator will answer inquiries from the class and what will appear on their proposed administrator website, including how Plaintiffs will ensure consistency with the Court's approved notice and accuracy of information provided to the class, initially and as technical updates are made from time to

time.  At a minimum the Court should order that the information provided by Plaintiffs and/or the administrator to the class, on the website or otherwise, be consistent with the class notice negotiated by the parties and approved by the Court.  NextGear does not object to the content of the proposed notice, but "ventur[ing] beyond what is contained in the proposed class notice would needlessly complicate matters." *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1995 WL 23058, at *1 (N.D. Ill. Jan. 17, 1995).

    Respectfully submitted, this 10th day of April, 2020.

    *s/ Jason S. McCarter*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 10th day of April, 2020:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

                                                 *s/ Jason S. McCarter*
                                                 Jason S. McCarter