UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., ) | |
| PLATINUM MOTORS, INC., and ) | |
| MATTINGLY AUTO SALES, INC., ) | |
|                         ) | |
|         Plaintiffs, ) | |
|                         ) | |
|             v.          ) | Case No. 1:14-cv-01589-TWP-DLP |
|                         ) | |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER ) | |
| SERVICES CORPORATION, successor by ) | |
| merger with Manheim Automotive Financial ) | |
| Services, Inc., ) | |
|                         ) | |
|         Defendant. ) | |

## ORDER REGARDING CLASS NOTICE

This matter is before the Court on Plaintiffs Red Barn Motors, Inc.'s, Platinum Motors, Inc.'s, and Mattingly Auto Sales, Inc.'s (collectively, "Plaintiffs") Renewed Motion for Court Approval of Class Notice (Filing No. 318), and Re-renewed Motion for Court Approval of Class Notice (Filing No. 322), as well as a Renewed Motion to Proceed with Class Notice (Filing No. 323).

On February 26, 2020, the Court ruled on numerous motions filed by Plaintiffs and Defendant NextGear Capital, Inc., formerly known as Dealer Services Corporation ("NextGear") (Filing No. 315). In that Order, the Court concluded that the Plaintiffs' claim for breach of contract against NextGear will proceed as a class action for the following class and subclass:

> All used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision.

> All California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which Floorplan Agreement requires the application of California law, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision.

*Id.* at 34–35. The Court's Order also directed the parties to confer "to discuss any remaining class discovery needs and to facilitate class notice." *Id.* at 35. As ordered, the parties met to facilitate class notice, and the Plaintiffs submitted their proposed class notice at Filing No. 318-1.

Thereafter, the parties met with the Magistrate Judge to discuss the class notice. The Magistrate Judge raised with the parties her various concerns about the proposed class notice and directed them to submit an amended proposed class notice (Filing No. 321). The Plaintiffs submitted an amended proposed class notice at Filing No. 322-1, resolving each of the concerns raised by the Magistrate Judge. Having reviewed the parties' submissions, the Court **DENIES AS MOOT** the Plaintiffs' Renewed Motion for Court Approval of Class Notice (Filing No. 318) and **GRANTS** the Re-renewed Motion for Court Approval of Class Notice (Filing No. 322), with the following revisions to the proposed class notice:

Filing No. 322-1 at 4: "www.donlinrecano/rbm" should read "www.donlinrecano.com/rbm"

Filing No. 322-1 at 6: "www.donlinrecano.com\rbm" should read "www.donlinrecano.com/rbm"

The Court **AUTHORIZES** the use of the proposed "Class Notice" at Filing No. 322-1 after the parties make these noted corrections.

The Plaintiffs also ask the Court for authorization to proceed with providing class notice to the known class members pursuant to Federal Rule of Civil Procedure 23(c)(2)(B). They ask the Court to allow them to proceed immediately with class notice to the 17,411 class members whose names and contact information have been produced by NextGear. NextGear responded that it does not oppose the Plaintiffs' request to proceed with notice to the class as certified. But it

objects to the inclusion of 105 dealers within the original 17,411 class members who have since entered new contracts with NextGear and have agreed to arbitrate their disputes with NextGear and, thus, are expressly excluded from the class certified by the Court. NextGear also asks the Court to set appropriate parameters, not addressed by the Plaintiffs, to ensure reasonable administration of class notice. These requested parameters are: (1) setting a reasonable mailing schedule of 10–14 days following the Court's ruling on the Plaintiffs' Motion, (2) setting a 60-day deadline for class members to opt-out, and (3) ordering that the administrator website be consistent with the class notice approved by the Court.

The Court finds that NextGear's position is well-taken. Therefore, the Court **GRANTS** the Plaintiffs' Motion to Proceed with Class Notice (Filing No. 323) as follows:

The Plaintiffs may proceed with class notice to the 17,411 class members whose names and contact information have been produced by NextGear, but **EXCLUDING** from that class notice the 105 dealers who have entered into new contracts with NextGear and have agreed to arbitrate their disputes with NextGear. This is consistent with the Court's class certification Order at Filing No. 315 at 27.

The proposed class notice procedures described in the Plaintiffs' Motion to Proceed with Class Notice are **APPROVED**. The Notice shall be mailed within **fourteen (14) days** of the date of this Order. The class members shall have **sixty (60) days** after the deadline for mailing of the Notice of Class Action to exclude themselves from the class, unless the parties agree to permit late filings or good cause can be shown as to why the exclusion request was not submitted prior to the deadline. Additionally, the class administrator is **ORDERED** to ensure that its website for this class action is consistent with the class notice approved by the Court.

**SO ORDERED.**

Date: 4/13/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ryan D. Adams
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
radams@shergarner.com

Jacob A. Airey
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
jairey@shergarner.com

Matthew M. Coman
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
mcoman@shergarner.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

James M. Garner
SHER GARNER CAHILL RICHTER KLEIN & HILBERT LLC
jgarner@shergarner.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com

Gladstone N. Jones
JONES SWANSON HUDDELL & GARRISON, LLC
gjones@jonesswanson.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Catherine E. Lasky
JONES SWANSON HUDDELL & GARRISON, LLC
Klasky@laskymurphy.com

Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
traceyledbetter@eversheds-sutherland.com

Jason S. McCarter
EVERSHEDS SUTHERLAND (US) LLP
jason.mccarter@sutherland.com

Kerry A. Murphy
JONES, SWANSON, HUDDELL & GARRISON, LLC
kmurphy@laskymurphy.com

Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON, LLC
lswanson@jonesswanson.com