**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**(Indianapolis Division)**

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DLP** |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |

\***************************************************************************

### PLAINTIFFS' MOTION FOR DISCOVERY REGARDING DEFENDANT'S COMMUNICATIONS WITH CLASS MEMBERS

Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., move this Court for an order allowing discrete, limited written and/or deposition discovery regarding post-certification communications between Defendant NextGear Capital, Inc. ("NextGear") and 45 identified members of the Class that had a direct and deleterious effect on the 45 class members' participation in this class action.

**I.  Background**

On March 8, 2019, the mandate issued on the decision of the U.S. Court of Appeals for the Seventh Circuit, vacating this Court's earlier order decertifying the class in this action. (R. Doc. 273). It is indisputable that a class of dealers was in place at that time. In September 2017, NextGear had identified and produced a list of 17,411 dealers that met the class definition and that had not been signatories as of that time of the 2013 Floorplan Agreement containing an arbitration provision that was the basis of NextGear's then-pending motion to narrow the class. After this

1

Court granted NextGear's motion to narrow the class on February 26, 2020 (R. Doc. 315), NextGear notified Plaintiffs on March 23, 2020, that NextGear had rechecked its records and that 107 of the 17,411 previously identified class members had—subsequent to the September 2017 production—signed new floorplan agreements containing the arbitration provision at issue with NextGear "in the ordinary course of business," which number NextGear subsequently revised down to 105. (R. Doc. 325).

NextGear produced the copies of the 105 floorplan agreements at issue on April 10, 2020, and a review of those floorplan agreements shows that 45 of them were entered into **after** the mandate issued reinstating the class on March 8, 2019. The materials produced by NextGear as to those 45 floorplan agreements provide no information regarding:

(1) whether NextGear had informed those 45 dealers that they were members of a class regarding the interpretation and application of the floorplan agreements under which they had previously operated;

(2) whether NextGear had informed those 45 dealers that, by executing the new floorplan agreement, they may be jeopardizing their status as class members in this case;

(3) how the communications with the 45 dealers occurred "in the ordinary course of business" when those 45 dealers had presumably not done business with NextGear for at least the approximately six-year period between the institution of the new floorplan agreement form and the issuance of the Seventh Circuit's mandate; or

(4) the volume of the 45 dealers' pre-2013 financing business with NextGear.

At the time this Court entered its order allowing class notice to proceed—excluding the 105 dealers—these gaps in information regarding the communications with the 45 dealers that had signed new floorplan agreements since the reinstitution of the class were not apparent and

Plaintiffs had not had the opportunity to brief them in a reply brief in support of their class notice motion. (R. Doc. 326).[1] In order to ascertain whether communications with the 45 dealers occurred in the ordinary course of business and were not otherwise improper communication with class members, discrete discovery into the four topics outlined above is necessary.

**II.     Analysis**

Federal Rule of Civil Procedure 26(d) "empowers the court … to control by order the sequence and timing of discovery." *Marrese v. Am. Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983); *see also Nixon v. Haag*, 2009 WL 2026343, *2 (S.D. Ind. 7/7/2009) ("the Rules empower the Court with considerable discretion to manage (among other things) the timing, extent, frequency, and manner of discovery."). Permitting limited discovery about NextGear's communications with the 105 dealers at issue will engender neither undue burden and expense nor impose oppression, and will enable the parties and this Court to determine whether the composition of the class has been affected by improper communications. Because NextGear only notified Plaintiffs of the removal of 107 (later reduced to 105) dealers from the class-list of 17,411 dealers on March 23, 2020, and only produced the floorplan agreements for the 105 dealers on April 10, 2020, the need for the further discovery could not have been addressed sooner.

"[C]lass members who have not opted out are deemed to be represented by class counsel." *Rochlin v. Cincinnati Ins. Co.*, 2003 WL 21852341, *20 (S.D. Ind. 7/8/2003) (also noting that, under Ind. R. Prof. Cond. 4.2, "[a]n attorney may not communicate on the subject matter of the representation with a party that he knows is represented by counsel."). Even prior to certification, however, "any communication about th[e] lawsuit by either side with those who may fall into the potential plaintiff class must reflect a careful balance of competing viewpoints and possible effects

---

[1] Defendant produced copies of the 105 floorplan agreements on Friday, April 10, 2020, and the Court entered its Order on class notice on Monday, April 13, 2020.

on those contacted." *Law Offices of Leonard I. Desser, P.C. v. Shamrock Communications, Inc.*, 2013 WL 2552141, *2 (D. Md. 2013). "However, courts have also recognized that communications with class members in the ordinary course of business are permissible and appropriate." *Rochlin*, 2003 WL 21852341 at *20; *but see Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 668 (E.D. Tex. 2003) ("where the absent class member and the defendant are involved in an ongoing business relationship, such as employer-employee, any communications are more likely to be coercive.").

