IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, <br><br> Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY REGARDING DEFENDANT'S COMMUNICATIONS WITH CERTAIN DEALERS**

Plaintiffs' motion should be denied as unnecessary and premature. Plaintiffs ask the Court to intervene in discovery before even serving the proposed discovery at issue on NextGear, much less conferring with NextGear on any responses or seeking the Magistrate Judge's assistance as required by the local rules. This gamesmanship wastes the Court's and the parties' time and resources.

**Procedural Background**

The Court has certified a class of NextGear customer-dealers represented by Plaintiffs that excludes those dealers that executed agreements with arbitration and class waiver provisions in 2013 and later. [Doc. 315 at 27, 34-35.] NextGear gathered data to respond to Plaintiffs' outstanding class discovery requests and, through its efforts, determined that 105 additional dealers (less than 1% of the class) had signed agreements with arbitration provisions. Those dealers had stopped doing business with NextGear years ago, but after NextGear produced an initial class list in 2017, the dealers came back of their own accord and were approved for new

lines of credit under NextGear's ordinary underwriting process and current loan terms. NextGear informed Plaintiffs that those 105 dealers had agreed to arbitration and were outside the defined class. As a courtesy, so that Plaintiffs could confirm that representation, NextGear provided copies of those dealers' new promissory notes to Plaintiffs.

Although the Court had already held that dealers that executed notes containing an arbitration clause are excluded from the class [Doc. 315], Plaintiffs refused to stipulate to the removal of the 105 dealers from the class list. In its order on class notice, the Court found NextGear's position as to those 105 dealers to be "well-taken" and confirmed their exclusion from the class notice mailing list. [Doc. 326.]

Then, without further discussion and without service of any related discovery, Plaintiffs filed the present motion seeking discovery on 45 of the 105 non-class member dealers.[1] [Doc. 328.] NextGear has had no opportunity to review any specific discovery requests as to those dealers, to respond or object to such requests, or to meet and confer with Plaintiffs' counsel about the scope of any response.

## Argument

Plaintiffs have flouted the rules of discovery, and their motion should be summarily denied as not ripe. Although their motion reads like a Rule 37 motion to compel, it was not preceded by discovery requests on the 45 dealers at issue—no interrogatories, requests for production, or notices of deposition—or by any responses or objections, any attempt to meet and confer, or any contact with the Magistrate Judge. *See* Fed. R. Civ. P. 37(a); S.D. Ind. L.R.

---

[1] NextGear reviewed the 105 contracts it produced and has only identified 43 dealers who signed their promissory notes after March 8, 2019. (Declaration of John Wick ("Wick Decl.") ¶ 4, attached hereto.) Nevertheless, to limit confusion, NextGear will follow Plaintiffs' motion and refer to 45 dealers in this brief.

37-1(a).  Nor have Plaintiffs pointed to any such history of conferral in their motion, despite the separate requirement to do so.  Fed. R. Civ. P. 37(a)(1); S.D. Ind. L.R. 37-1(b).

As courts have explained, "the way to obtain information during the course of this action is to make discovery requests of the defendants and not from the Court. . . . The Court only becomes involved in the discovery process if a party fails to respond to interrogatories or requests for production of documents."  *Melville v. Greer*, No. 13-CV-972, 2014 WL 2440725, at *2 n.1 (E.D. Wis. May 30, 2014).  The Court has no reason to exercise its discretion to manage discovery here, where Plaintiffs are free to serve their new proposed discovery on NextGear.  [*See* Doc. 315 at 8 (recognizing additional discovery was available to Plaintiffs).]  Indeed, over the past month, NextGear has produced voluminous documents and information in response to discovery requests, and that process is continuing on a rolling basis.  If the parties were unable to resolve a discovery dispute after conferring in good faith, the appropriate next step to resolving the dispute would be to contact the Magistrate Judge's chambers.  S.D. Ind. L.R. 37-1(a); *see also* Doc. 315 at 35 (directing parties to discuss class discovery needs with Magistrate Judge).  In the last two status conferences, the Magistrate Judge has been actively involved in managing the ongoing class discovery and related deadlines, yet the proposed discovery now at issue was never raised.

Plaintiffs appear more interested in (wrongly) trying to imply some nefarious conduct by NextGear than in obtaining discovery or protecting the 45 dealers at issue.  NextGear has over 20,000 active customer-dealers not in the class certified by the Court, and it is constantly doing nationwide marketing and sales in various forms to potential qualified borrowers.  (Wick Decl. ¶¶ 3, 5.)  In the last two years, NextGear has added and terminated *over 500 dealers per month* on average in the ordinary course of business, and since 2013, NextGear's dealers have signed a

3

similar promissory note with arbitration and class waiver terms.  (*See id.* ¶¶ 4, 6; Mot. for Discovery [Doc. 328] at 4 (acknowledging NextGear form of note in place for six years).)

That 45 dealers, out of 17,000-plus class members, voluntarily returned to business with NextGear since March 2019 and sought lines of credit on standard terms is neither surprising nor troubling.  Those lines of credit are significant ($50,000 and up), are essential to dealer operations and liquidity, and almost certainly dwarf any recovery they might expect in this litigation.[2]  (Wick Decl. ¶ 4.)  NextGear has no record of any discussions with the 45 dealers about their potential rights as class members; in fact, NextGear's frontline account personnel were unlikely to know they were in the class at the time of re-contracting.  (*Id.* ¶ 7.)  And, as Plaintiffs know from their inspection of the underlying contracts, the 45 dealers each signed the same form of promissory note and arbitration agreement as other dealers who opened new lines of credit with NextGear during the past year.[3]  (*See id.* ¶ 4.)

To the extent Plaintiffs actually believe this topic warrants further effort, Plaintiffs could serve interrogatories, requests for production, or deposition notices on NextGear.  Formal requests would allow NextGear to evaluate the burden of responding to the specific requests about non-class members and negotiate the scope of any appropriate responses.  If Plaintiffs are unsatisfied with NextGear's responses after that, they can follow the procedures outlined in the local rules.  Instead, Plaintiffs filed a premature motion with speculative and implausible

---

[2] The three named Plaintiffs claim to have been damaged by interest overcharges ranging from $44.55 to $7,083.82.  [*See* Doc. 196-4 at 29.]

[3] That all NextGear borrowers must sign an existing, standard loan contract before obtaining lines of credit demonstrates that imposing the same requirement on the 45 dealers was not motivated by this litigation.  *Cf. Rochlin v. Cincinnati Ins. Co.*, No. IP00-1898-CH/K, 2003 WL 21852341, at *20-21 (S.D. Ind. July 8, 2003) (denying motion for sanctions because, while information sought from class members "might turn out to be related to the litigation at hand," communications were made in normal course of business).

4

implications of impropriety. The Court should reject this tactic where discovery remains open to, *but not pursued by*, Plaintiffs.

## Conclusion

Plaintiffs' motion is unnecessary and premature. Because Plaintiffs are not entitled to the Court's intervention in discovery at this time, their motion should be denied.

Respectfully submitted, this 8th day of May, 2020.

    *s/ Paul D. Vink  (with permission)*
David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

    *s/ Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 8th day of May, 2020:

Ryan D. Adams
James M. Garner
Matthew M. Coman
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
mcoman@shergarner.com
jairey@shergarner.com

Catherine E. Lasky
Kerry A. Murphy
LASKY MURPHY LLC
klasky@laskymurphy.com
kmurphy@laskymurphy.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

    *s/ Tracey K. Ledbetter*
    Tracey K. Ledbetter