## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### (Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | **DOCKET NO. 1:14-cv-01589-TWP-DLP** |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | **CLASS ACTION** |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**PLAINTIFFS' REPLY TO NEXTGEAR'S OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY REGARDING DEFENDANT'S COMMUNICATIONS WITH CLASS MEMBERS**</u>

Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., ("Plaintiffs") moved this Court for an order (R. Doc. 328) allowing discrete, limited written and/or deposition discovery regarding post-certification communications between Defendant NextGear Capital, Inc. ("NextGear") and certain identified members of the Class. Plaintiffs have sought the order allowing such discovery because it is unclear whether additional discovery is allowed under the various scheduling orders that have been entered in this case.[1] NextGear's Opposition (Rec. Doc. 330 at 4), however, suggests no opposition to such limited discovery, although NextGear reserves its rights to object to the specifics of such discovery. Therefore, concurrently with this Reply memorandum, Plaintiffs are propounding a limited set of written discovery requesting information and documentation relating to NextGear's communications with members of the Class

---

[1] Right now, NextGear is making a rolling production of documents based on the last set of discovery that Plaintiffs originally propounded in the summer of 2017.

in order to determine why, even as late as March 18, 2020, members of the Class entered into agreements with NextGear waiving their rights to be part of the class, and whether NextGear notified such class members of the existence of this class action.

Such discovery is important because under Indiana law class counsel can have professional obligations to even putative members of the class,[2] let alone here when a class action has been certified and counsel are exchanging drafts of class notice. As previously stated, initially, Plaintiffs believed the 105 dealers found to have entered into the 2013 version of the NextGear Note had done so in the 2013-2014 timeframe when NextGear redrafted its documents. However, as recently as two months ago, NextGear is having class members sign 2013 NextGear form agreements, which, under this Court's ruling, retroactively bar the Dealer from the class and mandate that they arbitrate claims that existed six years prior to entering into the new agreements with NextGear.  As set forth in Plaintiffs' motion, (R. Doc. 328) any future order that this Court may enter regarding the substance of communications between NextGear and class members, such as a disclosure concerning the class action lawsuit and the potential consequences of entering into a new agreement with NextGear, would need to be based on a record.  Thus, the limited discovery Plaintiffs have propounded should provide the basis for such a record.

For the reasons set forth herein, as well as those set forth in Plaintiffs' original memorandum in support, Plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., by counsel, respectfully request that their Motion be granted.

---

[2] *See Corll v. Edward D. Jones & Co.*, 646 N.E.2d 721, 726 (Ind. Ct. App.1995)(noting that attorney client relationship can exist even in "organizational" phase of class action.).

Respectfully submitted, this 15th of May, 2020.

Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

Catherine E. Lasky *(pro hac vice)*
Kerry A. Murphy *(pro hac vice)*
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
klasky@laskymuphy.com
kmuiphy@laskymuphy.com

*/s/ James M. Garner*_____
James M. Gamer *(pro hac vice)*
Ryan D. Adams *(pro hac vice)*
Jacob A. Airey *(pro hac vice)*
SHER GARNER CAHILL RICHTER KLEIN
& HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergamer.com
jairey@shergarner.com

Gladstone N. Jones, III *(pro hac vice)*
Lynn E. Swanson *(pro hac vice)*
JONES, SWANSON, HUDDELL &
GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

>Cassie E. Felder *(pro hac vice)*
>THE CASSIE FELDER LAW FIRM
>7515 Jefferson Hwy., #313
>Baton Rouge, LA 70806
>Main: (504) 232-1733
>Cell: (504) 400-1127
>cassie@cassiefelderlaw.com

>*Attorneys for Plaintiffs' and the Class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of May, 2020, a copy of the foregoing was filed electronically. Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

  David J. Jurkiewicz
  Paul D. Vink
  BOSE MCKINNEY & EVANS, LLP
  111 Monument Circle
  Suite 2700
  Indianapolis, IN 46204

  Jason S. McCarter
  Tracey K. Ledbetter
  EVERSHEDS SUTHERLAND (US) LLP
  999 Peachtree Street, NE, Suite 2300
  Atlanta, GA 30309-3996

>*/s/ James Garner*
>James M. Garner