IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:14-cv-01589-TWP-DLP |
| v. | ) ) | |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**[PROPOSED] SCHEDULING ORDER**

The Court having read and considered the Joint Motion for Entry of Scheduling Order

[Doc. ___], and for good cause shown, **IT IS HEREBY ORDERED** that the Motion is

**GRANTED**.

**IT IS FURTHER ORDERED**:

1.      Plaintiffs shall update the Court by filing a report from the class administrator

regarding the status of class notice and any opt-outs from the class (including the identity of any

class members that have opted out) by July 10, 2020.

2.      Plaintiffs shall provide to Defendant their preliminary calculation of class-wide

damages for settlement purposes only no later than 14 days after data related to class member

transactions that took place after July 31, 2013 is produced by NextGear.  Defendant shall

provide to Plaintiffs any preliminary objections or rebuttal to said calculation of class-wide

damages for settlement purposes only by August 25, 2020.

2

3.      Plaintiffs shall serve a supplemental expert report regarding class-wide damages by September 30, 2020.  Defendant shall serve any rebuttal expert report regarding class-wide damages by October 30, 2020.

4.      Expert discovery must be completed by November 25, 2020.

5.      The parties shall file and serve their final witness and exhibit lists on or before December 1, 2020.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony and counsel's certification that the witness has been interviewed and/or deposed.

6.      Two weeks before the final pretrial conference, on December 8, 2020, the parties shall:

a.      File any motions in limine, including motions in limine to exclude expert testimony.

b.      File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list.

c.      Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

d.      Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

e.      A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

i.      brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

ii.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

f.      Provide all other parties and the Court with proposed findings of fact and conclusions of law.

g.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

7.      One week before the final pretrial conference, on December 15, 2020, the parties shall:

a.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed

3

noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

b.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

c.      File oppositions to motions in limine.

d.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

8.      The parties shall file trial briefs by January 11, 2021.

Indianapolis, Indiana, this _____ day of _____, 2020.

_____
HON. TANYA WALTON PRATT
UNITED STATES DISTRICT JUDGE