UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., <br> PLATINUM MOTORS, INC., <br> MATTINGLY AUTO SALES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEXTGEAR CAPITAL, INC., <br><br> Defendant. | No. 1:14-cv-01589-TWP-DLP |

## **ENTRY**

This matter comes before the Court on the parties' Joint Motion for Entry of Scheduling Order, Dkt. [340]. The Court, being duly advised and for good cause shown, hereby **GRANTS** said motion.

IT IS ORDERED:

1. Plaintiffs shall update the Court by filing a report from the class administrator regarding the status of class notice and any opt-outs from the class (including the identity of any class members that have opted out) by **July 10, 2020**.

2. Plaintiffs shall provide to Defendant their preliminary calculation of class-wide damages for settlement purposes only no later than 14 days after Defendant produces the data related to class member transactions that took place after July 31, 2013. Defendant shall provide to Plaintiffs any preliminary objections or rebuttal to said calculation of class-wide damages for settlement

purposes only by **August 25, 2020**.

3.     Plaintiffs shall serve a supplemental expert report regarding class-wide damages by **September 30, 2020**.  Defendant shall serve any rebuttal expert report regarding class-wide damages by **October 30, 2020**.

4.     Expert discovery must be completed by **November 25, 2020**.

5.     The parties shall file and serve their final witness and exhibit lists on or before **December 1, 2020**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony and counsel's certification that the witness has been interviewed and/or deposed.

6.     Two weeks before the final pretrial conference, on December 8, 2020, the parties shall:

   a.     File any motions in limine, including motions in limine to exclude expert testimony.

   b.     File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list.

   c.     Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying

designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

    d.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    e.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        i.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        ii.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    f.    Provide all other parties and the Court with proposed

findings of fact and conclusions of law.

   g. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

 7. One week before the final pretrial conference, on December 15, 2020, the parties shall:

   a. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

   b. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

   c. File oppositions to motions in limine.

   d. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

    e.  The parties shall file trial briefs by **January 11, 2021**.

So ORDERED.

Date: 7/7/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email