IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,

Plaintiffs,

v.

NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,

Defendant.

Case No. 1:14-cv-01589-TWP-DLP

**UNOPPOSED MOTION FOR CORRECTIVE NOTICE TO NON-CLASS MEMBERS**

NextGear Capital, Inc. ("NextGear") has determined that 94 dealers that received notice of this class action had previously signed agreements to arbitrate their disputes with NextGear. Those dealers are therefore not members of the class certified by the Court. In order to avoid future surprise, confusion, or prejudice to them, NextGear respectfully moves the Court for an Order permitting NextGear to send a corrective notice to those 94 dealers informing them that they are not part of the class. NextGear has conferred with counsel for Plaintiffs, who do not object to this motion.

**Background**

In its February 26, 2020 Order, the Court held that the arbitration provision in NextGear's post-2013 floor plan agreements "unambiguously requires arbitration" of any claims by dealers that signed those agreements. (Doc. 315 at 27.) The Court therefore certified a class and subclass that "exclude[ed] any dealer that signed an agreement containing an arbitration or class action waiver provision." (*Id.* at 34-35.) The Court later confirmed that the class did not include

dealers that had, during the course of this litigation, voluntarily re-opened their lines of credit with NextGear in the ordinary course of business and signed the post-2013 floor plan agreement containing an arbitration agreement. (Doc. 326 at 3.)

Based on a list of class members produced by NextGear, Plaintiffs mailed Court-approved class notice to 17,306 dealers. Thereafter, as class and expert discovery proceeded, NextGear determined that 94 of those 17,306 dealers had signed a post-2013 agreement with NextGear that included an arbitration agreement. NextGear did not locate those 94 dealers' new contracts among the more than 17,000 class members when it provided the class list. NextGear notified Plaintiffs of this issue by email in July 2020 and produced the promissory notes for the 94 dealers so that Plaintiffs could verify that the dealers had entered new contracts with arbitration agreements.

**Proposed Notice and Notice Procedure**

In order to avoid any future surprise, confusion, or prejudice to the 94 non-class members, NextGear now requests permission to send a corrective notice to inform them that they are not in the class and should disregard the class notice they received. This will "prevent [them] from unwittingly losing their claims by operation of the statute of limitations." *See Puffer v. Allstate Ins. Co.*, 614 F. Supp. 2d 905, 911, 918 (N.D. Ill. 2009) (holding that Fed. R. Civ P. 23(d)(1) authorizes courts to order notice be given to putative class members of decertification of class). The proposed form of notice is attached as Exhibit A. The parties have met and conferred regarding the form of this corrective notice.

Upon approval from the Court, NextGear will obtain from the class administrator a list of the most recent addresses used to send the original class notice to the 94 dealers. That list should include any changes made using the USPS National Change of Address database and any other

research by the class administrator into returned mail. NextGear proposes to mail the corrective notice to the 94 dealers by first-class United States Mail to the dealer's last known address, as provided by the claims administrator, at its own cost and expense.

WHEREFORE, NextGear respectfully requests that this Court enter an Order (a) confirming that the 94 dealers that agreed to arbitrate their disputes are not members of the class certified by the Court; (b) allowing NextGear to proceed with corrective notice to those 94 dealers; and (c) approving the proposed notice form attached as Exhibit A and the proposed notice procedures described above.

Respectfully submitted, this 5th day of January, 2021.

*/s Tracey K. Ledbetter*
Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 5th day of January, 2021:

Ryan D. Adams
James M. Garner
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
jairey@shergarner.com

Kerry A. Murphy
KERRY MURPHY LAW LLC
kmurphy@kerrymurphylaw.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES SWANSON HUDDELL &
DASCHBACH LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

*s/ Tracey K. Ledbetter*
Tracey K. Ledbetter