IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,<br><br>Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

## DECLARATION OF JAMES M. GARNER IN SUPPORT OF (1) PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL AND (2) PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND REPRESENTATIVE PLAINTIFFS' INCENTIVE AWARDS

I, James M. Garner, state and declare as follows:

1. The facts contained in this declaration are within my personal knowledge. I could and would testify truthfully to these facts if called to do so under oath.

2. I am a co-managing member of Sher Garner Cahill Richter Klein & Hilbert LLC ("Sher Garner"). I was appointed co-Class Counsel in the above captioned matter by the Court. (Filing No. 220).

3. Sher Garner has dedicated thousands of attorney and paralegal hours and spent over a hundred thousand dollars in expenses representing Plaintiffs in the above-captioned case since 2014. Other Sher Garner attorneys who have worked on this case include: Ryan Adams, Josh Force, Jake Airey, and Matt Coman (who has since left the firm).

4. From the start of the litigation of this case, Sher Garner has devoted the human and financial resources necessary to serve effectively as Class Counsel. Sher Garner will continue to do so.

EXHIBIT 2

5. Class Representatives, Mr. Richardson, Mr. Mattingly, and Mrs. Perry, on behalf of their companies, also have contributed significantly to this case. All have been deposed, provided documents, reviewed pleadings, remained in regular contact with us, and kept apprised of the status of this litigation and settlement negotiations throughout the entire case.

6. Class Counsel's engagement agreement ("Engagement Agreement") with Plaintiffs authorize its attorneys to seek attorneys' fees of 40% of the value of the gross recovery if the matter is resolved and settled prior to the beginning of the pretrial conference; 45% of the value of all the gross recovery if the matter is resolved and settled after the beginning of the pretrial conference but before any notice of appeal is filed; and 50% of the value of the gross recovery if the matter is resolved after either party files a notice of appeal, petition in error, or other instrument that initiates an appeal, whether the case is presented in a jury or bench trial.

7. The Engagement Agreement further states the calculation of the fee due shall be computed on the "gross recovery," meaning, for the purposes of this Engagement Agreement, the principal, interest, penalties, litigation costs and expenses and all other amounts recovered or to be recovered, including the value of any structured settlement, future payments, remediation, restoration, or non-pecuniary benefits, whether by suit, settlement, judgment or otherwise, prior to any reduction for the reimbursement of costs and expenses of the matter as described herein.

8. In the event of a successful recovery, Plaintiffs also agreed to pay all costs and expenses as set forth herein, which shall be deducted from Plaintiff's share of that recovery.

9. Over the seven-plus years since this litigation began, Sher Garner has incurred unreimbursed litigation expenses totaling $162,051.50. The expenses for which Sher Garner seeks reimbursement include expert fees; mediator fees; discovery vendor fees; class wide settlement administration fees; court reporter fees; filing fees; copying costs; and the cost of travel, lodging, and incidental expenses for hearings, depositions, and mediation sessions, as reflected in the table below. Additionally, Sher Garner reimbursed the both Lasky Murphy and the Jones Swanson Law Firms for certain expenses they advanced, mainly expert fees. This table includes some expenses that are in process.

| CATEGORY | AMOUNT |
|---|---|
| Phone Charges | $487.56 |
| Federal Express/UPS | $40.75 |
| Postage | $9.34 |
| Photocopy-Agreement | $3.75 |
| Photocopy-General | $4,879.60 |
| Photocopy-Letter(s)/Correspondence | $4.75 |
| Research | $1,748.50 |
| Color Prints | $154.00 |
| Depositions | $4,478.68 |
| Documents/Forms | $1,308.50 |
| Jones Swanson-Reimbursement | $51,796.58 |
| Filing Fee | $792.00 |
| Mileage | $345.42 |
| Travel | $5,185.31 |
| Lasky Murphy-Reimbursement | $1,428.66 |
| Expert Fees | $79,462.00 |
| Meal Expense | $463.52 |
| Hotel Accommodations | $1,256.51 |
| Grand Total | $162,051.50 |

10. Class counsel, including Jake Airey, Kathleen DeLaney, Cassie Felder, Kerry Murphy, and Lynn Swanson, participated in the mediation and negotiation of a settlement agreement (the "Settlement Agreement") between Plaintiffs and Defendant NextGear Capital, Inc., formerly known as Dealer Services Corporation, ("NextGear") (the "Settling Parties").

