IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,<br><br>　　　　Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**DECLARATION OF KATHLEEN A. DELANEY IN SUPPORT OF (1) PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL AND (2) PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND REPRESENTATIVE PLAINTIFFS' INCENTIVE AWARDS**

I, Kathleen A. DeLaney, state and declare as follows:

1. The facts contained in this declaration are within my personal knowledge. I could and would testify truthfully to these facts if called to do so under oath.

2. I am the managing partner of DeLaney & DeLaney LLC. I was appointed co-Class Counsel in the above captioned matter by the Court. (Filing No. 220).

3. DeLaney & DeLaney LLC has dedicated hundreds of attorney and paralegal hours representing Plaintiffs in the above-captioned case since the matter transferred to the Southern District of Indiana in 2014 (Filing No. 35).

4. DeLaney & DeLaney LLC has devoted the human and financial resources necessary to serve effectively as Class Counsel and will continue to do so to the matter's conclusion.

5. Over the course of this litigation, DeLaney & DeLaney LLC has incurred nominal unreimbursed litigation expenses for which it does not seek reimbursement.

6. Class counsel, including Jake Airey, Kathleen DeLaney, Cassie Felder, Kerry Murphy, and Lynn Swanson, participated in the mediation and negotiation of a settlement agreement (the "Settlement Agreement") between Plaintiffs and Defendant NextGear

**EXHIBIT 4**

Capital, Inc., formerly known as Dealer Services Corporation, ("NextGear") (the "Settling Parties").

7. The parties arrived at the proposed Settlement Agreement after years of litigation, after an all-day mediation session with the assistance of an experienced mediator (William Batten), and after more than seven months of negotiations regarding the precise terms of the Settlement Agreement. The Settling Parties also discussed the Settlement Agreement in regular status conferences with the Court over a span of months.

8. Throughout the course of the mediation session and in the following days, weeks and months, the parties exchanged various offers and counteroffers.

9. Plaintiffs were assisted in the negotiations by Jay Cunningham, a CPA with Katz, Sapper & Miller in Indianapolis, Indiana.

10. The Settlement Agreement went through multiple drafts, with NextGear's Counsel editing and negotiating for terms in the Settlement Agreement.

11. The Settling Parties agreed on a settlement in principle on April 8, 2021, and executed the Settlement Agreement on April 9, 2021.

12. Class Counsel and Plaintiffs believe the Settlement Agreement is fair, adequate, and reasonable.

13. Given that this case was filed in 2013 and has been the subject of extensive motions practice and discovery, expert reports, the class has been certified, decertified, and appealed to have the decertification order vacated, Class Counsel were well aware of the strengths and weaknesses of the case by the time of the mediation session. Class Counsel reviewed and analyzed tens of thousands of documents and took or defended almost twenty depositions.

14. Class Counsel also extensively analyzed the legal issues involved in this case, briefed multiple rounds of dispositive, procedural, and discovery motions, and won reversal in the Seventh Circuit on the class certification issue. If the Court does not approve the settlement agreement, it is likely that both sides would expend significant sums completing additional discovery, preparing this matter for trial, and would likely appeal an adverse ruling at trial.

15. Under the Settlement Agreement, NextGear agrees to pay a total of six million seven hundred fifty thousand dollars ($6,750,000), inclusive of Class Settlement Notice and Administrative Costs, attorneys' fees, and expenses, comprised of a cash payment of four million two hundred fifty thousand dollars ($4,250,000) and a setoff credit against

       amounts Class Members owe to NextGear of two million five hundred thousand dollars ($2,500,000) (the "Common Fund").

16. I believe the Settlement is fair, reasonable, and adequate, as do Plaintiffs. This payment will fairly compensate Class Members for their damages, taking into account the risks inherent in litigation.

17. I also recommend the Plan of Allocation, which ensures that Class Members or their successors will receive payments that are based on those Class Members' pro rata shares of the Settlement Fund, measured by Mr. Cunningham's damage calculations. Mr. Cunningham extensively reviewed NextGear's transactional documents produced in discovery and provided an expert damage report. The same calculations that formed the basis of his expert report are used in the Settlement Agreement.

18. Under this Plan of Allocation, aside from Court-approved fees, costs, the entire Settlement Fund will be paid to (a) Class Members and their successors and/or beneficiaries, or (b) to Persons who were eligible to be Class Members but chose to opt out of the Settlement Agreement and pursue their claims independently. A small portion of the Settlement Fund may be awarded to the Indiana Bar Foundation or another Court-approved *cy pres* recipient if some funds remain unclaimed after two rounds of distributions.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

                                    Executed on April 13, 2021.

                                    Kathleen A. DeLaney