IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-01589-TWP-DLP |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("**Agreement**") is made and entered into as of this 8th day of April, 2021 by and among Red Barn Motors, Inc., Mattingly Auto Sales, Inc., and Platinum Motors, Inc., individually and as representatives of the Class and California Subclass certified by the Court on February 26, 2020 (Doc. 315) (collectively, the "**Class Representatives**"), and NextGear Capital, Inc. f/k/a Dealer Services Corporation ("**NextGear**"), and subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure, for the purpose of fully resolving all individual and Class Member claims that were or could have been brought against the Released Parties alleged in or relating to the above-captioned action.

## ARTICLE 1   RECITALS

**1.1**   From approximately 2005 through 2013, NextGear, acting under its prior name Dealer Services Corporation or DSC, provided floor plan financing to approved licensed automobile dealers for the acquisition of used motor vehicle inventory at auto auctions and elsewhere. Those lines of credit (a/k/a floor plans) were documented under demand promissory notes and security agreements that provided, among other things, for the accrual of agreed interest on all outstanding obligations.

**1.2**   With respect to dealer purchases at auction, interest was typically charged from the date NextGear was obligated to pay the auction and exposed to a potential dealer default.

**1.3**   As set forth in more detail in the parties' pleadings in this matter, the Class Representatives contend that NextGear breached its contracts with the Class Representatives by charging interest on money not yet actually loaned with respect to certain advances, resulting in additional interest charges that the used car dealers never agreed to pay. NextGear contends that

such interest charges are authorized by the relevant agreements, were transparent to its dealer borrowers, and are standard in the automotive floor plan financing industry.

1.4     The Class Representatives filed the Litigation to pursue their claims related to such interest charges for themselves and on behalf of similarly situated dealers. The Litigation was first filed by plaintiff Red Barn Motors, Inc. and its principals on December 3, 2013. (Doc. 1.) The other two Class Representatives joined the case by amended complaint in March 2016. (Doc. 117.) The amended complaint included claims for breach of contract, unjust enrichment, RICO violations, RICO conspiracy, tortious interference, and constructive fraud; named additional defendants; and added class-action allegations. (*Id.*) On March 27, 2017, the Court granted in part and denied in part NextGear's motion to dismiss, dismissing the claims for unjust enrichment, RICO conspiracy, and tortious interference, but allowing the breach of contract, RICO, and constructive fraud claims to proceed. (Doc. 186.) The Court granted NextGear's motion for summary judgment in part on January 12, 2018, granting judgment in favor of NextGear and its co-defendants on the claims for RICO and constructive fraud. (Doc. 262.) Thus, as of January 12, 2018, the only claim remaining in the Litigation was a claim against NextGear for breach of contract.

1.5     The Class Representatives also sought to certify a class of dealers. On June 29, 2017, the Court granted class certification. (D. 220.) NextGear moved to reconsider, and on January 12, 2018, the Court granted NextGear's motion for reconsideration and decertified the class. (D. 261.) The Class Representatives appealed the decertification to the U.S. Court of Appeals for the Seventh Circuit, which vacated and remanded the decertification order. (*See* Doc. 273.)

1.6     On February 26, 2020, the Court certified a narrower Class and California Subclass of dealers who could pursue a breach of contract claim against NextGear as a class action. (Doc. 315.) After approval by the Court, a Notice of Pendency of Class Action Lawsuit was mailed to the class on or about April 24, 2020 by first-class U.S. mail. (Docs. 326, 342-1.) That notice gave Class Members the right to opt out of the Class by returning a written request to be excluded from the Class by June 26, 2020. Four putative class members timely asked to be excluded from the Class.

1.7     In addition to denying liability under the terms of the contracts at issue, NextGear has asserted various dealer-specific and/or transaction-specific affirmative defenses in the Litigation, including setoff, statute of limitations, accord and satisfaction, release, bankruptcy, and/or unclean hands, which remain relevant for trial.

1.8     NextGear also disputes the quantum and appropriate manner of calculating the alleged damages at issue in the Litigation, in particular the adequacy of using a per diem methodology. The Class Representatives assert that a per diem calculation is appropriate and supported by factual and expert testimony.

1.9     After extensive factual and expert discovery on the claims and defenses, the Parties participated in a formal full-day mediation session with neutral Bill Baten (Van Winkle Baten Dispute Resolution) on September 1, 2020. While a settlement was not reached at that session, negotiations continued for over two months thereafter, while further discovery continued in parallel.

**1.10**    On November 20, 2020, the Parties reached an agreement in principle on a proposed settlement of all Class, California Subclass, and individual claims against the Released Parties, subject to further agreement on and execution of a definitive settlement agreement.

**1.11**    The Parties now agree to settle all individual and Class Member claims alleged or that could have been alleged against the Released Parties in the Litigation in their entirety, without any admission of liability, fault, or wrong-doing, as documented herein. The Parties intend this Agreement to bind the Parties and all Class Members upon Court approval.

WHEREFORE, in consideration of the covenants, conditions, and promises contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## ARTICLE 2    DEFINITIONS

**2.1**    "**Agreement**" has the meaning set forth in the preamble.

**2.2**    "**Allocation Plan**" means the plan of allocation of settlement funds agreed by the Parties and is described more fully in Article 3.

**2.3**    "**CAFA Notice**" means the notice of this Settlement to be served on the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and is described more fully in Section 6.3.

**2.4**    "**California Subclass**" is a subset of the Class, as defined below, and means "all California used car dealers that were parties to a floorplan agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which floorplan agreement requires the application of California law, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision," as provided in the Court's February 26, 2020 Order. The California Subclass excludes those putative class members who opted out of the Class prior to June 26, 2020.

**2.5**    "**Class**" means "all used car dealers in the United States of America that were parties to a floorplan agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision," as provided in the Court's February 26, 2020 Order. The Class excludes those putative class members who opted out of the Class prior to June 26, 2020.

**2.6**    "**Class Counsel**" means counsel appointed by the Court to represent the Class Members, as follows:

> Kathleen A. DeLaney
> DELANEY & DELANEY LLC
> 3646 North Washington Blvd.
> Indianapolis, IN 46205

Gladstone N. Jones, III
Lynn E. Swanson
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

Kerry A. Murphy
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130

James M. Garner
Ryan D. Adams
Jacob A. Airey
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806

**2.7** "**Class Member Successor**" means, as to any deceased or defunct Class Member, the legal successor in interest of the Class Member. As to a deceased Class Member, the Class Member's estate shall be the presumptive legal successor in interest.

**2.8** "**Class Members**" means all members of the Class, and includes members of the California Subclass.

**2.9** "**Class Settlement Notice**" means the notice of this Settlement to be sent to Class Members. The Class Settlement Notice will be substantially in the form of Exhibit A.

**2.10** "**Class Settlement Notice and Administrative Costs**" means those costs and expenses incurred by the Settlement Administrator in implementing the Notice Plan, sending CAFA Notice, and administering the Settlement.

**2.11** "**Class Representatives**" has the meaning set forth in the preamble.

**2.12** "**Common Fund**" has the meaning set forth in Section 3.1.

**2.13** "**Court**" means the United States District Court for the Southern District of Indiana.

**2.14** "**Damages Claim**" means the amount by which NextGear allegedly overcharged interest to a Class Member, as calculated in the September 30, 2020 Expert Report of Jay Cunningham, the class damages expert engaged by Class Representatives.

**2.15** "**Day**" means calendar day, unless otherwise stated. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

**2.16** "**FAQs**" means anticipated frequently asked questions of Class Members following mailing of the Class Settlement Notice.

**2.17** "**Final Approval**" means the last date by which all of the following has occurred: (a) the Final Approval Order is entered; (b) the Court has entered an order awarding attorneys' fees, costs, expenses, and Service Awards, if separate from the Final Approval Order; (c) 35 days have passed after entry of the later of the Final Approval Order and the order awarding attorneys' fees, costs, expenses, and Service Awards, without any appeals being taken; and (d) if appeals or requests for review have been taken, orders have been entered affirming the appealed order or denying review after exhaustion of all appellate remedies.

**2.18** "**Final Approval Hearing**" has the meaning set forth in Section 4.1.

**2.19** "**Final Approval Order**" means the order and judgment that the Court enters granting final approval of the Settlement.

**2.20** "**Litigation**" means the civil action styled *Red Barn Motors, Inc., et al. v. NextGear Capital, Inc. f/k/a Dealer Services Corp., et al.*, United States District Court for the Southern District of Indiana, Case No. 1:14-cv-10589-TWP-DLP.

**2.21** "**Net Damages Claim**" means the amount of a Class Member's Damages Claim, less the amount that Class Member owes to NextGear, as disclosed in the report of write offs produced by NextGear to Class Counsel on May 11, 2020.

**2.22** "**Net Settlement Fund**" means the cash component of the Common Fund, less attorneys' fees, costs, and expenses awarded to Class Counsel and Class Settlement Notice and Administrative Costs.

**2.23** "**NextGear**" has the meaning set forth in the preamble.

**2.24** "**Notice Plan**" means the procedure for sending the Class Settlement Notice to the Class Members and is described more fully in Section 6.2.

**2.25** "**Objection Deadline**" means the earlier of (a) 90 days after entry of the Preliminary Approval Order, or (b) 28 days before the Final Approval Hearing.

