IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,<br><br>    Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
TO CLASS ACTION SETTLEMENT**

This matter has come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement. [Doc. ____.] The Court having reviewed and considered the motion and its attachments, including the terms and conditions of the proposed settlement (the "Settlement") as set forth in the Settlement Agreement and Release dated April 8, 2021 (the "Settlement Agreement"), and on the basis of such submissions and all prior proceedings in this matter, and good cause for this Order having been shown,

IT IS HEREBY ORDERED:

1. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement and the Allocation Plan are sufficiently within the range of reasonableness that the Court will likely be able to approve the proposal under Rule 23(e)(2) and that the direction of notice to Class Members is justified by the parties' showing, as provided for in this Order. Capitalized terms not defined herein are as defined in the Settlement Agreement.

Form and Timing of Notice to Class Members

2. The Court hereby appoints the firm of Donlin, Recano & Company, Inc. to be engaged by Class Counsel as the Settlement Administrator to perform all duties specified in the Settlement Agreement and herein.

3. The Court authorizes pre-payment of $50,000 to the Settlement Administrator from the Common Fund for a portion of its costs and expenses. This pre-payment shall be made by Defendant NextGear Capital, Inc. ("NextGear") within 10 days after entry of this Order. Class Counsel and/or the Settlement Administrator will timely furnish to NextGear any required account information, tax information, wiring instructions, or necessary forms to effectuate this payment within 3 days after entry of this Order, and in all events before payment will be made. The Settlement Administrator is authorized to perform a search for those names and addresses from whom class notice was returned between April 2020 and June 2020.

4. As soon as practicable after entry of this Order, but no later than 30 days after this Order is entered, the Settlement Administrator shall cause copies of the Notice of Proposed Settlement in the form attached as Exhibit A to the Settlement Agreement (the "Class Settlement Notice"), the form of which is hereby approved, to be mailed by first-class U.S. mail, postage pre-paid, to all Class Members using the most current addresses listed in the class list database (the "Database") provided by NextGear in 2017, and as updated as a result of the mailing of the Court-ordered notice of class certification in April 2020 to reflect corrected address information and to exclude any Class Members who timely opted out of the Litigation.

5. No later than 30 days after this Order is entered, the Settlement Administrator shall email the Class Settlement Notice in PDF format to Class Members at the email addresses NextGear provided during discovery. The Settlement Administrator shall not be obligated to resend any emails that are returned undelivered.

6. The Settlement Administrator shall cause a summary version of the Class Settlement Notice, agreed by the parties, to be published once, within seven (7) days after the mailing of the Class Settlement Notice, in the Wall Street Journal.

7. Prior to the Class Settlement Notice being mailed to Class Members, the Settlement Administrator shall cause a copy of the Class Settlement Notice to be posted on the www.donlinrecano.com/rbm website. NextGear shall have the right to approve or reject the information posted to the website within 10 days of receiving that information from Class Counsel; if NextGear does not respond within that 10-day period, it will be deemed to have approved the information.

8. Prior to the Class Settlement Notice being mailed to Class Members, the Settlement Administrator shall establish a toll-free hotline to answer questions regarding the Settlement Agreement and/or the settlement of this action. The hotline will be staffed from 8:00 a.m. until 5:00 p.m. (Central Time) during business days and will maintain a voice messaging service so that messages can be left after business hours. In the event that a call comes in after business hours, callers who wish to speak with a live agent will be given the opportunity to leave a voicemail message which will be returned within 24 hours by a hotline attendant who will have online access to a database of Class Members with the ability to run queries and record notes, as well as to the www.donlinrecano.com/rbm website. Written question and answer scripts that contain key information and FAQs will be developed for call center attendants to use as a reference. NextGear shall have the right to review and shall approve or reject the written scripts and FAQs to be used by call center attendants within 10 days of receiving that information from Class Counsel; if NextGear does not respond within that 10-day period, it will be deemed to have approved the scripts and FAQs required by this paragraph.

9.	Prior to the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with paragraphs 4 through 8 of this Order. Costs of providing the notice to the Class as specified in this Order, including the toll-free hotline services specified above, shall be paid as set forth in the Settlement Agreement.

10.	The notice to be provided as set forth in paragraphs 4 through 7 of this Order is hereby found to be the best means of notice to Class Members that is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

<u>Final Approval Hearing; Right to Appear and Object</u>

11.	A Final Approval Hearing shall take place before the Court on _____, 2021, at _____, in the Birch Bayh Federal Building & United States Courthouse, Courtroom 344, 46 East Ohio Street, Indianapolis, IN, 46204, to determine:

(a)	whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

(b)	whether the released claims of the Class Members should be dismissed on the merits and, following completion of settlement administration, with prejudice;

(c)	whether the Allocation Plan is fair, reasonable, and should be approved;

(d)	whether the application for attorneys' fees, costs, and expenses to be submitted by Class Counsel in connection with the Final Approval Hearing should be approved;

(e)	whether the application for Class Representatives' Service Awards to be submitted in connection with the Final Approval Hearing should be approved;

   (f) whether the application for Class Settlement Notice and Administrative Costs to be submitted in connection with the Final Approval Hearing should be approved; and

   (g) such other matters as the Court may deem necessary or appropriate.

 12. The Court may finally approve the proposed Settlement Agreement at or after the Final Approval Hearing with any modifications agreed to by the settling parties and without further notice to Class Members.

 13. No later than 30 days before the Final Approval Hearing, Class Counsel will submit a motion for final approval of the Settlement and dismissal of the claims against NextGear.  In connection with that motion, Class Counsel shall also petition for approval of Class Counsel's attorneys' fees, costs, and expenses, for the requested Service Awards to the Class Representatives, and for the Class Settlement Notice and Administrative Costs, consistent with the terms of the Settlement Agreement.

 14. The Court finds, pursuant to Fed. R. Civ. P. 23(e)(4), that the Class Members, in light of the previously furnished notice about the certification of this case as a class action, were afforded adequate opportunity to exclude themselves from this class action proceeding and should not, under the circumstances of this case and its settlement, be afforded a second opportunity for exclusion, but rather shall solely have the right to object to the Settlement as set forth in this Order.

 15. Any Class Member who wishes to object to the proposed Settlement must do so in writing.  To be considered, a written objection must be filed with the Court on or before _____ and must include a written statement of objection setting forth such Class Member's objections, if any, to the matters to be considered and the basis therefor, together with all other support, papers, or briefs that he, she, or it wishes the Court to consider.

If the Court filing was made by mail, rather than electronically, the Class Member must also serve copies of all such materials upon the following on or before _____:

>Donlin, Recano & Company, Inc.
>Re: Red Barn Motors, Inc.
>P.O. Box 199043
>Blythebourne Station
>Brooklyn, NY 11219
>
>Paul D. Vink
>BOSE MCKINNEY & EVANS LLP
>111 Monument Circle, Suite 2700
>Indianapolis, IN 46204

16. To be considered by the Court, said written statement of objection must include the name of the objector; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection, or who will appear at the Final Approval Hearing, if any; all grounds for the objection, accompanied by any legal support for the objection; a description of all evidence to be presented at the Final Approval Hearing in support of the objection; a statement confirming whether the objector intends to personally appear and/or seek leave to testify at the Final Approval Hearing; and the objector's signature.

17. Any Class Member may also appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless such person has filed and served a written statement of objection in compliance with paragraphs 15 and 16, above. No Class Member may present an objection at the Final Approval Hearing based on a reason not stated in his, her, or its written objection(s). The Class Representatives, Class Counsel, and/or NextGear may file responses to

any objections, papers, or briefs filed by any Class Member on or before 10 days prior to the Final Approval Hearing. Such response also shall be served by email on such Class Member or on his, her, or its attorney.

18. The Court may adjourn the Final Approval Hearing (or any subsequent hearing relating to the Settlement), including the consideration of the application for attorneys' fees, costs, and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Final Approval Hearing (or at any subsequent hearing relating to the Settlement) or the entry of an order of adjournment.

Other Provisions

19. All proceedings in this litigation, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court. No party to the Settlement, including any Class Member, shall take any action that would be inconsistent with the parties' agreement to resolve their dispute pursuant to the terms of the Settlement Agreement. In the event that any Class Member initiates any legal action relating to the subject matter of this litigation prior to the Final Approval Hearing, Class Counsel and/or counsel for NextGear shall apprise the Court of such action so that the Court may take appropriate measures in furtherance of the Court's jurisdiction over this Settlement, including but not limited to the issuance of injunctive relief.

20. NextGear shall not respond to inquiries from Class Members regarding the Settlement Agreement other than to refer such Class Member inquiries regarding the Settlement Agreement to Class Counsel, the Settlement Administrator, the www.donlinrecano.com/rbm website, or to the written question and answer scripts and FAQs referred to above.

21.     Any Class Member may enter an appearance in the litigation, at his, her, or its own expense. Any Class Member who does not enter an appearance or submit an objection will be represented by Class Counsel.

22.     Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, Class Members, or NextGear of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in this litigation are or were not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding except one to enforce the Settlement Agreement, including the agreed release by a Class Member(s), or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature.

23.     In the event that the Settlement Agreement is terminated or is not finally approved by the Court, the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

SO ORDERED, this _____ day of _____, 2021.

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana