IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,<br><br>    Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**JOINT MOTION TO MAINTAIN
EXHIBITS B-1 AND B-2 TO SETTLEMENT AGREEMENT UNDER SEAL
AND BRIEF IN SUPPORT**

Plaintiffs and Defendant NextGear Capital, Inc. ("NextGear") have agreed to settle this matter on a class-wide basis. Exhibits to the Settlement Agreement and Release list the allocation of settlement payments to each class member. Those exhibits contain class members' account information, as well as information about certain class members' status as debtors to NextGear. To protect this private and confidential information from public disclosure, the parties jointly and respectfully move the Court for an Order sealing Exhibits B-1 and B-2 to the Settlement Agreement and Release. The remainder of the Settlement Agreement and Release, including the method of allocation of payments to class members, has been filed and is available to the public.

## Background

The Settlement Agreement and Release executed by the parties has been publicly filed with the motion for preliminary approval of the settlement. [Doc. 373-9.] The Settlement

Agreement and Release provides that the settlement consideration to be paid by NextGear involves two parts: a cash payment and a setoff credit allocation. Cash payments will be made to those class members whose damages claim exceeds the amount of their outstanding obligations to NextGear. Setoff credits will be allocated to those class members who have outstanding obligations to NextGear. The methodology for calculating those cash payments and/or setoff credits is set forth in section 3.2 of the Settlement Agreement and Release. [*See* Doc. 373-9 at 7-8.] The specific amount of cash payments and/or setoff credits that each class member can expect to receive under the settlement agreement's plan of allocation is listed in Exhibits B-1 and B-2, respectively. The exhibits contain the NextGear dealer number, the dealer name, and the amount of the payment or setoff credit for each class member. In addition, if the Court grants the motion for preliminary approval, each class member will receive a class settlement notice that states the amount of the payment and/or credit to be paid to that class member. [*See id.* at A-6.]

**Argument**

Good cause exists to seal Exhibits B-1 and B-2 to the settlement agreement.

First, Exhibits B-1 and B-2 contain financial account numbers: each class member's dealer number with NextGear. Under Fed. R. Civ. P. 5.2(a), financial account numbers should be protected from public disclosure.

Second, Exhibits B-1 and B-2 could potentially subject class members and others to negative financial consequences if publicly available. Class members listed on Exhibit B-2, by definition, had or have outstanding obligations owed to NextGear. Likewise, the fact that a dealer is a class member but is not listed on Exhibit B-1 may also suggest that the class member has an outstanding obligation to NextGear. Class members could argue that a public court filing indicating they are or were indebted to NextGear affected their ability to obtain credit from other

companies, thereby raising the potential for claims by class members for publicly disclosing the existence of a debt. Additionally, because this case involves a nationwide class, and many dealers across the country have similar names, making Exhibits B-1 and B-2 available publicly could affect other dealers who are not members of the class.

Third, sealing these exhibits will not limit the relevant information available to the public. The plan of allocation—that is, the mechanism by which class members' settlement payments or credit allocations have been calculated—is set forth in the Settlement Agreement and Release itself. That document has been filed publicly, not under seal. And each class member will receive information in the class settlement notice about its estimated payment or credit allocation. Thus, even if Exhibits B-1 and B-2 are maintained under seal, the public will be able to fully evaluate the settlement, and the class members will be able to fully evaluate the benefits they will receive from the settlement.

Because Exhibits B-1 and B-2 contain sensitive financial information, for the protection of the class members, they should be maintained under seal. The parties agree and acknowledge that if the Court grants this motion and orders Exhibits B-1 and B-2 to be maintained under seal, the parties, their counsel, and the Settlement Administrator shall be prohibited from disclosing, or causing the disclosure of, Exhibits B-1 and B-2 to the public or any third party.

## Conclusion

For the reasons stated above, the parties jointly request that this Court enter an Order permitting Exhibits B-1 and B-2 to the Settlement Agreement and Release to be maintained under seal.

Respectfully submitted, this 2nd day of June, 2021.

 *s/ Tracey K. Ledbetter*
Thomas M. Byrne (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
(404) 853-8000
(404) 853-8806 fax
tombyrne@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

David J. Jurkiewicz (18018-53)
Paul D. Vink (23785-32)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
djurkiewicz@boselaw.com
pvink@boselaw.com

*Attorneys for Defendant NextGear Capital, Inc. f/k/a Dealer Services Corporation*

 *s/ Kerry A. Murphy (with permission)*
Kerry A. Murphy (*pro hac vice*)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130
Telephone: (504) 603-1502
Facsimile: (504) 603-1503
kmurphy@kerrymurphylaw.com

James M. Garner (*pro hac vice*)
Ryan D. Adams (*pro hac vice*)
Jacob A. Airey (*pro hac vice*)
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

4

jgarner@shergarner.com
radams@shergarner.com
jairey@shergarner.com

Gladstone N. Jones, III (*pro hac vice*)
Lynn E. Swanson (*pro hac vice*)
JONES SWANSON HUDDELL &
DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

Cassie E. Felder (*pro hac vice*)
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 2nd day of June, 2021:

Ryan D. Adams
James M. Garner
Jacob A. Airey
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
radams@shergarner.com
jgarner@shergarner.com
jairey@shergarner.com

Kerry A. Murphy
KERRY MURPHY LAW LLC
kmurphy@kerrymurphylaw.com

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
cassie@cassiefelderlaw.com

Gladstone N. Jones, III
Lynn E. Swanson
JONES SWANSON HUDDELL &
DASCHBACH LLC
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kathleen A. DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

    *s/ Tracey K. Ledbetter*
Tracey K. Ledbetter