**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC., individually and on behalf of other members of the general public similarly situated,** ) ) ) ) ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,** ) ) | **Case No. 1:14-cv-01589-TWP-DLP** |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, EXPENSES,
<u>AND REPRESENTATIVE PLAINTIFFS' INCENTIVE AWARDS</u>**

Class Counsel[1] for Plaintiffs Red Barn Motors, Inc. ("Red Barn"), Platinum Motors, Inc.

("Platinum Motors"), and Mattingly Auto Sales, Inc. ("Mattingly Auto"), on behalf of a certified

class of 17,208 used car dealerships  (collectively, "Plaintiffs") respectfully move this Court for

an Order awarding Class Counsel legal fees of 1/3 of the Common Fund, as well as reimbursement

of $300,000.00 in costs in conjunction with the proposed Settlement Agreement with Defendant

NextGear Capital, Inc., formerly known as Dealer Services Corporation, ("NextGear"). Class

Counsel have previously moved the Court for preliminary approval of the Settlement Agreement

[Filing No. 373], and received such approval on June 7, 2021 [Filing No. 378].

---

[1] Capitalized terms have the definitions assigned to them in Plaintiffs' Motion for Preliminary Approval [Filing No. 373].

## I.     INTRODUCTION

Class Counsel seek a fee award of $2.25 million (which is one-third of the Common Fund) and an award of costs and expenses of counsel, upon the Court's final approval of the Settlement Agreement in this hard-fought class action that has been pending for more than seven years.[2] Class Counsel are entitled to a fee award for taking on a risky and complex case representing a class of 17,208 used car dealers and achieving a recovery of $6.75 million. This case was certified as a class action, before being decertified, then being revived as a class action because of Class Counsel's successful appeal to the Seventh Circuit.

The proposed Settlement Agreement is the culmination of more than seven years of intensely adversarial litigation, during which Class Counsel have incurred substantial costs and have spent thousands of hours pursuing this case. Class Counsel have briefed multiple rounds of motions to dismiss and summary judgment, taken or defended nearly 20 depositions, and litigated numerous discovery-related motions. A one-third fee is standard in this Circuit and in courts around the country, and is less than the fee that Class Counsel bargained for in their engagement agreements with the named Plaintiffs.

Class Counsel also seek reimbursement for $300,000.00 of the more than $408,656.18 expenses they have incurred over the course of this litigation, which they would have borne themselves had this case not reached a successful result.[3] Class Counsel have agreed to pay for all

---

[2] Plaintiffs recognize that they and Class Counsel will not be entitled to the fees, expenses, and incentive awards requested in this motion unless this Court enters an order granting final approval of the Settlement Agreement. Furthermore, the relief requested in this motion is not intended to alter the procedures for disbursement of these amounts as set forth in the Settlement Agreement.

[3] *See* Declarations filed in support of Plaintiffs' Motion for Preliminary Approval [Filing No. 373-3-7] detailing Class Counsel's expenses incurred, incorporated herein by reference. *See also* Declaration of Lynn E. Swanson in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Representative Plaintiffs' Incentive Awards, attached hereto as Exhibit A, showing the increased costs incurred since the previous Declarations were filed.

costs incurred over $300,000.00. In addition, each of the three named Plaintiffs is seeking an incentive award of $7,500.00 to compensate them for their substantial participation in this case over much of the last seven years.

## II.      BACKGROUND

This memorandum incorporates by reference the Background section of Plaintiffs' Motion for Preliminary Approval [Filing No. 373 at 5-12], which details the risks inherent in this case, the considerable litigation efforts and expenses undertaken by Class Counsel in representing the 17,208 Class Members, the efforts of the representative Plaintiffs, and the substantial relief that Class Members will receive under the proposed Settlement Agreement.

## III.     THE COURT SHOULD AWARD A ONE-THIRD FEE.

Class Counsel seeks a fee of $2.25 million, which amounts to one-third of the Common Fund,[4] as compensation for their significant work over the course of litigating for more than seven years, for a substantial settlement that recovers millions of dollars in interest Plaintiffs' expert calculated that NextGear overcharged the Class Members, and for taking substantial risks in litigating the case on a contingency fee basis. For the reasons discussed below, the requested fee is reasonable and reflects the prevailing rate for similarly complex cases.

### A. Under Seventh Circuit Case Law, Class Counsel Should Be Compensated With A Percentage Of The Common Fund, Reflecting A Hypothetical Ex Ante Bargain Between The Class And Its Attorneys.

"When a settlement yields a common fund for class members, fees must be paid from the recovery." *Will v. Gen. Dynamics Corp.*, No. CIV. 06-698-GPM, 2010 WL 4818174, at *1 (S.D.

---

[4] The Settlement Agreement, Section 3.1, defines "Common Fund" as "NextGear agrees to pay a total of six million, seven hundred fifty thousand dollars ($6,750,000), inclusive of Class Settlement Notice and Administrative Costs, attorneys' fees, and expenses, comprised of a cash payment of four million, two hundred fifty thousand dollars ($4,250,000) and a setoff credit against amounts Class Members owe to NextGear of two million, five hundred thousand dollars ($2,500,000). [Filing No.  373].

Ill. Nov. 22, 2010) (*citing Boeing Co. v. Van Gernert*, 444 U.S. 472, 481 (1980)). Under Federal Rule of Civil Procedure 23(h), an attorneys' fee for representation of the class must be "reasonable." "The Seventh Circuit Court of Appeals uses a percentage basis rather than a lodestar or other basis when determining a reasonable fee." *Will*, 2010 WL 4818174, at *2 (citing *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir.1998); *Florin v. Nationsbank of Georgia, NA*., 34 F.3d 560, 566 (7th Cir. 1994)); *see also Cooper v. IBM Pers. Pension Plan*, No. 99-829-GPM, 2005 WL 1981501, at *3 (S.D. Ill. Aug. 16, 2005), *reversed and remanded on other grounds*, 457 F.3d 636 (7th Cir. 2006) ("The approach favored in the Seventh Circuit is to compute attorney's fees as a percentage of the benefit conferred on the class.").

In this Circuit, "[i]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." *In re Continental Ill. Sec. Litig*., 962 F.2d 566, 568 (7th Cir. 1992). Thus, a reasonable fee for class counsel is one that "mimic[s] a hypothetical ex ante bargain between the class and its attorneys." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011). "The market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case." *In re Synthroid Mktg. Litig*., 264 F.3d 712, 721 (7th Cir. 2001); *see also Williams*, 658 F.3d at 635 ("The court must base the award on relevant market rates and the ex-ante risk of nonpayment"); *Isby v. Bayh*, 75 F.3d 1191, 1198- 99 (7th Cir. 1996) ("the likely complexity, length and expense of litigation" are factors in reasonableness of a fee award). A court must account for risk in setting a fee award. *See, e.g.*, *Sutton v. Bernard*, 504 F.3d 688, 694 (7th Cir. 2007); *see also*, *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 833 (7th Cir. 2018). A court may

4

not assume "that class counsel were certain to obtain a settlement entitling them to a fee commensurate with their efforts." *In re Continental*, 962 F.2d at 569-70. In adopting this market-mimicking test, the Seventh Circuit has distinguished its approach from that of other circuits. *See In re Synthroid*, 264 F.3d at 719 (discussing the approach adopted by the Second Circuit).

### B.      A One-Third Fee Reflects the Prevailing Rate for Fee Awards.

"The first benchmark is actual agreements." *In re Synthroid*, 264 F.3d at 719. All three Class Representatives signed the Engagement Agreement with Class Counsel, wherein the Plaintiffs authorized their attorneys to seek attorneys' fees of 40% of the value of the gross recovery if the matter was resolved and settled prior to the beginning of the pretrial conference; 45% of the value of the gross recovery if the matter was resolved and settled after the beginning of the pretrial conference but before any notice of appeal was filed; and 50% of the value of the gross recovery if the matter was resolved after either party filed a notice of appeal, petition in error, or other instrument that initiates an appeal, whether the case is presented in a jury or bench trial. *See* Declaration of James M. Garner, ¶ 6 ("Garner Decl.")[Filing No. 373-3]. The Engagement Agreement further states the calculation of the fee due shall be computed on the "gross recovery," meaning, for the purposes of the Engagement Agreement, the "principal, interest, penalties, litigation costs, and expenses and all other amounts recovered or to be recovered, including the value of any structured settlement, future payments, remediation, restoration, or non-pecuniary benefits, whether by suit, settlement, judgment or otherwise, prior to any reduction for the reimbursement of costs and expenses of the matter as described herein." *Id*. at ¶ 7. In the event of a successful recovery, Plaintiffs also agreed to pay all costs and expenses, which "shall be deducted from Plaintiff's share of that recovery." *Id*. at ¶ 8. Thus, Class Counsel is seeking substantially less in legal fees (1/3) than the engagement agreement provides (40%-50%). *Id*. at ¶ 6. Such provision

would be triggered here as Class Counsel took a successful appeal to the Seventh Circuit after the class was decertified. [Filing No. 273].

Next, "[t]o determine the market for attorney's fees, the court should look to 'information from other cases.'" *Williams*, 658 F.3d at 635. Courts have authorized one-third contingency fees in numerous cases. *See, e.g.*, *Ormond v. Anthem, Inc.*, No. 1:05-CV-01908-TWP, 2012 WL 5878032, at *5 & n.3 (S.D. Ind. Nov. 20, 2012) (awarding attorneys' fee of $30 million, one-third of entire $90 million common fund; collecting numerous cases in this Circuit in which courts have supported "a percentage market rate of 33.3%" when granting attorneys' fees). "Courts in this Circuit routinely award a percentage of the gross common fund without netting out separately awarded costs…" *Hale v. State Farm Mut. Auto. Ins. Co*., 12-0660-DRH, 2018 WL 6606079, at *13 (S.D. Ill. Dec. 16, 2018).[5]  *See also*, *Burnett v. Conseco Life Ins. Co.*, 2021 WL 119205, at *10 (S.D. Ind. Jan. 13, 2021)(approving 1/3 legal fees in class action).

---

[5] While the Seventh Circuit has stated that "administrative costs" should be excluded from the denominator in assessing the reasonableness of class counsel's percentage fee in a class action (*see Redman v. RadioShack Corp*., 768 F.3d 622, 630 (7th Cir. 2014)), numerous cases have awarded legal fees based on the common fund recovered. *See, e.g., Hale v. State Farm Mut. Auto. Ins. Co*., No. 12-0660-DRH, 2018 WL 6606079, at *13, 16 (S.D. Ill. Dec. 16, 2018) (awarding one-third of $250 million settlement fund, net of $2.1 million in settlement notice and administration expenses); *Young v. Cnty. of Cook*, No. 06 C 552, 2017 WL 4164238, at *6 (N.D. Ill. Sept. 20, 2017) (awarding one-third of common fund, net of administrative expenses); *Spano v. Boeing Co.,* No. 06-743, 2016 WL 3791123 (S.D. Ill. Mar. 31, 2016), at *2 (awarding $19 million, one-third of entire $57 million common fund); *In re Dairy Farmers*, 80 F. Supp. 3d at 847 (awarding $15.33 million, one-third of entire $46 million common fund); *Standard Iron Works v. ArcelorMittal*, No. 08 C 5214, 2014 WL 7781572, at *1 (N.D. Ill. Oct. 22, 2014) (awarding $54.097 million, 33 percent of entire $163.9 million common fund, and noting that this "comports with the prevailing market rate for legal services of similar quality in similar cases."); *Beesley v. Int'l Paper Co*., No. 3:06-CV-703-DRH-CJP, 2014 WL 375432, at *2 (S.D. Ill. Jan. 31, 2014) (awarding $10 million, one-third of entire $30 million common fund, and noting this is "consistent with the market rate"); *Fosbinder-Bittot f v. SSM Health Care of Wis., Inc*., No. 11-CV-592-WMC, 2013 WL 5745102, at *1 (W.D. Wis. Oct. 23, 2013) (awarding one-third of entire common fund); *George v. Kraft Foods Global, Inc.*, No. 1:07-CV-1713, 2012 WL 13089487, at *4 (N.D. Ill. June 26, 2012) (awarding one-third of entire common fund); *City of Greenville v. Syngenta Crop Prot., Inc*., 904 F. Supp. 2d 902, 908-09 (S.D. Ill. 2012) ("the normal rate of compensation in the market is 33.33%

Even though settlements typically require plaintiffs to accept less than they believe they ultimately would be entitled to after a successful trial on the merits, this does not justify a reduction in the one-third contingency fee. *See In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *19 (C.D. Cal. June 10, 2005) (awarding a one-third fee where "no party disputes that the Common Fund of $27,783,000.00, which represents 36% of the class' total net loss . . . of approximately $78 million, is an exceptional result in this case."); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320, 326 (E.D.N.Y. 1993) (awarding 33.8% fee where class counsel recovered 10% of the class's alleged damages).[6]

## C.   A One-Third Fee Is Justified in Light of the Riskiness of This Case.

A $2.25 million fee is also justified because of the substantial risk that Class Counsel took on in litigating this case. NextGear is a large corporation that plays a dominant role in the used car

---

of the common fund recovered."); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 601 (N.D. Ill. 2011) (awarding one-third of entire common fund); *Harzewski v. Guidant Corp.*, No.05-cv-01009, Doc. 194 (S.D. Ind. Sept. 10, 2010) (38% fee); *Meyenburg v. Exxon Mobil Corp.*, 2006 WL 2191422, at *2 (S.D. Ill. July 31, 2006) ("33 1/3 % to 40% (plus the cost of litigation) is the standard contingent fee percentages in this legal marketplace for comparable commercial litigation.").

[6] Class Counsel are not including a full lodestar analysis in this brief, because "[t]he use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive." *Will*, 2010 WL 4818174, at *3. Thus, "the 'use of a lodestar cross-check has fallen into disfavor.'" *Hale*, 2018 WL 6606079, at *13; *see also Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 115CV02062TWPMPB, 2019 WL 4193376, at *5 (S.D. Ind. Sept. 4, 2019) ("In determining fees in a common fund class action settlement the use of a lodestar cross-check is no longer recommended in the Seventh Circuit."). As the Seventh Circuit has noted, "'[t]he client cares about the outcome alone' and class counsel's efficiency should not be used 'to reduce class counsel's percentage of the fund that their work produced.'" *In re Synthroid*, 325 F.3d at 979-80. Thus, "consideration of a lodestar check is not an issue of required methodology," *Williams*, 658 F.3d at 636, and the Seventh Circuit "ha[s] never ordered the district judge to ensure that the lodestar result mimics that of the percentage approach." *Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998). Class Counsel therefore are not providing a lodestar analysis in this brief, but will provide that information at the Court's request.

lending industry. This case involved a nationwide class action of small used car dealers, mostly mom and pop type operations. The interest calculation issues contained within NextGear's contract were complex. The Class Representatives also asserted that a conspiracy existed between the used car auction houses and NextGear, with NextGear using its dominant role in the industry to punish certain used car dealers. Conspiracy allegations are often difficult to prove, and the Court here dismissed the causes of action based on those allegations, maintaining Plaintiffs' breach of contract claims against NextGear. Class Counsel also did not know exactly how many dealers would be involved in the class and what the potential damages could be. The Court eventually excluded a large number of potential class members based on an arbitration agreement. Further, class certification presented difficult issues, which was evident from the numerous rulings and appeals on the class certification issues. Further, throughout this litigation, NextGear has asserted various defenses on the merits, which this Court detailed in its Order after remand. [Filing No. 315, at 9-19].

**D.     Class Counsel Has Performed High Quality Work Over Several Years.**

Factors to be considered in a fee award include "the quality of [class counsel's] performance" and "the amount of work necessary to resolve the litigation." *In re Synthroid*, 264 F.3d at 721; *see also Taubenfeld v. AON Corp.*, 415 F.3d 597, 600 (7th Cir. 2005) ("evidence of the quality of legal services rendered" is a relevant factor). Multiple lawyers from separate firms have worked together as a team to provide the Class Members years of high-quality legal work. Class Counsel have performed an enormous volume of work over the seven-plus years that this case has been pending. *See* Attorney Declarations, [Filing Nos. 373, 3-7]. As detailed further in the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval, Class Counsel drafted an extremely detailed First Amended Complaint based on extensive research into the facts of this case, and have briefed multiple rounds of dispositive motions, briefed the class certification

8

issue multiple times, and even took a successful appeal to the Seventh Circuit after the class was decertified. [Filing No. 273].  Discovery was also hard-fought, as Class Counsel issued seven sets of written discovery, defended four motions to stay discovery, reviewed tens of thousands of documents, took or defended nearly 20 depositions, worked with experts to issue expert reports, deposed expert witnesses, and filed/opposed Motions in Limine regarding expert witnesses. *Id*. at 6-8 [Filing No. 373]. The Docket itself runs over 380 entries (and counting). Class Counsel has also spent the last six months negotiating the fine print of the Settlement Agreement with NextGear in an effort to obtain the best possible deal for the Class, and prior to that, spent nearly four months negotiating the term sheet for the settlement. *Id*. Class Counsel has spent numerous hours dealing with Class Notice issues and communicating with Class Members since the Court entered the Preliminary Approval Order.

Finally, the quality of Class Counsel's work in this case is apparent. The Settlement Agreement itself is a testament to the quality of Class Counsel's work. The Settlement Agreement recovers several million dollars in interest that Plaintiffs' expert calculated that NextGear overcharged Class Members. While the pro rata settlement amounts are necessarily reflective of the number of transactions a particular class member had, over a quarter of Class Members receiving a cash payment will receive more than $100.00, and the highest cash payment amount is almost $6,400.00. *See* Settlement Agreement Ex. B-1 [Filing No. 373]. Over half of the Class Members receiving a credit will receive a credit of more than $100.00, and the highest credit payment amount is over $16,000.00. Notably, Class Counsel also achieved the appellate reversal of the Decertification Order from the Seventh Circuit, which vacated the Court's Decertification Order, reinstating the class. [Filing No. 273].

## IV.   CLASS COUNSEL'S EXPENSES AND SETTLEMENT ADMINISTRATION EXPENSES SHOULD BE REIMBURSED FROM THE COMMON FUND.

In addition to a reasonable fee, Class Counsel seek reimbursement of expenses incurred in this litigation and in the administration of the Settlement Agreement. "It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court reporters; travel expense; copy, phone and facsimile expenses and mediation." *Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 115CV02062TWPMPB, 2019 WL 4193376, at *6 (S.D. Ind. Sept. 4, 2019); *see also* Fed. R. Civ. P. 23(h); *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *Hale*, 2018 WL 6606079, at *14; *Beesley v. Int'l Paper Co.*, 2014 WL 375432, at *2 (S.D. Ill. Jan. 31, 2014), at *3 (S.D. Ill. Jan. 31, 2014). Furthermore, this request for expenses is authorized by Class Counsel's agreements with the named Plaintiffs. *See* Garner Decl. ¶ 7.

The expenses for which Class Counsel seeks reimbursement include expert fees; mediator fees; discovery vendor fees; class-wide settlement administration fees; court reporter fees; filing fees; copying costs; and the cost of travel, lodging, and incidental expenses for hearings, depositions, and mediation sessions. *Id*. As of April 2021, Class Counsel has incurred over $408,656.18 in expenses. *See id*. ¶ 9; Declaration of Lynn Swanson [Filing No. 373-4] ¶ 9; Declaration of Kerry Murphy [Filing No. 373-5] ¶ 9, and Declaration of Lynn Swanson, ¶ 9, attached hereto as Exhibit A.[7] Because Class Counsel would have borne these costs had this case not reached a successful resolution, Class Counsel had every incentive to—and, in fact, did—incur only reasonable expenses.[8] Further, Class Counsel is agreeing to limit its expenses sought herein

---

[7] *See also supra* note 3. Not included in the $408,656.18 in costs is Ms. Felder's approximately $10,000 in unreimbursed expenses). Declaration of Cassie Felder [Filing No. 373-7].

[8] *Beesley*, 2014 WL 375432, at *3 ("Class Counsel had a strong incentive to keep expenses at a reasonable level due to the high risk of no recovery when the fee is contingent."). "Further, the fact that Class Counsel does not seek interest as compensation for the time value of money or costs

to $300,000.00 and will pay for any expenses above that amount, which are substantial. *See* Settlement Agreement, ¶ 9.2 [Filing No. 373-9].

## V.     EACH REPRESENTATIVE PLAINTIFF SHOULD BE COMPENSATED WITH A $7,500 INCENTIVE AWARD.

Plaintiffs Red Barn, Platinum Motors, and Mattingly Auto, are seeking $7,500 each as incentive awards for their service as class representatives. As discussed below, incentive awards encourage individuals to serve as class representatives and compensate them for their time and effort spent in litigation.

"Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook*, 142 F.3d at 1016. "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.; see also Hale*, 2018 WL 6606079, at *15 (class representatives' work "reviewing pleadings, responding to discovery requests, producing documents, sitting for depositions, preparing for trial, remaining in contact with Class Counsel, and overseeing the litigation" justified incentive award).

The representative Plaintiffs in this case have withstood thorough depositions by Defendants' counsel, provided written responses and documents responsive to discovery requests, reviewed pleadings, remained in contact with Class Counsel, and been kept apprised of the status of this litigation and settlement negotiations throughout this entire case. *See* Garner Decl. ¶ 14 [Dkt. 373-3]. "Without their commitment to pursuing these claims, the successful recovery for the

---

associated with advancing these expenses to the Class makes this fee request all the more reasonable." *Id.*

Class would not have been possible." *Bell*, 2019 WL 4193376, at *6. "Awards of $25,000 for each Plaintiff are well within the ranges that are typically awarded in comparable cases." *Will*, 2010 WL 4818174, at *4; *see also, e.g., Cook*, 142 F.3d at 1016 ($25,000 award); *Hale*, 2018 WL 6606079, at *15 ($25,000 awards to three representatives); *Spano v. Boeing Co.,* No. 06-743, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016), ($25,000 awards to two representatives); *Abbott v. Lockheed Martin Corp.*, No. 06-CV-701-MJR-DGW, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015) ($25,000 award); *Spicer v. Chi. Bd. Options Exch., Inc*., 844 F. Supp. 1226, 1267-68 (N.D. Ill. 1993) ($30,000 award). Such awards are particularly appropriate in cases, like this one, that have taken years to resolve. *Ormond*, 2012 WL 5878032, at *1 (awarding $25,000 each to two representative plaintiffs who "committed considerable time and effort over the seven years of litigation").

## CONCLUSION

For the foregoing reasons, the Court should enter an order, contingent on final approval of the Settlement Agreement, awarding (1) $2.25 million to Class Counsel in attorneys' fees; (2) $300,000.00 to reimburse Class Counsel for reasonable litigation and settlement administration expenses incurred in this case to date; and (3) $7,500.00 each to Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc., for their service as representative Plaintiffs in this case. These awards and reimbursements shall be made in accordance with the terms of the Settlement Agreement.

Respectfully submitted, this 27th day of August, 2021.

                      __s/James M Garner_____
James M. Garner (*pro hac vice*)
Ryan D. Adams (*pro hac vice*)
Jacob A. Airey (*pro hac vice*)
SHER GARNER CAHILL RICHTER KLEIN &
HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
radams@shergarner.com
jairey@shergarner.com

Gladstone N. Jones, III (*pro hac vice*)
Lynn E. Swanson (*pro hac vice*)
JONES SWANSON HUDDELL &
DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

Kerry A. Murphy (*pro hac vice*)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130
Telephone: (504) 603-1502
Facsimile: (504) 603-1503
kmurphy@kerrymurphylaw.com

Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 0404
Kathleen@delaneylaw.net

Cassie E. Felder (*pro hac vice*)
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806
Main: (504) 232-1733
Cell: (504) 400-1127
cassie@cassiefelderlaw.com

***Attorneys for Plaintiffs and the Class***