UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

| | | |
|---|---|---|
| **RED BARN MOTORS, INC.,** | * | DOCKET NO. 1:14-cv-01589-TWP-DLP |
| **PLATINUM MOTORS, INC., and** | * | |
| **MATTINGLY AUTO SALES, INC.,** | * | CLASS ACTION |
| individually, and on behalf of other | * | |
| members of the general public | * | |
| similarly situated, | * | |
| | * | |
| v. | * | |
| | * | |
| **NEXTGEAR CAPITAL, INC.,** | * | |
| **F/K/A DEALER SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF KINGS     )

I, John Burlacu, declare:

1. I am over the age of 18 years and not a party to this class action case.

2. I am employed by Donlin, Recano & Company, Inc. ("DRC"), 6201 15th Avenue, Brooklyn, NY 11219.

3. On the 2nd day of July, 2021, at my direction and under my supervision, employees of DRC caused to be served the following materials via First Class US Mail upon the parties as set forth on Exhibit C, and via electronic mail commencing on the 1st day of July, 2021 and completing on the 2nd day of July, 2021 upon the parties as set forth on Exhibit D, attached hereto.

    a. *Notice of Settlement of Class Action Lawsuit*; attached hereto as Exhibit A;

    b. Form W-9, Request for Taxpayer Identification Number and Certification, attached hereto as Exhibit B; and

    c. a postage pre-paid return envelope addressed to DRC.

**EXHIBIT 2**

4. On the 2nd day of July, 2021, at my direction and under my supervision, employees of DRC caused to be served the *Notice of Settlement of Class Action Lawsuit* via First Class US Mail upon the parties as set forth on <u>Exhibit E</u>, and via electronic mail commencing on the 1st day of July, 2021 and completing on the 2nd day of July, 2021 upon the parties as set forth on <u>Exhibit F</u>, attached hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge. Executed this 12th day of July, 2021, Brooklyn, New York.

_____
John Burlacu

Sworn before me this
12th day of July, 2021

_____
Notary Public

SUNG JAE KIM
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KI6211176
MY COMM. EXP. SEPTEMBER 14, 2021

# EXHIBIT A

**IF YOU ARE A USED CAR DEALER WHO HAD FLOORPLAN AGREEMENT(S) WITH DEALER SERVICES CORPORATION, NOW KNOWN AS NEXTGEAR CAPITAL, INC., AT ANY TIME BETWEEN JANUARY 2005 AND JULY 2013, AND FLOOR PLANNED ONE OR MORE VEHICLES WITH DSC/NEXTGEAR UNDER SUCH AGREEMENT, BUT DID NOT SIGN AN AGREEMENT CONTAINING AN ARBITRATION OR CLASS ACTION WAIVER PROVISION, YOU MAY BE ELIGIBLE FOR A PAYMENT IN A CLASS ACTION SETTLEMENT.**

**THIS NOTICE MAY AFFECT YOUR RIGHTS
A COURT AUTHORIZED THIS NOTICE
THIS IS NOT A SOLICITATION FROM A LAWYER**

**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT**

This Notice states your rights and provides you with information regarding a proposed settlement of a class action ("Settlement") against NextGear Capital, Inc., formerly known as Dealer Services Corporation ("NextGear"), pending in the Southern District of Indiana in *Red Barn Motors, et al. v. NextGear Capital, Inc., et al.*, Case No. 1:14-cv-01589-TWP-DLP (the "Litigation").

Court-appointed lead plaintiffs, Red Barn Motors, Inc., Mattingly Auto Sales, Inc., and Platinum Motors, Inc. ("Class Representatives"), on behalf of the Class and California Subclass (as defined below) have reached a proposed settlement that will resolve all individual and Class Member claims that were or could have been brought against the Released Parties in this Litigation. On **June 7, 2021**, the Court granted preliminary approval of the Settlement.

A hearing at which the Court will consider whether to grant final approval of the Settlement is scheduled for **September 28, 2021 at 2:00 p.m.** This Notice explains what this class action is about, the general terms of the Settlement, and your rights concerning approval of the Settlement.

1. **What is this lawsuit about?**

   The Class Representatives, on their own behalf and on behalf of the Class Members, allege that NextGear breached its contracts with Class Members by charging interest on money not yet actually loaned with respect to certain advances, resulting in additional interest charges that the Class Members never agreed to pay. The Class Representatives filed this lawsuit to ask the Court to find that NextGear's alleged conduct caused money damages. NextGear denies these allegations, denies that it breached the contracts with the Class Members, and denies all liability.

   On February 26, 2020, the Court certified a Class and California Subclass of dealers who could pursue a breach of contract claim against NextGear as a class action. The Class and California Subclass were defined as follows:

> Class:  All used car dealers in the United States of America that were parties to a floorplan agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision.
>
> California Subclass:  All California used car dealers that were parties to a floorplan agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which floorplan agreement requires the application of California law, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision.

Members of the Class, including members of the California Subclass, are referred to herein as "Class Members."  Notice was provided to Class Members in 2020 as required by the Court, and Class Members were given the opportunity to opt out of the Class and the California Subclass at that time.  If you come within the definition of the Class and/or the California Subclass and did not timely opt out in writing, you are a Class Member and you may no longer opt out of the class.

**2.    What are the terms of the proposed settlement?**

The Class Representatives and NextGear have agreed to the settlement described below prior to trial or any finding of liability.  A complete version of the Settlement Agreement and the Court's order granting preliminary approval are available for your review at www.donlinrecano.com/rbm.  The Class Representatives and Class Counsel believe that the settlement is fair, reasonable, and in the best interests of the Class Members.  Class Counsel have considered a number of factors, including: (i) an assessment of the likelihood that the Class Members would prevail at trial; (ii) the range of possible recovery available to Class Members as a result of such a trial; (iii) the consideration provided to Class Members pursuant to the Settlement, as compared to the range of possible recovery discounted for the inherent risks of litigation; (iv) the complexity, expense, and possible duration of the Litigation in the absence of a settlement; and (v) the stage of proceedings at which the Settlement was reached.  The Court has determined, preliminarily, that this settlement is within the range of being fair, reasonable, and in the best interests of the Class Members, subject to the hearing on final approval of the settlement.  The main terms of the Settlement are as follows:

*Membership in the Class*:  In order to participate in the Settlement, you must be a member of the Class or California Subclass previously certified by the Court in this Litigation, which means you must fall under the description of the Class provided in Section 1 above.  If you do not fall under that description, or if you previously opted out of the Class and/or the California Subclass in writing, you are not eligible to participate in this settlement and this settlement does not impact your rights.

*Settlement Consideration*:  In consideration for the release of all claims described below, NextGear will pay a total of six million, seven hundred fifty thousand dollars ($6,750,000), comprised of a cash payment of four million, two hundred fifty thousand dollars ($4,250,000)

and a setoff credit against amounts Class Members owe to NextGear of two million, five hundred thousand dollars ($2,500,000) (together, the "Common Fund").  The Common Fund will be used (a) to pay all of the costs and expenses incurred in connection with providing notice to Class Members and administering, calculating, and distributing compensation to Class Members; (b) to pay the attorneys' fees and expenses awarded to Class Counsel by the Court; and (c) to distribute cash compensation and setoff credits to Class Members in the manner provided by the Settlement Agreement.

*Release and Dismissal With Prejudice*:  Upon final approval of the settlement, the claims filed against NextGear in the Litigation will be dismissed, and the Class Representatives and the Class Members, on behalf of themselves and their parents, subsidiaries, affiliates, successors, assigns, present and former officers, directors, shareholders, partners, members, employees, principals, guarantors, attorneys, agents, representatives, and each of their respective heirs, executors, representatives, predecessors, successors, personal representatives, attorneys, agents, and assigns, as applicable (the "Releasing Parties"), shall be deemed to have, and hereby do, fully and irrevocably release and forever discharge NextGear, Dealer Services Corporation, Cox Enterprises, Inc., Cox Automotive, Inc., and John Wick, and their corporate parents, subsidiaries, affiliates, and each of their shareholders, officers, directors, agents, representatives, employees, attorneys, insurers, heirs, predecessors, successors, and assigns (the "Released Parties") of and from any and all liability, claims, or causes of action whatsoever which the Releasing Parties have or may have against any or all of the Released Parties, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, and whether or not concealed or hidden, both at law and in equity, whether presently in existence or arising in the future, arising out of or related to interest charged under any floor plan agreements with NextGear and/or any charges or fees assessed by NextGear under any floor plan agreement, including but not limited to any claims of breach of contract, unjust enrichment, fraud or constructive fraud, unfair or deceptive business practices, violation of RICO, RICO conspiracy, tortious interference, punitive damages, or any other claim which was or could have been asserted in the Litigation.  Once the settlement is fully administered, the Litigation will be closed and dismissed with prejudice.

For clarity, NextGear reserves, and does not waive or release, any rights, claims, defenses, and/or counterclaims against any Class Member who has an outstanding obligation to NextGear after allocation of the setoff credits to Class Members.  Those rights, claims, defenses, and/or counterclaims shall survive the Litigation.

The relief provided in the Settlement Agreement and any judgment entered in the Litigation, whether favorable or unfavorable to the Class and/or California Subclass, will include and be binding on all Class Members, even if they have objected to this Settlement Agreement and even if they have other pending lawsuits or claims against any of the Released Parties.

### 3. Who is my lawyer?

The Court has appointed the following lawyers as Class Counsel to represent you and all other Class Members in the Litigation:

Kathleen A. DeLaney
DELANEY & DELANEY LLC
3646 North Washington Blvd.
Indianapolis, IN 46205

Gladstone N. Jones, III
Lynn E. Swanson
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

Kerry A. Murphy
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, LA 70130

James M. Garner
Ryan D. Adams
Jacob A. Airey
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112

Cassie E. Felder
THE CASSIE FELDER LAW FIRM
7515 Jefferson Hwy., #313
Baton Rouge, LA 70806

**4.     What about attorneys' fees, costs, and expenses?**

Since the beginning of this lawsuit in 2013, Class Counsel have not received any payment for their services in prosecuting the case, nor have they been reimbursed for any out-of-pocket expenses.  Class Counsel will seek an award of attorneys' fees in the amount of $2,250,000 (which is one-third of the Common Fund) and an award of actual litigation expenses of up to $300,000, both of which are subject to Court approval.  Additionally, the Class Representatives will ask the Court to allow payment of reasonable and necessary administrative expenses, including expenses associated with mailing notice to the Class Members and administering the Settlement, in an amount up to $400,000.  Any award of attorneys' fees, costs, and expenses approved by the Court will be payable from the Common Fund.  The Class Representatives will file a petition for an award of attorneys' fees and a motion for final approval of the Settlement with the Court at least 30 days before the date of the Final Approval Hearing identified above.

**5.     What is the Class Representatives' Service Award?**

In connection with the Court's consideration of the proposed Settlement, the Class Representatives will apply to the Court for compensation in an amount up to $7,500.00 for each

4

of the three Class Representatives due to their role in the Litigation. If awarded, this compensation would be paid separately from the Common Fund.

**6.      How much money will I receive from the Settlement?**

Under the Allocation Plan, a Class Member who does not have any outstanding obligation to NextGear, or whose Damages Claim exceeds the amount the Class Member owes to NextGear, will receive a cash payment from the Common Fund, subject to certain minimum thresholds, as described below. A Class Member who has any outstanding obligation to NextGear will receive a setoff credit allocation. Your Damages Claim will be calculated using a formula for each vehicle you floor planned with Dealer Services Corporation and paid off, based on the number of days between floor planning the vehicle and Dealer Services Corporation's funding of the vehicle and total interest charged. The calculation will be performed by Class Counsel and an expert accounting consultant they have engaged, using transactional data produced by NextGear in the Litigation. The determination of the amount of cash payments and credit allocations is final and binding upon approval of the Court.

Class Members who owe money to NextGear will receive a pro rata share of the $2,500,000 setoff credit portion of the Common Fund. If you are entitled to receive a credit allocation, NextGear will make the appropriate account credit in its system, without any further action required by you.

Class Members who do not owe money to NextGear, or whose Damages Claim exceeds the amount the Class Member owes to NextGear, will receive a pro rata share of the $4,250,000 cash portion of the Common Fund. The process for making cash payments will be as follows:

(a)    The following items will be deducted from the cash portion of the Common Fund before payments are made: (1) administrative expenses, including expenses associated with mailing notice to the Class Members and administering the Settlement, and (2) any attorneys' fees and expenses awarded to Class Counsel. The remainder after these deductions will be distributed to Class Members entitled to a cash payment.

(b)    A Settlement Administrator has been retained to distribute the cash payments to Class Members. The payments will be distributed to Class Members according to the Allocation Plan.

(c)    The Settlement Administrator will mail a check to each Class Member as described in the Allocation Plan.

(d)    Class Counsel estimate that, in the first settlement distribution, each Class Member will receive between $6 and $6,385. Any Class Member who would be entitled to a cash payment of less than $6 will not receive a distribution payment given that the costs to administer such payments are higher than the benefit.

(e)    Under the Allocation Plan, you might receive a second settlement distribution if you cash the first distribution check and funds remain after the first distribution.

The amount of your credit allocation and/or cash payment is:   **[[insert]]**

**7.     What do I need to do to receive my settlement payment?**

If your expected cash payment is $600 or higher, you will need to complete and return the enclosed taxpayer identification form (IRS W-9).  Otherwise, nothing.  If you are eligible for a setoff credit allocation, NextGear will make the appropriate account credit in its system after the Court grants final approval of the Settlement.  If you are eligible for a cash payment, the check will be mailed to you after the Court grants final approval of the Settlement.

**8.     What will happen at the Final Approval Hearing?**

A Final Approval Hearing will be held on **September 28, 2021**, at **2:00 p.m.** in the Birch Bayh Federal Building & United States Courthouse, Courtroom 344, 46 East Ohio Street, Indianapolis, IN, 46204. At the Hearing, the Court will consider several different issues, including: (a) whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate; (b) whether the Released Claims of the Class Members should be dismissed on the merits and with prejudice; (c) whether the Allocation Plan is fair, reasonable, and should be approved; (d) whether the application for attorneys' fees, costs, and expenses submitted by Class Counsel in connection with the Final Approval Hearing should be approved; (e) whether the application for Class Representatives' Service Awards to be submitted in connection with the Final Approval Hearing should be approved; and (f) such other matters as the Court may deem necessary or appropriate.

**9.     May I object to the Settlement or the petition for attorneys' fees and costs?**

Yes.  Any Class Member may object to the Settlement, Class Counsel's application for attorneys' fees, costs, and expenses, and/or to the Service Awards to the Class Representatives.  Any Class Member wishing to object must (a) file a written statement of objection electronically with the Court on or before **September 10, 2021** or (b) mail a written statement of objection by first-class postage prepaid, postmarked on or before **September 1, 2021**, to the (i) Clerk of Court, United States District Court, Southern District of Indiana, 46 East Ohio Street, Indianapolis, IN 46204, and (ii) the following parties and counsel of record:

>Donlin, Recano & Company, Inc.
>Re: Red Barn Motors, Inc.
>P.O. Box 199043
>Blythebourne Station
>Brooklyn, NY 11219
>
>Paul D. Vink
>BOSE MCKINNEY & EVANS LLP
>111 Monument Circle, Suite 2700
>Indianapolis, IN 46204

*Objections must be filed no later than **September 10, 2021** or postmarked no later than **September 1, 2021**.  Objections filed or postmarked after these dates may not be considered.*

The written statement of objection must set forth the name of the objector; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection, or who will appear at the Final Approval Hearing, if any; all grounds for the objection, accompanied by any legal support for the objection; a description of all evidence to be presented at the Final Approval Hearing in support of the objection; a statement confirming whether the objector intends to personally appear and/or seek leave to testify at the Final Approval Hearing; and the objector's signature.

Any Class Member who has submitted a written statement of objection as described above may also appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Hearing.  However, as long as you submitted your written objection on time, you do not need to attend the Hearing for your objection to be considered.

While Class Members and objectors may retain their own individual counsel, you will be responsible for the fees and costs of any counsel you retain to represent you individually.

Class Counsel and/or NextGear may file responses to any objections, papers, or briefs filed by any Class Member before the Final Approval Hearing.  Any such response shall be served by email on the person who made the objection or his, her, or its attorney.

**10.    How do I get more information?**

This notice is a summary and does not describe all the details of the proposed Settlement or this Litigation.  More information about the proposed Settlement and the Litigation is available on the internet at www.donlinrecano.com/rbm.  You may also obtain information about the proposed Settlement and/or the Litigation by one of the following means:

- By phone at 1-866-745-0266

- By email at rbminfo@donlinrecano.com

The Settlement Administrator will monitor all inquiries and respond as appropriate.

Please do not address any questions about the Settlement or the Litigation to NextGear or NextGear's counsel.  They are not permitted to provide advice or answer your questions.

**PLEASE DO NOT CONTACT THE COURT
OR THE COURT CLERK REGARDING THIS MATTER**

# EXHIBIT B

Red Barn

| Form **W-9** (Rev. October 2018) Department of the Treasury Internal Revenue Service | **Request for Taxpayer Identification Number and Certification** ▶ Go to *www.irs.gov/FormW9* for instructions and the latest information. | **Give Form to the requester. Do not send to the IRS.** |

**Print or type.**
**See Specific Instructions on page 3.**

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC    ☐ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

**Note:** Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**6** City, state, and ZIP code

Requester's name and address (optional)

**7** List account number(s) here (optional)

### Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN,* later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

☐☐☐ – ☐☐ – ☐☐☐☐

**or**

**Employer identification number**

☐☐ – ☐☐☐☐☐☐☐

### Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**   Signature of U.S. person ▶                                                                          Date ▶

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9.*

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

  Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

Cat. No. 10231X                                                                                             Form **W-9** (Rev. 10-2018)

# FILED UNDER SEAL

EXHIBIT C

# FILED UNDER SEAL

EXHIBIT D

# FILED UNDER SEAL

EXHIBIT E

# FILED UNDER SEAL

EXHIBIT F