**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC.,** individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:14-cv-01589-TWP-DLP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO MAINTAIN UNDER SEAL EXHIBITS C, D, E, AND F
TO EXHIBIT 2 TO THE DECLARATION OF JOHN BURLACU
OF DONLIN, RECANO & COMPANY, INC., ATTACHED TO THE
MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AS EXHIBIT I**

Plaintiffs and Defendant NextGear Capital, Inc. ("NextGear") have agreed to settle this matter on a class-wide basis. Exhibits C, D, E, and F to Exhibit 2 to the Declaration of John Burlacu, attached as Exhibit I to the Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Burlacu Decl.," Filing No. 384-2), Senior Director employed by Donlin, Recano & Company, Inc. ("Donlin Recano") list the names, contact information, and dealer number information for all of the Class Members.[1] To protect this private and confidential information from public disclosure, Plaintiffs respectfully move the Court for an Order maintaining Exhibits C, D, E, and F to Exhibit 2 to the Burlacu Decl. under seal. The entirety

---

[1] Capitalized terms have the definitions assigned to them in Plaintiffs' Settlement Agreement and Release, Filing No. 373-9.

of the remainder of the exhibits to the Declaration of John Burlacu, and the Settlement Agreement and Release executed by the parties and containing the method of the allocation of payments to class members ("Settlement Agreement," Filing No. 373-9) have been filed and are available to the public.

## BACKGROUND

The Declaration of John Burlacu has been publicly filed with the motion for final approval of the Settlement, as Exhibit I to the Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement. (Filing No. 384-1; Exhibit I at No. 384-2). Mr. Burlacu is a Senior Director of Donlin Recano, the Court-appointed Settlement Administrator. His declaration sets forth the work that has been done by Donlin Recano to perform all duties specified in the Settlement Agreement, as ordered by the Court. One of those duties was to send Class Settlement Notice to Class Members, by United States mail and, to the extent NextGear had email addresses for the Class Members, electronic mail. Exhibits C, D, E, and F contain lists of Class Members and include the NextGear dealer number, the dealer name, and contact information for each Class Member.

## ARGUMENT

Good cause exists to maintain Exhibits C, D, E, and F to Exhibit 2 of Burlacu's Declaration under seal.

First, Exhibits C, D, E, and F contain financial account numbers: each Class Member's dealer number with NextGear. Pursuant to Fed. R. Civ. P. 5.2(a), financial account numbers should be protected from public disclosure.

Second, Exhibits C, D, E, and F could potentially subject Class Members and others to negative financial consequences if publicly available. As is evident by the very terms of the

Settlement Agreement (Filing No. 373-9), many of the Class Members listed on the Exhibits had or have outstanding obligations owed to NextGear. Class Members could argue that a public court filing indicating they are or were indebted to NextGear affected their ability to obtain credit from other companies, thereby raising the potential for claims by Class Members for publicly disclosing the existence of a debt. Additionally, because this case involves a nationwide Class, and many dealers across the country have similar names, making Exhibits C through F available publicly could affect other dealers who are not Class Members.

Third, sealing these exhibits will not limit the relevant information available to the public. The plan of allocation—that is, the mechanism by which Class Members' settlement payments or credit allocations have been calculated—is described in detail in the Settlement Agreement. The Settlement Agreement was filed publicly at Filing No. 373-9, and is not under seal, although Exhibits B-1 and B-2 to that Agreement, which also contain Class Member information including dealer numbers, were ordered sealed by the Court in this case at Filing No. 380. And each Class Member will receive information in its individualized Class Settlement Notice about its estimated payment or credit allocation. Thus, even if Exhibits C through F are maintained under seal, the public will be able to fully evaluate the settlement, and the Class Members will be able to fully evaluate the benefits they will receive from the settlement.

Because Exhibits C, D, E, and F contain financial account numbers, for the protection of the Class Members, they should be maintained under seal. The parties agree and acknowledge that if the Court grants this motion and orders Exhibits C through F to be maintained under seal, the parties, their counsel, and the Settlement Administrator shall be prohibited from disclosing, or causing the disclosure of, Exhibits C, D, E, and F to the public or any third party.

## CONCLUSION

For the reasons stated above, Plaintiffs request that this Court enter an Order permitting Exhibits C, D, E, and F to Exhibit 2 to the Declaration of John Burlacu to be maintained under seal.

Respectfully submitted, this 27th day of August, 2021.

>/s/ Lynn E. Swanson
>Gladstone N. Jones, III (*pro hac vice*)
>Lynn E. Swanson (*pro hac vice*)
>JONES SWANSON HUDDELL &
>DASCHBACH LLC
>601 Poydras Street, Suite 2655
>New Orleans, Louisiana 70130
>Telephone: (504) 523-2500
>Facsimile: (504) 523-2508
>gjones@jonesswanson.com
>lswanson@jonesswanson.com
>
>James M. Garner (*pro hac vice*)
>Ryan D. Adams (*pro hac vice*)
>Jacob A. Airey (*pro hac vice*)
>SHER GARNER CAHILL RICHTER KLEIN & HILBERT,
>L.L.C.
>909 Poydras Street, Suite 2800
>New Orleans, Louisiana 70112
>Telephone: (504) 299-2100
>Facsimile: (504) 299-2300
>jgarner@shergarner.com
>radams@shergarner.com
>jairey@shergarner.com
>
>Kerry A. Murphy (*pro hac vice*)
>KERRY MURPHY LAW LLC
>715 Girod Street, Suite 250
>New Orleans, LA 70130
>Telephone: (504) 603-1502
>Facsimile: (504) 603-1503
>kmurphy@kerrymurphylaw.com

        Kathleen A. DeLaney (#18604-49)
        DeLaney & DeLaney LLC
        3646 North Washington Blvd.
        Indianapolis, IN 46205
        Telephone: (317) 920-0400
        Facsimile: (317) 0404
        Kathleen@delaneylaw.net

        Cassie E. Felder (*pro hac vice*)
        The Cassie Felder Law Firm
        7515 Jefferson Hwy., #313
        Baton Rouge, LA 70806
        Main: (504) 232-1733
        Cell: (504) 400-1127
        cassie@cassiefelderlaw.com

        *Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic service notification system, this 27th day of August, 2021:

Paul D. Vink
pvink@boselaw.com

Tracey K. Ledbetter
traceyledbetter@eversheds-sutherland.com

Steven D. Groth
sgroth@boselaw.com

David J. Jurkiewicz
djurkiewicz@boselaw.com

Thomas M. Byrne
tombyrne@eversheds-sutherland.com

Gladstone N. Jones
gjones@jonesswanson.com

Kathleen Ann DeLaney
kathleen@delaneylaw.net

Cassie E. Felder
cassie@cassiefelderlaw.com

Kerry A. Murphy
kmurphy@kerrymurphylaw.com

James M. Garner
jgarner@shergarner.com

Ryan D. Adams
radams@shergarner.com

Jacob A. Airey
jairey@shergarner.com

                                                /s/ Lynn E. Swanson
                                                Lynn E. Swanson