**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **RED BARN MOTORS, INC., PLATINUM MOTORS, INC., and MATTINGLY AUTO SALES, INC.,** individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>**NEXTGEAR CAPITAL, INC. f/k/a DEALER SERVICES CORPORATION,**<br><br>    Defendant. | Case No. 1:14-cv-01589-TWP-DLP |

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This matter has come before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Filing No. 390). The Court having reviewed and considered the motion and its attachments, including the terms and conditions of the Settlement as set forth in the Settlement Agreement and Release dated as of April 8, 2021 ("Settlement Agreement," Filing No. 373-9), and on the basis of such submissions and all prior proceedings in this matter including the argument of counsel on September 28, 2021, and good cause for this Order having been shown,

**IT IS HEREBY ORDERED**:

1.     The Court entered a Preliminary Approval Order on June 7, 2021 (Filing No. 378; the "Preliminary Approval Order")[1], preliminarily certifying the putative class in this action for settlement purposes under Fed. R. Civ. P. 23(e), ordering notice to potential class members,

---

[1] Capitalized terms not defined in this Final Approval Order have the meaning ascribed to them in the Settlement Agreement.

scheduling a Fairness Hearing, and providing potential class members with an opportunity to object to the proposed Settlement. The Settling Parties complied with the Preliminary Approval Order. The Court held a Fairness Hearing on September 28, 2021 at 2:00 p.m. to determine whether to give final approval to the proposed Settlement.

2. The Court has personal jurisdiction over Plaintiffs and all Class Members and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed Settlement, to settle and release the claims asserted against NextGear Capital, Inc. f/k/a Dealer Services Corporation ("NextGear") in this Litigation, including but not limited to the claims asserted in the Verified and Amended Complaint filed in the record of the Court as Filing No. 117, and to dismiss the claims against NextGear with prejudice.

3. The terms and provisions of the Settlement Agreement, including the exhibits to the Agreement, have been entered into in good faith. Pursuant to Fed R. Civ. P. 23(e)(2), the Court finds that the Settlement Agreement is fair, adequate, and reasonable.

4. The Court finds that Plaintiffs and Class Counsel have fairly, fully, and adequately represented and protected the interests of the Class, and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(e)(2)(A).

5. The Court finds that the Settlement and Settlement Agreement were negotiated at arm's length after two mediations, the last of which was followed by months of further protracted discussions and negotiations.

6. The Court finds that the relief provided for the Class is fair, reasonable, adequate, and equitable. In making this finding, the Court has taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the Plan of Allocation; (iii) the terms of the requested Class Counsel's fees and expenses, the Settlement Administration expenses, and

Plaintiffs' Service Awards, including timing of payment; and (iv) the other terms of the Settlement Agreement.

7. The Court finds that the Settlement Agreement treats Class Members equitably relative to one another.

8. The Court approves for settlement purposes the basis for Class Counsel's calculation of the cash payment and the setoff credit allocation as described in section 3.2 of the Settlement Agreement.

9. The Court finds that the Class Settlement Notice approved by the Court (Exhibit A to Filing No. 373-9) provided the best practicable notice and fairly and adequately informed Class Members of all material elements of the Litigation and the Settlement, and satisfied due process requirements and Fed. R. Civ. P. 23. The Class Settlement Notice:

  a. was reasonably calculated to apprise Class Members of (i) the pendency of this proposed class action Settlement, (ii) their right to object to any aspect of the proposed Settlement (including the fairness, reasonableness, or adequacy of the proposed Settlement; the adequacy of the Class's representation by Plaintiffs or Class Counsel; and/or the award of attorneys' fees, reimbursement of litigation expenses, and class representative fees), (iii) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (iv) the binding effect of the orders and Final Approval Order in this Litigation, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

  b. was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and

c. provided the necessary notice under the Class Action Fairness Act and, along with related required settlement documentation, was served in accordance with the Class Action Fairness Act.

10. The Settlement Agreement, defining the following certified Class and California Subclass is hereby finally approved in accordance with Fed. R. Civ. P. 23:

a. the Class includes all used car dealers in the United States of America that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision; and

b. the California Subclass includes all California used car dealers that were parties to a Floorplan Agreement with DSC, n/k/a NextGear, effective during the time period of January 2005 through July 2013, which floorplan agreement requires the application of California law, and that floor planned one or more vehicles with DSC/NextGear under such agreement, excluding any dealer that signed an agreement containing an arbitration or class action waiver provision.

11. The parties are hereby directed to execute and implement all of the remaining terms and provisions of the Settlement Agreement.

12. The named plaintiffs Red Barn Motors, Inc., Platinum Motors, Inc., and Mattingly Auto Sales, Inc. are hereby designated as Settlement Class Representatives.

13. Attorneys from the law firms of Sher Garner Cahill Richter Klein & Hilbert, L.L.C; Jones Swanson Huddell & Daschbach LLC; Kerry Murphy Law LLC; DeLaney & DeLaney LLC; and Cassie Felder Law Firm are hereby appointed as Settlement Class Counsel.

14. The Allocation Plan set forth in the Settlement Agreement is hereby approved.

15. The appointment of Donlin Recano & Co., Inc. as Settlement Administrator for the purposes of continuing to respond to Class Members with questions and distributing Settlement proceeds in accordance with the Allocation Plan is hereby confirmed. Per paragraph 9.4 of the Settlement Agreement (Filing No. 373-9), Donlin Recano shall receive all reasonable and necessary Class Settlement Notice and Administrative Costs, which shall not exceed $400,000.00.

16. The Court finds that the terms of the Settlement Agreement with Defendant NextGear Capital Inc. are not an admission by NextGear of any liability, damage, or wrongdoing whatsoever.

17. This Final Approval Order is not an admission by NextGear of any liability, damage, or wrongdoing whatsoever.

18. The fact of the settlement of this Litigation is not an admission by NextGear of any liability, damage, or wrongdoing whatsoever.

19. This Final Approval Order is not a finding of the validity or invalidity of any claims in the Litigation, or of any wrongdoing by any of the defendants named therein.

20. Neither the Settlement Agreement, the Final Approval Order, nor the fact of this Settlement shall be used or construed as an admission of any fault, liability, or wrongdoing by any person.

21. Neither the Settlement Agreement, the fact of this Settlement or the settlement proceedings, the settlement negotiations, the Final Approval Order, nor any related document shall be offered or received in evidence as an admission, concession, presumption, or inference against any party in any proceeding other than as may be necessary to consummate or enforce the Settlement Agreement and the Settlement.

22. The claims against NextGear are hereby dismissed without prejudice; neither the Class Representatives nor any Class Members may reopen the claims in the Litigation.

23. Each and every Releasing Party is deemed to have released and discharged every Released Party from any claims released in Article 8 of the Settlement Agreement.[2]

24. The following individuals or entities timely and validly requested exclusion from the Class: Charles Lennig Buell of Unique Concepts Automotive; Van Flury of Consolidated Motors, Inc.; Maria Alvarez, President of El Amigo Auto Sales, Inc., previously El Amigo Auto Sales; and William E. Johnson of Pleasant Street Autobody & Repair. These individuals and entities are not included in or bound by this Order and are not entitled to any recovery as a result of the Settlement of this action.

25. The Releasing Parties are hereby permanently barred and enjoined from asserting, either individually or on behalf of any class, any of the claims released in Article 8 of the Settlement Agreement, including during the pendency of any appeal from the Final Approval Order.

---

[2] For the utmost clarity, the Class Members in Article 8.1 of the Settlement Agreement fully and irrevocably release and forever discharge the Released Parties (NextGear, Dealer Services Corporation, Cox Enterprises, Inc., Cox Automotive, Inc., and John Wick, and their corporate parents, subsidiaries, affiliates, and each of their shareholders, officers, directors, agents, representatives, employees, attorneys, insurers, heirs, predecessors, successors, and assigns) of and from any and all liability, claims, or causes of action whatsoever which the Releasing Parties have or may have against any or all of the Released Parties, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, and whether or not concealed or hidden, both at law and in equity, whether presently in existence or arising in the future, arising out of or related to interest charged under any floor plan agreements with NextGear and/or any charges or fees assessed by NextGear under any floor plan agreement, including but not limited to any claims of breach of contract, unjust enrichment, fraud or constructive fraud, unfair or deceptive business practices, violation of RICO, RICO conspiracy, tortious interference, punitive damages, or any other claim which was or could have been asserted in the Litigation.

26. NextGear and the Released Parties are hereby released from the claims identified in Article 8 of the Settlement Agreement.

27. By entering into the Settlement Agreement, NextGear has not waived or released any rights, claims, defenses, and/or counterclaims against any Class Member who has an outstanding obligation to NextGear after allocation of the setoff credit calculated in accordance with Section 3.2.3 of the Settlement Agreement. Those rights, claims, defenses, and/or counterclaims survive the Litigation.

28. Class Counsel's attorneys' fees and expenses, and the Service Award to the Class Representatives for their participation in the Litigation, as requested in Class Counsel's Motion for Attorneys' Fees, Expenses, and Representative Plaintiffs' Incentive Awards (Filing No. 383) are hereby approved, and will be specified in a separate order relating to that Motion.

29. Nothing in this Order shall be construed as barring or releasing any claims for breach of the Settlement Agreement. The Court reserves its continuing and exclusive jurisdiction over NextGear and all Class Members to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms, including, without limitation:

    a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and/or this Final Approval Order;

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

30. This dispute has been zealously litigated by both sides. The quality of work has been impressive and the Court commends the parties for their professionalism and ability to resolve this case short of trial.

31. Final Judgment of Dismissal with Prejudice of the Litigation and all claims that were raised or could have been raised by the Class Representatives or any Class Member is now entered and this case is closed.[**]

SO ORDERED

Date: 9/28/2021

*signature*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

[**]The Court elects not to enter final judgement upon completion of the Court-ordered settlement administration. In the rare event that it becomes necessary a party may request leave to reopen.

Distribution to all counsel of record via CM/ECF