Here, NextGear's counsel have represented that, for dealers continuing to do business with NextGear through floorplan financing after July 2013, the dealers signed new floorplan agreements containing an arbitration provision. (R. Doc. 237, at 3-4 ("After the 2013 merger of NextGear's predecessor companies, … NextGear revised its contract forms, and dealers who wished to continue to do business with NextGear entered into a new form of note and security agreement (the '2013 Note').")). Yet—as to the 45 dealers NextGear has now identified who signed the new version of the floorplan agreement after the March 8, 2019, issuance of the Seventh Circuit's mandate reinstating the class (and who were among the 17,411 dealers that NextGear identified in September 2017 as members of the class that had ***not*** signed the 2013 Floorplan Agreement)— NextGear now represents that the approximate six-year gap from the institution of the revised form contract is part of "the ordinary course of business." NextGear's conclusory assertion is insufficient to ensure that the parties and this Court may properly determine whether communications leading to those much-belated agreements to the new form contract were the result of ordinary business communications or improper communications with represented class members, prejudicing those class members' rights in this litigation.

With regard to communications between either party to a class action and absent class members, the Seventh Circuit has held that propriety or impropriety should not be presumed, but that any action by the Court on those communications should be the subject of the development of a complete factual record on the issue. *See, e.g.*, *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000) (remanding a district court's order to develop a more sufficient appellate record, noting that while the district court's "legitimate" concern plaintiffs' contact with putative class members would have on defendant's business, the record did not contain any evidence to support the court's concern); *cf. Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-01 (1981) (requiring a "clear record" and "specific findings" before limitations may be placed on discovery communications between parties and putative class members).

Here, there is more at issue than a prospective limitation on communications with class members, but an assessment to be made—and potential remedies fashioned—as to the propriety of post-certification communications that have jeopardized class members' participation in the class action. At a minimum, discovery should be allowed for development of a record as to the notice that was given to the 45 dealers at issue of the existence of the class action, their membership in the class, the effect of their execution of the new floorplan agreement on their membership in the class, and the effect on the class as a whole of removing these 45 particular members from the class. Only then can the parties and, if necessary, this Court, determine the propriety of the communications and the need for any remedy to address those communications.

WHEREFORE, Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., by counsel, respectfully request that the Court permit limited, discrete written and/or deposition discovery regarding the communications with the 45 dealers identified by

5

NextGear that executed new floorplan agreements after the March 8, 2019, issuance of the mandate of the Seventh Circuit in this matter.

Respectfully submitted, this 24th of April, 2020.

>*/s/ Kathleen A. DeLaney*
>Kathleen A. DeLaney (#18604-49)
>DELANEY & DELANEY LLC
>3646 North Washington Blvd.
>Indianapolis, IN 46205
>Telephone: (317) 920-0400
>Facsimile: (317) 0404
>Kathleen@delaneylaw.net
>
>Catherine E. Lasky (*pro hac vice*)
>Kerry A. Murphy (*pro hac vice*)
>LASKY MURPHY LLC
>715 Girod Street, Suite 250
>New Orleans, Louisiana 70130
>Telephone: (504) 603-1500
>Facsimile: (504) 603-1503
>klasky@laskymurphy.com
>kmurphy@laskymurphy.com
>
>James M. Garner (*pro hac vice*)
>Ryan D. Adams (*pro hac vice*)
>Matthew M. Coman (*pro hac vice*)
>Jacob A. Airey (*pro hac vice*)
>SHER GARNER CAHILL RICHTER KLEIN &
>HILBERT, L.L.C.
>909 Poydras Street, Suite 2800
>New Orleans, Louisiana  70112
>Telephone: (504) 299-2100
>Facsimile: (504) 299-2300
>jgarner@shergarner.com
>radams@shergarner.com
>mcoman@shergarner.com
>
>Gladstone N. Jones, III (*pro hac vice*)
>Lynn E. Swanson (*pro hac vice*)
>JONES, SWANSON, HUDDELL &
>GARRISON, L.L.C.
>601 Poydras Street, Suite 2655
>New Orleans, Louisiana 70130
>Telephone: (504) 523-2500

6

        Facsimile: (504) 523-2508
        gjones@jonesswanson.com
        lswanson@jonesswanson.com

        Cassie E. Felder (*pro hac vice*)
        THE CASSIE FELDER LAW FIRM
        7515 Jefferson Hwy., #313
        Baton Rouge, LA 70806
        Main: (504) 232-1733
        Cell: (504) 400-1127
        cassie@cassiefelderlaw.com

        *Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of April, 2020, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

David J. Jurkiewicz
Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Jason S. McCarter
Tracey K. Ledbetter
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

        */s/ Kathleen A. DeLaney*
        Kathleen A. DeLaney