11. The parties arrived at the proposed Settlement Agreement after years of litigation, after an all-day mediation session with the assistance of an experienced mediator (William Batten), and after more than seven months of negotiations regarding the precise terms of the Settlement Agreement. The Settling Parties also discussed the Settlement Agreement in regular status conferences with the Court.

12. Throughout the course of the mediation session and in the following days, weeks and months, the parties exchanged various offers and counteroffers.

13. Plaintiffs were assisted in the negotiations by Jay Cunningham, a CPA with Katz, Sapper & Miller in Indianapolis, Indiana.

14. The Settlement Agreement went through multiple drafts, with NextGear's Counsel editing and negotiating for terms in the Settlement Agreement.

15. The Settling Parties agreed on a settlement in principal on April 8, 2021 and executed the Settlement Agreement on April 9, 2021.

16. Proposed Class Counsel and Plaintiffs believe the Settlement Agreement is fair, adequate, and reasonable.

17. Given that this case was filed in 2013 and has been the subject of extensive motions practice and discovery, expert reports, the class has been certified, decertified, and appealed to have the decertification order vacated, Class Counsel were well aware of the strengths and weaknesses of the case by the time of the mediation session. Class Counsel reviewed and analyzed tens of thousands of documents and took or defended almost twenty depositions. (Even though significant discovery had been completed, some work remained to be done, including additional depositions.)

18. Class Counsel also extensively analyzed the legal issues involved in this case, briefed multiple rounds of dispositive, procedural, and discovery motions, and won reversal in the Seventh Circuit on the class certification issue. If the Court does not approve the settlement agreement, it is likely that both sides would expend significant sums completing additional discovery, preparing this matter for trial, and would likely appeal an adverse ruling at trial.

19. Under the Settlement Agreement, NextGear agrees to pay a total of six million seven hundred fifty thousand dollars ($6,750,000), inclusive of Class Settlement Notice and Administrative Costs, attorneys' fees, and expenses, comprised of a cash payment of four million two hundred fifty thousand dollars ($4,250,000) and a setoff credit against amounts Class Members owe to NextGear of two million five hundred thousand dollars ($2,500,000) (the "Common Fund").

20. I believe the Settlement is fair, reasonable, and adequate, as do Plaintiffs. This payment will fairly compensate Class Members for their damages, taking into account the risks inherent in litigation.

21. I also recommend the Plan of Allocation, which ensures that Class Members or their successors will receive payments that are based on those Class Members' pro rata shares of the Settlement Fund, measured by Mr. Cunningham's damage calculations. Mr. Cunningham extensively reviewed NextGear's transactional documents that NextGear produced in discovery and provided an expert damage report. The same calculations that formed the basis of his expert report are used in the Settlement Agreement.

22. Under this Plan of Allocation, aside from Court-approved fees, costs, the entire Settlement Fund will be paid to (a) Class Members and their successors and/or beneficiaries, or (b) to Persons who were eligible to be Class Members but chose to opt out of the Settlement Agreement and pursue their claims independently. A small portion of the Settlement Fund may be awarded to the Indiana Bar Foundation or

another Court-approved *cy pres* recipient if some funds remain unclaimed after two rounds of distributions.

23. Under the Settlement Agreement Class Counsel have agreed to a 1/3 legal fee which is significantly less than what the Plaintiffs agreed to pay at the outset of the litigation.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on April 14, 2021.

_____
James M. Garner