**2.26** "**Parties**" means the Class Representatives and NextGear, collectively, and "**Party**" means any of them.

**2.27** "**Preliminary Approval Order**" has the meaning set forth in Section 4.1.

**2.28** "**Released Parties**" has the meaning set forth in Section 8.1.

**2.29** "**Releasing Parties**" has the meaning set forth in Section 8.1.

**2.30** "**Service Award**" has the meaning set forth in Section 9.1.

**2.31** "**Setoff Amount**" means the lesser of (a) a Class Member's Damages Claim, or (b) the amount the Class Member owes to NextGear, as disclosed in the report of write offs produced by NextGear to Class Counsel on May 11, 2020.

**2.32** "**Settlement**" means the settlement into which the Parties have entered to resolve the Litigation. The terms of the Settlement are as set forth in this Agreement including the exhibits hereto.

**2.33** "**Settlement Administrator**" means Donlin, Recano & Company, Inc.

**2.34** "**Settlement Website**" means a website maintained by the Settlement Administrator with information about the Settlement.

**2.35** "**W-9 Form**" means a Request for Taxpayer Identification Number and Certification.

## ARTICLE 3    SETTLEMENT CONSIDERATION

**3.1** <u>Common Fund</u>. NextGear agrees to pay a total of six million, seven hundred fifty thousand dollars ($6,750,000), inclusive of Class Settlement Notice and Administrative Costs, attorneys' fees, and expenses, comprised of a cash payment of four million, two hundred fifty thousand dollars ($4,250,000) and a setoff credit against amounts Class Members owe to NextGear of two million, five hundred thousand dollars ($2,500,000) (the "Common Fund").

> **3.1.1** Within 10 days after entry of the Preliminary Approval Order, NextGear will deposit a cash payment of $50,000, representing a partial pre-payment of the estimated Class Settlement Notice and Administrative Costs, into an account established by the Settlement Administrator. Class Counsel and/or the Settlement Administrator will timely furnish to NextGear any required account information, tax information, wiring instructions, or necessary forms to effectuate this transfer within 3 days after entry of the Preliminary Approval Order, and in all events before payment will be made.

> **3.1.2** Within 21 days after Final Approval, NextGear will deposit $4,200,000, representing the remaining balance of the cash portion of the Common Fund, into an account established by the Settlement Administrator. Class Counsel and/or the Settlement Administrator will timely furnish to NextGear any required account information, tax information, wiring instructions, or necessary forms to effectuate this transfer within 7 days after Final Approval, and in all events before payment will be made.

> **3.1.3** The Settlement Administrator will distribute the cash payments to Class Members entitled to receive such payments in accordance with the Allocation Plan within 45 days after Final Approval, or within 45 days of receiving a W-9 Form from the Class Member if required, whichever

occurs later. The Settlement Administrator will be responsible for preparing and maintaining any paperwork associated with payment to Class Members, such as W-9 Forms and other tax information.

**3.1.4**   Within 21 days after Final Approval, NextGear will record the $2,500,000 in setoff credits against the accounts of Class Members entitled to receive such setoff credits in NextGear's internal accounting records in accordance with the Allocation Plan.

**3.1.5**   No additional payments by NextGear shall be made or required other than as provided in this Section 3.1.

**3.2**   <u>Plan of Allocation</u>. A Class Member who does not have any outstanding obligation to NextGear, or whose Damages Claim exceeds the amount the Class Member owes to NextGear, will receive a cash payment from the Common Fund as described below. A Class Member who has an outstanding obligation to NextGear will receive a setoff credit allocation as described below.

**3.2.1**   For Class Members entitled to receive a cash payment, the amount to be paid to each Class Member shall be calculated as follows: Divide the Net Settlement Fund by the sum of the Net Damages Claims for all Class Members entitled to receive a cash payment. The resulting percentage shall then be multiplied by a particular Class Member's Net Damages Claim to arrive at the amount of that Class Member's cash payment. A list of Class Members entitled to a cash payment, and the estimated amount of said payment (subject to Court approval of the fees and costs requested as set forth in Article 9), is set forth in Exhibit B-1. The determination of the amount of cash payments set forth on Exhibit B-1 is final and binding upon approval of the Court.

**3.2.2**   Any Class Member who would be entitled to receive less than $6.00 pursuant to the calculation in Section 3.2.1 shall not receive any cash payment, as the cost of processing payment to those Class Members would exceed the amount of their payment.

**3.2.3**   For Class Members entitled to receive a credit allocation, the amount to be credited to each Class Member's account shall be calculated as follows: Divide the setoff credit component of the Common Fund by the sum of the Setoff Amount for all Class Members who have outstanding obligations to NextGear. The resulting percentage shall then be multiplied by a particular Class Member's Setoff Amount to arrive at the amount of that Class Member's credit allocation. A list of Class Members entitled to a credit allocation, and the amount of said credit, is set forth in Exhibit B-2. The determination of the amount of credit allocations set forth on Exhibit B-2 is final and binding upon approval of the Court.

**3.2.4**    For each Class Member receiving a credit allocation, NextGear shall make the appropriate account credit in its system, without any further action required by the Class Member.

**3.2.5**    Joint obligors on any Class Member account with NextGear shall be entitled only to a single cash payment or credit allocation, as applicable.

**3.3**    Distribution of Cash Payments.

**3.3.1**    Each Class Member entitled to a cash payment of $6.00 to $599.99 shall be paid by check, sent by U.S. mail to the Class Member's most current address updated pursuant to Section 6.2.4 or 6.2.5.

**3.3.2**    Each Class Member entitled to a cash payment of $600.00 or more must return a completed W-9 Form to receive any payment. Each such Class Member shall be paid by check, sent by U.S. mail to the Class Member's address on its W-9 Form.

**3.3.3**    If a Class Member entitled to a cash payment of $600.00 or more is deceased or defunct, the Class Member Successor may notify the Settlement Administrator and provide a completed W-9 Form, along with proof of death or other transfer of the Class Member's interest. Thereafter, upon receipt of the completed W-9 Form from the Class Member Successor, the payment owed to the deceased Class Member pursuant to the Settlement shall be paid by check, sent by U.S. certified mail to the Class Member Successor in the same amount that would have been paid to the Class Member pursuant to Section 3.2.

**3.3.4**    Any conflicting claims to a particular Class Member's payment shall be determined and resolved on a reasonable basis by the Settlement Administrator, whose determination shall be final.

**3.3.5**    All distribution checks shall be valid for 180 days from the date of mailing and will be voided after that time. The checks will bear a legend with the void by date. All distribution checks remaining uncashed after 180 days shall revert to the Net Settlement Fund. Class Members who are payees on voided checks will be deemed to have consented to such reversion of funds.

**3.3.6**    210 days after the first mailing of distribution checks, the Settlement Administrator shall determine the remaining value of the Common Fund. A second distribution shall be made to the Class Members who cashed their first distribution checks, and the amount to be distributed shall be determined as follows: Divide the cash component of the remaining Net Settlement Fund by the sum of the Net Damages Claims for all Class Members who cashed the first distribution check. The resulting percentage shall then be multiplied by a particular Class Member's Net Damages Claim to arrive at the amount of that Class

Member's second cash payment. The second round of cash payments shall be handled in the same manner as the first round of cash payments, including the void by date.

**3.3.7**  No Class Member shall receive a total cash payment that exceeds the amount of its Net Damages Claim. If any of the calculations described in this Article 3 would result in any Class Member receiving more than the amount of its Net Damages Claim, payment to such Class Member shall be capped at 100% of the amount of its Net Damages Claim.

**3.4**  *Cy Pres*. The Parties intend that the entire Common Fund be distributed pursuant to the settlement administration process and that once that process is complete there will be no remaining funds. Nonetheless, to the extent any funds remain 210 days after the second mailing of distribution checks and after payment of any unpaid Class Settlement Notice and Administrative Costs, no portion of the Common Fund will be returned to NextGear. If the cash funds are not exhausted after distribution pursuant to the Allocation Plan, then the remaining amounts will be distributed to the Indiana Bar Foundation or such other *cy pres* recipient identified by the Court.

## ARTICLE 4   PRELIMINARY APPROVAL

**4.1**  Upon execution of this Agreement by the Parties, Class Counsel shall promptly move the Court for an order granting preliminary approval of this Settlement ("Preliminary Approval Order"), substantially in the form of Exhibit D. The motion for preliminary approval shall request that the Court: (1) preliminarily approve the terms of the Settlement as likely approvable under Fed. R. Civ. P. 23(e)(1)(B); (2) approve the Notice Plan set forth herein and approve the form and content of the proposed Class Settlement Notice and the CAFA Notice; (3) stay all proceedings in the Litigation unrelated to the Settlement pending Final Approval of the Settlement; (4) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Class Members concerning a claim that is released under Article 8; (5) authorize the pre-payment of $50,000 of the estimated Settlement Administrator's costs as set forth above in Section 3.1.1 within ten (10) days of the Preliminary Approval Order and grant a request by the Parties to authorize the Settlement Administrator to perform a search for those names and addresses from whom class notice was returned between April 2020 and June 2020; and (6) schedule a final approval hearing for a time and date convenient for the Court that is not less than 90 days after service of the last CAFA Notice, at which hearing the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith and should be finally approved, and determine whether to approve Class Counsel's application for attorneys' fees, costs, and expenses ("Final Approval Hearing").

## ARTICLE 5   SETTLEMENT ADMINISTRATION

**5.1**  The Settlement Administrator shall administer various aspects of the Settlement and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, overseeing administration of the Common Fund and the Net Settlement Fund; providing Class Settlement Notice as described in Article 6; establishing and operating the Settlement Website and a toll-free number; and distributing cash payments according to the Allocation Plan.

**5.2**     The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, include:

**5.2.1**     Implementing the Notice Plan required by this Agreement;

**5.2.2**     Preparing and serving CAFA Notice in accordance with 28 U.S.C. § 1715;

**5.2.3**     Establishing and maintaining the Class Member database, including performing searches for those names and addresses from whom class notice was returned between April 2020 and June 2020 and for those names and addresses whose Class Settlement Notice is returned, for a more current address for the Class Member and, if one is located, updating the Class Member database with the revised address, and re-mailing the Class Settlement Notice to the new address.

**5.2.4**     Establishing and maintaining a post office box for mailed written correspondence from Class Members;

**5.2.5**     Establishing and maintaining the Settlement Website, www.donlinrecano.com/rbm, which shall be maintained for one year following the date of the Final Approval Order;

**5.2.6**     Establishing and maintaining a toll-free telephone line for Class Members to call with Settlement-related inquiries, and answering the questions of Class Members that raise such inquiries;

**5.2.7**     Responding to any mailed Class Member inquiries;

**5.2.8**     In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that attests to implementation of the Notice Plan in accordance with the Preliminary Approval Order;

**5.2.9**     Processing and transmitting distributions to Class Members;

**5.2.10**     Processing and transmitting payment to Class Counsel of attorneys' fees, costs, and expenses awarded by the Court; and

**5.2.11**     Performing any function related to Settlement administration at the agreed-upon instruction of both Class Counsel and NextGear, including, but not limited to, verifying that cash payments have been distributed in accordance with the Allocation Plan.

**5.3**     All costs incurred by the Settlement Administrator shall be borne by and paid by Class Counsel from the Common Fund and reported to NextGear and the Court.

## ARTICLE 6   NOTICE AND OBJECTIONS

**6.1**    After the Court enters the Preliminary Approval Order, the Settlement Administrator will implement the Notice Plan described in Section 6.2 using the form of Class Settlement Notice attached as Exhibit A and approved by the Court in the Preliminary Approval Order, subject to any modifications approved by the Court. The Class Settlement Notice shall describe the material terms of the Settlement, provide a date by which Class Members may object to the Settlement, and provide the date of the Final Approval Hearing.

**6.2**    The Notice Plan will be implemented as follows:

**6.2.1**    Within 30 days after entry of the Preliminary Approval Order, the Settlement Administrator will send the Class Settlement Notice by first-class U.S. Mail to the Class Members at the address used in April 2020 or any updated address discovered by the Settlement Administrator through its search for those names and addresses from whom class notice was returned between April 2020 and June 2020 to send them notice of this pending class action.

**6.2.2**    Within 30 days after entry of the Preliminary Approval Order, the Settlement Administrator will also send a copy of the Class Settlement Notice in .pdf format by email to those Class Members as to which NextGear provided email addresses from its records in December 2017; will publish a summary version of the Class Settlement Notice, as agreed by the parties, in the Wall Street Journal once; and will publish the Class Settlement Notice on the Settlement Website. The Settlement Administrator shall not be obligated to resend any emails that are returned undelivered.

**6.2.3**    In preparing the Class Settlement Notice, the Settlement Administrator shall include for all Class Members entitled to a cash payment (a) a W-9 Form to be completed by the Class Member, confirming the Class Member's address and Social Security or tax identification number, and a (b) postage pre-paid return envelope so that the Class Member entitled to a cash payment can return the W-9 Form to the Settlement Administrator.

**6.2.4**    For any Class Member as to which returned mail was received in connection with the April 2020 mailing of notice of the pending Litigation, within 10 days after entry of the Preliminary Approval Order, the Settlement Administrator shall begin to perform a search for those names and addresses from whom class notice was returned between April 2020 and June 2020 for a more current address for the Class Member and, if one is located, will update the Class Member database with the revised address and mail Class Settlement Notice to the new address.

**6.2.5**    Mail returned as undeliverable will be recorded in the Class Member database maintained by the Settlement Administrator for notice of the pending class action. If forwarding information is provided, the mailing will be re-processed and the Class Settlement Notice will be mailed to the new address. If forwarding information is not provided, and the Settlement Administrator has not previously performed research on a more current address for that Class Member, the Settlement Administrator will perform a search for those names and addresses for a more current address for the Class Member and, if one is located, will update the Class Member database with the revised address and mail Class Settlement Notice to the new address. If forwarding information is not provided, and the Settlement Administrator has already performed additional research for a more current address of the Class Member, then no additional action will be taken with respect to that Class Member.

**6.2.6**    The Settlement Administrator will create, develop, implement, host, and maintain the Settlement Website at www.donlinrecano.com/rbm. This Settlement Website will allow the posting of the Class Settlement Notice, pleadings, court orders, FAQs, and other information. NextGear shall have the right to review and pre-approve the information posted to the Settlement Website. NextGear shall approve or reject the information posted to the Settlement Website within 10 days of receiving that information from Class Counsel; if NextGear does not respond within that 10-day period, it will be deemed to have approved the information.  Class Members will also have the ability to request additional information via the Settlement Website. The Settlement Website design will include sufficient security protocols to ensure confidentiality of Class Member information.

**6.2.7**    The Settlement Administrator will maintain and staff a toll-free hotline to answer questions regarding this Settlement Agreement and/or the settlement of this Litigation from 8:00 a.m. until 5:00 p.m. (Central Time) during business days and will maintain a voice messaging service so that messages can be left after business hours. In the event that a call comes in after business hours, callers who wish to speak with a live agent will be given the opportunity to leave a voicemail message which will be returned within 24 hours by a hotline attendant who will have online access to a database of Class Members with the ability to run queries and record notes, as well as to the Settlement Website. This hotline will function within thirty (30) days after entry of the Preliminary Approval Order until the Net Settlement Fund is entirely distributed. In addition, written question and answer scripts that contain key information and FAQs will be developed for call center attendants to use as a reference. NextGear shall have the right to review and shall approve or reject the written scripts and FAQs to be used by call center attendants within 10 days of receiving that information from Class Counsel; if NextGear does not respond within that 10-day period, it will

be deemed to have approved the scripts and FAQs required by this paragraph.

**6.2.8**   Class Counsel and the Settlement Administrator shall make reasonable efforts to ensure that all settlement-related information provided to Class Members through the Settlement Website, call center, and otherwise is accurate and not inflammatory or pejorative with respect to NextGear. They will work in good faith to resolve any concerns NextGear raises regarding the accuracy of such Settlement-related information, subject to resolution by the Court if necessary.

**6.3**   Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), within ten days after the motion for preliminary approval is filed, the Settlement Administrator, on behalf of NextGear, will give notice to the Attorney General of the United States and the appropriate state officials, by serving on them the documents described in 28 U.S.C. § 1715(b)(1) through (8), as applicable. A schedule of the appropriate state officials is attached as Exhibit C.

**6.4**   The Class Settlement Notice shall include a procedure for Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses, and to the Service Awards to the Class Representatives. Objections must be filed electronically with the Court, or mailed to the Clerk of the Court, Class Counsel, and NextGear's counsel. For an objection to be considered by the Court, the objection must be (a) electronically filed by the Objection Deadline, or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and NextGear's counsel, at the addresses listed in the Class Settlement Notice, and postmarked by the Objection Deadline, as specified in the Class Settlement Notice. For an objection to be considered by the Court, the objection must also contain:

**6.4.1**   the name of the objector;

**6.4.2**   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection, or who will appear at the Final Approval Hearing, if any;

**6.4.3**   all grounds for the objection, accompanied by any legal support for the objection;

**6.4.4**   a description of all evidence to be presented at the Final Approval Hearing in support of the objection;

**6.4.5**   a statement confirming whether the objector intends to personally appear and/or seek leave to testify at the Final Approval Hearing; and

**6.4.6**   the objector's signature.

**6.5**   At least 30 days before the Final Approval Hearing, the Settlement Administrator shall provide Class Counsel and NextGear with one or more affidavits confirming that the Notice Plan and CAFA Notices were completed in accordance with the Preliminary Approval Order.

Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with the Class Representatives' motion for final approval of the Settlement.

6.6     The Settlement Administrator and Class Counsel shall maintain the confidentiality of all personal identifying information of Class Members.

6.7     The Class Settlement Notice and Administrative Costs shall be paid from the Common Fund, with pre-payment of $50,000 of the estimated Settlement Administrator's costs as set forth in Section 3.1.1. The Settlement Administrator and Class Counsel shall make every effort to minimize the Class Settlement Notice and Administrative Costs.

## ARTICLE 7    FINAL APPROVAL AND DISMISSAL

7.1     The Class Representatives' motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. The Final Approval Hearing shall be scheduled no earlier than 90 days after the CAFA Notices are served to ensure compliance with 28 U.S.C. § 1715. At least 30 days prior to the Final Approval Hearing, the Class Representatives shall file a motion for final approval of the Settlement, including a motion for attorneys' fees, costs, and expenses and for Service Awards. Within five days of Class Representatives' filing of a motion for final approval of the Settlement, NextGear will file a notice joining the request for final approval and stating its position as to Class Counsel's application for attorneys' fees, costs, and expenses, and for Service Awards. Objectors, if any, shall be served by email and shall file any response to the Class Representatives' motions at least 20 days prior to the Final Approval Hearing. At least 10 days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any filings by objectors, and any replies in support of final approval of the Settlement. At the Final Approval Hearing, the Court will consider the motion for final approval of the Settlement and Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards. In the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Class Members (or their counsel) who object to the Settlement or to the application for attorneys' fees, costs, and expenses and for Service Awards, provided the objectors filed timely objections that meet all of the requirements listed in this Agreement.

7.2     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting final approval of the Settlement, and whether to approve Class Counsel's request for attorneys' fees, costs and expenses, and Service Awards. The proposed Final Approval Order shall be in a form agreed upon by Class Counsel and NextGear and will be filed with the Court before the Final Approval Hearing. Such proposed Final Approval Order shall, among other things:

        7.2.1     Decree that this Agreement, the Final Approval Order, and the fact of settlement are not an admission by NextGear of any liability, damage, or wrongdoing whatsoever, nor is the Final Approval Order a finding of the validity or invalidity of any claims in the Litigation, or of any wrongdoing by any of the defendants named therein; that neither the Agreement, the Final Approval Order, nor the fact of this Settlement shall be used or construed as an admission of any fault, liability, or

wrongdoing by any person; that neither the Agreement, the fact of this Settlement or the settlement proceedings, the settlement negotiations, the Final Approval Order, nor any related document shall be offered or received in evidence as an admission, concession, presumption, or inference against any party in any proceeding other than such proceedings as may be necessary to consummate or enforce this Agreement and the Settlement;

**7.2.2**     Determine that the Settlement is fair, adequate, and reasonable, approve the Settlement in accordance with Fed. R. Civ. P. 23, and direct execution and implementation of all the Settlement's terms and provisions;

**7.2.3**     Determine that the Class Settlement Notice provided fairly and adequately informed Class Members of all material elements of the Litigation and the Settlement, and satisfied due process requirements and Fed. R. Civ. P. 23;

**7.2.4**     Dismiss the claims against NextGear without prejudice and with a statement that neither the Class Representatives nor any Class Members may reopen the claims in the Litigation;

**7.2.5**     Adjudge that each and every Releasing Party is deemed to have released and discharged each and every Released Party from any claims released in Article 8, and permanently bar and enjoin the Releasing Parties from asserting either individually or on behalf of any class any of the claims released in Article 8, including during the pendency of any appeal from the Final Approval Order;

**7.2.6**     Release NextGear and the Released Parties from the claims identified in Article 8;

**7.2.7**     Approve an award of attorneys' fees and expenses for Class Counsel, and a Service Award to the Class Representatives for their participation and assistance in the Litigation, or reserve jurisdiction to make such awards;

**7.2.8**     Reserve the Court's continuing and exclusive jurisdiction over NextGear and all Class Members (including all objectors) to administer, supervise, construe, and enforce this Agreement in accordance with its terms; and

**7.2.9**     Provide that, absent a contrary order by the Court in the interim, a Final Judgment of Dismissal with Prejudice of the Litigation and all claims that were raised or could have been raised by the Class Representatives or any Class Member therein will be entered by the Court upon the completion of the Court-ordered settlement administration by Class Counsel.

## ARTICLE 8    RELEASES

8.1     The Class Members (regardless of whether they have obtained compensation hereunder), on behalf of themselves and their parents, subsidiaries, affiliates, successors, assigns, present and former officers, directors, shareholders, partners, members, employees, principals, guarantors, attorneys, agents, representatives, and each of their respective heirs, executors, representatives, predecessors, successors, personal representatives, attorneys, agents, and assigns, as applicable (the "**Releasing Parties**"), shall be deemed to have and hereby do fully and irrevocably release and forever discharge NextGear, Dealer Services Corporation, Cox Enterprises, Inc., Cox Automotive, Inc., and John Wick, and their corporate parents, subsidiaries, affiliates, and each of their shareholders, officers, directors, agents, representatives, employees, attorneys, insurers, heirs, predecessors, successors, and assigns (the "**Released Parties**") of and from any and all liability, claims, or causes of action whatsoever which the Releasing Parties have or may have against any or all of the Released Parties, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, and whether or not concealed or hidden, both at law and in equity, whether presently in existence or arising in the future, arising out of or related to interest charged under any floor plan agreements with NextGear and/or any charges or fees assessed by NextGear under any floor plan agreement, including but not limited to any claims of breach of contract, unjust enrichment, fraud or constructive fraud, unfair or deceptive business practices, violation of RICO, RICO conspiracy, tortious interference, punitive damages, or any other claim which was or could have been asserted in the Litigation.

8.2     In connection with the foregoing, each Releasing Party agrees that this Agreement and the release in Section 8.1, above, shall apply to all unknown or unanticipated liability, claims, or causes of action described above, as well as those known and anticipated, and upon advice of counsel, each Releasing Party knowingly, voluntarily, and expressly waives any and all rights, protections, and benefits otherwise conferred by the provisions of California Civil Code Section 1542, which states as follows: **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

8.3     Upon entry of the Final Approval Order, the Releasing Parties shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this Article 8.

8.4     By entering this Agreement, NextGear reserves, and does not waive or release, any rights, claims, defenses, and/or counterclaims against any Class Member who has an outstanding obligation to NextGear after allocation of the setoff credit calculated in accordance with Section 3.2.3. Those rights, claims, defenses, and/or counterclaims shall survive the Litigation.

## ARTICLE 9    ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

**9.1**    <u>Service Award</u>. Class Counsel will ask the Court to approve, and NextGear will not oppose, an award of $7,500 for each Class Representative to compensate them for their efforts in the Litigation (the "Service Award"). Any Service Award approved by the Court will not be part of the Common Fund and will be made by cash payment to Class Counsel within 21 days after Final Approval. Class Counsel will timely furnish to NextGear any reasonably requested account information, tax information, wiring instructions, or necessary forms within 7 days after Final Approval, and in all events before payment will be made.

**9.2**    <u>Attorneys' Fees and Costs and Expenses of Litigation</u>. Class Counsel may ask the Court to award attorneys' fees payable to Class Counsel in a total amount that shall not exceed $2,250,000 (which is one-third of the Common Fund) and to award costs and expenses of counsel in an amount that shall not exceed $300,000. Any attorneys' fees, costs, and expenses awarded shall be paid from the Common Fund, and shall be transferred to Class Counsel by the Settlement Administrator within 21 days after Final Approval. Class Counsel will timely furnish to the Settlement Administrator and NextGear any reasonably requested account information, tax information, wiring instructions, or necessary forms within 7 days after Final Approval, and in all events before payment will be made.

**9.3**    <u>Objections</u>. Within five days of Class Representatives' filing of the motion for final approval of the Settlement, NextGear shall file a notice joining the request for final approval and stating its position as to Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards. NextGear will not oppose an award to Class Counsel of up to $2,250,000.

**9.4**    <u>Class Settlement Notice and Administrative Costs</u>. Class Counsel will ask the Court to allow payment of the reasonable and necessary Class Settlement Notice and Administrative Costs, which shall not exceed $400,000, from the Common Fund, $50,000 of which shall be pre-paid by NextGear within ten (10) days after entry of the Preliminary Approval Order as set forth in Section 3.1.1. The Class Settlement Notice and Administrative Costs (less the pre-paid amount) shall be paid from the Common Fund to the Settlement Administrator within 21 days after Final Approval. Class Counsel and/or the Settlement Administrator will timely furnish to NextGear any required account information, tax information, wiring instructions, or necessary forms to effectuate this transfer within 3 days after entry of the Preliminary Approval Order, and in all events before payment will be made.

**9.5**    After the cash portion of the Common Fund has been deposited into the account established by the Settlement Administrator, Class Counsel and the Settlement Administrator shall be solely responsible for allocating any Court-awarded attorneys' fees, costs, and expenses and distributing each participating firm's allocated share of such attorneys' fees, costs, and expenses to that firm, and NextGear shall have no responsibility for distribution of attorneys' fees, costs, or expenses among participating firms.

**ARTICLE 10     TERMINATION**

**10.1**     This Settlement may be terminated by NextGear by serving on Class Counsel and filing with the Court a written notice of termination within 14 days (or such longer time as may be agreed between Class Counsel and NextGear) after any of the following occurrences:

        **10.1.1**     Five or more substantive objections to the Settlement are submitted by Class Members during the Court approval process; or

        **10.1.2**     20 or more Class Members elect to opt out of the Settlement, if the Court grants opt-out rights to Class Members (which the Parties shall not request).

**10.2**     In the event of a termination as provided in this section, this Agreement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

**ARTICLE 11     MISCELLANEOUS TERMS**

**11.1**     <u>Entire Agreement</u>. This Agreement constitutes the entire agreement and understanding between the Parties and replaces, cancels, and supersedes any and all prior agreements and understandings among them pertaining to the subject matter hereof. There is no separate oral or written agreement, representation, or other inducement for the execution of this Agreement.

**11.2**     <u>Resolution of Claims</u>. The provisions of this Agreement are contractual and not merely recitals and are intended to resolve disputed claims.

**11.3**     <u>No Admissions</u>. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement or the Settlement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made in the Litigation, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

**11.4**     <u>Inquiries</u>. Class Counsel, counsel for NextGear, and the Parties shall not seek media attention for this Settlement. If contacted by the media, Class Counsel and the Class Representatives shall respond only by providing a copy of the Class Settlement Notice authorized by the Court and the motion for approval of the Settlement.

**11.5**     <u>Authority</u>. Each person executing this Agreement or any related settlement documents warrants and represents that he or she has been duly authorized and empowered to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

**11.6**    <u>Understanding</u>. Each Party acknowledges that it has completely read and understands the terms and consequences of this Agreement; has been represented by legal counsel of its own choosing in the negotiation, preparation, and execution of this Agreement; and is executing and delivering this Agreement voluntarily and with full knowledge and understanding of its terms, conditions, and effect.

**11.7**    <u>Headings</u>. The headings of the sections of this Agreement are for convenience only, and are not intended to affect the construction or meaning of this Agreement.

**11.8**    <u>Amendment</u>. This Agreement may only be modified, amended, or altered in any way by an express written agreement signed by an authorized representative of each Party.

**11.9**    <u>Governing Law and Venue</u>. This Agreement shall be governed and construed in accordance with the laws of the State of Indiana, without regard to choice of law principles. In the event of a dispute hereunder, the Parties agree that venue will be proper in the Court.

**11.10**    <u>Execution in Counterparts</u>. This Agreement may be signed in one or more counterparts, each such counterpart being as fully effective as if a single original had been signed, but all of which taken together shall constitute one and the same Agreement. The Parties hereby agree that this transaction may be conducted by electronic means, including the use of electronic signatures. For the purposes of this Agreement, the electronic signature of a Party shall be construed to have the same legal effect and enforceability, including the satisfaction of a law requiring such a record to be in writing, as though it were a written signature.

**11.11**    <u>Construction of this Agreement</u>. This Agreement has been fully negotiated by the Parties in consultation with their respective legal counsel and by Class Counsel. Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

**11.12**    <u>Court Retains Jurisdiction</u>. The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement until such time as the Settlement is consummated, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

**IN WITNESS WHEREOF**, the Parties have each caused this Agreement to be executed by their respective duly authorized representatives as of the date set forth above.

*[signatures on following pages]*

FOR THE CLASS REPRESENTATIVES AND CLASS MEMBERS:

_____

RED BARN MOTORS, INC.
By: *Donald B. Richardson*
Its: *President*


_____

MATTINGLY AUTO SALES, INC.
By:
Its:


_____

PLATINUM MOTORS, INC.
By:
Its:


_____

Kathleen A. DeLaney (18604-49)
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net


_____

Lynn E. Swanson (*pro hac vice*)
Gladstone N. Jones, III (*pro hac vice*)
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
lswanson@jonesswanson.com
gjones@jonesswanson.com


_____

Kerry A. Murphy (*pro hac vice*)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130
Telephone: (504) 603-1502
Facsimile: (504) 603-1503
kmurphy@kerrymurphylaw.com

*FOR THE CLASS REPRESENTATIVES AND CLASS MEMBERS:*

RED BARN MOTORS, INC.
By:
Its:

_____

MATTINGLY AUTO SALES, INC.
By:
Its:

PLATINUM MOTORS, INC.
By:
Its:

_____

Kathleen A. DeLaney (18604-49)
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net

_____

Lynn E. Swanson (*pro hac vice*)
Gladstone N. Jones, III (*pro hac vice*)
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
lswanson@jonesswanson.com
gjones@jonesswanson.com

_____

Kerry A. Murphy (*pro hac vice*)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130
Telephone: (504) 603-1502
Facsimile: (504) 603-1503
kmurphy@kerrymurphylaw.com

20

*FOR THE CLASS REPRESENTATIVES AND CLASS MEMBERS:*

---

RED BARN MOTORS, INC.
By:
Its:

---

MATTINGLY AUTO SALES, INC.
By:
Its:

---

PLATINUM MOTORS, INC.
By: *Nicol Perry*
Its: *Owner*

---

Kathleen A. DeLaney (18604-49)
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net

---

Lynn E. Swanson (*pro hac vice*)
Gladstone N. Jones, III (*pro hac vice*)
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
lswanson@jonesswanson.com
gjones@jonesswanson.com

---

Kerry A. Murphy (*pro hac vice*)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130
Telephone: (504) 603-1502
Facsimile: (504) 603-1503
kmurphy@kerrymurphylaw.com

Case 1:14-cv-01589-TWP-DLP   Document 373-9   Filed 05/02/21   Page 22 of 55 PageID #:

*FOR THE CLASS REPRESENTATIVES AND CLASS MEMBERS:*

_____

RED BARN MOTORS, INC.
By:
Its:


_____

MATTINGLY AUTO SALES, INC.
By:
Its:


_____

PLATINUM MOTORS, INC.
By:
Its:

_____
Kathleen A. DeLaney (18604-49)
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net


_____

Lynn E. Swanson (*pro hac vice*)
Gladstone N. Jones, III (*pro hac vice*)
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
lswanson@jonesswanson.com
gjones@jonesswanson.com


_____

Kerry A. Murphy (*pro hac vice*)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130
Telephone: (504) 603-1502
Facsimile: (504) 603-1503
kmurphy@kerrymurphylaw.com

20

*FOR THE CLASS REPRESENTATIVES AND CLASS MEMBERS:*

RED BARN MOTORS, INC.
By:
Its:

MATTINGLY AUTO SALES, INC.
By:
Its:

PLATINUM MOTORS, INC.
By:
Its:

Kathleen A. DeLaney (18604-49)
DELANEY & DELANEY LLC
3646 North Washington Boulevard
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404
Kathleen@delaneylaw.net

Lynn E. Swanson (*pro hac vice*)
Gladstone N. Jones, III (*pro hac vice*)
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
lswanson@jonesswanson.com
gjones@jonesswanson.com

Kerry A. Murphy (*pro hac vice*)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130
Telephone: (504) 603-1502
Facsimile: (504) 603-1503
kmurphy@kerrymurphylaw.com

James M. Garner (*pro hac vice*)
Ryan D. Adams (*pro hac vice*)
Jacob A. Airey (*pro hac vice*)
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
jairey@shergarner.com


Cassie E. Felder (*pro hac vice*)
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

*FOR THE DEFENDANT NEXTGEAR CAPITAL, INC.:*

NEXTGEAR CAPITAL, INC.
By:    Scott A. Maybee
Its:   President


Paul D. Vink (23785-32)
David J. Jurkiewicz (18018-53)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
pvink@boselaw.com
djurkiewicz@boselaw.com


Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*FOR THE DEFENDANT NEXTGEAR CAPITAL, INC.:*

NEXTGEAR CAPITAL, INC.
By:
Its:

Paul D. Vink (23785-32)
David J. Jurkiewicz (18018-53)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
pvink@boselaw.com
djurkiewicz@boselaw.com

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*FOR THE DEFENDANT NEXTGEAR CAPITAL, INC.:*

---

NEXTGEAR CAPITAL, INC.
By:
Its:

---

Paul D. Vink (23785-32)
David J. Jurkiewicz (18018-53)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
pvink@boselaw.com
djurkiewicz@boselaw.com

*Tracey K. Ledbetter*

Jason S. McCarter (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
jasonmccarter@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

**EXHIBIT A**
**Form of Class Settlement Notice**

**IF YOU ARE A USED CAR DEALER WHO HAD FLOORPLAN AGREEMENT(S) WITH DEALER SERVICES CORPORATION, NOW KNOWN AS NEXTGEAR CAPITAL, INC., AT ANY TIME BETWEEN JANUARY 2005 AND JULY 2013, AND FLOOR PLANNED ONE OR MORE VEHICLES WITH DSC/NEXTGEAR UNDER SUCH AGREEMENT, BUT DID NOT SIGN AN AGREEMENT CONTAINING AN ARBITRATION OR CLASS ACTION WAIVER PROVISION, YOU MAY BE ELIGIBLE FOR A PAYMENT IN A CLASS ACTION SETTLEMENT.**

**THIS NOTICE MAY AFFECT YOUR RIGHTS**
**A COURT AUTHORIZED THIS NOTICE**
**THIS IS NOT A SOLICITATION FROM A LAWYER**

**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT**

This Notice states your rights and provides you with information regarding a proposed settlement of a class action ("Settlement") against NextGear Capital, Inc., formerly known as Dealer Services Corporation ("NextGear"), pending in the Southern District of Indiana in *Red Barn Motors, et al. v. NextGear Capital, Inc., et al.*, Case No. 1:14-cv-01589-TWP-DLP (the "Litigation").

Court-appointed lead plaintiffs, Red Barn Motors, Inc., Mattingly Auto Sales, Inc., and Platinum Motors, Inc. ("Class Representatives"), on behalf of the Class and California Subclass (as defined below) have reached a proposed settlement that will resolve all individual and Class Member claims that were or could have been brought against the Released Parties in this Litigation.  On **[[DATE]]**, the Court granted preliminary approval of the Settlement.

A hearing at which the Court will consider whether to grant final approval of the Settlement is scheduled for **[[DATE]]**.  This Notice explains what this class action is about, the general terms of the Settlement, and your rights concerning approval of the Settlement.

1.    **What is this lawsuit about?**

The Class Representatives, on their own behalf and on behalf of the Class Members, allege that NextGear breached its contracts with Class Members by charging interest on money not yet actually loaned with respect to certain advances, resulting in additional interest charges that the Class Members never agreed to pay.  The Class Representatives filed this lawsuit to ask the Court to find that NextGear's alleged conduct caused money damages.  NextGear denies these allegations, denies that it breached the contracts with the Class Members, and denies all liability.

On February 26, 2020, the Court certified a Class and California Subclass of dealers who could pursue a breach of contract claim against NextGear as a class action.  The Class and California Subclass were defined as follows:

Class:  All used car dealers in the United States of America that were parties to a floorplan agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision.

California Subclass:  All California used car dealers that were parties to a floorplan agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which floorplan agreement requires the application of California law, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision.

Members of the Class, including members of the California Subclass, are referred to herein as "Class Members."  Notice was provided to Class Members in 2020 as required by the Court, and Class Members were given the opportunity to opt out of the Class and the California Subclass at that time.  If you come within the definition of the Class and/or the California Subclass and did not timely opt out in writing, you are a Class Member and you may no longer opt out of the class.

**2.       What are the terms of the proposed settlement?**

The Class Representatives and NextGear have agreed to the settlement described below prior to trial or any finding of liability.  A complete version of the Settlement Agreement and the Court's order granting preliminary approval are available for your review at www.donlinrecano.com/rbm.  The Class Representatives and Class Counsel believe that the settlement is fair, reasonable, and in the best interests of the Class Members.  Class Counsel have considered a number of factors, including: (i) an assessment of the likelihood that the Class Members would prevail at trial; (ii) the range of possible recovery available to Class Members as a result of such a trial; (iii) the consideration provided to Class Members pursuant to the Settlement, as compared to the range of possible recovery discounted for the inherent risks of litigation; (iv) the complexity, expense, and possible duration of the Litigation in the absence of a settlement; and (v) the stage of proceedings at which the Settlement was reached.  The Court has determined, preliminarily, that this settlement is within the range of being fair, reasonable, and in the best interests of the Class Members, subject to the hearing on final approval of the settlement.  The main terms of the Settlement are as follows:

*Membership in the Class*:  In order to participate in the Settlement, you must be a member of the Class or California Subclass previously certified by the Court in this Litigation, which means you must fall under the description of the Class provided in Section 1 above.  If you do not fall under that description, or if you previously opted out of the Class and/or the California Subclass in writing, you are not eligible to participate in this settlement and this settlement does not impact your rights.

*Settlement Consideration*:  In consideration for the release of all claims described below, NextGear will pay a total of six million, seven hundred fifty thousand dollars ($6,750,000), comprised of a cash payment of four million, two hundred fifty thousand dollars ($4,250,000)

and a setoff credit against amounts Class Members owe to NextGear of two million, five hundred thousand dollars ($2,500,000) (together, the "Common Fund").  The Common Fund will be used (a) to pay all of the costs and expenses incurred in connection with providing notice to Class Members and administering, calculating, and distributing compensation to Class Members; (b) to pay the attorneys' fees and expenses awarded to Class Counsel by the Court; and (c) to distribute cash compensation and setoff credits to Class Members in the manner provided by the Settlement Agreement.

*Release and Dismissal With Prejudice*:  Upon final approval of the settlement, the claims filed against NextGear in the Litigation will be dismissed, and the Class Representatives and the Class Members, on behalf of themselves and their parents, subsidiaries, affiliates, successors, assigns, present and former officers, directors, shareholders, partners, members, employees, principals, guarantors, attorneys, agents, representatives, and each of their respective heirs, executors, representatives, predecessors, successors, personal representatives, attorneys, agents, and assigns, as applicable (the "Releasing Parties"), shall be deemed to have, and hereby do, fully and irrevocably release and forever discharge NextGear, Dealer Services Corporation, Cox Enterprises, Inc., Cox Automotive, Inc., and John Wick, and their corporate parents, subsidiaries, affiliates, and each of their shareholders, officers, directors, agents, representatives, employees, attorneys, insurers, heirs, predecessors, successors, and assigns (the "Released Parties") of and from any and all liability, claims, or causes of action whatsoever which the Releasing Parties have or may have against any or all of the Released Parties, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, and whether or not concealed or hidden, both at law and in equity, whether presently in existence or arising in the future, arising out of or related to interest charged under any floor plan agreements with NextGear and/or any charges or fees assessed by NextGear under any floor plan agreement, including but not limited to any claims of breach of contract, unjust enrichment, fraud or constructive fraud, unfair or deceptive business practices, violation of RICO, RICO conspiracy, tortious interference, punitive damages, or any other claim which was or could have been asserted in the Litigation.  Once the settlement is fully administered, the Litigation will be closed and dismissed with prejudice.

For clarity, NextGear reserves, and does not waive or release, any rights, claims, defenses, and/or counterclaims against any Class Member who has an outstanding obligation to NextGear after allocation of the setoff credits to Class Members.  Those rights, claims, defenses, and/or counterclaims shall survive the Litigation.

The relief provided in the Settlement Agreement and any judgment entered in the Litigation, whether favorable or unfavorable to the Class and/or California Subclass, will include and be binding on all Class Members, even if they have objected to this Settlement Agreement and even if they have other pending lawsuits or claims against any of the Released Parties.

**3.      Who is my lawyer?**

The Court has appointed the following lawyers as Class Counsel to represent you and all other Class Members in the Litigation:

Kathleen A. DeLaney
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205

Gladstone N. Jones, III
Lynn E. Swanson
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

Kerry A. Murphy
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130

James M. Garner
Ryan D. Adams
Jacob A. Airey
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806

**4.    What about attorneys' fees, costs, and expenses?**

Since the beginning of this lawsuit in 2013, Class Counsel have not received any payment for their services in prosecuting the case, nor have they been reimbursed for any out-of-pocket expenses.  Class Counsel will seek an award of attorneys' fees in the amount of $2,250,000 (which is one-third of the Common Fund) and an award of actual litigation expenses of up to $300,000, both of which are subject to Court approval.  Additionally, the Class Representatives will ask the Court to allow payment of reasonable and necessary administrative expenses, including expenses associated with mailing notice to the Class Members and administering the Settlement, in an amount up to $400,000.  Any award of attorneys' fees, costs, and expenses approved by the Court will be payable from the Common Fund.  The Class Representatives will file a petition for an award of attorneys' fees and a motion for final approval of the Settlement with the Court at least 30 days before the date of the Final Approval Hearing identified above.

**5.    What is the Class Representatives' Service Award?**

In connection with the Court's consideration of the proposed Settlement, the Class Representatives will apply to the Court for compensation in an amount up to $7,500.00 for each

of the three Class Representatives due to their role in the Litigation.  If awarded, this compensation would be paid separately from the Common Fund.

**6.       How much money will I receive from the Settlement?**

Under the Allocation Plan, a Class Member who does not have any outstanding obligation to NextGear, or whose Damages Claim exceeds the amount the Class Member owes to NextGear, will receive a cash payment from the Common Fund, subject to certain minimum thresholds, as described below.  A Class Member who has any outstanding obligation to NextGear will receive a setoff credit allocation.  Your Damages Claim will be calculated using a formula for each vehicle you floor planned with Dealer Services Corporation and paid off, based on the number of days between floor planning the vehicle and Dealer Services Corporation's funding of the vehicle and total interest charged.  The calculation will be performed by Class Counsel and an expert accounting consultant they have engaged, using transactional data produced by NextGear in the Litigation.  The determination of the amount of cash payments and credit allocations is final and binding upon approval of the Court.

Class Members who owe money to NextGear will receive a pro rata share of the $2,500,000 setoff credit portion of the Common Fund.  If you are entitled to receive a credit allocation, NextGear will make the appropriate account credit in its system, without any further action required by you.

Class Members who do not owe money to NextGear, or whose Damages Claim exceeds the amount the Class Member owes to NextGear, will receive a pro rata share of the $4,250,000 cash portion of the Common Fund.  The process for making cash payments will be as follows:

(a)      The following items will be deducted from the cash portion of the Common Fund before payments are made: (1) administrative expenses, including expenses associated with mailing notice to the Class Members and administering the Settlement, and (2) any attorneys' fees and expenses awarded to Class Counsel. The remainder after these deductions will be distributed to Class Members entitled to a cash payment.

(b)      A Settlement Administrator has been retained to distribute the cash payments to Class Members.  The payments will be distributed to Class Members according to the Allocation Plan.

(c)      The Settlement Administrator will mail a check to each Class Member as described in the Allocation Plan.

(d)      Class Counsel estimate that, in the first settlement distribution, each Class Member will receive between $6 and $6,385.  Any Class Member who would be entitled to a cash payment of less than $6 will not receive a distribution payment given that the costs to administer such payments are higher than the benefit.

(e)      Under the Allocation Plan, you might receive a second settlement distribution if you cash the first distribution check and funds remain after the first distribution.

The amount of your credit allocation and/or cash payment is: **[[insert]]**

**7.      What do I need to do to receive my settlement payment?**

If your expected cash payment is $600 or higher, you will need to complete and return the enclosed taxpayer identification form (IRS W-9).  Otherwise, nothing.  If you are eligible for a setoff credit allocation, NextGear will make the appropriate account credit in its system after the Court grants final approval of the Settlement.  If you are eligible for a cash payment, the check will be mailed to you after the Court grants final approval of the Settlement.

**8.      What will happen at the Final Approval Hearing?**

A Final Approval Hearing will be held on **[[DATE]]**, 2021, at **[[TIME]]** in the Birch Bayh Federal Building & United States Courthouse, Courtroom 344, 46 East Ohio Street, Indianapolis, IN, 46204. At the Hearing, the Court will consider several different issues, including: (a) whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate; (b) whether the Released Claims of the Class Members should be dismissed on the merits and with prejudice; (c) whether the Allocation Plan is fair, reasonable, and should be approved; (d) whether the application for attorneys' fees, costs, and expenses submitted by Class Counsel in connection with the Final Approval Hearing should be approved; (e) whether the application for Class Representatives' Service Awards to be submitted in connection with the Final Approval Hearing should be approved; and (f) such other matters as the Court may deem necessary or appropriate.

**9.      May I object to the Settlement or the petition for attorneys' fees and costs?**

Yes.  Any Class Member may object to the Settlement, Class Counsel's application for attorneys' fees, costs, and expenses, and/or to the Service Awards to the Class Representatives. Any Class Member wishing to object must (a) file a written statement of objection electronically with the Court on or before **[[DATE (Objection Deadline)]]** or (b) mail a written statement of objection by first-class postage prepaid, postmarked on or before **[[DATE]]**, to the (i) Clerk of Court, United States District Court, Southern District of Indiana, 46 East Ohio Street, Indianapolis, IN 46204, and (ii) the following parties and counsel of record:

> Donlin, Recano & Company, Inc.
> Re: Red Barn Motors, Inc.
> P.O. Box 199043
> Blythebourne Station
> Brooklyn, NY 11219
>
> Paul D. Vink
> BOSE McKINNEY & EVANS LLP
> 111 Monument Circle, Suite 2700
> Indianapolis, IN 46204

*Objections must be filed or postmarked no later than **[[DATE]]**.  Objections filed or postmarked after this date may not be considered.*

The written statement of objection must set forth the name of the objector; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection, or who will appear at the Final Approval Hearing, if any; all grounds for the objection, accompanied by any legal support for the objection; a description of all evidence to be presented at the Final Approval Hearing in support of the objection; a statement confirming whether the objector intends to personally appear and/or seek leave to testify at the Final Approval Hearing; and the objector's signature.

Any Class Member who has submitted a written statement of objection as described above may also appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Hearing.  However, as long as you submitted your written objection on time, you do not need to attend the Hearing for your objection to be considered.

While Class Members and objectors may retain their own individual counsel, you will be responsible for the fees and costs of any counsel you retain to represent you individually.

Class Counsel and/or NextGear may file responses to any objections, papers, or briefs filed by any Class Member before the Final Approval Hearing.  Any such response shall be served by email on the person who made the objection or his, her, or its attorney.

## 10.    How do I get more information?

This notice is a summary and does not describe all the details of the proposed Settlement or this Litigation.  More information about the proposed Settlement and the Litigation is available on the internet at www.donlinrecano.com/rbm.  You may also obtain information about the proposed Settlement and/or the Litigation by one of the following means:

- By phone at 1-866-745-0266

- By email at rbminfo@donlinrecano.com

The Settlement Administrator will monitor all inquiries and respond as appropriate.

Please do not address any questions about the Settlement or the Litigation to NextGear or NextGear's counsel.  They are not permitted to provide advice or answer your questions.

### PLEASE DO NOT CONTACT THE COURT
### OR THE COURT CLERK REGARDING THIS MATTER

**EXHIBIT B-1**
**Class Members Entitled to Cash Payments**

# CONFIDENTIAL

# FILED UNDER SEAL

**EXHIBIT B-2**
**Class Members Entitled to Setoff Credits**

# CONFIDENTIAL

# FILED UNDER SEAL

**EXHIBIT C**
**CAFA Notice Requirements**

Pursuant to Section 6.3 of the Settlement Agreement, the Settlement Administrator will serve upon the appropriate federal and state officials a notice of the proposed Settlement within the time, in the manner, and including all the information required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to include at least the following:

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Attorney General's Office
State of Alabama
501 Washington Avenue
Montgomery, AL 36104

Office of the Alaska Attorney General
Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK  99501-1994

Arizona Attorney General's Office
Phoenix Office
2005 N. Central Avenue
Phoenix, AZ  85004-2926

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201

California Department of Financial Protection & Innovation
2101 Arena Boulevard
Sacramento, CA 95834

CAFA Coordinator
Office of the Attorney General, State of California
Consumer Protection Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

Colorado Attorney General's Office
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203

Connecticut
ag.cafa@ct.gov

Delaware Attorney General's Office
Carvel State Building
820 N. French Street
Wilmington, DE 19801

District of Columbia Attorney General's Office
400 6th Street, NW
Washington, DC 20001

Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL 32399-1050

Office of the Attorney General
State of Georgia
40 Capitol Square, SW
Atlanta, GA 30334

Idaho Attorney General's Office
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720-0010

Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62701

Office of the Indiana Attorney General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204

Office of the Attorney General of Iowa
Hoover State Office Building
1305 E. Walnut Street
Des Moines IA 50319

Kansas Attorney General's Office
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612

[C-2]

Kentucky Attorney General's Office
700 Capital Avenue, Suite 118
Frankfort, KY 40601-3449

Louisiana Attorney General's Office
1885 North Third Street
Baton Rouge, LA  70802

Maine Attorney General's Office
6 State House Station
Augusta, ME 04333

Maryland Attorney General's Office
200 St. Paul Place
Baltimore, MD 21202

Office of Massachusetts Attorney General Maura Healey
ATTN: CAFA Coordinator/General Counsel's Office
One Ashburton Place
Boston, MA 02108

Michigan Attorney General's Office
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, MI 48909

Office of Minnesota Attorney General Keith Ellison
445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131

Mississippi Attorney General's Office
550 High Street
Jackson, MS  39201

Missouri Attorney General's Office
Supreme Court Building
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102

Office of the Montana Attorney General
215 N Sanders St.
P.O. Box 201401
Helena, MT 59620

[C-3]

Nebraska Attorney General's Office
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

Nevada Attorney General's Office
100 North Carson Street
Carson City, NV 89701

New Hampshire Department of Justice
Gordon J. MacDonald, Attorney General
33 Capitol Street
Concord, NH 03301

Office of the New Jersey Attorney General
Richard J. Hughes Justice Complex
8th Floor, West Wing
25 Market Street
Trenton, NJ 08625-0080

New Mexico Attorney General's Office
408 Galisteo Street
Villagra Building
Santa Fe, NM 87501

CAFA Coordinator
Office of the New York Attorney General
28 Liberty Street, 15th Floor
New York, NY 10005
CAFA.Notices@ag.ny.gov

North Carolina Attorney General's Office
114 West Edenton Street
Raleigh, NC 27603

North Dakota Department of Financial Institutions
2000 Schafer Street, Suite G
Bismarck, ND 58501-1204

Office of the North Dakota Attorney General
600 E. Boulevard Ave., Dept. 125
Bismark, ND 58505-0040

Ohio Attorney General's Office
30 E. Broad St., 14th Floor
Columbus, OH 43215

[C-4]

Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105

Office of the Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

Office of the Rhode Island Attorney General
150 South Main Street
Providence, Rhode Island   02903

Hon. Alan Wilson
South Carolina Attorney General
P.O. Box 11549
Columbia, S.C. 29211

Division of Banking
South Dakota Department of Labor and Regulation
1601 N. Harrison Avenue, Suite 1
Pierre, SD 57501

Office of the South Dakota Attorney General
1302 E Hwy 14
Suite 1
Pierre, SD 57501-8501

Office of the Attorney General
State of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Office of the Texas Attorney General
PO Box 12548
Austin, TX 78711-2548

Office of the Utah Attorney General
P.O. Box 142320
Salt Lake City, UT 84114-2320

[C-5]

Vermont Department of Financial Regulation
89 Main Street
Montpelier, VT 05620 – 3101

Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609

Virginia Attorney General's Office
202 North Ninth Street
Richmond, VA 23219

Washington Attorney General's Office
1125 Washington St SE
PO Box 40100
Olympia, WA 98504-0100

West Virginia Attorney General's Office
State Capitol Complex, Bldg. 1
Room E-26
Charleston, WV 25305

Office of the Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857

Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002

[C-6]

**EXHIBIT D**
**Proposed Preliminary Approval Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:14-cv-01589-TWP-DLP |
| v. | ) ) | |
| NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT

This matter has come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement. [Doc. ____.] The Court having reviewed and considered the motion and its attachments, including the terms and conditions of the proposed settlement (the "Settlement") as set forth in the Settlement Agreement and Release dated April 8, 2021 (the "Settlement Agreement"), and on the basis of such submissions and all prior proceedings in this matter, and good cause for this Order having been shown,

IT IS HEREBY ORDERED:

1.      The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement and the Allocation Plan are sufficiently within the range of reasonableness that the Court will likely be able to approve the proposal under Rule 23(e)(2) and that the direction of notice to Class Members is justified by the parties' showing, as provided for in this Order. Capitalized terms not defined herein are as defined in the Settlement Agreement.

[D-1]

<u>Form and Timing of Notice to Class Members</u>

2.      The Court hereby appoints the firm of Donlin, Recano & Company, Inc. to be engaged by Class Counsel as the Settlement Administrator to perform all duties specified in the Settlement Agreement and herein.

3.      The Court authorizes pre-payment of $50,000 to the Settlement Administrator from the Common Fund for a portion of its costs and expenses.  This pre-payment shall be made by Defendant NextGear Capital, Inc. ("NextGear") within 10 days after entry of this Order. Class Counsel and/or the Settlement Administrator will timely furnish to NextGear any required account information, tax information, wiring instructions, or necessary forms to effectuate this payment within 3 days after entry of this Order, and in all events before payment will be made. The Settlement Administrator is authorized to perform a search for those names and addresses from whom class notice was returned between April 2020 and June 2020.

4.      As soon as practicable after entry of this Order, but no later than 30 days after this Order is entered, the Settlement Administrator shall cause copies of the Notice of Proposed Settlement in the form attached as Exhibit A to the Settlement Agreement (the "Class Settlement Notice"), the form of which is hereby approved, to be mailed by first-class U.S. mail, postage pre-paid, to all Class Members using the most current addresses listed in the class list database (the "Database") provided by NextGear in 2017, and as updated as a result of the mailing of the Court-ordered notice of class certification in April 2020 to reflect corrected address information and to exclude any Class Members who timely opted out of the Litigation.

5.      No later than 30 days after this Order is entered, the Settlement Administrator shall email the Class Settlement Notice in PDF format to Class Members at the email addresses NextGear provided during discovery.  The Settlement Administrator shall not be obligated to resend any emails that are returned undelivered.

6.     The Settlement Administrator shall cause a summary version of the Class Settlement Notice, agreed by the parties, to be published once, within seven (7) days after the mailing of the Class Settlement Notice, in the Wall Street Journal.

7.     Prior to the Class Settlement Notice being mailed to Class Members, the Settlement Administrator shall cause a copy of the Class Settlement Notice to be posted on the www.donlinrecano.com/rbm website.  NextGear shall have the right to approve or reject the information posted to the website within 10 days of receiving that information from Class Counsel; if NextGear does not respond within that 10-day period, it will be deemed to have approved the information.

8.     Prior to the Class Settlement Notice being mailed to Class Members, the Settlement Administrator shall establish a toll-free hotline to answer questions regarding the Settlement Agreement and/or the settlement of this action.  The hotline will be staffed from 8:00 a.m. until 5:00 p.m. (Central Time) during business days and will maintain a voice messaging service so that messages can be left after business hours. In the event that a call comes in after business hours, callers who wish to speak with a live agent will be given the opportunity to leave a voicemail message which will be returned within 24 hours by a hotline attendant who will have online access to a database of Class Members with the ability to run queries and record notes, as well as to the www.donlinrecano.com/rbm website. Written question and answer scripts that contain key information and FAQs will be developed for call center attendants to use as a reference.  NextGear shall have the right to review and shall approve or reject the written scripts and FAQs to be used by call center attendants within 10 days of receiving that information from Class Counsel; if NextGear does not respond within that 10-day period, it will be deemed to have approved the scripts and FAQs required by this paragraph.

[D-3]

9.      Prior to the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with paragraphs 4 through 8 of this Order.  Costs of providing the notice to the Class as specified in this Order, including the toll-free hotline services specified above, shall be paid as set forth in the Settlement Agreement.

10.     The notice to be provided as set forth in paragraphs 4 through 7 of this Order is hereby found to be the best means of notice to Class Members that is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

<u>Final Approval Hearing; Right to Appear and Object</u>

11.     A Final Approval Hearing shall take place before the Court on _____, 2021, at _____, in the Birch Bayh Federal Building & United States Courthouse, Courtroom 344, 46 East Ohio Street, Indianapolis, IN, 46204, to determine:

(a)      whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

(b)      whether the released claims of the Class Members should be dismissed on the merits and, following completion of settlement administration, with prejudice;

(c)      whether the Allocation Plan is fair, reasonable, and should be approved;

(d)      whether the application for attorneys' fees, costs, and expenses to be submitted by Class Counsel in connection with the Final Approval Hearing should be approved;

(e)      whether the application for Class Representatives' Service Awards to be submitted in connection with the Final Approval Hearing should be approved;

[D-4]

(f)        whether the application for Class Settlement Notice and Administrative Costs to be submitted in connection with the Final Approval Hearing should be approved; and

(g)        such other matters as the Court may deem necessary or appropriate.

12.        The Court may finally approve the proposed Settlement Agreement at or after the Final Approval Hearing with any modifications agreed to by the settling parties and without further notice to Class Members.

13.        No later than 30 days before the Final Approval Hearing, Class Counsel will submit a motion for final approval of the Settlement and dismissal of the claims against NextGear.  In connection with that motion, Class Counsel shall also petition for approval of Class Counsel's attorneys' fees, costs, and expenses, for the requested Service Awards to the Class Representatives, and for the Class Settlement Notice and Administrative Costs, consistent with the terms of the Settlement Agreement.

14.        The Court finds, pursuant to Fed. R. Civ. P. 23(e)(4), that the Class Members, in light of the previously furnished notice about the certification of this case as a class action, were afforded adequate opportunity to exclude themselves from this class action proceeding and should not, under the circumstances of this case and its settlement, be afforded a second opportunity for exclusion, but rather shall solely have the right to object to the Settlement as set forth in this Order.

15.        Any Class Member who wishes to object to the proposed Settlement must do so in writing.  To be considered, a written objection must be filed with the Court on or before _____ and must include a written statement of objection setting forth such Class Member's objections, if any, to the matters to be considered and the basis therefor, together with all other support, papers, or briefs that he, she, or it wishes the Court to consider.

[D-5]

If the Court filing was made by mail, rather than electronically, the Class Member must also

serve copies of all such materials upon the following on or before _____:

> Donlin, Recano & Company, Inc.
> Re: Red Barn Motors, Inc.
> P.O. Box 199043
> Blythebourne Station
> Brooklyn, NY 11219
>
> Paul D. Vink
> BOSE MCKINNEY & EVANS LLP
> 111 Monument Circle, Suite 2700
> Indianapolis, IN 46204

16.     To be considered by the Court, said written statement of objection must include

the name of the objector; the identity of all counsel who represent the objector, including any

former or current counsel who may be entitled to compensation for any reason related to the

objection, or who will appear at the Final Approval Hearing, if any; all grounds for the objection,

accompanied by any legal support for the objection; a description of all evidence to be presented

at the Final Approval Hearing in support of the objection; a statement confirming whether the

objector intends to personally appear and/or seek leave to testify at the Final Approval Hearing;

and the objector's signature.

17.     Any Class Member may also appear at the Final Approval Hearing in person or

by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition

to the matters to be considered at the Hearing; provided, however, that no person shall be heard,

and no papers, briefs, or other submissions shall be considered by the Court in connection with

its consideration of those matters, unless such person has filed and served a written statement of

objection in compliance with paragraphs 15 and 16, above.  No Class Member may present an

objection at the Final Approval Hearing based on a reason not stated in his, her, or its written

objection(s).  The Class Representatives, Class Counsel, and/or NextGear may file responses to

any objections, papers, or briefs filed by any Class Member on or before 10 days prior to the Final Approval Hearing. Such response also shall be served by email on such Class Member or on his, her, or its attorney.

18. The Court may adjourn the Final Approval Hearing (or any subsequent hearing relating to the Settlement), including the consideration of the application for attorneys' fees, costs, and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Final Approval Hearing (or at any subsequent hearing relating to the Settlement) or the entry of an order of adjournment.

<u>Other Provisions</u>

19. All proceedings in this litigation, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court. No party to the Settlement, including any Class Member, shall take any action that would be inconsistent with the parties' agreement to resolve their dispute pursuant to the terms of the Settlement Agreement. In the event that any Class Member initiates any legal action relating to the subject matter of this litigation prior to the Final Approval Hearing, Class Counsel and/or counsel for NextGear shall apprise the Court of such action so that the Court may take appropriate measures in furtherance of the Court's jurisdiction over this Settlement, including but not limited to the issuance of injunctive relief.

20. NextGear shall not respond to inquiries from Class Members regarding the Settlement Agreement other than to refer such Class Member inquiries regarding the Settlement Agreement to Class Counsel, the Settlement Administrator, the www.donlinrecano.com/rbm website, or to the written question and answer scripts and FAQs referred to above.

21.     Any Class Member may enter an appearance in the litigation, at his, her, or its own expense.  Any Class Member who does not enter an appearance or submit an objection will be represented by Class Counsel.

22.     Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, Class Members, or NextGear of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in this litigation are or were not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding except one to enforce the Settlement Agreement, including the agreed release by a Class Member(s), or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature.

23.     In the event that the Settlement Agreement is terminated or is not finally approved by the Court, the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

SO ORDERED, this _____ day of _____, 2021.

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana